COPY

FILED
10 MAR -3 PM 4:09
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:_____

1  Michael H. Bierman, State Bar No. 89156
   Michael E. Pappas, State Bar No. 130400
2  Michelle K. Sugihara, State Bar No. 217444
   LUCE, FORWARD, HAMILTON & SCRIPPS LLP
3  601 S. Figueroa, Suite 3900
   Los Angeles, California 90017
4  Telephone No.: 213.892.4992
   Fax No.: 213.892.7731
5  E-Mail:  mbierman@luce.com
            mpappas@luce.com
6           msugihara@luce.com

7  Attorneys for Defendant, National Credit Union Administration
   As Conservator For Western Corporate Federal Credit Union.
8

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 1ST VALLEY CREDIT UNION; CASCADE FEDERAL CREDIT UNION; GLENDALE AREA SCHOOLS FEDERAL CREDIT UNION; KAIPERM NORTHWEST FEDERAL CREDIT UNION; NORTHWEST PLUS CREDIT UNION; STAMFORD FEDERAL CREDIT UNION; and TULARE COUNTY FEDERAL CREDIT UNION, <br><br> Plaintiffs, <br> v. <br><br> DONNA BLAND, ROBERT BURRELL, JEREMY CALVA, WILLIAM CHENEY, LAURA CLOHERTY, GORDON DAMES, ADAM DENBO, DIANA R. DYKSTRA, JEFF HAMILTON, ROBERT H. HARVEY, JR., JAMES HAYES, WAYNE HOPE, DWIGHT JOHNSTON, JAMES P. JORDAN, TIMOTHY KRAMER, ROBIN J. LENTZ, SUSANNE LONGSON, JOHN M. MERLO, WARREN NAKAMURA, BRIAN OSBERG, DAVID ROUGHTON, TIMOTHY SIDLEY, ROBERT SIRAVO, DAVID TRINDER, DARREN WILLIAMS, RISKSPAN INC., and DOES 1 through 100, inclusive. <br><br> Defendants <br><br> and <br><br> NATIONAL CREDIT UNION ADMINISTRATION AS CONSERVATOR FOR WESTERN CORPORATE FEDERAL CREDIT UNION, <br> Intervenor. | CASE CV.10-01597-GW(MANx) <br><br><br> **NOTICE OF REMOVAL BY INTERVENOR NCUA AS CONSERVATOR OF WESCORP CORPORATE FEDERAL CREDIT UNION [12 U.S.C. § 1789(a)(2) AND 28 U.S.C. § 1441(b)]** |

NOTICE OF REMOVAL OF ACTION PURSUANT TO
12 U.S.C. § 1789(a)(2) U.S.C. § 1441(b)

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that, pursuant to 12 U.S.C. § 1789(a), the National Credit Union Administration as Conservator for the Western Corporate Federal Union ("Conservator") hereby removes to this Court the state court action described below, invoking the jurisdiction granted to this Court by 28 U.S.C. § 1441(b).

1.  On March 19, 2009, Western Corporate Federal Credit Union ("WesCorp") was placed into conservatorship and the National Credit Union Administration ("NCUA") was appointed conservator.

2.  On or about November 24, 2009, Plaintiffs 1st Valley Credit Union, Cascade Glendale Area Schools Federal Credit Union, KaiPerm Northwest Federal Credit Union, Northwest Plus Credit Union, Stamford Federal Credit Union, and Tulare County Federal Credit Union (collectively "Plaintiffs") filed a complaint (the "Complaint") in the Superior Court of the State of California for the County of Los Angeles styled *1st Valley Credit Union, et. al. v. Bland, et. al.*, LASC Case No. BC426754. (The "Action".) The Plaintiffs are seven credit unions who are some of the member credit unions of WesCorp.

3.  The Complaint names as Defendants Donna Bland, Robert Burrell, Jeremy Calva, William Cheney, Laura Cloherty, Gordon Dames Adam Denbo, Diana R. Dykstra, Jeff Hamilton, Robert H. Harvey, Jr., James Hayes, Wayne Hope, Dwight Johnston, James P. Jordan, Timothy Kramer, Robin J. Lentz, Susanne Longson, John M. Merlo, Warren Nakamura, Brian Osberg, David Roughton, Timothy Sidley, Robert Siravo, David Trinder, Darren Williams, Riskspan Inc. (the "Defendants"). The Defendants are former and current officers, and former directors and supervisory committee members of WesCorp, except RiskSpan, which provided investment services to WesCorp.

4.  The Complaint alleges causes of action for negligence and breach of fiduciary duties arising out of the Defendants operation and supervision of WesCorp and its investments.

