COPY

1  Michael H. Bierman, State Bar No. 89156
   Michael E. Pappas, State Bar No. 130400
2  Michelle K. Sugihara, State Bar No. 217444
   LUCE, FORWARD, HAMILTON & SCRIPPS LLP
3  601 S. Figueroa, Suite 3900
   Los Angeles, California 90017
4  Telephone No.: 213.892.4992
   Fax No.: 213.892.7731
5  E-Mail:  mbierman@luce.com
            mpappas@luce.com
6            msugihara@luce.com

7  Attorneys for Defendant, National Credit Union Administration
   As Conservator For Western Corporate Federal Credit Union .

8

9                 UNITED STATES DISTRICT COURT

10                CENTRAL DISTRICT OF CALIFORNIA

11  1ST VALLEY CREDIT UNION; CASCADE        CASE NO. CV10- 01597 -GW
    FEDERAL CREDIT UNION;                   (MANx)
12  GLENDALE AREA SCHOOLS FEDERAL
    CREDIT UNION; KAIPERM NORTHWEST
13  FEDERAL CREDIT UNION; NORTHWEST
    PLUS CREDIT UNION; STAMFORD
14  FEDERAL CREDIT UNION; and TULARE
    COUNTY FEDERAL CREDIT UNION,

15          Plaintiffs,                      EXHIBITS TO NOTICE OF
                                             REMOVAL FROM THE
16  v.                                       SUPERIOR COURT OF THE
                                             STATE OF CALIFORNIA
17  DONNA BLAND, ROBERT BURRELL,             FOR THE COUNTY OF LOS
    JEREMY CALVA, WILLIAM CHENEY,            ANGELES PURSUANT TO
18  LAURA CLOHERTY, GORDON DAMES,            12 U.S.C. § 1789(a)(2) AND 28
    ADAM DENBO, DIANA R. DYKSTRA,            U.S.C. § 1441(b)
19  JEFF HAMILTON, ROBERT H. HARVEY,
    JR., JAMES HAYES, WAYNE HOPE,
20  DWIGHT JOHNSTON, JAMES P. JORDAN,
    TIMOTHY KRAMER, ROBIN J. LENTZ,
21  SUSANNE LONGSON, JOHN M. MERLO,
    WARREN NAKAMURA, BRIAN OSBERG,
22  DAVID ROUGHTON, TIMOTHY SIDLEY,
    ROBERT SIRAVO, DAVID TRINDER,
23  DARREN WILLIAMS, RISKSPAN INC., and
    DOES 1 through 100, inclusive.

24          Defendants

25  and

26  NATIONAL CREDIT UNION
    ADMINISTRATION AS CONSERVATOR
27  FOR WESTERN CORPORATE FEDERAL
    CREDIT UNION,
28          Intervenor.

FILED
CLERK, U.S. DISTRICT COURT
MAR - 3 2010
4:70
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

Attached are true and correct copies of the Complaint and all of the other process, pleadings, and orders filed in the Action which are currently available to the Conservator.

Exhibit 1.    Complaint;

Exhibit 2.    Summons;

Exhibit 3.    Civil Cover Sheet and Statement of Location;

Exhibit 4.    First Amended Summons;

Exhibit 5.    Notice of Motion and Motion of the National Credit Union Administration as Conservator for Western Corporate Federal Credit Union for Leave to Intervene;

Exhibit 6.    Memorandum of Points and Authorities in Support of the National Credit Union Administration as Conservator for Western Corporate Federal Credit Union for Leave to Intervene;

Exhibit 7.    Declaration of David Shetler in Support of Motion for Leave to Intervene by the National Credit Union Administration as Conservator for Western Corporate Federal Credit Union;

Exhibit 8.    [Proposed] Complaint in Intervention;

Exhibit 9.    Proof of Service of First Amended Summons, Complaint, and Notice of Case Assignment on Riskspan, Inc.;

Exhibit 10.   Proof of Service of Amended Summons Complaint, and Notice of Case Assignment on Timothy Kramer;

Exhibit 11.   Proof of Service of First Amended Summons Complaint, and Notice of Case Assignment on David Trinder;

Exhibit 12.   Proof of Service of Summons Complaint, and Notice of Case Assignment on Dwight Johnston;

Exhibit 13.   Proof of Service of Summons Complaint, and Notice of Case

NOTICE OF REMOVAL OF ACTION PURSUANT TO
12 U.S.C. § 1789(a)(2) U.S.C. § 1441(b)

1    Assignment on Timothy Sidley;

2           Exhibit 14.   Proof of Service of Summons Complaint, and Notice of Case

3    Assignment on Jeff Hamilton;

4           Exhibit 15.   Proof of Service of Summons Complaint, and Notice of Case

5    Assignment on Diana R. Dykstra;

6           Exhibit 16.   Proof of Service of First Amended Summons Complaint, and

7    Notice of Case Assignment on Adam Denbo;

8           Exhibit 17.   Proof of Service of First Amended Summons Complaint, and

9    Notice of Case Assignment on John M. Merlo;

10          Exhibit 18.   Proof of Service of First Amended Summons Complaint, and

11   Notice of Case Assignment on David Roughton;

12          Exhibit 19.   Proof of Service of First Amended Summons Complaint, and

13   Notice of Case Assignment on James P. Jordan;

14          Exhibit 20.   Proof of Service of First Amended Summons, Complaint, and

15   Notice of Case Assignment on Donna Bland;

16          Exhibit 21.   Proof of Service of First Amended Summons, Complaint, and

17   Notice of Case Assignment on Robin J. Lentz;

18          Exhibit 22.   Proof of Service of Summons, Complaint, and Notice of Case

19   Assignment on Laura Cloherty;

20          Exhibit 23.   Proof of Service of Amended Summons, Complaint, and Notice

21   of Case Assignment on Jeremy Calva;

22          Exhibit 24.   Proof of Service of Summons, Complaint, and Notice of Case

23   Assignment on James Hayes;

24          Exhibit 25.   Stipulation (1) to Continue Hearing on Motion of the National

25   Credit Union Administration as Conservator for the Western Corporate Federal

26   Credit Union to Intervene; and (2) For Extension of Time to Respond to Complaint

27   Following  Ruling on Motion to Intervene; [Proposed] Order;

28          Exhibit 26.   Minute Order;

NOTICE OF REMOVAL OF ACTION PURSUANT TO
12 U.S.C. § 1789(a)(2) U.S.C. § 1441(b)

1       Exhibit 27.   Order Granting National Credit Union Administration as

2  Conservator for Western Corporate Federal Service Credit Union Leave to

3  Intervene;

4       Exhibit 28.   Certificate of Service of Order Granting National Credit Union

5  Administration as Conservator for Western Corporate Federal Service Credit Union

6  Leave to Intervene.

7

8  DATED: March 3, 2010         LUCE, FORWARD, HAMILTON & SCRIPPS LLP

9

10                   By: _____

11                      Michael H. Bierman
                         Michael E. Pappas

12                      Michelle K. Sugihara
                      Attorneys for Intervenor The National Credit

13                      Union Administration as Conservator for
                      Western Corporate Federal Credit Union.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL OF ACTION PURSUANT TO
12 U.S.C. § 1789(a)(2) U.S.C. § 1441(b)

# EXHIBIT 1

**ORIGINAL**

11/24/2009          213-623-7527-Ace Attorney Service by Fax

1  Scott A. Kamber, Esq.
   KAMBEREDELSON LLC
2  11 Broadway, 22nd Fl.
   New York, NY 10004
3  (646) 964-9600 (phone)
   (212) 202-6364 (facsimile)
4  skamber@kamberedelson.com

5  David C. Parisi, Esq. (162248)
6  Suzanne Havens Beckman, Esq. (188814)
   PARISI & HAVENS LLP
7  15233 Valleyheart Drive
   Sherman Oaks, California 91403
8  (818) 990-1299 (phone)
   (818) 501-7852 (facsimile)
9  dcparisi@parisihavens.com
10 shavens@parisihavens.com

11 Attorneys for Plaintiffs 1st Valley Credit Union,
12 Cascade Federal Credit Union, Glendale Area
   Schools Federal Credit Union, Kaiperm Northwest
13 Federal Credit Union, Northwest Plus Credit Union,
   Stamford Federal Credit Union, and Tulare County
14 Federal Credit Union.

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

NOV 24 2009

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
MARY E. GARCIA

91208
A 6029

15              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

16                    **FOR THE COUNTY OF LOS ANGELES**

BC 4 2 6 7 5 4
BY FAX

| | | |
|---|---|---|
| 17 | 1ST VALLEY CREDIT UNION; | ) | CASE NO.: |
| 18 | CASCADE FEDERAL CREDIT UNION; | ) | |
| 19 | GLENDALE AREA SCHOOLS | ) | **COMPLAINT FOR:** |
| 20 | FEDERAL CREDIT UNION; KAIPERM | ) | |
|    | NORTHWEST FEDERAL CREDIT | ) | (1) Negligence; |
| 21 | UNION; NORTHWEST PLUS CREDIT | ) | (2) Breach of Fiduciary Duties |
|    | UNION; STAMFORD FEDERAL | ) | |
| 22 | CREDIT UNION; and TULARE | ) | **DEMAND FOR JURY TRIAL** |
|    | COUNTY FEDERAL CREDIT UNION, | ) | |
| 23 |                  Plaintiffs, | ) | |
| 24 | v. | ) | |
| 25 | DONNA BLAND, ROBERT BURRELL, | ) | |
| 26 | JEREMY CALVA, WILLIAM CHENEY, | ) | |
|    | LAURA CLOHERTY, GORDON | ) | |
| 27 | DAMES, ADAM DENBO, DIANA R. | ) | |
|    | DYKSTRA, JEFF HAMILTON, ROBERT | ) | |
| 28 | H. HARVEY, JR., JAMES HAYES, | ) | |

PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, CA 91403
(818) 990-1299

1
Complaint

EXHIBIT ___1___ PAGE ___1___

11/24/2009          213-623-7527-Ace Attorney Service by Fax          11 of 26

WAYNE HOPE, DWIGHT JOHNSTON,      )
JAMES P. JORDAN, TIMOTHY          )
KRAMER, ROBIN J. LENTZ, SUSANNE   )
LONGSON, JOHN M. MERLO,           )
WARREN NAKAMURA, BRIAN            )
OSBERG, DAVID ROUGHTON,           )
TIMOTHY SIDLEY, ROBERT SIRAVO,    )
DAVID TRINDER, DARREN             )
WILLIAMS, RISKSPAN INC., and DOES )
1 through 100, inclusive.         )
                                  )
                Defendants        )
                                  )

## NATURE OF THE ACTION

1.      Western Corporate Federal Credit Union ("WesCorp")—a corporate credit union whose members consist of consumer-facing, "retail" credit unions—embarked on a wildly irresponsible Wall Street gambling spree in mortgage-backed securities, losing billions of member dollars it was charged with conservatively maintaining as liquid assets. Assisting WesCorp in these excesses was RiskSpan Inc., a supposedly qualified and independent expert whom WesCorp's directors and officers hired to value its investments and whom WesCorp's members mistakenly trusted as a detached and capable gatekeeper. By 2008, when mortgage-backed securities accounted for an average 37 percent of corporate credit unions' portfolios, those securities represented nearly 80 percent of WesCorp's doomed portfolio.

2.      This is an action for negligence and breach of fiduciary duties against former directors of WesCorp ("Director Defendants"), against former and/or current WesCorp officers ("Officer Defendants"), and former members of the WesCorp Supervisory Committee ("Supervisory Committee Defendants") who mismanaged WesCorp and allowed it to embark on an irresponsible investment strategy, and against RiskSpan, Inc., WesCorp's independent third-party risk management company (collectively, "Defendants").

3.      Plaintiffs are state and federally chartered Credit Unions that were serviced by, and held capital accounts and other investments with, WesCorp, and which suffered devastating losses due to Defendants' breaches of fiduciary duties and mismanagement of

EXHIBIT _____1_____ PAGE _____2_____

1 WesCorp and/or the failure to exercise due care in managing WesCorp's investments. As a

2 direct result of Defendants' conduct, WesCorp was placed under a conservatorship imposed

3 by the National Credit Union Association ("NCUA") in March 2009.

4     4.     In short, by embarking on a reckless and unreasonably leveraged investment

5 strategy, the WesCorp Officer Defendants, Director Defendants, and Supervisory

6 Defendants (collectively, the "Individual Defendants") breached fiduciary duties owed to

7 WesCorp's Credit Union members, including Plaintiffs, for whose very benefit WesCorp

8 was created. The Individual Defendants were assisted in their negligent investment scheme

9 by RiskSpan Inc., which was supposed to provide competent independent analysis and

10 evaluation of the mortgage-related securities in which WesCorp heavily invested. RiskSpan

11 and the Individual Defendants utterly failed to conduct themselves in accordance with the

12 requisite standard of care with regard to the protection of member Credit Unions' assets and

13 the maintenance of sufficient WesCorp liquidity for the benefit of its member Credit

14 Unions' needs.

15     5.     In essence, RiskSpan vouched for the precarious and ill-advised investment

16 strategy that the Individual Defendants devised and/or approved, and used faulty analytics to

17 support the inflated portfolio values that the Officer and Director defendants reported–and

18 upon which the Plaintiffs relied.

19                        **THE PARTIES**

20     6.     Plaintiff Cascade Federal Credit Union ("CFCU") is a federally chartered,

21 "natural-person" or "retail" credit union. CFCU is a co-operative, not-for-profit financial

22 institution organized to promote thrift, provide economical loans, and increase members'

23 financial well-being. CFCU is member owned, and the members control the credit union

24 through an elected Board of Directors. CFCU's principal place of business is Kent,

25 Washington. CFCU's capital loss immediately upon the imposition of the NCUA

26 Conservatorship was $1,840,873.00.

27     7.     Plaintiff Glendale Area Schools Federal Credit Union ("GASFCU") is a

28 federally chartered "natural-person" or "retail" credit union, with its principal place of

EXHIBIT___1___ PAGE 3

1  business in Glendale, California in the County of Los Angeles. Services are offered to

2  benefit the members, not to generate profit for GASFCU. It is cooperatively owned by its

3  members, and is controlled by a democratically elected board. GASFCU's capital loss

4  immediately upon the imposition of the NCUA Conservatorship was $1,241,384.00.

5      8.    Plaintiff KaiPerm Northwest Federal Credit Union ("KNWFCU") is a

6  federally chartered "natural-person" or "retail" credit union. KNWFCU has its principal

7  place of business in Portland, Oregon. Services are offered to benefit the members, not to

8  generate profit for KNWFCU. It is cooperatively owned by its members, and is controlled

9  by a democratically elected board. KNWFCU's capital loss immediately upon the

10  imposition of the NCUA Conservatorship was $51,374.00.

11      9.    Plaintiff 1st Valley Credit Union ("1st Valley CU") is a California-chartered

12  "natural person" or "retail" credit union. 1st Valley CU's principal place of business is San

13  Bernardino, California. 1st Valley CU is a not-for-profit financial cooperative that is owned

14  by its members. Unlike banks who are in business for their shareholders, 1st Valley CU is in

15  business for its members. 1st Valley CU's capital loss immediately upon the imposition of

16  the NCUA Conservatorship was $163,395.89.

17      10.    Plaintiff Northwest Plus Credit Union ("NW Plus CU") is chartered by the

18  State of Washington, and is a "natural person" or "retail" credit union. NW Plus CU's

19  principal place of business is in Everett, Washington. NW Plus CU is a not-for-profit

20  financial cooperative. When individuals become members of a credit union like NW Plus

21  CU, they become equal shareholders, each with one vote to elect their volunteer Board of

22  Directors and Supervisory Committee. NW Plus CU's capital loss immediately upon the

23  imposition of the NCUA Conservatorship was $549,327.00.

24      11.    Plaintiff Stamford Federal Credit Union ("Stamford FCU") is a federally

25  chartered "natural person" or "retail" credit union. Stamford FCU's principal place of

26  business is Stamford, Connecticut. Stamford FCU has been serving the City of Stamford

27  employees and their families for over 50 years. Stamford FCU's earnings are given back to

28  its members in the form of competitive rates and quality financial services. Stamford FCU's

-4-
Complaint

EXHIBIT ___/___ PAGE ___4___

1    capital loss immediately upon the imposition of the NCUA Conservatorship was

2    $189,096.00.

3         12.    Plaintiff Tulare County Federal Credit Union ("Tulare County FCU") is a

4    federally chartered "natural person" or "retail" credit union. Tulare County FCU's principal

5    place of business is Tulare, California. It is cooperatively owned by its members, and is

6    controlled by a democratically elected board. Tulare County FCU's capital loss

7    immediately upon the imposition of the NCUA Conservatorship was $212,922.47.

8         13.    The Officer Defendants named below (collectively, the "Officer Defendants")

9    served among the top management of WesCorp at the relevant times, bore responsibility for

10   investment decisions and, in making those decisions, owed both WesCorp and its owners –

11   the member Credit Unions – fiduciary duties of care and loyalty:

12        a)     Robert Siravo – the former President and Chief Executive Officer of

13               WesCorp. Upon information and belief, Mr. Siravo is a resident of California.

14               When the NCUA placed WesCorp into conservatorship, it replaced Mr.

15               Siravo.

16        b)     Robert Burrell – the former Executive Vice President and Chief Investment

17               Officer of WesCorp. Upon information and belief, Mr. Burrell is a resident of

18               California. When the NCUA placed WesCorp into conservatorship, it replaced

19               Mr. Burrell, who is now employed by RiskSpan.

20        c)     James Hayes – the continuing Senior Vice President and Chief Financial

21               Officer (formerly an Executive Vice President) of WesCorp. Upon

22               information and belief, Mr. Hayes is a resident of California.

23        d)     Jeremy Calva – the continuing Vice President, Investment Operations of

24               WesCorp. Upon information and belief, Mr. Calva is a resident of California.

25        e)     Laura Cloherty – the continuing WesCorp Vice President, Controller. Upon

26               information and belief, Ms. Cloherty is a resident of California.

27        f)     Jeff Hamilton – the continuing Vice President, Portfolio Management. Upon

28               information and belief, Mr. Hamilton is a resident of California.

PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, CA 91403
(818) 990-1299

EXHIBIT ___1___ PAGE ___5___

g)     Dwight Johnston – the continuing Vice President, Economic & Market Research. Upon information and belief, Mr. Johnston is a resident of California.

h)     Timothy Sidley – the continuing Vice President, Risk Assessment. Upon information and belief, Mr. Sidley is a resident of California.

i)     David Trinder – the continuing Vice President, Balance Sheet Management. Upon information and belief, Mr. Trinder is a resident of California.

14.     At all relevant times the Director Defendants named below served as Directors of WesCorp. The Director Defendants were at all relevant times responsible for directing management at WesCorp, including the Officer Defendants, and establishing operating policies, including WesCorp's investment and accounting policies, and owed both WesCorp and its owners – the member Credit Unions – fiduciary duties of care and loyalty. All of the WesCorp directors were removed by the NCUA, following imposition of the conservatorship:

a)     Robert H. Harvey Jr. – former Chairman of the WesCorp Board. Upon information and belief, Mr. Harvey is a resident of Washington State.

b)     James P. Jordan – former Vice Chairman of the WesCorp Board. Upon information and belief, Mr. Jordan is a resident of California.

c)     Timothy Kramer – former Secretary/Treasurer of the WesCorp Board. Upon information and belief, Mr. Kramer is a resident of California.

d)     Adam Denbo – former member of the WesCorp Board. Upon information and belief, Mr. Denbo is a resident of California.

e)     Diana R. Dykstra – former member of the WesCorp Board. Upon information and belief, Ms. Dykstra is a resident of California.

f)     Wayne Hope – former member of the WesCorp Board. Upon information and belief, Mr. Hope is a resident of Tennessee.

g)     Robin J. Lentz – former member of the WesCorp Board. Upon information and belief, Mr. Lentz is a resident of California.

EXHIBIT ___1___ PAGE ___6___

1      h)      Susanne Longson – former member of the WesCorp Board. Upon information

2            and belief, Ms. Longson is a resident of Nevada.

3      i)      John M. Merlo – former member of the WesCorp Board. Upon information

4            and belief, Mr. Merlo is a resident of California.

5      j)      Warren Nakamura – former member of the WesCorp Board. Upon

6            information and belief, Mr. Nakamura is a resident of Hawaii.

7      k)      Brian Osberg – former member of the WesCorp Board. Upon information and

8            belief, Mr. Osberg is a resident of Idaho.

9      l)      Gordon Dames – former member of the WesCorp Board.  Upon information

10           and belief, Mr. Dames is a resident of Utah.

11      m)      William Cheney – former member of the WesCorp Board. Upon information

12           and belief, Mr. Cheney is a resident of California.

13      15.     At all relevant times the Supervisory Committee Defendants named below

14 served as members of the WesCorp Supervisory Committee.  The Supervisory Committee

15 Defendants were at all relevant times responsible for overseeing the WesCorp Board of

16 Directors and owed both WesCorp and its owners – the member Credit Unions – fiduciary

17 duties of care and loyalty:

18      a)      David Roughton – former Chairman of the Supervisory Committee of

19           WesCorp. Upon information and belief, Mr. Roughton is a resident of

20           California.

21      b)      Darren Williams – former Secretary of the Supervisory Committee of

22           WesCorp. Upon information and belief, Mr. Williams is a resident of

23           California.

24      c)      Donna Bland – former member of the Supervisory Committee of WesCorp.

25           Upon information and belief, Ms. Bland is a resident of California.

26      16.     RiskSpan Inc. is a consulting and valuation company with offices in Stamford,

27 Connecticut, Washington, D.C., and Chennai, India.  WesCorp engaged RiskSpan to assist it

28 by supplementing WesCorp's own internal risk management efforts.  Specifically, RiskSpan

EXHIBIT __1__ PAGE __7__

1  was retained by WesCorp to provide independent evaluations of WesCorp's most credit

2  sensitive holdings (the majority of the sub-prime Residential Mortgage-Backed Securities

3  ("RMBSs") and Collateralized Debt Obligation Securities ("CDOs"). RiskSpan relied on its

4  own proprietary credit models to assess the future performance of each loan in the credit

5  pools that it evaluated –purportedly based upon the individual characteristics of each and

6  every loan. RiskSpan conducted its analysis of WesCorp's riskiest sub-prime holdings on a

7  monthly basis.

8       17.    Plaintiffs currently are ignorant of the true names and capacities, whether

9  individual, corporate, associate, or otherwise, of the defendants sued herein under the

10  fictitious names Does 1 through 100, inclusive, and therefore, sue such defendants by such

11  fictitious names. Plaintiffs will seek leave to amend this complaint to allege the true names

12  and capacities of said fictitiously named defendants when their true names and capacities

13  have been ascertained. Plaintiffs are informed and believe and based thereon allege that

14  each of the fictitiously named Doe defendants is legally responsible in some manner for the

15  events and occurrences alleged herein, and for the damages suffered by plaintiffs.

