1  SCOTT J. LEIPZIG (SBN 192005)
2  KYLE A. OSTERGARD (SBN 178129)
   **ALSTON & BIRD LLP**
3  333 South Hope Street, Sixteenth Floor
   Los Angeles, California 90071
4  Telephone: (213) 576-1000  Facsimile: (213) 576-1100
   Email: scott.leipzig@alston.com; kyle.ostergard@alston.com

5  Attorneys for Defendant RISKSPAN INC.

6
                    UNITED STATES DISTRICT COURT
7
          CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION
8

| | |
|---|---|
| 1ST VALLEY CREDIT UNION; CASCADE FEDERAL CREDIT UNION; GLENDALE AREA SCHOOLS FEDERAL CREDIT UNION; KAIPERM NORTHWEST FEDERAL CREDIT UNION; NORTHWEST PLUS CREDIT UNION; STAMFORD FEDERAL CREDIT UNION; and TULARE COUNTY FEDERAL CREDIT UNION, <br><br>                  Plaintiffs, <br><br>      v. <br><br>DONNA BLAND, ROBERT BURRELL, JEREMY CALVA, WILLIAM CHENEY, LAURA CLOHERTY, GORDON DAMES, ADAM DENBO, DIANA R. DYKSTRA, JEFF HAMILTON, ROBERT H. HARVEY, JR., JAMES HAYES, WAYNE HOPE, DWIGHT JOHNSTON, JAMES P. JORDAN, TIMOTHY KRAMER, ROBIN J. LENTZ, SUSANNE LONGSON, JOHN M. MERLO, WARREN NAKAMURA, BRIAN OSBERG, DAVID ROUGHTON, TIMOTHY SIDLEY, ROBERT SIRAVO, DAVID TRINDER, DARREN WILLIAMS, RISKSPAN INC., and DOES 1 through 100, inclusive, <br><br>                  Defendants. <br><br>      and <br><br>NATIONAL CREDIT UNION ADMINISTRATION AS CONSERVATOR FOR WESTERN CORPORATE FEDERAL CREDIT UNION, <br>                  Intervenor. | Case No.: CV-10-1597 GW (MANx) <br><br> [Honorable George Wu] <br><br> **DEFENDANT RISKSPAN INC.'S ANSWER TO INTERVENOR'S COMPLAINT IN INTERVENTION AND DEMAND FOR JURY TRIAL** |

1

Defendant RiskSpan, Inc. ("RiskSpan") hereby responds to Intervenor National Credit Union Administration as Conservator for Western Corporate Federal Credit Union's ("NCUA") Complaint in Intervention (the "Complaint") as follows:

1. In response to paragraph 1 of the Complaint (references hereafter to "paragraph" refer to paragraphs of the Complaint), the allegations are legal conclusions (which do not require a response) and not allegations vis-à-vis RiskSpan; therefore a response is not required.

2. In response to paragraph 2, the allegations are legal conclusions (which do not require a response) and not allegations vis-à-vis RiskSpan; therefore a response is not required.

3. In response to paragraph 3, RiskSpan admits the allegations.

4. In response to paragraph 4, RiskSpan admits the allegation.

5. In response to paragraph 5, the allegations are not allegations vis-à-vis RiskSpan; therefore a response is not required.

6. In response to paragraph 6, the allegations are not allegations vis-à-vis RiskSpan; therefore a response is not required.

7. In response to paragraph 7, to the extent the allegations are not legal conclusions (which do not require a response), the allegations are not allegations vis-à-vis RiskSpan; therefore a response is not required.

8. In response to paragraph 8, RiskSpan admits the allegation.

9. In response to paragraph 9, the allegations are not allegations vis-à-vis RiskSpan; therefore a response is not required. To the extent a response is required, RiskSpan lacks knowledge or information sufficient to form a belief as to their truth and therefore denies them.

10. In response to paragraph 10, the allegations are legal conclusions or are not allegations vis-à-vis RiskSpan; therefore a response is not required. To the extent a response is required, RiskSpan lacks knowledge or information sufficient to form a belief as to their truth and therefore denies them.

11. In response to paragraph 11, the allegations are legal conclusions or are not allegations vis-à-vis RiskSpan; therefore a response is not required. To the extent a response is required, RiskSpan lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

12. In response to paragraph 12, RiskSpan admits the allegation.

13. In response to paragraph 13, RiskSpan admits it is a consulting and valuation company with offices in the Washington D.C. area (as opposed to Washington D.C. proper) and the other locations identified. RiskSpan admits it provided consulting and valuation services. With respect to the remaining allegations, RiskSpan either denies them or lacks knowledge or sufficient information to form a belief as to the truth and therefore denies them.

14. In response to paragraph 14, there are no allegations vis-à-vis RiskSpan requiring a response.

15. In response to paragraph 15, to the extent there are allegations that are not legal conclusions (which do not require a response), RiskSpan denies the allegations as to RiskSpan and, as to the other defendants, lacks knowledge or sufficient information to form a belief as to their truth and therefore denies them.

16. In response to paragraph 16, there are no allegations vis-à-vis RiskSpan requiring a response.

17. In response to paragraph 17, the allegations are legal conclusions (which do not require a response) and are not allegations vis-à-vis RiskSpan; therefore a response is not required.

18. In response to paragraph 18, the allegations are legal conclusions (which do not require a response) and are not allegations vis-à-vis RiskSpan; therefore a response is not required.

19. In response to paragraph 19, the allegations are legal conclusions (which do not require a response) and are not allegations vis-à-vis RiskSpan; therefore a response is not required.

LEGAL02/31802462v1

1   20.  In response to paragraph 20, RiskSpan lacks knowledge or
2   information sufficient to form a belief as to the truth of the allegations and therefore
3   denies them.

### FIRST CAUSE OF ACTION

### (Declaratory Relief - Against All Parties)

21.  In response to paragraph 21, RiskSpan incorporates by reference its responses to paragraphs 1 through 20.

22.  In response to paragraph 22, the allegation is not an allegation vis-à-vis RiskSpan and is a legal conclusion; therefore a response is not required.

23.  In response to paragraph 23, the allegations are not allegations vis-à-vis RiskSpan and are legal conclusions; therefore a response is not required.

24.  In response to paragraph 24, the allegations are legal conclusions; therefore a response is not required.

25.  In response to paragraph 25, RiskSpan lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

26.  In response to paragraph 26, RiskSpan lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

27.  In response to paragraph 27, RiskSpan admits the NCUA is seeking the declaration identified.

### PRAYER FOR RELIEF

The numbered paragraphs following paragraphs 1 through 27 constitute NCUA's prayer for relief, which require no response. To the extent a response is required, RiskSpan denies that Plaintiffs and NCUA are entitled to any relief requested or any other relief vis-à-vis RiskSpan.

LEGAL02/31802462v1

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

28. Any recovery by NCUA against RiskSpan should limited by the terms and conditions of RiskSpan's contract with WesCorp, including all limitations of liability contained therein.

29. RiskSpan incorporates by reference its affirmative defenses to Plaintiffs' Complaint and asserts them as if set forth in full.

## DEMAND FOR JURY TRIAL

RiskSpan hereby demands a trial by jury.

DATED: March 10, 2010

SCOTT J. LEIPZIG
KYLE A. OSTERGARD
**ALSTON & BIRD LLP**

/s/
_____
Kyle A Ostergard
Attorneys for Defendant RISKSPAN INC.

LEGAL02/31802462v1