SCOTT J. LEIPZIG (SBN 192005)
KYLE A. OSTERGARD (SBN 178129)
**ALSTON & BIRD LLP**
333 South Hope Street, Sixteenth Floor
Los Angeles, California 90071
Telephone: (213) 576-1000  Facsimile: (213) 576-1100
Email: scott.leipzig@alston.com; kyle.ostergard@alston.com

Attorneys for Defendant RISKSPAN, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| 1ST VALLEY CREDIT UNION; CASCADE FEDERAL CREDIT UNION; GLENDALE AREA SCHOOLS FEDERAL CREDIT UNION; KAIPERM NORTHWEST FEDERAL CREDIT UNION; NORTHWEST PLUS CREDIT UNION; STAMFORD FEDERAL CREDIT UNION; and TULARE COUNTY FEDERAL CREDIT UNION,<br><br>           Plaintiffs,<br><br>     v.<br><br>DONNA BLAND, ROBERT BURRELL, JEREMY CALVA, WILLIAM CHENEY, LAURA CLOHERTY, GORDON DAMES, ADAM DENBO, DIANA R. DYKSTRA, JEFF HAMILTON, ROBERT H. HARVEY, JR., JAMES HAYES, WAYNE HOPE, DWIGHT JOHNSTON, JAMES P. JORDAN, TIMOTHY KRAMER, ROBIN J. LENTZ, SUSANNE LONGSON, JOHN M. MERLO, WARREN NAKAMURA, BRIAN OSBERG, DAVID ROUGHTON, TIMOTHY SIDLEY, ROBERT SIRAVO, DAVID TRINDER, DARREN WILLIAMS, RISKSPAN INC., and DOES 1 through 100, inclusive,<br><br>           Defendants.<br><br>and<br><br>NATIONAL CREDIT UNION ADMINISTRATION AS CONSERVATOR FOR WESTERN CORPORATE FEDERAL CREDIT UNION,<br>           Intervenor. | Case No.: CV-10-1597 GW (MANx)<br><br>[Honorable George Wu]<br><br>**DEFENDANT RISKSPAN, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL** |

1

LEGAL02/31800905v1

Defendant RiskSpan, Inc. ("RiskSpan") hereby responds to Plaintiffs' Complaint as follows:

1. In response to paragraph 1 of the Complaint (references hereafter to "paragraph" refer to paragraphs of the Complaint), RiskSpan admits that Western Corporate Federal Credit Union ("WesCorp") is a corporate credit union. RiskSpan denies that it assisted with any "excesses" as it merely provided the services requested and was not responsible for WesCorp's decisions to invest or allocation of assets. With respect to the remaining allegations, they are not allegations vis-à-vis RiskSpan requiring a response. To the extent a response is required to those allegations, RiskSpan lacks knowledge or information sufficient to form a belief as to their truth and therefore denies them.

2. In response to paragraph 2, RiskSpan admits that this is an action for negligence and breach of fiduciary duties. RiskSpan denies that it acted as an "independent third-party risk management company." With respect to the remaining allegations, they are not allegations vis-à-vis RiskSpan requiring a response. To the extent a response is required to those allegations, RiskSpan lacks knowledge or information sufficient to form a belief as to their truth and therefore denies them.

3. In response to paragraph 3, RiskSpan admits that WesCorp was placed under a conservatorship imposed by the National Credit Union Association. With respect to the remaining allegations that are not legal conclusions (which do not require a response), they are not allegations vis-à-vis RiskSpan requiring a response. To the extent a response is required to those allegations, RiskSpan lacks knowledge or information sufficient to form a belief as to their truth and therefore denies them.

4. In response to paragraph 4, there are no allegations vis-à-vis RiskSpan requiring a response. To the extent a response is required to those allegations, RiskSpan lacks knowledge or information sufficient to form a belief as to their truth and therefore denies them.

5. In response to paragraph 5, RiskSpan denies the allegations contained therein.

6. In response to paragraph 6, RiskSpan lacks knowledge or information sufficient to form a belief as to their truth and therefore denies them.

