BRAD D. BRIAN (State Bar No. 079001)
Brad.Brian@mto.com
RICHARD E. DROOYAN (State Bar No. 065672)
Richard.Drooyan@mto.com
LAURA D. SMOLOWE (State Bar No. 263012)
Laura.Smolowe@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

Attorneys for Defendants
Robert A. Siravo and Thomas E. Swedberg

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL CREDIT UNION ADMINISTRATION BOARD AS CONSERVATOR FOR WESTERN CORPORATE FEDERAL CREDIT UNION,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT A. SIRAVO, TODD M. LANE, ROBERT J. BURRELL, THOMAS E. SWEDBERG, TIMOTHY T. SIDLEY, ROBERT H. HARVEY, JR., WILLIAM CHENEY, GORDON DAMES, JAMES P. JORDAN, TIMOTHY KRAMER, ROBIN J. LENTZ, JOHN M. MERLO, WARREN NAKAMURA, BRIAN OSBERG, DAVID RHAMY and SHARON UPDIKE,<br><br>Defendants. | CASE NO. CV10-01597 GW (MANx)<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS WITH PREJUDICE COUNTS ONE, TWO, THREE AND FOUR OF FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 129(B)(6), MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Judge: Honorable George Wu<br>Date: December 20, 2010<br>Time: 8:30 a.m. |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on December 20, 2010, at 8:30 a.m. or as soon thereafter as counsel may be heard, in the courtroom of the Honorable George

Wu, in the United States District Court, 312 North Spring Street, Courtroom 10, Los Angeles, California, 90012, **Defendants Robert A. Siravo and Thomas E. Swedberg** will and hereby do move this Court to dismiss Counts Three (for breach of fiduciary duty) and Four (for fraud) of the First Amended Complaint ("FAC") with prejudice for failure to state a claim upon which relief can be granted. This motion is brought pursuant to Federal Rule of Civil Procedure 12(b)(6) and is made on the following grounds: (1) None of the purported misrepresentations that form the bases of these causes of action were false; (2) Plaintiff relies on *drafts* of documents that were never actually used; and (3) Plaintiff's claim that Defendants breached their fiduciary duties by paying themselves more money than authorized by the Board of Directors is contradicted by the FAC and Exhibit 1 to the FAC. Defendant Siravo also will and hereby does move to dismiss Counts 1 and 2 of the FAC pursuant to the arguments articulated in the motion to dismiss filed by co-defendants. Rather than repeat those arguments in this Motion, Siravo hereby joins co-defendants' motion except with respect to the argument that the claims are barred by the statute of limitations.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities attached hereto, any reply papers submitted in support of this motion, oral argument of counsel, the complete files and records in this matter, and such additional matters as the Court may deem it appropriate to consider. This motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on October 27, 2010.

| | | |
|---|---|---|
| 1 | DATED: November 1, 2010 | MUNGER, TOLLES & OLSON LLP |
| 2 | | Richard E. Drooyan |
| | | Laura D. Smolowe |
| 3 | | |
| 4 | | By: */s/ Richard E. Drooyan* |
| | |      RICHARD E. DROOYAN |
| 5 | | |
| | | Attorneys for Defendants |
| 6 | | ROBERT A. SIRAVO AND |
| | | THOMAS E. SWEDBERG |

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................1
II. PROCEDURAL HISTORY ................................................................................2
III. RELEVANT ALLEGATIONS ..........................................................................3
IV. LEGAL STANDARD ........................................................................................5
V. ARGUMENT ......................................................................................................6
   A. None Of The Representations In Mr. Swedberg's November 2, 2007 Memorandum To The Board Were False .....................................7
   B. The Purported False Statements In Drafts of Exhibit 1 Cannot Support Counts Three Or Four Because They Were Never Presented To The Board And Are Taken Out Of Context ..................11
   C. The Allegation That Defendants Failed To Advise The Board Of An Overpayment To Siravo Fails Because He Received Less SERP Money Than The Board Authorized, Not More ........................11
   D. Counts 1 and 2 Should Be Dismissed With Prejudice As Well ........12
VI. CONCLUSION ................................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Ashcroft v. Iqbal*,
 129 S. Ct. 1937, 173 L. Ed.2d 868 (2009) .......................................................................... 6, 11

*Bell Atlantic Corp. v. Twombly*,
 550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed. 2d 929 (2007) ........................................................ 5

