EDWIN V. WOODSOME, JR. (State Bar No. 56305)
ewoodsome@orrick.com
ANDREW S. WONG (State Bar No. 198227)
aswong@orrick.com
SETH E. FREILICH (State Bar No. 217321)
sfreilich@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, California 90017-5855
Telephone:   (213) 629-2020
Facsimile:    (213) 612-2499

Attorneys for Defendant TIMOTHY T. SIDLEY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| NATIONAL CREDIT UNION ADMINISTRATION BOARD AS CONSERVATOR FOR WESTERN CORPORATE FEDERAL CREDIT UNION, <br><br> Plaintiff, <br><br> v. <br><br> ROBERT A. SIRAVO, et al., <br><br> Defendants. | Case No.  CV10-01597 GW (MANx) <br><br> **DEFENDANT TIMOTHY T. SIDLEY'S ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES FOR BREACH OF FIDUCIARY DUTIES, GROSS NEGLIGENCE, FRAUD AND UNJUST ENRICHMENT** <br><br> Hon. George Wu |

1    Defendant Timothy T. Sidley ("Mr. Sidley") hereby responds to the

2    allegations of the First Amended Complaint (the "Complaint") of plaintiff, the

3    National Credit Union Administration Board as Conservator of Western Corporate

4    Federal Credit Union (the "Conservator"), as follows:

5                        **JURISDICTION AND VENUE**

6        1.    Mr. Sidley admits, on information and belief, that Western Corporate

7    Federal Credit Union ("WesCorp") is a credit union with its corporate offices

8    located in San Dimas, California.  Mr. Sidley admits, on information and belief,

9    that WesCorp was placed into conservatorship by the National Credit Union

10   Administration Board in or around March 2009.  Mr. Sidley lacks knowledge or

11   information sufficient to form a belief as to the truth of the remaining allegations of

12   paragraph 1 of the Complaint.

13       2.    Paragraph 2 contains legal conclusions, to which no response is

14   required.  To the extent the allegations require a response, they are denied.

15       3.    Paragraph 3 contains legal conclusions, to which no response is

16   required.  To the extent the allegations require a response, they are denied.

17       4.    Paragraph 4 contains legal conclusions, to which no response is

18   required.  To the extent the allegations require a response, they are denied.

19                            **PARTIES**

20       5.    Mr. Sidley admits, on information and belief, that the National Credit

21   Union Administration Board is the conservator for WesCorp.

22       6.    Mr. Sidley admits, on information and belief, that Robert A. Siravo

23   ("Mr. Siravo") served as President and CEO of WesCorp.  Mr. Sidley lacks

24   knowledge or information sufficient to form a belief as to the dates Mr. Siravo

25   served in these capacities.  Mr. Sidley lacks knowledge or information sufficient to

26   form a belief as to the truth of the remaining allegations of paragraph 6 of the

27   Complaint.

28       7.    Mr. Sidley admits, on information and belief, that Todd M. Lane ("Mr.

1  Lane") served as Chief Financial Officer of WesCorp.  Mr. Sidley lacks knowledge
2  or information sufficient to form a belief as to the dates Mr. Lane served in this
3  capacity.  Mr. Sidley lacks knowledge or information sufficient to form a belief as
4  to the truth of the remaining allegations of paragraph 7 of the Complaint

5         8.    Mr. Sidley admits, on information and belief, that Robert J. Burrell
6  ("Mr. Burrell") served as an Executive Vice President and as the Chief Investment
7  Officer for WesCorp.  Mr. Sidley lacks knowledge or information sufficient to form
8  a belief as to the dates Mr. Burrell served in these capacities.  Mr. Sidley lacks
9  knowledge or information sufficient to form a belief as to the truth of the remaining
10  allegations of paragraph 8 of the Complaint.

11         9.    Mr. Sidley admits that he served as Vice President for Risk
12  Assessment for WesCorp starting on or about June 18, 1998 but denies that he
13  served as the Vice President for Risk Assessment for WesCorp through April 2,
14  2010.  Mr. Sidley admits that he also served as the Chief Risk Officer of WesCorp
15  but denies that he served as Chief Risk Officer of WesCorp beginning June 18,
16  1998 – Mr. Sidley did not begin serving as Chief Risk Officer of WesCorp until
17  October 3, 2006.  On or about July 9, 2009, Mr. Sidley ceased serving as the Vice
18  President for Risk Assessment and as the Chief Risk Officer, and began serving as
19  the Vice President of Strategic Projects until he retired from WesCorp on April 2,
20  2010.  Mr. Sidley admits that he currently resides in California.  The remaining
21  allegations of paragraph 9 of the Complaint contain legal conclusions, to which no
22  response is required.  To the extent the allegations require a response, they are
23  denied.

24        10.    Mr. Sidley lacks knowledge or information sufficient to form a belief
25  as to the truth of the allegations of paragraph 10 of the Complaint.

26        11.    Mr. Sidley lacks knowledge or information sufficient to form a belief
27  as to the truth of the allegations of paragraph 11 of the Complaint.

28        12.    Mr. Sidley lacks knowledge or information sufficient to form a belief

1    as to the truth of the allegations of paragraph 12 of the Complaint.

2        13.    Mr. Sidley lacks knowledge or information sufficient to form a belief

3    as to the truth of the allegations of paragraph 13 of the Complaint.

