CHAPIN FITZGERALD SULLIVAN LLP
   Kenneth M. Fitzgerald, Esq. (SBN: 142505)
   kfitzgerald@cfslawfirm.com
   Curtis G. Carll, Esq. (SBN: 248470)
   ccarll@cfslawfirm.com
550 West "C" Street, Suite 2000
San Diego, California 92101
Tel: (619) 241-4810
Fax: (619) 955-5318

Attorneys for Defendant
TODD M. LANE

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NATIONAL CREDIT UNION ADMINISTRATION BOARD AS CONSERVATOR FOR WESTERN CORPORATE FEDERAL CREDIT UNION<br><br>      Plaintiff,<br><br>vs.<br><br>ROBERT A. SIRAVO, TODD M. LANE, ROBERT J. BURRELL, THOMAS E. SWEDBERG, TIMOTHY T. SIDLEY, ROBERT H. HARVEY, JR., WILLIAM CHENEY, GORDON DAMES, JAMES P. JORDAN, TIMOTHY KRAMER, ROBIN J. LENTZ, JOHN M. MERLO, WARREN NAKAMURA, BRIAN OSBERG, DAVID RHAMY and SHARON UPDIKE,<br><br>      Defendants | Case No.: CV10-01597 GW (MANx)<br><br>**Memorandum in Support of Defendant Todd M. Lane's Motion to Dismiss Plaintiff's First Amended Complaint**<br><br>Date: December 20, 2010<br>Time: 8:30 a.m.<br>Courtroom: Los Angeles, 10<br><br>Honorable George H. Wu |

This memorandum adopts—except Part III, Section C—the memorandum in support of Defendants' Motion to Dismiss Plaintiff's First Amended Complaint, filed by Defendants Burrell, Cheney, Dames, Harvey, Jordan, Kramer, Lentz, Merlo, Nakamura, Osberg, Rhamy, and Updike on November 1, 2010.

In addition to the arguments made in Defendants' memorandum, Defendants Lane respectfully submits these arguments, which apply particularly to him, and follow Part III, Section A.2.d of Defendants' memorandum.

**The FAC does not allege facts particular to Todd Lane.**

The FAC makes no specific allegations explaining how Mr. Lane breached his fiduciary duties to WesCorp—or how those breaches led to WesCorp's alleged billion-dollar losses.  The complaint states that Mr. Lane was the Chief Financial Officer of WesCorp from 1998 to April 2008, FAC ¶ 7, and that he and other officers proposed budgets to the Board and attended some meetings of the Asset and Liability Committee, *id.* ¶¶ 65, 74–77.  That's it.  The FAC does not describe Mr. Lane's role in, or responsibility for, any of the decisions that allegedly led to WesCorp's conservatorship.  *Id.* ¶ 114 a–h.

For instance, of the eight acts that the FAC claims show breach of fiduciary duties, five relate to concentration limits on investments.  FAC ¶ 114 c–f, h.  There is not a single allegation that Mr. Lane had the responsibility for concentration limits, that he played a role in setting them, or even that he had the authority to weigh in on them.  The other three alleged breaches involve strategic business decisions (and therefore are immune from liability) about WesCorp's growth.  Even if an officer could be liable for strategic business decisions, there are no allegations of Mr. Lane's role or responsibility for them. *Id.* ¶ 114 a, b, g.

The FAC does mention that WesCorp had a Risk Assessment Department "responsible for adopting prudent concentration limits for its

2

investment portfolio." FAC ¶ 68 (the FAC incorrectly refers to Risk Assessment as Risk Management). WesCorp also had an Investment Department responsible for investment returns. *Id.* ¶¶ 67, 74–76. But there are no allegations that Mr. Lane was involved with either.

The FAC's First and Second Claims for Relief also don't accuse Mr. Lane of misleading the Board for his own gain—in fact, there are no allegations that he misled the Board at all. The closest those two claims come to alleging a misrepresentation is that the executive summary of the officers' yearly budget proposal (allegedly) contained "very little information" about WesCorp's income from, and change in, its investment portfolio. FAC ¶ 65. The next allegation, however, likely referring to the reams of documents that backed up the summaries, says the exact opposite: that WesCorp's budgets did, in fact, "reflect that WesCorp actively planned both to increase its borrowings to fund investments and to increase the spread required in its investment portfolio." *Id.* ¶ 66. The officers and directors of WesCorp, according to the complaint, made informed, reasonable decisions to grow the company in order to expand its services, rather than for person gain. *Id.* ¶¶ 28, 52. Those decisions are shielded from liability that is based on nothing more than hindsight bias. *See, e.g., In re Citigroup Inc. S'holder Derivative Litig.*, 964 A.2d 106, 124 (Del. Ch. 2009) (dismissing complaint for trying "to hold the director defendants personally liable for making (or allowing to be made) business decisions that, in hindsight, turned out poorly for the Company.").

A complaint should be dismissed if it lumps together its claims of breach of fiduciary duties against an officer with the same claims against directors. To avoid dismissal, the complaint must "allege facts demonstrating (1) [the officer] took part in the challenged conduct and (2) [the officer] failed to demonstrate the due care attendant to his particular office in doing so." *Bridgeport Holdings, Inc. Liquidating Trust v. Boyer*, 388 B.R. 548, 573 (Bankr. D. Del. 2008). The

reasoning is practical: "Different corporate offices obviously hold different responsibilities. For example, the responsibilities of [VP] of Marketing are not the same as those of a General Counsel." *Id.*  A complaint must describe what responsibilities an officer had—otherwise "it is not possible to discern what a particular defendant did or failed to do in the exercise of due care in his capacity as holder of that office." *Id.*

The FAC does not describe Mr. Lane's role within WesCorp.  It doesn't allege what he was responsible for.  It doesn't allege the decisions he made or participated in.  In other words, the FAC doesn't state a claim against Mr. Lane.  *Cf. Gantler v. Stephens*, 965 A.2d 695, 709 (Del. 2009) (denying a motion to dismiss as to officers because—unlike the FAC—the complaint "sufficiently detailed acts of wrongdoing").

The same is true for the Second Claim for Relief for gross negligence.  To avoid dismissal, the FAC must allege a duty, then a breach of that duty, then damages proximately caused by that breach.  *See Martinez v. United States,* 2010 U.S. Dist. LEXIS 105763,*20–21 (C.D. Cal. Mar. 25, 2010).  The FAC does not do so, with any facts about Mr. Lane's alleged acts or omissions.

DATED:  November 1, 2010                CHAPIN FITZGERALD SULLIVAN LLP


By:      */s/ Curtis G. Carll*
         Kenneth M. Fitzgerald, Esq.
         Curtis G. Carll, Esq.
         Attorneys for Defendant
         TODD M. LANE