Michael H. Bierman, State Bar No. 89156
Michael E. Pappas, State Bar No. 130400
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
601 S. Figueroa, Suite 3900
Los Angeles, California 90017
Telephone: 213.892.4992
Facsimile: 213.892.7731
E-Mail: mbierman@luce.com
    mpappas@luce.com

Attorneys for Plaintiff and Intervenor, National Credit Union Administration Board As Conservator For Western Corporate Federal Credit Union

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL CREDIT UNION ADMINISTRATION BOARD AS CONSERVATOR FOR WESTERN CORPORATE FEDERAL CREDIT UNION,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT A. SIRAVO, TODD M. LANE, ROBERT J. BURRELL, THOMAS E. SWEDBERG, TIMOTHY T. SIDLEY, ROBERT H. HARVEY, JR., WILLIAM CHENEY, GORDON DAMES, JAMES P. JORDAN, TIMOTHY KRAMER, ROBIN J. LENTZ, JOHN M. MERLO, WARREN NAKAMURA, BRIAN OSBERG, DAVID RHAMY and SHARON UPDIKE,<br><br>Defendants. | Case No.: CV10-01597 GW (MANx)<br><br>**OPPOSITION OF PLAINTIFF NATIONAL CREDIT UNION ADMINISTRATION BOARD AS CONSERVATOR FOR WESTERN CORPORATE FEDERAL CREDIT UNION TO DEFENDANT TODD LANE'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Date: December 20, 2010<br>Time: 8:30 a.m.<br>Judge: Hon. George Wu |

# TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................................1

THE ALLEGATIONS AGAINST LANE IN THE FIRST AMENDED COMPLAINT....................................................................................................1

APPLICABLE LEGAL STANDARD ........................................................................3

LEGAL ARGUMENT.................................................................................................4

I. THE BUSINESS JUDGMENT RULE DOES NOT APPLY TO LANE. ...............................................................................................................4

II. THE COMPLAINT PLEADS CLAIMS AGAINST LANE FOR BREACH OF FIDUCIARY DUTY AND GROSS NEGLIGENCE. .............5

   A. The First Amended Complaint Sufficiently Alleges Negligent Breach Of Fiduciary Duty As To Lane...................................................5

   B. The Allegations Against Lane Are Sufficient To State A Claim For Gross Negligence.................................................................................6

   C. The First Amended Complaint Sufficiently Alleges Lane's Roles and Responsibilities Under Rule 8............................................................7

CONCLUSION............................................................................................................9

# TABLE OF AUTHORITIES

Page
**CASES**

*Ashcroft v. Iqbal,*
  - U.S.-, 129 S. Ct. 1937,
  173 L. Ed. 2d 868 (2009)..................................................................4

*Balistreri v. Pacifica Police Dep't,*
  901 F.2d 696 (9th Cir. 1988)............................................................3

*Bancroft-Whitney Co. v. Glen,*
  64 Cal. 2d 327 (1966)......................................................................6

*Brummett v. County of Sacramento*
  21 Cal. 3d 880 (1978)......................................................................6

*GAB Business Services, Inc. v. Lindsey & Newsom Claim Services, Inc.,*
  83 Cal. App. 4th 409 (2000).............................................................5

*Gilligan v. Jamco Development Corp.,*
  108 F.3d 246 (9th Cir. 1997)............................................................4

*Guth v. Loft,*
  23 Del. Ch. 255,
  5 A.2d 503 (1939)............................................................................6

*Laird v. T. W. Mather, Inc.,*
  51 Cal. 2d 210 (1958)......................................................................6

*Reeves v. Hanlon,*
  33 Cal. 4th 1140 (2004)...................................................................5

*Sprewell v. Golden State Warriors,*
  266 F.3d 979 amended on other grounds,
  275 F.3d 1187 (9th Cir. 2001).........................................................4

**STATUTES**

Federal Rule of Civil Procedure
  Section 12(b)(6)...............................................................................4

## INTRODUCTION

Defendant Todd M. Lane ("Lane") was the Chief Financial Officer of the Western Corporate Federal Credit Union ("WesCorp") and functioned as its second-in-command. Lane has moved to dismiss the First Amended Complaint filed by the National Credit Union Administration Board as Conservator for Western Corporate Federal Credit Union (the "NCUA") (1) on the grounds stated in the motion to dismiss filed by the Directors; and (2) because the First Amended Complaint does not contain sufficient allegations specifically about him to state valid claims for relief.[1]

Lane's joinder in the Directors' motion should be denied for the reasons stated in the NCUA's opposition to that motion. In addition, the focus of the Directors' motion is that the NCUA's First Amended Complaint does not plead sufficient facts to overcome the presumption of California's business judgment rule. That rule does not apply to the acts and omissions of corporate officers like Lane.

