1 | PILLSBURY WINTHROP SHAW PITTMAN LLP
    REYNOLD L. SIEMENS  #177956
2 | Email:  reynold.siemens@pillsburylaw.com
    725 South Figueroa Street, Suite 2800
3 | Los Angeles, CA 90017-5406
    Telephone:  (213) 488-7100
4 | Facsimile:  (213) 629-1033

5 | PILLSBURY WINTHROP SHAW PITTMAN LLP
    BRUCE A. ERICSON  #76342
6 | Email:  bruce.ericson@pillsburylaw.com
    GEORGE ALLEN BRANDT  #264935
7 | Email:  allen.brandt@pillsburylaw.com
    50 Fremont Street
8 | Post Office Box 7880
    San Francisco, CA  94120-7880
9 | Telephone: (415) 983-1000
    Facsimile: (415) 983-1200

Attorneys for Defendants ROBERT JOHN BURRELL, WILLIAM CHENEY, GORDON DAMES, ROBERT H. HARVEY, JR., JAMES JORDAN, TIMOTHY M. KRAMER, ROBIN LENTZ, JOHN M. MERLO, WARREN NAKAMURA, BRIAN OSBERG, DAVID RHAMY and SHARON UPDIKE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| NATIONAL CREDIT UNION ADMINISTRATION BOARD AS CONSERVATOR FOR WESTERN CORPORATE FEDERAL CREDIT UNION,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT A. SIRAVO, et al.,<br><br>Defendants. | No. CV 10-01597 GW (MANx)<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTIONS TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT (DOC. 116)**<br><br>Honorable George H. Wu<br>Courtroom 10<br>312 North Spring Street<br><br>Date:    June 9, 2011<br>Time:    8:30 a.m.<br>Courtroom:  Los Angeles, 10 |

1    Defendants WILLIAM CHENEY, GORDON DAMES, ROBERT H.
2 HARVEY, JR., JAMES JORDAN, TIMOTHY M. KRAMER, ROBIN LENTZ,
3 JOHN M. MERLO, WARREN NAKAMURA, BRIAN OSBERG, DAVID
4 RHAMY and SHARON UPDIKE (the "Directors") and ROBERT JOHN
5 BURRELL ("Burrell") hereby request this Court to take judicial notice of the
6 following documents attached hereto and referenced as Exhibits 1 through 10.
7 This request is made pursuant to Rule 201 of the Federal Rules of Evidence and
8 the authorities cited below.  This request is made in connection with the motions
9 filed herewith by the Directors and by Burrell and the other officer defendants to
10 dismiss Plaintiff's Second Amended Complaint filed February 22, 2011, Doc.
11 116 (the "SAC").
12    **BASIS FOR REQUESTING JUDICIAL NOTICE**
13 **A.    Exhibits 1 through 9 – documents the SAC relies upon**
14    Under the incorporation by reference doctrine, the Court is expressly
15 authorized to consider documents on a motion to dismiss "whose contents are
16 alleged in a complaint and whose authenticity no party questions, but which are
17 not physically attached to the pleading . . . ." *Branch v. Tunnel*, 14 F.3d 449, 454
18 (9th Cir. 1994), overruled on other grounds by *Galbraith v. County of Santa*
19 *Clara*, 307 F.3d 1119 (9th Cir. 2002).  The Court may take judicial notice of
20 documents whose contents are alleged in a complaint, quoted in a complaint,
21 relied on by a complaint or integral to a complaint, or on which the complaint
22 necessarily relies.  *Swartz v. KPMG LLP,* 476 F. 3d 756, 763 (9th Cir. 2007).  As
23 *Swartz* states: "[I]n order to '[p]revent[] plaintiffs from surviving a Rule
24 12(b)(6) motion by deliberately omitting . . . documents upon which their claims
25 are based,' a court may consider a writing referenced in a complaint but not
26 explicitly incorporated therein if the complaint relies on the document and its
27 authenticity is unquestioned." *Id.* (quoting *Parrino v. FHP, Inc.,* 146 F. 3d 699,
28 706 (9th Cir. 1998)). *See also Dreiling v. American Exp. Co.,* 458 F. 3d 942, 946

