PILLSBURY WINTHROP SHAW PITTMAN LLP
REYNOLD L. SIEMENS  #177956
Email:  reynold.siemens@pillsburylaw.com
725 South Figueroa Street, Suite 2800
Los Angeles, CA 90017-5406
Telephone:  (213) 488-7100
Facsimile:  (213) 629-1033

PILLSBURY WINTHROP SHAW PITTMAN LLP
BRUCE A. ERICSON  #76342
Email:  bruce.ericson@pillsburylaw.com
GEORGE ALLEN BRANDT  #264935
Email:  allen.brandt@pillsburylaw.com
50 Fremont Street
Post Office Box 7880
San Francisco, CA  94120-7880
Telephone: (415) 983-1000
Facsimile: (415) 983-1200

Attorneys for Defendants ROBERT JOHN BURRELL, WILLIAM CHENEY, GORDON DAMES, ROBERT H. HARVEY, JR., JAMES JORDAN, TIMOTHY M. KRAMER, ROBIN LENTZ, JOHN M. MERLO, WARREN NAKAMURA, BRIAN OSBERG, DAVID RHAMY and SHARON UPDIKE

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| NATIONAL CREDIT UNION ADMINISTRATION BOARD AS CONSERVATOR FOR WESTERN CORPORATE FEDERAL CREDIT UNION,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>ROBERT A. SIRAVO, et al.,<br><br>　　　　　　Defendants. | No. CV 10-01597 GW (MANx)<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO SUBSTITUTE PLAINTIFF PURSUANT TO FED. R. CIV. P. 25(c)**<br><br>Honorable George H. Wu<br>Courtroom 10<br>312 North Spring Street<br><br>Date:　　June 9, 2011<br>Time:　　8:30 a.m.<br>Courtroom: Los Angeles, 10<br><br>Filed herewith:<br>1.  Notice of Motion and Motion |

## I. INTRODUCTION.

The National Credit Union Administration ("NCUA") filed its First Amended Complaint, Doc. 84 (the "FAC") in its capacity as *conservator* of Western Corporate Federal Credit Union ("WesCorp"). When NCUA filed the Second Amended Complaint, Doc. 116 (the "SAC"), however, it purported to do so in its capacity as *liquidating agent* of WesCorp. The NCUA accordingly claims that the interest in the litigation has transferred from the NCUA-Conservator to the NCUA-Liquidating Agent. SAC ¶ 1.

Before filing the SAC, the NCUA sought a stipulation to the substitution, and a number of drafts of such a stipulation were exchanged among counsel. Ultimately, however, discussions foundered over the NCUA's refusal to include in a written stipulation a condition that the removal from the case of NCUA-Conservator would not bar defendants from filing counterclaims or cross-claims or other claims in this Court asserting misconduct by WesCorp or NCUA-Conservator, and would not require defendants to bring such claims elsewhere (e.g., the Eastern District of Virginia, where the NCUA is headquartered).

Although no agreement was reached on the form of a written stipulation, and although counsel brought to the NCUA's attention Rule 25(c), the NCUA filed the SAC in the name of NCUA-Liquidating Agent and omitted NCUA-Conservator without seeking court approval of the substitution, as required by Rule 25(c). Hence the defendants listed on the cover page and in the notice of motion and motion ("Defendants") make this motion.

## II. ARGUMENT.

### A. The NCUA has not complied with Rule 25(c).

The NCUA's failure to seek a court order for substitution violates the plain language of Rule 25(c). The relevant portion of Rule 25(c) provides as follows:

> If an interest is transferred, the action may be continued by or against the original party **unless the court, on motion, orders the**

*transferee to be substituted* in the action or joined with the original party.

Fed. R. Civ. P. 25(c) (emphasis added). The language of the rule provides for two possibilities at the time of transfer: either the action continues by the original party or the court orders the transferee to be substituted. The NCUA has violated the rule by unilaterally substituting itself without a court order. *See International Rediscount Corp. v. Hartford Acc. & Indem. Co.,* 425 F. Supp. 669, 674 (D. Del. 1977) ("[I]n the absence of a motion for substitution and an order of the Court, the action will be continued in the name of the original party to the suit, the successor in interest being bound by any judgment resulting from the litigation.").

The decision whether to substitute a new plaintiff for the old is within the discretion of the court. When presented with a motion under Rule 25(c), the court has three options: keep the original party, substitute the new party, or join the new party with the original party. *Educational Credit Mgmt. Corp. v. Bernal*, 207 F.3d 595, 598 (9th Cir. 2000); *Hilbrands v. Far East Trading Co.*, 509 F.2d 1321, 1323 (9th Cir. 1975). By acting without the motion and order required by the rule, the NCUA has improperly deprived this Court of its discretion over this matter.

