1  PILLSBURY WINTHROP SHAW PITTMAN LLP
   REYNOLD L. SIEMENS  #177956
2  Email: reynold.siemens@pillsburylaw.com
   725 South Figueroa Street, Suite 2800
3  Los Angeles, CA 90017-5406
   Telephone: (213) 488-7100
4  Facsimile: (213) 629-1033

5  PILLSBURY WINTHROP SHAW PITTMAN LLP
   BRUCE A. ERICSON  #76342
6  Email: bruce.ericson@pillsburylaw.com
   GEORGE ALLEN BRANDT  #264935
7  Email: allen.brandt@pillsburylaw.com
   50 Fremont Street
8  Post Office Box 7880
   San Francisco, CA  94120-7880
9  Telephone: (415) 983-1000
   Facsimile: (415) 983-1200
10
   Attorneys for Defendants ROBERT JOHN BURRELL, WILLIAM CHENEY,
11 GORDON DAMES, ROBERT H. HARVEY, JR., JAMES JORDAN,
   TIMOTHY M. KRAMER, ROBIN LENTZ, JOHN M. MERLO, WARREN
12 NAKAMURA, BRIAN OSBERG, DAVID RHAMY and SHARON UPDIKE

13                    UNITED STATES DISTRICT COURT

14                   CENTRAL DISTRICT OF CALIFORNIA

15                          WESTERN DIVISION

16 | NATIONAL CREDIT UNION | No. CV 10-01597 GW (MANx)
17 | ADMINISTRATION BOARD AS
   | CONSERVATOR FOR WESTERN | **SUPPLEMENTAL REQUEST FOR**
18 | CORPORATE FEDERAL CREDIT | **JUDICIAL NOTICE IN SUPPORT OF**
   | UNION, | **DEFENDANTS' MOTIONS TO**
19 |                   Plaintiff, | **DISMISS PLAINTIFF'S SECOND**
                                   | **AMENDED COMPLAINT (DOC. 116)**
20 |
   |       vs. | Honorable George H. Wu
21 |           | Courtroom 10
   | ROBERT A. SIRAVO, et al., | 312 North Spring Street
22 |
   |                   Defendants. | Date:        July 6, 2011
23 |                                | Time:        8:30 a.m.
                                    | Courtroom: Los Angeles, 10
24
25
26
27
28

1       Defendants WILLIAM CHENEY, GORDON DAMES, ROBERT H.
2  HARVEY, JR., JAMES JORDAN, TIMOTHY M. KRAMER, ROBIN LENTZ,
3  JOHN M. MERLO, WARREN NAKAMURA, BRIAN OSBERG, DAVID
4  RHAMY and SHARON UPDIKE (the "Director Defendants") and ROBERT
5  JOHN BURRELL ("Burrell") hereby request this Court to take judicial notice of
6  the two documents attached hereto and referenced as Exhibits 11 and 12.
7       This supplemental request is timely because (1) plaintiff National Credit
8  Union Administration Board ("NCUA" or "Plaintiff") publicly released these
9  two documents on June 20, 2011, several weeks after defendants filed their reply
10 papers on May 26, 2011 (*see* Doc. 133-37), and (2) the Court's continuance of
11 the hearing (*see* Doc. 138) means that the time for filing reply papers has not yet
12 run (*see* C.D. Cal. L.R. 7-1).
13      This supplemental request is made pursuant to Rule 201 of the Federal
14 Rules of Evidence and the authorities cited below.  This request is made in
15 connection with the motion to dismiss the Second Amended Complaint, Doc.
16 116 ("SAC") filed by the Director Defendants (Doc. 122-23, 135-36) and in
17 connection with the motions to dismiss the SAC filed by Burrell and the other
18 officer defendants (Doc. 119-21, 133-34, 137).  This request supplements the
19 Request for Judicial Notice made by the Director Defendants and Burrell (Doc.
20 123), in which all the other defendants joined.
21              **BASIS FOR REQUESTING JUDICIAL NOTICE**
22 **A.    Exhibit 11 – New NCUA Complaint Against J.P. Morgan Securities**
23      On June 20, 2011, after briefing on the pending motions here was
24 completed, the NCUA filed suit against J.P. Morgan Securities LLC, J.P. Morgan
25 Acceptance Corporation I, American Home Mortgage Assets LLC, IndyMac
26 MBS, Inc., and Bond Securitization, LLC in the United States District Court for
27 the District of Kansas.  A true and correct copy of the complaint is attached
28 hereto as Exhibit 11 (the "*JP Morgan* Complaint" or "*JP Morgan* Compl.").

