Michael H. Bierman, State Bar No. 89156
Michael E. Pappas, State Bar No. 130400
Jeffrey D. Wexler, State Bar No. 132256
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
601 S. Figueroa, Suite 3900
Los Angeles, California 90017
Telephone: 213.892.4992
Facsimile:  213.892.7731
E-Mail:  mbierman@luce.com
         mpappas@luce.com
         jwexler@luce.com

Attorneys for Plaintiff National Credit Union Administration Board
As Liquidating Agent For Western Corporate Federal Credit Union

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL CREDIT UNION ADMINISTRATION BOARD AS LIQUIDATING AGENT FOR WESTERN CORPORATE FEDERAL CREDIT UNION,<br><br>　　Plaintiff,<br><br>v.<br><br>ROBERT A. SIRAVO, TODD M. LANE, ROBERT J. BURRELL, THOMAS E. SWEDBERG, TIMOTHY T. SIDLEY, ROBERT H. HARVEY, JR., WILLIAM CHENEY, GORDON DAMES, JAMES P. JORDAN, TIMOTHY KRAMER, ROBIN J. LENTZ, JOHN M. MERLO, WARREN NAKAMURA, BRIAN OSBERG, DAVID RHAMY and SHARON UPDIKE,<br><br>　　Defendants. | Case No.: CV10-01597 GW (MANx)<br><br>**RESPONSE OF PLAINTIFF NATIONAL CREDIT UNION ADMINISTRATION BOARD AS LIQUIDATING AGENT FOR WESTERN CORPORATE FEDERAL CREDIT UNION TO SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE OF DIRECTOR DEFENDANTS AND JOINDER BY OTHER DEFENDANTS [DOCKETS 140, 142, 143, AND 145]**<br><br>Date:　　　July 7, 2011<br>Time:　　　8:30 a.m.<br>Courtroom: 10 |

1  On June 20, 2011, the National Credit Union Administration filed a complaint against J.P. Morgan Securities LLC and other defendants (the "JP Morgan Complaint") seeking recovery for misrepresentations and omissions in connection with the sale of specific private label MBS to various corporate credit unions including the Western Corporate Federal Credit Union ("WesCorp"). It issued a press release about the lawsuit on the same day. The defendants in this action have requested that the Court take judicial notice of the JP Morgan Complaint and the press release, arguing that those documents "render implausible the NCUA's allegations here that the Director Defendants acted so unreasonably as to take them outside the Business Judgment Rule and that the officer defendants acted negligently under the circumstances then known." Docket 140 at 3:11:14.

Plaintiff National Credit Union Administration Board as Liquidating Agent for WesCorp (the "NCUA") does not object to the Court taking judicial notice of the filing of the JP Morgan Complaint or the issuance of the press release. However, the inferences the defendants seek to draw from these documents in support of their motions to dismiss are not justified by the documents and are not proper. The allegations of the JP Morgan Complaint cannot insulate the defendants from liability in this action for WesCorp's unbridled purchases and toxic concentration of highly risky Option ARM MBS and the other actions and omissions alleged in the Second Amended Complaint that caused WesCorp's failure.

Notwithstanding the arguments of the defendants, the JP Morgan Complaint has little bearing on the allegations in the Second Amended Complaint in this case. It seeks recovery for misrepresentations and omissions related to 29 specific private label MBS. It alleges, *inter alia*, that the offering documents for those securities violated Sections 11 and 12(a)(2) of the Securities Act of 1933 and other securities laws of California, Illinois, Kansas and Texas. Of these 29 securities, only three were purchased by WesCorp.

The three securities were sold based on two sets of offering documents. As to those offering documents, the JP Morgan Complaint alleges in its charging allegations that: "[a]t the time WesCorp purchased the Certificates it did not know of the untrue statements and omissions contained in the registration statement," JP Morgan Complaint, ¶¶ 338, 378, 423, and that "[a]t the time it purchased the Certificates it did not know of these untruths or omissions," *id.*, ¶ 458.

None of the three securities WesCorp purchased were Option ARM MBS. The losses on the three securities comprised less than $50 million of the $6.8 billion in losses that caused WesCorp to fail. The purchases of the securities alleged in the JP Morgan Complaint were not a material cause of WesCorp's failure.

In their requests for judicial notice, the defendants obscure the fact that the securities at issue in the two complaints are different.[1] They argue that the NCUA's allegations in this case are rendered implausible "[b]ecause the NCUA now charges others with misstating or omitting the risks associated with RMBS and admits that investors could obtain 'limited or no access to information concerning the actual quality of loans underlying the RMBS.'" Docket 140 at 3:7-14. However, the acts and omissions alleged in the two complaints are causally independent, and defendants never explain what they believe the link to be.

The fact that two sets of offering documents at issue in the *JP Morgan* case contained misstatements unknown to WesCorp does not render any less unreasonable the failure of the Director Defendants to control the concentration of WesCorp's Option ARM MBS or to set meaningful concentration limits for its private label MBS in general. It does not render the actions and omissions of the

---

[1] Sometimes the defendants' obfuscation is misleading. They suggest that the failure to treat Option ARM MBS as a new type of security is "undermined" because "the NCUA admits that the history of RMBS stretches back to the 1970's." Docket 140 at 3:21-25. However, the allegation the defendants cite, paragraph 30, refers to MBS based on conforming loans and issued by government agencies – securities that bear little resemblance to Option ARM MBS and that were treated by WesCorp as a different security type from private label MBS at issue in this case.

1 officer defendants alleged in the Second Amended Complaint any less a breach of
2 their respective duties of care. Similarly, the fact that in general investors had
3 limited access to information concerning the quality of the loans underlying private
4 label MBS requires investors who are in fiduciary positions such as the defendants
5 to exercise greater caution in purchasing such securities, not less caution.

6 Similarly, nothing in the NCUA press release contradicts the allegations of
7 the Second Amended Complaint or "shows that the Director Defendants and Burrell
8 made investment decisions that seemed prudent, based on the information known at
9 the time." Docket 140 at 5:28-6:1. The press release describes the JP Morgan
10 Complaint. The portions cited by the defendants refer to investments in the
11 securities at issue in the JP Morgan Complaint, not to investments in private label
12 MBS generally and not to investments in Option ARM MBS specifically.[2]

13 The allegations of the JP Morgan Complaint are not a shield protecting the
14 defendants from further scrutiny of their own culpability for the failure of WesCorp.
15 If the factual allegations of the Second Amended Complaint are proven, the liability
16 of the defendants for breach of fiduciary duty is plausible, and the motions to
17 dismiss the Second Amended Complaint must be denied.

19 DATED: June 28, 2011    LUCE, FORWARD, HAMILTON & SCRIPPS LLP
                          MICHAEL H. BIERMAN
20                        MICHAEL E. PAPPAS
                          JEFFREY D. WEXLER

22                        By:   /s/ Michael H. Bierman
23                              Michael H. Bierman
                                Attorneys For The National Credit Union
24                              Administration Board As Liquidating Agent
                                For Western Corporate Federal Union

---

[2] To the extent there is any ambiguity as to what the press release is referring to, its contents are not admissions that can be accorded judicial notice because they are subject to reasonable dispute.