PILLSBURY WINTHROP SHAW PITTMAN LLP
REYNOLD L. SIEMENS  #177956
Email: reynold.siemens@pillsburylaw.com
725 South Figueroa Street, Suite 2800
Los Angeles, CA 90017-5406
Telephone:  (213) 488-7100
Facsimile:  (213) 629-1033

PILLSBURY WINTHROP SHAW PITTMAN LLP
BRUCE A. ERICSON  #76342
Email: bruce.ericson@pillsburylaw.com
GEORGE ALLEN BRANDT  #264935
Email: allen.brandt@pillsburylaw.com
50 Fremont Street
Post Office Box 7880
San Francisco, CA  94120-7880
Telephone: (415) 983-1000
Facsimile: (415) 983-1200

Attorneys for Defendants ROBERT JOHN BURRELL, WILLIAM CHENEY, GORDON DAMES, ROBERT H. HARVEY, JR., JAMES JORDAN, TIMOTHY M. KRAMER, ROBIN LENTZ, JOHN M. MERLO, WARREN NAKAMURA, BRIAN OSBERG, DAVID RHAMY and SHARON UPDIKE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| NATIONAL CREDIT UNION ADMINISTRATION BOARD AS LIQUIDATING AGENT FOR WESTERN CORPORATE FEDERAL CREDIT UNION,<br><br>                         Plaintiff,<br><br>       vs.<br><br>ROBERT A. SIRAVO, et al.,<br><br>                         Defendants. | No. CV 10-01597 GW (MANx)<br><br>**SECOND SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTIONS TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT (DOC. 116)**<br><br>Honorable George H. Wu<br>Courtroom 10<br>312 North Spring Street<br><br>Date:      July 25, 2011<br>Time:      8:30 a.m.<br>Courtroom:  Los Angeles, 10 |

1  Defendants WILLIAM CHENEY, GORDON DAMES, ROBERT H.
2  HARVEY, JR., JAMES JORDAN, TIMOTHY M. KRAMER, ROBIN LENTZ,
3  JOHN M. MERLO, WARREN NAKAMURA, BRIAN OSBERG, DAVID
4  RHAMY and SHARON UPDIKE (the "Director Defendants") and ROBERT
5  JOHN BURRELL ("Burrell") hereby request this Court to take judicial notice of
6  the documents attached hereto and referenced as Exhibits 13 and 14.
7     This supplemental request is made pursuant to Rule 201 of the Federal
8  Rules of Evidence and the authorities cited below.  This request is made in
9  connection with the motion to dismiss the Second Amended Complaint, Doc.
10 116 ("SAC") filed by the Director Defendants (Doc. 122-23, 135-36) and in
11 connection with the motions to dismiss the SAC filed by Burrell and the other
12 officer defendants (Doc. 119-21, 133-34, 137).  This request supplements the
13 Request for Judicial Notice made by the Director Defendants and Burrell (Doc.
14 123) and the Supplemental Request for Judicial Notice made by the Director
15 Defendants and Burrell (Doc. 140), in which all the other defendants joined.
16             **BASIS FOR REQUESTING JUDICIAL NOTICE**
17 **A.     Exhibit 13 – New NCUA Complaint Against RBS Securities, et al.**
18     On July 18, 2011, after briefing on the pending motions here was
19 completed and the Court held oral argument, the plaintiff herein, the National
20 Credit Union Administration Board, as Liquidating Agent of Western Corporate
21 Federal Credit Union ("NCUA"), filed suit in this Court against RBS Securities,
22 Inc., Greenwich Capital Acceptance, Inc., American Home Mortgage Assets
23 LLC, Indymac MBS, Inc., Lares Asset Securitization, Inc., Nomura Asset
24 Acceptance Corp., Nomura Home Equity Loan, Inc., and Wachovia Mortgage
25 Loan Trust, LLC.  A true and correct copy of the NCUA's complaint is attached
26 hereto as Exhibit 13 (the "*RBS* Complaint" or "*RBS* Compl.").  Pleadings and
27 other court documents are properly the subject of judicial notice under Federal
28 Rule of Evidence 201 and may properly be submitted by a supplemental request

