1   PILLSBURY WINTHROP SHAW PITTMAN LLP
    REYNOLD L. SIEMENS  #177956
2   Email:  reynold.siemens@pillsburylaw.com
    725 South Figueroa Street, Suite 2800
3   Los Angeles, CA 90017-5406
    Telephone:  (213) 488-7100
4   Facsimile:  (213) 629-1033

5   PILLSBURY WINTHROP SHAW PITTMAN LLP
    BRUCE A. ERICSON  #76342
6   Email:  bruce.ericson@pillsburylaw.com
    MARLEY DEGNER  #251923
7   Email:  marley.degner@pillsburylaw.com
    50 Fremont Street, Post Office Box 7880
8   San Francisco, CA  94120-7880
    Telephone: (415) 983-1000
9   Facsimile: (415) 983-1200

10  Attorneys for Defendant ROBERT JOHN BURRELL

11

12                   UNITED STATES DISTRICT COURT

13                  CENTRAL DISTRICT OF CALIFORNIA

14                        WESTERN DIVISION

15

16  NATIONAL CREDIT UNION                No. CV 10-01597 GW (MANx)
    ADMINISTRATION BOARD AS
17  LIQUIDATING AGENT FOR WESTERN
    CORPORATE FEDERAL CREDIT UNION,      **ANSWER AND**
18                                       **COUNTERCLAIMS OF**
                                         **DEFENDANT ROBERT**
19              Plaintiff,               **JOHN BURRELL; AND**
                                         **JURY DEMAND**
20         vs.

21  ROBERT A. SIRAVO, TODD M. LANE,
    ROBERT J. BURRELL, THOMAS E.
22  SWEDBERG, TIMOTHY T. SIDLEY,
    ROBERT H. HARVEY, JR., WILLIAM
23  CHENEY, GORDON DAMES, JAMES P.
    JORDAN, TIMOTHY KRAMER, ROBIN J.
24  LENTZ, JOHN M. MERLO, WARREN
    NAKAMURA, BRIAN OSBERG, DAVID
25  RHAMY and SHARON UPDIKE,

26              Defendants.

27

28

601522679v1                    - 1 -

Answer & Counterclaims of Robert John Burrell,
No. CV 10-01597 GW (MANX)

ROBERT JOHN BURRELL,

                Counterclaimant,

      vs.

NATIONAL CREDIT UNION
ADMINISTRATION BOARD AS
LIQUIDATING AGENT FOR WESTERN
CORPORATE FEDERAL CREDIT UNION,

                Counterdefendant.

## ANSWER TO COMPLAINT

Defendant **ROBERT JOHN BURRELL** ("Burrell") hereby responds to the allegations of the Second Amended Complaint (the "SAC," Doc. 116) filed February 22, 2011 (numbered paragraphs of the SAC are referred to as "Paragraph __") of plaintiff, the National Credit Union Administration Board as Liquidating Agent for Western Corporate Federal Credit Union ("NCUA"), as follows:

## JURISDICTION AND VENUE[1]

1.      Burrell admits that Western Corporate Federal Credit Union ("WesCorp") was a credit union with its corporate offices located in San Dimas, California.  Burrell further admits, on information and belief, that the National Credit Union Administration Board placed WesCorp into conservatorship on March 19, 2009 and into involuntary liquidation on October 1, 2010.  Burrell lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 1 and on that basis denies those allegations.

---

[1] The headings in this answer follow (albeit not verbatim) those that appear in the SAC.  The headings here in no sense admit anything but are included for the convenience of the reader.

1      2.      Paragraph 2 contains legal conclusions, to which no response is

2  required.  To the extent the allegations require a response, they are denied.

3      3.      Paragraph 3 contains legal conclusions, to which no response is

4  required.  To the extent the allegations require a response, they are denied.

5      4.      Paragraph 4 contains legal conclusions, to which no response is

6  required.  To the extent the allegations require a response, they are denied.

7      5.      Paragraph 5 contains legal conclusions, to which no response is

8  required.  To the extent the allegations require a response, they are denied.

9  **PARTIES**

10     6.      Burrell admits, on information and belief that the National Credit

11 Union Administration Board has appointed itself the liquidating agent for

12 WesCorp.

13     7.      Burrell admits, on information and belief that defendant Robert

14 A. Siravo ("Siravo") once served as President and CEO of WesCorp.  Burrell

15 lacks knowledge or information sufficient to form a belief as to the truth of the

16 remaining allegations of Paragraph 7 and on that basis denies those

17 allegations.

18     8.      Burrell admits, on information and belief, that defendant Todd M.

19 Lane ("Lane") once served as Chief Financial Officer of WesCorp.  Burrell

20 lacks knowledge or information sufficient to form a belief as to the truth of the

21 remaining allegations of Paragraph 8 and on that basis denies those

22 allegations.

23     9.      Burrell admits that:  between June 30, 1997 and March 20, 2009

24 he served as Chief Investment Officer of WesCorp; between January 31, 2003

25 and March 20, 2009, he served as an Executive Vice President of WesCorp;

26 the NCUA terminated his employment at WesCorp on March 20, 2009; and he

27 resides in California.

28

10.     Burrell admits that defendant Timothy T. Sidley ("Sidley") once served as Vice President for Risk Assessment and Chief Risk Officer in charge of Investment Credit Services of WesCorp.  Burrell lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 10 and on that basis denies those allegations.

11.     Burrell admits that defendant Thomas E. Swedberg ("Swedberg") once served as Vice President of Human Resources and Vice President of Strategic Planning and Organizational Development of WesCorp.  Burrell lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 11 and on that basis denies those allegations.

12.     Burrell admits that former defendant Robert H. Harvey, Jr. ("Harvey") was a director and was the Chairman of the WesCorp board of directors.  Burrell lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 12 and on that basis denies those allegations.

13.     Burrell admits that former defendant James P. Jordan ("Jordan") was a member of the WesCorp board of directors and was the Vice Chairman of the WesCorp board.  Burrell lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 13 and on that basis denies those allegations.

14.     Burrell admits that former defendant Timothy Kramer ("Kramer") was a member of the WesCorp board of directors and served as the Secretary and Treasurer of the WesCorp board.  Burrell lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 14 and on that basis denies those allegations.

1    15.    Burrell admits that former defendant Robin J. Lentz ("Lentz")

2  was a member of the WesCorp board of directors.  Burrell lacks knowledge or

3  information sufficient to form a belief as to the truth of the remaining

4  allegations of Paragraph 15 and on that basis denies those allegations.

5    16.    Burrell admits that former defendant John M. Merlo ("Merlo")

6  was a member of the WesCorp board of directors.  Burrell lacks knowledge or

7  information sufficient to form a belief as to the truth of the remaining

8  allegations of Paragraph 16 and on that basis denies those allegations.

9    17.    Burrell admits that former defendant Gordon Dames ("Dames")

10  was a member of the WesCorp board of directors.  Burrell lacks knowledge or

11  information sufficient to form a belief as to the truth of the remaining

12  allegations of Paragraph 17 and on that basis denies those allegations.

13    18.    Burrell admits that former defendant William Cheney ("Cheney")

14  was a member of the WesCorp board of directors.  Burrell lacks knowledge or

15  information sufficient to form a belief as to the truth of the remaining

16  allegations of Paragraph 18 and on that basis denies those allegations.

17    19.    Burrell admits that former defendant Warren Nakamura

18  ("Nakamura") was a member of the WesCorp board of directors.  Burrell lacks

19  knowledge or information sufficient to form a belief as to the truth of the

20  remaining allegations of Paragraph 19 and on that basis denies those

21  allegations.

22    20.    Burrell admits that former defendant Brian Osberg ("Osberg")

23  was a member of the WesCorp board of directors.  Burrell lacks knowledge or

24  information sufficient to form a belief as to the truth of the remaining

25  allegations of Paragraph 20 and on that basis denies those allegations.

26    21.    Burrell admits that former defendant David Rhamy ("Rhamy")

27  was a member of the WesCorp board of directors.  Burrell lacks knowledge or

28

Answer & Counterclaims of Robert John Burrell
No. CV 10-01597 GW (MANx)

1   information sufficient to form a belief as to the truth of the remaining

2   allegations of Paragraph 21 and on that basis denies those allegations.

3        22.     Burrell admits that former defendant Sharon Updike ("Updike")

4   was a member of the WesCorp board of directors. Burrell lacks knowledge or

5   information sufficient to form a belief as to the truth of the remaining

6   allegations of Paragraph 22 and on that basis denies those allegations.

7        23.     Burrell admits that several of the Director Defendants[2] were

8   members of WesCorp's Asset and Liability Committee ("ALCO"), budget

9   committee, compensation committee or other committees. Burrell lacks

10  knowledge or information sufficient to form a belief as to the truth of the

11  remaining allegations of Paragraph 23 and on that basis denies those

12  allegations.

13       24.     Burrell admits that WesCorp had a detailed set of corporate

14  policies, which speak for themselves. Burrell lacks knowledge or information

15  sufficient to form a belief as to the remaining allegations of Paragraph 24 and

16  on that basis denies those allegations.

17       25.     Burrell admits that WesCorp had a detailed set of corporate

18  policies, which speak for themselves and which defined the role of the ALCO.

19  Burrell lacks knowledge or information sufficient to form a belief as to the

20  remaining allegations of Paragraph 25 and on that basis denies those

21  allegations.

22       26.     Burrell admits that many WesCorp board members regularly

23  attended ALCO meetings and that he regularly made presentations at ALCO

24  meetings. Burrell lacks knowledge or information sufficient to form a belief

25

26  _____

27  [2] Burrell uses the term "Director Defendants" as used in the Second Amended
    Complaint to refer to former defendants Harvey, Merlo, Dames, Jordan,

28  Kramer, Cheney, Lentz, Nakamura, Osberg, Rhamy and Updike.

Answer & Counterclaims of Robert John Burrell
No. CV 10-01597 GW (MANx)

1  as to the truth of the remaining allegations of Paragraph 26 and on that basis

2  denies those allegations.

3     27.    Burrell admits that WesCorp had a budget committee, which

4  reviewed and had the power to accept or reject WesCorp's annual budget

5  before sending the budget to the full board for its consideration.  Burrell lacks

6  knowledge or information sufficient to form a belief as to the truth of the

7  remaining allegations of Paragraph 27 and on that basis denies them.

8     28.    Paragraph 28 contains legal conclusions, to which no response is

9  required.  To the extent the allegations require a response, they are denied.

10    29.    Paragraph 29 contains legal conclusions, to which no response is

11  required.  To the extent the allegations require a response, they are denied.

12                         **SUMMARY OF CLAIMS**

13    30.    Burrell admits that WesCorp was a non-profit corporate credit

14  union run for the benefit of its members, who were themselves credit unions,

15  and that WesCorp provided its members with banking and investment

16  services.  The remaining allegations of Paragraph 30 contain legal

17  conclusions, to which no response is required.  To the extent the allegations

18  require a response, they are denied.

19    31.    Burrell admits that WesCorp was a corporate federal credit union

20  and provided its members with banking and investment services.  Burrell

21  admits that Siravo once served as President and CEO of WesCorp.  Burrell

22  lacks knowledge or information sufficient to form a belief as to the truth of the

23  remaining allegations of Paragraph 31, and on that basis denies those

24  allegations.

25    32.    Burrell admits that WesCorp invested its members' funds in

26  securities, including private label mortgage backed securities ("MBS"), and

27  that the NCUA and WesCorp's members knew on a timely basis what kinds of

28

Answer & Counterclaims of Robert John Burrell
No. CV 10-01597 GW (MANx)

1    investments WesCorp had made.  Burrell lacks knowledge or information
2    sufficient to form a belief as to the remaining allegations of Paragraph 32 and
3    on that basis denies those allegations.

4         33.    Burrell lacks knowledge or information sufficient to form a belief
5    as to the truth of the allegations of Paragraph 33 and on that basis denies those
6    allegations.

7         34.    Burrell avers that WesCorp primarily used the income from its
8    investments to increase the return to members on their invested funds and to
9    decrease the amount WesCorp charged members for the services it rendered to
10   them.  Burrell lacks knowledge or information sufficient to form a belief as to
11   the truth of the allegations of Paragraph 34 and on that basis denies those
12   allegations.

13        35.    Burrell lacks knowledge or information sufficient to form a belief
14   as to the truth of allegations of Paragraph 35 and on that basis denies those
15   allegations.

16        36.    Burrell admits that WesCorp invested in private label MBS,
17   including MBS based on Option ARM loans.  Burrell lacks knowledge or
18   information sufficient to form a belief as to the truth of the remaining
19   allegations of Paragraph 36 and on that basis denies those allegations.

20        37.    Burrell denies the allegations of Paragraph 37.

21        38.    Burrell admits that WesCorp invested in private label MBS,
22   including MBS based on Option ARM loans.  Burrell lacks knowledge or
23   information sufficient to form a belief as to the remaining allegations of
24   Paragraph 38 and on that basis denies those allegations.

25        39.    Burrell admits, on information and belief, that the MBS loans that
26   WesCorp purchased for investment were rated AAA or at least AA by
27   Moody's and S&P, or both, and were underwritten by the world's leading
28

1   investment banks.  Burrell lacks knowledge or information sufficient to form a
2   belief as to the truth of the remaining allegations of Paragraph 39 and on that
3   basis denies those allegations.

