98. Lane lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 98 and on that basis denies them.

99. Lane lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 99 and on that basis denies them.

100. Paragraph 100 contains legal conclusions, to which no response is required. To the extent the allegations require a response, they are denied.

101. Paragraph 101 contains legal conclusions, to which no response is required. To the extent the allegations require a response, they are denied.

102. Lane denies the allegations of Paragraph 102.

103. Lane denies the allegations of Paragraph 103.

104. Lane denies the allegations of Paragraph 104.

**MBS Concentration Risk**

105. Lane lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 105 and on that basis denies them, except to the extent they reference the contents of the NCUA's regulations, which speak for themselves. Lane refers to the NCUA's regulations for their contents and denies any characterization inconsistent with their terms.

106. Lane lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 106 and on that basis denies them.

107. Lane admits that WesCorp provided services to its members and invested their funds. Lane lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 107 and on that basis denies those allegations.

108. Lane admits that WesCorp's Board of Directors was responsible for setting investment policies. Lane lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 108 and on that basis denies those allegations, except to the extent they reference the contents of WesCorp's corporate and investment policies, which speak for themselves.

1  Lane refers to WesCorp's corporate and investment policies for their contents and
2  denies any characterization inconsistent with their terms.
3      109.   Lane admits that the ALCO had responsibilities for reviewing
4  WesCorp's investments. Lane lacks knowledge or information sufficient to form
5  a belief as to the truth of the remaining allegations of Paragraph 109 and on that
6  basis denies those allegations.
7      110.   Lane admits that Sidley headed WesCorp's Risk Assessment
8  Department and Burrell headed the Investment Department and that these two
9  departments were responsible for investment concentration limits and
10 diversification of investments. Lane denies the remaining allegations of
11 Paragraph 110.
12     111.   Lane admits that WesCorp's board adopted policies regarding its
13 investment securities, which corporate policies speak for themselves, and that
14 from time to time it amended its policies. Lane refers to WesCorp's corporate
15 policies for their contents and denies any characterization inconsistent with their
16 terms. Lane lacks knowledge or information sufficient to form a belief as to the
17 truth of the remaining allegations of Paragraph 111 and on that basis denies those
18 allegations.
19     112.   Lane lacks knowledge or information sufficient to form a belief as to
20 the truth of the allegations of Paragraph 112 and on that basis denies them.
21     113.   Lane lacks knowledge or information sufficient to form a belief as to
22 the truth of the allegations of Paragraph 113 and on that basis denies them.
23     114.   Lane admits that WesCorp invested in AAA-rated private label
24 MBS. Lane lacks knowledge or information sufficient to form a belief as to the
25 truth of the remaining allegations of Paragraph 114 and on that basis denies those
26 allegations.
27 / / / / /
28 / / / / /

**The Risks of Option ARM MBS**

115.    Lane lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 115 and on that basis denies those allegations, except to the extent they reference the contents of WesCorp's corporate policies, which speak for themselves.  Lane refers to WesCorp's corporate policies for their contents and denies any characterization inconsistent with their terms.

116.    Lane admits that WesCorp purchased Option ARM MBS, but denies that they were a new security type.  Lane lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 116 and on that basis denies those allegations.

117.    Lane admits that WesCorp purchased Option ARM MBS with the approval of WesCorp's Board of Directors and the ALCO, but denies that they were a new security type.  Lane lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 117 and on that basis denies those allegations.

118.    Lane admits that, with the approval of WesCorp's Board of Directors and the ALCO, WesCorp purchased Option ARM MBS, but denies that they were a new security type.  Lane lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 118 and on that basis denies those allegations.

119.    Lane denies Option ARM MBS were a new type of security and denies the allegations of Paragraph 119.

120.    Lane lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 120 and on that basis denies them.

121.    Lane lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 121 and on that basis denies them.

122.   Lane lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 122 and on that basis denies them.

123.   Lane lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 123 and on that basis denies them.

124.   Lane denies the allegations of Paragraph 124.

125.   Lane lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 125 and on that basis denies them.

126.   Lane lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 126 and on that basis denies them.

127.   Paragraph 127 contains legal conclusions, to which no response is required.  To the extent the allegations require a response, they are denied.

128.   Lane admits that WesCorp purchased AAA-rated and AA-rated MBS, but denies that the Officer Defendants did not monitor concentrations of Option ARM MBS.  Lane lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 128 and on that basis denies those allegations.

