## Seventh Claim for Relief

### (Breach of Fiduciary Duty – Against Defendant Siravo)

235. Lane incorporates by reference paragraphs 1 through 23 and 154 through 178 as though set forth in full. Lane is not named as a defendant to this Claim and accordingly no response is required to paragraphs 236 through 239. To the extent the allegations require a response to paragraphs 236 through 239, Lane lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis denies them, unless otherwise noted.

236. Lane is not named as a defendant to this Claim and accordingly no response is required.

237. Lane is not named as a defendant to this Claim and accordingly no response is required.

238. Lane denies the allegations in Paragraph 238.

239. Lane denies the allegations in Paragraph 239.

## Eighth Claim for Relief

### (Unjust Enrichment – Against Defendant Lane)

240. Lane incorporates by reference his responses to paragraphs 1 through 153, 179 through 182, as though set forth in full.

241. Lane denies the allegations of paragraph 241.

242. Lane denies the allegations of paragraph 242.

243. Lane admits that he received payments in 2006, 2007 and 2008 for the amounts set forth in Paragraph 243, in addition to his base compensation and bonus, and that he left his employment with WesCorp on April 8, 2008. Lane denies the rest of the allegations of Paragraph 243.

244. Lane denies the allegations of paragraph 244.

/ / / / /

/ / / / /

/ / / / /

# Affirmative Defenses

**First Affirmative Defense – Consent, Approval, Acquiescence, Participation, Ratification**

245. The Second Amended Complaint, and each cause of action alleged therein against Lane, is barred, in whole or in part, because of NCUA's own consent approval, acquiescence, participation and/or ratification at any time in any activity that NCUA challenges as improper. In addition, the claims against Lane are barred because the acts stated were ratified or approved by other state and federal agencies or entities.

246. Lane is informed and believes and on that basis alleges that the NCUA affirmatively chose to give WesCorp the highest level of expanded investment authority given to any corporate credit union.

247. In particular but without limitation, the NCUA gave WesCorp authority to invest in securities rated by the ratings agencies as low as BBB. *See* 12 C.F.R. Part 704, Appx. B (Oct. 25, 2002). BBB is six levels below the lowest rated investment that WesCorp ever made (AA).

248. NCUA's Office of Corporate Credit Unions ("OCCU") provided supervision and oversight of WesCorp, including its investment strategies and risk assessment. This supervision was done, among other ways, through an on-site examiner who was physically located at WesCorp's facilities on a full-time basis, examining WesCorp's activities. The OCCU examiner's efforts resulted in yearly examination reports, analyzing and assessing WesCorp's operations, including but not limited to its investment strategies and risk assessment.

249. In addition, the NCUA's Office of Capital Markets ("OCM") provided assistance to NCUA's OCCU examiner by, among other things, helping to evaluate WesCorp's investments and related asset and liability issues.

250. As a result of NCUA's constant oversight and examination efforts, NCUA was, upon information and belief, at all times aware of WesCorp's

1  monitoring and risk-protection efforts and, upon further information and belief,
2  consistently approved of WesCorp's efforts. WesCorp's efforts which NCUA,
3  upon information and belief, knew of and approved of included, among other
4  things: (i) limiting investments to primarily high grade securities with AA and
5  AAA ratings; (ii) conducting thorough credit reviews or proposed security
6  purchases prior to purchasing; (iii) conducting credit reviews on newly-issued
7  security types; (iv) conducting annual credit reviews on existing securities; (v)
8  preparing monthly watch lists for, and keeping appropriate oversight of, securities
9  that were not performing well; (vi) creating concentration limits as to individual
10 issues; (vii) creating concentration limits as to different security types; and (viii)
11 publishing monthly reports on credit status and providing the WesCorp Board
12 with substantial information regarding concentration limits and credit
13 enhancement levels on WesCorp's security portfolios.
14        251.   NCUA, through its oversight and examination efforts, was, upon
15 information and belief, also aware of the fact that Option ARM MBSs were not a
16 "new" security type that WesCorp began investing in. NCUA regulations and
17 WesCorp policies refer to "new" security types as those securities which have
18 different collateral than other securities. As NCUA was aware at all relevant
19 times, WesCorp had a long history of purchasing securities with the same type of
20 caollateral – mortgages – as Option ARM MBSs. Upon information and belief,
21 NCUA and OCCU examiners ratified WesCorp's investment in Option ARM
22 MBSs and never suggested that Option ARM MBSs were a "new" security type
23 which WesCorp should review as such.
24        252.   NCUA, though its OCCU examiners, the OCCU examination
25 reports and other efforts and statements, consistently approved of WesCorp's
26 investment strategies and investment concentrations, including WesCorp's
27 investments in Option ARM MBSs.
28

