Michael H. Bierman, State Bar No. 89156
Michael E. Pappas, State Bar No. 130400
Jeffrey D. Wexler, State Bar No. 132256
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
601 S. Figueroa, Suite 3900
Los Angeles, California 90017
Telephone: 213.892.4992
Facsimile: 213.892.7731
E-Mail: mbierman@luce.com
mpappas@luce.com
jwexler@luce.com

Attorneys for Plaintiff and Intervenor National Credit Union Administration Board as Liquidator for Western Corporate Federal Credit Union

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

NATIONAL CREDIT UNION ADMINISTRATION BOARD AS LIQUIDATOR FOR WESTERN CORPORATE FEDERAL CREDIT UNION,

Plaintiff,

v.

ROBERT A. SIRAVO, TODD M. LANE, ROBERT J. BURRELL, THOMAS E. SWEDBERG, TIMOTHY T. SIDLEY, ROBERT H. HARVEY, JR., WILLIAM CHENEY, GORDON DAMES, JAMES P. JORDAN, TIMOTHY KRAMER, ROBIN J. LENTZ, JOHN M. MERLO, WARREN NAKAMURA, BRIAN OSBERG, DAVID RHAMY and SHARON UPDIKE,

Defendants.

Case No.: CV10-01597 GW (MANx)

**JOINT REPORT RE EARLY MEETING OF COUNSEL [Fed. R. Civ. P. 26(f) and Local Rule 26-1]**

Scheduling Conf.: August 25, 2011
Time: 8:30 a.m.
Courtroom: 10

On August 15, 2011, the parties held their early meeting of counsel pursuant to Fed. R. Civ. P. 26(f) and Rule 26-1 of the Local Rules of the United States District Court for the Central District of California.  Plaintiff National Credit Union Administration Board as Liquidator of Western Corporate Federal Credit Union (the "NCUA") was represented by Michael H. Bierman and Jeffrey D. Wexler of Luce, Forward, Hamilton & Scripps LLP.  Defendants Robert A. Siravo ("Siravo") and Thomas E. Swedberg ("Swedberg") were represented by Richard E. Drooyan of Munger, Tolles & Olson LLP.  Defendant Todd M. Lane ("Lane") was represented by Kenneth M. Fitzgerald and Curtis G. Carll of Chapin Fitzgerald Sullivan & Bottini LLP.  Defendant Robert J. Burrell ("Burrell") was represented by Bruce A. Ericson and Marley Degner of Pillsbury Winthrop Shaw Pittman LLP.  Defendant Thomas T. Sidley ("Sidley") was represented by Seth E. Freilich of Orrick, Herrington & Sutcliffe LLP.

## I. RULE 26(f)

### A. Timing, Form, or Requirements for Rule 26(a) Disclosures (Fed. R. Civ. P. 26(f)(3)(A))

In light of the answers and counterclaims filed by the defendants on August 15, 2011, the parties have agreed to make their initial disclosures on September 30, 2011.  The parties anticipate that they will proceed with a substantial initial production of documents prior to service of the initial disclosures.  The parties do not believe that there should be any changes in the form or requirement for the disclosures.

### B. Discovery Subjects and Phases (Fed. R. Civ. P. 26(f)(3)(B))

The parties anticipate that discovery will be directed toward the allegations made in the surviving claims for relief of the Second Amended Complaint and the Answers thereto, and the Counterclaims including issues related to: (1) the concentrations of private label mortgage backed securities in WesCorp's investment portfolio, and in particular the concentration of such securities based on pools of

Option ARM loans, and the role of the Defendants and WesCorp's directors in creating those concentrations; (2) the amendments to the Supplemental Executive Retention Plans of Siravo and Swedberg, the Lane Early Payout Agreement and the role of Siravo, Swedberg and Lane and of WesCorp's directors in initiating, approving and implementing the amendments and the Early Payout Agreement; (3) the damages sought by the NCUA; (4) knowledge and approval by the National Credit Union Administration of WesCorp's investments in private label mortgage backed securities and its position on such investments generally; and (5) the NCUA's obligations to indemnify defendants and advance defense costs in this case.

The parties propose a percipient discovery cut-off date of August 6, 2012.

The parties do not believe that it is necessary for the Court to enter an Order requiring discovery to be conducted in phases or that discovery be limited to or focused upon particular issues, except that they agree that percipient discovery should be completed before expert disclosures and expert discovery. However, the parties plan to coordinate their discovery efforts to ensure that discovery is scheduled in an efficient manner.

**C. Issues re Disclosure or Discovery of Electronically Stored Information (Fed. R. Civ. P. 26(f)(3)(C))**

**1. Preservation**

The parties have taken steps to ensure the preservation of their electronically stored information pending resolution of this matter.

**2. Production**

The parties are currently negotiating an agreement governing the terms and conditions of production of electronically stored information. The parties agree that production of electronically stored information shall be subject to the limitations set forth in Fed. R. Civ. P. 26(b)(2)(B).

**D. Issues re Claims of Privilege or Work Product (Fed. R. Civ. P. 26(f)(3)(D))**

The parties do not propose any modification to the procedures set forth in Fed. R. Civ. P. 26(b)(5) for withholding documents based upon the attorney-client privilege or the work product doctrine and for identifying privileged documents that have been inadvertently produced.