5. On February 24, 2010, the Conservator was granted leave to intervene in the Action and filed its complaint in intervention. The basis for the intervention is that pursuant to 12 U.S.C. § 1787(b)(2)(A), upon the imposition of a conservatorship, the National Credit Union Administration succeeds to all rights, titles, powers and privileges of the credit union, and of any member, account holder, officer or director of such credit union with respect to the credit union and the assets of the credit union. The right of a member or shareholder to sue officers and directors of a failed federal credit union for damages to the institution or for damages to the member's or shareholder's interests vests in the regulator acting as conservator. As a result, Plaintiffs' claims and the right to pursue them vest in the Conservator.

6. Exhibits 1 - 28 attached to the Exhibits to Notice Of Removal From The Superior Court Of The State Of California For The County Of Los Angeles Pursuant To 12 U.S.C. §§ 1819(b)(2)(B) and 28 U.S.C. § 1441(b) ("Exhibits to Notice of Removal") filed concurrently herewith are true and correct copies of the Complaint and all of the other process, pleadings, and orders filed in the Action which are currently available to the Conservator. To the extent any additional process, pleadings and orders have been filed in the Action, the Conservator will provide those documents to the Court as soon as it obtains copies of them.

## BASIS FOR REMOVAL

7. The case is removable pursuant to 28 U.S.C. § 1441(b) which provides in relevant part:

> Any civil action for which the district courts have original jurisdiction founded on a claim arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

8. Any civil suit in which the NCUA is a party is "deemed to arise under the laws of the United States." 12 U.S.C. § 1789(a) provides in pertinent part

In carrying out the purpose of this title, the Board may—

(1) make contracts;

(2) sue or be sued, complain and defend, in any court of law or equity, State or Federal. All suits of a civil nature at common law or in equity to which the Board shall be a party shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction thereof, without regard to the amount in controversy.

. . .

9. The NCUA has a statutory right to remove cases to which it is a party from state court to federal court pursuant to 12 U.S.C. § 1789(a)(2) which provides: the NCUA Board may, "without bond or security, remove any such action, suit, or proceeding from a state court to the United States District Court for the district or division embracing the place where the same is pending by following any procedure for removal now or hereafter in effect. . . ." See, e.g., Bruns v. National Credit Union Administration, 122 F.3d 1251, (9th Cir. 1997)(NCUA entitled to remove lawsuit under 12 U.S.C. § 1789(a)(2) and dismiss claims barred under the Federal Tort Claims Act); Savoy v. White, 753 F.Supp. 412, 413-414 (D. Mass. 1990)(citing the statute);Roscitti v. Superior Court, 754 F. Supp. 14, 16 (D. R.I. 1991)(NCUA as conservator has power to remove under 12 U.S.C. § 1789(a)(2)). The only exception is where the NCUA is acting as a liquidator of a failed state-chartered credit union. 12 U.S.C. § 1789(a)(2).

10. The instant Notice of Removal is timely, being brought within the thirty (30) day period from the date the NCUA as Conservator became a party to the Action. See, Roscitti v. Superior Court, 754 F. Supp. at 16 (time to remove was 30 days from time NCUA intervened in action), citing FDIC v. Otero, 598 F.2d 627, 633 n. 7 (1st Cir. 1979), and noting that NCUA's powers to intervene and remove are virtually identical to FDIC's powers. Accord, Savoy v. White, 753 F.Supp. at 414.

11. Because the NCUA as Conservator is now a party to the Action, having intervened in the action to claim the rights of the Plaintiffs in the claims asserted, the entire Action must be removed to the United States District Court for the Central District of California. (See cases construing similarly worded statute applicable to the FDIC: *FSLIC v. Frumenti Dev. Corp.*, 857 F.2d 665, 666-67 n. 1 (9th Cir. 1988) (noting that FDIC may remove an action as plaintiff under 12 U.S.C. § 1819); *FDIC v. Keating*, 12 F.3d 314 (1st Cir. 1993)(FDIC intervening as plaintiff after trial had right to remove under similar statute); *Federal Deposit Ins. Corp. v. S&I 85-1 Ltd.*, 22 F.3d 1070 (11th Cir. 1994)(FDIC may remove an action under similar statute irrespective of its alignment as plaintiff or defendant)).

12. The NCUA as Conservator will promptly serve notice of the filing of this removal to all parties of record in the Action, and to the Clerk of the Court of the Superior Court of the State of California for the County of Los Angeles, pursuant to 28 U.S.C. § 1446(d).

13. Removal to this Court is proper pursuant to 28 U.S.C. § 1446(a), as this Action is presently pending in the Superior Court of California for the County of Los Angeles.

WHEREFORE, the NCUA as Conservator respectfully removes this Action from the Superior Court of the State of California for the County of Los Angeles to this Court, pursuant to 28 U.S.C. § 1441(b) and 12 U.S.C. § 1789(a)(2).

DATED: March 3, 2010

LUCE, FORWARD, HAMILTON & SCRIPPS LLP

By: _____
Michael H. Bierman
Michael E. Pappas
Michelle K. Sugihara
Attorneys for Intervenor The National Credit Union Administration as Conservator for Western Corporate Federal Credit Union.

201048845.1