16       18.    Plaintiffs are informed and believe and based thereon allege that all

17  defendants, including the fictitious Doe defendants, were at all relevant times acting as

18  actual agents, conspirators, ostensible agents, partners and/or joint venturers and employees

19  of all other defendants, and that all acts alleged herein occurred within the course and scope

20  of said agency, employment, partnership, and joint venture, conspiracy or enterprise, and

21  with the express and/or implied permission, knowledge, consent, authorization and

22  ratification of their co-defendants; however, each of these allegations are deemed

23  "alternative" theories whenever not doing so would result in a contraction with the other

24  allegations.

25       19.    Whenever this complaint makes reference to any act of Defendants, the

26  allegations shall be deemed to mean the act of those defendants named in the particular

27  cause of action, and each of them, acting individually, jointly and severally, unless

28  otherwise alleged.

-8-

Complaint

EXHIBIT__1__PAGE__8

1       20.    All Defendants, including Does 1 through 100, are collectively referred to as

2   "Defendants."

3                      **JURISDICTION AND VENUE**

4       21.    This court may exercise jurisdiction over this case and these parties under

5   Code of Civil Procedure section 410.10.  This is a court of general jurisdiction, and the

6   amount in controversy exceeds this court's jurisdictional minimum.  Plaintiffs GASFCU, 1st

7   Valley CU, and Tulare County FCU are California residents, and Plaintiff GASFCU has its

8   principal place of business in Los Angeles, California.  Most of the defendants are

9   California residents.

10      22.    Venue is proper in this County because many of the claims and misconduct at

11  issue arose in Los Angeles County where WesCorp is based.  Further, this is the proper

12  county pursuant to Code of Civil Procedure sections 395 and 395.5.  Pursuant to Los

13  Angeles Superior Court Local Rule 2.0(b) & (c), this is the type of action that may be filed

14  in the Central District.

15      23.    The amount in controversy exceeds the jurisdictional minimum of this Court.

16     **GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

17      24.    Plaintiffs are known as "natural-person" or "retail" credit unions and they all

18  serve individuals who belong to a variety of membership-eligible groups, such as teachers

19  and government employees. Retail credit unions offer the same services as traditional banks,

20  but unlike banks, they operate as not-for-profit cooperatives that encourage thrift and

21  attempt to provide their services to members at a lower cost and/or at a higher return than

22  banks.

23      25.    By contrast, WesCorp is a "corporate" credit union.  Corporate credit unions

24  play a special role in the credit union system by acting as "credit unions to credit unions."

25  Like retail credit unions, the Corporate credit unions are not-for-profits owned by their

26  members – but in this case the members of Corporate credit unions are mainly retail credit

27  unions, such as Plaintiffs.  The purpose of the Corporate credit unions, including WesCorp,

28  is to provide liquidity to retail credit unions and to provide a wide array of services, such as

PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, CA 91403
(818) 990-1299

EXHIBIT __1__ PAGE __9__

1  check, ATM, and credit card processing, which would be prohibitively expensive for retail

2  credit unions to perform on their own.

3      26.   Profit maximization is not the mission of any credit union.  Rather, the entire

4  credit union structure is designed to maximize member service over the profit motive.

5  "Profits" are relatively small and are either returned to members in the form of benefits

6  (either lower costs or higher returns) or they are invested upstream to provide a source of

7  liquidity and risk management should the financial markets suffer declines.  According to

8  WesCorp:

9          Profit is not the driving force at credit unions; rather, they exist

        solely for the benefit of their member/owners—a pivotal

10          difference from other financial service providers . . . .

11          The corporate credit union network was organized to provide

        liquidity resources for credit unions as part of the credit union

12          system. The idea was to have within the credit union movement

        a mechanism enabling credit unions to function independently of

13          the banking system and to provide credit unions with a full range

        of financial, investment and back-office services.

14

15          www.wescorp.org/about_us/aboutus_faq.asp?catid=60,

        downloaded October 29, 2009.

16      27.   Under the leadership of the Individual Defendants, WesCorp strayed far from

17  its primary mission and embarked on a risky and highly leveraged investment strategy that

18  placed a shockingly high percentage of the funds entrusted to it by Plaintiffs in precarious

19  and illiquid investments such as mortgage-backed securities.  As a result, the Officer

20  Defendants and Director Defendants failed to oversee and manage WesCorp in accordance

21  with its primary purpose to provide safety and liquidity for Plaintiffs' invested capital.

22      28.   In addition, the Individual Defendants caused WesCorp needlessly and

23  unreasonably to over-leverage its assets by borrowing up to approximately $10 billion from

24  non-member sources.  It used the short-term funds it borrowed (typically maturities of 90

25  days or less) to plunge deeper into the exotic mortgage-backed securities game and

26  purchased securities which bore uncertain, but likely substantially longer, maturities.

27      29.   Credit unions are obligated to maintain not only minimum capital

28  requirements, but also additional capital beyond the regulatory minimums, commensurate

EXHIBIT ___/___ PAGE /0

1    with the nature and extent of the risk presented by each institution's portfolio and the ability

2    of management to control those risks.  Retail credit unions routinely "store" excess funds

3    until additional liquidity is needed by investing it with a Corporate credit union.  In turn, the

4    Corporate credit unions – such as WesCorp – must invest those funds in a manner designed

5    to provide liquidity back to retail credit unions when and as needed.

6          30.    However, through gross mismanagement and breaches of fiduciary duties, and

7    an abandonment of the goals and purposes of credit unions, the Individual Defendants

8    sought excessive income at the risk of safety, liquidity, appropriate risk management, and

9    common prudence.

10         31.    Under the control and mismanagement of the Individual Defendants, WesCorp

11   invested far too heavily in "private label," non-agency sub-prime RMBSs and other

12   inappropriately risky investment vehicles.  Astoundingly, an April 10, 2009 NCUA analysis

13   of the WesCorp investment portfolio showed that by 2008, non-agency Mortgage-Backed

14   Securities ("MBSs") represented almost 80% of WesCorp's entire investment portfolio.  By

15   contrast, when the portfolios of all of the Corporate credit unions were examined over the

16   same time period, MBSs accounted for only 37% of the portfolio on average.

17         32.    Such an extraordinarily high level of extremely risky and illiquid investments

18   was wholly inconsistent with WesCorp's stated purpose and its duties to its members – to

19   provide safety, liquidity, risk management, and prudence in the investment of the retail

20   credit unions' deposits.

21         33.    WesCorp's Individual Defendants began to change WesCorp's investment

22   focus in or around 2003 when they began to increase its investment concentration in MBS

23   and Asset-backed Securities ("ABS") which offered potential for greater returns than did

24   U.S. Treasuries or other similar secure and liquid government obligations.  The Individual

25   Defendants set WesCorp on a course that focused far more on obtaining higher rates of

26   return on principal than on the preservation and return of the principal itself.

27         34.    Unlike traditional mortgage loans provided by highly regulated banks with

28   standard terms and strict underwriting criteria, the "private label" MBS and ABS were "non-

PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, CA 91403
(818) 990-1299

-11-
Complaint

1  conforming" or sub-prime mortgages or other loans that were generated by largely

2  unregulated mortgage brokers using inconsistent – or even non-existent – underwriting

3  standards.  Further, the loans were funded by largely unregulated investment banks and

4  were securitized by those same investment banks instead of government-sponsored

5  enterprises (like Freddie Mac).

6      35.    RiskSpan, the risk management and valuation experts retained by WesCorp,

7  applied flawed, proprietary models in its analysis of WesCorp's investment portfolio.  Upon

8  information and belief, RiskSpan's review of WesCorp's riskiest portfolio elements utterly

9  failed to incorporate data reflecting recent experience with the sub-prime, Alt-A and non-

10  agency MBSs, or to predict the negative impact they would have on WesCorp's entire

11  investment portfolio.

12      36.    Despite WesCorp's rosy pronouncements throughout 2008 that all was well,

13  the reality was that WesCorp had staggering "unrealized" losses from its over-leveraged and

14  highly risky investment program.  In fact, by January 2008, WesCorp's unrealized losses

15  exceeded its net worth.  Yet, the Officer Defendants and the Director Defendants continued

16  to reassure WesCorp's members that WesCorp's finances were sound, and that WesCorp's

17  2008 financial performance would be it's best year ever.

18      37.    As the economy and WesCorp's portfolio continued to deteriorate throughout

19  2008, WesCorp essentially became insolvent and could only continue operations by virtue

20  of an emergency infusion of funds by the NCUA.

21      38.    However, the capital infusion was not enough to keep WesCorp's sinking ship

22  afloat.  As a result, the NCUA placed WesCorp under a conservatorship in March 2009.

23  WesCorp remains under NCUA conservatorship to this day.

24      39.    The NCUA immediately replaced the sitting WesCorp Board, the Supervisory

25  Committee members, and two key Officers.  In addition, the NCUA required all of the

26  WesCorp member credit unions— including Plaintiffs— to relinquish all of the funds they

27  had on deposit in their Member Capital Accounts ("MCA").  In turn, Plaintiffs and all the

28

-12-
Complaint

EXHIBIT  /     PAGE  12

1   other retail credit unions that were serviced by WesCorp had to record losses for their MCA

2   funds.

3         40.     But MCA losses were not the only injuries the WesCorp members suffered as

4   a result of Defendants' recklessness and breaches of fiduciary duty.  Indeed, their injuries

5   continue to mount as the NCUA just announced the imposition of new assessments on retail

6   credit unions to: (a) increase the equity of the National Credit Union Share Insurance Fund

7   ("NCUSIF"), which was impaired by the bailout of WesCorp (and US Central, a

8   "wholesale" credit union); and (b) repay a portion of the funds that the NCUA borrowed in

9   connection with the Corporate Credit Union Stabilization Fund.  Moreover, WesCorp's

10  retail credit union members will have to pay increased NCUSIF insurance costs and bear the

11  costs of the Conservatorship itself.

12        41.     But for the negligence and breaches of fiduciary duty by the Individual

13  Defendants in their management and oversight of WesCorp and its investment program,

14  Plaintiffs would not have incurred the losses of their MCA funds, nor would they be forced

15  to incur the increased future charges they now face.

16        42.     RiskSpan Inc. was also grossly negligent in executing its seriously flawed

17  economic models, which it claimed it would accurately assess the risks associated with

18  WesCorp's unreasonably exotic and precarious investment portfolio.  However, RiskSpan's

19  flawed models failed to correctly recognize the true risk – and incredibly poor performance

20  – of the assets in WesCorp's portfolio.  Rather, it painted a falsely positive picture of the

21  performance of WesCorp's investments, which only encouraged the Individual Defendants

22  to slide deeper down the treacherous MBS slope.

23        43.     Because Corporate credit unions such as WesCorp exist solely for the benefit

24  of their owner/member retail credit unions, RiskSpan's analyses were performed for the

25  benefit of WesCorp's retail credit union members, including Plaintiffs, and accordingly

26  RiskSpan Inc. is in privity with them, and owed them duties of care.  However, RiskSpan

27  Inc. failed to conduct itself in accordance with the high standard of care for expert

28

-13-
Complaint

EXHIBIT ___1___ PAGE _13_

1  evaluation consultants, retained to assess the risk of a highly leveraged Corporate credit

2  union's exotic investment portfolio.

3    44.    Due to (a) the negligence and mismanagement of WesCorp by the Individual

4  Defendants, through irresponsible and unnecessary borrowings and adopting an excessively

5  risky investment program, and (b) the negligence of RiskSpan in failing to timely and

6  accurately assess the value and credit risk level of the mortgage-backed securities in the

7  WesCorp portfolio, Plaintiffs have suffered severer losses.  In addition, the credit union

8  structure has been turned on its head.  Instead of WesCorp providing liquidity to its retail

9  members as intended, today the retail credit union members of WesCorp are now providing

10  liquidity to WesCorp.

## FIRST CAUSE OF ACTION

(Negligence)
(By all Plaintiffs against All Defendants)

11

12

13

14    45.    Plaintiffs incorporate by reference the foregoing allegations.

15    46.    All Defendants acted recklessly and negligently in connection with the pursuit

16  and evaluation of WesCorp's investment program.

17    47.    Defendants negligently abandoned the mission, purpose, and goals of the

18  credit union system.

19    48.    Defendants negligently adopted and pursued an irresponsibly risky WesCorp

20  investment program that unreasonably jeopardized the assets of WesCorp's members, and

21  eventually cost its members the full value of their MCA investments in WesCorp; and

22    49.    Defendants ignored the realities of the then-current economic conditions and

23  negligently failed to take steps in a timely fashion to protect the assets of WesCorp's

24  members.

25    50.    Plaintiffs reasonably relied on the misrepresentations by Defendants to their

26  detriment.  Plaintiffs sustained damages as a result of these misrepresentations.

27

28

-14-
Complaint

EXHIBIT___1___PAGE__14

51.    As a proximate result of the aforementioned unreasonable and negligent conduct of Defendants, Plaintiffs have suffered, and will continue to suffer in the future, general and special damages in an amount to be determined at the time of trial.

## SECOND CAUSE OF ACTION

**(Breach of Fiduciary Duties)**
**(By All Plaintiffs against All of the Individual Defendants)**

52.    Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

53.    Defendants have violated fiduciary duties owed to the owner/member retail credit unions that entrusted their – and their members' funds – to WesCorp.

54.    The Defendants failed to exercise due care in their management and oversight of WesCorp generally, and in the management and oversight of WesCorp's investment strategy by:

  a)    failing to fulfill the goals and purposes of a Corporate credit union to provide financial safety and liquidity to its members;

  b)    embarking on an irresponsibly risky investment program that placed members' funds at an unacceptable level of risk; and

  c)    unnecessarily leveraging WesCorp's assets and taking on excessive and needless debt obligations that were not required to fulfill its primary mission. Plaintiffs assert this claim on behalf of themselves.

55.    As a proximate result of the aforementioned conduct of Defendants, Plaintiffs have suffered, and will continue to suffer in the future, general and special damages in an amount to be determined at the time of trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for and are entitled to the following relief:

  1.    Entry of Judgment against Defendants for all economic, monetary, actual, consequential and compensatory damages caused by their conduct;

PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, CA 91403
(818) 990-1299

EXHIBIT____/____PAGE__/5

2.    For general, special and consequential damages according to proof;

3.    For prejudgment interest as provided by law;

4.    For such other and further relief as the Court deems just and proper.


DATED: November 23, 2009          PARISI & HAVENS LLP

                                  KAMBERELDESON LLC



                                  By:
                                  David C. Parisi
                                  Attorneys for Plaintiffs 1st Valley Credit Union,
                                  Cascade Federal Credit Union, Glendale Area
                                  Schools Federal Credit Union, Kaiperm Northwest
                                  Federal Credit Union, Northwest Plus Credit
                                  Union, Stamford Federal Credit Union, and Tulare
                                  County Federal Credit Union.

-16-
Complaint

EXHIBIT ___1___ PAGE _16_

# DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury of all claims and causes of action in this lawsuit.

DATED: November 23, 2009

PARISI & HAVENS LLP

KAMBERELDESON LLC



By: _____
David C. Parisi
Attorneys for Plaintiffs 1st Valley Credit Union,
Cascade Federal Credit Union, Glendale Area
Schools Federal Credit Union, Kaiperm Northwest
Federal Credit Union, Northwest Plus Credit
Union, Stamford Federal Credit Union, and Tulare
County Federal Credit Union.

PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, CA 91403
(818) 990-1299

EXHIBIT _____ PAGE _17_

**EXHIBIT 2**

# ORIGINAL

**SUM-100**

## SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

1ST VALLEY CREDIT UNION;
Additional Parties Attachment Form is Attached

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

DONNA BLAND
Additional Parties Attachment Form is Attached

**BY FAX**



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

NOV 24 2009

John A. Clarke, Executive Officer/Clerk

By _____, Deputy
MARY E. GARCIA

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* Los Angeles Superior Court | CASE NUMBER: <br> *(Número del Caso):* **BC 4 2 6 7 5 4** |

111 N. Hill Street
Los Angeles, California 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David C. Parisi, Parisi & Havens LLP, 15233 Valleyheart Drive, Sherman Oaks, CA 91403, 818-99-12999

| | | |
|---|---|---|
| DATE: <br> *(Fecha)* NOV 24 2009 | **JOHN A. CLARKE** Clerk, by <br> Clerk, by **M. GARCIA** | , Deputy <br> *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | |
|---|---|
| Form Adopted for Mandatory Use <br> Judicial Council of California <br> SUM-100 [Rev. July 1, 2009] | **SUMMONS** |

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov



EXHIBIT 2 PAGE 1

EXHIBIT 2 PAGE 2

11/24/2009          213-623-7527-Ace Attorney Service by Fax                    8 of 26

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| 1st Valley Credit Union, et al. v. Donna Bland, et al. | |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.):*

[✓] Plaintiff      [ ] Defendant      [ ] Cross-Complainant      [ ] Cross-Defendant

CASCADE FEDERAL CREDIT UNION; GLENDALE AREA SCHOOLS FEDERAL CREDIT UNION;
KAIPERM NORTHWEST FEDERAL CREDIT UNION; NORTHWEST PLUS CREDIT UNION;
STAMFORD FEDERAL CREDIT UNION; and TULARE COUNTY FEDERAL CREDIT UNION

Page  2  of  3

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

American LegalNet, Inc.
www.FormsWorkflow.com

EXHIBIT  2  PAGE 3

**SUM-200(A)**

| SHORT TITLE:<br>L 1st Valley Credit Union, et al. v. Donna Bland, et al. | CASE NUMBER: |
|---|---|

## INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff     ☑ Defendant     ☐ Cross-Complainant     ☐ Cross-Defendant

ROBERT BURRELL, JEREMY CALVA, WILLIAM CHENEY, LAURA CLOHERTY, GORDON DAMES, ADAM DENBO, DIANA R. DYKSTRA, JEFF HAMILTON, ROBERT H. HARVEY, JR., JAMES HAYES, WAYNE HOPE, DWIGHT JOHNSTON, JAMES P. JORDAN, TIMOTHY KRAMER, ROBIN J. LENTZ, SUSANNE LONGSON, JOHN M. MERLO, WARREN NAKAMURA, BRIAN OSBERG, DAVID ROUGHTON, TIMOTHY SIDLEY, ROBERT SIRAVO, DAVID TRINDER, DARREN WILLIAMS, RISKSPAN INC., and DOES 1 through 100, inclusive.

Page 3 of 3

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

American LegalNet, Inc.
www.FormsWorkflow.com

EXHIBIT 2 PAGE 4

**EXHIBIT 3**

11/24/2009    213-623-7527-Ace Attorney Service by Fax    1 of 26    **CM-010**

**ORIGINAL**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State bar number, and address):*<br>David C. Parisi (162248)<br>PARISI & HAVENS LLP<br>15233 Valleyheart Drive<br>Sherman Oaks, California 91403<br>  TELEPHONE NO.: (818) 990-1299    FAX NO.: (818) 501-7852<br>ATTORNEY FOR *(Name):* Plaintiffs, 1st Valley Credit Union, et al. | **FOR COURT USE ONLY**<br><br>**FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br><br>**NOV 24 2009**<br><br>John A. Clarke, Executive Officer/Clerk<br>By_____ Deputy<br>MARY E. GARCIA |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Los Angeles**
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street    **BY FAX**
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
1st Valley Credit Union, et al. v. Donna Bland, et al.

| **CIVIL CASE COVER SHEET** | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount demanded exceeds $25,000) | [ ] Limited<br>(Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: | **BC 426754** |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [✓] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint (not specified above) (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition (not specified above) (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. [✓] Large number of separately represented parties    d. [✓] Large number of witnesses
  b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve       in other counties, states, or countries, or in a federal court
  c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):*
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 23, 2009
David C. Parisi
_____      _____
(TYPE OR PRINT NAME)      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use      **CIVIL CASE COVER SHEET**      Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Judicial Council of California                          Cal. Standards of Judicial Administration, std. 3.10
CM-010 [Rev. July 1, 2007]                                    www.courtinfo.ca.gov
American LegalNet, Inc.

**EXHIBIT** 3 **PAGE** 1

11/24/2009      213-623-7527-Ace Attorney Service by Fax   2 of 26

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
      or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

EXHIBIT __3__ PAGE __2__

**ORIGINAL**

3 of 26

11/24/2009          213-623-7527-Ace Attorney Service by Fax

BY FAX

| SHORT TITLE: | CASE NUMBER |
|---|---|
| 1st Valley Credit Union, et al. v. Donna Bland, et al. | BC426754 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 15   ☐ HOURS/ ☑ DAYS

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**
>
> 1. Class Actions must be filed in the County Courthouse, Central District.
> 2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
> 3. Location where cause of action arose.
> 4. Location where bodily injury, death or damage occurred.
> 5. Location where performance required or defendant resides.
> 6. Location of property or permanently garaged vehicle.
> 7. Location where petitioner resides.
> 8. Location wherein defendant/respondent functions wholly.
> 9. Location where one or more of the parties reside.
> 10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g.,<br>assault, vandalism, etc.) | 1., 2., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☑ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |

LACIV 109  (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 1 of 4

EXHIBIT ___3___ PAGE _3_

| SHORT TITLE: | CASE NUMBER |
|---|---|
| 1st Valley Credit Union, et al. v. Donna Bland, et al. | |

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.)** | Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 2 of 4

EXHIBIT ___3___ PAGE ___4___

11/24/2009      213-623-7527-Ace Attorney Service by Fax      5 of 26

| SHORT TITLE: | CASE NUMBER |
|---|---|
| 1st Valley Credit Union, et al. v. Donna Bland, et al. | |

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br><br>(02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review<br>(39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br><br>(20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br><br>(42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance(21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br><br>(43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 3 of 4

EXHIBIT __3__ PAGE __5__

| SHORT TITLE: 1st Valley Credit Union, et al. v. Donna Bland, et al. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3 on Page 1**, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE | | ADDRESS: 1800 Broadview Drive |
|---|---|---|
| □1. ☑2. □3. □4. □5. □6. □7. □8. □9. □10. | | |
| CITY: Glendale | STATE: CA   ZIP CODE: 91208 | |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the <u>Stanley Mosk</u> courthouse in the <u>Central</u> District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: <u>November 23, 2009</u>

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

EXHIBIT _3_ PAGE _6_

**EXHIBIT 4**

12/21/2009          213-623-7527-Ace Attorney Service by Fax                    1 of 3

**ORIGINAL**

**SUM-100**

# First Amended **SUMMONS**
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

**DONNA BLAND**
Additional Parties Attachment Form is Attached

**BY FAX**

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

1ST VALLEY CREDIT UNION;
Additional Parties Attachment Form is Attached

| FOR COURT USE ONLY |
| --- |
| *(SOLO PARA USO DE LA CORTE)* |
| **FILED** |
| SUPERIOR COURT OF CALIFORNIA |
| COUNTY OF LOS ANGELES |
| DEC 21 2009 |
| John A. Clarke, Executive Officer/Clerk |
| By _____, Deputy |
| AMBER LAFLEUR-CLAYTON |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Los Angeles Superior Court

111 N. Hill Street
Los Angeles, California  90012

CASE NUMBER: *(Número del Caso)*: BC421674

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David C. Parisi, Parisi & Havens LLP, 15233 Valleyheart Drive, Sherman Oaks, CA 91403, 818-99-12999

DATE: **DEC 21 2009**          Clerk, by **JOHN A. CLARKE CLERK** *(Secretario)*          **AMBER LaFLEUR-CLAYTON**, Deputy
*(Fecha)*                                                                                                    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)              ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*
American LegalNet, Inc.