7. In response to paragraph 7, RiskSpan lacks knowledge or information sufficient to form a belief as to their truth and therefore denies them.

8. In response to paragraph 8, RiskSpan lacks knowledge or information sufficient to form a belief as to their truth and therefore denies them.

9. In response to paragraph 9, RiskSpan lacks knowledge or information sufficient to form a belief as to their truth and therefore denies them.

10. In response to paragraph 10, RiskSpan lacks knowledge or information sufficient to form a belief as to their truth and therefore denies them.

11. In response to paragraph 11, RiskSpan lacks knowledge or information sufficient to form a belief as to their truth and therefore denies them.

12. In response to paragraph 12, RiskSpan lacks knowledge or information sufficient to form a belief as to their truth and therefore denies them.

13. In response to paragraph 13, RiskSpan admits that it employs Robert Burrell. There are no other allegations vis-à-vis RiskSpan requiring a response.

14. In response to paragraph 14, there are no allegations vis-à-vis RiskSpan requiring a response.

15. In response to paragraph 15, there are no allegations vis-à-vis RiskSpan requiring a response.

16. In response to paragraph 16, RiskSpan admits it is a consulting and valuation company with offices in the Washington D.C. area (as opposed to Washington D.C. proper) and the other locations identified. RiskSpan admits it provided consulting and valuation services. With respect to the remaining allegations, RiskSpan either denies them or lacks knowledge or sufficient information to form a

LEGAL02/31800905v1

1 belief as to the truth and therefore denies them.

2     17. In response to paragraph 17, there are no allegations vis-à-vis RiskSpan requiring a response.

    18. In response to paragraph 18, to the extent there are allegations that are not legal conclusions (which do not require a response), there are no allegations vis-à-vis RiskSpan requiring a response. To the extent a response is required, RiskSpan denies the allegation as to RiskSpan and, as to the other defendants, lacks knowledge or sufficient information to form a belief as to the truth and therefore denies them.

    19. In response to paragraph 19, there are no allegations vis-à-vis RiskSpan requiring a response.

    20. In response to paragraph 19, there are no allegations vis-à-vis RiskSpan requiring a response.

    21. In response to paragraph 21, there are no allegations vis-à-vis RiskSpan requiring a response. RiskSpan does not dispute subject matter jurisdiction or venue at this time.

    22. In response to paragraph 22, there are no allegations vis-à-vis RiskSpan requiring a response. RiskSpan does not dispute subject matter jurisdiction or venue at this time.

    23. In response to paragraph 23, there are no allegations vis-à-vis RiskSpan requiring a response. RiskSpan does not dispute subject matter jurisdiction or venue at this time.

    24. In response to paragraph 24, there are no allegations vis-à-vis RiskSpan requiring a response. To the extent a response is required, RiskSpan admits the allegations.

    25. In response to paragraph 25, there are no allegations vis-à-vis RiskSpan requiring a response. To the extent a response is required, RiskSpan admits the allegations.

LEGAL02/31800905v1

26. In response to paragraph 26, there are no allegations vis-à-vis RiskSpan requiring a response.

27. In response to paragraph 27, there are no allegations vis-à-vis RiskSpan requiring a response. To the extent a response is required to those allegations, RiskSpan lacks knowledge or information sufficient to form a belief as to their truth and therefore denies them.

28. In response to paragraph 28, there are no allegations vis-à-vis RiskSpan requiring a response. To the extent a response is required to those allegations, RiskSpan lacks knowledge or information sufficient to form a belief as to their truth and therefore denies them.

29. In response to paragraph 29, there are no allegations vis-à-vis RiskSpan requiring a response. To the extent a response is required to those allegations, RiskSpan lacks knowledge or information sufficient to form a belief as to their truth and therefore denies them.

30. In response to paragraph 30, there are no allegations vis-à-vis RiskSpan requiring a response. To the extent a response is required to those allegations, RiskSpan lacks knowledge or information sufficient to form a belief as to their truth and therefore denies them.