*Chubb Custom Ins. Co. v. Space Systems/Loral, Inc.*,
 No. C 09-4485 JF, 2010 WL 2573368 (N.D. Cal. June 23, 2010) ........................................... 7

*Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*,
 896 F.2d 1542 (9th Cir. 1989) .................................................................................................. 6

*In re Bare Escentuals, Inc. Securities Litigation*,
 No. C 09-3268 PJH, 2010 WL 3893622 (N.D. Cal. Sept. 30, 2010) ....................................... 6

*Monolith Portland Midwest Co. v. Kaiser Aluminum & Chem. Corp.*,
 267 F. Supp. 726 (S.D. Cal. 1966) .......................................................................................... 10

*Neu v. Terminix Inter'l Co.*,
 No. C 07-6472 CW, 2008 WL 2951390 (N.D. Cal. Jul. 24, 2008) .......................................... 8

*Sprewell v. Golden State Warriors*,
 266 F.3d 979 (9th Cir. 2001) ................................................................................................ 6, 7

*Van Buskirk v. Cable News Network, Inc.*,
 284 F.3d 977 (9th Cir. 2002) .................................................................................................... 6

**STATE CASES**

*Corson v. Brown Motel Inv., Inc.*,
 87 Cal. App. 3d 422, 151 Cal. Rptr. 385 (Cal. Ct. App. 1978) ............................................. 10

*K. & M., Inc. v. LeCuyer*,
 107 Cal. App. 2d 710, 238 P.2d 28 (Cal. Ct. App. 1962) ........................................................ 8

*Pellegrini v. Weiss*,
 165 Cal. App. 4th 515, 81 Cal. Rptr. 3d 387 (Cal. Ct. App. 2008) ..................................... 6, 11

*Perlas v. GMAC Mortg., LLC*,
 187 Cal. App. 4th 429, 113 Cal. Rptr.3d 790 (Cal. Ct. App. 2010) ........................... 6, 7, 8, 11

*Silver v. Shemanski*,
 89 Cal. App. 2d 520, 201 P.2d 418 (Cal. Ct. App. 1949) ........................................................ 8

# TABLE OF AUTHORITIES
### (continued)

**Page(s)**

**FEDERAL RULES**

Federal Rule of Civil Procedure 12(b)(6) ............................................................................. 2, 6, 10

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff National Credit Union Administration ("NCUA" or "Plaintiff") -- as Conservator for Western Corporate Federal Credit Union ("WesCorp") -- has amended the complaint initially filed by the credit union plaintiffs by adding claims against Defendants Robert Siravo and Thomas Swedberg based on changes made to WesCorp's Supplemental Executive Retirement Plans ("SERP"). These changes were presented to and approved by the WesCorp Board of Directors ("the Board") with full knowledge of their financial impact.

The original lawsuit used 20/20 hindsight to claim that certain officers and directors of WesCorp breached their duty to the company by overinvesting in mortgage-backed securities ("MBS").[1] Apparently realizing the ubiquity of this situation, the NCUA decided to amend the complaint to add claims against Mr. Siravo, who was WesCorp's CEO, and Mr. Swedberg, a senior WesCorp Human Resources executive (collectively, "Defendants") for proposing to the Board amendments to the SERP that increased the value of the SERP lump sum payment to the company's executives upon their retirements from WesCorp. As the First Amended Complaint ("FAC") acknowledges, these changes -- including their full financial impact -- were explicitly disclosed to the Board, which approved them. Notwithstanding this transparency, these changes form the basis of the NCUA's claims against Defendants Siravo and Swedberg for breach of fiduciary duty (Count Three) and fraud (Count Four).

Count Four (fraud) fails because, contrary to Plaintiff's allegations, Defendants Siravo and Swedberg did not make any false representations to the Board or its Executive Committee, which recommended the changes to the Board. As the FAC and its attached Exhibit 1 make plain, the purported grounds for the

---

[1] Those investments allegedly led to NCUA taking over WesCorp as Conservator.

falsity of the representations consist of facts and circumstances that have nothing to do with the representations at issue. The FAC alleges that Mr. Swedberg made false representations to the WesCorp Board about the intention of the SERP program when it was initially developed in 2001 by comparing his representations to the intention of the parties when Mr. Siravo's SERP was negotiated a year later in 2002. These events, however, are entirely different matters and the FAC's allegations that Mr. Swedberg misled the Board make no sense. Stated otherwise, the NCUA compares apples to oranges and then concludes that the apples are not apples based on the fact that the apples are not oranges. Because Count Three -- breach of fiduciary duty -- rests entirely on the same alleged misrepresentations, that claim lacks merit as well. These causes of action should be dismissed with prejudice under Federal Rule of Civil Procedure 12(b)(6).