4        14.    Mr. Sidley lacks knowledge or information sufficient to form a belief

5    as to the truth of the allegations of paragraph 14 of the Complaint.

6        15.    Mr. Sidley lacks knowledge or information sufficient to form a belief

7    as to the truth of the allegations of paragraph 15 of the Complaint.

8        16.    Mr. Sidley lacks knowledge or information sufficient to form a belief

9    as to the truth of the allegations of paragraph 16 of the Complaint.

10       17.    Mr. Sidley lacks knowledge or information sufficient to form a belief

11   as to the truth of the allegations of paragraph 17 of the Complaint.

12       18.    Mr. Sidley lacks knowledge or information sufficient to form a belief

13   as to the truth of the allegations of paragraph 18 of the Complaint.

14       19.    Mr. Sidley lacks knowledge or information sufficient to form a belief

15   as to the truth of the allegations of paragraph 19 of the Complaint.

16       20.    Mr. Sidley lacks knowledge or information sufficient to form a belief

17   as to the truth of the allegations of paragraph 20 of the Complaint.

18       21.    Mr. Sidley lacks knowledge or information sufficient to form a belief

19   as to the truth of the allegations of paragraph 21 of the Complaint.

20       22.    Mr. Sidley denies the allegations of paragraph 22 of the Complaint.

21       23.    Mr. Sidley denies the allegations of paragraph 23 of the Complaint.

22                          **SUMMARY OF CLAIMS**

23       24.    Mr. Sidley admits, on information and belief, that WesCorp is a non-

24   profit corporate credit union run for the benefit of its members, who are themselves

25   credit union.  Mr. Sidley admits, on information and belief, that WesCorp provides

26   its members with banking and investment services.  The remaining allegations of

27   paragraph 24 of the Complaint contain legal conclusions, to which no response is

28   required.  To the extent the allegations require a response, they are denied.

25.     Mr. Sidley admits, on information and belief, that WesCorp is a corporate federal credit union and provides its members with banking and investment services.  Mr. Sidley admits, on information and belief, that Mr. Siravo served as President and CEO of WesCorp.  Mr. Sidley lacks knowledge or information sufficient to form a belief as to the dates Mr. Siravo served in those capacities.  Mr. Sidley lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 25 of the Complaint, and on that basis denies them.

26.     Mr. Sidley admits that WesCorp invested in securities, including private label mortgage backed securities ("MBS").  Mr. Sidley lacks knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 26 of the Complaint.

27.     Mr. Sidley lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the Complaint, and on that basis denies them.

28.     Mr. Sidley lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the Complaint, and on that basis denies them.

29.     Mr. Sidley lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 of the Complaint, and on that basis denies them.

30.     Mr. Sidley admits that WesCorp invested in MBS, including MBS based on Option ARM loans.  Mr. Sidley lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 30 of the Complaint, and on that basis denies them.

31.     Mr. Sidley admits that WesCorp invested in MBS, including MBS based on Option ARM loans.  Mr. Sidley lacks knowledge or information sufficient to form a belief as to the dollar value of MBS or Option ARM MBS in WesCorp's

1    2007 investment portfolio.  Mr. Sidley denies the remaining allegations of

2    paragraph 31 of the Complaint.

3         32.    Mr. Sidley admits, on information and belief, that the MBS loans that

4    WesCorp purchased for investment were rated AAA or at least AA by Moody's and

5    S&P, or both, and underwritten by leading investment banks.  Mr. Sidley denies the

6    remaining allegations of paragraph 32 of the Complaint.

7         33.    Mr. Sidley lacks knowledge or information sufficient to form a belief

8    as to the truth of the allegations regarding WesCorp's 2009 recorded losses, and on

9    that basis denies them, except to the extent they reference the contents of

10   WesCorp's 2009 financial statements, which speak for themselves.  Mr. Sidley

11   refers to WesCorp's 2009 financial statements for their contents and denies any

12   characterization inconsistent with their terms.  Mr. Sidley denies the remaining

13   allegations of paragraph 33 of the Complaint.

14        34.    Mr. Sidley lacks knowledge or information sufficient to form a belief

15   as to the truth of the allegations of paragraph 34 of the Complaint.

16        35.    Mr. Sidley lacks knowledge or information sufficient to form a belief

17   as to the truth of the allegations of paragraph 35 specifically identifying Messrs.

18   Siravo, Swedberg and Lane.  Mr. Sidley denies the remaining allegations of

19   paragraph 35 of the Complaint.

20                          **FACTUAL ALLEGATIONS**

21                       **The Federal Credit Union System**

22        36.    Mr. Sidley admits, on information and belief, that the federal credit

23   union system is a three-tier system consisting of (1) one wholesale corporate credit

24   union (U.S. Central Federal Credit Union); (2) retail corporate credit unions; and

25   (3) "natural person" credit unions.  Mr. Sidley further admits that the wholesale

26   corporate credit union, "U.S. Central," provides services to the retail corporate

27   credit unions, while the retail corporate credit unions provide services to both

28   federally-chartered and state-chartered natural person credit unions.  Mr. Sidley

1    lacks knowledge or information sufficient to form a belief as to the truth of the

2    remaining allegations of paragraph 36 of the Complaint.