The allegations against Lane are sufficient to put him on fair notice under Rule 8 of the Federal Rules of Civil Procedure of the claims against him. Contrary to Lane's arguments, there is no special pleading requirement for a breach of fiduciary duty claim against a corporate officer. In addition to the allegations specifically naming Lane, the First Amended Complaint contains numerous allegations of acts and omissions by the Officer Defendants, a group that included Lane.

## THE ALLEGATIONS AGAINST LANE IN THE FIRST AMENDED COMPLAINT

The allegations of the First Amended Complaint are described in detail in the NCUA's Opposition to the Directors' Motion to Dismiss at pp. 4-7. With respect to

---

[1] Lane's motion is directed to the entire complaint. However, he does not include any arguments addressing the Sixth Claim for Relief for unjust enrichment as a result of an early payout of his retirement plan.

Lane, the First Amended Complaint alleges that he was WesCorp's Chief Financial Officer from March 9, 1998 to April 18, 2008, and that he functioned as second-in-command at WesCorp from 2004 until 2008. First Amended Complaint ("FAC") ¶ 7. Lane, along with President and Chief Executive Officer Robert Siravo and Executive Vice President and Chief Investment Officer Robert Burrell, were WesCorp's primary management team and are referred to in the complaint (along with Timothy Sidley) as the "Officer Defendants." FAC ¶¶ 6-9.

The First Amended Complaint alleges that Lane and the other Officer Defendants prepared and proposed to the board of directors a budget for WesCorp each year. FAC ¶ 65. As Chief Financial Officer, Lane was responsible for the budget which, although it contained detailed information about the proposed projected expenses and projected fee income, contained very little information about the projected investment income, investment expense and net interest income, except the monthly projected totals. *Id.* In particular, the budgets contained no information about how the composition of WesCorp's investment portfolio would need to change to achieve the net interest income projected in the budgets, and the executive summary narratives for the budgets were also silent on the subject. *Id.*

The budgets prepared by Lane and the other Officer Defendants required an increasing yield from WesCorp's investment portfolio. FAC ¶¶ 50, 66. They also directed that WesCorp increase its borrowings to fund investments and increase the spread required in its investment portfolio. FAC ¶ 66. Simply put, the budget with its required yields was dictating the composition of WesCorp's investment portfolio, and Lane as Chief Financial Officer was responsible for the budget.

The First Amended Complaint alleges that the increased yields were required to generate large amounts of net interest income that was used to justify increased compensation for WesCorp's top executives, including Lane. FAC ¶ 53. It further alleges that as a result of an agreement made with Siravo and without board approval, Lane received a $1.3 million "early payout" of his retirement plan in 2006

and $75,000 in additional retirement payments in both 2007 and 2008, on top of his regular salary and bonus. FAC ¶¶ 106-109.

In requiring the increased yields, the First Amended Complaint alleges that Lane, as part of the leadership team, caused WesCorp to lower its concentration of U.S. Government Agency MBS in WesCorp's portfolio and increase its concentration of higher risk private label mortgage-backed securities ("MBS"). FAC ¶ 55. The Officer Defendants never proposed concentration limits for Option ARM MBS, despite the inherent riskiness of the product, never proposed policies requiring tracking or reporting of the concentration of Option ARM MBS in WesCorp's portfolio, never proposed policies requiring reporting of concentration by tranche position, and recommended to WesCorp's board that WesCorp simply raise its concentration limits for MBS so that it could meet the investment income levels required by the budget. FAC ¶¶ 70-73.

The First Amended Complaint alleges that Lane and the Officer Defendants were aware of the deteriorating housing market, the tightening investment spreads, and the inability to find good investments. FAC ¶¶ 74, 75, 77. He was aware that WesCorp was purchasing significant quantities of Option ARM MBS, but he, along with the other Officer Defendants, failed to re-evaluate WesCorp's investment strategy, concentration limits, or other matters to lower risk. FAC ¶¶ 31, 114.

The First Amended Complaint alleges that as a result of the failure of the Officer Defendants to control WesCorp's concentration of Option ARM and lower tranche MBS, WesCorp was required to recognize severe losses, which ultimately led to its closure. FAC ¶¶ 78-80.