1  n.2 (9th Cir. 2006) (holding that courts, on a motion to dismiss, "may consider
2  documents referred to in the complaint or any matter subject to judicial notice,
3  such as SEC filings."); *Natural Resources Defense Council, Inc. v. SCAQMD,*
4  694 F. Supp. 2d 1092, 1103 (C.D. Cal. 2010) (Wu, J.) ("In its consideration of
5  the motion [to dismiss], the court is limited to the allegations on the face of the
6  complaint (including documents attached thereto), matters which are properly
7  subject to judicial notice, and 'documents whose contents are alleged in a
8  complaint and whose authenticity no party questions, but which are not
9  physically attached to the pleading,'" citing *Lee v. City of Los Angeles,* 250 F.3d
10 668, 688-89 (9th Cir.2001)); *Branch,* 14 F.3d at 453-54.

11       Consideration of these documents "does not convert the motion to dismiss
12 into a motion for summary judgment." *Branch*, 14 F.3d at 454 (quoting *Romani*
13 *v. Shearson Lehman Hutton*, 929 F.2d 875, 879 n.3 (1st Cir. 1991)). The Court
14 may properly consider the full text of documents mentioned in a complaint and is
15 not bound by the plaintiff's interpretation of them. *See In re Stac Elec. Sec.*
16 *Litig.*, 89 F.3d 1399, 1405-09 (9th Cir. 1996).

17       Here, the SAC specifically refers to and quotes from a number of ALCO
18 books and other presentations made to defendants. Thus, these ALCO books and
19 presentations (Exhibits 1 through 9) are properly the subject of judicial notice.

20       The undersigned sought clean copies of these documents from the NCUA,
21 but its counsel declined to provide them. Accordingly, we attach copies obtained
22 during the process of evidence collection and preservation. The ALCO books
23 contain a few handwritten notes made by an individual who is not a party to this
24 litigation. The handwritten notes are not part of the official documents, and
25 defendants do not ask the court to take judicial notice of the handwritten notes.

26 **B.**     **Exhibit 10 – documents that are a matter of public record**
27       This Court may take judicial notice of information and documents that are
28 not subject to reasonable dispute and that are matters of public record. Fed. R.

Evid. 201(b); *Lee,* 250 F.3d at 688-89; *Mack v. South Bay Beer Distributors, Inc.,* 798 F. 2d 1279, 1282 (9th Cir. 1986); *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) ("On a motion to dismiss, we may take judicial notice of matters of public record outside the pleadings.").

Exhibit 10 is the transcript of a video presentation created by the National Credit Union Administration. Both the transcript and the video are publicly available on the NCUA's website. For the transcript, see NCUA, Transcript of Corporate System Resolution Presentation, Track 2, http://event.on24.com/event/22/07/64/rt/1/documents/player_docanchr_1/transcriptforchapter2.pdf (last visited April 18, 2011). For the video, see http://www.ncua.gov/Resources/CorporateCU/CSR/Presentations.aspx (last visited April 18, 2011). Given the fact that the transcript is publicly available on a website and capable of accurate and ready determination, the transcript is properly the subject of judicial notice.

| Exhibit | Description and Where Cited in SAC |
|---|---|
| 1 | April 2006 ALCO book (SAC ¶ 97) |
| 2 | June 2006 Officials Orientation (SAC ¶ 99) |
| 3 | June 2006 WesCorp Board Training (SAC ¶ 99) |
| 4 | September 2006 ALCO book (SAC ¶ 138) |
| 5 | October 2006 ALCO book (SAC ¶ 139) |
| 6 | December 2006 ALCO book (SAC ¶ 139) |
| 7 | January 2007 ALCO book (SAC ¶ 141) |
| 8 | February 2007 ALCO book (SAC ¶ 142) |
| 9 | March 2007 ALCO book (SAC ¶ 142) |
| 10 | NCUA, Transcript of Corporate System Resolution Presentation, Track 2 |

Dated: April 18, 2011.