This is no mere quibble over a nicety of civil procedure, but might harm Defendants. The NCUA plays a number of different roles, and those roles can impact litigation. While there is not much precedent as to the NCUA, the Federal Deposit Insurance Corporation ("FDIC") plays similar roles, and the Ninth Circuit has recognized that separating the roles is necessary to distinguish between the rights and responsibilities of various entities. *See, e.g., FDIC v. Glickman,* 450 F.2d 416, 418 (9th Cir. 1971) ("[A] distinction must be drawn between FDIC's dual capacity as federal insurer of deposits and as liquidating agent for the bank."); *First Nat'l Ins. Co. of Am. v. FDIC*, 977 F. Supp. 1060

1  (S.D. Cal. 1997) (refusing to hold FDIC-corporate responsible for acts of FDIC-
2  receiver).  Thus, it is not impossible that NCUA-Liquidating Agent, if allowed to
3  replace NCUA-Conservator, could argue that it is not responsible for the alleged
4  misdeeds of NCUA-Conservator or WesCorp (which include, among others,
5  canceling the Defendants' D&O insurance and denying them indemnification).
6  Given the transfer of interest between the NCUA in its various roles, the NCUA
7  should have sought a court order for the substitution it has attempted to achieve
8  through self-help.
9      At first blush, it might seem odd for Defendants to seek an order
10 substituting plaintiffs, but it is procedurally proper for a defendant to request a
11 court order substituting a plaintiff under Rule 25(c).  Any party can make the
12 motion to substitute another party under Rule 25(c).  *See Montecatini Societa*
13 *Generale Per L'Industria Mineraria e Chimica v. Humble Oil & Refining Co.*,
14 261 F. Supp. 587, 591 (D. Md. 1966).  And given the NCUA's refusal to abide
15 by Rule 25(c), Defendants have little option but to raise the matter themselves.

16 **B.    NCUA-Conservator should not be permitted to withdraw, or NCUA-**
17 **       Liquidating Agent to take its place, without conditions protecting**
18 **       Defendants' interests.**

19      As noted above, Defendants believe they have meritorious counterclaims
20 or cross-claims against NCUA-Conservator or WesCorp or both based (inter
21 alia) on NCUA-Corporate's cancellation of their D&O insurance and WesCorp's
22 refusal (on bogus grounds) to honor their indemnification agreement.
23 Defendants are concerned that if NCUA-Conservator is let out of this case,
24 Defendants might be deemed unable to raise those claims in this Court, at least
25 not without third-party practice.
26      Defendants therefore respectfully request that if the Court permits the
27 substitution of NCUA-Liquidating Agent as plaintiff in place and in lieu of
28 NCUA-Conservator, the order provide that the substitution does not affect in any

1 way whatever rights Defendants may have to assert in this Court claims or
2 counterclaims or cross-claims (pursuant to Fed. R. Civ. P. 13 and 14, or
3 otherwise) against WesCorp or against NCUA-Conservator.
4     Defendants were prepared before to resolve this matter by stipulation, and
5 they remain willing to do so, if only the NCUA will agree in writing to this
6 condition.
7     Dated: April 18, 2011.

PILLSBURY WINTHROP SHAW PITTMAN LLP
REYNOLD L. SIEMENS  #177956
Email: reynold.siemens@pillsburylaw.com
725 South Figueroa Street, Suite 2800
Los Angeles, CA 90017-5406
Telephone: (213) 488-7100
Facsimile: (213) 629-1033

PILLSBURY WINTHROP SHAW PITTMAN LLP
BRUCE A. ERICSON  #76342
Email: bruce.ericson@pillsburylaw.com
GEORGE ALLEN BRANDT  #264935
Email: allen.brandt@pillsburylaw.com
50 Fremont Street
Post Office Box 7880
San Francisco, CA  94120-7880
Telephone: (415) 983-1000
Facsimile: (415) 983-1200

By      */s/ Bruce A. Ericson*
        Bruce A. Ericson

Attorneys for Defendants Robert John Burrell, William Cheney, Gordon Dames, Robert H. Harvey, Jr., James Jordan, Timothy M. Kramer, Robin Lentz, John M. Merlo, Warren Nakamura, Brian Osberg, David Rhamy and Sharon Updike