1  Pleadings and other court documents are properly the subject of judicial notice
2  under Federal Rule of Evidence 201 and may properly be submitted by a
3  supplemental request for judicial notice. *See Mullis v. United States Bankr. Ct.*,
4  828 F.2d 1385, 1388, n. 9 (9th Cir. 1987).
5        In the *JP Morgan* Complaint, the NCUA alleges that the securities firms
6  misled certain corporate credit unions – including WesCorp – into purchasing
7  AAA-rated residential mortgage-backed securities ("RMBS") by making
8  misrepresentations and omissions in registration statements, prospectuses and
9  prospectus supplements, in violation of Sections 11 and 12(a)(2) of the Securities
10 Act of 1933 and (*inter alia*) Sections 25401 and 25501 of the California
11 Corporations Code. *JP Morgan* Compl. ¶¶ 1-3, 8-9, 13, 18, 44-46, 53, 54, 104,
12 254-318, 335-340, 376-380, 420-425, 456-461. The NCUA alleges that the
13 issuers and underwriters named as defendants misrepresented **to WesCorp** the
14 quality of the mortgages in the pools of RMBS and the credit enhancement
15 protections against financial loss. *JP Morgan* Compl. ¶¶ 312, 318, 335-338, 376-
16 380, 420-423, 456-458. The NCUA also alleges that WesCorp was "not aware
17 of the untrue statements or omissions" or "did not know of these untruths or
18 omissions" made by the securities firms "at the time WesCorp purchased the
19 certificates," that investors such as WesCorp "had limited or no access to
20 information concerning the actual quality of loans underlying the RMBS," and
21 that WesCorp would not have purchased the securities had it known of the
22 misrepresentations and omissions. *Id.* ¶¶ 54, 103-106, 335-338, 376-380, 420-
23 423, 456-458.
24       The NCUA's allegations in the *JP Morgan* case are relevant to this case
25 and to the arguments made by the Director Defendants in their moving papers
26 (Doc. 122-1, at 7:10-11:16), by the NCUA in its opposition (Doc. 129, at 2:14-
27 22, 9:5-13) and by the Director Defendants in their reply papers (Doc. 135, at
28 1:6-9, 13:15-14:2, 16:18-26). In particular but without limitation, the NCUA's

1  allegations in the *JP Morgan* case are admissions that undercut and render
2  implausible (within the meaning of *Twombly* and *Iqbal*) the NCUA's allegations
3  in this case in that the Director Defendants acted "clearly unreasonably" under
4  the circumstances known to them at the time, and that Burrell and the other
5  officers acted negligently.  *See, e.g.,* Doc. 129 (NCUA's Opposition to Director
6  Defendants' Motion), at 2:14-22, 9:5-13; Doc. 135 (Director Defendants' Reply),
7  at 3:23-25, 10:7-18, 16:27-17:13.  Because the NCUA now charges others with
8  misstating or omitting the risks associated with RMBS and admits that investors
9  could obtain "limited or no access to information concerning the actual quality of
10 loans underlying the RMBS" (*JP Morgan* Compl. ¶ 104), the NCUA's
11 admissions in the *JP Morgan* case render implausible the NCUA's allegations
12 here that the Director Defendants acted so unreasonably as to take them outside
13 the Business Judgment Rule and that the officer defendants acted negligently
14 under the circumstances then known.
15       Other allegations in the *JP Morgan* Complaint are similarly relevant to the
16 arguments in the motions to dismiss.  The *JP Morgan* Complaint admits that
17 WesCorp's securities purchases were highly rated, mostly AAA.  *JP Morgan*
18 Compl. ¶¶ 2, 46, 88; *see, e.g.,* Doc. 135 at 13:15-14:2.  It also admits that AAA
19 rated securities are the highest rated securities available – "the same rating as
20 U.S. Treasury bonds . . . ."  *JP Morgan* Compl. ¶¶ 2, 44-46, 53.
21       The NCUA also faults the Director Defendants and Burrell for not treating
22 Option ARM MBS as a new type of security.  Doc. 129 at 2:4-7, 9:14-22, 10:15-
23 20; Doc. 135 at 16:18-26.  But in *JP Morgan,* the NCUA admits that the history
24 of RMBS stretches back to the 1970's.  *JP Morgan* Compl. ¶ 30.  Such
25 allegations undermine the NCUA's contentions here.
26       A chart collecting examples of relevant admissions from the *JP Morgan*
27 Complaint follows:
28

| Compl. | Summary of the NCUA's Allegations in the *JP Morgan* Case |
|---|---|
| ¶ 54 | "At the time of purchase, the Credit Unions were not aware of the untrue statements or omissions of material facts in the Offering Documents of the RMBS. If the Credit Unions had known about the Originators' pervasive disregard of underwriting standards—contrary to the representations in the Offering Documents—the Credit Unions would not have purchased the certificates." [The defined term "Credit Unions" includes WesCorp. *See JP Morgan* Compl. at 1 (preamble).] |
| ¶ 106 | "In sum, the disregard of underwriting standards was pervasive across originators. The failure to adhere to underwriting standards directly contributed to the sharp decline in the quality of mortgages that became part of mortgage pools collateralizing RMBS. The lack of adherence to underwriting standards for the loans underlying RMBS was not disclosed to investors in the offering materials. The nature of the securitization process, with the investor several steps removed from the origination of the mortgages underlying the RMBS, made it difficult for investors to ascertain how the RMBS would perform." |
| ¶¶ 336–338, ¶¶ 376–378 | "The untrue statements and omitted facts were material because a reasonably prudent investor deciding whether to purchase the Certificates would have viewed them as important and as substantially altering the total mix of information available[.]"<br><br>"WesCorp purchased the Certificates pursuant to and traceable to the defective registration statement[.]"<br><br>"At the time WesCorp purchased the Certificates, it did not know of the untrue statements and omissions contained in the registration statement." |