1  for judicial notice. *See Mullis v. United States Bankr. Ct.,* 828 F.2d 1385, 1388,
2  n.9 (9th Cir. 1987).
3       In the *RBS* Complaint – as in the *JP Morgan* Complaint that was the
4  subject of the Supplemental RJN (Doc. 140) – the NCUA again alleges that the
5  depositors, issuers and underwriters named as defendants (collectively, the "*RBS*
6  Defendants") misled WesCorp into purchasing AAA-rated residential mortgage-
7  backed securities ("RMBS") by making misrepresentations and omissions in
8  registration statements, prospectuses and prospectus supplements, in violation of
9  Sections 11 and 12(a)(2) of the Securities Act of 1933 and (*inter alia*) Sections
10 25401 and 25501 of the California Corporations Code. *RBS* Compl. ¶¶ 1-3, 8-9,
11 13, 14, 44-46, 53, 54, 104, 227-310, 323-328, 333-338, 343-348, 353-358, 363-
12 368, 373-378, 383-388, 395-400, 404-408. The NCUA alleges that the *RBS*
13 Defendants misrepresented **to WesCorp** the quality of the mortgages in the pools
14 of RMBS and the credit enhancement protections against financial loss. *Id.*
15 ¶¶ 302, 310, 323-326, 333-336, 343-346, 353-356, 363-366, 373-376, 383-386,
16 395-398, 404-405. The NCUA also alleges that WesCorp was "not aware of the
17 untrue statements or omissions" or "did not know of these untruths or omissions"
18 made by the securities firms "at the time WesCorp purchased the certificates,"
19 that investors such as WesCorp "had limited or no access to information
20 concerning the actual quality of loans underlying the RMBS," and that WesCorp
21 would not have purchased the securities had it known of the misrepresentations
22 and omissions. *Id.* ¶¶ 54, 103-106, 323-326, 333-336, 343-346, 353-356, 363-
23 366, 373-376, 383-386, 395-398.
24      The NCUA's allegations in the *RBS* case are relevant to this case and to
25 the arguments made by the Director Defendants in their moving papers (Doc.
26 122-1, at 7:10-11:16), by the NCUA in its opposition (Doc. 129, at 2:14-22, 9:5-
27 13) and by the Director Defendants in their reply papers (Doc. 135, at 1:6-9,
28 13:15-14:2, 16:18-26). In particular but without limitation, the NCUA's

1 allegations in the *RBS* case are admissions that undercut and render implausible
2 (within the meaning of *Twombly* and *Iqbal*) the NCUA's allegations in this case
3 in that the Director Defendants acted "clearly unreasonably" under the
4 circumstances known to them at the time, and that Burrell and the other officers
5 acted negligently.  *See, e.g.,* Doc. 129 (NCUA's Opposition to Director
6 Defendants' Motion), at 2:14-22, 9:5-13; Doc. 135 (Director Defendants' Reply),
7 at 3:23-25, 10:7-18, 16:27-17:13.  Because the NCUA now charges others
8 (namely, the RBS Defendants) with misstating or omitting the risks associated
9 with RMBS and admits that investors could obtain "limited or no access to
10 information concerning the actual quality of loans underlying the RMBS" (*RBS*
11 Compl. ¶ 104), the NCUA's admissions in the *RBS* case render implausible the
12 NCUA's allegations here that the Director Defendants acted so unreasonably as
13 to take them outside the Business Judgment Rule and that the Officer Defendants
14 acted negligently under the circumstances then known.
15     The securities placed at issue by the *RBS* Complaint may represent a
16 subset of the RMBS attacked by the Second Amended Complaint ("SAC"), Doc.
17 116 herein – how much of a subset one cannot say, because the SAC does not
18 specify which RMBS it attacks, describing the RMBS only generically.  But if
19 so, as the NCUA files more and more complaints like the *JP Morgan* Complaint
20 and the *RBS* Complaint – and the NCUA in its press release says it may end up
21 filing "a total of five to 10 actions" (Ex. 14, at 1) – the NCUA's admissions will
22 make it even clearer that the Director Defendants and the Officer Defendants
23 made decisions based on the information available to them at the time.  If that
24 information was less than the truth, it was, at least according to the NCUA, the
25 fault of others, and not the fault of the defendants here.
26     Like the allegations of the *JP Morgan* Complaint, other allegations in the
27 *RBS* Complaint are similarly relevant to the arguments in the motions to dismiss.
28 The *RBS* Complaint admits that WesCorp's securities purchases were highly