4         40.     Burrell lacks knowledge or information to form a belief as to the
5   truth of the allegations regarding WesCorp's 2009 recorded losses, and on that
6   basis denies them, except to the extent they reference the contents of
7   WesCorp's 2009 financial statements, which speak for themselves and which
8   were largely based on assumptions, forecasts and models imposed on
9   WesCorp by the NCUA.  Burrell refers to WesCorp's 2009 financial
10  statements for their contents and denies any characterization inconsistent with
11  their terms.  Burrell lacks knowledge or information sufficient to form a belief
12  as to the truth of the remaining allegations of Paragraph 40 and on that basis
13  denies those allegations.

14        41.     Burrell lacks knowledge or information sufficient to form a belief
15  as to the truth of the allegations of Paragraph 41, and on that basis denies those
16  allegations.

17        42.     Burrell lacks knowledge or information sufficient to form a belief
18  as to the truth of the allegations of Paragraph 42 and on that basis denies those
19  allegations.

20        43.     Paragraph 43 contains legal conclusions, to which no response is
21  required.  To the extent they require a response, Burrell denies the allegations
22  about himself and lacks information or knowledge sufficient to form a belief
23  as to the truth of the allegations of Paragraph 43 about others and on that basis
24  denies those allegations.

25

26

27

28

# FACTUAL ALLEGATIONS

## The Federal Credit Union System

44.     Burrell admits, on information and belief, that the federal credit union system is a three-tier system consisting of (1) one wholesale corporate credit union (U.S. Central Federal Credit Union); (2) retail corporate credit unions; and (3) "natural person" credit unions.  Burrell further admits, on information and belief, that the wholesale corporate credit union, "U.S. Central," provides services to the retail corporate credit unions, while the retail corporate credit unions provide services to both federally-chartered and state-chartered natural person credit unions.  Burrell lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 44 and on that basis denies them.

45.     Burrell admits, on information and belief, that WesCorp was a retail corporate credit union.  Burrell lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 45 and on that basis denies those allegations.

46.     Burrell admits, on information and belief, that corporate credit unions are not-for-profit institutions owned by their members and that in the case of retail corporate credit unions, the members are primarily natural person credit unions.

47.     Burrell admits, on information and belief, that retail corporate credit unions provide services and support to their natural person credit union members.  Burrell admits, on information and belief, that retail corporate credit unions offer their natural person credit unions banking and investment products and services, and that these products and services may include settlement of transactions such as checks, ATM and credit card transactions and wire transfers.  Burrell lacks knowledge or information sufficient to form

1  a belief as to the truth of the remaining allegations of Paragraph 47 and on that

2  basis denies those allegations.

3       48.    Burrell avers that the NCUA and WesCorp's members knew,

4  approved of and encouraged WesCorp's investment strategy, including

5  without limitation its attempts to obtain higher returns on members'

6  investments than could be obtained through investing solely or predominantly

7  in MBS issued by government agencies such as Fannie Mae and Freddie Mac

8  ("agency MBS"). Burrell lacks knowledge or information sufficient to form a

9  belief as to the truth of the allegations regarding alleged statements from

10 WesCorp's website, and on that basis denies them, except to the extent they

11 reference the contents of WesCorp's website, which speaks for itself. Burrell

12 refers to WesCorp's website for its contents and denies any characterization

13 inconsistent with its terms. Burrell lacks knowledge or information sufficient

14 to form a belief as to the truth of the remaining allegations of Paragraph 48

15 and on that basis denies those allegations.

16      49.    Burrell lacks knowledge or information sufficient to form a belief

17 as to the truth of the allegations regarding alleged statements from WesCorp's

18 bylaws, and on that basis denies them, except to the extent they reference the

19 contents of WesCorp's bylaws, which speak for themselves. Burrell refers to

20 WesCorp's bylaws for their contents and denies any characterization

21 inconsistent with their terms. Burrell lacks knowledge or information

22 sufficient to form a belief as to the truth of the remaining allegations of

23 Paragraph 49 and on that basis denies those allegations.

24      50.    Burrell admits, on information and belief, that corporate credit

25 unions invest the assets of their natural person credit union members, when

26 requested to do so by their members, and provide banking and investment

27 services to their members. Burrell lacks knowledge or information sufficient

28

1   to form a belief as to the truth of the allegations of Paragraph 50 and on that

2   basis denies those allegations.

3       51.    Burrell admits, on information and belief, that WesCorp provided

4   services and liquidity to its credit union members and that many of the

5   members of WesCorp's board of directors were CEOs of natural person credit

6   unions that were members of WesCorp.  Burrell lacks knowledge or

7   information sufficient to form a belief as to the truth of the remaining

8   allegations of Paragraph 51 and on that basis denies them.

9                 **The Officer Defendants' Responsibilities and Duties**

10      52.    Burrell lacks knowledge or information sufficient to form a belief

11  as to the truth of the allegations regarding alleged statements from WesCorp's

12  bylaws and policies, and on that basis denies them, except to the extent they

13  reference the contents of WesCorp's bylaws and policies, which speak for

14  themselves.  Burrell refers to WesCorp's bylaws and policies for their contents

15  and denies any characterization inconsistent with their terms.  Burrell lacks

16  knowledge or information sufficient to form a belief as to the truth of the

17  remaining allegations of Paragraph 52 and on that basis denies those

18  allegations.

19      53.    Burrell admits that Siravo once served as President and CEO of

20  WesCorp.  Burrell lacks knowledge or information sufficient to form a belief

21  as to the truth of the remaining allegations of Paragraph 53 and on that basis

22  denies those allegations.

23      54.    Paragraph 54 contains legal conclusions, to which no response is

24  required.  To the extent the allegations require a response, they are denied.

25      55.    Burrell admits that Lane once served as Chief Financial Officer

26  of WesCorp.  Burrell lacks knowledge or information sufficient to form a

27

28

Answer & Counterclaims of Robert John Burrell
No. CV 10-01597 GW (MANx)

1  belief as to the truth of the remaining allegations of Paragraph 55 and on that

2  basis denies those allegations.

3       56.     Burrell admits that he once served as Chief Investment Officer

4  for WesCorp, supervised its Investment Department and, as such, had

5  responsibility for day-to-day management of the balance sheet, investment

6  strategies, liquidity and interest rate risk.  Burrell denies that he had

7  responsibility for credit risk management.  Burrell avers that WesCorp's

8  policies, which speak for themselves, specified his duties.  The remaining

9  allegations of Paragraph 56 are legal conclusions, to which no response is

10  required.  To the extent the allegations require a response, they are denied.

11      57.     Burrell denies the allegations of Paragraph 57.

12      58.     Burrell lacks knowledge or information sufficient to form a belief

13  as to the truth of the allegations of Paragraph 58 and on that basis denies those

14  allegations.

15      59.     Burrell admits that WesCorp at some time in the late 1990's

16  formed an Asset/Liability Staff Committee ("ALSC"), which reviewed

17  balance sheet management and investment strategy, among other matters,

18  which was in turn reviewed by the ALCO.  Burrell denies the remaining

19  allegations of Paragraph 59.

20      60.     Burrell admits that he was a voting member of the ALSC and

21  ALCO.  Burrell lacks knowledge or information sufficient to form a belief as

22  to the truth of the allegations in the second sentence of Paragraph 60 and on

23  that basis denies those allegations.  The remaining allegations of Paragraph 60

24  are legal conclusions, to which no response is required.  To the extent the

25  allegations require a response, they are denied.

26

27

28

1 **WesCorp's Growth**

2 61.    Burrell avers that in the period before 1997, the NCUA

3 disapproved of WesCorp's management and strategies, and in particular told

4 WesCorp that it incurred excessive interest rate risk.  Burrell lacks knowledge

5 or information sufficient to form a belief as the truth of the allegations of

6 Paragraph 61 and on that basis denies those allegations.

7 62.    Burrell admits that Siravo once served as President and CEO of

8 WesCorp.  Burrell denies that WesCorp adopted aggressive plans or strategies

9 after 2002.  Burrell lacks knowledge or information sufficient to form a belief

10 as to the remaining allegations of Paragraph 62 and on that basis denies those

11 allegations.

12 63.    Burrell lacks knowledge or information sufficient to form a belief

13 as to the truth of the allegations of Paragraph 63 and on that basis denies those

14 allegations.

15 64.    Burrell lacks knowledge or information sufficient to form a belief

16 as to the truth of the allegations of Paragraph 64 and on that basis denies those

17 allegations.

18 65.     Burrell lacks knowledge or information sufficient to form a

19 belief as to the truth of the allegations of Paragraph 65 and on that basis denies

20 those allegations.

21 66.    Burrell lacks knowledge or information sufficient to form a belief

22 as to the truth of the allegations of Paragraph 66 and on that basis denies those

23 allegations.

24 67.    Burrell admits that for a period of time, private label MBS were

25 typically higher-yielding than agency MBS.  Burrell further admits that

26 WesCorp invested in MBS, including private label MBS.  Burrell lacks

27 knowledge or information sufficient to form a belief as to the truth of the

28

1   remaining allegations of Paragraph 67 and on that basis denies those

2   allegations.

3        68.    Burrell lacks knowledge or information sufficient to form a belief

4   as to the truth of the allegations regarding alleged statements from WesCorp's

5   policies, and on that basis denies them, except to the extent they reference the

6   contents of WesCorp's policies, which speak for themselves. Burrell refers to

7   WesCorp's policies for their contents and denies any characterization

8   inconsistent with their terms. Burrell avers that the NCUA by and large

9   approved of WesCorp's capital goals and that, to the extent that the NCUA

10  suggested changes in those goals, WesCorp made the suggested changes.

11  Burrell lacks knowledge or information sufficient to form a belief as to the

12  truth of the allegations of Paragraph 68 and on that basis denies those

13  allegations.

14       69.    Burrell avers that WesCorp primarily used the income from

15  members' investments to benefit members, by offering them a higher return on

16  their investments, or lower charges for services, or both. Burrell lacks

17  knowledge or information sufficient to form a belief as to the truth of the

18  allegations of Paragraph 69 and on that basis denies those allegations.

19       70.    Burrell lacks knowledge or information sufficient to form a belief

20  as to the truth of the allegations of Paragraph 70 and on that basis denies those

21  allegations.

22              **WesCorp's Private Label MBS Investments**

23       71.    Burrell lacks knowledge or information sufficient to form a belief

24  as to the truth of the allegations of Paragraph 71 and on that basis denies those

25  allegations.

26

27

28

Answer & Counterclaims of Robert John Burrell
No. CV 10-01597 GW (MANx)

72.     Burrell lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 72 and on that basis denies those allegations.

73.     Burrell admits that WesCorp invested in AAA-rated and AA-rated private label MBS.  Burrell avers that the NCUA gave WesCorp special permission to invest in much lower rated securities, which authority WesCorp did not use.  Burrell also avers that the NCUA's regulations and WesCorp's policies  speak for themselves.  Burrell lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 73 and on that basis denies those allegations.

74.     Burrell admits that until mid 2007 WesCorp invested in AAA-rated private label MBS, including Option ARM MBS.  Burrell admits that WesCorp also invested in Collateralized Debt Obligations ("CDOs"), which are not MBS but multi-class assets that can include MBS along with other types of collateral.  Burrell lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 74 and on that basis denies those allegations.

75.     Burrell admits that WesCorp also invested in CDOs, which are not MBS but multi-class assets that can include MBS along with other types of collateral, and denies that all the CDOs in which WesCorp invested were backed solely by pools of MBS.  The remaining allegations of Paragraph 75 are legal conclusions, to which no response is required.  To the extent the allegations require a response, they are denied.

76.     Burrell admits that WesCorp purchased CDOs.  Burrell lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 76 and on that basis denies those allegations.

77.     Burrell admits that Option ARM MBS are ownership interests in pools of Option ARM mortgages.  Burrell further admits, on information and belief, that in some instances the monthly payments due on Option ARM mortgages could be adjusted, at the mortgagee's option, and sometimes reset in accordance with the terms of the mortgage.  Burrell lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 77 and on that basis denies those allegations.

78.     Burrell denies that through mid 2007 all reduced documentation (or "Alt-A") mortgage loans were commonly called "liar loans" and avers that he and many people regarded some reduced documentation loans as only slightly riskier than "prime" or "conforming" mortgages, and less risky than "subprime" mortgages.  Burrell lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 78 and on that basis denies those allegations.

79.     Burrell denies that through mid 2007 he or many people regarded all Alt-A loans as inherently risky and avers that he and many people regarded some reduced documentation loans as only slightly riskier than "prime" or "conforming" mortgages, and less risky than "subprime" mortgages.  Burrell lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 79 and on that basis denies those allegations.

80.     Burrell admits that WesCorp invested in Option ARM MBS. Burrell lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 80 and on that basis denies those allegations.

81.     Burrell admits that WesCorp purchased certain MBS from tranches other than the very highest tranches but denies that he or others regarded these tranches of loans – which were many levels senior to the much

Answer & Counterclaims of Robert John Burrell
No. CV 10-01597 GW (MANx)

1   lower tranches that the NCUA gave WesCorp permission to buy – as unduly

2   risky.  Burrell further admits, on information and belief, that tranches below

3   the very highest tranches generally pay a higher yield than do the very highest

4   tranches.  Burrell lacks knowledge or information sufficient to form a belief as

5   to the truth of the remaining allegations of Paragraph 81 and on that basis

6   denies those allegations.