129.   Lane denies that WesCorp was unaware of the concentrations of MBS.  Lane lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 129 and on that basis denies them.

130.   Lane lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 130 and on that basis denies them.

131.   Lane admits that the Officer Defendants and Directors were aware that MBS investments contained risks.  Lane lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 131 and on that basis denies them.

132.   Lane admits that Burrell served as the officer in charge of the Investment Department and the Chief Investment Officer and that Sidley served

as the officer in charge of the Investment Credit Services Department and as the Chief Risk Officer. Paragraph 132 contains legal conclusions, to which no response is required. To the extent these allegations require a response, they are denied. Lane lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 132 and on that basis denies those allegations.

    133.    Lane denies the allegations of Paragraph 133.

**The Risks in WesCorp's Portfolio**

    134.    Lane lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 134 and on that basis denies them.

    135.    Lane admits that Officer Defendants and Directors attended ALCO meetings at which there were presentations about the economy, investments and WesCorp's investment strategy. Lane lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 135 and on that basis denies those allegations.

    136.    Lane lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 136 and on that basis denies them.

    137.    Lane admits that Officer Defendants and Directors attended ALCO meetings at which there were presentations on interest rates and the housing market. Lane lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 137 and on that basis denies those allegations.

    138.    Lane lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 138 and on that basis denies them, except to the extent they reference the contents of WesCorp's ALCO books, which speak for themselves. Lane refers to WesCorp's ALCO books for their contents and denies any characterization inconsistent with its terms.

139. Lane lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 139 and on that basis denies them, except to the extent they reference the contents of WesCorp's ALCO books, which speak for themselves. Lane refers to WesCorp's ALCO books for their contents and denies any characterization inconsistent with its terms.

140. Lane lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 140 and on that basis denies them.

141. Lane lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 141 and on that basis denies them, except to the extent they reference the contents of WesCorp's ALCO books, which speak for themselves. Lane refers to WesCorp's ALCO books for their contents and denies any characterization inconsistent with its terms.

142. Lane lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 142 and on that basis denies them, except to the extent they reference the contents of WesCorp's ALCO books, which speak for themselves. Lane refers to WesCorp's ALCO books for their contents and denies any characterization inconsistent with its terms.

143. Lane admits that WesCorp stopped purchasing AA-rated MBS, and it continued to purchase AAA-rated MBS in 2007. Lane lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 143 and on that basis denies those allegations.

144. Lane admits that WesCorp continued to purchase AAA-rated Option ARM MBS in 2007 and that it stopped purchasing private label MBS in 2007. Paragraph 144 contains legal conclusions, to which no response is required. To the extent these allegations require a response, they are denied. Lane denies the remaining allegations of Paragraph 144.

145. Paragraph 145 contains legal conclusions, to which no response is required. To the extent the allegations require a response, they are denied.

146. Lane admits that WesCorp continued to purchase AAA-rated Option ARM MBS in 2007 and that it stopped purchasing private label MBS in 2007. Paragraph 146 contains legal conclusions, to which no response is required. To the extent these allegations require a response, they are denied. Lane denies the remaining allegations of Paragraph 146.

147. Lane lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 147 and on that basis denies them, except to the extent they reference the contents of the NCUA's regulations, which speak for themselves. Lane refers to the NCUA's regulations for their contents and denies any characterization inconsistent with their terms. Paragraph 147 also contains legal conclusions, to which no response is required. To the extent these allegations require a response, they are denied.

**WesCorp's Collapse**

148. Lane lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 148 and on that basis denies them.

149. Lane denies that the Officer Defendants or the Director Defendants caused WesCorp's collapse. Lane lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 149 and on that basis denies those allegations.

150. Lane lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 150 and on that basis denies them.

151. Lane lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 151 and on that basis denies them.

152. Lane lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 152 and on that basis denies them.

153. Lane lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 153 and on that basis denies them.

/ / / / /

**The SERP Payments**

154. Lane admits that in November 2001, WesCorp's Board of Directors authorized a Supplemental Retirement Plan (the "Executive SERP") for certain WesCorp executives. Lane lacks information or knowledge sufficient to form a belief as to the truth of the rest of the allegations of Paragraph 154 and on that basis denies them.

155. The allegations of Paragraph 155 reference the contents of documents relating to the Executive SERP, which speak for themselves. Lane refers to the documents comprising the Executive SERP for their contents and denies any characterization inconsistent with its terms.