253. Prior to its involvement in this lawsuit, NCUA never made any claims that WesCorp's investment strategies violated NCUA regulations or WesCorp policies. Similarly, the OCCU examination reports never made such suggestions.

254. NCUA at all times, upon information and belief, approved of WesCorp's investment strategies, policies and procedures.

255. NCUA also, upon information and belief, approved of WesCorp's risk assessment efforts. In those instances, to the extent there were any, where NCUA, through the OCCU examination reports, raised any concerns regarding WesCorp's risk assessment efforts, WesCorp promptly addressed those concerns and NCUA subsequently, in later OCCU examination reports and/or through other statements or actions, approved of WesCorp's efforts.

256. WesCorp in fact, upon information and belief, promptly addressed any concerns raised by NCUA in an OCCU examination report and, upon information and belief, obtained subsequent approval from NCUA of those efforts.

257. In at least 2006 and 2007, after the investments at issue in NCUA's complaint were made, NCUA continued to approve of WesCorp's management, risk assessment and ability to operate within regulatory limits.

258. In light of the foregoing, NCUA knowingly ratified and approved of the policies, strategies and actions which are now complained of in the Second Amended Complaint.

**Second Affirmative Defense – Failure to State Claim**

259. The Second Amended Complaint fails to state facts sufficient to constitute claims against Lane upon which relief can be granted.

**Third Affirmative Defense – Standing**

260. The NCUA lacks standing to assert the claims alleged in this action.

**Fourth Affirmative Defense – Business Judgment Rule**

261. The First and Seventh Claims for Relief are barred by the business judgment rule because Lane acted in good faith, acted in the best interests of WesCorp, and exercised the care that an ordinarily prudent person would have in similar circumstances.

**Fifth Affirmative Defense – Comparative Negligence**

262. The NCUA's recovery, if any, must be reduced to the extent that its injuries, losses and/or damages, if any, were caused by the NCUA's own negligence.

**Sixth Affirmative Defense – Ratification**

263. The NCUA's Claims are barred, in whole or in part, by the NCUA's knowledge, acquiescence, ratification, approval and oversight of WesCorp's investment strategies, risk asset efforts and purchase of MBS securities. In addition, Plaintiff had knowledge of the details of Lane's Executive Retention Program Early Payout Agreement, approved of it, and intended that Lane rely on this approval. Lane had and has no reason to believe the Agreement was improper and reasonably relied on Plaintiff's approval.

**Seventh Affirmative Defense – Estoppel**

264. The NCUA's Claims are barred, in whole or in part, by the doctrine of estoppel because, inter alia, WesCorp complied with the NCUA's regulations and directives and/or because WesCorp's investments were reviewed, accepted and approved by the NCUA and its examiners. In addition, Plaintiff had knowledge of the details of Lane's Executive Retention Program Early Payout Agreement, approved of it, and intended that Lane rely on this approval. Lane had and has no reason to believe the Agreement was improper and reasonably relied on Plaintiff's approval.