The parties anticipate that discovery may require the parties to produce documents that were in the possession, custody, or control of WesCorp prior to its failure and as to which WesCorp had the right to assert the attorney-client privilege and/or the work product doctrine. The parties agree that pre-failure WesCorp documents may be produced to either the NCUA or Defendants without waiving the attorney-client privilege or the work product doctrine, given that the NCUA is the successor in interest to WesCorp. Defendants will not disclose to third parties or publicly file any pre-failure WesCorp document that may be subject to the attorney-client privilege or the work product doctrine without the NCUA's agreement to such disclosure or public filing, and, absent such agreement, they will not disclose such documents to third parties and will file those documents only under seal.

**E. Changes or Limitations in Discovery Rules (Fed. R. Civ. P. 26(f)(3)(E))**

The parties agree that, in light of the number of issues presented by this lawsuit and the large number of potential witnesses, the Court should lift the limit set by Fed. R. Civ. P. 30(a)(2) of 10 depositions per side. The parties agree to have further discussion if it appears that the limit set by Fed. R. Civ. P. 30(d)(1) of one day of seven hours per deposition needs to be modified for particular deponents. The parties will work together to ensure that the number of depositions are reasonable in light of the issues presented by this case, and each party reserves its

right to seek a protective order to limit the number of depositions in the event it deems such relief appropriate.

**F. Other Discovery or Scheduling Orders (Fed. R. Civ. P. 26(f)(3)(F))**

The parties anticipate entering into a stipulated protective order governing the dissemination and use of confidential information.

## II. LOCAL RULE 26-1

**A. Complex Case (Local Rule 26-1(a))**

The parties agree that this case is not sufficiently complex to require use of all or part of the procedures of the Manual For Complex Litigation.

**B. Motion Schedule (Local Rule 26-1(b))**

The parties anticipate filing motions for summary judgment or summary adjudication on issues of liability or damages.

The parties propose a dispositive or partially dispositive motion filing cut-off date of January 14, 2013 and a dispositive or partially dispositive motion hearing cut-off date of March 4, 2013.

*See* Part II.G below for the overall schedule proposed by the parties.

**C. Settlement (Local Rule 26-1(c))**

While the parties are unable at this time to estimate the likelihood of settlement, they intend to make their best efforts to reach a mutually agreeable resolution of this matter.

As set forth in the Settlement Procedure Selection: Request and Notice filed concurrently herewith, the parties recommend that the Court approve Settlement Procedure No. 1, with the parties appearing before the magistrate judge assigned to the case for such settlement proceedings as the judge may conduct or direct.

The parties recommend March 28, 2013 as the cut-off date for conducting such settlement proceeding.

**D. Trial Estimate (Local Rule 26-1(d))**

The parties preliminarily estimate a trial lasting 20 days.

The parties propose a trial date in May 2013.

**E. Additional Parties (Local Rule 26-1(e))**

The parties do not anticipate that any additional parties will appear.

**F. Expert Witnesses (Local Rule 26-1(f)**

The parties propose an expert witness discovery cut-off date of December 7, 2012, with initial expert reports due on September 7, 2012 and rebuttal expert reports due on October 26, 2012.

**G. The Parties' Proposed Schedule**

The parties propose the following schedule for the Court's consideration (this includes the various dates suggested above):

| **Deadline** | **Date** |
|---|---|
| Initial Disclosures | September 30, 2011 |
| Percipient discovery cut-off | August 6, 2012 |
| Initial expert reports due | September 10, 2012 |
| Rebuttal expert reports due | October 26, 2012 |
| Expert discovery cut-off | December 7, 2012 |
| Dispositive or partially dispositive motion filing cut-off | January 14, 2013 |
| Dispositive or partially dispositive hearing cut-off | March 4, 2013 |
| Settlement proceeding cut-off | March 28, 2013 |
| Trial date | May 2013 |

DATED: August 18, 2011

LUCE, FORWARD, HAMILTON & SCRIPPS LLP
MICHAEL H. BIERMAN
MICHAEL E. PAPPAS
JEFFREY D. WEXLER

By: /s/ Michael H. Bierman
Michael H. Bierman
Attorneys for Plaintiff National Credit Union Administration Board as Conservator for Western Corporate Federal Union

DATED: August 18, 2011

MUNGER, TOLLES & OLSON LLP
BRAD D. BRIAN
RICHARD E. DROOYAN
LAURA D. SMOLOWE

By: /s/ Richard E. Drooyan
Richard E. Drooyan
Attorneys for Defendants Robert A. Siravo and Thomas E. Swedberg

DATED: August 18, 2011

CHAPIN FITZGERALD SULLIVAN & BOTTINI LLP
KENNETH M. FITZGERALD
CURTIS G. CARLL

By: /s/ Kenneth M. Fitzgerald
Kenneth M. Fitzgerald
Attorneys for Defendant Todd M. Lane

DATED: August 18, 2011

PILLSBURY WINTHROP SHAW PITTMAN LLP
REYNOLD L. SIEMENS
BRUCE A. ERICSON
MARLEY DEGNER

By: /s/ Bruce A. Ericson
Bruce A. Ericson
Attorneys for Defendant Robert J. Burrell

DATED: August 18, 2011

ORRICK, HERRINGTON & SUTCLIFFE LLP
KENT B. GOSS
SETH E. FREILICH

By: /s/ Seth E. Freilich
Seth E. Freilich
Attorneys for Defendant Thomas T. Sidley

201149176.2