**EXHIBIT** 4 **PAGE** 1

12/21/2009                213-623-7527-Ace Attorney Service by Fax                2 of 3

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| 1st Valley Credit Union, et al. v. Donna Bland, et al. | |

## INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (*Check only one box. Use a separate page for each type of party.*):

[✓] Plaintiff      [ ] Defendant      [ ] Cross-Complainant      [ ] Cross-Defendant

CASCADE FEDERAL CREDIT UNION; GLENDALE AREA SCHOOLS FEDERAL CREDIT UNION; KAIPERM NORTHWEST FEDERAL CREDIT UNION; NORTHWEST PLUS CREDIT UNION; STAMFORD FEDERAL CREDIT UNION; and TULARE COUNTY FEDERAL CREDIT UNION

Page _____ of _____

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

American LegalNet, Inc.
www.FormsWorkflow.com

EXHIBIT __4__ PAGE __2__

12/21/2009           213-623-7527-Ace Attorney Service by Fax                    3 of 3

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| 1st Valley Credit Union, et al. v. Donna Bland, et al. | |

## INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

ROBERT BURRELL, JEREMY CALVA, WILLIAM CHENEY, LAURA CLOHERTY, GORDON DAMES, ADAM DENBO, DIANA R. DYKSTRA, JEFF HAMILTON, ROBERT H. HARVEY, JR., JAMES HAYES, WAYNE HOPE, DWIGHT JOHNSTON, JAMES P. JORDAN, TIMOTHY KRAMER, ROBIN J. LENTZ, SUSANNE LONGSON, JOHN M. MERLO, WARREN NAKAMURA, BRIAN OSBERG, DAVID ROUGHTON, TIMOTHY SIDLEY, ROBERT SIRAVO, DAVID TRINDER, DARREN WILLIAMS, RISKSPAN INC., and DOES 1 through 100, inclusive.

Page _____ of _____

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

American LegalNet, Inc.
www.FormsWorkflow.com

EXHIBIT __4__ PAGE __3__

**EXHIBIT 5**

**ORIGINAL**

1 | Michael H. Bierman, State Bar No. 89156
Michael E. Pappas, State Bar No. 130400
2 | Michelle K. Sugihara, State Bar No. 217444
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
3 | 601 S. Figueroa, Suite 3900
Los Angeles, California 90017
4 | Telephone No.: 213.892.4992
Fax No.: 213.452.8032
5 | E-Mail:   mbierman@luce.com
          mpappas@luce.com
6 |          msugihara@luce.com

7 | Attorneys For Proposed Intervenor National Credit Union Administration
As Conservator For Western Corporate Federal Credit Union

8

**FILED**
Los Angeles Superior Court

**DEC 30 2009**

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
    DOROTHY SWAIN

9

10

11 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

12

13 | 1ST VALLEY CREDIT UNION; CASCADE
FEDERAL CREDIT UNION;
14 | GLENDALE AREA SCHOOLS FEDERAL
CREDIT UNION; KAIPERM NORTHWEST
15 | FEDERAL CREDIT UNION; NORTHWEST
PLUS CREDIT UNION; STAMFORD
16 | FEDERAL CREDIT UNION; and TULARE
COUNTY FEDERAL CREDIT UNION,

17 |         Plaintiffs,

18 | v.

19 | DONNA BLAND, ROBERT BURRELL,
JEREMY CALVA, WILLIAM CHENEY,
20 | LAURA CLOHERTY, GORDON DAMES
ADAM DENBO, DIANA R. DYKSTRA,
21 | JEFF HAMILTON, ROBERT H. HARVEY,
JR., JAMES HAYES, WAYNE HOPE,
22 | DWIGHT JOHNSTON, JAMES P. JORDAN,
TIMOTHY KRAMER, ROBIN J. LENTZ,
23 | SUSANNE LONGSON, JOHN M. MERLO,
WARREN NAKAMURA, BRIAN OSBERG,
24 | DAVID ROUGHTON, TIMOTHY SIDLEY,
ROBERT SIRAVO, DAVID TRINDER,
25 | DARREN WILLIAMS, RISKSPAN INC., and
DOES 1 through 100, inclusive.

26

27 |         Defendants.

28

CASE NO.: BC 426754

Hon. Richard Fruin

**NOTICE OF MOTION AND MOTION OF
THE NATIONAL CREDIT UNION
ADMINISTRATION AS CONSERVATOR
FOR WESTERN CORPORATE
FEDERAL CREDIT UNION FOR LEAVE
TO INTERVENE**

[Filed concurrently with Memorandum of
Points and Authorities in Support of Motion,
Declaration of David Shetler, [Proposed]
Complaint in Intervention, and [Proposed]
Order]

Date: February 1, 2010
Time: 8:30 a.m.
Dept.: 15

Complaint Filed: November 24, 2009

---

EXHIBIT 5 PAGE 1

1    TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

2    PLEASE TAKE NOTICE that on February 1, 2010, at 8:30 a.m. or soon thereafter as this

3    matter may be heard in Department 15 of the above-entitled Court, located at 111 North Hill

4    Street, Los Angeles, California, the National Credit Union Administration as Conservator for

5    Western Corporate Federal Credit Union (the "Conservator") will move this Court for leave to

6    intervene to assert its interests in the above-captioned lawsuit.

7    This motion is made pursuant to Code of Civil Procedure § 387(b) (mandatory

8    intervention) on the grounds that (1) the Conservator has an interest in the claims for damages

9    which are the subject of the action, as those claims are an asset or potential asset of Western

10   Corporate Federal Credit Union; (2) the Conservator is so situated that the disposition of the action

11   may, as a practical matter, impair the conservator's ability to protect its interest; (3) the

12   Conservator's interests are not adequately represented by the existing plaintiffs both because the

13   interests differ and because plaintiffs lack standing; and (4) the application is timely as the action

14   has just been filed.

15   In addition, this motion is made pursuant to Code of Civil Procedure Section § 387(a)

16   (permissive intervention) as the Conservator has a direct and immediate interest in the litigation;

17   the intervention will not enlarge the issues in the case; and the reasons for intervention outweigh

18   any opposition by the existing parties.

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

EXHIBIT ___5___ PAGE _2_

1

1    This Motion is based on this Notice of Motion, the concurrently-filed Memorandum of

2    Points and Authorities, the concurrently-filed Declaration of David Shetler, the [Proposed]

3    Complaint in Intervention lodged concurrently herewith, and such other and further argument and

4    evidence that may be provided to the Court at the time of hearing.

5    DATED: December 30, 2009          LUCE, FORWARD, HAMILTON & SCRIPPS LLP

6

7                                       By: _____

8                                          Michael H. Bierman
                                           Michael E. Pappas
9                                          Michelle Sugihara
                                           Attorneys For Intervenor National Credit Union
10                                         Administration As Conservator For Western
                                           Corporate Federal Union
11   201044915.1

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT  5  PAGE  3

2

NOTICE OF MOTION AND MOTION OF THE NATIONAL CREDIT UNION ADMINISTRATION AS
CONSERVATOR FOR WESTERN CORPORATE FEDERAL CREDIT UNION FOR LEAVE TO INTERVENE

1

## PROOF OF SERVICE

2 **National Credit Union Adminstration, et al. v. Donna Bland, et al.**

3 **Case No. BC 426754**

4

5          At the time of service, I was over 18 years of age and **not a party to this action**.  I am
employed in the County of Los Angeles, State of California.  My business address is 601 S. Figueroa,
6 Suite 3900, Los Angeles, California 90017.

7          On December 30, 2009, I served true copies of the following document described as:

8 **NOTICE OF MOTION AND MOTION OF THE NATIONAL CREDIT UNION
ADMINISTRATION AS CONSERVATOR FOR WESTERN CORPORATE**
9 **FEDERAL CREDIT UNION FOR LEAVE TO INTERVENE**

10

11 on the interested parties in this action as follows:

12    **Scott A. Kamber, Esq.**                          **David C. Parisi, Esq.**
      **KAMBEREDELSON LLC**                       **Suzanne Havens Beckman, Esq.**
13    **11 Broadway, 22nd Fl.**                           **PARISI & HAVENS LLP**
      **New York, NY 10004**                            **15233 Valleyheart Drive**
14    **Tel.: (646) 964-9600**                             **Sherman Oaks, CA 91403**
      **Fax: (212) 202-6364**                              **Tel.: (818) 990-1299**
15                                                               **Fax:  (818) 501-7852**

16

17 **BY MAIL:**     I enclosed the document in a sealed envelope or package addressed to the persons at
                     the addresses listed in the Service List and placed the envelope for collection and
18                   mailing, following our ordinary business practices.  I am readily familiar with Luce,
                     Forward, Hamilton & Scripps LLP's practice for collecting and processing
19                   correspondence for mailing.  On the same day that the correspondence is placed for
                     collection and mailing, it is deposited in the ordinary course of business with the
20                   United States Postal Service, in a sealed envelope with postage fully prepaid.

21

22          I declare under penalty of perjury under the laws of the State of California that the foregoing is
23 true and correct.

24          Executed on December 30, 2009, at Los Angeles, California.

25

26                                                    _____
                                                              Theresa del Pomar
27

28 201045887.1

EXHIBIT __5__ PAGE __4__

**EXHIBIT 6**

**ORIGINAL**

1  Michael H. Bierman, State Bar No. 89156
   Michael E. Pappas, State Bar No. 130400
2  Michelle Sugihara, State Bar No. 217444
   LUCE, FORWARD, HAMILTON & SCRIPPS LLP
3  601 S. Figueroa, Suite 3900
   Los Angeles, California 90017
4  Telephone No.: 213.892.4992
   Fax No.: 213.452.8033
5  E-Mail:   mbierman@luce.com
             mpappas@luce.com
6            msugihara@luc.com

7  Attorneys For Proposed Intervenor National Credit Union Administration
   As Conservator For Western Corporate Federal Credit Union

8

9            SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                 FOR THE COUNTY OF LOS ANGELES

11  1ST VALLEY CREDIT UNION; CASCADE            CASE NO.: BC 426754
    FEDERAL CREDIT UNION;
12  GLENDALE AREA SCHOOLS FEDERAL               Hon. Richard L. Fruin
    CREDIT UNION; KAIPERM NORTHWEST             Dept. 15
13  FEDERAL CREDIT UNION; NORTHWEST
    PLUS CREDIT UNION; STAMFORD                 **MEMORANDUM OF POINTS AND**
14  FEDERAL CREDIT UNION; and TULARE            **AUTHORITIES IN SUPPORT OF THE**
    COUNTY FEDERAL CREDIT UNION,                **NATIONAL CREDIT UNION**
15                                              **ADMINISTRATION AS CONSERVATOR**
         Plaintiffs,                            **FOR WESTERN CORPORATE**
16                                              **FEDERAL CREDIT UNION'S MOTION**
    v.                                          **FOR LEAVE TO INTERVENE**
17
    DONNA BLAND, ROBERT BURRELL,                [Filed concurrently with Notice of Motion,
18  JEREMY CALVA, WILLIAM CHENEY,               Declaration of David Shetler, [Proposed]
    LAURA CLOHERTY, GORDON DAMES                Complaint in Intervention, and [Proposed]
19  ADAM DENBO, DIANA R. DYKSTRA,               Order]
    JEFF HAMILTON, ROBERT H. HARVEY,
20  JR., JAMES HAYES, WAYNE HOPE,
    DWIGHT JOHNSTON, JAMES P. JORDAN,
21  TIMOTHY KRAMER, ROBIN J. LENTZ,             Date: February 1, 2010
    SUSANNE LONGSON, JOHN M. MERLO,             Time: 8:30 a.m.
22  WARREN NAKAMURA, BRIAN OSBERG,              Dept.: 15
    DAVID ROUGHTON, TIMOTHY SIDLEY,
23  ROBERT SIRAVO, DAVID TRINDER,
    DARREN WILLIAMS, RISKSPAN INC., and
24  DOES 1 through 100, inclusive.              Complaint Filed: November 24, 2009

25       Defendants.

26

27

28

EXHIBIT ___6___ PAGE ___1___

**FILED**
Los Angeles Superior Court

DEC 30 2009

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
     DOROTHY SWAIN

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

On March 19, 2009, Western Corporate Federal Credit Union ("WesCorp") was placed into conservatorship and the National Credit Union Administration ("NCUA") was appointed conservator ("Conservator").  At the time of the conservatorship, WesCorp was a $23 billion federally chartered corporate credit union whose 1,100 members are themselves credit unions.  Its losses are currently estimated to be more than $6 billion.  These losses will be covered by a government insurance fund, the National Credit Union Share Insurance Fund (the "NCUSIF"), financed by assessments paid by credit unions.  As Conservator, the NCUA is investigating the failure of WesCorp and whether any of its former officers or directors are legally culpable.  If the Conservator initiates legal action against former officers and directors, any recovery would go to WesCorp or to the NCUSIF.

This action was brought by a group of seven WesCorp member credit unions against certain current and former directors and officers of WesCorp.  It seeks to recover for the benefit of the seven plaintiffs the assets of the defendants and any insurance proceeds that might be available.  The rights and claims that the plaintiffs are asserting are rights that are derivative of WesCorp – the complaint alleges negligence and breach of fiduciary duties that resulted in losses to WesCorp and its members generally and not to the plaintiffs in particular.

Under federal law, the Conservator succeeds to all rights and obligations of the credit union and of its members with respect to the credit union.  The Conservator, and not individual member credit unions, thus has the exclusive right to pursue claims against current and former officers and directors for breaches of duty resulting in losses to the credit union and its members.

Because the Conservator has succeeded by operation of law to the claims asserted by the plaintiffs in this action against the officers and directors, it has an interest in the property which is the subject matter of this dispute, and the Conservator is so situated that the disposition of the action between plaintiffs and defendants may, as a practical matter, impair and impede the Conservator's ability to protect its interest.    **EXHIBIT _6_ PAGE _2_**

///

1

1    As the Conservator represents the interests of the federal credit union system and all of the

2    members, its interests are not adequately represented by the existing parties, who either seek to

3    pursue the claims on their own behalf or seek to avoid any liability.  Finally, this application is

4    timely in that it was brought at the inception of this litigation.  Accordingly, the Conservator

5    respectfully submits that intervention is mandatory pursuant to Code of Civil Procedure section

6    387(b).

7    Even if mandatory intervention is not required, the Court should, under its discretionary

8    power, permit the Conservator to intervene as it has a direct and immediate interest in the

9    litigation, its intervention will not enlarge the issues in the case, and the reasons for intervention

10   outweigh any opposition by the existing parties.

11   **II.    STATEMENT OF FACTS**

12   **A.    The Federal Credit Union System.**

13   The NCUA is the federally authorized regulatory agency that oversees all federally

14   chartered credit unions.  The authorization for the NCUA is found at 12 U.S.C. § 1751, *et seq.* (the

15   "Federal Credit Union Act").  The NCUA acts under the management of the NCUA Board.  12

16   U.S.C. § 1752. [Declaration of David Shetler ("Shetler Decl.") ¶ 2.]

17   The credit union system is a three-tier system consisting of one wholesale corporate credit

18   union, 27 retail corporate credit unions, and nearly 8,000 "natural person" credit unions.  The

19   wholesale corporate credit union (U.S. Central Federal Credit Union) provides services to the 27

20   retail corporate credit unions, while the retail corporate credit unions provide services to the

21   natural person credit unions, which in turn serve the financial needs of more than 87 million

22   members. [Shetler Decl. ¶ 3.]

23   Retail corporate credit unions provide essential support for natural person credit unions

24   through delivery of liquidity, financial, and correspondent products and services, such as

25   investment/deposit services, loans, wire transfers, item processing and imaging, automatic

26   clearinghouse transaction processing, automatic teller machine processing, bill payment services

27   and security safekeeping. [Shetler Decl. ¶ 4.]

EXHIBIT _6_ PAGE _3_

28   ///

2

**B.     The Parties.**

WesCorp, with 1,100 members, is the largest of the 27 retail corporate credit unions. [Shetler Decl. ¶ 5.] The seven plaintiffs in this action, 1st Valley Credit Union, Cascade Federal Credit Union, Glendale Area Schools Federal Credit Union, KaiPerm Northwest Federal Credit Union, Northwest Plus Credit Union, Stamford Federal Credit Union, and Tulare County Federal Credit Union (collectively "Plaintiffs") are natural person credit unions that are members of WesCorp. [Complaint ¶¶ 6-12.]

The defendants in this action are the following former and current officers and directors of WesCorp: Robert Siravo, Robert Burrell, and Jeremy Calva (former officer defendants); James Hayes, Laura Clorherty, Jeff Hamilton, Dwight Johnston, Timothy Sidley and David Trinder (current officer defendants); Robert H. Harvey, Jr., James P. Jordan, Timothy Kramer, Robin J. Lentz, Gordon Dames, Adam Denbo, Diana R. Dykstra, Wayne Hope, Susanne Longson, John M. Merlo, Warren Nakamura, Brian Osberg, and William Chaney (former director defendants); David Roughton, Darren Williams and Donna Bland (former supervisory committee defendants) (collectively, "Defendants"). The Plaintiffs also sued RiskSpan, Inc., a third-party consultant that allegedly advised the WesCorp officers and directors on their investment strategies. [Complaint ¶¶ 13-16.]

In March 2009, the NCUA determined, among other things, that WesCorp's investment portfolio, which was heavily invested in mortgage backed securities, had declined in value to such a point as to make it necessary to appoint a Conservator to manage and conserve the assets of WesCorp and to protect the National Credit Union Share Insurance Fund and the interest of the members of WesCorp. [Shetler Decl. ¶ 6.] The NCUA appointed itself as Conservator on March 19, 2009, pursuant to 12 U.S.C. § 1786(h)(1)(A). A copy of the conservatorship order is attached to the Shetler Decl. as Exhibit 1. As a result of the conservatorship, all assets and operations of WesCorp are now under the control of the NCUA Board as Conservator. [Shetler Decl. ¶ 6.]

**C.     The Lawsuit.**

In their complaint, the Plaintiffs alleged that they lost the capital they had on deposit at WesCorp and will be required to pay additional assessments to the NCUSIF as a result of the

3

1 Defendants' breaches of fiduciary duty and negligence in managing WesCorp and its investments.

2 The complaint summarizes the Plaintiffs' claims as follows:

3 　　　In short, by embarking on a reckless and unreasonably leveraged
investment strategy, the WesCorp officer defendants, director
4 　　　defendants, and supervisory defendants (collectively, the "Individual
Defendants") breached fiduciary duties owed to WesCorp's credit
5 　　　union members, including Plaintiffs, for whose very benefit
WesCorp was created. The Individual Defendants were assisted in
6 　　　their negligent investment scheme by RiskSpan, Inc., which was
supposed to provide a competent, independent analysis and
7 　　　evaluation of the mortgage-related securities in which WesCorp
heavily invested. RiskSpan and the Individual Defendants utterly
8 　　　failed to conduct themselves in accordance with the requisite
standard of care with regard to the protection of member credit
9 　　　unions' assets and the maintenance of sufficient WesCorp liquidity
for the benefit of its member credit unions' needs. [Complaint, ¶ 4.]
10

11

12 　　　The complaint goes on to allege two causes of action: one for negligence and a second for

13 breach of fiduciary duties. While the complaint makes conclusory allegations that Defendants

14 owed Plaintiffs various duties, it does not allege either that the action is being brought derivatively

15 on behalf of WesCorp or any theory under which the duties of WesCorp's directors and officers

16 would run directly to its members rather than to WesCorp itself.

17 **III. ARGUMENT**

18 　　　**A. The Conservator Has Succeeded To All Rights, Titles, Powers and Privileges
of the Plaintiffs To Bring Claims Against The Former And Current Directors**
19 　　　**And Officers.**

20 　　　As a result of the conservatorship, the NCUA Board (the "Board") succeeded to:

21 　　　(i) all rights, titles, powers, and privileges of the credit union, *and of any member,*
*accountholder,* officer, or director of such credit union with respect to the credit
22 　　　union and the assets of the credit union. [Emphasis added.] [12 U.S.C.
§ 1787(b)(2)(A).]
23

24 　　　Cases interpreting this and similar statutes involving other financial institution regulators

25 have held that the right of a member or shareholder to sue officers and directors of a failed

26 financial institution for damages to the institution or for damages to the member's or shareholder's

27 interests vests in the regulator acting as conservator or receiver. *Lafayette Federal Credit Union v.*

28 *National Credit Union Administration,* 960 F.Supp. 999, 1005 (E.D. Va. 1997), *aff'd,* 133 F.3d

4

EXHIBIT _6_ PAGE _5_

1   915, 1998 WL 2881 (4th Cir. Jan. 7, 1998)(unpublished); *In re Federal National Mortgage*

2   *Association Securities, Derivative and "ERISA" Litigation*, 629 F.Supp.2d 1 (D.C. Cir.

3   2009)(Only the FHFA has standing to pursue the claims for misconduct of former officers and

4   directors relating to subprime mortgages.).  *See also, In re United Independent Credit Union*, 768

5   F.Supp 42 (E.D. NY 1991)(Majority shareholders not entitled to intervene because National Credit

6   Union Administration Board as Conservator had duty to represent all shareholders.).

7         In *Pareto v. FDIC*, 139 F.3d 696 (9th Cir. 1998), the Ninth Circuit construed a virtually

8   identical provision applicable to insured depository institutions as eliminating shareholders'

9   standing to pursue derivative claims on behalf of a bank because "Congress has transferred

10  everything it could to the FDIC, and that includes a stockholder's right, power, or privilege to

11  demand corporate action or to sue directors or others when action is not forthcoming."  *Id.* at 700.

12  Among the rights and powers the FDIC acquires when named as receiver or conservator is the

13  right to control and assert claims brought derivatively by shareholders based on the acts and

14  omissions of directors and officers of failed banks.  *Id.* at 700-701.  This right is to be broadly read

15  to ensure the orderly management of failed banks.  As the Court stated:

16        Pareto's assertion that the FDIC did not accede to his derivative stockholder claims
          against the allegedly miscreant directors of the bank must founder on the rocks of
17        12 U.S.C. § 1821(D)(2)(A)(i) which is part of FIRREA.  That section states that the
          FDIC "shall, as conservator or receiver, and by operation of law, succeed to . . . all
18        rights, titles, powers, and privileges of the insured depository institution, and of any
          stockholder, member, accountholder, depositor, officer, or director of such
19        institution with respect to the institution and the assets of the institution . . . ."
          [Citations omitted.]  Plainly, the section vests all rights and powers of a stockholder
20        of the bank to bring a derivative action in the FDIC.  One of those rights or powers
          is the pursuit of the very claims asserted here.  The FDIC can decide to bring an
21        action against the directors for their wrongdoing, if any there was.  [*Id.* at 700.]