31. In response to paragraph 31, there are no allegations vis-à-vis RiskSpan requiring a response. To the extent a response is required to those allegations, RiskSpan lacks knowledge or information sufficient to form a belief as to their truth and therefore denies them.

32. In response to paragraph 32, there are no allegations vis-à-vis RiskSpan requiring a response. To the extent a response is required to those allegations, RiskSpan lacks knowledge or information sufficient to form a belief as to their truth and therefore denies them.

33. In response to paragraph 33, there are no allegations vis-à-vis RiskSpan requiring a response. To the extent a response is required to those

LEGAL02/31800905v1

allegations, RiskSpan lacks knowledge or information sufficient to form a belief as to their truth and therefore denies them.

34. In response to paragraph 34, there are no allegations vis-à-vis RiskSpan requiring a response. To the extent a response is required to those allegations, RiskSpan lacks knowledge or information sufficient to form a belief as to their truth and therefore denies them.

35. In response to paragraph 35, RiskSpan denies the allegations contained therein.

36. In response to paragraph 36, there are no allegations vis-à-vis RiskSpan requiring a response. To the extent a response is required to those allegations, RiskSpan lacks knowledge or information sufficient to form a belief as to their truth and therefore denies them.

37. In response to paragraph 37, there are no allegations vis-à-vis RiskSpan requiring a response. To the extent a response is required to those allegations, RiskSpan lacks knowledge or information sufficient to form a belief as to their truth and therefore denies them.

38. In response to paragraph 38, there are no allegations vis-à-vis RiskSpan requiring a response. To the extent a response is required to those allegations, RiskSpan admits the NCUA placed WesCorp under a conservatorship. With respect to the remaining allegations, RiskSpan lacks knowledge or information sufficient to form a belief as to their truth and therefore denies them.

39. In response to paragraph 39, there are no allegations vis-à-vis RiskSpan requiring a response. To the extent a response is required to those allegations, RiskSpan lacks knowledge or information sufficient to form a belief as to their truth and therefore denies them.

40. In response to paragraph 40, there are no allegations vis-à-vis RiskSpan requiring a response. To the extent a response is required to those allegations, RiskSpan lacks knowledge or information sufficient to form a belief as to

6

their truth and therefore denies them.

41. In response to paragraph 41, there are no allegations vis-à-vis RiskSpan requiring a response. Moreover, the allegations contain legal conclusions. To the extent a response is required to those allegations, RiskSpan lacks knowledge or information sufficient to form a belief as to their truth and therefore denies them.

42. In response to paragraph 42, to the extent there are allegations that are not legal conclusions (which do not require a response), RiskSpan denies the allegations.

43. In response to paragraph 43, RiskSpan denies the allegations that are not legal conclusions (which do not require a response).

44. In response to paragraph 44, to the extent a response is required to the allegations vis-à-vis RiskSpan, RiskSpan denies those allegations that are not legal conclusions (which do not require a response). With respect to the other allegations, RiskSpan lacks knowledge or information sufficient to form a belief as to their truth and therefore denies them.

### FIRST CAUSE OF ACTION
### (Negligence)
### (By all Plaintiffs against All Defendants)

45. In response to paragraph 45, RiskSpan incorporates by reference its responses to paragraphs 1 through 44.

46. In response to paragraph 46, the allegations are legal conclusions (which do not require a response). To the extent a response is required, RiskSpan denies the allegations.

47. In response to paragraph 47, the allegations are legal conclusions (which do not require a response). To the extent a response is required, RiskSpan denies the allegations.

48. In response to paragraph 48, the allegations are legal conclusions (which do not require a response). To the extent a response is required, RiskSpan

denies the allegations.

49. In response to paragraph 49, the allegations are legal conclusions (which do not require a response). To the extent a response is required, RiskSpan denies the allegations.

50. In response to paragraph 46, the allegations are legal conclusions (which do not require a response). To the extent a response is required, RiskSpan denies the allegations.