In addition, Counts 1 and 2 (negligent breach of fiduciary duty and gross negligence) should be dismissed with prejudice for the reasons articulated in the motion to dismiss filed by co-defendants. Mr. Siravo hereby joins that motion, except to the extent it is based on a statute of limitations argument.

## II.   PROCEDURAL HISTORY

The original complaint was filed in California Superior Court on November 4, 2009 against a number of Defendants, including Mr. Siravo. The complaint alleged two counts of negligence and breach of fiduciary duty arising out of WesCorp's decision to invest in MBS before the collapse of the economy. Mr. Swedberg was not named in this original complaint. On March 3, 2010, intervenor NCUA removed this case to federal court, and intervened. On August 31, 2010, the NCUA replaced the original plaintiffs and filed the FAC.

The FAC adds four new claims and several new Defendants, including Mr. Swedberg. As relevant here, the FAC alleges new Counts Three and Four against Defendants Siravo and Swedberg for Breach of Fiduciary Duty and Fraud. The new claims have nothing to do with the gravamen of the complaint -- WesCorp's

MBS investments. Rather, they relate to changes in the SERP issued to certain WesCorp executives.

## III. RELEVANT ALLEGATIONS

The FAC alleges that in 2001 the WesCorp Board authorized a SERP for "certain high level WesCorp executives" "to encourage [them] to remain employed at WesCorp." (FAC ¶¶ 81-82.)[2] The SERP provides these executives with a lump sum payment at their expected retirement dates, if certain conditions are met. (FAC ¶ 82.) The lump sum was determined by a formula based upon the employees' "Final Compensation," which was grossed-up for taxes.[3] (FAC ¶ 84.) Mr. Swedberg was a participant in the original SERP (the "Executive SERP"). (FAC ¶ 81.) When Mr. Siravo joined WesCorp as CEO in 2002, he negotiated a SERP that provided a "similar lump sum payment" upon his retirement. (FAC ¶¶ 83-84.)

In the fall of 2007, Defendants Siravo and Swedberg proposed to the Board amendments to the SERP plans. (FAC ¶ 85.) The FAC claims that on October 19, 2007, Mr. Swedberg emailed to Mr. Siravo a PowerPoint presentation that falsely stated that the SERP "required modification because (1) its formula currently produces a 28% shortfall and (2) new plans provide for a 67% gross-up, which 'produces a more equitable result.'" (FAC ¶ 89). The FAC nowhere alleges that this draft was actually presented to the Board.

The FAC claims that Mr. Swedberg replaced the PowerPoint Presentation with a "short memo" that "recommended" an "'administrative change' to 'increase benefits'" to 48% of earnings and "consideration" of increasing the tax gross up. (FAC ¶ 91.) "Subsequent drafts of the memo stated that 'the SERP currently produces 37% of ending earnings versus the agreed-to 48%.'" (*Id.*) The FAC nowhere alleges that this memorandum was actually presented to the Board.

---

[2] The facts set forth here are based upon the allegations in the FAC and the Exhibit attached to the FAC. Defendants accept as true these allegations for the purposes of this Motion only.

[3] A tax gross-up is a multiplier used to provide an employee with the full salary promised to him, adding back the amount that would be deducted for tax.

On November 2, 2007, Mr. Swedberg prepared a memorandum to the Chairman of the Board Robert Harvey proposing the changes to Mr. Siravo's SERP. The memorandum, which is attached to the FAC as Exhibit 1, was "provided to the board's executive committee (and possibly the board as a whole)[.]" (FAC ¶ 93.)

Mr. Swedberg's memorandum proposes to correct "two administrative errors in the current [SERP] plan document that are not consistent with the intent of the *program when it was initially developed*." (FAC Ex. 1 (emphasis added).) The first proposed amendment changed the definition of Final Compensation to include bonuses and incentive pay compensation, which did not exist at WesCorp when the program was developed in 2001. (FAC Ex. 1.) The second amendment increased the "tax gross-up" to reach the "correct tax gross-up amount." (*Id*.) The memorandum disclosed that the two changes would increase the SERP pay-out to Mr. Siravo from $4.863 million to $7.412 million. (*Id*.) On November 27, 2007, the Board approved the amendments to Mr. Siravo's SERP. (FAC ¶¶ 98, 99.)