3         37.    Mr. Sidley admits, on information and belief, that WesCorp was a

4    corporate credit union.  Mr. Sidley lacks knowledge or information sufficient to

5    form a belief as to the truth of the remaining allegations of paragraph 37 of the

6    Complaint.

7         38.    Mr. Sidley admits, on information and belief, that corporate credit

8    unions are owned by their members and that in the case of the retail corporate credit

9    union, the members are primarily natural person credit unions.

10        39.    Mr. Sidley admits, on information and belief, that retail corporate

11   credit unions provide services and support to their natural person credit union

12   members.  Mr. Sidley admits, on information and belief, that retail corporate credit

13   unions offer their natural person credit unions banking and investment products and

14   services, and that these products and services may include settlement of

15   transactions such as checks, ATM and credit card transactions and wire transfers.

16   Mr. Sidley lacks knowledge or information sufficient to form a belief as to the truth

17   of the remaining allegations of paragraph 39 of the Complaint.

18        40.    Mr. Sidley admits, on information and belief, that corporate credit

19   unions are non-profit organizations.  Mr. Sidley lacks knowledge or information

20   sufficient to form a belief as to the truth of the allegations regarding alleged

21   statements from WesCorp's website, and on that basis denies them, except to the

22   extent they reference the contents of WesCorp's website, which speaks for itself.

23   Mr. Sidley refers to WesCorp's website for its contents and denies any

24   characterization inconsistent with its terms.  Mr. Sidley lacks knowledge or

25   information sufficient to form a belief as to the truth of the remaining allegations of

26   paragraph 40 of the Complaint.

27        41.    Mr. Sidley lacks knowledge or information sufficient to form a belief

28   as to the truth of the allegations regarding alleged statements from WesCorp's

bylaws, and on that basis denies them, except to the extent they reference the contents of WesCorp's bylaws, which speak for themselves.  Mr. Sidley refers to WesCorp's bylaws for their contents and denies any characterization inconsistent with theirterms.  Mr. Sidley lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 41 of the Complaint.

42.    Mr. Sidley admits, on information and belief, that corporate credit unions pool the assets of their natural person credit union members and provide banking and investment services to its members.  The remaining allegations of paragraph 42 of the Complaint contain legal conclusions, to which no response is required.  To the extent the allegations require a response, they are denied.

43.    Mr. Sidley admits, on information and belief, that most credit unions in California became members of WesCorp.  Mr. Sidley admits, on information and belief, that WesCorp provided services to its credit union members.  Mr. Sidley lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 43 of the Complaint.

### WesCorp's Era of Growth

44.    Mr. Sidley lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44 of the Complaint, and on that basis denies them.

45.    Mr. Sidley admits, based on information and belief, that Mr. Siravo served as President and CEO of WesCorp.  Mr. Sidley lacks knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 45 of the Complaint, and on that basis denies them.

46.    Mr. Sidley lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46 of the Complaint, and on that basis denies them.

47.    Mr. Sidley lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47 of the Complaint, and on that basis

1    denies them.

2         48.    Mr. Sidley lacks knowledge or information sufficient to form a belief

3    as to the truth of the allegations of paragraph 48 of the Complaint, and on that basis

4    denies them.

5         49.    Mr. Sidley lacks knowledge or information sufficient to form a belief

6    as to the truth of the allegations of paragraph 49 of the Complaint, and on that basis

7    denies them.

8         50.    Mr. Sidley admits that for a period time, private label MBS were

9    typically higher-yielding than MBS issued by government agencies.  Mr. Sidley

10   lacks knowledge or information sufficient to form a belief as to the truth of the

11   remaining allegations of paragraph 50 of the Complaint, and on that basis denies

12   them.

13        51.    Mr. Sidley lacks knowledge or information sufficient to form a belief

14   as to the truth of the allegations of paragraph 51 of the Complaint, and on that basis

15   denies them.

16        52.    Mr. Sidley lacks knowledge or information sufficient to form a belief

17   as to the truth of the allegations of paragraph 52 of the Complaint, and on that basis

18   denies them.

19        53.    Mr. Sidley lacks knowledge or information sufficient to form a belief

20   as to the truth of the allegations of paragraph 53 of the Complaint, and on that basis

21   denies them.

22   **WesCorp's Increasing Concentration of Private Label MBS Investments**

23        54.    Mr. Sidley lacks knowledge or information sufficient to form a belief

24   as to the truth of the allegations of paragraph 54 of the Complaint, and on that basis

25   denies them.

26        55.    Mr. Sidley denies the allegations of the first sentence of paragraph 55

27   of the Complaint.  Mr. Sidley lacks knowledge or information sufficient to form a

28   belief as to the truth of the remaining allegations of paragraph 55 of the Complaint,

1   and on that basis denies them.

2       56.     Mr. Sidley admits, on information and belief, that WesCorp invested in

3   MBS, including Collateralized Debt Obligations ("CDOs") and Option ARM MBS.

4   Mr. Sidley lacks knowledge or information sufficient to form a belief as to the truth

5   of the remaining allegations of paragraph 56 of the Complaint, and on that basis

6   denies them.

7       57.     Mr. Sidley admits, on information and belief, that CDOs are shares in

8   a pool of MBS.  The remaining allegations of paragraph 57 contains legal

9   conclusions, to which no response is required.  To the extent the allegations require

10  a response, they are denied.

11      58.     Mr. Sidley admits, on information and belief, that WesCorp purchased

12  CDOs.  Mr. Sidley lacks knowledge or information sufficient to form a belief as to

13  the truth of the remaining allegations of paragraph 58 of the Complaint, and on that

14  basis denies them.