## APPLICABLE LEGAL STANDARD

Dismissal under Rule 12(b)(6) for failure to state a claim is warranted only where the complaint does not allege a claim supported by a cognizable legal theory or if the complaint does not allege sufficient facts in support of a cognizable legal theory. *See, Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must accept as true all of the factual allegations set out in plaintiff's complaint and draw inferences from those allegations in the light most favorable to plaintiff. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988, amended on other grounds, 275 F.3d 1187 (9th Cir. 2001). If a complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," the complaint survives a motion to dismiss. *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). Given this standard, motions to dismiss for failure to state a claim are disfavored and rarely granted. *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).

## LEGAL ARGUMENT

### I.  THE BUSINESS JUDGMENT RULE DOES NOT APPLY TO LANE.

The primary thrust of the Director's Motion to Dismiss, which Lane joins, is that the allegations of the First Amended Complaint do not overcome the presumption of the business judgment rule. As an officer, the business judgment rule does not apply to Lane under California law.

Both Section 7321 and Section 309 of the California Corporations Code explicitly apply only to directors. An officer may be liable for conduct that a director would not be liable for, since the premise of the business judgment rule is that disinterested directors are presumably acting in the best interests of the corporation. *See Gaillard v. Natomas*, 208 Cal. App. 3d 1250, 1265 (1989). [See discussion in the NCUA's Opposition to Motion to Dismiss Filed by Defendants Siravo and Swedberg at pp. 18-19.]

## II. THE COMPLAINT PLEADS CLAIMS AGAINST LANE FOR BREACH OF FIDUCIARY DUTY AND GROSS NEGLIGENCE.

The NCUA incorporates by reference its Opposition to the Directors' Motion to Dismiss regarding the sufficiency of the allegations to state claims for breach of fiduciary duty and gross negligence against the Officer and Director defendants. Lane, as an Officer Defendant, is alleged to have participated in the acts and omissions set forth in the First Amended Complaint and is subject to liability on those claims.

### A. The First Amended Complaint Sufficiently Alleges Negligent Breach Of Fiduciary Duty As To Lane.

As WesCorp's Chief Financial Officer and second-in-command, Lane was a fiduciary of WesCorp. *GAB Business Services, Inc. v. Lindsey & Newsom Claim Services, Inc.*, 83 Cal. App. 4th 409, 420 (2000); overruled on other grounds in *Reeves v. Hanlon*, 33 Cal. 4th 1140, 1153-1154 (2004). The position of a corporate officer demands: "the most scrupulous observance of his duty, not only affirmatively to protect the interests of the corporation committed to his charge, but also to refrain from doing anything that would work injury to the corporation." *Bancroft-Whitney Co. v. Glen*, 64 Cal. 2d 327, 345 (1966), citing *Guth v. Loft*, 23 Del. Ch. 255, 5 A.2d 503, 510 (1939).

Whether Lane has exercised due care in fulfilling his duties to WesCorp is a question of fact. *Brummett v. County of Sacramento* 21 Cal. 3d 880, 887 (1978); *Laird v. T. W. Mather, Inc.*, 51 Cal. 2d 210, 215-216 (1958). The standard of care for corporate officers is simple negligence; that is, Lane was required to exercise the care, skill, and diligence in the management of the corporation's affairs that an ordinarily prudent person would in the role of Chief Financial Officer of the country's largest retail corporate credit union. *See, Burt v. Irvine Co.*, 237 Cal. App. 2d 828, 852 (1965).

The facts pled in the First Amended Complaint, and the reasonable inferences that can be drawn from them, permit a fact finder to determine that Lane breached the standard of care by, among other things, (1) allowing and encouraging WesCorp to depart from its traditional, conservative business model and seek substantial increases in investment portfolio income, without considering the additional credit risk that WesCorp was taking or the safeguards or controls that would be required to mitigate it; (2) providing unduly risky budgets without informing the WesCorp board of the increasing level of risk that would be created in WesCorp's investment portfolio by the increasingly large amounts of portfolio income he was budgeting; (3) continuing to encourage WesCorp to obtain higher portfolio income, even after receiving information in 2005 and 2006 that investment spreads were tightening and that increasingly risky investments were therefore required to obtain the same yield and portfolio income; (4) failing to advise the board to set concentration limits for private label MBS, Option ARM MBS and lower tranche MBS that would allow WesCorp to mitigate the risks in its investment portfolio; and (5) not providing information to the board on the concentration of Option ARM MBS and lower tranche MBS in WesCorp's investment portfolio.