PILLSBURY WINTHROP SHAW PITTMAN LLP
REYNOLD L. SIEMENS  #177956
Email:  reynold.siemens@pillsburylaw.com
725 South Figueroa Street, Suite 2800
Los Angeles, CA 90017-5406
Telephone:  (213) 488-7100
Facsimile:  (213) 629-1033

PILLSBURY WINTHROP SHAW PITTMAN LLP
BRUCE A. ERICSON  #76342
Email:  bruce.ericson@pillsburylaw.com
GEORGE ALLEN BRANDT  #264935
Email:  allen.brandt@pillsburylaw.com
50 Fremont Street
Post Office Box 7880
San Francisco, CA  94120-7880
Telephone: (415) 983 1000
Facsimile: (415) 983 1200


By _____ */s/ Bruce A. Ericson* _____
        Bruce A. Ericson

Attorneys for Defendants Robert John Burrell, William Cheney, Gordon Dames, Robert H. Harvey, Jr., James Jordan, Timothy M. Kramer, Robin Lentz, John M. Merlo, Warren Nakamura, Brian Osberg, David Rhamy and Sharon Updike

| | |
|---|---|
| 1 | **SUPPORTING DECLARATION OF ROBERT JOHN BURRELL** |
| 2 | I, **ROBERT JOHN BURRELL**, declare: |
| 3 | 1. I was the Executive Vice President and the Chief Investment Officer |
| 4 | for Western Corporate Federal Credit Union between June 1997 and March 2009 |
| 5 | and I am a party to this action. I have first hand and personal knowledge of the |
| 6 | matters set forth herein, and if called as a witness, I could and would competently |
| 7 | testify under oath thereto. |
| 8 | 2. Attached hereto as Exhibits 1 and 4-9 (other than the handwritten |
| 9 | notes) are true and correct copies of the documents described in the table on page |
| 10 | 3 above. As discussed on page 2 above, the handwritten notes added to Exhibits |
| 11 | 1 and 4-9 are not part of the official copies and are not the subject of defendants' |
| 12 | request for judicial notice. |
| 13 | 3. Attached hereto as Exhibits 2 and 3 are true and correct copies of |
| 14 | presentations to WesCorp officials and directors described in the table on page 3 |
| 15 | above. These documents may not be the final versions of the presentations as |
| 16 | opposed to late drafts of the presentations, but they are representative of the |
| 17 | information presented to the directors and appear to be the documents referenced |
| 18 | by the NCUA at SAC ¶ 99. Exhibit 2 is an example of the annual orientations |
| 19 | provided for new directors and other WesCorp officials. Exhibit 3 is an example |
| 20 | of the training sessions provided to the WesCorp directors throughout the year. |
| 21 | I declare under penalty of perjury under the laws of the State of California |
| 22 | that the foregoing is true and correct. |
| 23 | Executed on April 18, 2011, at La Verne, California. |

_____
Robert J. Burrell

## SUPPORTING DECLARATION OF BRUCE A. ERICSON

I, **BRUCE A. ERICSON**, declare:

1. I am a member of the State Bar of California and the Bar of this Court, a partner of the law firm of Pillsbury Winthrop Shaw Pittman LLP and one of the attorneys of record for the Directors and Burrell in this action. I have first hand and personal knowledge of the matter set forth herein, and if called as a witness, I could and would competently testify under oath thereto.

2. Attached hereto as Exhibits 1 through 9 are documents that my colleagues and I collected while complying with our evidence-preservation obligations under law. As noted on page 2 above, we asked the NCUA (through its counsel) for clean copies of these documents, but it declined to provide them to us, so we are using instead the copies that we obtained while securing and preserving evidence.

3. Attached hereto as Exhibit 10 is a true and correct copy of the transcript described in the table on page 3 above, which was obtained from the website (www.ncua.gov) mentioned on page 3 above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 18, 2011, at San Francisco, California.

                                            */s/ Bruce A. Ericson*
                                            Bruce A. Ericson