In short, the *JP Morgan* Complaint is properly the subject of judicial notice and contains admissions by the NCUA that render implausible its allegations against the defendants here – in particular its allegation that, given the information available to the defendants at the time (rather than in hindsight), they should have investigated further or done something different before investing in securities that had the same rating as U.S. Treasury bonds.

B.  **Exhibit 12 – NCUA Press Release**

Exhibit 12 is a press release by the NCUA announcing the filing of the *JP Morgan* Complaint; the NCUA issued this press release on June 20, 2011. The Court may take judicial notice of information and documents that are not subject to reasonable dispute and that are matters of public record. Fed. R. Evid. 201(b). The press release is publicly available on the NCUA's website, see NCUA, NCUA Suing Securities Firms to Recover Billions, http://www.ncua.gov/news/press_releases/2011/MR11-0620NCUASues.pdf ("press release"). Because the NCUA created this press release and placed it on its website, it is a public record properly the subject of judicial notice. *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010) (taking judicial notice of information on approved vendors posted on websites of public school districts).

Like the *JP Morgan* Complaint, the press release directly contradicts (and therefore renders implausible in the *Twombly/Iqbal* sense) the NCUA's arguments that the Director Defendants clearly acted unreasonably under the circumstances as known to them at the time, and that Burrell and the other officers acted negligently. Indeed, the press release highlights how difficult it was at the time to foresee problems with mortgage-backed securities. According to the NCUA, the misrepresentations of the securities firms "caused the corporate credit unions that bought the notes to believe the risk of loss associated with the investment was minimal, when in fact the risk was substantial." (Ex. 12 (press release)) at 1. The NCUA also admits how unprecedented these losses were, stating: "The corporate credit unions invested in mortgage-backed securities that experienced dramatic, *unprecedented* declines in value, effectively rendering the institutions insolvent." *Id.* (emphasis added).

The NCUA's press release is properly the subject of judicial notice, and shows that the Director Defendants and Burrell made investment decisions that

seemed prudent, based on the information known at the time, and only later led to "unprecedented declines in value" – declines in value that the NCUA itself now attributes material misrepresentations and omissions by securities firms, rather than any alleged lack of diligence on the part of WesCorp's directors and officers.

Dated: June 23, 2011.

> PILLSBURY WINTHROP SHAW PITTMAN LLP
> REYNOLD L. SIEMENS  #177956
> Email:  reynold.siemens@pillsburylaw.com
> 725 South Figueroa Street, Suite 2800
> Los Angeles, CA 90017-5406
> Telephone:  (213) 488-7100
> Facsimile:  (213) 629-1033
>
> PILLSBURY WINTHROP SHAW PITTMAN LLP
> BRUCE A. ERICSON  #76342
> Email:  bruce.ericson@pillsburylaw.com
> GEORGE ALLEN BRANDT  #264935
> Email:  allen.brandt@pillsburylaw.com
> 50 Fremont Street
> Post Office Box 7880
> San Francisco, CA  94120-7880
> Telephone: (415) 983-1000
> Facsimile: (415) 983-1200
>
>
> By _____*/s/ Bruce A. Ericson*_____
>                  Bruce A. Ericson
>
> Attorneys for Defendants Robert John Burrell, William Cheney, Gordon Dames, Robert H. Harvey, Jr., James Jordan, Timothy M. Kramer, Robin Lentz, John M. Merlo, Warren Nakamura, Brian Osberg, David Rhamy and Sharon Updike

**SUPPORTING DECLARATION OF BRUCE A. ERICSON**

I, **BRUCE A. ERICSON**, declare:

1. I am a member of the State Bar of California and the Bar of this Court, a partner of the law firm of Pillsbury Winthrop Shaw Pittman LLP and one of the attorneys of record for the Director Defendants and for Defendant Burrell in this action. I have first hand and personal knowledge of the matter set forth herein, and if called as a witness, I could and would competently testify under oath thereto.

2. Attached hereto as Exhibit 11 is a true and correct copy of a complaint filed by the National Credit Union Administration Board as Liquidating Agent of (*inter alia*) WesCorp filed June 20, 2011 in action no. 2:11-cv-02341-EFM-JPO (D. Kan.), which was obtained from PACER.

3. Attached hereto as Exhibit 12 is a true and correct copy of the NCUA's press release described on pages 5-6 above, which was obtained from the website (www.ncua.gov) mentioned on page 5 above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 23, 2011, at San Francisco, California.

                    */s/ Bruce A. Ericson*
                    Bruce A. Ericson