rated, mostly AAA. *RBS* Compl. ¶¶ 2, 46, 88; *see, e.g.,* Doc. 135 at 13:15-14:2. It also admits that AAA rated securities are the highest rated securities available – "the same rating as United States Treasury Bonds . . . ." *RBS* Compl. ¶¶ 2, 44-46, 53.

A chart collecting examples of relevant admissions – the same as those from the *JP Morgan* Complaint – follows:

| *RBS* Compl. | Summary of the NCUA's Allegations in the *RBS* Case |
|---|---|
| ¶ 54 | "At the time of purchase, WesCorp was not aware of the untrue statements or omissions of material facts in the Offering Documents of the RMBS. If WesCorp had known about the Originators' pervasive disregard of underwriting standards—contrary to the representations in the Offering Documents—WesCorp would not have purchased the certificates." |
| ¶ 106 | "In sum, the disregard of underwriting standards was pervasive across originators. The failure to adhere to underwriting standards directly contributed to the sharp decline in the quality of mortgages that became part of mortgage pools collateralizing RMBS. The lack of adherence to underwriting standards for the loans underlying RMBS was not disclosed to investors in the offering materials. The nature of the securitization process, with the investor several steps removed from the origination of the mortgages underlying the RMBS, made it difficult for investors to ascertain how the RMBS would perform." |
| ¶¶ 324-326, ¶¶ 334-336, ¶¶ 344-346, ¶¶ 354-356, ¶¶ 364-366, ¶¶ 374-376, ¶¶ 384-386 | "The untrue statements and omitted facts were material because a reasonably prudent investor deciding whether to purchase the Certificates would have viewed them as important and as substantially altering the total mix of information available[.]"<br><br>"WesCorp purchased the Certificates pursuant to and traceable to the defective registration statement[.]"<br><br>"At the time WesCorp purchased the Certificates, it did not know of the untrue statements and omissions contained in the registration statement." |

1   In short, the *RBS* Complaint – like the *JP Morgan* Complaint – is properly
2   the subject of judicial notice and contains admissions by the NCUA that render
3   implausible its allegations against the defendants here – in particular its
4   allegation that, given the information available to the defendants at the time
5   (rather than in hindsight), they should have investigated further or done
6   something different before investing in securities that had "the same rating as
7   United States Treasury Bonds . . . ."  *RBS* Complaint ¶ 2.
8   **B.     Exhibit 14 – NCUA Press Release**
9   Exhibit 14 is a press release by the NCUA announcing the filing of the
10  *RBS* Complaint; the NCUA issued this press release on July 18, 2011.  The Court
11  may take judicial notice of information and documents that are not subject to
12  reasonable dispute and that are matters of public record.  Fed. R. Evid. 201(b).
13  The press release is publicly available on the NCUA's website, see NCUA,
14  NCUA Files Third Suit in String Against Securities Firms to Recover Billions,
15  http://www.ncua.gov/news/press_releases/2011/MR11-
16  0718NCUAFilesThirdSuit.pdf, last viewed July 20, 2011 ("press release").
17  Because the NCUA created this press release and placed it on its website, it is a
18  public record properly the subject of judicial notice.  *Daniels-Hall v. National*
19  *Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010) (taking judicial notice of
20  information on approved vendors posted on websites of public school districts).
21  Like the *RBS* Complaint, the press release directly contradicts (and
22  therefore renders implausible in the *Twombly/Iqbal* sense) the NCUA's
23  arguments that the Director Defendants clearly acted unreasonably under the
24  circumstances as known to them at the time, and that Burrell and the other
25  officers acted negligently.  Indeed, the press release highlights how difficult it
26  was at the time to foresee problems with mortgage-backed securities.  According
27  to the NCUA, the misrepresentations of the securities firms "caused WesCorp to
28  believe the risk of loss associated with the investment was minimal, when in fact