7   82.   Burrell admits that WesCorp invested in some AA-rated MBS

8   through 2006 but not thereafter.  Burrell avers that the NCUA gave WesCorp

9   special permission, through "Expanded Authorities," to invest in securities

10   rated many levels below AA but that WesCorp chose not to invest in such

11   lower rated securities.  Burrell lacks knowledge or information sufficient to

12   form a belief as to the truth of the remaining allegations of Paragraph 82 and

13   on that basis denies those allegations.

14   83.   Burrell lacks knowledge or information sufficient to form a belief

15   as to the truth of the allegations of Paragraph 83 and on that basis denies those

16   allegations.

17   84.   Burrell denies that WesCorp invested in the tranches most likely

18   to suffer losses or in anything close to that risky.  Burrell avers that the NCUA

19   gave WesCorp special permission to invest in securities rated many levels

20   below AAA and indeed below AA but that WesCorp chose not to invest in

21   such lower rated securities. Burrell lacks knowledge or information sufficient

22   to form a belief as to the truth of the remaining allegations of Paragraph 84

23   and on that basis denies those allegations.

24

25

26

27

28

Answer & Counterclaims of Robert John Burrell
No. CV 10-01597 GW (MANx)

1

**WesCorp's Budgets**

2     85.    Burrell admits that every year WesCorp's management and board

3 of directors went through a months-long process to create a budget for the next

4 year.  Burrell admits that his Investment Department provided some of the

5 inputs for that budget process, including detailed assumptions and projections

6 regarding balances, investment income, cost of funds and net interest income.

7 Burrell lacks knowledge or information sufficient to form a belief as to the

8 truth of the remaining allegations of Paragraph 85 and on that basis denies

9 those allegations.

10     86.    Paragraph 86 contains legal conclusions, to which no response is

11 required.  To the extent the allegations require a response, Burrell denies the

12 allegations about himself and lacks knowledge or information sufficient to

13 form a belief as to the truth of the allegations of Paragraph 86 about others and

14 on that basis denies those allegations.

15     87.    Paragraph 87 contains legal conclusions, to which no response is

16 required.  To the extent the allegations require a response, Burrell lacks

17 knowledge or information sufficient to form a belief as to the truth of the

18 allegations of Paragraph 87 and on that basis denies those allegations.

19     88.    Burrell lacks knowledge or information sufficient to form a belief

20 as to the truth of the allegations of Paragraph 88 and on that basis denies those

21 allegations, except to the extent they reference the contents of WesCorp's

22 budgets, which speak for themselves.  Burrell refers to WesCorp's budgets for

23 their contents and denies any characterization inconsistent with their terms.

24     89.    Burrell admits that the return WesCorp earned on its investment

25 portfolio affected WesCorp's investment income:  this is tautologically true.

26 Burrell denies the remaining allegations of Paragraph 89, including but not

27

28

1    limited to any implication that WesCorp took imprudent investment risks for

2    the sake of achieving the goals set by budgets.

3         90.    Burrell denies that the 2007 budget, or any WesCorp budget,

4    "mandated" or required anything; rather, budgets set goals, which might or

5    might not be abandoned, achieved or modified as circumstances warranted.

6    Burrell lacks knowledge or information sufficient to form a belief as to the

7    truth of the allegations of Paragraph 90 and on that basis denies those

8    allegations, except to the extent they reference the contents of WesCorp's

9    budgets, which speak for themselves.  Burrell refers to WesCorp's budgets for

10   their contents and denies any characterization inconsistent with their terms.

11        91.    Burrell denies the allegations of Paragraph 91, including but not

12   limited to any implication that he or the Investment Department ever ensured

13   or guaranteed any particular level of income, or took imprudent investment

14   risks for the sake of achieving the goals set by budgets.

15        92.    Burrell lacks knowledge or information sufficient to form a belief

16   as to the truth of the allegations of Paragraph 92 and on that basis denies those

17   allegations.

18        93.    Burrell lacks knowledge or information sufficient to form a belief

19   as to the truth of the allegations of Paragraph 93 and on that basis denies those

20   allegations.

21        94.    Burrell lacks knowledge or information sufficient to form a belief

22   as to the truth of the allegations of Paragraph 94, and on that basis denies those

23   allegations, except to the extent they reference the contents of WesCorp's

24   budgets, which speak for themselves.  Burrell refers to WesCorp's budgets for

25   their contents and denies any characterization inconsistent with their terms.

26        95.    Burrell denies the allegations of  Paragraph 95.

27

28

Answer & Counterclaims of Robert John Burrell
No. CV 10-01597 GW (MANx)

96.     Burrell admits that in 2005 and 2006 he knew that the spreads between the returns on agency MBS and the returns on private label MBS, while fluctuating, generally were narrowing and that, at virtually every ALCO meeting, spreads (among many other things) were discussed.  Burrell lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 96 and on that basis denies those allegations.

97.     Burrell lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 97 and on that basis denies those allegations, except to the extent they reference the contents of WesCorp's ALCO books, which speak for themselves.  Burrell refers to WesCorp's ALCO books for their contents and denies any characterization inconsistent with their terms.

98.     Burrell admits that in 2005 and 2006 he knew that the spreads between the returns on agency MBS and the returns on private label MBS, while fluctuating, generally were narrowing.  Burrell denies the remaining allegations of Paragraph 98.

99.     Burrell avers that in 2005 and 2006 he knew that the spreads between the returns on agency MBS and the returns on private label MBS, while fluctuating, generally were narrowing.  Burrell lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 99 and on that basis denies those allegations.

100.   Paragraph 100 contains legal conclusions, to which no response is required.  To the extent the allegations require a response, Burrell denies those allegations.

101.   Paragraph 101 contains legal conclusions, to which no response is required.  To the extent the allegations require a response, Burrell lacks

1   knowledge or information sufficient to form a belief as to the truth of the

2   allegations of Paragraph 101 and on that basis denies those allegations.

3        102.   Paragraph 102 contains legal conclusions, to which no response is

4   required.  To the extent the allegations require a response, Burrell lacks

5   knowledge or information sufficient to form a belief as to the truth of the

6   allegations of Paragraph 102 and on that basis denies those allegations.

7        103.   Paragraph 103 contains legal conclusions, to which no response is

8   required.  To the extent the allegations require a response, Burrell denies those

9   allegations.

10       104.   Burrell denies the allegations of Paragraph 104.

11                   **MBS Concentration**

12       105.   Paragraph 105 contains legal conclusions, to which no response is

13   required.  To the extent the allegations require a response, Burrell admits that

14   the NCUA had regulations, which speak for themselves.  Burrell lacks

15   knowledge or information sufficient to form a belief as to the truth of the

16   remaining allegations of Paragraph 105 and on that basis denies those

17   allegations.

18       106.   Burrell lacks knowledge or information sufficient to form a belief

19   as to the truth of the allegations of Paragraph 106 and on that basis denies

20   those allegations.

21       107.   Burrell admits that WesCorp provided services to its members,

22   including investing their funds if requested to do so.  Burrell lacks knowledge

23   or information sufficient to form a belief as to the truth of the remaining

24   allegations of Paragraph 107 and on that basis denies those allegations.

25       108.   Burrell admits that WesCorp's board had responsibility for

26   setting investment policies.  Burrell admits that WesCorp had many

27   investment policies, which speak for themselves.  Burrell lacks knowledge or

28

1    information sufficient to form a belief as to the truth of the remaining

2    allegations of Paragraph 108 and on that basis denies those allegations.

3        109.   Burrell admits that WesCorp's ALCO Committee had

4    responsibility for overseeing corporate policies, including those related to

5    investment activities and credit risk management.  Burrell admits that

6    WesCorp had many investment policies, which speak for themselves.  Burrell

7    lacks knowledge or information sufficient to form a belief as to the truth of the

8    remaining allegations of Paragraph 109 and on that basis denies those

9    allegations.

10        110.   Burrell admits that Sidley headed WesCorp's Risk Assessment

11   Department.  Burrell admits that he headed WesCorp's Investment

12   Department.  Burrell admits that the Investment Department would suggest

13   certain concentration limits, based largely on the size of WesCorp's balance

14   sheet, to WesCorp's Investment Credit Services Department, which in turn

15   would exercise its own independent judgment and then recommend

16   concentration limits to WesCorp's ALCO and board.  Burrell lacks knowledge

17   or information sufficient to form a belief as to the truth of the remaining

18   allegations of Paragraph 110 and on that basis denies those allegations.

19        111.   Burrell admits that WesCorp's board adopted policies specifying

20   concentration limits for its investment securities and from time to time

21   amended the policies to change limits or impose new limits, which policies

22   and which amendments speak for themselves.  Burrell lacks knowledge or

23   information sufficient to form a belief as to the truth of the remaining

24   allegations of Paragraph 111 and on that basis denies those allegations.

25        112.   Burrell admits that the Investment Department would suggest

26   certain concentration limits, based largely on WesCorp's balance sheet rather

27   than on its budget or projected investment yields, to WesCorp's Investment

28

1    Credit Services Department, which in turn would exercise its own independent

2    judgment and then recommend concentration limits to WesCorp's ALCO and

3    board.  Burrell lacks knowledge or information sufficient to form a belief as to

4    the truth of the remaining allegations of Paragraph 112 and on that basis

5    denies them.

6        113.   Paragraph 113 contains legal conclusions, to which no response is

7    required.  To the extent the allegations require a response, Burrell lacks

8    knowledge or information sufficient to form a belief as to the truth of the

9    allegations of Paragraph 113 and on that basis denies those allegations.

10        114.   Paragraph 114 contains legal conclusions, to which no response is

11   required.  To the extent the allegations require a response, Burrell admits that

12   WesCorp purchased AAA-rated private label MBS.  Burrell lacks knowledge

13   or information sufficient to form a belief as to the truth of the remaining

14   allegations of Paragraph 114 and on that basis denies those allegations.

15                              **Option ARM MBS**

16        115.   Burrell lacks knowledge or information sufficient to form a belief

17   as to the truth of the allegations of Paragraph 115 and on that basis denies

18   those allegations, except to the extent they reference the contents of

19   WesCorp's corporate policies, which speak for themselves.  Burrell refers to

20   WesCorp's corporate policies for their contents and denies any

21   characterization inconsistent with their terms.

22        116.   Burrell admits that WesCorp purchased Option ARM MBS.

23   Burrell lacks information or knowledge sufficient to form a belief as to the

24   truth of the remaining allegations of Paragraph 116 and on that basis denies

25   those allegations.

26

27

28

Answer & Counterclaims of Robert John Burrell
No. CV 10-01597 GW (MANx)

117.   Burrell denies that Option ARM MBS was a "new" type of security within the meaning of WesCorp's policies.  Burrell denies the remaining allegations of Paragraph 117.

118.   Burrell denies that Option ARM MBS was a "new" type of security within the meaning of WesCorp's policies.  Burrell lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 118 and on that basis denies those allegations.

119.   Paragraph 119 contains legal conclusions, to which no response is required.  To the extent the allegations require a response, Burrell denies that Option ARM MBS was a "new" type of security within the meaning of WesCorp's policies.  Burrell lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 119 and on that basis denies those allegations.

120.   Burrell admits that he knew that "reset shock" was one factor (of perhaps 20) affecting the potential performance of collateral pools of Option ARM MBS.  However, the degree to which that factor impacted the credit risks associated with the Option ARM MBS securities themselves was also highly dependent on the specific level and type of  credit enhancement or credit support provided to each individual security.  At this time, and in subsequent periods through the period that WesCorp invested in Option ARMs, the surveillance reports produced by Investment Credit Services indicated that Option ARM collateral pools  were performing better than expected.  Burrell denies the other allegations of Paragraph 120 pertaining to him or to what he allegedly knew.  Burrell lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 120 pertaining to others and on that basis denies those allegations.

- 25 -

1       121.   Burrell lacks information or knowledge sufficient to form a belief

2 as to the truth of the allegations of Paragraph 121 and on that basis denies

3 those allegations.

4       122.   Burrell lacks information or knowledge sufficient to form a belief

5 as to the truth of the allegations of Paragraph 122 and on that basis denies

6 those allegations.

7       123.   Burrell lacks knowledge or information sufficient to form a belief

8 as to the truth of the allegations of Paragraph 123 and on that basis denies

9 those allegations.

10       124.   Burrell denies that he was "required" to recommend, propose or

11 adopt concentration limits for specific types of collateral such as Option ARM

12 MBS.  Burrell avers that WesCorp had a number of different concentration

13 limits that applied to Option ARM MBS, as well as other types of investments.

14 Burrell lacks knowledge or information sufficient to form a belief as to the

15 truth of the remaining allegations of Paragraph 124 and on that basis denies

16 those allegations.

17       125.   Burrell lacks knowledge or information sufficient to form a belief

18 as to the truth of the allegations of Paragraph 125 and on that basis denies

19 those allegations.

20       126.   Burrell admits that WesCorp's board adopted meaningful

21 concentration limits for its private label MBS investments.  Burrell lacks

22 information or knowledge sufficient to form a belief as to the truth of the

23 remaining allegations of Paragraph 126 and on that basis denies those

24 allegations.

25       127.   Paragraph 127 contains legal conclusions, to which no response is

26 required.  To the extent the allegations require a response, they are denied.