156. Lane lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 156 and on that basis denies them.

157. Lane lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 157 and on that basis denies them.

158. Lane lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 158 and on that basis denies them.

159. Lane lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 159 and on that basis denies them.

160. Lane lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 160 and on that basis denies them.

161. Lane lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 161 and on that basis denies them.

162. Lane lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 162 and on that basis denies them.

163. Lane lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 163 and on that basis denies them.

164. Lane lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 164 and on that basis denies them.

165. Lane lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 165 and on that basis denies them.

166. Lane lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 166 and on that basis denies them.

167. Lane lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 167 and on that basis denies them.

168. Lane lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 168 and on that basis denies them.

169. Lane lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 169 and on that basis denies them.

170. Lane lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 170 and on that basis denies them.

171. Lane lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 171 and on that basis denies them.

172. Lane lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 172 and on that basis denies them.

173. Lane lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 173 and on that basis denies them.

174. Lane lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 174 and on that basis denies them.

175. Lane lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 175 and on that basis denies them.

176. Lane lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 176 and on that basis denies them.

177. Lane lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 177 and on that basis denies them.

178. Lane lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 178 and on that basis denies them.

179. Lane admits that he was a participant in the Executive SERP and that under the Executive SERP, his expected retirement date as 2015. Lane denies the remaining allegations of Paragraph 179.

180. Lane admits that he and Siravo executed an Early Payout Agreement, which speaks for itself. Lane refers to the agreement for its contents and denies any characterization inconsistent with its terms.

181. Lane denies the allegations in Paragraph 181.

182. Lane admits that he received payments in 2006, 2007 and 2008 for the amounts set forth in Paragraph 182, in addition to his base compensation and bonus, and that he left his employment with WesCorp on April 8, 2008. Lane denies the rest of the allegations of Paragraph 182.

## First Claim for Relief

### (Breach of Fiduciary Duties – Against the Officer Defendants)

183. Lane incorporates by reference his responses to paragraphs 1 through 153 as though set forth in full.

184. Paragraph 184 contains legal conclusions, to which no response is required. To the extent the allegations require a response, they are denied.

185. Paragraph 185 contains legal conclusions, to which no response is required. To the extent the allegations require a response, they are denied.

186. Paragraph 186 contains legal conclusions, to which no response is required. To the extent the allegations require a response, they are denied.

187. Paragraph 187 contains legal conclusions, to which no response is required. To the extent the allegations require a response, they are denied.

188. Paragraph 188 contains legal conclusions, to which no response is required. To the extent the allegations require a response, they are denied.

189. Paragraph 189 contains legal conclusions, to which no response is required. To the extent the allegations require a response, they are denied.

190. Paragraph 190 contains legal conclusions, to which no response is required. To the extent the allegations require a response, they are denied.

191. Paragraph 191 contains legal conclusions, to which no response is required. To the extent the allegations require a response, they are denied.

192. Paragraph 192 contains legal conclusions, to which no response is required. To the extent the allegations require a response, they are denied. Lane denies that he breached any duties that he owed to WesCorp. Lane lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 192 and on that basis denies those allegations.

193. Paragraph 193 contains legal conclusions, to which no response is required. To the extent the allegations require a response, they are denied. Lane denies that he breached any duties that he owed to WesCorp. Lane lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 193 and on that basis denies those allegations.

194. Paragraph 194 contains legal conclusions, to which no response is required. To the extent the allegations require a response, they are denied.

195. Paragraph 195 contains legal conclusions, to which no response is required. To the extent the allegations require a response, they are denied. Lane lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 195 and on that basis denies those allegations.

196. Paragraph 196 contains legal conclusions, to which no response is required. To the extent the allegations require a response, they are denied. Lane denies that he breached any duties that he owed to WesCorp. Lane lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 196 and on that basis denies those allegations.

197. Paragraph 197 contains legal conclusions, to which no response is required. To the extent the allegations require a response, Lane lacks information

1  or knowledge sufficient to form a belief as to the truth of the remaining
2  allegations of Paragraph 197 and on that basis denies those allegations.
3      198.    Lane denies the allegations of Paragraph 198.