**Eighth Affirmative Defense – Waiver**

265. The NCUA's Claims are barred, in whole or in part, by the doctrine of waiver.

**Ninth Affirmative Defense – Laches**

266. The NCUA's Claims are barred, in whole or in part, by the doctrine of laches.

267. Plaintiff had knowledge of Lane's Executive Retention Program Early Payout Agreement for at least four years and 210 days before bringing its Sixth Claim for Relief. Plaintiff's delay was unreasonable and without justification. Lane has been prejudiced by this delay by, in addition to other factors, allowing evidence to defend against this claim to spoil.

**Tenth Affirmative Defense – Statute of Limitations**

268. The NCUA's Claims are barred, in whole or in part, by the applicable statute(s) of limitations.

**Eleventh Affirmative Defense – Intervening Cause**

269. The NCUA's Claims are barred, in whole or in part, because WesCorp's losses, if any, were the result of one or more intervening causes, or were caused by the acts and/or failures of other persons and/or entities, including but not limited to the NCUA, rating agencies, underwriters, brokers, issuers, auditors, investment bankers, financial advisors, and counsel.

**Twelfth Affirmative Defense – Superseding Cause**

270. The NCUA's Claims are barred, in whole or in part, because the acts and conduct of Lane, including but not limited to the purchases of securities and amendments of, and/or changes, to the Supplemental Executive Retention Programs were approved and/or ratified by WesCorp's Board of Directors, Executive Committee, individual directors, and/or the Asset Liability Committee.

**Thirteenth Affirmative Defense – No causation**

271.   The NCUA's Claims are barred, in whole or in part, because Lane did not directly or indirectly cause the alleged damages complained of in the Second Amended Complaint.

**Fourteenth Affirmative Defense – Reliance on others**

272.   The NCUA's Claims are barred, in whole or in part, because the acts or omissions of Lane were made or occurred in reasonable good faith reliance on the statements and representations of others upon which they was entitled to rely, including but not limited to NCUA personnel and examiners, rating agencies, underwriters, brokers, issuers, auditors, investment bankers, financial advisors, and counsel.

**Fifteenth Affirmative Defense – Apportionment**

273.   Any damages that the NCUA may have suffered should be apportioned according to the relative degrees of fault of other persons and/or entities responsible for the NCUA's damages, and any alleged liability of Lane should be reduced accordingly.

**Sixteenth Affirmative Defense – Lack of Injury**

274.   The NCUA's Claims are barred, in whole or in part, because the NCUA has not suffered any legally cognizable injury or damage.

**Seventeenth Affirmative Defense – No Entitlement to Exemplary or Punitive Damages**

275.   NCUA is precluded from recovering exemplary or punitive damages, either in whole or in part, under the applicable provisions of the law, including, without limitation, California Civil Code section 3294, the United States Constitution and/or the California Constitution.

**Eighteenth Affirmative Defense – Accord and Satisfaction**

276.   The NCUA's Eighth Claim for Relief is barred by accord and satisfaction.

**Nineteenth Affirmative Defense – Right to Assert Additional Affirmative Defenses**

277. Lane presently has insufficient knowledge or information on which to form a belief as to whether there may be additional, as yet unstated, affirmative defenses available. Thus, subject to discovery in this action, Lane expressly reserves his right to assert additional affirmative defenses.

## Counterclaims

For counterclaims, Lane alleges:

### Jurisdiction

278. The Court has supplemental jurisdiction over these counterclaims under 28 U.S.C. § 1367(a), because these counterclaims and the purported claims alleged by the NCUA all form part of the same case or controversy concerning the parties' rights and responsibilities related to Lane service as an officer and employee of WesCorp.

### Parties

279. Lane served as CFO of WesCorp from March 9, 2998 to April 18, 2008.

280. Counter-defendant National Credit Union Administration Board as Liquidator of Western Corporate Federal Credit Union ("NCUA") is the liquidating agent of WesCorp.

### Factual Allegations

**Policy 21**

281. WesCorp's Board of Directors adopted a resolution regarding indemnification and insurance, codified in WesCorp's book of policies as "Policy 21."