22        A virtually identical statutory scheme applies to conservatorships in the federal credit

23  union system.  In *Lafayette*, 960 F.Supp. 999, ninety-six credit unions, as former preferred capital

24  shareholders in a corporate credit union like WesCorp, sued the NCUA, seeking damages arising

25  out of the NCUA's decision to place the corporate credit union into conservatorship and then into

26  liquidation.  In dismissing the case, the district court held that in addition to failing to exhaust

27  administrative remedies, the plaintiffs lacked standing to bring the suit because only the Board,

28  and not the individual credit union members, could bring a derivative suit on behalf of the credit

5

1    union:

2         The Board may, as conservator or liquidating agent-

3         (i) Take over the assets of and operate the credit union with all the powers of the
     members or shareholders, the directors, and the officers of the credit union and
4     shall be authorized to conduct all business of the credit union;

5         Absent contrary guidance from the Fourth Circuit, the Court reads this provision to
     vest in the conservator and liquidating agent the shareholders' former right to bring
6     a derivative suit. Accordingly, Plaintiffs' derivative claims are dismissed. [*Id.* at
     1005.]

7         Here, Plaintiffs sued Defendants for damages they allegedly incurred to their membership

8    interests and because their assessments for the NCUSIF have increased. As discussed below,

9    Plaintiffs' claims are derivative in nature and are now vested in the Conservator. In addition, to

10   the extent Plaintiffs are attempting to assert claims relating to the losses to their capital accounts

11   on deposit with WesCorp, the claims are also vested in the Conservator, who also succeeds to all

12   "rights, titles, powers, and privileges of . . . accountholder(s) . . . ." 12 U.S.C. § 1787(b)(2)(A).

13   Simply put, the claims being asserted by Plaintiffs are no longer theirs to assert. The Conservator

14   has the right to pursue these claims and conduct the litigation.

15        **B.    The Claims Raised In The Complaint Are Derivative Claims That Depend On
                  The Plaintiffs' Status As Members And Accountholders.**
16

17        A shareholder's derivative suit seeks to recover for the benefit of the corporation and its

18   whole body of shareholders when injury is caused to the corporation that may not otherwise be

19   redressed because of failure of the corporation to act. *Paclink Communications International, Inc.*

20   *v. Sup. Ct. (Ivan Yeung)*, 90 Cal.App.4th 958, 964 (2001). Thus, the action is derivative (i.e., in

21   the corporate right) if the gravamen of the complaint is injury to the corporation, or to the whole

22   body of its stock and property without any severance or distribution among individual holders. *Id.*

23   As the court in *Rankin v. Frebank Co.*, 47 Cal.App.3d 75, 95 (1975) explained:

24        It is a general rule that a corporation which suffers damages through wrongdoing
     by its officers and directors must itself bring the action to recover the losses thereby
25   occasioned, or if the corporation fails to bring an action, suit may be filed by a
     stockholder acting derivatively on behalf of the corporation. An individual may not
26   maintain an action in his own right against the directors for destruction of or
     diminution in the value of the stock . . . This rule is justifiable, for the rights of
27   creditors of the corporation, which are superior to those of the shareholders, would
     not be protected if individual shareholders were permitted to sue in their own right.
28

                                            6

EXHIBIT ___ PAGE ___

As discussed above, the gravamen of Plaintiffs' complaint is that the conduct of WesCorp's former and current directors and officers injured WesCorp's liquidity and resulted in WesCorp being placed into conservatorship. This alleged wrongdoing constitutes an injury to WesCorp. The injury allegedly suffered by Plaintiffs is no different from the injury suffered by all members of WesCorp, the elimination of their capital accounts and increased insurance assessments. It is entirely a result of and incidental to WesCorp's injury. Thus, Plaintiffs' claims are derivative. *Nelson v. Anderson*, 72 Cal.App.4th 111, 127 (1999)("[w]hen the injury is to the 'whole body of stock,' the action must be derivative"); *Jones v. H.F. Ahmanson & Co.*, 1 Cal.3d 93, 107 (1969)(if the injury is incidental to the injury to the corporation, a derivative cause of action exists).

**C.     Because The Conservator Is A Real Party In Interest, It Has The Right To Intervene In This Action.**

Under California Code of Civil Procedure § 387:

> Upon timely application, any person, who has an interest in the matter in litigation, or in the success of either of the parties, or an interest against both, may intervene in the action or proceeding. An intervention takes place when a third person is permitted to become a party to an action or proceeding . . . either by joining the plaintiff in claiming what is sought by the complaint, or by uniting with the defendant . . . .

A court is required to permit a party to intervene where there is a statutory right to intervene or where the party claims an interest in the property or transaction involved in the litigation and is so situated that any disposition of the action in that party's absence may, as a practical matter, impair that party's ability to protect the interest. Code Civ. Proc. § 387(b). A court has discretion to permit intervention even if intervention is not mandatory where the intervening party has an interest in the litigation, intervention will not enlarge the issues in the case, and the reasons for intervention outweigh any opposition by the existing parties.

The Court is required to liberally construe applications for intervention. *Simpson Redwood Co. v. State of California*, 196 Cal.App.3d 1192, 1200 (1987); see also *Lindelli v. Town of San Anselmo*, 139 Cal.App.4th 1499, 1505 (2006) (citing *Simpson Redwood Co.*) "The purpose of allowing intervention is to promote fairness by involving all parties potentially affected by a

7

EXHIBIT _6_ PAGE _8_

1   judgment." *Simpson Redwood Co.* at 1199.

2        Here, the Conservator has a clear interest in the "property or transaction involved in the

3   litigation" and intervention is mandatory.  The property or transaction at issue is the claim for

4   damages to the corporation as a result of alleged negligence and breaches of fiduciary duties of the

5   officers and directors.  Those damage claims are assets of the corporation that are at risk in the

6   litigation.  A disposition of the action without the participation of the Conservator may, as a

7   practical matter and possibly as a legal matter, impair the Conservator's ability to protect its

8   interest.  As discussed above, Plaintiffs' claims are derivative claims.  If they are settled or

9   resolved through litigation, the Conservator may lose the ability to pursue the claims on behalf of

10  the corporation.  Moreover, as a practical matter, the defense of the directors and officers in this

11  litigation and any recovery by Plaintiffs is likely to dissipate any insurance proceeds or other

12  potential sources of recovery that would otherwise be available to the Conservator.

13       In addition, as a matter of discretion, the Court should permit intervention, as the

14  Conservator has the same rights and claims against Defendants as are being alleged by Plaintiffs.

15  The claims against the directors and officers are "assets" of the corporation.  Because the

16  Conservator succeeds to each of the Plaintiffs' rights as a "member," "shareholder," or

17  "accountholder" with respect to the credit union and any of its assets, the Conservator has an

18  interest in the litigation and a stake in Plaintiffs' claims.  The Conservator should be allowed to

19  participate in the Action.  As the Conservator has a duty to protect the interests of all members,

20  including Plaintiffs, allowing intervention outweighs any potential opposition from the existing

21  parties.

22  //

23  //

24  //

25  //

26  //

27  //

28  //

8

EXHIBIT __6__ PAGE __9__

IV.     **CONCLUSION**

For the reasons set forth above, the Conservator respectfully requests that the Court grant this motion for leave to intervene.

DATED: December 30, 2009                 LUCE, FORWARD, HAMILTON & SCRIPPS LLP

                                         By:
                                                 Michael H. Bierman
                                                 Michael E. Pappas
                                                 Michelle K. Sugihara
                                                 Attorneys For Intervenor National Credit Union
                                                 Administration As Conservator For Western
                                                 Corporate Federal Credit Union

201044926.4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO INTERVENE

EXHIBIT __6__ PAGE __10__

1

**PROOF OF SERVICE**

2     National Credit Union Adminstration, et al. v. Donna Bland, et al.

3     Case No. BC 426754

4

5         At the time of service, I was over 18 years of age and **not a party to this action**.  I am
employed in the County of Los Angeles, State of California.  My business address is 601 S. Figueroa,
6     Suite 3900, Los Angeles, California 90017.

7         On December 30, 2009, I served true copies of the following document described as:

8     **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE
NATIONAL CREDIT UNION ADMINISTRATION AS CONSERVATOR FOR
9     WESTERN CORPORATE FEDERAL CREDIT UNION'S MOTION FOR
LEAVE TO INTERVENE**

10

11    on the interested parties in this action as follows:

12        Scott A. Kamber, Esq.                    David C. Parisi, Esq.
**KAMBEREDELSON LLC**               Suzanne Havens Beckman, Esq.
13        11 Broadway, 22nd Fl.                    **PARISI & HAVENS LLP**
New York, NY 10004                       15233 Valleyheart Drive
14        Tel.: (646) 964-9600                     Sherman Oaks, CA 91403
Fax: (212) 202-6364                      Tel.: (818) 990-1299
15                                                 Fax: (818) 501-7852

16

17

**BY MAIL:**     I enclosed the document in a sealed envelope or package addressed to the persons at
18              the addresses listed in the Service List and placed the envelope for collection and
mailing, following our ordinary business practices. I am readily familiar with Luce,
19              Forward, Hamilton & Scripps LLP's practice for collecting and processing
correspondence for mailing. On the same day that the correspondence is placed for
20              collection and mailing, it is deposited in the ordinary course of business with the
United States Postal Service, in a sealed envelope with postage fully prepaid.

21

22

        I declare under penalty of perjury under the laws of the State of California that the foregoing is
23    true and correct.

24    Executed on December 30, 2009, at Los Angeles, California.

25

26                                              _____
Theresa del Pomar
27

28    201045887.1

EXHIBIT____6__PAGE___77

**EXHIBIT 7**

**ORIGINAL**

1  Michael H. Bierman, State Bar No. 89156
   Michael E. Pappas, State Bar No. 130400
2  Michelle K. Sugihara, State Bar No. 217444
   LUCE, FORWARD, HAMILTON & SCRIPPS LLP
3  601 S. Figueroa, Suite 3900
   Los Angeles, California 90017
4  Telephone No.: 213.892.4992
   Fax No.: 213.452.8032
5  E-Mail:    mbierman@luce.com
              mpappas@luce.com
6              msugihara@luce.com

7  Attorneys For Proposed Intervenor National Credit Union
   Administration As Conservator For Western Corporate Federal Union
8

**FILED**
Los Angeles Superior Court

**DEC 30 2009**

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
DOROTHY SWAIN

9

10            SUPERIOR COURT OF THE STATE OF CALIFORNIA

11               FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| 1ST VALLEY CREDIT UNION; CASCADE FEDERAL CREDIT UNION; GLENDALE AREA SCHOOLS FEDERAL CREDIT UNION; KAIPERM NORTHWEST FEDERAL CREDIT UNION; NORTHWEST PLUS CREDIT UNION; STAMFORD FEDERAL CREDIT UNION; and TULARE COUNTY FEDERAL CREDIT UNION, <br><br> Plaintiffs, <br><br> v. <br><br> DONNA BLAND, ROBERT BURRELL, JEREMY CALVA, WILLIAM CHENEY, LAURA CLOHERTY, GORDON DAMES ADAM DENBO, DIANA R. DYKSTRA, JEFF HAMILTON, ROBERT H. HARVEY, JR., JAMES HAYES, WAYNE HOPE, DWIGHT JOHNSTON, JAMES P. JORDAN, TIMOTHY KRAMER, ROBIN J. LENTZ, SUSANNE LONGSON, JOHN M. MERLO, WARREN NAKAMURA, BRIAN OSBERG, DAVID ROUGHTON, TIMOTHY SIDLEY, ROBERT SIRAVO, DAVID TRINDER, DARREN WILLIAMS, RISKSPAN INC., and DOES 1 through 100, inclusive, <br><br> Defendants. | CASE NO.: BC 426754 <br> [Hon. Richard Fruin] <br><br> **DECLARATION OF DAVID SHETLER IN SUPPORT OF MOTION FOR LEAVE TO INTERVENE BY THE NATIONAL CREDIT UNION ADMINISTRATION AS CONSERVATOR FOR WESTERN CORPORATE FEDERAL CREDIT UNION** <br><br> [Filed concurrently with Notice of Motion, Memorandum of Points and Authorities, [Proposed] Complaint in Intervention, and [Proposed] Order] <br><br> Motion Date: February 1, 2010 <br> Time: 8:30 a.m. <br> Dept.: 15 <br><br> Complaint Filed: November 24, 2009 |

DECLARATION OF DAVID SHETLER

EXHIBIT  7  PAGE  1

## DECLARATION OF DAVID SHETLER

I, David Shetler, declare:

1.      I am a Senior Corporate Program Specialist for the Office of Corporate Credit Unions of the National Credit Union Administration, which has been appointed conservator for the Western Corporate Federal Credit Union ("WesCorp"). I make this declaration in support of the conservator's Motion for Leave to Intervene in the lawsuit between members of WesCorp and current and former officers and directors of WesCorp. Unless indicated otherwise, I have personal knowledge of the matters set forth in this Declaration, and if called upon to testify, I could and would testify competently to these matters under oath.

2.      The National Credit Union Administration ("NCUA") is the federally authorized regulatory agency that oversees all federally chartered credit unions. The authorization for the NCUA is found at 12 U.S.C. § 1751, et seq. (the "Federal Credit Union Act"). The NCUA acts under the management of the NCUA Board.

3.      The credit union system is a three-tier system consisting of one wholesale corporate credit union, 27 retail corporate credit unions, and nearly 8,000 "natural person" credit unions. The wholesale corporate credit union (U.S. Central Federal Credit Union) provides services to the 27 retail corporate credit unions, while the retail corporate credit unions provide services to the natural person credit unions, which in turn serve the financial needs of more than 87 million members.

4.      Retail corporate credit unions provide essential support for natural person credit unions through delivery of liquidity, financial, and correspondent products and services, such as investment / deposit services, loans, wire transfers, item processing and imaging, automatic clearinghouse transaction processing, automatic teller machine processing, bill payment services and security safekeeping.

5.      WesCorp is the largest of the 27 retail corporate credit unions. It has 1,100 members.

6.      In March, 2009, the NCUA determined, among other things, that WesCorp's investment portfolio, which was heavily invested in mortgage backed securities, had declined in

DECLARATION OF DAVID SHETLER

EXHIBIT 7  PAGE 2

1    value to such a point as to make it necessary to appoint a Conservator to manage and conserve the

2    assets of WesCorp and to protect the National Credit Union Share Insurance Fund and the interest

3    of the members of WesCorp.  The NCUA appointed itself as conservator on March 19, 2009,

4    pursuant to 12 US.C. § 1786(h)(1)(A).  A copy of the conservatorship order is attached hereto as

5    Exhibit 1.  As a result of the conservatorship, all assets and operations of WesCorp are now under

6    the control of the NCUA Board as conservator.

7         7.    The Plaintiffs never requested that the conservator bring the instant action against

8    the former and current officers and directors.  The conservator is currently investigating the role

9    that WesCorp's former and current officers and directors played in the financial problems of

10   WesCorp and whether and to what extent legal action should be pursued.  The current lawsuit filed

11   by Plaintiffs interferes with the conservator's ability to manage the conservatorship and to

12   investigate potential claims.

13        I declare under penalty of perjury under the laws of the State of California that the

14   foregoing is true and correct.  Executed this 2̲5̲th day of D̲e̲c̲e̲n̲b̲i̲r̲, 2009.

15

16

17                    _Daniel G. Shetler_

18   201045204.2

19

20

21

22

23

24

25

26

27

28

DECLARATION OF DAVID SHETLER                              EXHIBIT ___7___ PAGE __3__

**UNITED STATES OF AMERICA**
**NATIONAL CREDIT UNION ADMINISTRATION**
**Alexandria, Virginia**

In the Matter of                           )
the Conservatorship of                     )
**WESTERN CORPORATE FEDERAL**             )       NCUA Docket No.  09-0009-CO
**CREDIT UNION,**                          )
                                           )
Charter No. 19693                          )
                                           )

## ORDER OF CONSERVATORSHIP

To: The Board of Directors and Other Officials
    Western Corporate Federal Credit Union
    924 Overland Court
    San Dimas, CA 91773-1750

Notice is hereby given that, pursuant to Section 206(h)(1)(A) of the Federal Credit
Union Act ("the Act"), 12 U.S.C. Section 1786(h)(1)(A), the National Credit Union
Administration Board ("NCUA Board") has appointed itself Conservator of Western
Corporate Federal Credit Union ("WesCorp"), Charter No. 19693, for the reasons set
forth in the Confidential Statement of Grounds for Conservatorship, incorporated
herein by reference.   By this appointment, the NCUA Board as Conservator is
exercising its lawful authority *ex parte,* and without notice, immediately to take
possession and control of the business, assets and records of WesCorp.

Pursuant to Sections 206(h)(4) and (h)(8) of the Act, 12 U.S.C. Sections 1786(h)(4),
and (h)(8), this Order is effective upon service and the Conservator is forthwith vested
with all powers of members, directors, and officers and committees of WesCorp. The
Board of Directors and management are ordered forthwith to cease all activity on be-
half of WesCorp. Any business purportedly conducted on behalf of WesCorp following
service of this Order may subject members of the Board of Directors and management
to civil and/or criminal liability.

The Board of Directors of WesCorp, its officers, employees and agents, are hereby
ORDERED immediately to turn over and release to the duly appointed Agent for the
Conservator, or to his sub-agents, all books, records, accounts, documents, attorney
work product, assets and property, both real and personal, of every description,
belonging to WesCorp.

*Ex.* 1  /

EXHIBIT 7   PAGE 4

Page Two

### Appointment of Agent and Sub-Agents of Conservator

Pursuant to Section 206(h)(6) of the Act, 12 U.S.C. Section 1786(h)(6), Mark A. Treichel, Acting Director, Office of Corporate Credit Unions, and all successor Acting Directors of the Office of Corporate Credit Unions of the National Credit Union Administration, is hereby appointed Agent of the NCUA Board as Conservator of WesCorp.

The following persons are hereby appointed sub-agents of the Agent for the Conservator:

Scott Hunt   Michael Wheeler   Dan Buckley
Bruce Bakke   Joe Shoshoo.

The Agent for the Conservator is authorized to appoint by letter such additional sub-agents as he deems necessary.

### Authority of Agent and Sub-Agents of Conservator

The Agent for the Conservator and his sub-agents each possess all the authority delegable to such agents of the NCUA Board under Sections 1787(b)(2), (b)(12) - (16), (c), (g) and (h) of the Act, 12 U.S.C. Sections 1787(b)(2), (b)(12) - (16), (c), (g), (h), including but not limited to the authority to:

(a) maintain possession and control of the business, assets, records, and property of WesCorp;

(b) to sell, enforce collection of and liquidate all such assets and property;

(c) to operate, manage and transact the business of WesCorp;

(d) to repudiate agreements, contracts and leases to which WesCorp is a party;

(e) to compound all bad and doubtful debts;

(f) to make distribution and payment to creditors and members as their interests may appear;

(g) to sue in the name of the Conservator or its Agent or in the name of WesCorp;

(h) to defend such actions as may be brought against the Conservator, its Agent or WesCorp;

(i) to receive, examine, and pass upon claims made against WesCorp;

EXHIBIT __7__ PAGE __5__

Page Three

    (j) to execute such documents on behalf of WesCorp and to do such other things as may be necessary to conduct the business of WesCorp;

    (k) to assign, extend, discharge in whole or in part, or foreclose (including making an entry to foreclose) any mortgage or real or personal property standing in the name of WesCorp individually or held by WesCorp in any fiduciary capacity, and to subordinate the lien of any such mortgage to any other mortgage, lease, or other interest, and to initiate and to defend any action with respect to any such mortgage;

    (l) to sell, lease, convey, grant assessments or other interest in, enter agreements with respect to, and to initiate and to defend any action with respect to any real estate acquired by WesCorp individually, by virtue of the foreclosure, or held by WesCorp in any fiduciary capacity;

    (m)to sign, seal with the corporate seal, acknowledge and deliver all pleadings, affidavits, deeds, contracts, releases, discharges, certificates, leases, assents, grants, and other instruments necessary or appropriate to carry out the foregoing powers, and such execution shall in each case be conclusive as to the authority of the executing officer.

### Grounds for Conservatorship

Pursuant to 12 U.S.C. Section 1786 (h)(1)(A), the NCUA Board has determined that the imposition of a conservatorship is necessary to conserve the assets of WesCorp and to protect the National Credit Union Share Insurance Fund ("NCUSIF") and the interests of the members of WesCorp. The NCUA Board's grounds for imposing a conservatorship are specifically set forth in the Confidential Statement of Grounds for Conservatorship, which is incorporated by reference in this Order. It is critical that the problems addressed in the Confidential Statement be resolved immediately and that steps be taken to limit the potentially serious risks to the assets of WesCorp, the interests of its members, and to the NCUSIF.

### Nonpublication of Grounds for Conservatorship

Because WesCorp will continue to operate during the conservatorship, public disclosure of the nature of the grounds supporting this Order (which are set forth in the Confidential Statement) could cause damage to WesCorp or otherwise hinder the ability of the Conservator to maintain normal operations and to protect the assets of WesCorp, the interests of its members, the NCUSIF, and other individuals who may be involved. Accordingly, it is hereby ORDERED that the contents of the Confidential Statement shall not be disclosed or otherwise made public except to the extent

EXHIBIT___7___PAGE__6

Page Four

authorized by the Agent for the Conservator or his sub-agents or as otherwise ordered by a court of competent jurisdiction.

### Opportunity to Consent or To Apply For Relief

By the resolution of its Board of Directors, WesCorp may consent to the NCUA Board's conservatorship action. If the Board of Directors does not consent, it may, pursuant to 12 U.S.C. 1786(h)(3), no later than ten days after this Order is served, apply to the United States District Court for either the District of Columbia or the federal district court for the judicial district in which WesCorp's main office is located for an order requiring the NCUA Board to show cause why it should not be enjoined from continuing possession and control of WesCorp as Conservator. The Board of Directors may meet following the placing of WesCorp into conservatorship for the sole purpose of considering and authorizing the filing of this action in the name of the corporate credit union.

**NATIONAL CREDIT UNION ADMINISTRATION BOARD**

By: _Mary Rupp_____
           **MARY RUPP**
           **Secretary of the Board**

Dated: March 19, 2009

EXHIBIT __7__ PAGE __7__

## PROOF OF SERVICE

National Credit Union Adminstration, et al. v. Donna Bland, et al.

Case No. BC 426754

      At the time of service, I was over 18 years of age and **not a party to this action.** I am employed in the County of Los Angeles, State of California. My business address is 601 S. Figueroa, Suite 3900, Los Angeles, California 90017.