51. In response to paragraph 46, the allegations are legal conclusions (which do not require a response). To the extent a response is required, RiskSpan denies the allegations.

## SECOND CAUSE OF ACTION

### (Breach of Fiduciary Duties)

### (By All Plaintiffs Against All Of The Individual Defendants)

52. In response to paragraph 52, RiskSpan incorporates by reference its responses to paragraphs 1 through 51.

53. Because paragraph 53 contains allegations which do not pertain to a cause of action against RiskSpan, no responsive pleading is required.

54. Because paragraph 54 contains allegations which do not pertain to a cause of action against RiskSpan, no responsive pleading is required.

55. Because paragraph 55 contains allegations which do not pertain to a cause of action against RiskSpan, no responsive pleading is required.

## PRAYER FOR RELIEF

The numbered paragraph following paragraph 55 constitute Plaintiffs' prayer for relief, which requires no response. To the extent a response is required, RiskSpan denies that Plaintiff is entitled to any relief requested or any other relief vis-à-vis RiskSpan.

## AFFIRMATIVE DEFENSES

RiskSpan further alleges and pleads the following separate and affirmative defenses upon information and belief or to preclude waiver of them upon future discovery of facts warranting them:

### FIRST AFFIRMATIVE DEFENSE

56. Plaintiffs' claims are barred, in whole or in part, because they fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

57. Plaintiffs' claims are barred, in whole or in part, because the negligence of plaintiff and/or third parties caused or contributed to Plaintiffs' injuries or damages, if any.

### THIRD AFFIRMATIVE DEFENSE

58. Plaintiffs' claims are barred, in whole or in part, because any injury or damage suffered was wholly or in part directly and proximately caused by Plaintiffs' own negligence, carelessness, lack of due care and fault, or that of Plaintiffs' agents or employees and/or third parties, including that of other defendants. In the event that plaintiff is found to have sustained injury and is entitled to damages, RiskSpan is liable for only that portion of any damages which corresponds to its degree of fault or responsibility and not for the negligence or fault of any other person.

### FOURTH AFFIRMATIVE DEFENSE

59. Plaintiffs' claims are barred, in whole or in part, because RiskSpan' actions or omissions, if any, were not the proximate cause or a substantial factor in bringing about the alleged damages, were not a contributing cause thereof, and/or were superseded by the acts or omissions of third parties, which were independent, intervening and the proximate cause of any damages suffered by plaintiff herein.

LEGAL02/31800905v1

## FIFTH AFFIRMATIVE DEFENSE

60. Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, or laches.

## SIXTH AFFIRMATIVE DEFENSE

61. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' damages, if any, were caused by the intentional activities of persons or entities other than RiskSpan and despite RiskSpan' best efforts to prevent such activities. The fault of those third parties or entities reduces the fault, if any, of RiskSpan to such a degree as to preclude recovery from RiskSpan.

## SEVENTH AFFIRMATIVE DEFENSE

62. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' damages, if any, were the product of circumstances over which RiskSpan had no control.

## EIGHTH AFFIRMATIVE DEFENSE

63. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs and others acting on their behalf failed to mitigate damages.

## NINTH AFFIRMATIVE DEFENSE

64. RiskSpan hereby incorporates all affirmative defenses that have been asserted by any other Defendant in this matter as if those affirmative defenses were fully set forth herein.

## RESERVATION

65. RiskSpan hereby reserves the right to assert any other affirmative defenses available to it under law or equity that discovery reveals to be applicable so as to avoid waiver of same.

///
///
///

LEGAL02/31800905v1

## **DEMAND FOR JURY TRIAL**

RiskSpan hereby demands a trial by jury.

DATED: March 10, 2010

SCOTT J. LEIPZIG
KYLE A. OSTERGARD
**ALSTON & BIRD LLP**

/s/
_____
Kyle A Ostergard
Attorneys for Defendant RISKSPAN INC.

11

LEGAL02/31800905v1