According to the FAC, on January 24, 2008, Mr. Harvey executed an amended Siravo SERP document, allegedly prepared by Mr. Swedberg and approved by Mr. Siravo, that "provided Siravo a larger lump sum payment than the board's resolution authorized." (FAC ¶ 100.) Elsewhere, however, the FAC alleges that "WesCorp paid Siravo a lump sum SERP payment of $6,881,401," (FAC ¶ 102), which is less than the $7.412 million that the Board authorized based upon Mr. Swedberg's memorandum. (FAC Ex. 1.).

After the Siravo SERP was amended, "Swedberg began work on amendments to the Executive SERP," which were "identical to the amendments" to Mr. Siravo's SERP. (FAC ¶ 103.) The WesCorp Board "approved the amendments to the Executive SERP at its June 24, 2008 meeting." (FAC ¶ 104.)

The FAC's claims for fraud and breach of fiduciary duty against Defendants Siravo and Swedberg are based upon the following alleged misrepresentations in

the November 2, 2007 memorandum that Mr. Swedberg wrote to Mr. Harvey (Exhibit 1):

>    1. The FAC claims that "[r]ather than disclosing to the board that the amendments to the Siravo SERP were simply intended to increase the size of the lump sum, Swedberg, with Siravo's knowledge and acquiescence, concealed this fact and instead represented to the board that the amendments were necessary to correct errors in the Siravo SERP." (FAC ¶ 87.) Mr. Swedberg's memorandum, however, discloses the amount of the increased lump sum of $7.412 million, and never states that the amendments "were necessary to correct errors." (FAC Ex. 1.)
>
>    2. The FAC claims that Defendants falsely refer to the amendments as "administrative" rather than "substantive" (FAC ¶ 94), even though Mr. Swedberg's memorandum *explicitly* discloses that the amendments will increase Mr. Siravo's SERP pay-out by over $2.5 million.
>
>    3. The FAC claims that the memorandum falsely states that the current plan terms were "'not consistent with the intent of the program when it was *initially* developed'" because it "'utilized an old template that dated back to [a time] when no bonuses or incentive pay plans existed at WesCorp and the concept of tax gross-up was not broadly utilized.'" It also purportedly falsely states that the changes were necessary to provide the "'agreed upon 48 percent of compensation rate'" and that the tax gross-up change was required to provide the "'correct tax gross-up amount.'" (FAC ¶ 94 (quoting Ex. 1) (emphasis added)). The only basis in the FAC for the purported falsity of these statements is that the original terms of Mr. Siravo's SERP were allegedly consistent with the intent of the parties when "the terms of the Siravo SERP were being negotiated" in 2002 (FAC ¶ 96) -- a year after the program *"was initially developed"* in 2001. (FAC ¶ 81, Ex. 1.)

## IV. LEGAL STANDARD

A motion to dismiss should be granted if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1874, 167 L.Ed. 2d 929, 949 (2007). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of [demonstrating an] . . . entitlement to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868, 884 (2009) (internal citations and quotations omitted); *see also Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences"). Further, although on a motion pursuant to Rule 12(b)(6) "the court may not generally consider materials outside the pleadings," the court "may consider exhibits attached to the complaint and documents referenced by the complaint." *In re Bare Escentuals, Inc. Securities Litigation*, No. C 09-3268 PJH, 2010 WL 3893622 (N.D. Cal. Sept. 30, 2010) (citing *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.,* 896 F.2d 1542, 1555 n. 19 (9th Cir. 1989) and *Van Buskirk v. Cable News Network, Inc.,* 284 F.3d 977, 980 (9th Cir. 2002)).

## V.  ARGUMENT

Although the elements differ,[4] Count Three (Breach of Fiduciary Duty) and Count Four (Fraud) are based upon the same alleged misrepresentations to the Board regarding the initial SERP program and the proposed changes to increase the lump sum payout. (FAC ¶¶ 126-127 (Breach of Fiduciary Duty), 132 (Fraud.)) Because the grounds for the claims overlap entirely, Count Three stands or falls with Count Four.