15      59.     Mr. Sidley admits, on information and belief, that Option ARM MBS

16  are shares in pools of Option ARM mortgages.  Mr. Sidley admits, on information

17  and belief, that in some instances Option ARM MBS monthly payments "reset."

18  Mr. Sidley lacks knowledge or information sufficient to form a belief as to the

19  remaining allegations of paragraph 59 of the Complaint, and on that basis denies

20  them.

21      60.     Mr. Sidley admits, on information and belief, that WesCorp invested in

22  Option ARM MBS.  Mr. Sidley lacks knowledge or information sufficient to form a

23  belief as to the truth of the remaining allegations of paragraph 60 of the Complaint,

24  and on that basis denies them.

25      61.     Mr. Sidley admits that WesCorp purchased certain MBS from lower

26  traunches and that cash flows are paid to higher traunches before they are paid to

27  lower traunches.  Mr. Sidley further admits that this means that the lower traunches

28  generally have a higher risk and, therefore, pay a higher yield.  Mr. Sidley further

1   admits that WesCorp's purchase of MBS from lower traunches generally increased
2   the yield and risk in its investment portfolio. Mr. Sidley lacks knowledge or
3   information sufficient to form a belief as to the truth of the remaining allegations of
4   paragraph 61 of the Complaint, and on that basis denies them.

5          62.    Mr. Sidley lacks knowledge or information sufficient to form a belief
6   as to the truth of the allegations of paragraph 62 of the Complaint, and on that basis
7   denies them.

8          63.    Mr. Sidley lacks knowledge or information sufficient to form a belief
9   as to the truth of the allegations of paragraph 63 of the Complaint, and on that basis
10  denies them.

11         64.    Mr. Sidley lacks knowledge or information sufficient to form a belief
12  as to the truth of the allegations of paragraph 64 of the Complaint, and on that basis
13  denies them.

14                 **WesCorp's Failure to Control MBS Concentration Risk**

15         65.    Mr. Sidley lacks knowledge or information sufficient to form a belief
16  as to the truth of the allegations regarding the content of specific WesCorp budgets
17  or the executive summary narrative for the budgets, documents which speak for
18  themselves. Mr. Sidley refers to the WesCorp budgets and the executive summary
19  narrative for the budgets and denies any characterization inconsistent with their
20  terms. Mr. Sidley denies the remaining allegations of paragraph 33 of the
21  Complaint.

22         66.    Mr. Sidley lacks knowledge or information sufficient to form a belief
23  as to the truth of the remaining allegations of paragraph 66 of the Complaint, and
24  on that basis denies them.

25         67.    Mr. Sidley admits, on information and belief, that Burrell and
26  WesCorp's Investment Department were responsible for ensuring that WesCorp's
27  investments earned the returns required to meet WesCorp's budget for investment
28  income and net interest income.

1    68.    Mr. Sidley denies the allegations of paragraph 68 of the Complaint.

2  Mr. Sidley headed the Risk Assessment Department at WesCorp. WesCorp's Risk

3  Assessment Department was not responsible for proposing concentration limits for

4  WesCorp's investment portfolio.

5    69.    Mr. Sidley lacks knowledge or information sufficient to form a belief

6  as to the truth of the remaining allegations of paragraph 69 of the Complaint, and

7  on that basis denies them.

8    70.    Mr. Sidley denies the allegations of paragraph 70 of the Complaint.

9  Mr. Sidley specifically denies any allegation of paragraph 70 of the Complaint that

10  he was in charge of proposing or adopting concentration limits for Option ARM

11  MBS in WesCorp's portfolio.

12    71.    Mr. Sidley denies the allegations of paragraph 71 of the Complaint.

13  Mr. Sidley specifically denies any allegation of paragraph 71 of the Complaint that

14  he was in charge of proposing or adopting concentration limits for Option ARM

15  MBS in WesCorp's portfolio.

16    72.    Mr. Sidley lacks knowledge or information sufficient to form a belief

17  as to the truth of the allegations of paragraph 72 of the Complaint, and on that basis

18  denies them.

19    73.    Mr. Sidley denies the allegations of paragraph 73 of the Complaint.

20  Mr. Sidley specifically denies any allegation of paragraph 73 of the Complaint that

21  he was in charge of proposing or adopting concentration limits for MBS in

22  WesCorp's portfolio.

23            **The Warnings of Risks in WesCorp's Portfolio**

24    74.    Mr. Sidley admits, on information and belief, the allegations of

25  paragraph 74 of the Complaint.

26    75.    Mr. Sidley lacks knowledge or information sufficient to form a belief

27  as to the truth of the allegations of paragraph 75 of the Complaint, and on that basis

28  denies them.

1       76.     Mr. Sidley admits, on information and belief, that WesCorp's

2 Investment Department reported at certain ALCO meetings that it was purchasing

3 Option ARM MBS.  Mr. Sidley lacks knowledge or information sufficient to form a

4 belief as to the truth of the remaining allegations of paragraph 76 of the Complaint,

5 and on that basis denies them.

6       77.     Mr. Sidley lacks knowledge or information sufficient to form a belief

7 as to the truth of the allegations of paragraph 77 of the Complaint, and on that basis

8 denies them.