Nothing in the First Amended Complaint establishes as a matter of law that Lane's failures to manage WesCorp's finances prudently and to keep the board appraised of risks in its business strategy was within the standard of care of a reasonably prudent Chief Financial Officer of a federal credit union.

**B. The Allegations Against Lane Are Sufficient To State A Claim For Gross Negligence.**

The NCUA's discussion of the directors and officers' liability for gross negligence set forth at pages 20-23 of the NCUA's Opposition to the Directors' Motion to Dismiss is incorporated by reference. In addition, Lane as Chief Financial Officer and second-in-command at WesCorp was responsible for

overseeing the financial affairs of the credit union. The board was relying on him to advise it as to prudent financial practices.

Whether particular conduct constitutes gross negligence is generally a question of fact. *Decker v. City of Imperial Beach*, 209 Cal. App. 3d 349, 358 (1989). Whether Lane's alleged conduct was an extreme departure from what a reasonably careful person in the role of Chief Financial Officer would do to prevent harm to the credit union and its members cannot be determined on the face of the complaint. It must be evaluated based on the evidence presented in this case. The motion to dismiss this claim should be denied.

### C. The First Amended Complaint Sufficiently Alleges Lane's Roles and Responsibilities Under Rule 8.

Rule 8 of the Federal Rules of Civil Procedure requires the NCUA to set forth "a short and plain statement of the claim," giving Lane fair notice of the claim being asserted and the grounds upon which that claim rests. Lane proposes that the FAC should be dismissed "if it lumps together its claims of breach of fiduciary duties against an officer with the same claims against directors." Motion p. 23. However, if Rule 8 is satisfied (*i.e.*, the complaint gives fair notice and states the basis for the claim), "lumping" together defendants with respect to the same claims does not render a complaint subject to dismissal.

Under the two cases Lane cites in his argument, the allegations of the First Amended Complaint are well-pled. In *Bridgeport Holdings, Inc. Liquidating Trust v. Boyer*, 388 B.R. 548 (Bankr. D. Del. 2008), plaintiff had filed an action against directors and officers of multiple debtor entities for breach of fiduciary duty, among other things. The officer defendants sought to dismiss the complaint for failure to state a claim because the complaint failed to identify which office was held by 4 of the 5 officers and failed to allege which of the five debtor entities each was an officer of. The complaint collectively defined all the entities as the "Company" and alleged no greater specificity.

Here, the First Amended Complaint expressly identifies Lane's position as Chief Financial Officer of the one entity involved – WesCorp. It alleges facts establishing either directly or through reasonable inference that Lane was responsible for or participated in the conduct of the Officer Defendants alleged in the First Amended Complaint including, but not limited to, breaches of fiduciary duty and negligence with regard to setting budgets and income targets and failing to manage WesCorp's risk. FAC ¶¶ 65, 66, 71-77, 111-114.

Similarly, in *Gantler v. Stephens*, 965 A.2d 695 (Del. 2009), the court denied a motion to dismiss claims against two officers for whom allegations were lumped together. The court reasoned that the allegations were sufficient to support reasonable inferences that the First Vice President and Treasurer acted to aid and abet the President and CEO in his breaches of fiduciary duty, given that the Vice President's employment depended on the good will of the President "to retain his job and the benefits that it generated." Because the Vice President was in no position to act independently of the President, the court held that it could be inferred that by assisting the President to "sabotage" the due diligence process, the Vice President also breached his duty of loyalty. *Id.* at 709.

In this case, the allegations are sufficient to infer that Lane, by virtue of his position and role at WesCorp as second in command, was acting in concert with the other Officer Defendants and in particular, Siravo, in breaching his duty of care. The First Amended Complaint gives Lane fair notice of the claims against him and meets the requirements of Rule 8.

# CONCLUSION

For the reasons set forth above and in the NCUA's Opposition to the Directors' Motion to Dismiss, the NCUA respectfully requests that Lane's motion to dismiss be denied.

DATED: November 22, 2010

LUCE, FORWARD, HAMILTON & SCRIPPS LLP
MICHAEL H. BIERMAN
MICHAEL E. PAPPAS

By: /s/ Michael H. Bierman
Michael H. Bierman
Attorneys For The National Credit Union Administration Board As Conservator For Western Corporate Federal Union

201080809.2