the risk was substantial.  The mortgage-backed securities experienced dramatic, *unprecedented* declines in value, effectively rendering WesCorp insolvent." Ex. 14 (press release), at 181 (emphasis added).

The NCUA's press release is properly the subject of judicial notice, and shows that the Director Defendants and the Officer Defendants made investment decisions that seemed prudent, based on the information known at the time, and only later led to "unprecedented declines in value" – declines in value that the NCUA itself now attributes material misrepresentations and omissions by securities firms, rather than any alleged lack of diligence on the part of WesCorp's directors and officers.

Dated:  July 20, 2011.

PILLSBURY WINTHROP SHAW PITTMAN LLP
REYNOLD L. SIEMENS  #177956
Email:  reynold.siemens@pillsburylaw.com
725 South Figueroa Street, Suite 2800
Los Angeles, CA 90017-5406
Telephone:  (213) 488-7100
Facsimile:  (213) 629-1033

PILLSBURY WINTHROP SHAW PITTMAN LLP
BRUCE A. ERICSON  #76342
Email:  bruce.ericson@pillsburylaw.com
GEORGE ALLEN BRANDT  #264935
Email:  allen.brandt@pillsburylaw.com
50 Fremont Street
Post Office Box 7880
San Francisco, CA  94120-7880
Telephone: (415) 983-1000
Facsimile: (415) 983-1200


By  _____*/s/ Bruce A. Ericson*_____
         Bruce A. Ericson

Attorneys for Defendants Robert John Burrell, William Cheney, Gordon Dames, Robert H. Harvey, Jr., James Jordan, Timothy M. Kramer, Robin Lentz, John M. Merlo, Warren Nakamura, Brian Osberg, David Rhamy and Sharon Updike

**SUPPORTING DECLARATION OF BRUCE A. ERICSON**

I, **BRUCE A. ERICSON**, declare:

1. I am a member of the State Bar of California and the Bar of this Court, a partner of the law firm of Pillsbury Winthrop Shaw Pittman LLP and one of the attorneys of record for the Director Defendants and for Defendant Burrell in this action. I have first hand and personal knowledge of the matter set forth herein, and if called as a witness, I could and would competently testify under oath thereto.

2. Attached hereto as Exhibit 13 is a true and correct copy of a complaint filed July 18, 2011 by the National Credit Union Administration Board as Liquidating Agent of WesCorp in action no. LACV11-5887 MMM (RZx) (C.D. Cal.), which was obtained from the NCUA's website, http://www.ncua.gov/news/press_releases/2011/MR11-0718ThirdSuitEnclosure.pdf, last viewed July 20, 2011.

3. Attached hereto as Exhibit 14 is the NCUA's press release which accompanies the new complaint on the NCUA's website and was obtained from http://www.ncua.gov/news/press_releases/2011/MR11-0718NCUAFilesThirdSuit.pdf, last viewed July 20, 2011.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 20, 2011, at San Francisco, California.

            */s/ Bruce A. Ericson*
            Bruce A. Ericson