27

28

         Answer & Counterclaims of Robert John Burrell
                                                       No. CV 10-01597 GW (MANx)

1    128.   Burrell denies that he was required to recommend, propose or

2  adopt concentration limits for AAA-rated private label MBS by tranche

3  position.  Burrell avers that WesCorp had a number of different concentration

4  limits that applied to AAA-rated private label MBS, as well as other types of

5  investments.  Burrell lacks knowledge or information sufficient to form a

6  belief as to the truth of the remaining allegations of Paragraph 128 and on that

7  basis denies those allegations.

8    129.   Burrell denies that he was required to recommend, propose or

9  adopt concentration limits for Option ARM MBS or lower tranche AAA-rated

10  private label MBS in WesCorp's portfolio.  Burrell avers that WesCorp had a

11  number of different concentration limits that applied to Option ARM MBS, as

12  well as other types of investments.  Burrell lacks information or knowledge

13  sufficient to form a belief as to the truth of the remaining allegations of

14  Paragraph 129 and on that basis denies those allegations.

15    130.   Burrell avers that WesCorp had a number of different

16  concentration limits that applied to Option ARM MBS, as well as other types

17  of investments, and tracked compliance with each.  Burrell lacks information

18  or knowledge sufficient to form a belief as to the truth of the allegations of

19  Paragraph 130 and on that basis denies those allegations.

20    131.   Burrell denies the allegations of Paragraph 131 pertaining to him

21  and to what he knew.  Burrell lacks information or knowledge sufficient to

22  form a belief as to the truth of the remaining allegations of Paragraph 131 and

23  on that basis denies those allegations.

24    132.   Burrell admits that he served as the officer in charge of the

25  Investment Department.  Burrell admits that at one time Sidley was the officer

26  in charge of the Investment Credit Services Department and Chief Risk

27  Officer.  Burrell denies that the Investment Department had the responsibility

28

1   for monitoring and reviewing credit risk (as opposed to liquidity and interest
2   rate risk). Burrell denies that the credit risk monitoring and reviews he saw
3   that were performed by other departments within WesCorp were perfunctory
4   or rote. Burrell lacks knowledge or information sufficient to form a belief as
5   to the truth of the remaining allegations of Paragraph 132 and on that basis
6   denies those allegations.

7       133. Paragraph 133 contains legal conclusions, to which no response is
8   required. To the extent the allegations require a response, Burrell denies that
9   the Investment Department had the responsibility for monitoring and
10  reviewing credit risk (as opposed to liquidity and interest rate risk). Burrell
11  denies that the credit risk monitoring and reviews he saw that were performed
12  by other departments within WesCorp were other than thorough. Burrell lacks
13  information or knowledge sufficient to form a belief as to the truth of the
14  remaining allegations of Paragraph 133 and on that basis denies those
15  allegations.

16              **The Warnings of Risks in WesCorp's Portfolio**

17      134. Burrell lacks information or knowledge sufficient to form a belief
18  as to the truth of the allegations of Paragraph 134 and on that basis denies
19  those allegations.

20      135. Burrell admits that the Officer Defendants and the Director
21  Defendants generally attended the ALCO meetings. Burrell refers to
22  WesCorp's ALCO books, which speak for themselves, for their contents and
23  denies any characterization inconsistent with their terms. Burrell lacks
24  information or knowledge sufficient to form a belief as to the truth of the
25  remaining allegations of Paragraph 135 and on that basis denies those
26  allegations.

27

28

136. Burrell admits that in 2005 and 2006 he knew that the spreads
between the returns on agency MBS and the returns on private label MBS,
while fluctuating, generally were narrowing. Burrell refers to WesCorp's
ALCO books, which speak for themselves, for their contents and denies any
characterization inconsistent with their terms. Burrell denies any implication
that he or the Investment Department recommended, or that WesCorp made,
any investments believed to be other than "good" safe and sound investments.
Burrell denies the remaining allegations of Paragraph 136.

137. Burrell refers to WesCorp's ALCO books, which speak for
themselves, for their contents and denies any characterization inconsistent
with their terms. Burrell lacks information or knowledge sufficient to form a
belief as to the truth of the allegations of Paragraph 137 and on that basis
denies those allegations.

138. Burrell lacks knowledge or information sufficient to form a belief
as to the truth of the allegations in Paragraph 138 and on that basis denies
those allegations, except to the extent they reference the contents of
WesCorp's ALCO books, which speak for themselves. Burrell refers to
WesCorp's ALCO books for their contents and denies any characterization
inconsistent with their terms.

139. Burrell lacks knowledge or information sufficient to form a belief
as to the truth of the allegations in Paragraph 139 and on that basis denies
those allegations, except to the extent they reference the contents of
WesCorp's ALCO books, which speak for themselves. Burrell refers to
WesCorp's ALCO books for their contents and denies any characterization
inconsistent with their terms.

1    140.   Burrell lacks information or knowledge sufficient to form a belief

2    as to the truth of the allegations of Paragraph 140 and on that basis denies

3    those allegations.

4    141.   Burrell lacks knowledge or information sufficient to form a belief

5    as to the truth of the allegations in Paragraph 141 and on that basis denies

6    those allegations, except to the extent they reference the contents of

7    WesCorp's ALCO books, which speak for themselves.  Burrell refers to

8    WesCorp's ALCO books for their contents and denies any characterization

9    inconsistent with their terms.

10    142.   Burrell lacks knowledge or information sufficient to form a belief

11    as to the truth of the allegations in Paragraph 142 and on that basis denies

12    those allegations, except to the extent they reference the contents of

13    WesCorp's ALCO books, which speak for themselves.  Burrell refers to

14    WesCorp's ALCO books for their contents and denies any characterization

15    inconsistent with their terms.

16    143.   Burrell admits that WesCorp reduced its purchases of AA-rated

17    MBS in 2005 and ceased them altogether by the end of 2006.  Burrell avers

18    that WesCorp took many other steps to monitor market trends and to protect

19    itself against adverse trends.  Burrell lacks information or knowledge

20    sufficient to form a belief as to the truth of the remaining allegations of

21    Paragraph 143 and on that basis denies those allegations.

22    144.   Burrell denies that he failed to inform WesCorp's board and

23    ALCO of market trends, including any adverse market trends, and avers that

24    the ALCO books prove the contrary.  Burrell denies that he failed to

25    recommend changes to investment strategy and avers that he recommended,

26    and WesCorp made, a number of changes to investment strategy, including

27    deemphasizing and then dropping altogether investments in AA-rated MBS

28

1   and in subprime MBS, and deemphasizing or dropping other investments

2   believed to be at increased risk once the housing market started to deteriorate.

3   Burrell lacks information or knowledge sufficient to form a belief as to the

4   truth of the remaining allegations of Paragraph 144 and on that basis denies

5   those allegations.

6       145.   Paragraph 145 contains legal conclusions, to which no response is

7   required.  To the extent the allegations require a response, they are denied.

8       146.   Paragraph 146 contains legal conclusions, to which no response is

9   required.  To the extent the allegations require a response, Burrell admits that

10  WesCorp stopped buying all private label MBS, including AAA-rated MBS,

11  by the middle of 2007.  Burrell lacks information or knowledge sufficient to

12  form a belief as to the truth of the allegations of Paragraph 146 and on that

13  basis denies those allegations..

14      147.   Paragraph 147 contains legal conclusions, to which no response is

15  required.  To the extent the allegations require a response, they are denied.

16                  **The NCUA's Takeover of WesCorp**

17      148.   Burrell lacks information or knowledge sufficient to form a belief

18  as to the truth of the allegations of Paragraph 148 and on that basis denies

19  those allegations.

20      149.   Burrell denies the first sentence of Paragraph 149 and avers that

21  the NCUA took over WesCorp at a time when WesCorp was not insolvent,

22  had not collapsed and did not lack sufficient liquidity to remain in operation.

23  Burrell denies any allegation of Paragraph 149 that he was required to

24  recommend, propose or adopt concentration limits for Option ARM MBS in

25  WesCorp's portfolio.  Burrell lacks knowledge or information sufficient to

26  form a belief as to the truth of the remaining allegations of Paragraph 149 and

27  on that basis denies those allegations.

28

1    150.   Burrell lacks information or knowledge sufficient to form a belief

2  as to the truth of the allegations of Paragraph 150 and on that basis denies

3  those allegations.

4    151.   Burrell denies that he was required to recommend, propose or

5  adopt concentration limits for Option ARM MBS in WesCorp's portfolio.

6  Burrell lacks information or knowledge sufficient to form a belief as to the

7  truth of the remaining allegations of Paragraph 151 and on that basis denies

8  those allegations.

9    152.   Burrell lacks information or knowledge sufficient to form a belief

10  as to the truth of the allegations of Paragraph 152 and on that basis denies

11  those allegations.

12    153.   Burrell lacks information or knowledge sufficient to form a belief

13  as to the truth of the allegations of Paragraph 153 and on that basis denies

14  those allegations.

15                          **The SERP Payments**

16    154.   Burrell admits that WesCorp's board authorized a supplemental

17  executive retention plan ("SERP") for a number of senior executives,

18  including himself, and avers that the NCUA deprived him of any and all

19  monies to which he would have been entitled at his expected retirement date

20  under his SERP but for the NCUA's actions.  Burrell lacks information or

21  knowledge sufficient to form a belief as to the truth of the remaining

22  allegations of Paragraph 154 and on that basis denies those allegations.

23    155.   Burrell admits that WesCorp's board authorized a SERP for a

24  number of senior executives, including himself, and avers that the NCUA

25  deprived him of any and all monies to which he would have been entitled

26  under his SERP but for the NCUA's actions.  Burrell lacks information or

27

28

1   knowledge sufficient to form a belief as to the truth of the allegations of

2   Paragraph 155 and on that basis denies those allegations.

3       156.   Burrell admits, on information and belief, that Siravo became

4   President and CEO of WesCorp. Burrell lacks information or knowledge

5   sufficient to form a belief as to the truth of the remaining allegations of

6   Paragraph 156 and on that basis denies those allegations.

7       157.   Burrell lacks information or knowledge sufficient to form a belief

8   as to the truth of the allegations of Paragraph 157 and on that basis denies

9   those allegations.

10       158.   Burrell lacks information or knowledge sufficient to form a belief

11   as to the truth of the allegations of Paragraph 158 and on that basis denies

12   those allegations.

13       159.   Burrell lacks information or knowledge sufficient to form a belief

14   as to the truth of the allegations of Paragraph 159 and on that basis denies

15   those allegations.

16       160.   Burrell lacks information or knowledge sufficient to form a belief

17   as to the truth of the allegations of Paragraph 160 and on that basis denies

18   those allegations.

19       161.   Burrell lacks information or knowledge sufficient to form a belief

20   as to the truth of the allegations of Paragraph 161 and on that basis denies

21   those allegations.

22       162.   Burrell lacks information or knowledge sufficient to form a belief

23   as to the truth of the allegations of Paragraph 162 and on that basis denies

24   those allegations.

25       163.   Burrell lacks information or knowledge sufficient to form a belief

26   as to the truth of the allegations of Paragraph 163 and on that basis denies

27   those allegations.

28

1    164.   Burrell lacks information or knowledge sufficient to form a belief
2  as to the truth of the allegations of Paragraph 164 and on that basis denies
3  those allegations.

4    165.   Burrell lacks information or knowledge sufficient to form a belief
5  as to the truth of the allegations of Paragraph 165 and on that basis denies
6  those allegations.

7    166.   Burrell lacks information or knowledge sufficient to form a belief
8  as to the truth of the allegations of Paragraph 166 and on that basis denies
9  those allegations.

10    167.   Burrell lacks information or knowledge sufficient to form a belief
11  as to the truth of the allegations of Paragraph 167 and on that basis denies
12  those allegations.

13    168.   Burrell lacks information or knowledge sufficient to form a belief
14  as to the truth of the allegations of Paragraph 168 and on that basis denies
15  those allegations.

16    169.   Burrell lacks information or knowledge sufficient to form a belief
17  as to the truth of the allegations of Paragraph 169 and on that basis denies
18  those allegations.

19    170.   Burrell lacks information or knowledge sufficient to form a belief
20  as to the truth of the allegations of Paragraph 170 and on that basis denies
21  those allegations.

22    171.   Burrell lacks information or knowledge sufficient to form a belief
23  as to the truth of the allegations of Paragraph 171 and on that basis denies
24  those allegations.

25    172.   Burrell lacks information or knowledge sufficient to form a belief
26  as to the truth of the allegations of Paragraph 172 and on that basis denies
27  those allegations.

28

1  173.  Burrell lacks information or knowledge sufficient to form a belief

2  as to the truth of the allegations of Paragraph 173 and on that basis denies

3  those allegations.

4  174.  Burrell lacks information or knowledge sufficient to form a belief

5  as to the truth of the allegations of Paragraph 174 and on that basis denies

6  those allegations.

7  175.  Burrell lacks information or knowledge sufficient to form a belief

8  as to the truth of the allegations of Paragraph 175 and on that basis denies

9  those allegations.

10  176.  Burrell lacks information or knowledge sufficient to form a belief

11  as to the truth of the allegations of Paragraph 176 and on that basis denies

12  those allegations.

13  177.  Burrell lacks information or knowledge sufficient to form a belief

14  as to the truth of the allegations of Paragraph 177 and on that basis denies

15  those allegations.

16  178.  Burrell lacks information or knowledge sufficient to form a belief

17  as to the truth of the allegations of Paragraph 178 and on that basis denies

18  those allegations.

19  179.  Burrell lacks information or knowledge sufficient to form a belief

20  as to the truth of the allegations of Paragraph 179 and on that basis denies

21  those allegations.