### Second Claim for Relief

### (Breach of Fiduciary Duties – Against Defendants Rhamy, Updike, Dames, Osberg, Longson and Harvey)

7      199.    Lane incorporates by reference his responses to paragraphs 1 through
8  153 as though set forth in full.  Lane is not named as a defendant to this Claim
9  and accordingly no response is required to paragraphs 200 through 205.  To the
10 extent the allegations require a response to paragraphs 200 through 205, Lane
11 lacks information or knowledge sufficient to form a belief as to the truth of the
12 allegations, and on that basis denies them.
13     200.    Lane is not named as a defendant to this Claim and accordingly no
14 response is required.
15     201.    Lane is not named as a defendant to this Claim and accordingly no
16 response is required.
17     202.    Lane is not named as a defendant to this Claim and accordingly no
18 response is required.
19     203.    Lane is not named as a defendant to this Claim and accordingly no
20 response is required.
21     204.    Lane is not named as a defendant to this Claim and accordingly no
22 response is required.
23     205.    Lane is not named as a defendant to this Claim and accordingly no
24 response is required.
25 / / / / /
26 / / / / /
27 / / / / /
28 / / / / /

## Third Claim for Relief

**(Breach of Fiduciary Duties – Against Defendants Jordan, Nakamura, Cheney, Rhamy, Kramer, Lentz, and Osberg)**

206.   Lane incorporates by reference his responses to paragraphs 1 through 153 as though set forth in full.  Lane is not named as a defendant to this Claim and accordingly no response is required to paragraphs 207 through 212.  To the extent the allegations require a response to paragraphs 207 through 212, Lane lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

207.   Lane is not named as a defendant to this Claim and accordingly no response is required.

208.   Lane is not named as a defendant to this Claim and accordingly no response is required.

209.   Lane is not named as a defendant to this Claim and accordingly no response is required.

210.   Lane is not named as a defendant to this Claim and accordingly no response is required.

211.   Lane is not named as a defendant to this Claim and accordingly no response is required.

212.   Lane is not named as a defendant to this Claim and accordingly no response is required.

## Fourth Claim for Relief

**(Breach of Fiduciary Duties – Against All Director Defendants)**

213.   Lane incorporates by reference his responses to paragraphs 1 through 153 as though set forth in full.  Lane is not named as a defendant to this Claim and accordingly no response is required to paragraphs 214 through 220.  To the extent the allegations require a response to paragraphs 214 through 220, Lane

lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

214. Lane is not named as a defendant to this Claim and accordingly no response is required.

215. Lane is not named as a defendant to this Claim and accordingly no response is required.

216. Lane is not named as a defendant to this Claim and accordingly no response is required.

217. Lane is not named as a defendant to this Claim and accordingly no response is required.

218. Lane is not named as a defendant to this Claim and accordingly no response is required.

219. Lane is not named as a defendant to this Claim and accordingly no response is required.

220. Lane is not named as a defendant to this Claim and accordingly no response is required.

### Fifth Claim for Relief

**(Breach of Fiduciary Duty – Against Defendants Siravo and Swedberg)**

221. Lane incorporates by reference paragraphs 1 through 23 and 154 through 178 as though set forth in full. Lane is not named as a defendant to this Claim and accordingly no response is required to paragraphs 222 through 226. To the extent the allegations require a response to paragraphs 222 through 226, Lane lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

222. Lane is not named as a defendant to this Claim and accordingly no response is required.

223. Lane is not named as a defendant to this Claim and accordingly no response is required.

1  224.  Lane is not named as a defendant to this Claim and accordingly no response is required.

2  225.  Lane is not named as a defendant to this Claim and accordingly no response is required.

3  226.  Lane is not named as a defendant to this Claim and accordingly no response is required.

### Sixth Claim for Relief

### (Fraud – Against Defendants Siravo and Swedberg)

227.  Lane incorporates by reference paragraphs 1 through 23 and 154 through 178 as though set forth in full.  Lane is not named as a defendant to this Claim and accordingly no response is required to paragraphs 228 through 234.  To the extent the allegations require a response to paragraphs 228 through 234, Lane lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

228.  Lane is not named as a defendant to this Claim and accordingly no response is required.

229.  Lane is not named as a defendant to this Claim and accordingly no response is required.

230.  Lane is not named as a defendant to this Claim and accordingly no response is required.

231.  Lane is not named as a defendant to this Claim and accordingly no response is required.

232.  Lane is not named as a defendant to this Claim and accordingly no response is required.

233.  Lane is not named as a defendant to this Claim and accordingly no response is required.

234.  Lane is not named as a defendant to this Claim and accordingly no response is required.