282. WesCorp agreed in Policy 21 to indemnify WesCorp's current and former "officials" and "employees" "to the maximum extent permitted by either the laws of the state of California or the Model Business Corporation Act" (the

"MBCA") "for any liability asserted against them in connection with judicial or administrative proceedings, formal or informal, to which they are or may become parties by reason of the performance of their official duties."

283. WesCorp also agreed in Policy 21 that the indemnification "shall include the recovery of reasonable costs and attorneys fees incurred by an individual so indemnified if such individual is required to engage the services of any attorney. . . to secure the indemnity provided herein."

284. WesCorp also agreed in Policy 21 to "purchase and maintain insurance" on behalf of current and former officials and employees "against any liability asserted against them and expenses reasonably incurred by them in their official capacities and arising out of the performance of their official duties to the extent such insurance is permitted by the applicable state law or the Model Business Corporation Act[.]"

**NCUA's Denial of Advancement**

285. On January 7, 2011, Lane submitted a request to the NCUA as Liquidating Agent for WesCorp for reimbursement of past defense costs incurred in defending this litigation, advancement of any future defense costs of any future defense costs that he might incur, and indemnification for any costs he incurs in establishing his right to indemnity. Lane supplemented his request to the Liquidating Agent on February 2, 2011.

286. The Liquidating Agent has not made a decision after 180 days related to the indemnification requests of Lane and therefore has denied these claims.

287. All of the claims asserted by the NCUA against Lane in this litigation "arise out of the performance of his official duties" as officers and employees of WesCorp.

288. Lane has incurred, and continues to incur, attorney's fees and costs in connection with the defense of the claims asserted by the NCUA as Liquidating Agent for WesCorp in this litigation.

## First Counterclaim

### (Advancement of Litigation Costs Under Policy 21)

289. Lane incorporates by reference and re-alleges each and every allegation contained in paragraphs 281 to 288 as though fully set forth herein.

290. WesCorp agreed in Policy 21 to indemnify Lane "to the maximum extent permitted by either" California law *or* the MBCA.

291. The MBCA provides that a corporation must advance defense costs if the corporation has promised by resolution or otherwise indemnification "to the fullest extent permitted by law," as WesCorp did in Policy 21. MBCA §8.58 expressly states that any such resolution "shall be deemed to *obligate* the corporation to *advance* funds to pay for or reimburse" the defense costs before final disposition of the case. (emphasis added).

292. Lane will provide to the NCUA as liquidator of WesCorp the written affirmation and undertaking required for advancement attorneys fees by MBCA §8.53. Lane will provide a written affirmation that he in good faith believes that he has met the relevant standard of conduct in MBCA §8.51 required for indemnification: that he conducted himself in good faith and in what he reasonably believed was in the best interests of WesCorp. Lane will also provide a written undertaking to repay any advanced funds if it is ultimately determined that he is not entitled to mandatory indemnification or that he did not meet the standard of conduct under section 8.51.

293. NCUA as liquidator of WesCorp is obligated to advance to Lane defense costs incurred in this litigation under the provisions of the MBCA that are adopted in Policy 21.

294. The NCUA has failed to advance Lane his defense costs incurred in this litigation.

295. Lane has incurred damages as a result of the NCUA's failure to advance his defense costs incurred in this litigation in an amount to be proven at trial, and in excess of $100,000.

## Second Counterclaim

### (Indemnification under California Labor Code 2802)

296. Lane incorporates by reference and re-alleges each and every allegation contained in paragraphs 281 to 295 as though fully set forth herein.

297. At all relevant times, Lane was an employee of WesCorp.

298. California Labor Code Section 2802 provides that an employer "shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties[.]"

299. NCUA as liquidator of WesCorp is obligated to indemnify and reimburse Lane for his defense costs as they are incurred in this litigation under the California Labor Code Section 2802.

300. Lane has incurred and paid attorneys fees and costs in defense of the claims asserted by NCUA as liquidator of WesCorp in this litigation.