On December 30, 2009, I served true copies of the following document described as:

**DECLARATION OF DAVID SHETLER IN SUPPORT OF MOTION FOR LEAVE TO INTERVENE BY THE NATIONAL CREDIT UNION ADMINISTRATION AS CONSERVATOR FOR WESTERN CORPORATE FEDERAL CREDIT UNION**

on the interested parties in this action as follows:

Scott A. Kamber, Esq.
KAMBEREDELSON LLC
11 Broadway, 22nd Fl.
New York, NY 10004
Tel.: (646) 964-9600
Fax: (212) 202-6364

David C. Parisi, Esq.
Suzanne Havens Beckman, Esq.
PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, CA 91403
Tel.: (818) 990-1299
Fax: (818) 501-7852

**BY MAIL:**    I enclosed the document in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Luce, Forward, Hamilton & Scripps LLP's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 30, 2009, at Los Angeles, California.

_Theresa del Pomar_
Theresa del Pomar

201045887.1

EXHIBIT __7__ PAGE __8__

**EXHIBIT 8**

**COPY**

1  Michael H. Bierman, State Bar No. 89156
   Michael E. Pappas, State Bar No. 130400
2  Michelle K. Sugihara, State Bar No. 217444
   LUCE, FORWARD, HAMILTON & SCRIPPS **REC'D**
3  601 S. Figueroa, Suite 3900
   Los Angeles, California 90017
4  Telephone No.: 213.892.4992      DEC 3 0 2009
   Fax No.: 213.452.8032
5  E-Mail:   mbierman@luce.com      **FILING WINDOW**
             mpappas@luce.com
6            msugihara@luce.com

7  Attorneys for Intervenor National Credit Union Administration
   As Conservator For Western Corporate Federal Credit Union
8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                 FOR THE COUNTY OF LOS ANGELES

11 | 1ST VALLEY CREDIT UNION; CASCADE        | CASE NO.:  BC 426754
   | FEDERAL CREDIT UNION;
12 | GLENDALE AREA SCHOOLS FEDERAL
   | CREDIT UNION; KAIPERM NORTHWEST        | Hon. Richard L. Fruin
13 | FEDERAL CREDIT UNION; NORTHWEST        | Dept. 15
   | PLUS CREDIT UNION; STAMFORD
14 | FEDERAL CREDIT UNION; and TULARE
   | COUNTY FEDERAL CREDIT UNION,
15 |                                        | **[PROPOSED] COMPLAINT IN
   |           Plaintiffs,                  | INTERVENTION**
16 | v.
17 | DONNA BLAND, ROBERT BURRELL,           | **DEMAND FOR JURY TRIAL**
   | JEREMY CALVA, WILLIAM CHENEY,
18 | LAURA CLOHERTY, GORDON DAMES
   | ADAM DENBO, DIANA R. DYKSTRA,
19 | JEFF HAMILTON, ROBERT H. HARVEY,       | Complaint filed: November 24, 2009
   | JR., JAMES HAYES, WAYNE HOPE,
20 | DWIGHT JOHNSTON, JAMES P. JORDAN,
   | TIMOTHY KRAMER, ROBIN J. LENTZ,
21 | SUSANNE LONGSON, JOHN M. MERLO,
   | WARREN NAKAMURA, BRIAN OSBERG,
22 | DAVID ROUGHTON, TIMOTHY SIDLEY,
   | ROBERT SIRAVO, DAVID TRINDER,
23 | DARREN WILLIAMS, RISKSPAN INC., and
   | DOES 1 through 100, inclusive.
24 |
   |           Defendants
25 | and
26 | NATIONAL CREDIT UNION
   | ADMINISTRATION AS CONSERVATOR
27 | FOR WESTERN CORPORATE FEDERAL
   | CREDIT UNION,
28 |           Intervenor.

EXHIBIT _8_ PAGE _1_

_____
                [PROPOSED] COMPLAINT IN INTERVENTION

1    By leave of court, intervenor National Credit Union Administration as Conservator for

2    Western Corporate Federal Credit Union (the "Conservator") files this complaint and thereby

3    intervenes in this action adversely to both plaintiffs and defendants.  The Conservator is successor-

4    in-interest to plaintiffs and seeks the following relief:

5    **RIGHT TO MANDATORY INTERVENTION PURSUANT TO CCP § 387(b)**

6       1.    As shown by the facts alleged herein, the Conservator has a right to intervene in this

7    action because it now holds the exclusive right to prosecute the claims pled in this action.

8    Adjudication of the parties' claims in the absence of the Conservator will therefore impede the

9    Conservator's ability to protect its interest in the claims pled.

10   **RIGHT TO PERMISSIVE INTERVENTION PURSUANT TO CCP § 387(a)**

11      2.    Alternatively, as shown by the facts alleged herein, the Conservator has a direct

12   interest in the subject matter of this action that is likely to be directly affected by the outcome of

13   this action.  Adjudication of the Conservator's interests will not delay or unduly expand the trial of

14   this action.

15   **GENERAL ALLEGATIONS**

16      3.    On November 24, 2009, plaintiffs 1st Valley Credit Union, Cascade Federal Credit

17   Union, Glendale Area Schools Federal Credit Union, KaiPerm Northwest Federal Credit Union,

18   Northwest Plus Credit Union, Stamford Federal Credit Union, and Tulare County Federal Credit

19   Union (collectively, "Plaintiffs") filed the complaint in the above-entitled action (the "Action")

20   against defendants Donna Bland, Robert Burrell, Jeremy Calva, William Cheney, Laura Cloherty,

21   Gordon Dames, Adam Denbo, Diana R. Dykstra, Jeff Hamilton, Robert H. Harvey, Jr., James

22   Hayes, Wayne Hope, Dwight Johnston, James P. Jordan, Timothy Kramer, Robin J. Lentz,

23   Susanne Longson, John M. Merlo, Warren Nakamura, Brian Osberg, David Roughton, Timothy

24   Sidley, Robert Siravo, David Trinder, Darren Williams, Riskspan Inc., and Does 1-100, inclusive,

25   (collectively, "Defendants") seeking damages for negligence and breach of fiduciary duties.

26      4.    The Defendants have not yet appeared in the Action.

27      5.    The credit union system is a three-tier system consisting of one wholesale corporate

28   credit union, 27 retail corporate credit unions, and nearly 8,000 "natural person" credit unions.

EXHIBIT _8_ PAGE _2_

1

1   The wholesale corporate credit union (U.S. Central Federal Credit Union) provides services to the

2   27 retail corporate credit unions, while the retail corporate credit unions provide services to the

3   natural person credit unions, which in turn serve the financial needs of more than 87 million

4   members.

5         6.     Retail corporate credit unions provide essential support for natural person credit

6   unions through delivery of liquidity, financial, and correspondent products and services, such as

7   investment/deposit services, loans, wire transfers, item processing and imaging, automatic

8   clearinghouse transaction processing, automatic teller machine processing, bill payment services,

9   and security safekeeping.

10         7.     In March 2009, Western Corporate Federal Credit Union ("WesCorp"), the largest

11   of the 27 retail corporate credit unions, whose members consist of natural person credit unions

12   such as Plaintiffs, was placed under a conservatorship imposed by the Conservator. As a result of

13   the conservatorship, pursuant to 12 U.S.C. § 1787(b)(2)(A), the Conservator is, by operation of

14   law, the successor-in-interest to "all rights, titles, powers, and privileges of the credit union, and of

15   any member, accountholder, officer, or director of such credit union with respect to the credit

16   union and the assets of the credit union." The Conservator therefore now holds the right to pursue

17   any claims against WesCorp's former and current officers, former directors, and former

18   supervisory committee members based upon actions they took in their respective capacities or that

19   affected WesCorp or its assets.

20         8.     The National Credit Union Administration ("NCUA") is the federally authorized

21   regulatory agency that oversees all federally chartered credit unions.

22         9.     The officer defendants named below (collectively, the "Officer Defendants")

23   served among the top management of WesCorp at the relevant times, bore responsibility for

24   investment decisions, and, in making those decisions, owed WesCorp fiduciary duties of care and

25   loyalty:

26         a.     Robert Siravo – the former President and Chief Executive Officer of WesCorp.

27         b.     Robert Burrell – the former Executive Vice President and Chief Investment

28   Officer of WesCorp.

EXHIBIT____$8$____PAGE $3$____

[PROPOSED] COMPLAINT IN INTERVENTION

1    c.    Jeremy Calva – the former Vice President, Investment Operations of WesCorp.

2    d.    James Hayes – the continuing Senior Vice President and Chief Financial

3    Officer (formerly an Executive Vice President) of WesCorp.

4    e.    Laura Cloherty – the continuing WesCorp Vice President, Controller.

5    f.    Jeff Hamilton – the continuing Vice President, Portfolio Management.

6    g.    Dwight Johnston – the continuing Vice President, Economic & Market

7    Research.

8    h.    Timothy Sidley – the continuing Vice President, Risk Assessment.

9    i.    David Trinder – the continuing Vice President, Balance Sheet Management.

10    10.    The director defendants named below (collectively, the "Director Defendants")

11    served as directors of WesCorp at all relevant times and were responsible for directing

12    management of WesCorp, including the Officer Defendants, and establishing operating policies,

13    including WesCorp's investment and accounting policies, and owed WesCorp fiduciary duties of

14    care and loyalty:

15    a.    Robert H. Harvey, Jr. – former Chairman of WesCorp's board.

16    b.    James P. Jordan – former Vice Chairman of WesCorp's board.

17    c.    Timothy Kramer – former Secretary/Treasurer of WesCorp's board.

18    d.    Adam Denbo – former member of WesCorp's board.

19    e.    Diana R. Dykstra – former member of WesCorp's board.

20    f.    Wayne Hope – former member of WesCorp's board.

21    g.    Robin J. Lentz – former member of WesCorp's board.

22    h.    Susanne Longson – former member of WesCorp's board.

23    i.    John M. Merlo – former member of WesCorp's board.

24    j.    Warren Nakamura – former member of WesCorp's board.

25    k.    Brian Osberg – former member of WesCorp's board.

26    l.    Gordon Dames – former member of WesCorp's board.

27    m.    William Cheney – former member of WesCorp's board.

28    EXHIBIT _8_ PAGE _4_

[PROPOSED] COMPLAINT IN INTERVENTION

11.    The supervisory committee defendants named below (collectively, the "Supervisory Committee Defendants") at all relevant times served as members of WesCorp's supervisory committee and were responsible for overseeing WesCorp's board of directors and owed WesCorp fiduciary duties of care and loyalty:

        a.    David Roughton – former Chairman of WesCorp's supervisory committee.

        b.    Darren Williams – former Secretary of WesCorp's supervisory committee.

        c.    Donna Bland – former member of WesCorp's supervisory committee.

12.    The Officer Defendants, Director Defendants and the Supervisory Committee Defendants shall be collectively referred to as the "Individual Defendants."

13.    Defendant RiskSpan, Inc. ("RiskSpan") is a consulting and valuation company with offices in Stamford, Connecticut, Washington, D.C., and Chennai, India.  WesCorp engaged RiskSpan to provide independent evaluations of WesCorp's most credit sensitive holdings (the majority of the sub-prime Residential Mortgage-Backed Securities and Collateralized Debt Obligation Securities).  RiskSpan conducted its analysis of WesCorp's riskiest sub-prime holdings on a monthly basis.

14.    The Conservator is currently ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the defendants sued under the fictitious names Does 1 through 100, inclusive, and therefore, sue such defendants by such fictitious names.  The Conservator will seek leave to amend this complaint to allege the true names and capacities of said fictitiously named defendants when their true names and capacities have been ascertained.  The Conservator is informed and believes and based thereon alleges that each of the fictitiously named Doe defendants is legally responsible in some manner for the events and occurrences alleged herein, and for the damages suffered by the Conservator.

15.    The Conservator is informed and believes and based thereon alleges that all defendants, including the fictitious Doe defendants, were at all relevant times acting as actual agents, conspirators, ostensible agents, partners and/or joint venturers and employees of all other defendants, and that all acts alleged herein occurred within the course and scope of said agency, employment, partnership, joint venture, conspiracy or enterprise, and with the express and/or

EXHIBIT ___8___ PAGE ___5___

4

1   implied permission, knowledge, consent, authorization and ratification of their co-defendants;

2   however, each of these allegations are deemed "alternative" theories whenever not doing so would

3   result in a contradiction with the other allegations.

4   16.   Whenever this complaint makes reference to any act of Defendants, the allegations

5   shall be deemed to mean the act of those defendants named in the particular cause of action, and

6   each of them, acting individually, jointly and severally, unless otherwise alleged.

7   17.   The rights and claims asserted by Plaintiffs in the Action are derivative claims of

8   WesCorp, as they seek to hold directors and officers of WesCorp liable for negligence and breach

9   of fiduciary duties to WesCorp that resulted in losses to WesCorp.

10   18.   The Conservator is now the real party in interest, and Plaintiffs have no standing to

11   bring the claims asserted in their complaint against Defendants.

12   19.   Because the Conservator represents the interests of the federal credit union system

13   and all of the members, its interests are not adequately represented by Plaintiffs, who seek to

14   obtain individual recoveries against Defendants.

15   20.   The Conservator is currently investigating the events at WesCorp that led to the

16   imposition of the conservatorship, including the allegations made by Plaintiffs in the Action.  It

17   has to date made no determination whether legal action is warranted against some or all of the

18   Defendants based on the allegations of the complaint.

19   ### FIRST CAUSE OF ACTION

20   **(Declaratory Relief – Against All Parties)**

21   21.   The Conservator incorporates herein the allegations set forth in paragraphs 1

22   through 20 above as if set forth in full herein.

23   22.   As alleged above, Plaintiffs commenced the Action alleging derivative claims.

24   23.   Each of the Defendants sued in the Action by Plaintiffs as an officer, director, or

25   supervisory committee member of WesCorp (with the exception of RiskSpan, which was a third-

26   party consultant to WesCorp) acted, and the lending practices, statements, representations and

27   other alleged acts, errors and omissions complained of by Plaintiffs were made, on behalf of

28   WesCorp or with respect to WesCorp and its assets, such that the right to pursue the Defendants

5

EXHIBIT ___8___ PAGE ___6___

1    for damages for their acts, errors and omissions belongs to the Conservator, and not to Plaintiffs.

2        24.    Due to the conservatorship of WesCorp, the Conservator now holds the exclusive

3    right to prosecute the claims alleged by Plaintiffs in this Action pursuant to 12 U.S.C. §

4    1787(b)(2)(A), and the Conservator is now the proper party to pursue claims against WesCorp's

5    former and current officers, directors, supervisory committee members, and consultant, including

6    the claims alleged by the Plaintiffs.

7        25.    Despite the foregoing, the Conservator is informed and believes, and based thereon

8    alleges, that Plaintiffs assert that they have a right to maintain this Action and to pursue the

9    derivative claims alleged against Defendants on behalf of the members of WesCorp.

10       26.    An actual controversy has arisen and now exists between the Conservator and

11   Plaintiffs regarding which party has the right to pursue the claims alleged by Plaintiffs in the

12   Action. The Conservator contends that, as successor-in-interest to WesCorp, it has the sole right

13   to pursue the claims alleged against Defendants in the Action and to assert any other claims that

14   could be derivatively pled by the Plaintiffs. The Conservator is informed and believes, and

15   thereupon alleges, that the Plaintiffs contend that they are entitled to pursue the claims alleged in

16   this Action against the Defendants and that the Conservator does not hold the right to pursue those

17   claims.

18       27.    As a direct and proximate result of the foregoing dispute between the Conservator

19   and the Plaintiffs, the Conservator seeks a declaration from the Court that it, and not the Plaintiffs,

20   has the sole right to pursue the derivative claims alleged by the Plaintiffs against the Defendants in

21   this Action.

22                           **PRAYER FOR RELIEF**

23       WHEREFORE, the Conservator demands judgment as follows:

24       On the first cause of action:

25       1.    For a declaration that the Conservator has the sole right to pursue the derivative claims

26   alleged in the Action by Plaintiffs;

27       2.    That Plaintiffs be dismissed as parties to this Action;

28

EXHIBIT __8__ PAGE __7__

[PROPOSED] COMPLAINT IN INTERVENTION

On all causes of action:

3.    That the Conservator be awarded its costs of suit; and

4.    All such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

The Conservator hereby demands a jury trial on the claims asserted by the Plaintiffs in this Action.


DATED:  December 30, 2009

LUCE, FORWARD, HAMILTON & SCRIPPS LLP

By: _____
Michael H. Bierman
Michael E. Pappas
Michelle K. Sugihara

Attorneys for Intervenor National Credit Union Administration As Conservator For Western Corporate Federal Credit Union

201044985.4

EXHIBIT __8__ PAGE __8__

[PROPOSED] COMPLAINT IN INTERVENTION

1

## PROOF OF SERVICE

2     **National Credit Union Adminstration, et al. v. Donna Bland, et al.**

3     **Case No. BC 426754**

4

5         At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 601 S. Figueroa,

6   Suite 3900, Los Angeles, California 90017.

7         On December 30, 2009, I served true copies of the following document described as:

8     **[PROPOSED] COMPLAINT IN INTERVENTION**

9

10   on the interested parties in this action as follows:

11         Scott A. Kamber, Esq.         David C. Parisi, Esq.
           **KAMBEREDELSON LLC**       **Suzanne Havens Beckman, Esq.**

12         **11 Broadway, 22nd Fl.**         **PARISI & HAVENS LLP**
           **New York, NY 10004**          **15233 Valleyheart Drive**

13         **Tel.: (646) 964-9600**        **Sherman Oaks, CA 91403**
           **Fax: (212) 202-6364**        **Tel.: (818) 990-1299**

14                                                  **Fax: (818) 501-7852**

15

16   **BY MAIL:**   I enclosed the document in a sealed envelope or package addressed to the persons at

17         the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Luce,

18         Forward, Hamilton & Scripps LLP's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for

19         collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

20

21         I declare under penalty of perjury under the laws of the State of California that the foregoing is

22   true and correct.

23         Executed on December 30, 2009, at Los Angeles, California.

24

25                                           Theresa del Pomar

26

27

28                                    EXHIBIT _8_ PAGE _9_

**EXHIBIT 9**

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

PARISI & HAVENS LLP
David C. Parisi, Esq. (SBN 162248); Suzanne Havens Beckman, Esq. (188814)
15233 Valleyheart Drive
Sherman Oaks, California 91403
TELEPHONE NO.: (818) 990-1299    FAX NO. *(Optional):* (818) 501-7852
E-MAIL ADDRESS *(Optional):* dparisi@parisihavens.com;shavens@parisihavens.com
ATTORNEY FOR *(Name):* Plaintiffs

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

JAN 0 6 2010

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
GLORIETTA ROBINSON

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: CENTRAL DISTRICT

PLAINTIFF/PETITIONER: 1st VALLEY CREDIT UNION; et al.

DEFENDANT/RESPONDENT: DONNA BLAND, et al.

CASE NUMBER:
BC426754

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: 683178L *15* |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☐ summons
   b. ☑ complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents):* First Amended Summons; Notice of Case Assignment-Unlimited Civil

3. a. Party served *(specify name of party as shown on documents served):*
      RISKSPAN INC.

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      Corporation Service Company, Agent for service of process by serving Lucy Wunk

4. Address where the party was served:
   50 West Street, Hartford, Connecticut 06120-1504

5. I served the party *(check proper box)*
   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 12/22/2009    (2) at *(time):* 11:12 a.m. (EST)
   b. ☐ **by substituted service.** On *(date):*    at *(time):*    I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*    from *(city):*    or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

PROOF OF SERVICE OF SUMMONS

Code of Civil Procedure, § 417.10
American LegalNet, Inc.
www.FormsWorkflow.com

EXHIBIT 9 PAGE 1

| PLAINTIFF/PETITIONER: 1st VALLEY CREDIT UNION; et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: DONNA BLAND, et al. | BC426754 |

5.  c.  ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on *(date):*                                     (2) from *(city):*

   (3) ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

   (4) ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d.  ☐  **by other means** *(specify means of service and authorizing code section):*

   ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
   a.  ☐  as an individual defendant.
   b.  ☐  as the person sued under the fictitious name of *(specify):*
   c.  ☐  as occupant.
   d.  ☑  On behalf of *(specify):*   RISKSPAN INC.
       under the following Code of Civil Procedure section:

   | | |
   |---|---|
   | ☑ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
   | ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
   | ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
   | ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
   | ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
   | | ☐ other: |

7.  **Person who served papers**
   a.  Name:  Daniel Ricard, Ace Attorney Service, Inc.
   b.  Address:  20 Paula Lane, Manchester, Connecticut 06045
   c.  Telephone number:  860.646.4333
   d.  **The fee for service was:**  $
   e.  I am:
       (1) ☑  not a registered California process server.
       (2) ☐  exempt from registration under Business and Professions Code section 22350(b).
       (3) ☐  a registered California process server.
           (i) ☐ owner   ☐ employee   ☐ independent contractor.
           (ii)  Registration No.:
           (iii)  County:

8.  ☑  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9.  ☐  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:  December 28, 2009

DANIEL RICARD
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ *Daniel Ricard*
(SIGNATURE )

**PROOF OF SERVICE OF SUMMONS**

EXHIBIT __9__ PAGE __2__

**EXHIBIT 10**

POS-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>PARISI & HAVENS LLP<br>David C. Parisi, Esq. (SBN 162248); Suzanne Havens Beckman, Esq. (188814)<br>15233 Valleyheart Drive<br>Sherman Oaks, California 91403<br>TELEPHONE NO.: (818) 990-1299    FAX NO. *(Optional):* (818) 501-7852<br>E-MAIL ADDRESS *(Optional):* dparisi@parisihavens.com;shavens@parisihavens.com<br>ATTORNEY FOR *(Name):* Plaintiffs | *FOR COURT USE ONLY*<br>**FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br><br>JAN 0 6 2010<br><br>John A. Clarke, Executive Officer/Clerk<br>By _____, Deputy<br>GLORIETTA ROBINSON |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: CENTRAL DISTRICT

| | |
|---|---|
| PLAINTIFF/PETITIONER: 1st VALLEY CREDIT UNION; et al.<br><br>DEFENDANT/RESPONDENT: DONNA BLAND, et al. | CASE NUMBER:<br>BC426754 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>683190L /15/ |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   - a. ☐ summons
   - b. ☑ complaint
   - c. ☐ Alternative Dispute Resolution (ADR) package
   - d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   - e. ☐ cross-complaint
   - f. ☑ other *(specify documents):* First Amended Summons; Notice of Case Assignment-Unlimited Civil Case

3. a. Party served *(specify name of party as shown on documents served):*
   TIMOTHY KRAMER

   b. ☐ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served:
   2805 Bowers Avenue, Santa Clara, California 95051-0917
5. I served the party *(check proper box)*
   - a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 12/28/2009    (2) at *(time):* 11:50 a.m.
   - b. ☐ **by substituted service.** On *(date):*    at *(time):*    I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*
     - (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
     - (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
     - (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
     - (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*    from *(city):*    or ☐ a declaration of mailing is attached.
     - (5) ☐ I attach a declaration of diligence stating actions taken first to attempt personal service.