---

[4] The elements for fraudulent misrepresentation are "(1) the defendant represented to the plaintiff that an important fact was true; (2) that *representation was false*; (3) the defendant knew that the representation was false when the defendant made it, or the defendant made the representation recklessly and without regard for its truth; (4) the defendant intended that the plaintiff rely on the representation; (5) the plaintiff *reasonably relied on the representation*; (6) the plaintiff was harmed; and, (7) the plaintiff's reliance on the defendant's representation was a substantial factor in causing that harm to the plaintiff." *Perlas v. GMAC Mortg., LLC*, 187 Cal. App. 4th 429, 434, 113 Cal. Rptr.3d 790, 794 (Cal. Ct. App. 2010) (citations omitted) (first emphasis added). The elements for breach of a fiduciary duty are (1) the existence of a fiduciary duty; (2) a breach of the fiduciary duty; and 3) resulting damage. *Pellegrini v. Weiss*, 165 Cal. App. 4th 515, 524, 81 Cal. Rptr. 3d 387, 397 (Cal. Ct. App. 2008).

When Plaintiff's confusing allegations are broken down and examined closely, they disintegrate completely. The purported false representations -- most of which are taken completely out of context -- are not false. Indeed, the NCUA alleges that the representations are false by comparing them to matters that are not the subject of the representations. In addition, several alleged misrepresentations were not even presented to the Board at all and, therefore, could not have been relied upon by the Board in approving the amended SERPs. Finally, the allegation that Mr. Siravo received more money through his SERP than the Board authorized is contradicted by the FAC itself; according to the FAC, Mr. Siravo actually received *less* money than the Board authorized. As a result, these purported misrepresentations cannot form the basis of Counts Three and Four, which thereby fail as a matter of law.

In addition, Counts 1 and 2 should be dismissed with prejudice for the reasons stated in co-defendants' motion to dismiss. Mr. Siravo hereby joins that motion, except to the extent it is based on an argument that the statute of limitations has run.

### A. None Of The Representations In Mr. Swedberg's November 2, 2007 Memorandum To The Board Were False

The gravamen of Counts Three and Four is that Mr. Swedberg, with Mr. Siravo's knowledge, misrepresented the proposed changes to Mr. Siravo's SERP in his November 2, 2007 memorandum to the Board attached as Exhibit 1 to the FAC. But while the FAC is replete with strong words and conclusory allegations of fraud and misprestntation, a review of Exhibit 1 demonstrates that those allegations have no basis. *See Sprewell*, 266 F.3d at 989 (affirming dismissal where "attachments to [the] complaint prove fatal to [the] claims); *Chubb Custom Ins. Co. v. Space Systems/Loral, Inc.*, No. C 09-4485 JF, 2010 WL 2573386, at *2 (N.D. Cal. June 23, 2010) ("[A] court may disregard allegations in the complaint if contradicted by facts established by exhibits attached to the complaint.")

As conclusively demonstrated by Exhibit 1, none of the purported misrepresentations are false. *See, e.g.*, *Perlas*, 187 Cal. App. 4th at 436-37 (dismissing fraudulent misrepresentation claim where no false representation was actually alleged). First, the FAC alleges that "[r]ather than disclosing to the board that the amendments to the Siravo SERP were simply intended to increase the size of the lump sum payment to Siravo, Swedberg, with Siravo's knowledge and acquiescence, concealed this fact and instead represented to the board that the amendments were necessary to correct errors in the Siravo SERP." (FAC ¶ 87.) Exhibit 1, however, plainly shows that Defendants did not "conceal" the increase in the lump sum payment from the Board; it discloses that the lump sum that Siravo would receive upon his retirement would increase from $4.863 million to $7.412 million. (FAC Ex. 1.) *See K. & M., Inc. v. LeCuyer*, 107 Cal. App. 2d 710, 716, 238 P.2d 28 (Cal. Ct. App. 1962) (affirming the finding of no fraud where "documents disclosed all of the matters as to which it is alleged representations were made").

Second, the FAC claims that Defendants falsely refer to the amendments as "administrative" rather than "substantive." (FAC ¶ 94). By any measure, the characterization of something as administrative versus substantive is an opinion; it is not objectively one thing or another. *See, e.g.*, *Neu v. Terminix Inter'l Co.*, No. C 07-6472 CW, 2008 WL 2951390, at *3 (N.D. Cal. Jul. 24, 2008) ("[A]n expression of opinion or belief, if nothing more, and if so understood and intended, is not a representation of fact, and although false, does not amount to actual fraud." (citations omitted)); *Silver v. Shemanski*, 89 Cal. App. 2d 520, 544, 201 P.2d 418 (Cal. Ct. App. 1949) (holding that "there was no fraud in the expression of [an] opinion"). Moreover, Exhibit 1 discloses the "substantive" financial impact that the changes would have on Mr. Siravo's SERP. It is hard to understand how the Board could have been misled by Mr. Swedberg's characterization of the changes as "administrative" when he disclosed in the very same document that the change

would result in an increased pay-out of over $2.5 million.[5] If the NCUA considers that to be a substantive change, the WesCorp Board was well aware of it.