9                             **WesCorp's Collapse**

10       78.     Mr. Sidley denies the first sentence of the allegations in paragraph 78

11 of the Complaint.  Mr. Sidley lacks knowledge or information sufficient to form a

12 belief as to the truth of the remaining allegations of paragraph 78 of the Complaint,

13 and on that basis denies them.

14       79.     Mr. Sidley lacks knowledge or information sufficient to form a belief

15 as to the truth of the allegations of paragraph 79 of the Complaint, and on that basis

16 denies them.

17       80.     Paragraph 80 contains legal conclusions, to which no response is

18 required.  To the extent the allegations require a response, they are denied.

19                         **The Improper SERP Payments**

20       81.     Mr. Sidley lacks knowledge or information sufficient to form a belief

21 as to the truth of the allegations of paragraph 81 of the Complaint, and on that basis

22 denies them.

23       82.     Mr. Sidley admits, on information and belief, the allegations of

24 paragraph 82 of the Complaint.

25       83.     Mr. Sidley lacks knowledge or information sufficient to form a belief

26 as to the truth of the allegations of paragraph 83 of the Complaint, and on that basis

27 denies them.

28       84.     Mr. Sidley lacks knowledge or information sufficient to form a belief

1    as to the truth of the allegations of paragraph 84 of the Complaint, and on that basis
2    denies them.

3        85.    Mr. Sidley lacks knowledge or information sufficient to form a belief
4    as to the truth of the allegations of paragraph 85 of the Complaint, and on that basis
5    denies them.

6        86.    Mr. Sidley lacks knowledge or information sufficient to form a belief
7    as to the truth of the allegations of paragraph 86 of the Complaint, and on that basis
8    denies them.

9        87.    Mr. Sidley lacks knowledge or information sufficient to form a belief
10   as to the truth of the allegations of paragraph 87 of the Complaint, and on that basis
11   denies them.

12       88.    Mr. Sidley lacks knowledge or information sufficient to form a belief
13   as to the truth of the allegations of paragraph 88 of the Complaint, and on that basis
14   denies them.

15       89.    Mr. Sidley lacks knowledge or information sufficient to form a belief
16   as to the truth of the allegations of paragraph 89 of the Complaint, and on that basis
17   denies them.

18       90.    Mr. Sidley lacks knowledge or information sufficient to form a belief
19   as to the truth of the allegations of paragraph 90 of the Complaint, and on that basis
20   denies them.

21       91.    Mr. Sidley lacks knowledge or information sufficient to form a belief
22   as to the truth of the allegations of paragraph 91 of the Complaint, and on that basis
23   denies them.

24       92.    Mr. Sidley lacks knowledge or information sufficient to form a belief
25   as to the truth of the allegations of paragraph 92 of the Complaint, and on that basis
26   denies them.

27       93.    Mr. Sidley lacks knowledge or information sufficient to form a belief
28   as to the truth of the allegations of paragraph 93 of the Complaint, and on that basis

1    denies them.

2       94.    Mr. Sidley lacks knowledge or information sufficient to form a belief

3    as to the truth of the allegations of paragraph 94 of the Complaint, and on that basis

4    denies them.

5       95.    Mr. Sidley lacks knowledge or information sufficient to form a belief

6    as to the truth of the allegations of paragraph 95 of the Complaint, and on that basis

7    denies them.

8       96.    Mr. Sidley lacks knowledge or information sufficient to form a belief

9    as to the truth of the allegations of paragraph 96 of the Complaint, and on that basis

10   denies them.

11      97.    Mr. Sidley lacks knowledge or information sufficient to form a belief

12   as to the truth of the allegations of paragraph 97 of the Complaint, and on that basis

13   denies them.

14      98.    Mr. Sidley lacks knowledge or information sufficient to form a belief

15   as to the truth of the allegations of paragraph 98 of the Complaint, and on that basis

16   denies them.

17      99.    Mr. Sidley lacks knowledge or information sufficient to form a belief

18   as to the truth of the allegations of paragraph 99 of the Complaint, and on that basis

19   denies them.

20      100.   Mr. Sidley lacks knowledge or information sufficient to form a belief

21   as to the truth of the allegations of paragraph 100 of the Complaint, and on that

22   basis denies them.

23      101.   Mr. Sidley lacks knowledge or information sufficient to form a belief

24   as to the truth of the allegations of paragraph 101 of the Complaint, and on that

25   basis denies them.

26      102.   Mr. Sidley lacks knowledge or information sufficient to form a belief

27   as to the truth of the allegations of paragraph 102 of the Complaint, and on that

28   basis denies them.

103.   Mr. Sidley lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 103 of the Complaint, and on that basis denies them.

104.   Mr. Sidley lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 104 of the Complaint, and on that basis denies them.

105.   Mr. Sidley lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 105 of the Complaint, and on that basis denies them.

106.   Mr. Sidley lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 106 of the Complaint, and on that basis denies them.

107.   Mr. Sidley lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 107 of the Complaint, and on that basis denies them.

108.   Mr. Sidley lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 108 of the Complaint, and on that basis denies them.

109.   Mr. Sidley lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 109 of the Complaint, and on that basis denies them.

## **FIRST CLAIM FOR RELIEF**

### **(Breach of Fiduciary Duties — Against All Defendants, Except Swedberg)**

110.   Mr. Sidley incorporates by reference his responses to paragraphs 1 through 80 of the Complaint as though set forth in full.