22  180.  Burrell lacks information or knowledge sufficient to form a belief

23  as to the truth of the allegations of Paragraph 180 and on that basis denies

24  those allegations.

25  181.  Burrell lacks information or knowledge sufficient to form a belief

26  as to the truth of the allegations of Paragraph 181 and on that basis denies

27  those allegations.

28

Answer & Counterclaims of Robert John Burrell
No. CV 10-01597 GW (MANx)

1    182.  Burrell lacks information or knowledge sufficient to form a belief

2  as to the truth of the allegations of Paragraph 182 and on that basis denies

3  those allegations.

4                          **FIRST CLAIM FOR RELIEF**

5          **(Breach of Fiduciary Duties – Against the Officer Defendants)**

6    183.  Burrell incorporates by reference his responses to paragraphs 1

7  through 182 as though set forth in full.

8    184.  Paragraph 184 contains legal conclusions, to which no response is

9  required.  To the extent the allegations require a response, they are denied.

10    185.  Paragraph 185 contains legal conclusions, to which no response is

11  required.  To the extent the allegations require a response, they are denied.

12    186.  Paragraph 186 contains legal conclusions, to which no response is

13  required.  To the extent the allegations require a response, they are denied.

14    187.  Paragraph 187 contains legal conclusions, to which no response is

15  required.  To the extent the allegations require a response, Burrell lacks

16  information or knowledge sufficient to form a belief as to the truth of the

17  allegations of Paragraph 187 and on that basis denies those allegations.

18    188.  Paragraph 188 contains legal conclusions, to which no response is

19  required.  To the extent the allegations require a response, Burrell lacks

20  information or knowledge sufficient to form a belief as to the truth of the

21  allegations of Paragraph 188 and on that basis denies those allegations.

22    189.  Paragraph 189 contains legal conclusions, to which no response is

23  required.  To the extent the allegations require a response, Burrell lacks

24  information or knowledge sufficient to form a belief as to the truth of the

25  allegations of Paragraph 189 and on that basis denies those allegations.

26

27

28

190.   Paragraph 190 contains legal conclusions, to which no response is required.  To the extent the allegations require a response, Burrell denies those allegations.

191.   Paragraph 191 contains legal conclusions, to which no response is required.  To the extent the allegations require a response, Burrell denies the allegations about himself and lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 191 about others and on that basis denies those allegations.

192.   Paragraph 192 contains legal conclusions, to which no response is required.  To the extent the allegations require a response, Burrell denies the allegations about himself and lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 192 about others and on that basis denies those allegations.

193.   Paragraph 193 contains legal conclusions, to which no response is required.  To the extent the allegations require a response, Burrell denies the allegations about himself and lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 193 about others and on that basis denies those allegations.

194.   Paragraph 194 contains legal conclusions, to which no response is required.  To the extent they require a response, Burrell lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 194 and on that basis denies those allegations.

195.   Paragraph 195 contains legal conclusions, to which no response is required.  To the extent they require a response, Burrell lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 195 and on that basis denies those allegations.

196. Paragraph 196 contains legal conclusions, to which no response is required. To the extent the allegations require a response, Burrell denies the allegations about himself and lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 196 about others and on that basis denies those allegations.

197. Paragraph 197 contains legal conclusions, to which no response is required. To the extent they require a response, Burrell denies those allegations.

198. Paragraph 197 contains legal conclusions, to which no response is required. To the extent they require a response, Burrell denies those allegations.

## SECOND CLAIM FOR RELIEF

### (Breach of Fiduciary Duties – Against Defendants Rhamy, Updike, Dames, Osberg, Longson and Harvey)

199. Burrell incorporates by reference his responses to paragraphs 1 through 198 as though set forth in full.

200. The Court has dismissed this claim and accordingly no response is required. Burrell is not named as a defendant to this Claim and accordingly no response is required. To the extent the allegations require a response, Burrell lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

201. The Court has dismissed this claim and accordingly no response is required. Burrell is not named as a defendant to this Claim and accordingly no response is required. To the extent the allegations require a response, Burrell lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

202.   The Court has dismissed this claim and accordingly no response is required.  Burrell is not named as a defendant to this Claim and accordingly no response is required.  To the extent the allegations require a response, Burrell lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

203.   The Court has dismissed this claim and accordingly no response is required.  Burrell is not named as a defendant to this Claim and accordingly no response is required.  To the extent the allegations require a response, Burrell lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

204.   The Court has dismissed this claim and accordingly no response is required.  Burrell is not named as a defendant to this Claim and accordingly no response is required.  To the extent the allegations require a response, Burrell lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

205.   The Court has dismissed this claim and accordingly no response is required.  Burrell is not named as a defendant to this Claim and accordingly no response is required.  To the extent the allegations require a response, Burrell lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

### THIRD CLAIM FOR RELIEF

**(Breach of Fiduciary Duties – Against Defendants Jordan, Nakamura, Cheney, Rhamy, Kramer, Lentz, and Osberg)**

206.   Burrell incorporates by reference his responses to paragraphs 1 through 205 as though set forth in full.

207.   The Court has dismissed this claim and accordingly no response is required.  Burrell is not named as a defendant to this Claim and accordingly

- 39 -

1  no response is required.  To the extent the allegations require a response,

2  Burrell lacks information or knowledge sufficient to form a belief as to the

3  truth of the allegations, and on that basis denies them.

4  208.  The Court has dismissed this claim and accordingly no response

5  is required.  Burrell is not named as a defendant to this Claim and accordingly

6  no response is required.  To the extent the allegations require a response,

7  Burrell lacks information or knowledge sufficient to form a belief as to the

8  truth of the allegations, and on that basis denies them.

9  209.  The Court has dismissed this claim and accordingly no response

10  is required.  Burrell is not named as a defendant to this Claim and accordingly

11  no response is required.  To the extent the allegations require a response,

12  Burrell lacks information or knowledge sufficient to form a belief as to the

13  truth of the allegations, and on that basis denies them.

14  210.  The Court has dismissed this claim and accordingly no response

15  is required.  Burrell is not named as a defendant to this Claim and accordingly

16  no response is required.  To the extent the allegations require a response,

17  Burrell lacks information or knowledge sufficient to form a belief as to the

18  truth of the allegations, and on that basis denies them.

19  211.  The Court has dismissed this claim and accordingly no response

20  is required.  Burrell is not named as a defendant to this Claim and accordingly

21  no response is required.  To the extent the allegations require a response,

22  Burrell lacks information or knowledge sufficient to form a belief as to the

23  truth of the allegations, and on that basis denies them.

24  212.  The Court has dismissed this claim and accordingly no response

25  is required.  Burrell is not named as a defendant to this Claim and accordingly

26  no response is required.  To the extent the allegations require a response,

27

28

Answer & Counterclaims of Robert John Burrell
No. CV 10-01597 GW (MANx)

1    Burrell lacks information or knowledge sufficient to form a belief as to the

2    truth of the allegations, and on that basis denies them.

3                          **FOURTH CLAIM FOR RELIEF**

4        **(Breach of Fiduciary Duties – Against All Director Defendants)**

5        213.   Burrell incorporates by reference his responses to paragraphs 1

6    through 212 as though set forth in full.

7        214.   The Court has dismissed this claim and accordingly no response

8    is required.  Burrell is not named as a defendant to this Claim and accordingly

9    no response is required.  To the extent the allegations require a response,

10   Burrell lacks information or knowledge sufficient to form a belief as to the

11   truth of the allegations, and on that basis denies them.

12       215.   The Court has dismissed this claim and accordingly no response

13   is required.  Burrell is not named as a defendant to this Claim and accordingly

14   no response is required.  To the extent the allegations require a response,

15   Burrell lacks information or knowledge sufficient to form a belief as to the

16   truth of the allegations, and on that basis denies them.

17       216.   The Court has dismissed this claim and accordingly no response

18   is required.  Burrell is not named as a defendant to this Claim and accordingly

19   no response is required.  To the extent the allegations require a response,

20   Burrell lacks information or knowledge sufficient to form a belief as to the

21   truth of the allegations, and on that basis denies them.

22       217.   The Court has dismissed this claim and accordingly no response

23   is required.  Burrell is not named as a defendant to this Claim and accordingly

24   no response is required.  To the extent the allegations require a response,

25   Burrell lacks information or knowledge sufficient to form a belief as to the

26   truth of the allegations, and on that basis denies them.

27

28

Answer & Counterclaims of Robert John Burrell
No. CV 10-01597 GW (MANx)

1   218.   The Court has dismissed this claim and accordingly no response

2   is required.  Burrell is not named as a defendant to this Claim and accordingly

3   no response is required.  To the extent the allegations require a response,

4   Burrell lacks information or knowledge sufficient to form a belief as to the

5   truth of the allegations, and on that basis denies them.

6   219.   The Court has dismissed this claim and accordingly no response

7   is required.  Burrell is not named as a defendant to this Claim and accordingly

8   no response is required.  To the extent the allegations require a response,

9   Burrell lacks information or knowledge sufficient to form a belief as to the

10   truth of the allegations, and on that basis denies them.

11   220.   The Court has dismissed this claim and accordingly no response

12   is required.  Burrell is not named as a defendant to this Claim and accordingly

13   no response is required.  To the extent the allegations require a response,

14   Burrell lacks information or knowledge sufficient to form a belief as to the

15   truth of the allegations, and on that basis denies them.

16                     **FIFTH CLAIM FOR RELIEF**

17   **(Breach of Fiduciary Duty – Against Siravo and Swedberg)**

18   221.   Burrell incorporates by reference his responses to paragraphs 1

19   through 220 as though set forth in full.

20   222.   Burrell is not named as a defendant to this Claim and accordingly

21   no response is required.  To the extent the allegations require a response,

22   Burrell lacks information or knowledge sufficient to form a belief as to the

23   truth of the allegations, and on that basis denies them.

24   223.   Burrell is not named as a defendant to this Claim and accordingly

25   no response is required.  To the extent the allegations require a response,

26   Burrell lacks information or knowledge sufficient to form a belief as to the

27   truth of the allegations, and on that basis denies them.

28

1    224.   Burrell is not named as a defendant to this Claim and accordingly

2  no response is required.  To the extent the allegations require a response,

3  Burrell lacks information or knowledge sufficient to form a belief as to the

4  truth of the allegations, and on that basis denies them.

5    225.   Burrell is not named as a defendant to this Claim and accordingly

6  no response is required.  To the extent the allegations require a response,

7  Burrell lacks information or knowledge sufficient to form a belief as to the

8  truth of the allegations, and on that basis denies them.

9    226.   Burrell is not named as a defendant to this Claim and accordingly

10  no response is required.  To the extent the allegations require a response,

11  Burrell lacks information or knowledge sufficient to form a belief as to the

12  truth of the allegations, and on that basis denies them.

13                    **SIXTH CLAIM FOR RELIEF**

14              **(Fraud – Against Siravo and Swedberg)**

15    227.   Burrell incorporates by reference his responses to paragraphs 1

16  through 226 as though set forth in full.

17    228.   Burrell is not named as a defendant to this Claim and accordingly

18  no response is required.  To the extent the allegations require a response,

19  Burrell lacks information or knowledge sufficient to form a belief as to the

20  truth of the allegations, and on that basis denies them.

21    229.   Burrell is not named as a defendant to this Claim and accordingly

22  no response is required.  To the extent the allegations require a response,

23  Burrell lacks information or knowledge sufficient to form a belief as to the

24  truth of the allegations, and on that basis denies them.

25    230.   Burrell is not named as a defendant to this Claim and accordingly

26  no response is required.  To the extent the allegations require a response,

27

28

Answer & Counterclaims of Robert John Burrell
No. CV 10-01597 GW (MANx)

1    Burrell lacks information or knowledge sufficient to form a belief as to the
2    truth of the allegations, and on that basis denies them.

3         231.   Burrell is not named as a defendant to this Claim and accordingly
4    no response is required.  To the extent the allegations require a response,
5    Burrell lacks information or knowledge sufficient to form a belief as to the
6    truth of the allegations, and on that basis denies them.

7         232.   Burrell is not named as a defendant to this Claim and accordingly
8    no response is required.  To the extent the allegations require a response,
9    Burrell lacks information or knowledge sufficient to form a belief as to the
10   truth of the allegations, and on that basis denies them.

11        233.   Burrell is not named as a defendant to this Claim and accordingly
12   no response is required.  To the extent the allegations require a response,
13   Burrell lacks information or knowledge sufficient to form a belief as to the
14   truth of the allegations, and on that basis denies them.

15        234.   Burrell is not named as a defendant to this Claim and accordingly
16   no response is required.  To the extent the allegations require a response,
17   Burrell lacks information or knowledge sufficient to form a belief as to the
18   truth of the allegations, and on that basis denies them.

19                      **SEVENTH CLAIM FOR RELIEF**
20              **(Breach of Fiduciary Duty – Against Siravo)**

21        235.   Burrell incorporates by reference his responses to paragraphs 1
22   through 234 as though set forth in full.

23        236.   Burrell is not named as a defendant to this Claim and accordingly
24   no response is required.  To the extent the allegations require a response,
25   Burrell lacks information or knowledge sufficient to form a belief as to the
26   truth of the allegations, and on that basis denies them.