301. The NCUA has failed to reimburse Lane for the attorney's fees and costs he has paid to date.

302. Lane has incurred damages as a result of the NCUA's failure to reimburse him for his attorney fees and costs in an amount to be proven at trial, in excess of $100,000.

## Third Counterclaim

### (Indemnification under Policy 21)

303. Lane incorporates by reference and re-alleges each and every allegation contained in paragraphs 281 to 302 as though fully set forth herein.

304. WesCorp agreed in Policy 21 to indemnify Lane "to the maximum extent permitted by either" California law *or* the MBCA.

305. Lane demands indemnity under Policy 21 to the fullest extent permissible under either California law or the MBCA and/or defense costs to the fullest extent permissible under either California law or the MBCA.

306. Lane also demands recovery of costs and attorneys fees incurred to secure the indemnity provided for in Policy 21.

307. If NCUA refuses to indemnify Lane pursuant to Policy 21, they will suffer damages in an amount to be determined.

**Fourth Counterclaim**

**(Declaratory Relief)**

308. Lane incorporates by reference and re-alleges each and every allegation contained in paragraphs 281 to 307 as though fully set forth herein.

309. The NCUA is obligated to advance to Lane his attorney's fees and costs incurred in defense of this litigation under Policy 21, the MBCA, and California Labor Code Section 2802.

310. The NCUA has failed to respond to Lane's request for advancement of his attorney's fees and costs incurred in defense of this litigation.

311. The rights of the parties with respect to the advancement of attorney's fees and costs incurred in defense of this litigation can be determined only by declaratory relief.

**Fifth Counterclaim**

**(Declaratory Relief)**

312. WesCorp promised in Policy 21 to "purchase and maintain" insurance "against any liability asserted against" current and former officials and employees.

313. The Policy that WesCorp purchased was inadequate to fulfill this promise.

314. WesCorp purchased an insurance policy from CUMIS Insurance Society, which has taken the position that the claims asserted against Lane in this action are excluded from coverage under the insurance policy.

315. Because the insurance policy does not cover Lane for "any liability," WesCorp breached the promise to provide insurance coverage for Lane in Policy 21.

316. Because CUMIS invoked various exclusions to deny most coverage to Lane, but for WesCorp's failure to comply with its obligations and obtain adequate insurance coverage, Lane would have been covered for all of the costs and claims related to this litigation.

317. An actual existing and bona fide controversy exists between Lane, on the one hand, and the NCUA, on the other hand, as to NCUA's liability for advancement and indemnification, in that:

318. Policy 21 promises to maintain insurance coverage for "any liability" asserted against Lane, yet the CUMIS insurance policy does not cover the current action.

319. NCUA has declined to pay for Lane's defense costs.

320. The rights of the parties under Policy 21 can be determined only by declaratory relief.

## Prayer

Wherefore, Lane prays for judgment against plaintiffs as follows:

1. That Plaintiff NCUA as Liquidating Agent for WesCorp takes nothing by the Complaint and that the Complaint be dismissed with prejudice.

2. That judgment be entered in favor of Lane, and against Plaintiff.

3. That the NCUA be ordered to advance Lane's defense costs in this litigation.

4. That Lane be awarded damages on his counterclaims, in amounts to be determined at trial.

5. That the Court adjudge and declare that NCUA is obligated to pay to the fullest extent any liability incurred by Lane because of the

- 41 -    CV 10–01597 GW (MANx)
Lane's Answer and Counterclaims to Second Amended Complaint

inadequate insurance policy purchased by WesCorp in breach of its promise to purchase and maintain insurance under Policy 21.

6. That Lane be awarded his costs and reasonable attorneys' fees.

7. That Lane be granted such other and further relief as the Court may deem just and proper.

## Jury Demand

Todd M. Lane hereby demands a trial by jury for all issues so triable.

DATED: August 16, 2011

CHAPIN FITZGERALD SULLIVAN & BOTTINI LLP

By: _____
Kenneth M. Fitzgerald, Esq.
Curtis G. Carll, Esq.
Attorneys for Defendant
Todd M. Lane