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |

EXHIBIT /O PAGE /

| PLAINTIFF/PETITIONER: 1st VALLEY CREDIT UNION; et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: DONNA BLAND, et al. | BC426754 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*         (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgment of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☑ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☐ On behalf of *(specify):*
    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**
  a. Name: Avelino Miseray, Ace Attorney Service, Inc.
  b. Address: 149 9th Street, Suite 204, San Francisco, California 94103
  c. Telephone number: 415.556.1000
  d. The fee for service was: $
  e. I am:
    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☑ a registered California process server:
      (i) ☐ owner ☑ employee ☐ independent contractor.
      (ii) Registration No.: 2009-0001114
      (iii) County: SAN FRANCISCO

8. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: December 28, 2009

_____
AVELINO MISERAY
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ _____
(SIGNATURE )

**PROOF OF SERVICE OF SUMMONS**

EXHIBIT *10* PAGE *2*

**EXHIBIT 11**

**POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

PARISI & HAVENS LLP
David C. Parisi, Esq. (SBN 162248); Suzanne Havens Beckman, Esq. (188814)
15233 Valleyheart Drive
Sherman Oaks, California 91403
TELEPHONE NO.: (818) 990-1299    FAX NO. (Optional): (818) 501-7852
E-MAIL ADDRESS (Optional): dparisi@parisihavens.com;shavens@parisihavens.com
ATTORNEY FOR (Name): Plaintiffs

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

JAN 0 6 2010

John A. Clarke, Executive Officer/Clerk
By _____ Deputy
GLORIETTA ROBINSON

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: CENTRAL

PLAINTIFF/PETITIONER: 1st VALLEY CREDIT UNION; et al.

DEFENDANT/RESPONDENT: DONNA BLAND, et al.

| PROOF OF SERVICE OF SUMMONS | CASE NUMBER: BC426754 |
|---|---|
| | Ref. No. or File No.: 681009D    15 |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents):* Notice of Case Assignment-Unlimited Civil Case

3. a. Party served *(specify name of party as shown on documents served):*
   David Trinder

   b. ☐ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served:
   924 Overland Court, San Dimas, California 91773
5. I served the party *(check proper box)*
   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 12/09/2009 (2) at *(time):* 3:15 p.m.
   b. ☐ **by substituted service.** On *(date):* at *(time):* I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

   (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on
   *(date):* from *(city):* or ☐ a declaration of mailing is attached.

   (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |
|---|---|---|

EXHIBIT __11__ PAGE __1__

| PLAINTIFF/PETITIONER:  1st VALLEY CREDIT UNION; et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  DONNA BLAND, et al. | BC426754 |

5.  c.  ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the
address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date):*                                      (2) from *(city):*

(3)  ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed
to me.  *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

(4)  ☐  to an address outside California with return receipt requested.  (Code Civ. Proc., § 415.40.)

d.  ☐  **by other means** *(specify means of service and authorizing code section):*

☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
a.  ☑  as an individual defendant.
b.  ☐  as the person sued under the fictitious name of *(specify):*
c.  ☐  as occupant.
d.  ☐  On behalf of *(specify):*
under the following Code of Civil Procedure section:

☐ 416.10 (corporation)                    ☐ 415.95 (business organization, form unknown)
☐ 416.20 (defunct corporation)            ☐ 416.60 (minor)
☐ 416.30 (joint stock company/association) ☐ 416.70 (ward or conservatee)
☐ 416.40 (association or partnership)     ☐ 416.90 (authorized person)
☐ 416.50 (public entity)                  ☐ 415.46 (occupant)
                                          ☐ other:

7.  **Person who served papers**
a.  Name:  Vartan Demirjyan, Ace Attorney Service, Inc.
b.  Address:  811 Wilshire Blvd., Suite 900, Los Angeles, California 90017
c.  Telephone number:  (213) 623-3979
d.  **The fee for service was:**  $
e.  I am:
(1)  ☐  not a registered California process server.
(2)  ☐  exempt from registration under Business and Professions Code section 22350(b).
(3)  ☑  a registered California process server:
(i)  ☐  owner  ☑  employee  ☐  independent contractor.
(ii)  Registration No.:  5576
(iii)  County:  LOS ANGELES

8.  ☑  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9.  ☐  I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date:  December 11, 2009

VARTAN DEMIRJYAN                              ▶ _(signature)_
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)                              (SIGNATURE )

EXHIBIT _11_ PAGE _2_

**EXHIBIT 12**

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| PARISI & HAVENS LLP<br>David C. Parisi, Esq. (SBN 162248); Suzanne Havens Beckman, Esq. (188814)<br>15233 Valleyheart Drive<br>Sherman Oaks, California 91403<br>TELEPHONE NO.: (818) 990-1299   FAX NO. *(Optional):* (818) 501-7852<br>E-MAIL ADDRESS *(Optional):* dparisi@parisihavens.com;shavens@parisihavens.com<br>ATTORNEY FOR *(Name):* Plaintiffs | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br>JAN 06 2010<br>John A. Clarke, Executive Officer/Clerk<br>By _____, Deputy<br>GLORIETTA ROBINSON |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES |
|---|
| STREET ADDRESS: 111 North Hill Street |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: Los Angeles, California 90012 |
| BRANCH NAME: CENTRAL |

| PLAINTIFF/PETITIONER: 1st VALLEY CREDIT UNION; et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: DONNA BLAND, et al. | BC426754 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: 681006D 15 |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

    a. [✓] summons

    b. [✓] complaint

    c. [ ] Alternative Dispute Resolution (ADR) package

    d. [ ] Civil Case Cover Sheet *(served in complex cases only)*

    e. [ ] cross-complaint

    f. [✓] other *(specify documents):* Notice of Case Assignment-Unlimited Civil Case

3. a. Party served *(specify name of party as shown on documents served):*

    Dwight Johnston

   b. [ ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served:
   924 Overland Court, San Dimas, California 91773

5. I served the party *(check proper box)*

    a. [✓] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 12/10/2009    (2) at *(time):* 9:20 a.m.

    b. [ ] **by substituted service.** On *(date):*    at *(time):*    I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

       (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

       (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

       (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

       (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the documents were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*    from *(city):*    or [ ] a declaration of mailing is attached.

       (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |
|---|---|---|

EXHIBIT __12__ PAGE __1__

| PLAINTIFF/PETITIONER: 1st VALLEY CREDIT UNION; et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: DONNA BLAND, et al. | BC426754 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*           (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☑ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☐ On behalf of *(specify):*
    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**
  a. Name: Vartan Demirjyan, Ace Attorney Service, Inc.
  b. Address: 811 Wilshire Blvd., Suite 900, Los Angeles, California 90017
  c. Telephone number: (213) 623-3979
  d. **The fee for service was:** $
  e. I am:
    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☑ a registered California process server:
      (i) ☐ owner ☑ employee ☐ independent contractor.
      (ii) Registration No.: 5576
      (iii) County: LOS ANGELES

8. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: December 11, 2009

VARTAN DEMIRJYAN
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

(SIGNATURE )

EXHIBIT *12* PAGE *2*

**EXHIBIT 13**

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| PARISI & HAVENS LLP<br>David C. Parisi, Esq. (SBN 162248); Suzanne Havens Beckman, Esq. (188814)<br>15233 Valleyheart Drive<br>Sherman Oaks, California 91403<br>TELEPHONE NO.: (818) 990-1299      FAX NO. *(Optional):* (818) 501-7852<br>E-MAIL ADDRESS *(Optional):* dparisi@parisihavens.com;shavens@parisihavens.com<br>ATTORNEY FOR *(Name):* Plaintiffs | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br><br>JAN 0 6 2010<br><br>John A. Clarke, Executive Officer/Clerk<br>By_____, Deputy<br>GLORIETTA ROBINSON |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES
STREET ADDRESS:  111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE:  Los Angeles, California 90012
BRANCH NAME:  CENTRAL

| PLAINTIFF/PETITIONER: 1st VALLEY CREDIT UNION; et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: DONNA BLAND, et al. | BC426754 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>681008D   15 |
|---|---|

*(Separate proof of service is required for each party served.)*

1.   At the time of service I was at least 18 years of age and not a party to this action.

2.   I served copies of:

   a.   [✓]   summons

   b.   [✓]   complaint

   c.   [ ]   Alternative Dispute Resolution (ADR) package

   d.   [ ]   Civil Case Cover Sheet *(served in complex cases only)*

   e.   [ ]   cross-complaint

   f.   [✓]   other *(specify documents):*  Notice of Case Assignment-Unlimited Civil Case

3.   a.   Party served *(specify name of party as shown on documents served):*
     Timothy Sidley

   b.   [ ]   Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4.   Address where the party was served:
   924 Overland Court, San Dimas, California 91773

5.   I served the party *(check proper box)*

   a.   [✓]   **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 12/10/2009      (2) at *(time):*  9:20 a.m.

   b.   [ ]   **by substituted service.** On *(date):*          at *(time):*          I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

     (1)   [ ]   **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

     (2)   [ ]   **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

     (3)   [ ]   **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

     (4)   [ ]   I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*          from *(city):*          or   [ ]   a declaration of mailing is attached.

     (5)   [ ]   I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

EXHIBIT  13   PAGE  1

| PLAINTIFF/PETITIONER: 1st VALLEY CREDIT UNION; et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: DONNA BLAND, et al. | BC426754 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                   (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☑ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☐ On behalf of *(specify):*
    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**
  a. Name: Vartan Demirjyan, Ace Attorney Service, Inc.
  b. Address: 811 Wilshire Blvd., Suite 900, Los Angeles, California 90017
  c. Telephone number: (213) 623-3979
  d. The fee for service was: $
  e. I am:
    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☑ a registered California process server:
      (i) ☐ owner ☑ employee ☐ independent contractor.
      (ii) Registration No.: 5576
      (iii) County: LOS ANGELES

8. ☑ **I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.**

  or

9. ☐ **I am a California sheriff or marshal and I certify that the foregoing is true and correct.**

Date: December 11, 2009

VARTAN DEMIRJYAN
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ *(signature)*

EXHIBIT _13_ PAGE _2_

# EXHIBIT 14

**POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| PARISI & HAVENS LLP<br>David C. Parisi, Esq. (SBN 162248); Suzanne Havens Beckman, Esq. (188814)<br>15233 Valleyheart Drive<br>Sherman Oaks, California 91403<br>TELEPHONE NO.: (818) 990-1299     FAX NO. *(Optional)*:  (818) 501-7852<br>E-MAIL ADDRESS *(Optional)*:  dparisi@parisihavens.com;shavens@parisihavens.com<br>ATTORNEY FOR *(Name)*:  Plaintiffs | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br><br>JAN 0 6 2010<br><br>John A. Clarke, Executive Officer/Clerk<br>By _____ Deputy<br>GLORIETTA ROBINSON |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES
STREET ADDRESS:  111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE:  Los Angeles, California 90012
BRANCH NAME:  CENTRAL

| PLAINTIFF/PETITIONER: 1st VALLEY CREDIT UNION; et al. | CASE NUMBER:<br>BC426754 |
|---|---|
| DEFENDANT/RESPONDENT: DONNA BLAND, et al. | |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>681005D    15 |

*(Separate proof of service is required for each party served.)*

1.   At the time of service I was at least 18 years of age and not a party to this action.

2.   I served copies of:

   a.  ☑  summons

   b.  ☑  complaint

   c.  ☐  Alternative Dispute Resolution (ADR) package

   d.  ☐  Civil Case Cover Sheet *(served in complex cases only)*

   e.  ☐  cross-complaint

   f.  ☑  other *(specify documents):*  Notice of Case Assignment-Unlimited Civil Case

3.   a.  Party served *(specify name of party as shown on documents served):*

   Jeff Hamilton

   b.  ☐  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4.   Address where the party was served:
   924 Overland Court, San Dimas, California 91773

5.   I served the party *(check proper box)*

   a.  ☑  **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party  (1) on *(date):* 12/09/2009     (2) at *(time):*  3:15 p.m.

   b.  ☐  **by substituted service.** On *(date):*            at *(time):*         I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1)  ☐  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2)  ☐  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3)  ☐  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4)  ☐  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*            from *(city):*            or  ☐  a declaration of mailing is attached.

      (5)  ☐  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |

EXHIBIT  14  PAGE  1

| | CASE NUMBER: |
|---|---|
| PLAINTIFF/PETITIONER: 1st VALLEY CREDIT UNION; et al. | BC426754 |
| DEFENDANT/RESPONDENT: DONNA BLAND, et al. | |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*           (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☑ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☐ On behalf of *(specify):*
    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**
  a. Name: Vartan Demirjyan, Ace Attorney Service, Inc.
  b. Address: 811 Wilshire Blvd., Suite 900, Los Angeles, California 90017
  c. Telephone number: (213) 623-3979
  d. **The fee for service was:** $
  e. I am:
    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☑ a registered California process server:
      (i) ☐ owner ☑ employee ☐ independent contractor.
      (ii) Registration No.: 5576
      (iii) County: LOS ANGELES

8. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: December 11, 2009

VARTAN DEMIRJYAN
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ _____
(SIGNATURE )

EXHIBIT 14 PAGE 2

**EXHIBIT 15**

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| PARISI & HAVENS LLP<br>David C. Parisi, Esq. (SBN 162248); Suzanne Havens Beckman, Esq. (188814)<br>15233 Valleyheart Drive<br>Sherman Oaks, California 91403<br>TELEPHONE NO.: (818) 990-1299    FAX NO. *(Optional):* (818) 501-7852<br>E-MAIL ADDRESS *(Optional):* dparisi@parisihavens.com;shavens@parisihavens.com<br>ATTORNEY FOR *(Name):* Plaintiffs | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br><br>JAN 0 6 2010<br><br>John A. Clarke, Executive Officer/Clerk<br>By_____, Deputy<br>GLORIETTA ROBINSON |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **LOS ANGELES**
STREET ADDRESS: **111 North Hill Street**
MAILING ADDRESS:
CITY AND ZIP CODE: **Los Angeles, California 90012**
BRANCH NAME: **CENTRAL**

| PLAINTIFF/PETITIONER: 1st VALLEY CREDIT UNION; et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: DONNA BLAND, et al. | BC426754 |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>683193D    15 |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. [✓] summons—**FIRST AMENDED**
   b. [✓] complaint
   c. [ ] Alternative Dispute Resolution (ADR) package
   d. [ ] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [✓] other *(specify documents):* Notice of Case Assignment-Unlimited Civil Case

3. a. Party served *(specify name of party as shown on documents served):*
   Diana R. Dykstra

   b. [ ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served:
   3201 California Street, San Francisco, California 94118

5. I served the party *(check proper box)*
   a. [✓] **by personal service.** I personally delivered the documents listed in Item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 12/21/2009    (2) at *(time):* 3:10 p.m.
   b. [ ] **by substituted service.** On *(date):*          at *(time):*          I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*          from *(city):*          or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

**PROOF OF SERVICE OF SUMMONS**

EXHIBIT 15 PAGE 1

| PLAINTIFF/PETITIONER: 1st VALLEY CREDIT UNION; et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: DONNA BLAND, et al. | BC426754 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*             (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

      ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☑ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☐ On behalf of *(specify):*
    under the following Code of Civil Procedure section:

      ☐ 416.10 (corporation)        ☐ 415.95 (business organization, form unknown)
      ☐ 416.20 (defunct corporation)    ☐ 416.60 (minor)
      ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
      ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)
      ☐ 416.50 (public entity)         ☐ 415.46 (occupant)
                          ☐ other:

7. **Person who served papers**
  a. Name: **William Walker, Ace Attorney Service, Inc.**
  b. Address: **149 9th Street, Suite 204, San Francico, California 94103**
  c. Telephone number: **(415) 556-1000**
  d. The fee for service was: $
  e. I am:
    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☑ a registered California process server:
      (i) ☐ owner ☑ employee ☐ independent contractor.
      (ii) Registration No.: **953**
      (iii) County: **ALAMEDA**

8. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    **or**

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: December 23, 2009

**WILLIAM WALKER**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

                                          (SIGNATURE)

EXHIBIT ___15___ PAGE ___2___

**EXHIBIT 16**

POS-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State Bar number, and address):<br>PARISI & HAVENS LLP<br>David C. Parisi, Esq. (SBN 162248); Suzanne Havens Beckman, Esq. (188814)<br>15233 Valleyheart Drive<br>Sherman Oaks, California 91403<br>TELEPHONE NO.: (818) 990-1299    FAX NO. *(Optional)*: (818) 501-7852<br>E-MAIL ADDRESS *(Optional)*: dparisi@parisihavens.com;shavens@parisihavens.com<br>ATTORNEY FOR *(Name)*: Plaintiffs | **FOR COURT USE ONLY**<br><br>**FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br><br>JAN 0 6 2010<br><br>John A. Clarke, Executive Officer/Clerk<br>By_____ Deputy<br>GLORIETTA ROBINSON |

| | |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES<br>STREET ADDRESS: 111 North Hill Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Los Angeles, California 90012<br>BRANCH NAME: CENTRAL | |

| | |
|---|---|
| PLAINTIFF/PETITIONER: 1st VALLEY CREDIT UNION; et al.<br><br>DEFENDANT/RESPONDENT: DONNA BLAND, et al. | **CASE NUMBER:**<br>BC426754 |

| | |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>683191D    15 |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ summons—FIRST AMENDED
   b. ☑ complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents)*:  Notice of Case Assignment-Unlimited Civil Case

3. a. Party served *(specify name of party as shown on documents served)*:
   Adam Denbo

   b. ☐ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:

4. Address where the party was served:
   6281 Beach Boulevard, Buena Park, California 90621
5. I served the party *(check proper box)*
   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: 12/23/2009    (2) at *(time)*:  10:40 a.m.
   b. ☐ **by substituted service.** On *(date)*:    at *(time)*:    I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:    from *(city)*:    or ☐ a declaration of mailing is attached.
      (5) ☐ I attach a declaration of diligence stating actions taken first to attempt personal service.

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |

EXHIBIT _16_ PAGE _1_

| PLAINTIFF/PETITIONER: 1st VALLEY CREDIT UNION; et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: DONNA BLAND, et al. | BC426754 |

5.  c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in Item 4, by first-class mail, postage prepaid,

    (1) on *(date):*          (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*) (Code Civ. Proc., § 415.30.)*

    (4) ☐ to an address outside California with return receipt requested.  (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☑ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☐ On behalf of *(specify):*
    under the following Code of Civil Procedure section:
    ☐ 416.10 (corporation)         ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)    ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)   ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)         ☐ 415.46 (occupant)
                              ☐ other:

7.  **Person who served papers**
  a. Name: Karen Gomez, Ace Attorney Service, Inc.
  b. Address: 310 West 3rd Street, Santa Ana, California 92701
  c. Telephone number: (714) 543-4220
  d. The fee for service was: $
  e. I am:
    (1) ☑ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ a registered California process server:
      (i) ☐ owner ☐ employee ☐ independent contractor.
      (ii) Registration No.:
      (iii) County:

8.  ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.  ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: December 24, 2009

KAREN GOMEZ                  ▶  *(signature)*
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

EXHIBIT __16__ PAGE __2__

**EXHIBIT 17**

**POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
PARISI & HAVENS LLP
David C. Parisi, Esq. (SBN 162248); Suzanne Havens Beckman, Esq. (188814)
15233 Valleyheart Drive
Sherman Oaks, California 91403
TELEPHONE NO: (818) 990-1299      FAX NO. *(Optional)*: (818) 501-7852
E-MAIL ADDRESS *(Optional)*: dparisi@parisihavens.com;shavens@parisihavens.com
ATTORNEY FOR *(Name):*  Plaintiffs

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

JAN 0 6 2010

John A. Clarke, Executive Officer/Clerk

By _____ Deputy
GLORIETTA ROBINSON

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES
STREET ADDRESS:  111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE:  Los Angeles, California 90012
BRANCH NAME:  CENTRAL

PLAINTIFF/PETITIONER: 1st VALLEY CREDIT UNION; et al.

DEFENDANT/RESPONDENT: DONNA BLAND, et al.

| | CASE NUMBER: |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | BC426754 |
| | Ref. No. or File No.:  683195D  15 |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☑ summons –**FIRST AMENDED**
   b. ☑ complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents):*  Notice of Case Assignment-Unlimited Civil Case

3. a. Party served *(specify name of party as shown on documents served):*
      John M. Merlo

   b. ☐  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served:
   19867 Prairie Street, Chatsworth, California 91311

5. I served the party *(check proper box)*
   a. ☑  **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 12/22/2009      (2) at *(time):* 10:10 a.m.
   b. ☐  **by substituted service.** On *(date):*         at *(time):*        I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*        from *(city):*        or ☐ a declaration of mailing is attached.

      (5) ☐  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10
American LegalNet, Inc.
www.FormsWorkflow.com

EXHIBIT  17  PAGE  1

| PLAINTIFF/PETITIONER: 1st VALLEY CREDIT UNION; et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: DONNA BLAND, et al. | BC426754 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on *(date):*    (2) from *(city):*

   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d. ☐ **by other means** *(specify means of service and authorizing code section):*

   ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. ☑ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of *(specify):*
   c. ☐ as occupant.
   d. ☐ On behalf of *(specify):*
      under the following Code of Civil Procedure section:

      ☐ 416.10 (corporation)          ☐ 415.95 (business organization, form unknown)
      ☐ 416.20 (defunct corporation)  ☐ 416.60 (minor)
      ☐ 416.30 (joint stock company/association) ☐ 416.70 (ward or conservatee)
      ☐ 416.40 (association or partnership) ☐ 416.90 (authorized person)
      ☐ 416.50 (public entity)        ☐ 415.46 (occupant)
                                       ☐ other:

7. **Person who served papers**
   a. Name: Omar Shammout, Ace Attorney Service, Inc.
   b. Address: 811 Wilshire Blvd., Suite 900, Los Angeles, California 90017
   c. Telephone number: (213) 623-3979
   d. **The fee for service was:** $
   e. I am:
      (1) ☐ not a registered California process server.
      (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
      (3) ☑ a registered California process server:
          (i) ☐ owner ☑ employee ☐ independent contractor.
          (ii) Registration No.: 6359
          (iii) County: LOS ANGELES

8. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9. ☐ I am a **California sheriff or marshal** and I certify that the foregoing is true and correct.