Third, the other purported misrepresentations in Exhibit 1 are taken completely out of context. The statements in Exhibit 1 that (1) the current plan terms were "'not consistent with the intent of the program when it was *initially* developed'" and "'utilized an old template that dated back to [a time] when no bonuses or incentive pay plans existed at WesCorp and the concept of tax gross-up was not broadly utilized,'" and (2) "that the changes are necessary to provide the 'agreed upon 48 percent of compensation rate' and that the tax gross-up change is required to provide the 'correct tax gross-up amount" clearly refer to the time period in 2001 when the program was "*initially* developed." (FAC ¶ 94 (quoting Ex. 1 (emphasis added)).) But Plaintiff claims that these statements are false by referencing the intent of the parties in 2002 -- when "the terms of the *Siravo SERP* were being negotiated." (FAC ¶ 96 (emphasis added).)

Thus revealed, the NCUA has not alleged a misrepresentation at all. Rather, it has compared apples (the intent at the time the SERP program was initially developed by WesCorp in 2001) and oranges (the intent of WesCorp and Siravo at the time the Siravo SERP was negotiated in 2002) in an attempt to prove that the apples are not apples (that the representation in Mr. Swedberg's memorandum about the intent of the program in 2001 was false). An assertion that a statement made about the intent of Agreement 1 negotiated at Time A is false on the basis of the parties' intent in negotiating Agreement 2 at Time B makes no sense. As such, these purported misrepresentations cannot support the NCUA's claims for fraud and breach of fiduciary duty against Defendants Swedberg and Siravo. *See, e.g.*,

---

[5] In this circumstance, whether the changes are viewed as "administrative" or "substantive" is also immaterial. The Board plainly could not have relied on that characterization in making the decision to approve the changes when it had in front of it a disclosure of the full financial impact. *Perlas*, 187 Cal. App. 4th at 434 (misrepresentation must be "important" and plaintiff must have relied on it).

1  *Corson v. Brown Motel Inv., Inc.*, 87 Cal. App. 3d 422, 428, 151 Cal. Rptr. 385
2  (1978) (affirming judgment of no fraud where purported misrepresentation "taken
3  out of context"); *Monolith Portland Midwest Co. v. Kaiser Aluminum & Chem.*
4  *Corp.*, 267 F. Supp. 726, 777 (S.D. Cal. 1966) (in light of out-of-context
5  constructions plaintiff attempted to impose on relevant documents, defendant "was
6  not guilty of any conduct which might be characterized as a species of fraud").

7       Taking the allegation in paragraph 96 as true (as one must on a Motion
8  pursuant to Rule 12(b)(6)), the intent of the parties in creating the *Siravo SERP* in
9  2002 is entirely irrelevant. Assuming that the parties did have such intent, they
10 then changed the contract in 2007 to be consistent with the intent of the *original*
11 SERP plan. The changes were recommended because at the time the original SERP
12 was created, no employee received a bonus or incentive pay and "the concept of tax
13 gross-up was not broadly used." (FAC Ex. 1.) Those changes and their financial
14 impact were fully disclosed to the Board, which approved them. In short, the
15 agreement was modified.

16      For the same reason, the suggestion that Mr. Siravo also breached his
17 fiduciary duty by failing to disclose the "true nature" of the amendments when he
18 sought Board approval for the amendments to the Executive SERP several months
19 after the Board had approved the changes to his SERP also fails at the outset. (FAC
20 ¶ 127.) The FAC provides absolutely no facts to support this claim, and fails to
21 specify what about the amendment's true nature was not disclosed, instead hinting
22 that the representations were false in the same manner as Mr. Swedberg's were
23 false with respect to the Siravo amendments. (FAC ¶ 104.) However, as described,
24 the FAC's sole basis for claiming the representations about Mr. Siravo's SERP
25 amendments were false related to the parties' intent at the time of the negotiations
26 surrounding that SERP -- negotiations that occurred well after the earlier creation of
27 the Executive SERP.
28

In short, Plaintiff has alleged a muddle of contradictory allegations, but nothing even plausibly *false*. *See Iqbal*, 129 S. Ct. at 1950 (where allegations "are no more than conclusions, [they] are not entitled to the assumption of truth").