111.   Paragraph 111 contains legal conclusions, to which no response is required.  To the extent the allegations require a response, they are denied.

112.   Paragraph 112 contains legal conclusions, to which no response is

1  required. To the extent the allegations require a response, they are denied.

2    113.  Paragraph 113 contains legal conclusions, to which no response is

3  required. To the extent the allegations require a response, they are denied.

4    114.  Paragraph 114 contains legal conclusions, to which no response is

5  required. To the extent the allegations require a response and to the extent the

6  allegations are directed towards Mr. Sidley, Mr. Sidley denies those allegations. To

7  the extent a further response is required, Mr. Sidley lacks knowledge or information

8  sufficient to form a belief as to the truth of those allegations, and on that basis

9  denies them.

10    115.  Mr. Sidley lacks knowledge or information sufficient to form a belief

11  as to the truth of the allegations of paragraph 115 of the Complaint, and on that

12  basis denies them.

13    116.  Paragraph 116 contains legal conclusions, to which no response is

14  required. To the extent the allegations require a response and to the extent the

15  allegations are directed towards Mr. Sidley, Mr. Sidley denies those allegations. To

16  the extent a further response is required, Mr. Sidley lacks knowledge or information

17  sufficient to form a belief as to the truth of those allegations, and on that basis

18  denies them.

19    117.  Paragraph 117 contains legal conclusions, to which no response is

20  required. To the extent the allegations require a response and to the extent the

21  allegations are directed towards Mr. Sidley, Mr. Sidley denies those allegations. To

22  the extent a further response is required, Mr. Sidley lacks knowledge or information

23  sufficient to form a belief as to the truth of those allegations, and on that basis

24  denies them.

25              **SECOND CLAIM FOR RELIEF**

26    **(Gross Negligence — Against All Defendants, Except Swedberg)**

27    118.  Mr. Sidley incorporates by reference his responses to paragraphs 111

28  through 117 of the Complaint as though set forth in full.

119.   Paragraph 119 contains legal conclusions, to which no response is required.  To the extent the allegations require a response, they are denied.

120.   Paragraph 120 contains legal conclusions, to which no response is required.  To the extent the allegations require a response and to the extent the allegations are directed towards Mr. Sidley, Mr. Sidley denies those allegations.  To the extent a further response is required, Mr. Sidley lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis denies them.

121.   Paragraph 121 contains legal conclusions, to which no response is required.  To the extent the allegations require a response and to the extent the allegations are directed towards Mr. Sidley, Mr. Sidley denies those allegations.  To the extent a further response is required, Mr. Sidley lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis denies them.

122.   Paragraph 122 contains legal conclusions, to which no response is required.  To the extent the allegations require a response and to the extent the allegations are directed towards Mr. Sidley, Mr. Sidley denies those allegations.  To the extent a further response is required, Mr. Sidley lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis denies them.

123.   Paragraph 123 contains legal conclusions, to which no response is required.  To the extent the allegations require a response and to the extent the allegations are directed towards Mr. Sidley, Mr. Sidley denies those allegations.  To the extent a further response is required, Mr. Sidley lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis denies them.

## **THIRD CLAIM FOR RELIEF**

### **(Breach of Fiduciary Duty — Against Siravo and Swedberg)**

124. Mr. Sidley incorporates by reference his responses to paragraphs 1 through 23 and 81 through 105 of the Complaint as though set forth in full.

125. Paragraph 125 contains legal conclusions, to which no response is required. To the extent the allegations require a response, Mr. Sidley lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis denies them.

126. Mr. Sidley lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 126 of the Complaint, and on that basis denies them.

127. Mr. Sidley lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 127 of the Complaint, and on that basis denies them.

128. Mr. Sidley lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 128 of the Complaint, and on that basis denies them.

129. Mr. Sidley lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 129 of the Complaint, and on that basis denies them.

## **FOURTH CLAIM FOR RELIEF**

### **(Fraud — Against Siravo and Swedberg)**

130. Mr. Sidley incorporates by reference his responses to paragraphs 1 through 23, 81 through 105, and 125 through 129 of the Complaint as though set forth in full.

131. Paragraph 131 contains legal conclusions, to which no response is required. To the extent the allegations require a response, Mr. Sidley lacks knowledge or information sufficient to form a belief as to the truth of those

allegations, and on that basis denies them.

132.   Mr. Sidley lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 132 of the Complaint, and on that basis denies them.

133.   Mr. Sidley lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 133 of the Complaint, and on that basis denies them.

134.   Mr. Sidley lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 134 of the Complaint, and on that basis denies them.

135.   Mr. Sidley lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 135 of the Complaint, and on that basis denies them.

136.   Mr. Sidley lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 136 of the Complaint, and on that basis denies them.

137.   Mr. Sidley lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 137 of the Complaint, and on that basis denies them.

## FIFTH CLAIM FOR RELIEF

### (Breach of Fiduciary Duty — Against Siravo)

138.   Mr. Sidley incorporates by reference his responses to paragraphs 1 through 23 and 81 through 109 of the Complaint as though set forth in full.

139.   Paragraph 139 contains legal conclusions, to which no response is required.  To the extent the allegations require a response, Mr. Sidley lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis denies them.

140.   Paragraph 140 contains legal conclusions, to which no response is

1   required.  To the extent the allegations require a response, Mr. Sidley lacks
2   knowledge or information sufficient to form a belief as to the truth of those
3   allegations, and on that basis denies them.