27

28

237.   Burrell is not named as a defendant to this Claim and accordingly no response is required.  To the extent the allegations require a response, Burrell lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

238.   Burrell is not named as a defendant to this Claim and accordingly no response is required.  To the extent the allegations require a response, Burrell lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

239.   Burrell is not named as a defendant to this Claim and accordingly no response is required.  To the extent the allegations require a response, Burrell lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

## EIGHTH CLAIM FOR RELIEF

### (Unjust Enrichment – Against Lane)

240.   Burrell incorporates by reference his responses to paragraphs 1 through 239 as though set forth in full.

241.   Burrell is not named as a defendant to this Claim and accordingly no response is required.  To the extent the allegations require a response, Burrell lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

242.   Burrell is not named as a defendant to this Claim and accordingly no response is required.  To the extent the allegations require a response, Burrell lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

243.   Burrell is not named as a defendant to this Claim and accordingly no response is required.  To the extent the allegations require a response,

Answer & Counterclaims of Robert John Burrell
No. CV 10-01597 GW (MANx)

1   Burrell lacks information or knowledge sufficient to form a belief as to the

2   truth of the allegations, and on that basis denies them.

3       244.   Burrell is not named as a defendant to this Claim and accordingly

4   no response is required.  To the extent the allegations require a response,

5   Burrell lacks information or knowledge sufficient to form a belief as to the

6   truth of the allegations, and on that basis denies them.

7       245.   Other than as expressly and specifically admitted above in the

8   responses to Paragraphs 1 through 244, Burrell denies each and every

9   allegation of the Second Amended Complaint and denies that it states any

10  claim against Burrell.

11                      **AFFIRMATIVE DEFENSES**

12      246.   As and for his affirmative defenses, Burrell alleges as follows and

13  reserves the right to assert additional defenses in the event that discovery

14  indicates they would be appropriate.

15                      **FIRST AFFIRMATIVE DEFENSE**

16      **(Consent, Approval, Acquiescence, Participation, Ratification)**

17      247.   The Second Amended Complaint, and each cause of action

18  alleged therein against Burrell, is barred, in whole or in part, because of

19  NCUA's own consent to, approval of, acquiescence in, participation in and/or

20  ratification of each and every activity that NCUA now challenges as improper.

21      248.   In addition, the claims against Burrell are barred because the acts

22  stated were ratified or approved by other state and federal agencies or entities.

23      **The NCUA's Disapproval of Prior Management and Praise For the**

24                   **Management the NCUA Now Is Suing**

25      249.   Burrell is informed and believes and on that basis alleges that the

26  NCUA was critical of WesCorp's prior and so-called conservative

27  management, disapproved of that management, suggested or required that

28

1     WesCorp's board hire new management and approved of – or at least did not

2     disapprove, as it had the power to do – the hiring of WesCorp's new

3     management, including Burrell.

4         250. In 2005, 2006 and 2007 – and indeed after WesCorp had made all

5     the investments challenged in this case – the NCUA still praised WesCorp's

6     management as performing in an exemplary fashion, as demonstrably strong,

7     as able to balance the various kinds of risk, including credit risk, that WesCorp

8     faced, as conservative, as operating well within regulatory limits and as

9     adhering to a much more conservative set of guidelines than the NCUA

10    required.

11        251. The NCUA gave management such praise despite the NCUA's

12    knowledge and recognition that WesCorp sought to maximize member returns

13    while controlling strains on capital – a philosophy that the NCUA endorsed

14    and said had served WesCorp well.

15    **The NCUA Gave WesCorp Special Permission to Buy Far Riskier**

16    **Investments Than WesCorp Ever Bought and Far Riskier Investments**

17          **Than Those the NCUA Now Attacks**

18         252. Burrell is informed and believes and on that basis alleges that the

19    NCUA affirmatively chose to give WesCorp the highest level of expanded

20    investment authority given to any corporate credit union.

21        253. In particular but without limitation, the NCUA gave WesCorp

22    authority to invest in securities rated by the ratings agencies as low as BBB.

23    *See* 12 C.F.R. Part 704, Appx. B (Oct. 25, 2002). BBB is six levels below the

24    lowest rated investment that WesCorp ever made (AA).

25

26

27

28

**The NCUA Monitored WesCorp's Investments Daily Using On-Site Examiners in Additional To Annual Examinations**

254.   The NCUA's Office of Corporate Credit Unions ("OCCU") provided supervision and oversight of WesCorp, including its investment strategies and risk assessment.

255.   The NCUA's supervision was conducted, among other ways, through an on-site Capital Market Specialist ("CMS") who was physically located at WesCorp's facilities on a full-time basis.

256.   In particular and without limitation, the CMS provided real-time surveillance of WesCorp's investment activity.

257.   The on-site CMS had a permanent office at WesCorp.  The on-site CMS received (among other things) the ALCO and Board books and minutes of ALCO meetings, Board meetings and other key meetings, WesCorp's financial statements, copies of a number of internal management reports and custom reports that the CMS themselves designed.  The on-site CMS received these materials at the same time they were circulated internally to management and to WesCorp's board.

258.   The on-site CMS had his own drive on WesCorp's computer network where the above materials, and other requested raw data, was placed for his use.

259.   In addition to the formal reporting, the on-site CMS spent much of his day walking around and talking directly with a large number of key WesCorp staff about WesCorp's activities, including its investment activities.

260.   The on-site CMS also requested permission, which was normally forthcoming, to sit in on certain meetings such as the Board training sessions.

261.   The CMS also assisted in annual examinations of WesCorp, although by design the CMS did not directly carry out examination work

1    himself.

2    262.   The OCCU examiners' efforts resulted in yearly examination

3    reports, analyzing and assessing WesCorp's operations, including but not

4    limited to WesCorp's investment strategies and risk assessment.

5    263.   In addition, the NCUA's Office of Capital Markets ("OCM")

6    provided assistance to NCUA's OCCU examiner by, among other things,

7    helping to evaluate WesCorp's investments and related asset and liability

8    issues.

9    264.   At the NCUA's request, WesCorp staff also conducted training

10   sessions on risk management for NCUA natural person credit union examiners

11   that were organized and run by the OCM.

12   265.   WesCorp staff also regularly provided training sessions to

13   examination staff from other state regulatory bodies including the National

14   Association of Credit Union Supervisors ("NASCUS") and the Departments

15   of Financial Institutions in both California and Washington State.

16   266.   At the NCUA's request, the OCCU regularly sent other CMS to

17   WesCorp for training purposes.

18   267.   Burrell is informed and believes and on that basis alleges that, as

19   a result of NCUA's constant oversight and examination efforts, NCUA was at

20   all times aware of WesCorp's investments, investment philosophy and

21   monitoring and risk-protection efforts, and the NCUA consistently approved

22   of WesCorp's investments, investment philosophy and monitoring and risk-

23   protection efforts.

24

25

26

27

28

**The NCUA Approved of WesCorp's Investment in Option ARM MBS, Lower Tranche MBS and Reduced Documentation MBS**

268. Burrell is informed and believes and on that basis alleges that the NCUA, through its oversight and examination efforts, also knew that Option ARM MBS were not a "new" security type that WesCorp began investing in.

269. NCUA regulations and WesCorp policies refer to "new" security types as those securities which have different collateral than other securities.

270. As NCUA was aware at all relevant times, WesCorp had a long history of purchasing securities with the same type of collateral – mortgages – as Option ARM MBS.

271. Burrell is informed and believes and on that basis alleges that NCUA and OCCU examiners ratified WesCorp's investment in Option ARM MBS and never suggested that Option ARM MBS were a "new" security type which WesCorp should review as such.

272. Burrell is informed and believes and on that basis alleges that the NCUA, though its OCCU examiners, consistently approved of WesCorp's investment strategies and investment concentrations, including WesCorp's investments in Option ARM MBS, lower tranche MBS and reduced documentation MBS.

**The NCUA Approved of WesCorp's Investment Related Policies and Procedures**

273. Burrell is informed and believes and on that basis alleges that the NCUA approved of WesCorp's investment related and credit risk management policies and procedures including, among other things, the policies and procedures described in paragraphs 274 through 288 below.

274. Burrell is informed and believes and on that basis alleges that the NCUA approved of WesCorp's policies and procedures for limiting

1  investments to primarily high grade securities with AA and AAA ratings.

2  Indeed, the NCUA praised WesCorp's criteria as stringent and conservative,

3  with several levels of diversification to mitigate risk, and praised WesCorp's

4  asset portfolio as high quality.

5      275.  Burrell is informed and believes and on that basis alleges that the

6  NCUA approved of WesCorp's policies and procedures for conducting credit

7  reviews or proposed security purchases prior to purchasing.  Indeed, while

8  suggesting ways that procedures might be improved, the NCUA said in 2006

9  that WesCorp's procedures met industry standards, and the next year (2007),

10  the NCUA described WesCorp's procedures as involving rigorous screening

11  and diligent monitoring.

12      276.  Burrell is informed and believes and on that basis alleges that the

13  NCUA approved of – and indeed required – that WesCorp separate the credit

14  risk management function from the interest rate and liquidity risk taking and

15  investment functions, and make the credit risk management function a stand-

16  alone unit, independent of the risk taking or investment function.  *See* NCUA,

17  OCCU, *Guidelines for Submission of Requests for Expanded Authority Under*

18  *the Provisions of Appendix B, Part 704, NCUA Rules and Regulations* (Oct.

19  17, 2002).

20      277.  Accordingly, Burrell had no duty to perform the credit risk

21  management function.

22      278.  Burrell is informed and believes and on that basis alleges that the

23  NCUA approved of WesCorp's policies and procedures for conducting credit

24  reviews on newly-issued security types.

25      279.  Burrell is informed and believes and on that basis alleges that the

26  NCUA approved of WesCorp's policies and procedures for conducting annual

27  credit reviews on existing securities.

28

Answer & Counterclaims of Robert John Burrell
No. CV 10-01597 GW (MANx)

1    280.   Burrell is informed and believes and on that basis alleges that the
2    NCUA approved of WesCorp's policies and procedures for preparing monthly
3    watch lists for, and keeping appropriate oversight of, securities that were not
4    performing well.

5    281.   Burrell is informed and believes and on that basis alleges that the
6    NCUA approved of WesCorp's policies and procedures for creating
7    concentration limits as to individual issues, individual issuers, individual
8    underwriters, individual servicers and particular geographic areas, among
9    other things.

10   282.   By way of example, and without limitation, the NCUA suggested
11   that WesCorp add new concentration limits by servicer, and WesCorp did so.
12   In contrast, the NCUA never suggested to WesCorp that it create new
13   concentration limits for Option ARMs, or for specific types of collateral, until
14   the NCUA wrote a new regulation to that effect, effective only in 2011.
15   Indeed, the NCUA specifically praised WesCorp for good asset diversification
16   and in particular praised its derivatives program.

17   283.   Burrell is informed and believes and on that basis alleges that the
18   NCUA approved of WesCorp's policies and procedures for creating
19   concentration limits as to different security types.

20   284.   Burrell is informed and believes and on that basis alleges that the
21   NCUA approved of WesCorp's policies and procedures for publishing
22   monthly reports on credit status and providing the WesCorp Board and ALCO
23   with substantial information regarding concentration limits and credit
24   enhancement levels on WesCorp's security portfolios.

25   285.   Before filing its first amended complaint in this lawsuit, the
26   NCUA never told Burrell or made any claim that WesCorp's investment
27   strategies violated NCUA regulations or WesCorp policies.

28

286.   Burrell is informed and believes and on that basis alleges that the NCUA at all times approved of WesCorp's investment strategies.

287.   Burrell is informed and believes and on that basis alleges that the NCUA generally approved of WesCorp's risk assessment efforts.

288.   In those instances, to the extent there were any, where the NCUA raised any concerns regarding WesCorp's risk assessment efforts, WesCorp promptly addressed those concerns, and the NCUA subsequently approved of WesCorp's remedial efforts.

**The NCUA Knew That the Ratings Agencies Also Praised WesCorp**

289.   Burrell is informed and believes and on that basis alleges that the NCUA at all relevant times knew that the ratings agencies (such as Moody's and Standard & Poor) reviewed WesCorp, including its investment portfolio, and gave WesCorp high marks for having a high-credit-quality asset portfolio with low credit risk.

**The NCUA Believed and Publicly Stated That AA and AAA Rated Private Label MBS Were Appropriate Investments and Nearly as Safe as Agency MBS**

290.   As late as July 2010, the NCUA believed and publicly made the statements set forth in paragraphs 291 through 298 below, among others.

291.   "Historically mortgage-backed securities experienced no significant losses . . . ."

292.   "Historically, mortgage-backed securities fit well into the corporate credit unions' business function as a liquidity provider because there was an active market for mortgage-backed securities and they could be used as collateral for borrowing."

293.   "When corporate credit unions had excess funds on deposit from consumer credit unions who were their members, some purchased private-

1    label mortgage-backed securities with those funds. The securities offered a

2    better return and were historically just as safe as many other investment

3    products."

4    294. "When the investment requirements for Part 704 [that is,

5    12 C.F.R. Part 704, the NCUA's regulations for corporate credit unions, none

6    of which WesCorp is alleged to have violated] were implemented, a thorough

7    review was performed on the history of credit ratings and their success in

8    evaluating the financial strength of marketable securities. The loss history of

9    securities with an initial rating of triple-A or double-A was less than one half

10   of one percent. The loss history of securities issued by government-sponsored

11   entities and the loss history of private label securities was virtually the same."