Date: December 23, 2009

OMAR SHAMMOUT
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ _____
(SIGNATURE)

EXHIBIT 17 PAGE 2

# EXHIBIT 18

**POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| **PARISI & HAVENS LLP**<br>David C. Parisi, Esq. (SBN 162248); Suzanne Havens Beckman, Esq. (188814)<br>15233 Valleyheart Drive<br>Sherman Oaks, California 91403<br>TELEPHONE NO.: (818) 990-1299    FAX NO. *(Optional)*: (818) 501-7852<br>E-MAIL ADDRESS *(Optional)*: dparisi@parisihavens.com;shavens@parisihavens.com<br>ATTORNEY FOR *(Name)*: Plaintiffs | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br><br>JAN 0 6 2010<br><br>John A. Clarke Executive Officer/Clerk<br>By _____ Deputy<br>GLORIETTA ROBINSON |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF **LOS ANGELES** |
|---|
| STREET ADDRESS: 111 North Hill Street |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: Los Angeles, California 90012 |
| BRANCH NAME: CENTRAL |

| PLAINTIFF/PETITIONER: 1st VALLEY CREDIT UNION; et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: DONNA BLAND, et al. | BC426754 |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: 683196D    15 |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [✓] summons–**FIRST AMENDED**
   b. [✓] complaint
   c. [ ] Alternative Dispute Resolution (ADR) package
   d. [ ] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [✓] other *(specify documents)*: Notice of Case Assignment-Unlimited Civil Case

3. a. Party served *(specify name of party as shown on documents served)*:
   David Roughton

   b. [ ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:

4. Address where the party was served:
   3720 Madison Avenue, North Highlands, California 95660
5. I served the party *(check proper box)*
   a. [✓] by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: 12/23/2009     (2) at *(time)*:  11:20 a.m.
   b. [ ] by substituted service. On *(date)*:        at *(time)*:        I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:        from *(city)*:        or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |
|---|---|---|

EXHIBIT 18 PAGE 1

| PLAINTIFF/PETITIONER:  1st VALLEY CREDIT UNION; et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  DONNA BLAND, et al. | BC426754 |

5.  c.  ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1)  on *(date):*                  (2)  from *(city):*

    (3)  ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me.  *(Attach completed* Notice and Acknowledgment of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4)  ☐  to an address outside California with return receipt requested.  (Code Civ. Proc., § 415.40.)

  d.  ☐  **by other means** *(specify means of service and authorizing code section):*

    ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
  a.  ☑  as an individual defendant.
  b.  ☐  as the person sued under the fictitious name of *(specify):*
  c.  ☐  as occupant.
  d.  ☐  On behalf of *(specify):*
    under the following Code of Civil Procedure section:

    ☐  416.10 (corporation)           ☐  415.95 (business organization, form unknown)
    ☐  416.20 (defunct corporation)      ☐  416.60 (minor)
    ☐  416.30 (joint stock company/association)  ☐  416.70 (ward or conservatee)
    ☐  416.40 (association or partnership)    ☐  416.90 (authorized person)
    ☐  416.50 (public entity)           ☐  415.46 (occupant)
                                   ☐  other:

7.  **Person who served papers**
  a.  Name:  Brandon Ortiz, Ace Attorney Service, Inc.
  b.  Address:  901 F Street, Suite 150, Sacramento, California 95814
  c.  Telephone number:  (916) 447-4000
  d.  The fee for service was: $
  e.  I am:
    (1)  ☐  not a registered California process server.
    (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).
    (3)  ☑  a registered California process server:
      (i)  ☐  owner   ☑  employee   ☐  independent contractor.
      (ii)  Registration No.:  2008-31
      (iii)  County:  SACRAMENTO

8.  ☑  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.  ☐  I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date:  December 23, 2009

**BRANDON ORTIZ**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ _____
(SIGNATURE )

**PROOF OF SERVICE OF SUMMONS**

EXHIBIT _18_ PAGE _2_

# EXHIBIT 19

**POS-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>PARISI & HAVENS LLP<br>David C. Parisi, Esq. (SBN 162248); Suzanne Havens Beckman, Esq. (188814)<br>15233 Valleyheart Drive<br>Sherman Oaks, California 91403<br>TELEPHONE NO.: (818) 990-1299     FAX NO. *(Optional):* (818) 501-7852<br>E-MAIL ADDRESS *(Optional):* dparisi@parisihavens.com;shavens@parisihavens.com<br>ATTORNEY FOR *(Name):* Plaintiffs | **FOR COURT USE ONLY**<br><br>**FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br><br>JAN 0 6 2010<br><br>John A. Clarke, Executive Officer/Clerk<br>By _____ Deputy<br>GLORIETTA ROBINSON |

| |
|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES<br>STREET ADDRESS: 111 North Hill Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Los Angeles, California 90012<br>BRANCH NAME: CENTRAL DISTRICT |

| | |
|---|---|
| PLAINTIFF/PETITIONER: 1st VALLEY CREDIT UNION; et al.<br><br>DEFENDANT/RESPONDENT: DONNA BLAND, et al. | CASE NUMBER:<br>BC426754 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>683189L   15 |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   - a. ☐ summons
   - b. ☑ complaint
   - c. ☐ Alternative Dispute Resolution (ADR) package
   - d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   - e. ☐ cross-complaint
   - f. ☑ other *(specify documents):* First Amended Summons; Notice of Case Assignment-Unlimited Civil **Case**

3. a. Party served *(specify name of party as shown on documents served):*
   JAMES P. JORDAN

   b. ☐ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served:
   California Schools Financial Credit Union, 1485 Response Rd., Suite 126, Sacramento, CA 95815-4847

5. I served the party *(check proper box)*
   - a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 12/21/2009     (2) at *(time):* 2:00 p.m.
   - b. ☐ **by substituted service.** On *(date):*     at *(time):*     I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

     (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

     (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

     (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

     (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*     from *(city):*     or ☐ a declaration of mailing is attached.

     (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10<br>American LegalNet, Inc.<br>www.FormsWorkflow.com

EXHIBIT _19_ PAGE _1_

| PLAINTIFF/PETITIONER: 1st VALLEY CREDIT UNION; et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: DONNA BLAND, et al. | BC426754 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date)*:

    (2) from *(city)*:

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☑ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☐ On behalf of *(specify):*
    under the following Code of Civil Procedure section:

    ☐ 416.10 (corporation)     ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)     ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)     ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)     ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)     ☐ 415.46 (occupant)
    ☐ other:

7. **Person who served papers**
  a. Name: Brandon Ortiz, Ace Attorney Service, Inc.
  b. Address: 901 F Street, Suite 150, Sacramento, California 95814
  c. Telephone number: 916.447.4000
  d. The fee for service was: $
  e. I am:
    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☑ a registered California process server:
      (i) ☐ owner ☑ employee ☐ independent contractor.
      (ii) Registration No.: 2008-31
      (iii) County: SACRAMENTO

8. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: December 22, 2009

BRANDON ORTIZ
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ _____ (SIGNATURE)

EXHIBIT ___19___ PAGE ___2___

**EXHIBIT 20**

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | |
|---|---|
| PARISI & HAVENS LLP<br>David C. Parisi, Esq. (SBN 162248); Suzanne Havens Beckman, Esq. (188814)<br>15233 Valleyheart Drive<br>Sherman Oaks, California 91403<br>TELEPHONE NO.: (818) 990-1299   FAX NO. (Optional): (818) 501-7852<br>E-MAIL ADDRESS (Optional): dparisi@parisihavens.com;shavens@parisihavens.com<br>ATTORNEY FOR (Name): Plaintiffs | **FILED** FOR COURT USE ONLY<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br><br>JAN 0 6 2010<br><br>John A. Clarke, Executive Officer/Clerk<br>By _____ Deputy<br>GLORIETTA ROBINSON |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   LOS ANGELES
STREET ADDRESS:   111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE:   Los Angeles, California 90012
BRANCH NAME:   CENTRAL

| | |
|---|---|
| PLAINTIFF/PETITIONER: 1st VALLEY CREDIT UNION; et al. | CASE NUMBER: |
| DEFENDANT/RESPONDENT: DONNA BLAND, et al. | BC426754 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>683661D    15 |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☑ summons—**FIRST AMENDED**
   b. ☑ complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents):* Notice of Case Assignment-Unlimited Civil Case

3. a. Party served *(specify name of party as shown on documents served):*
      Donna Bland

   b. ☐ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served:
   8945 Calcenter Drive, Sacramento, California 95826

5. I served the party *(check proper box)*
   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 12/21/2009   (2) at *(time):*   10:30 a.m.
   b. ☐ **by substituted service.** On *(date):*            at *(time):*          I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*           from *(city):*           or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a declaration of diligence stating actions taken first to attempt personal service.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |

EXHIBIT 20  PAGE 1

| PLAINTIFF/PETITIONER: 1st VALLEY CREDIT UNION; et al.<br><br>DEFENDANT/RESPONDENT: DONNA BLAND, et al. | CASE NUMBER:<br><br>BC426754 |
| --- | --- |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on (date):             (2) from (city):

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. (Attach completed Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** (specify means of service and authorizing code section):

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☑ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of (specify):
  c. ☐ as occupant.
  d. ☐ On behalf of (specify):
    under the following Code of Civil Procedure section:
    ☐ 416.10 (corporation)      ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)    ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)         ☐ 415.46 (occupant)
                       ☐ other:

7. **Person who served papers**
  a. Name: Brandon Ortiz, Ace Attorney Service, Inc.
  b. Address: 901 F Street, Suite 150, Sacramento, California 95814
  c. Telephone number: (916) 447-4000
  d. The fee for service was: $
  e. I am:
    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☑ a registered California process server:
      (i) ☐ owner ☑ employee ☐ independent contractor.
      (ii) Registration No.: 2008-31
      (iii) County: SACRAMENTO

8. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: December 23, 2009

BRANDON ORTIZ             ▶
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)        (SIGNATURE)

EXHIBIT  20  PAGE  2

**EXHIBIT 21**

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| **PARISI & HAVENS LLP**<br>David C. Parisi, Esq. (SBN 162248); Suzanne Havens Beckman, Esq. (188814)<br>15233 Valleyheart Drive<br>Sherman Oaks, California 91403<br>TELEPHONE NO.: (818) 990-1299     FAX NO. *(Optional):* (818) 501-7852<br>E-MAIL ADDRESS *(Optional):* dparisi@parisihavens.com;shavens@parisihavens.com<br>ATTORNEY FOR *(Name):* Plaintiffs | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br><br>JAN 0 6 2010<br><br>John A. Clarke, Executive Officer/Clerk<br>By_____ Deputy<br>GLORIETTA ROBINSON |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES | |
|---|---|
| STREET ADDRESS: 111 North Hill Street | |
| MAILING ADDRESS: | |
| CITY AND ZIP CODE: Los Angeles, California 90012 | |
| BRANCH NAME: CENTRAL DISTRICT | |

| PLAINTIFF/PETITIONER: 1st VALLEY CREDIT UNION; et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: DONNA BLAND, et al. | BC426754 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>683194L  15 |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☐ summons
   b. ☑ complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents):*  First Amended Summons; Notice of Case Assignment-Unlimited Civil **Case**
3. a. Party served *(specify name of party as shown on documents served):*
      ROBIN J. LENTZ

   b. ☐ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served:
   10075 Carroll Canyon Road, San Diego, California 92131-1169
5. I served the party *(check proper box)*
   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 12/21/2009      (2) at *(time):*  2:25 p.m.
   b. ☐ **by substituted service.** On *(date):*            at *(time):*           I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*          from *(city):*            or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a declaration of diligence stating actions taken first to attempt personal service.

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |
|---|---|---|

EXHIBIT 21 PAGE 1

| PLAINTIFF/PETITIONER: 1st VALLEY CREDIT UNION; et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: DONNA BLAND, et al. | BC426754 |

5.  c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on *(date)*:  (2) from *(city)*:

   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d. ☐ **by other means** *(specify means of service and authorizing code section)*:


   ☐ Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
   a. ☑ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of *(specify)*:
   c. ☐ as occupant.
   d. ☐ On behalf of *(specify)*:
      under the following Code of Civil Procedure section:

   ☐ 416.10 (corporation)  ☐ 415.95 (business organization, form unknown)
   ☐ 416.20 (defunct corporation)  ☐ 416.60 (minor)
   ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
   ☐ 416.40 (association or partnership)  ☐ 416.90 (authorized person)
   ☐ 416.50 (public entity)  ☐ 415.46 (occupant)
     ☐ other:

7.  Person who served papers
   a. Name: Don Yuson, Ace Attorney Service, Inc.
   b. Address: 110 West C Street, Suite 805, San Diego, California 92101
   c. Telephone number: 619.235.8400
   d. The fee for service was: $
   e. I am:
      (1) ☐ not a registered California process server.
      (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
      (3) ☑ a registered California process server:
         (i) ☐ owner ☑ employee ☐ independent contractor.
         (ii) Registration No.: 1483
         (iii) County: SAN DIEGO

8.  ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   **or**

9.  ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: December 22, 2009

DON YUSON
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ *[signature]* Don Yuson
(SIGNATURE )

**PROOF OF SERVICE OF SUMMONS**

EXHIBIT 2 1 PAGE 2

**EXHIBIT 22**

**POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| PARISI & HAVENS LLP<br>David C. Parisi, Esq. (SBN 162248); Suzanne Havens Beckman, Esq. (188814)<br>15233 Valleyheart Drive<br>Sherman Oaks, California 91403<br>TELEPHONE NO: (818) 990-1299    FAX NO. *(Optional):* (818) 501-7852<br>E-MAIL ADDRESS *(Optional):* dparisi@parisihavens.com;shavens@parisihavens.com<br>ATTORNEY FOR *(Name):* Plaintiffs | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br>**JAN 0 6 2010**<br>John A. Clarke, Executive Officer/Clerk<br>By _____ Deputy<br>GLORIETTA ROBINSON |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES | |
|---|---|
| STREET ADDRESS: 111 North Hill Street | |
| MAILING ADDRESS: | |
| CITY AND ZIP CODE: Los Angeles, California 90012 | |
| BRANCH NAME: CENTRAL | |

| PLAINTIFF/PETITIONER: 1st VALLEY CREDIT UNION; et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: DONNA BLAND, et al. | BC426754 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>681004D    15 |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents):* Notice of Case Assignment-Unlimited Civil Case

3. a. Party served *(specify name of party as shown on documents served):*
   Laura Cloherty

   b. ☐ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served:
   924 Overland Court, San Dimas, California 91773
5. I served the party *(check proper box)*
   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 12/09/2009    (2) at *(time):* 3:15 p.m.
   b. ☐ **by substituted service.** On *(date):*    at *(time):*    I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*    from *(city):*    or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | PROOF OF SERVICE OF SUMMONS | Code of Civil Procedure, § 417.10 |
|---|---|---|
| | | American LegalNet, Inc.<br>www.FormsWorkflow.com |

EXHIBIT _22_ PAGE _1_

| PLAINTIFF/PETITIONER: 1st VALLEY CREDIT UNION; et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: DONNA BLAND, et al. | BC426754 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*               (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

      ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☑ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☐ On behalf of *(specify):*
      under the following Code of Civil Procedure section:

      ☐ 416.10 (corporation)         ☐ 415.95 (business organization, form unknown)
      ☐ 416.20 (defunct corporation)    ☐ 416.60 (minor)
      ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
      ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)
      ☐ 416.50 (public entity)          ☐ 415.46 (occupant)
                             ☐ other:

7. **Person who served papers**
  a. Name: Vartan Demirjyan, Ace Attorney Service, Inc.
  b. Address: 811 Wilshire Blvd., Suite 900, Los Angeles, California 90017
  c. Telephone number: (213) 623-3979
  d. The fee for service was: $
  e. I am:
    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☑ a registered California process server:
      (i) ☐ owner ☑ employee ☐ independent contractor.
      (ii) Registration No.: 5576
      (iii) County: LOS ANGELES

8. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: December 11, 2009

VARTAN DEMIRJYAN        ▶                  
_____    _____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)    (SIGNATURE )

EXHIBIT 22 PAGE 2

**EXHIBIT 23**

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| PARISI & HAVENS LLP<br>David C. Parisi, Esq. (SBN 162248); Suzanne Havens Beckman, Esq. (188814)<br>15233 Valleyheart Drive<br>Sherman Oaks, California 91403<br>TELEPHONE NO: (818) 990-1299 FAX NO. *(Optional):* (818) 501-7852<br>E-MAIL ADDRESS *(Optional):* dparisi@parisihavens.com;shavens@parisihavens.com<br>ATTORNEY FOR *(Name):* Plaintiffs | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br><br>JAN 0 6 2010<br><br>John A. Clarke, Executive Officer/Clerk<br>By _____ Deputy<br>GLORIETTA ROBINSON |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: CENTRAL

| PLAINTIFF/PETITIONER: 1st VALLEY CREDIT UNION; et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: DONNA BLAND, et al. | BC426754 |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: 683230D  15 |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

   a. ☑ summons —FIRST AMENDED

   b. ☑ complaint

   c. ☐ Alternative Dispute Resolution (ADR) package

   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*

   e. ☐ cross-complaint

   f. ☑ other *(specify documents):* Notice of Case Assignment-Unlimited Civil Case

3. a. Party served *(specify name of party as shown on documents served):*

   Jeremy Calva

   b. ☐ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served:
   2061 Fair Oaks Avenue, South Pasadena, California 91030

5. I served the party *(check proper box)*

   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 12/21/2009 (2) at *(time):* 8:41 p.m.

   b. ☐ **by substituted service.** On *(date):* at *(time):* I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):* from *(city):* or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |

EXHIBIT 23 PAGE 7

| PLAINTIFF/PETITIONER: 1st VALLEY CREDIT UNION; et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: DONNA BLAND, et al. | BC426754 |

5.  c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date)*:            (2) from *(city)*:

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☑ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☐ On behalf of *(specify):*
    under the following Code of Civil Procedure section:

    ☐ 416.10 (corporation)     ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)     ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)     ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)     ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)     ☐ 415.46 (occupant)
                           ☐ other:

7. **Person who served papers**
  a. Name: Roberto Diaz, Ace Attorney Service, Inc.
  b. Address: 811 Wilshire Blvd., Suite 900, Los Angeles, California 90017
  c. Telephone number: (213) 623-3979
  d. The fee for service was: $
  e. I am:
    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☑ a registered California process server:
      (i) ☐ owner ☑ employee ☐ independent contractor.
      (ii) Registration No.: 5681
      (iii) County: LOS ANGELES

8. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: December 22, 2009

ROBERTO DIAZ               ▶ _____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)       (SIGNATURE)

**PROOF OF SERVICE OF SUMMONS**

EXHIBIT 23 PAGE 2

**EXHIBIT 24**

**POS-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>PARISI & HAVENS LLP<br>David C. Parisi, Esq. (SBN 162248); Suzanne Havens Beckman, Esq. (188814)<br>15233 Valleyheart Drive<br>Sherman Oaks, California 91403<br>TELEPHONE NO: (818) 990-1299  FAX NO. *(Optional):* (818) 501-7852<br>E-MAIL ADDRESS *(Optional):* dparisi@parisihavens.com;shavens@parisihavens.com<br>ATTORNEY FOR *(Name):* Plaintiffs | **FILED** *FOR COURT USE ONLY*<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br><br>JAN 0 6 2010<br><br>John A. Clarke, Executive Officer/Clerk<br>By _____ Deputy<br>GLORIETTA ROBINSON |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES
STREET ADDRESS:  111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE:  Los Angeles, California 90012
BRANCH NAME:  CENTRAL

| | |
|---|---|
| PLAINTIFF/PETITIONER: 1st VALLEY CREDIT UNION; et al. | CASE NUMBER:<br>BC426754 |
| DEFENDANT/RESPONDENT: DONNA BLAND, et al. | |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>680999D |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents):* Notice of Case Assignment-Unlimited Civil Case

3. a. Party served *(specify name of party as shown on documents served):*
   James Hayes

   b. ☐ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served:
   924 Overland Court, San Dimas, California 91773

5. I served the party *(check proper box)*
   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 12/09/2009  (2) at *(time):* 3:15 p.m.
   b. ☐ **by substituted service.** On *(date):*  at *(time):*  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*  from *(city):*  or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

EXHIBIT 24 PAGE 1

| PLAINTIFF/PETITIONER: 1st VALLEY CREDIT UNION; et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: DONNA BLAND, et al. | BC426754 |

5.  c.  ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1)  on *(date):*                  (2)  from *(city):*

    (3)  ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me.  *(Attach completed* Notice and Acknowledgment of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4)  ☐  to an address outside California with return receipt requested.  (Code Civ. Proc., § 415.40.)

  d.  ☐  **by other means** *(specify means of service and authorizing code section):*

    ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
  a.  ☑  as an individual defendant.
  b.  ☐  as the person sued under the fictitious name of *(specify):*
  c.  ☐  as occupant.
  d.  ☐  On behalf of *(specify):*
    under the following Code of Civil Procedure section:
      ☐  416.10 (corporation)          ☐  415.95 (business organization, form unknown)
      ☐  416.20 (defunct corporation)      ☐  416.60 (minor)
      ☐  416.30 (joint stock company/association)  ☐  416.70 (ward or conservatee)
      ☐  416.40 (association or partnership)    ☐  416.90 (authorized person)
      ☐  416.50 (public entity)           ☐  415.46 (occupant)
                                ☐  other:

7.  **Person who served papers**
  a.  Name:  Vartan Demirjyan, Ace Attorney Service, Inc.
  b.  Address:  811 Wilshire Blvd., Suite 900, Los Angeles, California 90017
  c.  Telephone number:  (213) 623-3979
  d.  **The fee** for service was: $
  e.  I am:
    (1)  ☐  not a registered California process server.
    (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).
    (3)  ☑  a registered California process server:
      (i)  ☐  owner  ☑  employee  ☐  independent contractor.
      (ii)  Registration No.: 5576
      (iii)  County:  LOS ANGELES

8.  ☑  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    **or**

9.  ☐  **I am a California sheriff or marshal** and I certify that the foregoing is true and correct.