### B. The Purported False Statements In *Drafts* of Exhibit 1 Cannot Support Counts Three Or Four Because They Were Never Presented To The Board and Are Taken Out Of Context

The FAC also suggests that Defendants made false statements in *drafts* of the memorandum to the Board. (FAC ¶¶ 89-92.). The FAC does not allege that these drafts were ever presented to the Board itself. Quite obviously, the Board could not have relied to its detriment on or been damaged by memoranda it never received in approving the SERP changes. *See Perlas*, 187 Cal. App. 4th at 434 (detrimental reliance and resulting damages are required elements of fraudulent misrepresentation); *Pellegrini*, 165 Cal. App. 4th at 524 (damages required in breach of fiduciary duty claims). Accordingly, these statements cannot form the basis of either a fraud claim (no reliance and no damages) or a breach of fiduciary duty claim (no damages).

### C. The Allegation That Defendants Failed to Advise The Board Of An Overpayment to Siravo Fails Because He Received *Less* SERP Money Than The Board Authorized, Not More

The FAC alleges that Defendants "had a duty to calculate Siravo's SERP payment correctly and advise the board of any error in the amendment" -- a duty which they purportedly breached. (FAC ¶ 127.) When cross referenced with Exhibit 1, it becomes clear that Plaintiff is yet again mixing and matching time periods in an attempt at confusion. As Plaintiff knows -- and, indeed, as the FAC acknowledges -- there was no error in the calculation of Siravo's payment.

The basis for the claim that "[t]he amended Siravo SERP provided Siravo a larger lump payment than the board's resolution authorized" (FAC ¶ 100) is that Siravo received $6,881,401 as opposed to $4,494,351.62. (FAC ¶ 102.) Yet, as the FAC admits, the amount that the Board authorized in 2007 is the $7.412 million set

forth in Exhibit 1.  (FAC ¶¶ 97, 98.)  The $4,494,351.62 is the amount Mr. Siravo would have received under "the *original Siravo SERP*."  (FAC ¶ 102 (emphasis added).)  Based on the allegations in the FAC, the lump sum of $6,881,401 is not more than the Board authorized, it is *less* than the Board authorized.  The FAC thus conflates the amount Siravo would have received in 2002 ($4 million) with the amount the Board authorized in 2007 ($7 million).  This allegation should be rejected out of hand.

### D. Counts 1 and 2 Should Be Dismissed With Prejudice As Well

For the reasons articulated in co-defendants' motion to dismiss, Counts 1 and 2 should be dismissed with prejudice pursuant to Rule 12(b)(6) as well.  Rather than repeat those arguments here, Mr. Siravo hereby joins co-defendants' motion except to the extent it is based on a claim that the statute of limitations has run.  Mr. Siravo incorporates co-defendants' motion by reference as if fully articulated herein.

## VI. CONCLUSION

This case is about WesCorp's investment decisions, which Mr. Siravo is fully prepared to defend on the merits, and which are the subject of their own motion to dismiss.[6]  It has nothing to do with the SERP amendments, the implications of which were fully disclosed to the Board.  The sole purpose of Counts Three and Four is to create a sideshow to buttress the investment claim.  To do that, Plaintiff misrepresents its own Exhibit and fills the FAC with a mishmash of out-of-context and contradictory statements that completely fail to allege any misrepresentation or breaches of fiduciary duty whatsoever.  Accordingly, Counts Three and Four as stated here, and Counts One and Two as stated in co-defendants' motion, fail to state a claim as a matter of law, and should all be dismissed with prejudice.

---

[6] Mr. Swedberg is not named as a defendant in the claims based upon these investment decisions.

| | | |
|---|---|---|
| 1 | DATED: November 1, 2010 | MUNGER, TOLLES & OLSON LLP |
| 2 | | Richard E. Drooyan |
| | | Laura D. Smolowe |
| 3 | | |
| 4 | | By: */s/ Richard E. Drooyan* |
| 5 | | RICHARD E. DROOYAN |
| 6 | | Attorneys for Defendants |
| | | ROBERT A. SIRAVO AND |
| 7 | | THOMAS E. SWEDBERG |