4   141.   Mr. Sidley lacks knowledge or information sufficient to form a belief
5   as to the truth of the allegations of paragraph 141 of the Complaint, and on that
6   basis denies them.

7   142.   Mr. Sidley lacks knowledge or information sufficient to form a belief
8   as to the truth of the allegations of paragraph 142 of the Complaint, and on that
9   basis denies them.

10  **SIXTH CLAIM FOR RELIEF**
11  **(Unjust Enrichment — Against Lane)**

12  143.   Mr. Sidley incorporates by reference his responses to paragraphs 1
13  through 23, 81 through 109, and 139 through 142 of the Complaint as though set
14  forth in full.

15  144.   Paragraph 144 contains legal conclusions, to which no response is
16  required.  To the extent the allegations require a response, Mr. Sidley lacks
17  knowledge or information sufficient to form a belief as to the truth of those
18  allegations, and on that basis denies them.

19  145.   Mr. Sidley lacks knowledge or information sufficient to form a belief
20  as to the truth of the allegations of paragraph 145 of the Complaint, and on that
21  basis denies them.

22  146.   Mr. Sidley lacks knowledge or information sufficient to form a belief
23  as to the truth of the allegations of paragraph 146 of the Complaint, and on that
24  basis denies them.

25  147.   Mr. Sidley lacks knowledge or information sufficient to form a belief
26  as to the truth of the allegations of paragraph 147 of the Complaint, and on that
27  basis denies them.

28

## DEFENSES

As and for his defenses, Mr. Sidley alleges as follows and reserves the right to assert additional defenses in the event that discovery indicates they would be appropriate.

### FIRST AFFIRMATIVE DEFENSE

(Standing)

The Complaint, and each and every cause of action alleged therein against Mr. Sidley, is barred, in whole or in part, because plaintiff lacks standing to assert the claims alleged in this action.

### SECOND AFFIRMATIVE DEFENSE

(Failure to State a Claim)

The Complaint, and each cause of action alleged therein against Mr. Sidley, fails to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

(No Duty)

The Complaint, and each cause of action alleged therein against Mr. Sidley, fails to state a legally cognizable duty owed to plaintiff by Mr. Sidley.

### FOURTH AFFIRMATIVE DEFENSE

(Loyalty, Prudent Person, Candor, Good Faith)

The Complaint, and each cause of action alleged therein against Mr. Sidley, is barred, in whole or in part, because at all times Mr. Sidley acted prudently, honestly, in good faith, with full candor, and in the best interest of WesCorp.

### FIFTH AFFIRMATIVE DEFENSE

(Due Diligence and Reasonable Investigation)

The Complaint, and each cause of action alleged therein against Mr. Sidley, is barred, in whole or in part, because each and every act and omission by Mr. Sidley was made after reasonable investigation, and Mr. Sidley had reasonable grounds to believe, and did believe, that such acts or omissions were prudent given

the circumstances.

## SIXTH AFFIRMATIVE DEFENSE

### (Business Judgment Rule)

The Complaint, and each cause of action alleged therein against Mr. Sidley, is barred, in whole or in part, because at all times Mr. Sidley's acts and omissions were made on an informed basis, in good faith, in the honest belief that such acts and omissions were in the best interest of WesCorp, and the product of reasonable business judgment.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Gross Negligence)

The Complaint, and each cause of action alleged therein against Mr. Sidley, is barred, in whole or in part, because at all times Mr. Sidley's acts and omissions were made in good faith, honestly, and reasonably prudent given the circumstances.

## EIGHTH AFFIRMATIVE DEFENSE

### (Reliance on Others)

The Complaint, and each cause of action alleged therein against Mr. Sidley, is barred, in whole or in part, because every act or omission by Mr. Sidley alleged in the Complaint, if it occurred at all, was made or occurred in reasonable good faith reliance on the statements and representations of others upon which Mr. Sidley was entitled to rely.

## NINTH AFFIRMATIVE DEFENSE

### (Reliance on Professionals)

The Complaint, and each cause of action alleged therein against Mr. Sidley, is barred, in whole or in part, because Mr. Sidley relied in good faith upon the professional judgments of WesCorp's professionals, as well as its inside and outside auditors, investment bankers and ratings agencies and counsel at the time of the alleged acts concerning matters which he reasonably believed to be within such persons' professional or expert competence.

1    **TENTH AFFIRMATIVE DEFENSE**

2    (Conduct of Others)

3    The Complaint, and each cause of action alleged therein against Mr. Sidley,

4    is barred, in whole or in part, to the extent plaintiff purports to hold Mr. Sidley

5    responsible for alleged breaches of fiduciary duties, negligence, or conduct engaged

6    in, by third parties or other defendants.

7    **ELEVENTH AFFIRMATIVE DEFENSE**

8    (Indemnification, Contribution and Proportionate Liability)

9    Without in any way admitting that plaintiff has suffered any loss as alleged in

10   the Complaint, to the extent any loss has been sustained, Mr. Sidley is entitled to

11   indemnification and/or contribution from others, named or unnamed in this action,

12   relating to such alleged losses, including but not limited to indemnification from

13   co-defendants who caused or contributed to damages allegedly incurred and from

14   plaintiff pursuant to the California Labor Code or other applicable laws.