12   295. "While corporate credit unions were not allowed to rely only on

13   credit ratings, the track record of credit ratings in evaluating the future

14   performance of securities was historically strong. Credit ratings have been an

15   investment decision-making tool in financial markets for decades."

16   296. "All of the mortgage-backed securities that were purchased by

17   corporate credit unions were permissible at the time they were acquired and

18   accordingly met the rating requirements."

19   297. "Based on historic performance, there appeared to be very little

20   risk with the private label mortgage backed securities purchased by the

21   corporates."

22   298. "Finally, many of the securities paid interest based on a floating

23   rate rather than a fixed rate. This helped corporate credit unions in the overall

24   management of their investment and share portfolios, and mitigated the risk of

25   changing interest rates."

26   299. In light of the foregoing, the NCUA knowingly consented to,

27   approved, acquiesced in, participated in and/or ratified each and every activity

28

1  that the NCUA now challenges as improper and complains of in the Second

2  Amended Complaint.

3  **SECOND AFFIRMATIVE DEFENSE**

4  **(Standing)**

5  300.    Burrell incorporates by reference and realleges each and every

6  allegation contained in paragraphs 247 through 299 as though fully set forth

7  herein.

8  301.    The Second Amended Complaint, and each and every cause of

9  action alleged therein against Burrell, is barred, in whole or in part, because

10 NCUA lacks standing to assert the claims alleged in this action.

11 **THIRD AFFIRMATIVE DEFENSE**

12 **(Loyalty, Prudent Person, Candor, Good Faith)**

13 302.    Burrell incorporates by reference and realleges each and every

14 allegation contained in paragraphs 247 through 299 as though fully set forth

15 herein.

16 303.    The Second Amended Complaint, and each cause of action

17 alleged therein against Burrell, is barred, in whole or in part, because at all

18 times Burrell acted prudently, honestly, in good faith, with full candor, and in

19 the best interest of WesCorp.

20 **FOURTH AFFIRMATIVE DEFENSE**

21 **(Business Judgment Rule, Due Diligence, Reasonable Investigation and**

22 **Business Custom and Usage)**

23 304.    Burrell incorporates by reference and realleges each and every

24 allegation contained in paragraphs 247 through 299 as though fully set forth

25 herein.

26 305.    The Second Amended Complaint, and each cause of action

27 alleged therein against Burrell, is barred, in whole or in part, because each and

28

Answer & Counterclaims of Robert John Burrell
No. CV 10-01597 GW (MANx)

1    every act and omission by Burrell was made after reasonable investigation,

2    because Burrell had reasonable grounds to believe, and did believe, that such

3    acts or omissions were prudent given the circumstances, and because every act

4    and omission of Burrell met or exceeded the custom and practice in the

5    industry.

6                     **FIFTH AFFIRMATIVE DEFENSE**

7                        **(Reliance on Others)**

8        306.   Burrell incorporates by reference and realleges each and every

9    allegation contained in paragraphs 247 through 299 as though fully set forth

10    herein.

11        307.   The Second Amended Complaint, and each cause of action

12    alleged therein against Burrell, is barred, in whole or in part, because every act

13    or omission by Burrell alleged in the Second Amended Complaint, if it

14    occurred at all, was made or occurred in reasonable good faith reliance on the

15    statements and representations of others upon which Burrell was entitled to

16    rely.

17                     **SIXTH AFFIRMATIVE DEFENSE**

18                    **(Reliance on Professionals)**

19        308.   Burrell incorporates by reference and realleges each and every

20    allegation contained in paragraphs 247 through 299 as though fully set forth

21    herein.

22        309.   The Second Amended Complaint, and each cause of action

23    alleged therein against Burrell, is barred, in whole or in part, because Burrell

24    relied in good faith upon the professional judgments of WesCorp's

25    professionals, as well as its inside and outside auditors, investment bankers,

26    ratings agencies, consultants (such as RiskSpan) and counsel at the time of the

27

28

Answer & Counterclaims of Robert John Burrell
No. CV 10-01597 GW (MANx)

1  alleged acts concerning matters which he reasonably believed to be within

2  such persons' professional or expert competence.

3  **SEVENTH AFFIRMATIVE DEFENSE**

4  **(Conduct of Others)**

5  310.  Burrell incorporates by reference and realleges each and every

6  allegation contained in paragraphs 247 through 299 as though fully set forth

7  herein.

8  311.  The Second Amended Complaint, and each cause of action

9  alleged therein against Burrell, is barred, in whole or in part, to the extent

10  NCUA purports to hold Burrell responsible for alleged breaches of fiduciary

11  duties, negligence, or conduct engaged in, by third parties or other defendants,

12  including but not limited to rating agencies, lenders, issuers and underwriters,

13  such as the entities that the NCUA has sued in this Court and others and has

14  accused of making misrepresenting to WesCorp about MBS sold to WesCorp.

15  **EIGHTH AFFIRMATIVE DEFENSE**

16  **(Indemnification, Contribution and Proportionate Liability)**

17  312.  Burrell incorporates by reference and realleges each and every

18  allegation contained in paragraphs 247 through 299 as though fully set forth

19  herein.

20  313.  Without in any way admitting that NCUA has suffered any loss

21  as alleged in the Second Amended Complaint, to the extent any loss has been

22  sustained, Burrell is entitled to indemnification and/or contribution from

23  others, named or unnamed in this action, relating to such alleged losses,

24  including but not limited to indemnification from co-defendants who caused or

25  contributed to damages allegedly incurred and from the NCUA pursuant to the

26  California Labor Code or other applicable laws.

27

28

| | |
|---|---|
| 1 | **NINTH AFFIRMATIVE DEFENSE** |
| 2 | **(Apportionment)** |
| 3 | 314.   Burrell incorporates by reference and realleges each and every |
| 4 | allegation contained in paragraphs 247 through 299 as though fully set forth |
| 5 | herein. |
| 6 | 315.   Without admitting that NCUA suffered damages in any amount, |
| 7 | or that Burrell or any defendant is or should be liable for any such damages, |
| 8 | Burrell asserts that his liability and the liability of any other responsible |
| 9 | persons, named or unnamed, should be apportioned according to their relative |
| 10 | degrees of fault, and any alleged liability of Burrell should be reduced |
| 11 | accordingly. |
| 12 | **TENTH AFFIRMATIVE DEFENSE** |
| 13 | **(Lack of Injury to Plaintiff)** |
| 14 | 316.   Burrell incorporates by reference and realleges each and every |
| 15 | allegation contained in paragraphs 247 through 299 as though fully set forth |
| 16 | herein. |
| 17 | 317.   The Second Amended Complaint, and each cause of action |
| 18 | alleged therein against Burrell, is barred, in whole or in part, because NCUA |
| 19 | has not suffered any legally cognizable injury or damage. |
| 20 | **ELEVENTH AFFIRMATIVE DEFENSE** |
| 21 | **(No Causation)** |
| 22 | 318.   Burrell incorporates by reference and realleges each and every |
| 23 | allegation contained in paragraphs 247 through 299 as though fully set forth |
| 24 | herein. |
| 25 | 319.   The Second Amended Complaint, and each cause of action |
| 26 | alleged therein against Burrell, is barred, in whole or in part, because Burrell |
| 27 | |
| 28 | |

Answer & Counterclaims of Robert John Burrell
No. CV 10-01597 GW (MANx)

1   did not directly or indirectly cause the alleged damages complained of in the

2   Second Amended Complaint.

### TWELFTH AFFIRMATIVE DEFENSE

### (Intervening or Superseding Cause)

5   320.   Burrell incorporates by reference and realleges each and every

6   allegation contained in paragraphs 247 through 299 as though fully set forth

7   herein.

8   321.   The Second Amended Complaint, and each cause of action

9   alleged therein against Burrell, is barred, in whole or in part, because NCUA's

10  alleged damages, if any, were the result of one or more intervening or

11  superseding causes or caused by the acts and/or failures to act of persons

12  and/or entities other than Burrell, and were not the result of any act or

13  omission on the part of Burrell.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Macroeconomic Factors)

16  322.   Burrell incorporates by reference and realleges each and every

17  allegation contained in paragraphs 247 through 299 as though fully set forth

18  herein.

19  323.   The Second Amended Complaint, and each cause of action

20  alleged therein against Burrell, is barred, in whole or in part, because NCUA's

21  injuries or damages, to the extent they exist, were caused by supervening

22  events unconnected to Burrell, including macroeconomic and mortgage

23  industry events that constrained WesCorp's access to the credit and capital

24  markets and affected its liquidity.

25

26

27

28

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Laches)

324. Burrell incorporates by reference and realleges each and every allegation contained in paragraphs 247 through 299 as though fully set forth herein.

325. The Second Amended Complaint, and each cause of action alleged therein against Burrell, is barred, in whole or in part, by the doctrine of laches.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Waiver)

326. Burrell incorporates by reference and realleges each and every allegation contained in paragraphs 247 through 299 as though fully set forth herein.

327. The Second Amended Complaint, and each cause of action alleged therein against Burrell, is barred, in whole or in part, by the doctrine of waiver.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Estoppel)

328. Burrell incorporates by reference and realleges each and every allegation contained in paragraphs 247 through 299 as though fully set forth herein.

329. The Second Amended Complaint, and each cause of action alleged therein against Burrell, is barred, in whole or in part, by the doctrine of estoppel because, by its words, actions and failures to act, NCUA is equitably estopped from asserting each of the purported causes of action alleged in the Complaint and/or from obtaining any of the relief sought thereby.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(In Pari Delicto, Unclean Hands)**

330. Burrell incorporates by reference and realleges each and every allegation contained in paragraphs 247 through 299 as though fully set forth herein.

331. The Second Amended Complaint, and each cause of action alleged therein against Burrell, is barred, in whole or in part, by the doctrines of in pari delicto and/or unclean hands.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

332. Burrell incorporates by reference and realleges each and every allegation contained in paragraphs 247 through 299 as though fully set forth herein.

333. The Second Amended Complaint, and each cause of action alleged therein against Burrell, is barred, in whole or in part, because of the applicable statute(s) of limitations and/or period(s) of repose.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Unjust Enrichment)**

334. Burrell incorporates by reference and realleges each and every allegation contained in paragraphs 247 through 299 as though fully set forth herein.

335. The Second Complaint, and each cause of action alleged therein against Burrell, is barred, in whole or in part, because NCUA would be unjustly enriched if it were allowed to recover in this action. Furthermore, without admitting that NCUA has suffered any loss as a result of an act or omission alleged in the Second Amended Complaint, any damages awarded in connection with the claims asserted in this action are offset and/or must be

1   reduced by the amount of the tax benefit accruing to NCUA, by virtue of its

2   deduction of capital loss, in order to prevent unjust enrichment.

3                    **TWENTIETH AFFIRMATIVE DEFENSE**

4                 **(No Entitlement to Compensatory Damages)**

5       336.   Burrell incorporates by reference and realleges each and every

6   allegation contained in paragraphs 247 through 299 as though fully set forth

7   herein.

8       337.   NCUA is not entitled to recover the compensatory damages

9   requested in the Second Amended Complaint.

10                 **TWENTY-FIRST AFFIRMATIVE DEFENSE**

11             **(No Entitlement to Exemplary or Punitive Damages)**

12      338.   Burrell incorporates by reference and realleges each and every

13  allegation contained in paragraphs 247 through 299 as though fully set forth

14  herein.

15      339.   NCUA is precluded from recovering exemplary or punitive

16  damages, either in whole or in part, from Burrell under the applicable

17  provisions of the law, including, without limitation, California Civil Code

18  section 3294, the United States Constitution and/or the California

19  Constitution.

20                **TWENTY-SECOND AFFIRMATIVE DEFENSE**

21                **(No Entitlement to Costs of Litigation)**

22      340.   Burrell incorporates by reference and realleges each and every

23  allegation contained in paragraphs 247 through 299 as though fully set forth

24  herein.

25      341.   NCUA is not entitled to recover its costs and expenses incurred in

26  this action, including, without limitation, attorneys' fees, from Burrell.

27

28

1
## COUNTERCLAIMS

2      342.  For counterclaims, Burrell alleges:

3
## JURISDICTION

4      343.  The Court has supplemental jurisdiction over these counterclaims

5  under 28 U.S.C. § 1367(a), because these counterclaims and the purported

6  claims alleged by plaintiff all form part of the same case or controversy

7  concerning the parties' rights and responsibilities related to Defendants'

8  service as officers and directors of WesCorp.

9      344.  The amount in controversy with respect to each of these

10  counterclaims exceeds the sum or value of $75,000, exclusive of interest and

11  costs.

12
## PARTIES

13      345.  Between June 30, 1997 and March 20, 2009, Counterclaimant

14  Burrell served as Chief Investment Officer of WesCorp.  Between January 31,

15  2003 and March 20, 2009, Burrell served as an Executive Vice President of

16  WesCorp.

17      346.  Counter-defendant National Credit Union Administration Board

18  as Liquidator of Western Corporate Federal Credit Union ("NCUA") is the

19  liquidating agent of WesCorp.

20
## FACTUAL ALLEGATIONS

21
### Policy 21

22      347.  WesCorp's board adopted a resolution regarding indemnification

23  and insurance, codified in WesCorp's book of policies as "Policy 21."