Date: December 11, 2009

| VARTAN DEMIRJYAN | ▶ *(signature)* |
|---|---|
| (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL) | (SIGNATURE) |

EXHIBIT 24  PAGE 2

**EXHIBIT 25**

☐ORIGINAL

1  Michael H. Bierman, State Bar No. 89156
Michael E. Pappas, State Bar No. 130400
2  Michelle K. Sugihara, State Bar No. 217444
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
3  601 S. Figueroa, Suite 3900
Los Angeles, California 90017
4  Telephone No.: 213.892.4992
Fax No.: 213.452.8032
5  E-Mail:   mbierman@luce.com
mpappas@luce.com
6           msugihara@luce.com

**REC'D**

**FILED**
LOS ANGELES SUPERIOR COURT

JAN 15 2010
**FILING WINDOW**

⚡ JAN 25 2010

JOHN A. CLARKE, CLERK
BY _____
DEPUTY
MICHELE GONZALEZ

7  Attorneys For Proposed Intervenor National Credit Union Administration
As Conservator For Western Corporate Federal Credit Union

8

9            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10               **FOR THE COUNTY OF LOS ANGELES**

11

12  1ST VALLEY CREDIT UNION; CASCADE
FEDERAL CREDIT UNION;
13  GLENDALE AREA SCHOOLS FEDERAL
CREDIT UNION; KAIPERM NORTHWEST
14  FEDERAL CREDIT UNION; NORTHWEST
PLUS CREDIT UNION; STAMFORD
15  FEDERAL CREDIT UNION; and TULARE
COUNTY FEDERAL CREDIT UNION,
16
             Plaintiffs,
17
     v.
18
DONNA BLAND, ROBERT BURRELL,
19  JEREMY CALVA, WILLIAM CHENEY,
LAURA CLOHERTY, GORDON DAMES
20  ADAM DENBO, DIANA R. DYKSTRA,
JEFF HAMILTON, ROBERT H. HARVEY,
21  JR., JAMES HAYES, WAYNE HOPE,
DWIGHT JOHNSTON, JAMES P. JORDAN,
22  TIMOTHY KRAMER, ROBIN J. LENTZ,
SUSANNE LONGSON, JOHN M. MERLO,
23  WARREN NAKAMURA, BRIAN OSBERG,
DAVID ROUGHTON, TIMOTHY SIDLEY,
24  ROBERT SIRAVO, DAVID TRINDER,
DARREN WILLIAMS, RISKSPAN INC., and
25  DOES 1 through 100, inclusive.
26
             Defendants.
27

28

CASE NO.: BC 426754

Hon. Richard L. Fruin

**STIPULATION
(1) TO CONTINUE HEARING ON
MOTION OF THE NATIONAL CREDIT
UNION ADMINISTRATION AS
CONSERVATOR FOR THE WESTERN
CORPORATE FEDERAL CREDIT
UNION TO INTERVENE; AND
(2) FOR EXTENSION OF TIME TO
RESPOND TO COMPLAINT
FOLLOWING RULING ON MOTION TO
INTERVENE; [PROPOSED] ORDER**

Complaint Filed: November 24, 2009

CIV/CASE: BC426754 LEM/DEF#:
RECEIPT #: CCR46598117
DATE PAID: 01/15/10 03:38:21 PM
PAYMENT: $20.00
RECEIVED:
        CHECK:   20.00
        CASH:
        CHANGE:
        CARD:                    0310

1

EXHIBIT _____ PAGE _____

1    Plaintiffs 1st Valley Credit Union, Cascade Federal Credit Union, Glendale Area Schools

2    Federal Credit Union, KaiPerm Northwest Federal Credit Union, Northwest Plus Credit Union,

3    Stamford Federal Credit Union, and Tulare County Federal Credit Union ("Plaintiffs") and

4    proposed intervenor, the National Credit Union Administration as Conservator for Western

5    Corporate Federal Credit Union (the "Conservator"), by and through their respective counsel,

6    stipulate and agree as follows with respect to the following facts:

7                                    RECITALS

8        A.      The Plaintiffs are natural person credit unions that are some of the members of Western

9    Corporate Federal Credit Union ("WesCorp").

10       B.      The defendants in this action are former and current officers and directors of WesCorp:

11   and a third-party consultant that allegedly provided consulting services to the WesCorp officers and

12   directors in regards to investments.

13       C.      On November 24, 2009, Plaintiffs filed their complaint in this action alleging, among

14   other things, breaches of fiduciary duty and negligence in mismanaging WesCorp and its investments.

15       D.      On December 30, 2009, the National Credit Union Administration ("NCUA") as

16   Conservator of WesCorp filed a Motion to Intervene in this action contending that it and not the

17   Plaintiffs has the exclusive right to pursue claims against current and former officers and directors for

18   breaches of duty resulting in losses to the credit union and its members.

19       E.      To permit Plaintiffs additional time to respond to the Conservator's motion and to

20   allow the parties to discuss the possibility of resolving the Intervention without further motion practice

21   and to discuss permitting the participation of Plaintiffs and the Conservator in the litigation on a going

22   forward basis, the parties have agreed to continue the hearing on the Conservator's Motion to

23   Intervene.

24       F.      The parties have further agreed that to minimize expense and burden on the court and

25   parties in the interim that the defendants should be given an extension of time to respond to the

26   complaint until after a ruling on or other disposition the Motion to Intervene.

27   NOW THEREFORE, the parties agree as follows:

28       1.      The Conservator's Motion to Intervene currently set for February 1, 2010 will be

                                                 2

1 | continued to February 24, 2010 at 8:30 a.m. in Department 15 of this Court.

2 |     2.     Plaintiffs' opposition to the Motion to Intervene shall be personally served on the

3 | Conservator and filed no later than 5:00 p.m. on February 4, 2010.

4 |     3.     The Conservator's reply to the opposition to Motion to Intervene shall be

5 | personally served on Plaintiffs and filed no later than 5:00 p.m. on February 18, 2010.

6 |     4.     Any defendant that has been served with the complaint in this Action prior to the

7 | hearing on the Motion to Intervene shall have not less than 14 days following the Court's ruling on

8 | the Motion to Intervene to respond to the complaint.

9 | DATED: January 15, 2010                    PARISI & HAVENS LLP

10

11                                           By: _____
                                                 David C. Parisi
12

13                                           Attorneys For Plaintiffs 1st Valley Credit Union,
                                             Cascade Federal Credit Union, Glendale Area
                                             Schools Federal Credit Union, Kaiperm
14                                           Northwest Federal Credit Union, Northwest Plus
                                             Credit Union, Stamford Federal Credit Union,
15                                           and Tulare County Federal Credit Union

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    3
STIPULATION TO CONTINUE HEARING ON MOTION FOR INTERVENTION AND TO EXTEND TIME TO
                          RESPOND TO COMPLAINT

EXHIBIT 25 PAGE 3

DATED: January 15, 2010

LUCE, FORWARD, HAMILTON & SCRIPPS LLP

By: _____
Michael H. Bierman
Michael E. Pappas

Attorneys For Intervenor National Credit Union
Administration As Conservator For Western
Corporate Federal Union

**ORDER**

IT IS SO ORDERED.

Dated: 1/25/10

_____
Judge Richard L. Fruin
Judge of the Superior Court

201046354.4

EXHIBIT 25 PAGE 4

4

STIPULATION TO CONTINUE HEARING ON MOTION FOR INTERVENTION AND TO EXTEND TIME TO
RESPOND TO COMPLAINT

**EXHIBIT 26**

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 02/24/10                                           **DEPT.** 15

HONORABLE RICHARD FRUIN          JUDGE | S. COLIN          DEPUTY CLERK

HONORABLE                  JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR
9
         B. BARRIOS, C.A.   Deputy Sheriff | R. REDDIX, CSR# 10807   Reporter

---

8:35 am | BC426754

| 1ST VALLEY CREDIT UNION ET AL
| VS
| DONNA BLAND ET AL

Plaintiff Counsel    NO APPEARANCE

Defendant Counsel    NO APPEARANCE

MICHAEL H. BIERMAN (X)
(ATTORNEY FOR INTERVENOR)

---

**NATURE OF PROCEEDINGS:**

Motion of proposed intervenor National Credit Union
Administration as conservator for Western Corporate
Federal Credit Union for leave to intervene;
(Continued from February 1, 2010 per stip & order)


The matter is called for hearing.

The Motion for leave to intervene is GRANTED.

The Order Granting the National Credit Union
Administration as Conservator for Western Corporate
Federal Credit Union Leave to Intervene is signed by
the Court and filed this date.

Complaint in Intervention is filed this date.

The moving party is to give notice.


Page   1 of   1   DEPT. 15

MINUTES ENTERED
02/24/10
COUNTY CLERK

EXHIBIT 26 PAGE 1

**EXHIBIT 27**

**ORIGINAL FILED**

FEB 24 2010

SUPERIOR COURT

1

2

3

4

5

6

7

8                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                      **FOR THE COUNTY OF LOS ANGELES**

10

| | |
|---|---|
| 11   1ST VALLEY CREDIT UNION; CASCADE FEDERAL CREDIT UNION; GLENDALE AREA SCHOOLS FEDERAL CREDIT UNION; KAIPERM NORTHWEST FEDERAL CREDIT UNION; NORTHWEST PLUS CREDIT UNION; STAMFORD FEDERAL CREDIT UNION; and TULARE COUNTY FEDERAL CREDIT UNION, | CASE NO.:  BC 426754 <br><br> Hon. Richard L. Fruin <br><br> [~~PROPOSED~~] ORDER GRANTING THE NATIONAL CREDIT UNION ADMINISTRATION AS CONSERVATOR FOR WESTERN CORPORATE FEDERAL CREDIT UNION LEAVE TO INTERVENE |

11

12   1ST VALLEY CREDIT UNION; CASCADE
      FEDERAL CREDIT UNION;
13   GLENDALE AREA SCHOOLS FEDERAL
      CREDIT UNION; KAIPERM NORTHWEST
14   FEDERAL CREDIT UNION; NORTHWEST
      PLUS CREDIT UNION; STAMFORD
15   FEDERAL CREDIT UNION; and TULARE
      COUNTY FEDERAL CREDIT UNION,

            Plaintiffs,

16

v.

17

18   DONNA BLAND, ROBERT BURRELL,
      JEREMY CALVA, WILLIAM CHENEY,
19   LAURA CLOHERTY, GORDON DAMES
      ADAM DENBO, DIANA R. DYKSTRA,
20   JEFF HAMILTON, ROBERT H. HARVEY,
      JR., JAMES HAYES, WAYNE HOPE,
21   DWIGHT JOHNSTON, JAMES P. JORDAN,
      TIMOTHY KRAMER, ROBIN J. LENTZ,
22   SUSANNE LONGSON, JOHN M. MERLO,
      WARREN NAKAMURA, BRIAN OSBERG,
23   DAVID ROUGHTON, TIMOTHY SIDLEY,
      ROBERT SIRAVO, DAVID TRINDER,
24   DARREN WILLIAMS, RISKSPAN INC., and
      DOES 1 through 100, inclusive.

            Defendants.

CASE NO.:  BC 426754

Hon. Richard L. Fruin

[~~PROPOSED~~] ORDER GRANTING THE
NATIONAL CREDIT UNION
ADMINISTRATION AS CONSERVATOR
FOR WESTERN CORPORATE
FEDERAL CREDIT UNION LEAVE TO
INTERVENE

Date:  February 24, 2010
Time:  8:30 a.m.
Dept.:  15

Complaint Filed:  November 24, 2009

25

26

27

28

                                      1

*Ex. A*

## ORDER

The Court, having considered the motion of proposed intervenor the National Credit Union Administration as Conservator for Western Corporate Federal Credit Union to intervene in this action and the stipulation of the parties to intervention, and good cause appearing therefor, finds that intervention pursuant to California Code of Civil Procedure § 387(b) is proper. The motion of the National Credit Union Administration as Conservator for Western Corporate Federal Union for leave to intervene is granted. Intervenor's [Proposed] Complaint in Intervention, received by the Court on December 30, 2009, is deemed filed as of this date.

Dated: Feb. 24, 2010

Judge Richard L. Fruin
Judge of the Superior Court

201048618.1

---

2

[PROPOSED] ORDER GRANTING MOTION TO INTERVENE

EXHIBIT 27   PAGE 2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PROOF OF SERVICE

**1st Valley Credit Union, et al. v. Donna Bland, et al.**

**Case No. BC 426754**

At the time of service, I was over 18 years of age and **not a party to this action.** I am employed in the County of Los Angeles, State of California. My business address is 601 S. Figueroa, Suite 3900, Los Angeles, California 90017.

On February 18, 2010, I served true copies of the following document described as:

**[PROPOSED] ORDER GRANTING THE NATIONAL CREDIT UNION ADMINISTRATION AS CONSERVATOR FOR WESTERN CORPORATE FEDERAL CREDIT UNION**

on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY MAIL:**   I enclosed the document in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Luce, Forward, Hamilton & Scripps LLP's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 18, 2010, at Los Angeles, California.

_____
Rosanna R. Pérez

EXHIBIT _27_ PAGE _3_

**SERVICE LIST**

Scott A. Kamber, Esq.
KAMBEREDELSON LLC
11 Broadway, 22nd Fl.
New York, NY 10004
Tel.: (646) 964-9600
Fax: (212) 202-6364
*Attorneys for*

Randy Moore
Duane Tyler
Moore, Brewer, Jones, Tyler & North
4180 La Jolla Village Drive, Suite 540
La Jolla, CA 92037
858-626-2883
858-626-2899 (fax)
*Attorneys for Donna Bland, Robert
Burrell, William Cheney, Adam Denbo,
Diana R. Dykstra, Robert H. Harvey, Jr.,
Wayne Hope, James P. Jordan, Timothy
Kramer, Robin J. Lentz, Susanne
Longson, John M. Merlo, Warren
Nakamura, Brian Osberg, David
Roughton, Robert Siravo, Darren
Williams*

David C. Parisi, Esq.
Suzanne Havens Beckman, Esq.
PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, CA 91403
Tel.: (818) 990-1299
Fax: (818) 501-7852
*Attorneys for*

Kyle A. Ostergard, Esq.
Alston & Bird LLP
333 S. Hope Street, 16th Floor
Los Angeles, CA 90071
DD (213) 576-1036
Fax (213) 576-1100
*Attorneys for Defendant RiskSpan, Inc.*

201049182.1

EXHIBIT 27 PAGE 4

**EXHIBIT 28**

ORIGINAL

1  Michael H. Bierman, State Bar No. 89156
   Michael E. Pappas, State Bar No. 130400
2  Michelle Sugihara, State Bar No. 217444
   LUCE, FORWARD, HAMILTON & SCRIPPS LLP
3  601 S. Figueroa, Suite 3900
   Los Angeles, California 90017
4  Telephone No.: 213.892.4992
   Fax No.: 213.452.8033
5  E-Mail:   mbierman@luce.com
             mpappas@luce.com
6             msugihara@luc.com

7  Attorneys For Proposed Intervenor National Credit Union Administration
   As Conservator For Western Corporate Federal Credit Union

8

FILED
LOS ANGELES SUPERIOR COURT

FEB 2 4 2010

JOHN A. CLARKE, CLERK
Vino y
BY VICTOR E. SINO-CRUZ, DEPUTY

9            SUPERIOR COURT OF THE STATE OF CALIFORNIA

10             FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| 11  1ST VALLEY CREDIT UNION; CASCADE FEDERAL CREDIT UNION; 12  GLENDALE AREA SCHOOLS FEDERAL CREDIT UNION; KAIPERM NORTHWEST 13  FEDERAL CREDIT UNION; NORTHWEST PLUS CREDIT UNION; STAMFORD 14  FEDERAL CREDIT UNION; and TULARE COUNTY FEDERAL CREDIT UNION, 15       Plaintiffs, 16  v. 17  DONNA BLAND, ROBERT BURRELL, 18  JEREMY CALVA, WILLIAM CHENEY, LAURA CLOHERTY, GORDON DAMES 19  ADAM DENBO, DIANA R. DYKSTRA, JEFF HAMILTON, ROBERT H. HARVEY, 20  JR., JAMES HAYES, WAYNE HOPE, DWIGHT JOHNSTON, JAMES P. JORDAN, 21  TIMOTHY KRAMER, ROBIN J. LENTZ, SUSANNE LONGSON, JOHN M. MERLO, 22  WARREN NAKAMURA, BRIAN OSBERG, DAVID ROUGHTON, TIMOTHY SIDLEY, 23  ROBERT SIRAVO, DAVID TRINDER, DARREN WILLIAMS, RISKSPAN INC., and 24  DOES 1 through 100, inclusive, 25       Defendants. | CASE NO.: BC 426754  Hon. Richard L. Fruin Dept. 15  **CERTIFICATE OF SERVICE OF ORDER GRANTING NATIONAL CREDIT UNION ADMINISTRATION AS CONSERVATOR FOR WESTERN CORPORATE FEDERAL SERVICE CREDIT UNION LEAVE TO INTERVENE**  Date:  February 24, 2010 Time:  8:30 a.m. Dept.:  15  Complaint Filed: November 24, 2009 |

26
27
28

CERTIFICATE OF SERVICE OF ORDER GRANTING NCUA LEAVE TO INTERVENE

EXHIBIT 28 PAGE 1

1    I, Theresa del Pomar, certifies and declares as follows:

2    I am over the age of 18 years and not a party to this action.

3    My business address is 601 South Figueroa Street, Suite 3900, Los Angeles,

4    California 90017, which is located in the city, county and state where the mailing

5    described below took place.

6    On February 24, 2010, I deposited in the United States Mail at Los Angeles,

7    California, a copy of the "Order Granting the National Credit Union Administration

8    as Conservator for Western Corporate Federal Credit Union Leave to Intervene"

9    dated February 24, 2010, a copy of which is attached to this Certificate as Exhibit A,

10   on the parties listed below.

11   I declare under penalty of perjury that the foregoing is true and correct.

12   Executed on February 24, 2010.

13

14   *Theresa del Pomar*

15                              Theresa del Pomar

16

17

18

19

20

21

22

23

24

25

26

27

28

---

**CERTIFICATE OF SERVICE OF ORDER GRANTING NCUA LEAVE TO INTERVENE**

EXHIBIT 28 PAGE 2

1

## SERVICE LIST

2

3
Scott A. Kamber, Esq.                          David C. Parisi, Esq.
4
KAMBEREDELSON LLC                      Suzanne Havens Beckman, Esq.
11 Broadway, 22nd Fl.                          PARISI & HAVENS LLP
5
New York, NY 10004                           15233 Valleyheart Drive
Tel.: (646) 964-9600                            Sherman Oaks, CA 91403
6
Fax: (212) 202-6364                            Tel.: (818) 990-1299
Fax: (818) 501-7852
7

8
Randy Moore                                      Kyle A. Ostergard, Esq.
Duane Tyler                                        Alston & Bird LLP
9
Moore, Brewer, Jones, Tyler & North    333 S. Hope St., 16th Fl.
4180 La Jolla Village Drive, Ste. 540      Los Angeles, CA 90071
10
La Jolla, CA 92037                              DD (213) 576-1036
Tel.: (858) 626-2883                            Fax (213) 576-1100
11
Fax: (858) 626-2899 (fax)

12
Edwin V. Woodsome, Jr., Esq.
13
Orrick, Herrington & Sutcliffe LLP
777 S. Figueroa St., Ste. 3200
14
Los Angeles, CA 90017-5855
Tel.: (213) 612-2398
15
Fax: (213) 612-2499

16

17

18
201049632.1
19

20

21

22

23

24

25

26

27

28

CERTIFICATE OF SERVICE OF ORDER GRANTING NCUA LEAVE TO INTERVENE

EXHIBIT 28 PAGE 3

**ORIGINAL FILED**

FEB 24 2010

SUPERIOR COURT

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| 1ST VALLEY CREDIT UNION; CASCADE FEDERAL CREDIT UNION; GLENDALE AREA SCHOOLS FEDERAL CREDIT UNION; KAIPERM NORTHWEST FEDERAL CREDIT UNION; NORTHWEST PLUS CREDIT UNION; STAMFORD FEDERAL CREDIT UNION; and TULARE COUNTY FEDERAL CREDIT UNION, | CASE NO.: BC 426754<br><br>Hon. Richard L. Fruin<br><br>[PROPOSED] ORDER GRANTING THE NATIONAL CREDIT UNION ADMINISTRATION AS CONSERVATOR FOR WESTERN CORPORATE FEDERAL CREDIT UNION LEAVE TO INTERVENE |
|       Plaintiffs, | |
| v. | |
| DONNA BLAND, ROBERT BURRELL, JEREMY CALVA, WILLIAM CHENEY, LAURA CLOHERTY, GORDON DAMES ADAM DENBO, DIANA R. DYKSTRA, JEFF HAMILTON, ROBERT H. HARVEY, JR., JAMES HAYES, WAYNE HOPE, DWIGHT JOHNSTON, JAMES P. JORDAN, TIMOTHY KRAMER, ROBIN J. LENTZ, SUSANNE LONGSON, JOHN M. MERLO, WARREN NAKAMURA, BRIAN OSBERG, DAVID ROUGHTON, TIMOTHY SIDLEY, ROBERT SIRAVO, DAVID TRINDER, DARREN WILLIAMS, RISKSPAN INC., and DOES 1 through 100, inclusive. | Date:  February 24, 2010<br>Time:  8:30 a.m.<br>Dept.: 15<br><br>Complaint Filed:  November 24, 2009 |
|       Defendants. | |

Ex. A

[PROPOSED] ORDER GRANTING MOTION TO INTERVENE

EXHIBIT 28   PAGE 4

## ORDER

The Court, having considered the motion of proposed intervenor the National Credit Union Administration as Conservator for Western Corporate Federal Credit Union to intervene in this action and the stipulation of the parties to intervention, and good cause appearing therefor, finds that intervention pursuant to California Code of Civil Procedure § 387(b) is proper. The motion of the National Credit Union Administration as Conservator for Western Corporate Federal Union for leave to intervene is granted. Intervenor's [Proposed] Complaint in Intervention, received by the Court on December 30, 2009, is deemed filed as of this date.

Dated: Feb. 24, 2010

Judge Richard L. Fruin
Judge of the Superior Court

201048618.1

[PROPOSED] ORDER GRANTING MOTION TO INTERVENE

EXHIBIT 28 PAGE 5

## PROOF OF SERVICE

1st Valley Credit Union, et al. v. Donna Bland, et al.

Case No. BC 426754

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 601 S. Figueroa, Suite 3900, Los Angeles, California 90017.

On February 18, 2010, I served true copies of the following document described as:

**[PROPOSED] ORDER GRANTING THE NATIONAL CREDIT UNION ADMINISTRATION AS CONSERVATOR FOR WESTERN CORPORATE FEDERAL CREDIT UNION**

on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY MAIL:** I enclosed the document in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Luce, Forward, Hamilton & Scripps LLP's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 18, 2010, at Los Angeles, California.

_____
Rosanna R. Pérez

EXHIBIT __28__ PAGE __6__

## SERVICE LIST

Scott A. Kamber, Esq.
KAMBEREDELSON LLC
11 Broadway, 22nd Fl.
New York, NY 10004
Tel.: (646) 964-9600
Fax: (212) 202-6364
*Attorneys for*

Randy Moore
Duane Tyler
Moore, Brewer, Jones, Tyler & North
4180 La Jolla Village Drive, Suite 540
La Jolla, CA 92037
858-626-2883
858-626-2899 (fax)
*Attorneys for Donna Bland, Robert*
*Burrell, William Cheney, Adam Denbo,*
*Diana R. Dykstra, Robert H. Harvey, Jr.,*
*Wayne Hope, James P. Jordan, Timothy*
*Kramer, Robin J. Lentz, Susanne*
*Longson, John M. Merlo, Warren*
*Nakamura, Brian Osberg, David*
*Roughton, Robert Siravo, Darren*
*Williams*

David C. Parisi, Esq.
Suzanne Havens Beckman, Esq.
PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, CA 91403
Tel.: (818) 990-1299
Fax: (818) 501-7852
*Attorneys for*

Kyle A. Ostergard, Esq.
Alston & Bird LLP
333 S. Hope Street, 16th Floor
Los Angeles, CA 90071
DD (213) 576-1036
Fax (213) 576-1100
*Attorneys for Defendant RiskSpan, Inc.*

201049182.1

EXHIBIT _28_ PAGE _7_