15   **TWELFTH AFFIRMATIVE DEFENSE**

16   (Apportionment)

17   Without admitting that plaintiff suffered damages in any amount, or that Mr.

18   Sidley or any defendant is or should be liable for any such damages, Mr. Sidley

19   asserts that his liability and the liability of any other responsible persons, named or

20   unnamed, should be apportioned according to their relative degrees of fault, and

21   any alleged liability of Mr. Sidley should be reduced accordingly.

22   **THIRTEENTH AFFIRMATIVE DEFENSE**

23   (Lack of Injury to Plaintiff)

24   The Complaint, and each cause of action alleged therein against Mr. Sidley,

25   is barred, in whole or in part, because plaintiff has not suffered any legally

26   cognizable injury or damage.

27

28

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No Causation)

The Complaint, and each cause of action alleged therein against Mr. Sidley, is barred, in whole or in part, because Mr. Sidley did not directly or indirectly cause the alleged damages complained of in the Complaint.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Intervening or Superseding Cause)

The Complaint, and each cause of action alleged therein against Mr. Sidley, is barred, in whole or in part, because plaintiff's alleged damages, if any, were the result of one or more intervening or superseding causes or caused by the acts and/or failures to act of persons and/or entities other than Mr. Sidley, and were not the result of any act or omission on the part of Mr. Sidley.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Macroeconomic Factors)

The Complaint, and each cause of action alleged therein against Mr. Sidley, is barred, in whole or in part, because plaintiff's injuries or damages, to the extent they exist, were caused by supervening events unconnected to Mr. Sidley, including macroeconomic and mortgage industry events that constrained WesCorp's access to the credit and capital markets and affected its liquidity.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Laches)

The Complaint, and each cause of action alleged therein against Mr. Sidley, is barred, in whole or in part, by the doctrine of laches.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Waiver)

The Complaint, and each cause of action alleged therein against Mr. Sidley, is barred, in whole or in part, by the doctrine of waiver.

**NINETEENTH AFFIRMATIVE DEFENSE**

(Estoppel)

The Complaint, and each cause of action alleged therein against Mr. Sidley, is barred, in whole or in part, because by the doctrine of estoppel because, by its words, actions and failures to act, plaintiff is equitably estopped from asserting each of the purported causes of action alleged in the Complaint and/or from obtaining any of the relief sought thereby.

**TWENTIETH AFFIRMATIVE DEFENSE**

(*In Pari Delicto*, Unclean Hands)

The Complaint, and each cause of action alleged therein against Mr. Sidley, is barred, in whole or in part, by the doctrines of *in pari delicto* and/or unclean hands.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

(Consent, Approval, Acquiescence, Participation, Ratification)

The Complaint, and each cause of action alleged therein against Mr. Sidley, is barred, in whole or in part, because of plaintiff's own consent, approval, acquiescence, participation and/or ratification at any time in any activity that plaintiff challenges as improper. In addition, the claims against Mr. Sidley are barred because the acts stated were ratified or approved by the National Credit Union Administration Board and/or other state and federal agencies or entities.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

(Statute of Limitations)

The Complaint, and each cause of action alleged therein against Mr. Sidley, is barred, in whole or in part, because of the applicable statute(s) of limitations and/or period(s) of repose.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

(Unjust Enrichment)

The Complaint, and each cause of action alleged therein against Mr. Sidley,

1  is barred, in whole or in part, because plaintiff would be unjustly enriched if it were

2  allowed to recover in this action. Furthermore, without admitting that plaintiff has

3  suffered any loss as a result of an act or omission alleged in the Complaint, any

4  damages awarded in connection with the claims asserted in this action are offset

5  and/or must be reduced by the amount of the tax benefit accruing to plaintiff, by

6  virtue of its deduction of capital loss, in order to prevent unjust enrichment of those

7  individuals.

8                    **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

9                         (No Entitlement to Compensatory Damages)

10        Plaintiff is not entitled to recover the compensatory damages requested in the

11  Complaint.

12                    **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

13                     (No Entitlement to Exemplary or Punitive Damages)

14        Plaintiff is precluded from recovering exemplary or punitive damages, either

15  in whole or in part, from Mr. Sidley under the applicable provisions of the law,

16  including, without limitation, California Civil Code section 3294, the United States

17  Constitution and/or the California Constitution.

18                    **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

19                          (No Entitlement to Costs of Litigation)

20        Plaintiff is not entitled to recover their costs and expenses incurred in this

21  action, including without limitation, attorneys' fees, from Mr. Sidley.

22

23  DATED: November 1, 2010        Edwin V. Woodsome, Jr.
                                    Andrew S. Wong
24                                  Seth E. Freilich
                                    ORRICK, HERRINGTON & SUTCLIFFE LLP
25

26                                  By:_____*/s/ Seth E. Freilich*_____
                                            SETH E. FREILICH
27
                                    Attorneys For Defendant
28                                  TIMOTHY T. SIDLEY

1

### **JURY DEMAND**

2      Mr. Sidley hereby demands a trial by jury on all issues so triable.

3

4   DATED:  November  1, 2010         Edwin V. Woodsome, Jr.
                                      Andrew S. Wong
5                                     Seth E. Freilich
                                      ORRICK, HERRINGTON & SUTCLIFFE LLP
6

7                                     By:_____ */s/ Seth E. Freilich*
                                              SETH E. FREILICH
8

9                                     Attorneys For Defendant
                                      TIMOTHY T. SIDLEY
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28