24      348.  WesCorp promised in Policy 21 to indemnify WesCorp's current

25  and former directors and officers "to the maximum extent permitted by either"

26  California law or the Model Business Corporation Act ("MBCA") "for any

27  liability asserted against them in connection with judicial or administrative

28

Answer & Counterclaims of Robert John Burrell
No. CV 10-01597 GW (MANx)

1    proceedings, formal or informal, to which they are or may become parties by

2    reason of the performance of their official duties."

3         349.   WesCorp also agreed in Policy 21 that the indemnification "shall

4    include the recovery of reasonable costs and attorneys' fees incurred by an

5    individual so indemnified if such individual is required to engage the services

6    of any attorney … to secure the indemnity provided herein."

7         350.   WesCorp also agreed in Policy 21 to "purchase and maintain

8    insurance" on behalf of current and former officials and employees "against

9    any liability asserted against them and expenses reasonably incurred by them

10   in their official capacities and arising out of the performance of their official

11   duties to the extent such insurance is permitted by the applicable state law or

12   the Model Business Corporation Act."

13                          **The CUMIS Policy**

14        351.   WesCorp purchased a "directors and officers" insurance policy

15   from CUMIS Insurance Society, Inc. ("CUMIS"), Special Insurance Package

16   No. 065468-22 (the "CUMIS Policy"), effective January 1, 2009.

17        352.   On December 11, 2009, Counterclaimants' then-counsel, Randy

18   Moore ("Moore"), sent a letter to CUMIS tendering the defense of this suit

19   under the CUMIS Policy.

20        353.   On December 28, 2009, CUMIS sent a letter to Mr. Moore

21   denying that CUMIS has a "duty to defend" under the CUMIS Policy and

22   denying coverage for the claim.

23        354.   CUMIS agreed that the allegations of the complaint – breach of

24   duties in the discharge of Counterclaimants' duties as directors and employees

25   of WesCorp – were the type of "claims" for "losses" related to a "wrongful

26   act" that are covered by the terms of the Policy.

27        355.   However, CUMIS claimed that it does not have a "duty to

28

1  defend" under the CUMIS Policy, which states that "CUMIS has no duty to

2  defend . . . or to pay any 'defense costs' prior to the final adjudication or

3  disposition of any 'claim' . . . ."

4  356. CUMIS also refused to cover the claim against Burrell on the

5  ground that the CUMIS Policy contains an "investment exclusion" which

6  provides that "CUMIS will not be liable to make any payment for 'loss' in

7  connection with or arising out of any 'claim' . . . .  Based upon or resulting

8  directly or indirectly from investments . . . [or] investment or trading

9  losses . . . ."

10  357. CUMIS agreed to pay only an aggregate amount of $100,000 of

11  defense costs for all of the insured defendants under the CUMIS Policy

12  pursuant to an exception to the "investment exclusion" allowing for payment

13  of such costs subject to a $500,000 retention or deductible.

14  **NCUA's Denial of Advancement**

15  358. On December 11, 2009, Moore sent a letter to the NCUA

16  requesting that the NCUA as conservator or liquidator of WesCorp indemnify

17  and advance the defense costs of Burrell pursuant to Policy 21.

18  359. On February 2, 2010, the NCUA sent a letter to Moore refusing

19  to advance defense costs.  The NCUA's letter stated that the NCUA would

20  determine whether it would provide indemnification "once the matter is

21  resolved."

22  **Burrell's Administrative Request**

23  360. On February 1, 2011, Burrell and the Director Defendants

24  submitted a request to NCUA as Liquidating Agent for WesCorp for

25  indemnification of any judgment against them arising from this litigation,

26  reimbursement of past defense costs incurred in defending this litigation,

27  advancement of any future defense costs that they might incur, and

28

1  indemnification for any costs they incur in establishing their right to indemnity

2  (the "Claim").

3      361.  By not responding to the Claim within 180 days, as required by

4  law, the Liquidating Agent has by operation of law denied the claim, effective

5  on the 180th day.

6                          **FIRST COUNTERCLAIM**

7              **(Advancement of Litigation Costs Under Policy 21)**

8      362.  Burrell incorporates by reference and realleges each and every

9  allegation contained in paragraphs 342 through 361 as though fully set forth

10  herein.

11      363.  WesCorp agreed in Policy 21 to indemnify Burrell "to the

12  maximum extent permitted by either" California law *or* the MBCA.

13      364.  The MBCA provides that a corporation must advance defense

14  costs if the corporation has promised by resolution or otherwise

15  indemnification "to the fullest extent permitted by law," as WesCorp did in

16  Policy 21.  MBCA section 8.58 expressly states that any such resolution "shall

17  be deemed to *obligate* the corporation to *advance* funds to pay for or

18  reimburse" the defense costs before final disposition of the case (emphasis

19  added).

20      365.  Burrell will provide to the NCUA as Liquidator of WesCorp the

21  written affirmation and undertaking required for advancement of attorneys'

22  fees by MBCA § 8.53.  Burrell will provide a written affirmation that he in

23  good faith believes that he has met the relevant standard of conduct in MBCA

24  § 8.51 required for indemnification:  that he conducted himself in good faith

25  and in what he reasonably believed was in the best interests of WesCorp.

26  Burrell will also provide a written undertaking to repay any advanced funds if

27  it is ultimately determined that he is not entitled to mandatory indemnification

28

- 66 -                 Answer & Counterclaims of Robert John Burrell
                                                            No. CV 10-01597 GW (MANx)

1  or that he did not meet the standard of conduct under section 8.51.

2  366.  The NCUA as liquidator of WesCorp is obligated to advance to

3  Burrell defense costs incurred in this litigation under the provisions of the

4  MBCA that are adopted in Policy 21.

5  367.  The NCUA has failed to advance Burrell his defense costs

6  incurred in this action

7  368.  Burrell has incurred and will incur damages as a result of the

8  NCUA's failure to advance his defense costs incurred in this litigation, in an

9  amount to be determined at trial.

10  **SECOND COUNTERCLAIM**

11  **(Indemnification under California Labor Code 2802)**

12  369.  Burrell incorporates by reference and realleges each and every

13  allegation contained in paragraphs 342 through 361 as though fully set forth

14  herein.

15  370.  At all relevant times, Burrell was an employee of WesCorp.

16  371.  California Labor Code Section 2802 provides that an employer

17  "*shall* indemnify his or her employee for all necessary expenditures or losses

18  incurred by the employee in direct consequence of the discharge of his or her

19  duties[.]"

20  372.  NCUA as liquidator of WesCorp is obligated to indemnify and

21  reimburse Burrell for his defense costs as they are incurred in this litigation

22  under the California Labor Code Section 2802.

23  373.  Burrell has incurred and paid attorneys' fees and costs in defense

24  of the claims asserted by NCUA as liquidator of WesCorp in this litigation,

25  and will continue to do so.

26  374.  The NCUA has failed to reimburse Burrell for the attorneys' fees

27  and costs he has incurred to date, and has not agreed to reimburse him for

28

1    defense costs as incurred.

2          375.   Burrell has incurred damages as a result of NCUA's failure to

3    reimburse him for his attorney's fees and costs, and will continue to incur such

4    damages, in an amount to be determined at trial.

5                            **THIRD COUNTERCLAIM**

6                          **(Indemnity Under Policy 21)**

7          376.   Burrell incorporates by reference and realleges each and every

8    allegation contained in paragraphs 342 through 361 as though fully set forth

9    herein.

10         377.   WesCorp agreed in Policy 21 to indemnify Burrell "to the

11   maximum extent permitted by either" California law *or* the MBCA.

12         378.   Burrell demands indemnity under Policy 21 to the fullest extent

13   permissible under either California law or the MBCA and/or defense costs to

14   the fullest extent permissible under either California law or the MBCA.

15         379.   Burrell also demands recovery of costs and attorneys' fees

16   incurred to secure the indemnity provided for in Policy 21.

17         380.   If NCUA refuses to indemnify Burrell pursuant to Policy 21,

18   Burrell will suffer damages in an amount to be determined at trial.

19                          **FOURTH COUNTERCLAIM**

20                            **(Declaratory Relief)**

21         381.   Burrell incorporates by reference and realleges each and every

22   allegation contained in paragraphs 342 through 361 as though fully set forth

23   herein.

24         382.   The NCUA is obligated to advance to Burrell his attorneys' fees

25   and costs incurred in defense of this litigation under Policy 21, the MBCA,

26   and California Labor Code Section 2802.

27         383.   The NCUA has failed to respond to Burrell's request for

28

1  advancement of his attorney's fees and costs incurred in defense of this

2  litigation.

3      384.   Accordingly, a justiciable controversy exists between the parties,

4  and the rights of the parties with respect to the advancement of attorneys' fees

5  and costs incurred in defense of this litigation can be determined only by

6  declaratory relief.

7                    **FIFTH COUNTERCLAIM**

8                      (Declaratory Relief)

9      385.   Burrell incorporates by reference and realleges each and every

10  allegation contained in paragraphs 342 through 361 as though fully set forth

11  herein.

12      386.   WesCorp promised in Policy 21 to "purchase and maintain"

13  insurance "against any liability asserted against" Burrell.

14      387.   The CUMIS Policy that WesCorp purchased was inadequate to

15  fulfill this promise.

16      388.   WesCorp purchased an insurance policy from CUMIS Insurance

17  Society, which has taken the position that the claims asserted against Burrell

18  in this action are excluded from coverage under the insurance policy.

19      389.   Because the CUMIS Policy does not cover Burrell for "any

20  liability" related to an investment claim, WesCorp breached the promise to

21  provide insurance coverage for Burrell in Policy 21.

22      390.   Because CUMIS invoked exclusions to deny most coverage to

23  Burrell, but for WesCorp's failure to comply with its obligations and obtain

24  adequate insurance coverage, Burrell would have been covered for all of the

25  costs and claims related to this litigation.

26      391.   An actual existing and bona fide controversy exists between

27  Burrell, on the one hand, and the NCUA, on the other hand, as to the NCUA's

28

1  liability for advancement and indemnification, in that:

2  392.  Policy 21 promises to maintain insurance coverage for "any

3  liability" asserted against Burrell, yet CUMIS has taken the position that the

4  CUMIS Policy does not cover the current action.

5  393.  NCUA has declined to pay for Burrell's defense costs.

6  394.  The rights of the parties under Policy 21 can be determined only

7  by declaratory relief.

8  **PRAYER**

9  WHEREFORE, Burrell prays for judgment against plaintiffs as follows:

10  1.  That plaintiff takes nothing by the Complaint and that the

11  Complaint be dismissed with prejudice.

12  2.  That judgment be entered in favor of Burrell and against plaintiff.

13  3.  That Burrell be awarded damages on his counterclaims, in

14  amounts to be determined at trial.

15  4.  That the Court adjudge and declare that NCUA is obligated to

16  pay to the fullest extent any liability incurred by Burrell because of the

17  inadequate insurance policy purchased by WesCorp in breach of its promise to

18  purchase and maintain insurance under Policy 21.

19  5.  That the Court provide injunctive relief requiring the NCUA to

20  advance Burrell's defense costs and to indemnity him against those defense

21  costs and against any liability incurred by Burrell.

22  6.  That Burrell be awarded his costs and reasonable attorneys' fees.

23  7.  That Burrell be granted such other and further relief as the Court

24  may deem just and proper.

25  //

26  //

27  //

28

Answer & Counterclaims of Robert John Burrell
No. CV 10-01597 GW (MANx)

1    Dated:  August 15, 2011.

2                                        PILLSBURY WINTHROP SHAW
                                         PITTMAN LLP
3                                        REYNOLD L. SIEMENS  #177956
                                         Email:  reynold.siemens@pillsburylaw.com
4                                        725 South Figueroa Street, Suite 2800
                                         Los Angeles, CA 90017-5406
5
                                         PILLSBURY WINTHROP SHAW
6                                        PITTMAN LLP
                                         BRUCE A. ERICSON  #76342
7                                        Email:  bruce.ericson@pillsburylaw.com
                                         MARLEY DEGNER #251923
8                                        Email:  marley.degner@pillsburylaw.com
                                         50 Fremont Street, Post Office Box 7880
9                                        San Francisco, CA  94120-7880

10
                                         By _____ /s/ Bruce A. Ericson_____
11                                                 Bruce A. Ericson

12                                       Attorneys for Defendant
                                         ROBERT JOHN BURRELL
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  | **JURY DEMAND**

2  |      Pursuant to Rule 38 of the Federal Rules of Civil Procedure, defendant

3  | and counterclaimant ROBERT JOHN BURRELL hereby demands trial by

4  | jury on all the issues so triable.

5  |      Dated:  August 15, 2011.

6  |      PILLSBURY WINTHROP SHAW PITTMAN LLP

7  |      REYNOLD L. SIEMENS  #177956
Email:  reynold.siemens@pillsburylaw.com

8  |      725 South Figueroa Street, Suite 2800
Los Angeles, CA 90017-5406

9  |

10 |      PILLSBURY WINTHROP SHAW PITTMAN LLP

11 |      BRUCE A. ERICSON  #76342
Email:  bruce.ericson@pillsburylaw.com

12 |      MARLEY DEGNER #251923
Email:  marley.degner@pillsburylaw.com

13 |      50 Fremont Street, Post Office Box 7880
San Francisco, CA  94120-7880

14 |

15 |      By      */s/ Bruce A. Ericson*
     Bruce A. Ericson

16 |      Attorneys for Defendant
ROBERT JOHN BURRELL

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

Answer & Counterclaims of Robert John Burrell
No. CV 10-01597 GW (MANx)