FILED

KENT B. GOSS (State Bar No. 131499)
kgoss@orrick.com
SETH E. FREILICH (State Bar No. 217321)
sfreilich@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, California 90017-5855
Telephone: (213) 629-2020
Facsimile: (213) 612-2499

2011 AUG 25 PM 1: 26

CLERK U.S. DISTRICT COURT
CENTRAL DIST OF CALIF.
LOS ANGELES

BY

Attorneys for Defendant TIMOTHY T. SIDLEY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| NATIONAL CREDIT UNION ADMINISTRATION BOARD AS LIQUIDATING AGENT FOR WESTERN CORPORATE FEDERAL CREDIT UNION, | Case No. CV10-01597 GW (MANx) |
| Plaintiff, | **DEFENDANT TIMOTHY T. SIDLEY'S AMENDED ANSWER (TO SECOND AMENDED COMPLAINT) AND COUNTERCLAIMS** |
| v. | |
| ROBERT A. SIRAVO, et al., | **DEMAND FOR JURY TRIAL** |
| Defendants. | Courtroom: 10 |
| | Honorable George H. Wu |
| TIMOTHY T. SIDLEY, | |
| Counterclaimant, | |
| v. | |
| NATIONAL CREDIT UNION ADMINISTRATION BOARD AS LIQUIDATING AGENT FOR WESTERN CORPORATE FEDERAL CREDIT UNION, | |
| Counterclaim Defendant. | |
| AND RELATED COUNTERCLAIMS. | |

OHS WEST:261311076.1

Defendant Timothy T. Sidley ("Sidley") hereby responds to the allegations of plaintiff National Credit Union Administration Board as Liquidating Agent for Western Corporate Federal Credit Union's ("NCUA") in the Second Amended Complaint, docket no. 116 (the "SAC"), filed on February 22, 2011.

## JURISDICTION AND VENUE

1.      Sidley admits that Western Corporate Federal Credit Union ("WesCorp") was a credit union with its corporate offices located in San Dimas, California.  Sidley further admits, on information and belief, that WesCorp was placed into conservatorship by the National Credit Union Administration Board on March 19, 2009, and that WesCorp as placed into involuntary liquidation on October 1, 2010.  Sidley lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 1 and on that basis denies those allegations.

2.      Paragraph 2 contains legal conclusions, to which no response is required.  To the extent the allegations require a response, they are denied.

3.      Paragraph 3 contains legal conclusions, to which no response is required.  To the extent the allegations require a response, they are denied.

4.      Paragraph 4 contains legal conclusions, to which no response is required.  To the extent the allegations require a response, Sidley admits that he is a resident of California and is subject to the personal jurisdiction of this Court and denies the remaining allegations.

5.      Paragraph 5 contains legal conclusions, to which no response is required.  To the extent the allegations require a response, they are denied.

## PARTIES

6.      Sidley admits, on information and belief, that the National Credit Union Administration Board is the liquidating agent for WesCorp.

7.      Sidley admits, on information and belief, that Robert A. Siravo ("Siravo") served as President and CEO of WesCorp.  Sidley lacks knowledge or

- 1 -

OHS WEST:261311076.1

1  information sufficient to form a belief as to the truth of the remaining allegations of
2  Paragraph 7 and on that basis denies those allegations.

3      8.    Sidley admits, on information and belief, that Todd M. Lane ("Lane")
4  served as Chief Financial Officer of WesCorp. Sidley lacks knowledge or
5  information sufficient to form a belief as to the truth of the remaining allegations of
6  Paragraph 8 and on that basis denies those allegations.

7      9.    Sidley admits, on information and belief, that Robert J. Burrell
8  ("Burrell") served as Executive Vice President and as the Chief Investment Officer
9  for WesCorp. Sidley lacks knowledge or information sufficient to form a belief as
10  to the truth of the remaining allegations of Paragraph 9 and on that basis denies
11  those allegations.

12      10.    Sidley admits that he served as Vice President for Risk Assessment for
13  WesCorp starting on or about June 18, 1998 but denies that he served as Vice
14  President for Risk Assessment for WesCorp through April 2, 2010. Sidley further
15  admits that he also served as Chief Risk Officer in charge of investment credit
16  services for WesCorp but denies that he served as Chief Risk Officer beginning
17  June 18, 1998 – Sidley did not begin serving as Chief Risk Officer until on or about
18  October 3, 2006. On or about June 9, 2009, Sidley ceased serving as Vice
19  President for Risk Assessment and as Chief Risk Officer and began serving as Vice
20  President of Strategic Projects until he retired from WesCorp on April 2, 2010.
21  Sidley admits that he currently resides in California. The remaining allegations of
22  paragraph 10 contain legal conclusions to which no response is required. To the
23  extent the allegations requires a response, they are denied.

24      11.    Sidley admits that Thomas E. Swedberg ("Swedberg") was Vice
25  President of Human Resources and Vice President of Strategic Planning and
26  Organizational Development. Sidley lacks knowledge or information sufficient to
27  form a belief as to the truth of the remaining allegations of Paragraph 11 and on that
28  basis denies those allegations.

12.     Sidley admits that Robert H. Harvey, Jr. ("Harvey") was a director and the Chairman of the WesCorp board of directors. Sidley lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 12 and on that basis denies those allegations.

13.     Sidley admits that James P. Jordan ("Jordan") was a member of the WesCorp board of directors and was the Vice Chairman of the WesCorp board. Sidley lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 13 and on that basis denies those allegations.

14.     Sidley admits that Timothy Kramer ("Kramer") was a member of the WesCorp board of directors and served as the Secretary and Treasurer of the WesCorp board. Sidley lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 14 and on that basis denies those allegations.

15.     Sidley admits that Robin J. Lentz ("Lentz") was a member of the WesCorp board of directors. Sidley lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 15 and on that basis denies those allegations.

16.     Sidley admits that John M. Merlo ("Merlo") was a member of the WesCorp board of directors. Sidley lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 16 and on that basis denies those allegations.

17.     Sidley admits that Gordon Dames ("Dames") was a member of the WesCorp board of directors. Sidley lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 17 and on that basis denies those allegations.

18.     Sidley admits that William Cheney ("Cheney") was a member of the WesCorp board of directors. Sidley lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 18 and on that

OHS WEST:261311076.1

1    basis denies those allegations.

2         19.    Sidley admits that Warren Nakamura ("Nakamura") was a member of

3    the WesCorp board of directors.  Sidley lacks knowledge or information sufficient

4    to form a belief as to the truth of the remaining allegations of Paragraph 19 and on

5    that basis denies those allegations.

6         20.    Sidley admits that Brian Osberg ("Osberg") was a member of the

7    WesCorp board of directors.  Sidley lacks knowledge or information sufficient to

8    form a belief as to the truth of the remaining allegations of Paragraph 20 and on that

9    basis denies those allegations.

10        21.    Sidley admits that David Rhamy ("Rhamy") was a member of the

11   WesCorp board of directors.  Sidley lacks knowledge or information sufficient to

12   form a belief as to the truth of the remaining allegations of Paragraph 21 and on that

13   basis denies those allegations.

14        22.    Sidley admits that Sharon Updike ("Updike") was a member of the

15   WesCorp board of directors.  Sidley lacks knowledge or information sufficient to

16   form a belief as to the truth of the remaining allegations of Paragraph 22 and on that

17   basis denies those allegations.

18        23.    Sidley admits that several of the Director Defendants[1] were members

19   of WesCorp's Asset and Liability Committee ("ALCO"), budget committee,

20   compensation committee and other committees.  Sidley lacks knowledge or

21   information sufficient to form a belief as to the truth of the remaining allegations of

22   Paragraph 23 and on that basis denies those allegations.

23        24.    Sidley admits that WesCorp's ALCO had oversight responsibility for

24   WesCorp's asset liability management process, including investments.  Sidley lacks

25   knowledge or information sufficient to form a belief as to the allegations of

26   Paragraph 24 and on that basis denies those allegations, except to the extent they

27   ─────────────────────────
[1] Sidley uses the term "Director Defendants" as used in the Second Amended
28   Complaint to refer to now-dismissed defendants Harvey, Merlo, Dames, Jordan,
     Kramer, Cheney, Lentz, Nakamura, Osberg, Rhamy and Updike.

OHS WEST:261311076.1

reference the contents of WesCorp's corporate policies, which speak for themselves.  Sidley refers to WesCorp's corporate policies for their contents and denies any characterization inconsistent with their terms.

25.     Sidley admits that WesCorp's ALCO had responsibilities for WesCorp's investment strategies including investments, policies and strategies, concentration limits, the purchase and sale of securities and directing the types and level of risk. Sidley lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 25 and on that basis denies those allegations.

26.     Sidley admits that many WesCorp board members attended ALCO meetings.  Sidley lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 26 and on that basis denies those allegations.

27.     Sidley lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 and on that basis denies them.

28.     Paragraph 28 contains legal conclusions, to which no response is required.  To the extent the allegations require a response, they are denied.

29.     Paragraph 29 contains legal conclusions, to which no response is required.  To the extent the allegations require a response, they are denied.

## SUMMARY OF CLAIMS

30.     Sidley admits, on information and belief, that WesCorp was a non-profit corporate credit union run for the benefit of its members, who were themselves credit unions.  Sidley admits, on information and belief, that WesCorp provided its members with banking and investment services.  The remaining allegations of Paragraph 30 contain legal conclusions, to which no response is required.  To the extent the allegations require a response, they are denied.

31.     Sidley admits, on information and belief, that WesCorp was a corporate federal credit union and provided its members with banking and investment services.  Sidley admits that Siravo served as President and CEO of

OHS WEST:261311076.1

WesCorp.  Sidley lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 31, and on that basis denies those allegations.

32.  Sidley admits that WesCorp invested in securities, including private label mortgage backed securities ("MBS").  Sidley lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 32 and on that basis denies those allegations.

33.  Sidley lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33 and on that basis denies those allegations.

34.  Sidley lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34 and on that basis denies those allegations.

35.  Sidley lacks knowledge or information sufficient to form a belief as to the truth of allegations of Paragraph 35 and on that basis denies those allegations.

36.  Sidley admits that WesCorp invested in MBS, including MBS based on Option ARM loans.  Sidley lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 36 and on that basis denies those allegations.

37.  Sidley lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37 and on that basis denies those allegations.

38.  Sidley admits that WesCorp invested in MBS, including MBS based on Option ARM loans.  Sidley lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 38 and on that basis denies those allegations.

39.  Sidley admits, on information and belief, that the MBC loans that WesCorp purchased for investment were rated AAA or at least AA by Moody's and

1  S&P, or both, and were underwritten by leading investment banks.  Sidley lacks

2  knowledge or information sufficient to form a belief as to the truth of the remaining

3  allegations of Paragraph 39 and on that basis denies those allegations.

4       40.    Sidley lacks knowledge or information to form a belief as to the truth

5  of the allegations regarding WesCorp's 2009 recorded losses, and on that basis

6  denies them, except to the extent they reference the contents of WesCorp's 2009

7  financial statements, which speak for themselves.  Sidley refers to WesCorp's 2009

8  financial statements for their contents and denies any characterization inconsistent

9  with their terms.  Sidley lacks knowledge or information sufficient to form a belief

10  as to the truth of the remaining allegations of Paragraph 40 and on that basis denies

11  those allegations.

12       41.    Sidley denies that WesCorp's officers failed to impose prudent

13  concentration limits.  Sidley lacks knowledge or information sufficient to form a

14  belief as to the truth of the remaining allegations of Paragraph 41, and on that basis

15  denies those allegations.

16       42.    Sidley lacks knowledge or information sufficient to form a belief as to

17  the truth of the allegations of Paragraph 42 and on that basis denies those

18  allegations.

19       43.    Sidley lacks knowledge or information sufficient to form a belief as to

20  the truth of the allegations of Paragraph 43 and on that basis denies those

21  allegations.

22      **FACTUAL ALLEGATIONS**

23      **The Federal Credit Union System**

24       44.    Sidley admits, on information and belief, that the federal credit union

25  system is a three-tier system consisting of (1) one wholesale corporate credit union

26  (U.S. Central Federal Credit Union); (2) retail corporate credit unions; and (3)

27  "natural person" credit unions.  Sidley further admits, on information and belief,

28  that the wholesale corporate credit union, "U.S. Central" provides services to the

CV10-01597 GW (MANx)
DEFENDANT SIDLEY'S ANSWER AND COUNTERCLAIMS

OHS WEST:261311076.1

1  retail corporate credit unions, while the retail corporate credit unions provide

2  services to both federally-chartered and state-chartered natural person credit unions.

3  Sidley lacks knowledge or information sufficient to form a belief as to the truth of

4  the remaining allegations of Paragraph 44 and on that basis denies them.

5      45.    Sidley admits, on information and belief, that WesCorp was a

6  corporate credit union.  Sidley lacks knowledge or information sufficient to form a

7  belief as to the truth of the remaining allegations of Paragraph 45 and on that basis

8  denies those allegations.

9      46.    Sidley admits, on information and belief, that corporate credit unions

10  are owned by their members and that in the case of retail corporate credit unions,

11  the members are primarily natural person credit unions.  Sidley lacks knowledge or

12  information sufficient to form a belief as to the truth of the remaining allegations of

13  Paragraph 46 and on that basis denies those allegations.

14      47.    Sidley admits, on information and belief, that retail corporate credit

15  unions provide services and support to their natural person credit union members.

16  Sidley admits, on information and belief, that retail corporate credit unions offer

17  their natural person credit unions banking and investment products and services,

18  and that these products and services may include settlement of transactions such as

19  checks, ATM and credit card transactions and wire transfers.  Sidley lacks

20  knowledge or information sufficient to form a belief as to the truth of the remaining

21  allegations of Paragraph 47 and on that basis denies those allegations.

22      48.    Sidley lacks knowledge or information sufficient to form a belief as to

23  the truth of the allegations regarding alleged statements from WesCorp's website,

24  and on that basis denies them, except to the extent they reference the contents of

25  WesCorp's website, which speaks for itself.  Sidley refers to WesCorp's website for

26  its contents and denies any characterization inconsistent with its terms.  Sidley

27  lacks knowledge or information sufficient to form a belief as to the truth of the

28  remaining allegations of Paragraph 48 and on that basis denies those allegations.

OHS WEST:261311076.1

49.    Sidley lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding alleged statements from WesCorp's bylaws, and on that basis denies them, except to the extent they reference the contents of WesCorp's bylaws, which speak for themselves.  Sidley refers to WesCorp's bylaws for their contents and denies any characterization inconsistent with their terms.  Sidley lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 49 and on that basis denies those allegations.

50.    Sidley admits, on information and belief, that corporate credit unions pool the assets of their natural person credit union members and provide banking and investment services to their members.  Sidley lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50 and on that basis denies those allegations.

51.    Sidley admits, on information and belief, that WesCorp provided services to its credit union members.  Sidley lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 51 and on that basis denies them.

## The Officer Defendants' Responsibilities and Duties

52.    Sidley lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding alleged statements from WesCorp's policies, and on that basis denies them, except to the extent they reference the contents of WesCorp's policies, which speak for themselves.  Sidley refers to WesCorp's policies for their contents and denies any characterization inconsistent with their terms.  Sidley lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 52 and on that basis denies those allegations.

53.    Sidley admits that Siravo served as President and CEO of WesCorp. Sidley lacks knowledge or information sufficient to form a belief as to the truth of

OHS WEST:261311076.1

1    the remaining allegations of Paragraph 53 and on that basis denies those allegations.

2        54.    Sidley admits that Siravo served as President and CEO of WesCorp.

3    The remaining allegations of Paragraph 54 contain legal conclusions, to which no

4    response is required.  To the extent the allegations require a response, they are

5    denied.

6        55.    Sidley admits that Lane served as Chief Financial Officer of WesCorp.

7    Sidley lacks knowledge or information sufficient to form a belief as to the truth of

8    the remaining allegations of Paragraph 55 and on that basis denies those allegations.

9        56.    Sidley admits that Burrell served as Chief Investment Officer for

10   WesCorp.  Sidley lacks knowledge or information sufficient to form a belief as to

11   the truth of the remaining allegations of Paragraph 56 and on that basis denies those

12   allegations.

13       57.    Sidley lacks knowledge or information sufficient to form a belief as to

14   the truth of the allegations of Paragraph 57 and on that basis denies those

15   allegations.

16       58.    Sidley admits that he served as Vice President for Risk Assessment for

17   WesCorp starting on or about June 18, 1998 through on or about June 9, 2009.

18   Sidley further admits that the Director of Investment Credit Services reported to

19   him as the Vice President for Risk Assessment.  Sidley further admits that Risk

20   Assessment department was responsible for risk assessment, investment risk

21   monitoring processes, systems and procedures, but was not responsible for risk

22   management or implementation of investment risk policies.   The remaining

23   allegations of Paragraph 58 contain legal conclusions, to which no response is

24   required.  To the extent the allegations require a response, they are vague and

25   ambiguous and they are denied.

26       59.    Sidley admits, on information and belief, that WesCorp had an

27   Asset/Liability Staff Committee ("ALSC").  Sidley lacks knowledge or information

28   sufficient to form a belief as to the truth of the remaining allegations of Paragraph

CV10-01597 GW (MANx)
DEFENDANT SIDLEY'S ANSWER AND COUNTERCLAIMS

OHS WEST:261311076.1

1    59 and on that basis denies those allegations.

2        60.    Sidley admits that he was a non-voting member of the ALSC and a

3    staff liaison to and non-voting member of the ALCO.  Sidley lacks knowledge or

4    information sufficient to form a belief as to the truth of the remaining allegations of

5    Paragraph 60 and on that basis denies those allegations.

6                          **WesCorp's Era of Growth**

7        61.    Sidley lacks knowledge or information sufficient to form a belief as to

8    the truth of the allegations of Paragraph 61 and on that basis denies those

9    allegations.

10       62.    Sidley admits that Siravo served as President and CEO of WesCorp.

11   Sidley lacks knowledge or information sufficient to form a belief as to the

12   remaining allegations of Paragraph 62 and on that basis denies those allegations.

13       63.    Sidley lacks knowledge or information sufficient to form a belief as to

14   the truth of the allegations of Paragraph 63 and on that basis denies those

15   allegations.

16       64.    Sidley lacks knowledge or information sufficient to form a belief as to

17   the truth of the allegations of Paragraph 64 and on that basis denies those

18   allegations.

19       65.    Sidley lacks knowledge or information sufficient to form a belief as to

20   the truth of the allegations of Paragraph 65 and on that basis denies those

21   allegations.

22       66.    Sidley lacks knowledge or information sufficient to form a belief as to

23   the truth of the allegations of Paragraph 66 and on that basis denies those

24   allegations.

25       67.    Sidley admits that for a period of time, private label MBS were

26   typically higher-yielding than MBS issued by government agencies.  Sidley further

27   admits that WesCorp invested in MBS, including private label MBS.  Sidley lacks

28   knowledge or information sufficient to form a belief as to the truth of the remaining

OHS WEST:261311076.1

1    allegations of Paragraph 67 and on that basis denies those allegations.

2         68.    Sidley lacks knowledge or information sufficient to form a belief as to

3    the truth of the allegations of Paragraph 68 and on that basis denies those

4    allegations, except to the extent they reference the contents of WesCorp's corporate

5    policies, which speak for themselves. Sidley refers to WesCorp's corporate policies

6    for their contents and denies any characterization inconsistent with their terms..

7         69.    Sidley lacks knowledge or information sufficient to form a belief as to

8    the truth of the allegations of Paragraph 69 and on that basis denies those

9    allegations.

10        70.    Sidley lacks knowledge or information sufficient to form a belief as to

11   the truth of the allegations of Paragraph 70 and on that basis denies those

12   allegations.

13                    **WesCorp's Private Label MBS Investments**

14        71.    Sidley lacks knowledge or information sufficient to form a belief as to

15   the truth of the allegations of Paragraph 71 and on that basis denies those

16   allegations.

17        72.    Sidley lacks knowledge or information sufficient to form a belief as to

18   the truth of the allegations of Paragraph 72 and on that basis denies those

19   allegations.

20        73.    Sidley admits that WesCorp invested in AAA rated and AA rated

21   private label MBS. Sidley lacks knowledge or information sufficient to form a

22   belief as to the truth of the remaining allegations of Paragraph 73 and on that basis

23   denies those allegations, except to the extent they reference the contents of NCUA

24   regulations and/or WesCorp's investment policies, which speak for themselves.

25   Sidley refers to the NCUA's regulations and/or WesCorp's investment policies for

26   their contents and denies any characterization inconsistent with their terms.

27        74.    Sidley admits that WesCorp invested in MBS, including Collateralized

28   Debt Obligations ("CDOs") and Option ARM MBS. Sidley lacks knowledge or

- 12 -

OHS WEST:261311076.1

1     information sufficient to form a belief as to the truth of the remaining allegations of

2     Paragraph 74 and on that basis denies those allegations.

3        75.     Sidley admits that CDOs are shares in a pool of MBS. The remaining

4     allegations of Paragraph 75 are legal conclusions, to which no response is required.

5     To the extent the allegations require a response, they are denied.

6        76.     Sidley admits that WesCorp purchased CDOs. Sidley lacks

7     knowledge or information sufficient to form a belief as to the truth of the remaining

8     allegations of Paragraph 76 and on that basis denies those allegations.

9        77.     Sidley admits that Option ARM MBS are shares in pools of Option

10     ARM mortgages. Sidley further admits, on information and belief, that in some

11     instances Option ARM MBS monthly payments "reset." Sidley lacks knowledge or

12     information sufficient to form a belief as to the remaining allegations of Paragraph

13     77 and on that basis denies those allegations.

14        78.     Sidley lacks knowledge or information sufficient to form a belief as to

15     the truth of the allegations of Paragraph 78 and on that basis denies those

16     allegations.

17        79.     Sidley lacks knowledge or information sufficient to form a belief as to

18     the truth of the allegations of Paragraph 79 and on that basis denies those

19     allegations.

20        80.     Sidley admits that WesCorp invested in Option ARM MBS. Sidley

21     lacks knowledge or information sufficient to form a belief as to the truth of the

22     remaining allegations of Paragraph 80 and on that basis denies those allegations.

23        81.     Sidley admits that MBS investments were sold in traunches and that

24     WesCorp invested in some AAA rated and AA rated MBS from traunches that paid

25     a higher yield. Sidley lacks knowledge or information sufficient to form a belief as

26     to the truth of the remaining allegations of Paragraph 81 and on that basis denies

27     those allegations.

28        82.     Sidley admits that WesCorp invested in AA and AAA rated MBS.

1   Sidley lacks knowledge or information sufficient to form a belief as to the truth of
2   the remaining allegations of Paragraph 82 and on that basis denies those allegations.

3       83.    Sidley lacks knowledge or information sufficient to form a belief as
4   to the truth of the allegations of Paragraph 83 and on that basis denies those
5   allegations.

6       84.    Sidley admits that WesCorp invested in AAA rated Option ARM
7   MBS. Sidley lacks knowledge or information sufficient to form a belief as to the
8   truth of the remaining allegations of Paragraph 84 and on that basis denies those
9   allegations.

10                          **WesCorp's Budgets**

11      85.    Sidley admits that WesCorp's management proposed budgets, that
12  budgets were considered by the budget committee and that budgets were
13  recommended by the budget committee to WesCorp's Board of Directors. Sidley
14  lacks knowledge or information sufficient to form a belief as to the truth of the
15  remaining allegations of Paragraph 85 and on that basis denies those allegations.

16      86.    Paragraph 86 contains legal conclusions, to which no response is
17  required. To the extent the allegations require a response, Sidley lacks knowledge
18  or information sufficient to form a belief as to the truth of the allegations of
19  Paragraph 86 and on that basis denies those allegations.

20      87.    Paragraph 87 contains legal conclusions, to which no response is
21  required. To the extent the allegations require a response, Sidley lacks knowledge
22  or information sufficient to form a belief as to the truth of the allegations of
23  Paragraph 87 and on that basis denies those allegations.

24      88.    Sidley lacks knowledge or information sufficient to form a belief as to
25  the truth of the allegations of Paragraph 88 and on that basis denies those
26  allegations, except to the extent they reference the contents of WesCorp's budgets,
27  which speak for themselves. Sidley refers to WesCorp's budgets for their contents
28  and denies any characterization inconsistent with their terms.

CV10-01597 GW (MANx)
DEFENDANT SIDLEY'S ANSWER AND COUNTERCLAIMS

OHS WEST:261311076.1

89.     Sidley lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 89 and on that basis denies those allegations.

90.     Sidley lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 90 and on that basis denies those allegations, except to the extent they reference the contents of WesCorp's budgets, which speak for themselves.  Sidley refers to WesCorp's budgets for their contents and denies any characterization inconsistent with their terms.

91.     Sidley lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 91 and on that basis denies those allegations.

92.     Sidley lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 92 and on that basis denies those allegations.

93.     Sidley lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 93 and on that basis denies those allegations.

94.     Sidley lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 94, and on that basis denies those allegations, except to the extent they reference the contents of WesCorp's budgets, which speak for themselves.  Sidley refers to WesCorp's budgets for their contents and denies any characterization inconsistent with their terms.

95.     Sidley lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 95 and on that basis denies those allegations.

96.     Sidley lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 96 and on that basis denies those allegations.

97.     Sidley lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 97 and on that basis denies those allegations, except to the extent they reference the contents of WesCorp's ALCO books, which speak for themselves.  Sidley refers to WesCorp's ALCO books for their contents and denies any characterization inconsistent with their terms.

98.     Sidley lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 98 and on that basis denies those allegations.

99.     Sidley lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 99 and on that basis denies those allegations.

100.    Paragraph 100 contains legal conclusions, to which no response is required.  To the extent the allegations require a response, Sidley lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 100 and on that basis denies those allegations.

101.    Paragraph 101 contains legal conclusions, to which no response is required.  To the extent the allegations require a response, Sidley lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 101 and on that basis denies those allegations.

102.    Sidley lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 102 and on that basis denies those allegations.

103.    Paragraph 103 contains legal conclusions, to which no response is required.  To the extent the allegations require a response, Sidley lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 103 and on that basis denies those allegations.

104.    Sidley lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 104 and on that basis denies those

OHS WEST:261311076.1

1   allegations.

2   **MBS Concentration Risk**

3   105.   Paragraph 105 contains legal conclusions, to which no response is

4   required.  To the extent the allegations require a response, Sidley lacks knowledge

5   or information sufficient to form a belief as to the truth of the allegations of

6   Paragraph 105 and on that basis denies those allegations, except to the extent they

7   reference the contents of NCUA regulation, which speak for themselves.  Sidley

8   refers to the NCUA regulations for their contents and denies any characterization

9   inconsistent with their terms.

10   106.   Sidley lacks knowledge or information sufficient to form a belief as to

11   the truth of the allegations of Paragraph 106 and on that basis denies those

12   allegations.

13   107.   Sidley admits that WesCorp provided services to its members.  Sidley

14   lacks knowledge or information sufficient to form a belief as to the truth of the

15   remaining allegations of Paragraph 107 and on that basis denies those allegations.

16   108.   Sidley admits that WesCorp's Board of Directors was responsible for

17   setting investment policies.  Sidley lacks knowledge or information sufficient to

18   form a belief as to the truth of the remaining allegations of Paragraph 108 and on

19   that basis denies those allegations, except to the extent they reference the contents

20   of WesCorp's policies, which speak for themselves.  Sidley refers to WesCorp's

21   policies for their contents and denies any characterization inconsistent with their

22   terms..

23   109.   Sidley admits that the ALCO had responsibilities for reviewing

24   WesCorp's investments.  Sidley lacks knowledge or information sufficient to form

25   a belief as to the truth of the remaining allegations of Paragraph 109 and on that

26   basis denies those allegations.

27   110.   Sidley denies the allegations of paragraph 110 of the Complaint.

28   Sidley headed the Risk Assessment Department at WesCorp.  WesCorp's Risk

- 17 -

1   Assessment Department was responsible for proposing obligor concentration limits

2   for WesCorp's investment portfolio but was not responsible for proposing

3   investment concentration limits for WesCorp's investment portfolio. Sidley and the

4   Risk Assessment Department at all times complied with the relevant and applicable

5   WesCorp policies, including WesCorp's Corporate Policy 940-5. Sidley lacks

6   knowledge or information sufficient to form a belief as to the truth of the remaining

7   allegations of Paragraph 110 and on that basis denies those allegations.

8        111.   Sidley admits that WesCorp's board adopted policies specifying

9   concentration limits for its investment securities and from time to time amended the

10  policies to change limits or impose new limits. Sidley lacks knowledge or

11  information sufficient to form a belief as to the truth of the remaining allegations of

12  Paragraph 111 and on that basis denies those allegations, except to the extent they

13  reference the contents of WesCorp's policies, which speak for themselves. Sidley

14  refers to WesCorp's policies for their contents and denies any characterization

15  inconsistent with their terms.

16       112.   Sidley lacks knowledge or information sufficient to form a belief as to

17  the truth of the allegations of Paragraph 112 and on that basis denies them.

18       113.   Sidley lacks knowledge or information sufficient to form a belief as to

19  the truth of the allegations of Paragraph 113 and on that basis denies those

20  allegations.

21       114.   Sidley admits that WesCorp purchased AAA rated private label MBS.

22  Sidley lacks knowledge or information sufficient to form a belief as to the truth of

23  the remaining allegations of Paragraph 114 and on that basis denies those

24  allegations.

25                        **The Risks of Option ARM MBS**

26       115.   Sidley lacks knowledge or information sufficient to form a belief as to

27  the truth of the allegations of Paragraph 115 and on that basis denies those

28  allegations, except to the extent they reference the contents of WesCorp's corporate

- 18 -

OHS WEST:261311076.1

1   policies, which speak for themselves.  Sidley refers to WesCorp's corporate policies

2   for their contents and denies any characterization inconsistent with their terms.

3       116.   Sidley admits that WesCorp purchased Option ARM MBS but denies

4   that they were a new security type.  Sidley lacks information or knowledge

5   sufficient to form a belief as to the truth of the remaining allegations of Paragraph

6   116 and on that basis denies those allegations.

7       117.   Sidley admits that WesCorp purchased Option ARM MBS with the

8   approval of WesCorp's Board of Directors and ALCO but denies that Option ARM

9   MBS were a new security type.  Sidley lacks knowledge or information sufficient to

10  form a belief as to the truth of the allegations of Paragraph 117 and on that basis

11  denies those allegations.

12      118.   Sidley admits that, with the approval of WesCorp's Board of Directors

13  and ALCO, WesCorp purchases Option ARM MBS, but denies that Option ARM

14  MBS were a new security type.  Sidley lacks knowledge or information sufficient to

15  form a belief as to the truth of the allegations of Paragraph 118 and on that basis

16  denies those allegations.

17      119.   Sidley denies that Option ARM MBS were a new security type.  Sidley

18  lacks knowledge or information sufficient to form a belief as to the truth of the

19  allegations of Paragraph 119 and on that basis denies those allegations.

20      120.   Sidley lacks information or knowledge sufficient to form a belief as to

21  the truth of the allegations of Paragraph 120 and on that basis denies those

22  allegations.

23      121.   Sidley lacks information or knowledge sufficient to form a belief as to

24  the truth of the allegations of Paragraph 121 and on that basis denies those

25  allegations.

26      122.   Sidley lacks information or knowledge sufficient to form a belief as to

27  the truth of the allegations of Paragraph 122 and on that basis denies those

28  allegations.

123.   Sidley lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 123 and on that basis denies those allegations.

124.   Sidley specifically denies any allegation of Paragraph 124 that he was required to propose or adopt concentration limits for Option ARM MBS in WesCorp's portfolio or to recommend concentration limits other than obligor concentration limits.  Sidley lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 124 and on that basis denies those allegations.

125.   Sidley lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 125 and on that basis denies those allegations.

126.   Sidley lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 126 and on that basis denies those allegations.

127.   Paragraph 127 contains legal conclusions, to which no response is required.  To the extent the allegations require a response, they are denied.

128.   Sidley specifically denies any allegation of Paragraph 128 that he was required to propose or adopt concentration limits for Option ARM MBS in WesCorp's portfolio or to recommend concentration limits other than obligor concentration limits.  Sidley admits that WesCorp purchases AAA rated and AAA rated MBS.  Sidley lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 128 and on that basis denies those allegations.

129.   Sidley specifically denies any allegation of Paragraph 129 that he was required to propose or adopt concentration limits for Option ARM MBS in WesCorp's portfolio or to recommend concentration limits other than obligor concentration limits.  Sidley further denies that WesCorp was unaware of the

1  concentrations of MBS.  Sidley lacks information or knowledge sufficient to form a

2  belief as to the truth of the remaining allegations of Paragraph 129 and on that basis

3  denies those allegations.

4      130.   Sidley denies that WesCorp was unaware of the concentrations of

5  Option ARM MBS.  Sidley lacks information or knowledge sufficient to form a

6  belief as to the truth of the remaining allegations of Paragraph 130 and on that basis

7  denies those allegations.

8      131.   Sidley lacks information or knowledge sufficient to form a belief as to

9  the truth of the allegations of Paragraph 131 and on that basis denies those

10  allegations.

11      132.   Sidley admits that he was the officer in charge of the Investment

12  Credit Services Department for a period of time and Chief Risk Officer from

13  October 3, 2006 to June 9, 2009.  Paragraph 132 contains legal conclusions to

14  which no response is required.  To the extent these allegations require a response,

15  Sidley lacks knowledge or information sufficient to form a belief as to the truth of

16  the allegations of Paragraph 132, as well as to the truth of the remaining allegations

17  of Paragraph 132, and on that basis denies those allegations.

18      133.   Sidley lacks information or knowledge sufficient to form a belief as to

19  the truth of the allegations of Paragraph 133 and on that basis denies those

20  allegations.

21                    **The Risks in WesCorp's Portfolio**

22      134.   Sidley lacks information or knowledge sufficient to form a belief as to

23  the truth of the allegations of Paragraph 134 and on that basis denies those

24  allegations.

25      135.   Sidley admits that the Officer Defendants and the Director Defendants

26  generally attended the ALCO meetings.  Sidley further admits that at ALCO

27  meetings, there were often presentations about the economy and WesCorp's

28  investments.  Sidley lacks information or knowledge sufficient to form a belief as to

- 21 -

OHS WEST:261311076.1

1    the truth of the remaining allegations of Paragraph 135 and on that basis denies

2    those allegations.

3        136.   Sidley lacks information or knowledge sufficient to form a belief as to

4    the truth of the allegations of Paragraph 136 and on that basis denies those

5    allegations.

6        137.   Sidley admits that the Officer Defendants and the Director Defendants

7    generally attended the ALCO meetings.  Sidley further admits that at some ALCO

8    meetings, there were presentations about interest rates and housing markets.  Sidley

9    lacks information or knowledge sufficient to form a belief as to the truth of the

10   remaining allegations of Paragraph 137 and on that basis denies those allegations.

11       138.   Sidley lacks knowledge or information sufficient to form a belief as to

12   the truth of the allegations in Paragraph 138 and on that basis denies those

13   allegations, except to the extent they reference the contents of WesCorp's ALCO

14   books, which speak for themselves.  Sidley refers to WesCorp's ALCO books for

15   their contents and denies any characterization inconsistent with its terms.

16       139.   Sidley lacks knowledge or information sufficient to form a belief as to

17   the truth of the allegations in Paragraph 139 and on that basis denies those

18   allegations, except to the extent they reference the contents of WesCorp's ALCO

19   books, which speak for themselves.  Sidley refers to WesCorp's ALCO books for

20   their contents and denies any characterization inconsistent with its terms.

21       140.   Sidley lacks information or knowledge sufficient to form a belief as to

22   the truth of the allegations of Paragraph 140 and on that basis denies those

23   allegations.

24       141.   Sidley lacks knowledge or information sufficient to form a belief as to

25   the truth of the allegations in Paragraph 141 and on that basis denies those

26   allegations, except to the extent they reference the contents of WesCorp's ALCO

27   books, which speak for themselves.  Sidley refers to WesCorp's ALCO books for

28   their contents and denies any characterization inconsistent with its terms.

- 22 -

1       142.   Sidley lacks knowledge or information sufficient to form a belief as to

2   the truth of the allegations in Paragraph 142 and on that basis denies those

3   allegations, except to the extent they reference the contents of WesCorp's ALCO

4   books, which speak for themselves.  Sidley refers to WesCorp's ALCO books for

5   their contents and denies any characterization inconsistent with its terms.

6       143.   Sidley lacks information or knowledge sufficient to form a belief as to

7   the truth of the allegations of Paragraph 143 and on that basis denies those

8   allegations.

9       144.   Sidley admits that WesCorp continued to purchase AAA rated Option

10  ARM MBS in 2007 and that it stopped purchasing private label MBS sometime in

11  2007.  Sidley lacks information or knowledge sufficient to form a belief as to the

12  truth of the remaining allegations of Paragraph 144 and on that basis denies those

13  allegations.

14      145.   Paragraph 145 contains legal conclusions, to which no response is

15  required.  To the extent the allegations require a response, they are denied.

16      146.   Sidley admits that WesCorp continued to purchase AAA rated Option

17  ARM MBS in 2007 and that it stopped purchasing private label MBS sometime in

18  2007.  Sidley lacks information or knowledge sufficient to form a belief as to the

19  truth of the remaining allegations of Paragraph 146 and on that basis denies those

20  allegations.

21      147.   Sidley lacks information or knowledge sufficient to form a belief as to

22  the truth of the allegations of Paragraph 147 and on that basis denies those

23  allegations.

24                                  **WesCorp's Collapse**

25      148.   Sidley lacks information or knowledge sufficient to form a belief as to

26  the truth of the allegations of Paragraph 148 and on that basis denies those

27  allegations.

28      149.   Sidley specifically denies any allegation of Paragraph 149 that he was

- 23 -

OHS WEST:261311076.1

1   required to propose or adopt concentration limits for Option ARM MBS in

2   WesCorp's portfolio or to recommend concentration limits other than obligor

3   concentration limits.  Sidley lacks knowledge or information sufficient to form a

4   belief as to the truth of the remaining allegations of Paragraph 149 and on that basis

5   denies those allegations.

6        150.   Sidley lacks information or knowledge sufficient to form a belief as to

7   the truth of the allegations of Paragraph 150 and on that basis denies those

8   allegations.

9        151.   Sidley specifically denies any allegation of Paragraph 151 that he was

10  required to propose or adopt concentration limits for Option ARM MBS in

11  WesCorp's portfolio or to recommend concentration limits other than obligor

12  concentration limits.  Sidley lacks information or knowledge sufficient to form a

13  belief as to the truth of the remaining allegations of Paragraph 151 and on that basis

14  denies those allegations.

15       152.   Sidley lacks information or knowledge sufficient to form a belief as to

16  the truth of the allegations of Paragraph 152 and on that basis denies those

17  allegations.

18       153.   Sidley lacks information or knowledge sufficient to form a belief as to

19  the truth of the allegations of Paragraph 153 and on that basis denies those

20  allegations.

21                                **The SERP Payments**

22       154.   Sidley lacks information or knowledge sufficient to form a belief as to

23  the truth of the allegations of Paragraph 154 and on that basis denies those

24  allegations.

25       155.   Sidley lacks information or knowledge sufficient to form a belief as to

26  the truth of the allegations of Paragraph 155 and on that basis denies those

27  allegations.

28       156.   Sidley admits, on information and belief, that Siravo became President

1    and CEO of WesCorp.  Sidley lacks information or knowledge sufficient to form a

2    belief as to the truth of the remaining allegations of Paragraph 156 and on that basis

3    denies those allegations.

4         157.   Sidley lacks information or knowledge sufficient to form a belief as to

5    the truth of the allegations of Paragraph 157 and on that basis denies those

6    allegations.

7         158.   Sidley lacks information or knowledge sufficient to form a belief as to

8    the truth of the allegations of Paragraph 158 and on that basis denies those

9    allegations.

10        159.   Sidley lacks information or knowledge sufficient to form a belief as to

11   the truth of the allegations of Paragraph 159 and on that basis denies those

12   allegations.

13        160.   Sidley lacks information or knowledge sufficient to form a belief as to

14   the truth of the allegations of Paragraph 160 and on that basis denies those

15   allegations.

16        161.   Sidley lacks information or knowledge sufficient to form a belief as to

17   the truth of the allegations of Paragraph 161 and on that basis denies those

18   allegations.

19        162.   Sidley lacks information or knowledge sufficient to form a belief as to

20   the truth of the allegations of Paragraph 162 and on that basis denies those

21   allegations.

22        163.   Sidley lacks information or knowledge sufficient to form a belief as to

23   the truth of the allegations of Paragraph 163 and on that basis denies those

24   allegations.

25        164.   Sidley lacks information or knowledge sufficient to form a belief as to

26   the truth of the allegations of Paragraph 164 and on that basis denies those

27   allegations.

28        165.   Sidley lacks information or knowledge sufficient to form a belief as to

- 25 -

OHS WEST:261311076.1

1   the truth of the allegations of Paragraph 165 and on that basis denies those

2   allegations.

3          166.   Sidley lacks information or knowledge sufficient to form a belief as to

4   the truth of the allegations of Paragraph 166 and on that basis denies those

5   allegations.

6          167.   Sidley lacks information or knowledge sufficient to form a belief as to

7   the truth of the allegations of Paragraph 167 and on that basis denies those

8   allegations.

9          168.   Sidley lacks information or knowledge sufficient to form a belief as to

10  the truth of the allegations of Paragraph 168 and on that basis denies those

11  allegations.

12         169.   Sidley lacks information or knowledge sufficient to form a belief as to

13  the truth of the allegations of Paragraph 169 and on that basis denies those

14  allegations.

15         170.   Sidley lacks information or knowledge sufficient to form a belief as to

16  the truth of the allegations of Paragraph 170 and on that basis denies those

17  allegations.

18         171.   Sidley lacks information or knowledge sufficient to form a belief as to

19  the truth of the allegations of Paragraph 171 and on that basis denies those

20  allegations.

21         172.   Sidley lacks information or knowledge sufficient to form a belief as to

22  the truth of the allegations of Paragraph 172 and on that basis denies those

23  allegations.

24         173.   Sidley lacks information or knowledge sufficient to form a belief as to

25  the truth of the allegations of Paragraph 173 and on that basis denies those

26  allegations.

27         174.   Sidley lacks information or knowledge sufficient to form a belief as to

28  the truth of the allegations of Paragraph 174 and on that basis denies those

1    allegations.

2         175.   Sidley lacks information or knowledge sufficient to form a belief as to

3    the truth of the allegations of Paragraph 175 and on that basis denies those

4    allegations.

5         176.   Sidley lacks information or knowledge sufficient to form a belief as to

6    the truth of the allegations of Paragraph 176 and on that basis denies those

7    allegations.

8         177.   Sidley lacks information or knowledge sufficient to form a belief as to

9    the truth of the allegations of Paragraph 177 and on that basis denies those

10   allegations.

11        178.   Sidley lacks information or knowledge sufficient to form a belief as to

12   the truth of the allegations of Paragraph 178 and on that basis denies those

13   allegations.

14        179.   Sidley lacks information or knowledge sufficient to form a belief as to

15   the truth of the allegations of Paragraph 179 and on that basis denies those

16   allegations.

17        180.   Sidley lacks information or knowledge sufficient to form a belief as to

18   the truth of the allegations of Paragraph 180 and on that basis denies those

19   allegations.

20        181.   Sidley lacks information or knowledge sufficient to form a belief as to

21   the truth of the allegations of Paragraph 181 and on that basis denies those

22   allegations.

23        182.   Sidley lacks information or knowledge sufficient to form a belief as to

24   the truth of the allegations of Paragraph 182 and on that basis denies those

25   allegations.

26   **FIRST CLAIM FOR RELIEF**

27   **(Breach of Fiduciary Duties – Against the Officer Defendants)**

28        183.   Sidley incorporates by reference his responses to paragraphs 1 through

OHS WEST:261311076.1

1   182 as though set forth in full.

2       184.   Paragraph 184 contains legal conclusions, to which no response is

3   required.  To the extent the allegations require a response, they are denied.

4       185.   Paragraph 185 contains legal conclusions, to which no response is

5   required.  To the extent the allegations require a response, they are denied.

6       186.   Paragraph 186 contains legal conclusions, to which no response is

7   required.  To the extent the allegations require a response, they are denied.

8       187.   Paragraph 187 contains legal conclusions, to which no response is

9   required.  To the extent the allegations require a response, Sidley lacks information

10  or knowledge sufficient to form a belief as to the truth of the allegations of

11  Paragraph 187 and on that basis denies those allegations.

12      188.   Paragraph 188 contains legal conclusions, to which no response is

13  required.  To the extent the allegations require a response, Sidley lacks information

14  or knowledge sufficient to form a belief as to the truth of the allegations of

15  Paragraph 188 and on that basis denies those allegations.

16      189.   Paragraph 189 contains legal conclusions, to which no response is

17  required.  To the extent the allegations require a response, Sidley lacks information

18  or knowledge sufficient to form a belief as to the truth of the allegations of

19  Paragraph 189 and on that basis denies those allegations.

20      190.   Paragraph 190 contains legal conclusions, to which no response is

21  required.  To the extent the allegations require a response, Sidley lacks information

22  or knowledge sufficient to form a belief as to the truth of the allegations of

23  Paragraph 190 and on that basis denies those allegations.

24      191.   Paragraph 191 contains legal conclusions, to which no response is

25  required.  To the extent the allegations require a response, Sidley lacks information

26  or knowledge sufficient to form a belief as to the truth of the allegations of

27  Paragraph 191 and on that basis denies those allegations.

28      192.   Paragraph 192 contains legal conclusions, to which no response is

1   required.  To the extent the allegations require a response, Sidley lacks information

2   or knowledge sufficient to form a belief as to the truth of the allegations of

3   Paragraph 192 and on that basis denies those allegations.

4          193.   Paragraph 193 contains legal conclusions, to which no response is

5   required.  To the extent the allegations require a response, Sidley lacks information

6   or knowledge sufficient to form a belief as to the truth of the allegations of

7   Paragraph 193 and on that basis denies those allegations.

8          194.   Sidley admits that he served as Chief Risk Officer from October 3,

9   2006 through June 9, 2009, and as Vice President for Risk Assessment from June

10  18, 1998 through June 9, 2009.  The remaining allegations of Paragraph 194

11  contain legal conclusions, to which no response is required.  To the extent the

12  allegations require a response, they are denied.

13         195.   Paragraph 195 contains legal conclusions, to which no response is

14  required.  To the extent the allegations require a response, they are denied.

15         196.   Sidley denies that he breached any duties that he owed to WesCorp.

16  Paragraph 196 contains legal conclusions, to which no response is required.  To the

17  extent the remaining allegations require a response, they are denied.

18         197.   Sidley lacks information or knowledge sufficient to form a belief as to

19  the truth of the allegations of Paragraph 197 and on that basis denies those

20  allegations.

21         198.   Sidley lacks information or knowledge sufficient to form a belief as to

22  the truth of the allegations of Paragraph 198 and on that basis denies those

23  allegations.

24                          **SECOND CLAIM FOR RELIEF**

25   **(Breach of Fiduciary Duties – Against Defendants Rhamy, Updike, Dames,**

26                         **Osberg, Longson and Harvey)**

27         199.   Sidley incorporates by reference his responses to paragraphs 1 through

28  198 as though set forth in full.

OHS WEST:261311076.1

200.   Sidley is not named as a defendant to this Claim and accordingly no response is required.  To the extent the allegations require a response, Sidley lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

201.   Sidley is not named as a defendant to this Claim and accordingly no response is required.  To the extent the allegations require a response, Sidley lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

202.   Sidley is not named as a defendant to this Claim and accordingly no response is required.  To the extent the allegations require a response, Sidley lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

203.   Sidley is not named as a defendant to this Claim and accordingly no response is required.  To the extent the allegations require a response, Sidley lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

204.   Sidley is not named as a defendant to this Claim and accordingly no response is required.  To the extent the allegations require a response, Sidley lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

205.   Sidley is not named as a defendant to this Claim and accordingly no response is required.  To the extent the allegations require a response, Sidley lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

## THIRD CLAIM FOR RELIEF

### (Breach of Fiduciary Duties – Against Defendants Jordan, Nakamura, Cheney, Rhamy, Kramer, Lentz, and Osberg)

206.   Sidley incorporates by reference his responses to paragraphs 1 through

CV10-01597 GW (MANx)
DEFENDANT SIDLEY'S ANSWER AND COUNTERCLAIMS

OHS WEST:261311076.1

1 | 205 as though set forth in full.

2 | 207. Sidley is not named as a defendant to this Claim and accordingly no

3 | response is required. To the extent the allegations require a response, Sidley lacks

4 | information or knowledge sufficient to form a belief as to the truth of the

5 | allegations, and on that basis denies them.

6 | 208. Sidley is not named as a defendant to this Claim and accordingly no

7 | response is required. To the extent the allegations require a response, Sidley lacks

8 | information or knowledge sufficient to form a belief as to the truth of the

9 | allegations, and on that basis denies them.

10 | 209. Sidley is not named as a defendant to this Claim and accordingly no

11 | response is required. To the extent the allegations require a response, Sidley lacks

12 | information or knowledge sufficient to form a belief as to the truth of the

13 | allegations, and on that basis denies them.

14 | 210. Sidley is not named as a defendant to this Claim and accordingly no

15 | response is required. To the extent the allegations require a response, Sidley lacks

16 | information or knowledge sufficient to form a belief as to the truth of the

17 | allegations, and on that basis denies them.

18 | 211. Sidley is not named as a defendant to this Claim and accordingly no

19 | response is required. To the extent the allegations require a response, Sidley lacks

20 | information or knowledge sufficient to form a belief as to the truth of the

21 | allegations, and on that basis denies them.

22 | 212. Sidley is not named as a defendant to this Claim and accordingly no

23 | response is required. To the extent the allegations require a response, Sidley lacks

24 | information or knowledge sufficient to form a belief as to the truth of the

25 | allegations, and on that basis denies them.

### FOURTH CLAIM FOR RELIEF

**(Breach of Fiduciary Duties – Against All Director Defendants)**

28 | 213. Sidley incorporates by reference his responses to paragraphs 1 through

- 31 -

1   212 as though set forth in full.

2       214.   Sidley is not named as a defendant to this Claim and accordingly no

3   response is required.  To the extent the allegations require a response, Sidley lacks

4   information or knowledge sufficient to form a belief as to the truth of the

5   allegations, and on that basis denies them.

6       215.   Sidley is not named as a defendant to this Claim and accordingly no

7   response is required.  To the extent the allegations require a response, Sidley lacks

8   information or knowledge sufficient to form a belief as to the truth of the

9   allegations, and on that basis denies them.

10       216.   Sidley is not named as a defendant to this Claim and accordingly no

11   response is required.  To the extent the allegations require a response, Sidley lacks

12   information or knowledge sufficient to form a belief as to the truth of the

13   allegations, and on that basis denies them.

14       217.   Sidley is not named as a defendant to this Claim and accordingly no

15   response is required.  To the extent the allegations require a response, Sidley lacks

16   information or knowledge sufficient to form a belief as to the truth of the

17   allegations, and on that basis denies them.

18       218.   Sidley is not named as a defendant to this Claim and accordingly no

19   response is required.  To the extent the allegations require a response, Sidley lacks

20   information or knowledge sufficient to form a belief as to the truth of the

21   allegations, and on that basis denies them.

22       219.   Sidley is not named as a defendant to this Claim and accordingly no

23   response is required.  To the extent the allegations require a response, Sidley lacks

24   information or knowledge sufficient to form a belief as to the truth of the

25   allegations, and on that basis denies them.

26       220.   Sidley is not named as a defendant to this Claim and accordingly no

27   response is required.  To the extent the allegations require a response, Sidley lacks

28   information or knowledge sufficient to form a belief as to the truth of the

1   allegations, and on that basis denies them.

2   ### FIFTH CLAIM FOR RELIEF

3   ### (Breach of Fiduciary Duty – Against Siravo and Swedberg)

4   221.   Sidley incorporates by reference his responses to paragraphs 1 through
5   220 as though set forth in full.

6   222.   Sidley is not named as a defendant to this Claim and accordingly no
7   response is required.  To the extent the allegations require a response, Sidley lacks
8   information or knowledge sufficient to form a belief as to the truth of the
9   allegations, and on that basis denies them.

10   223.   Sidley is not named as a defendant to this Claim and accordingly no
11   response is required.  To the extent the allegations require a response, Sidley lacks
12   information or knowledge sufficient to form a belief as to the truth of the
13   allegations, and on that basis denies them.

14   224.   Sidley is not named as a defendant to this Claim and accordingly no
15   response is required.  To the extent the allegations require a response, Sidley lacks
16   information or knowledge sufficient to form a belief as to the truth of the
17   allegations, and on that basis denies them.

18   225.   Sidley is not named as a defendant to this Claim and accordingly no
19   response is required.  To the extent the allegations require a response, Sidley lacks
20   information or knowledge sufficient to form a belief as to the truth of the
21   allegations, and on that basis denies them.

22   226.   Sidley is not named as a defendant to this Claim and accordingly no
23   response is required.  To the extent the allegations require a response, Sidley lacks
24   information or knowledge sufficient to form a belief as to the truth of the
25   allegations, and on that basis denies them.

26   ### SIXTH CLAIM FOR RELIEF

27   ### (Fraud – Against Siravo and Swedberg)

28   227.   Sidley incorporates by reference his responses to paragraphs 1 through

OHS WEST:261311076.1

1   226 as though set forth in full.

2       228.   Sidley is not named as a defendant to this Claim and accordingly no

3   response is required.  To the extent the allegations require a response, Sidley lacks

4   information or knowledge sufficient to form a belief as to the truth of the

5   allegations, and on that basis denies them.

6       229.   Sidley is not named as a defendant to this Claim and accordingly no

7   response is required.  To the extent the allegations require a response, Sidley lacks

8   information or knowledge sufficient to form a belief as to the truth of the

9   allegations, and on that basis denies them.

10       230.   Sidley is not named as a defendant to this Claim and accordingly no

11   response is required.  To the extent the allegations require a response, Sidley lacks

12   information or knowledge sufficient to form a belief as to the truth of the

13   allegations, and on that basis denies them.

14       231.   Sidley is not named as a defendant to this Claim and accordingly no

15   response is required.  To the extent the allegations require a response, Sidley lacks

16   information or knowledge sufficient to form a belief as to the truth of the

17   allegations, and on that basis denies them.

18       232.   Sidley is not named as a defendant to this Claim and accordingly no

19   response is required.  To the extent the allegations require a response, Sidley lacks

20   information or knowledge sufficient to form a belief as to the truth of the

21   allegations, and on that basis denies them.

22       233.   Sidley is not named as a defendant to this Claim and accordingly no

23   response is required.  To the extent the allegations require a response, Sidley lacks

24   information or knowledge sufficient to form a belief as to the truth of the

25   allegations, and on that basis denies them.

26       234.   Sidley is not named as a defendant to this Claim and accordingly no

27   response is required.  To the extent the allegations require a response, Sidley lacks

28   information or knowledge sufficient to form a belief as to the truth of the

1  allegations, and on that basis denies them.

2  ## SEVENTH CLAIM FOR RELIEF

3  ### (Breach of Fiduciary Duty – Against Siravo)

4  235.  Sidley incorporates by reference his responses to paragraphs 1 through

5  234 as though set forth in full.

6  236.  Sidley is not named as a defendant to this Claim and accordingly no

7  response is required.  To the extent the allegations require a response, Sidley lacks

8  information or knowledge sufficient to form a belief as to the truth of the

9  allegations, and on that basis denies them.

10  237.  Sidley is not named as a defendant to this Claim and accordingly no

11  response is required.  To the extent the allegations require a response, Sidley lacks

12  information or knowledge sufficient to form a belief as to the truth of the

13  allegations, and on that basis denies them.

14  238.  Sidley is not named as a defendant to this Claim and accordingly no

15  response is required.  To the extent the allegations require a response, Sidley lacks

16  information or knowledge sufficient to form a belief as to the truth of the

17  allegations, and on that basis denies them.

18  239.  Sidley is not named as a defendant to this Claim and accordingly no

19  response is required.  To the extent the allegations require a response, Sidley lacks

20  information or knowledge sufficient to form a belief as to the truth of the

21  allegations, and on that basis denies them.

22  ## EIGHTH CLAIM FOR RELIEF

23  ### (Unjust Enrichment – Against Lane)

24  240.  Sidley incorporates by reference his responses to paragraphs 1 through

25  239 as though set forth in full.

26  241.  Sidley is not named as a defendant to this Claim and accordingly no

27  response is required.  To the extent the allegations require a response, Sidley lacks

28  information or knowledge sufficient to form a belief as to the truth of the

- 35 -

OHS WEST:261311076.1

1  allegations, and on that basis denies them.

2  242. Sidley is not named as a defendant to this Claim and accordingly no

3  response is required. To the extent the allegations require a response, Sidley lacks

4  information or knowledge sufficient to form a belief as to the truth of the

5  allegations, and on that basis denies them.

6  243. Sidley is not named as a defendant to this Claim and accordingly no

7  response is required. To the extent the allegations require a response, Sidley lacks

8  information or knowledge sufficient to form a belief as to the truth of the

9  allegations, and on that basis denies them.

10  244. Sidley is not named as a defendant to this Claim and accordingly no

11  response is required. To the extent the allegations require a response, Sidley lacks

12  information or knowledge sufficient to form a belief as to the truth of the

13  allegations, and on that basis denies them.

14  245. Other than as expressly and specifically admitted above in the

15  response to Paragraphs 1-244, Sidley denies every allegation of the Second

16  Amended Complaint.

17  ## AFFIRMATIVE DEFENSES

18  As and for his defenses, Sidley alleges as follows and reserves the right to

19  assert additional defenses in the event that discovery indicates they would be

20  appropriate.

21  ## FIRST AFFIRMATIVE DEFENSE

22  ### (Consent, Approval, Acquiescence, Participation, Ratification)

23  246. The Second Amended Complaint, and each cause of action alleged

24  therein against Sidley, is barred, in whole or in part, because of NCUA's own

25  consent approval, acquiescence, participation and/or ratification at any time in any

26  activity that NCUA challenges as improper. In addition, the claims against Sidley

27  are barred because the acts stated were ratified or approved by other state and

28  federal agencies or entities.

OHS WEST:261311076.1

1    247.   NCUA's Office of Corporate Credit Unions ("OCCU") provided

2    supervision and oversight of WesCorp, including its investment strategies and risk

3    assessment.  This supervision was done, among other ways, through an on-site

4    examiner who was physically located at WesCorp's facilities on a full-time basis,

5    examining WesCorp's activities.  The OCCU examiner's efforts resulted in yearly

6    examination reports, analyzing and assessing WesCorp's operations, including but

7    not limited to its investment strategies and risk assessment.

8    248.   In addition, the NCUA's Office of Capital Markets ("OCM") provided

9    assistance to NCUA's OCCU examiner by, among other things, helping to evaluate

10   WesCorp's investments and related asset and liability issues.

11   249.   As a result of NCUA's constant oversight and examination efforts,

12   NCUA was, upon information and belief, at all times aware of WesCorp's

13   monitoring and risk-protection efforts and, upon further information and belief,

14   consistently approved of WesCorp's efforts.  WesCorp's efforts which NCUA,

15   upon information and belief, knew of and approved of included, among other

16   things: (i) limiting investments to primarily high grade securities with AA and

17   AAA ratings; (ii) conducting thorough credit reviews or proposed security

18   purchases prior to purchasing; (iii) conducting credit reviews on newly-issued

19   security types; (iv) conducting annual credit reviews on existing securities; (v)

20   preparing monthly watch lists for, and keeping appropriate oversight of, securities

21   that were not performing well; (vi) creating concentration limits as to individual

22   issues; (vii) creating concentration limits as to different security types; and (viii)

23   publishing monthly reports on credit status and providing the WesCorp Board with

24   substantial information regarding concentration limits and credit enhancement

25   levels on WesCorp's security portfolios.

26   250.   NCUA, through its oversight and examination efforts, was, upon

27   information and belief, also aware of the fact that Option ARM MBSs were not a

28   "new" security type that WesCorp began investing in.  NCUA regulations and

1   WesCorp policies refer to "new" security types as those securities which have

2   different collateral than other securities. As NCUA was aware at all relevant times,

3   WesCorp had a long history of purchasing securities with the same type of

4   caollateral – mortgages – as Option ARM MBSs. Upon information and belief,

5   NCUA and OCCU examiners ratified WesCorp's investment in Option ARM

6   MBSs and never suggested that Option ARM MBSs were a "new" security type

7   which WesCorp should review as such.

8       251.   NCUA, though its OCCU examiners, the OCCU examination reports

9   and other efforts and statements, consistently approved of WesCorp's investment

10  strategies and investment concentrations, including WesCorp's investments in

11  Option ARM MBSs.

12      252.   Prior to its involvement in this lawsuit, NCUA never made any claims

13  that WesCorp's investment strategies violated NCUA regulations or WesCorp

14  policies. Similarly, the OCCU examination reports never made such suggestions.

15      253.   NCUA at all times, upon information and belief, approved of

16  WesCorp's investment strategies, policies and procedures.

17      254.   NCUA also, upon information and belief, approved of WesCorp's risk

18  assessment efforts. In those instances, to the extent there were any, where NCUA,

19  through the OCCU examination reports, raised any concerns regarding WesCorp's

20  risk assessment efforts, WesCorp promptly addressed those concerns and NCUA

21  subsequently, in later OCCU examination reports and/or through other statements

22  or actions, approved of WesCorp's efforts.

23      255.   WesCorp in fact, upon information and belief, promptly addressed any

24  concerns raised by NCUA in an OCCU examination report and, upon information

25  and belief, obtained subsequent approval from NCUA of those efforts.

26      256.   In at least 2006 and 2007, after the investments at issue in NCUA's

27  complaint were made, NCUA continued to approve of WesCorp's management,

28  risk assessment and ability to operate within regulatory limits.

CV10-01597 GW (MANx)
DEFENDANT SIDLEY'S ANSWER AND COUNTERCLAIMS

257.   Further, Sidley is informed and believes that NCUA granted WesCorp the highest level of expanded investment authority given to any corporate credit union, including but not limited to the authority to invest in securities rated as low as BBB, although WesCorp never invested, upon information and belief, in securities rater lower than AA.

258.   In light of the foregoing, NCUA knowingly ratified and approved of the policies, strategies and actions which are now complained of in the Second Amended Complaint.

## SECOND AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

259.   Sidley incorporates by reference and realleges each and every allegation contained in paragraphs 246-258 as though fully set forth herein.

260.   The Second Amended Complaint, and each cause of action alleged therein against Sidley, fails to state facts sufficient to constitute a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

### (Business Judgment Rule)

261.   Sidley incorporates by reference and realleges each and every allegation contained in paragraphs 246-258 as though fully set forth herein.

262.   The Second Amended Complaint, and each cause of action alleged therein against Sidley, is barred by the business judgment rule.

## FOURTH AFFIRMATIVE DEFENSE

### (Comparative Negligence)

263.   Sidley incorporates by reference and realleges each and every allegation contained in paragraphs 246-258 as though fully set forth herein.

264.   The NCUA's recovery, if any, must be reduced to the extent that its injuries, losses and/or damages, if any, were caused by the NCUA's own negligence.

OHS WEST:261311076.1

## FIFTH AFFIRMATIVE DEFENSE

### (Standing)

265.   Sidley incorporates by reference and realleges each and every
allegation contained in paragraphs 246-258 as though fully set forth herein.

266.   The Second Amended Complaint, and each and every cause of action
alleged therein against Sidley, is barred, in whole or in part, because NCUA lacks
standing to assert the claims alleged in this action.

## SIXTH AFFIRMATIVE DEFENSE

### (Loyalty, Prudent Person, Candor, Good Faith)

267.   Sidley incorporates by reference and realleges each and every
allegation contained in paragraphs 246-258 as though fully set forth herein.

268.   The Second Amended Complaint, and each cause of action alleged
therein against Sidley, is barred, in whole or in part, because at all times Sidley
acted prudently, honestly, in good faith, with full candor, and in the best interest of
WesCorp.

## SEVENTH AFFIRMATIVE DEFENSE

### (Due Diligence and Reasonable Investigation)

269.   Sidley incorporates by reference and realleges each and every
allegation contained in paragraphs 246-258 as though fully set forth herein.

270.   The Second Amended Complaint, and each cause of action alleged
therein against Sidley, is barred, in whole or in part, because each and every act and
omission by Sidley was made after reasonable investigation, and Sidley had
reasonable grounds to believe, and did believe, that such acts or omissions were
prudent given the circumstances.

## EIGHTH AFFIRMATIVE DEFENSE

### (Reliance on Others)

271.   Sidley incorporates by reference and realleges each and every
allegation contained in paragraphs 246-258 as though fully set forth herein.

1    272.   The Second Amended Complaint, and each cause of action alleged

2    therein against Sidley, is barred, in whole or in part, because every act or omission

3    by Sidley alleged in the Second Amended Complaint, if it occurred at all, was made

4    or occurred in reasonable good faith reliance on the statements and representations

5    of others upon which Sidley was entitled to rely.

6                           **NINTH AFFIRMATIVE DEFENSE**

7                           **(Reliance on Professionals)**

8    273.   Sidley incorporates by reference and realleges each and every

9    allegation contained in paragraphs 246-258 as though fully set forth herein.

10   274.   The Second Amended Complaint, and each cause of action alleged

11   therein against Sidley, is barred, in whole or in part, because Sidley relied in good

12   faith upon the professional judgments of WesCorp's professionals, as well as its

13   inside and outside auditors, investment bankers and ratings agencies and counsel at

14   the time of the alleged acts concerning matters which he reasonably believed to be

15   within such persons' professional or expert competence.

16                          **TENTH AFFIRMATIVE DEFENSE**

17                          **(Conduct of Others)**

18   275.   Sidley incorporates by reference and realleges each and every

19   allegation contained in paragraphs 246-258 as though fully set forth herein.

20   276.   The Second Amended Complaint, and each cause of action alleged

21   therein against Sidley, is barred, in whole or in part, to the extent NCUA purports to

22   hold Sidley responsible for alleged breaches of fiduciary duties, negligence, or

23   conduct engaged in, by third-parties or other defendants, including but not limited

24   to rating agencies, lenders and issuers.

25                    **ELEVENTH AFFIRMATIVE DEFENSE**

26         **(Indemnification, Contribution and Proportionate Liability)**

27   277.   Sidley incorporates by reference and realleges each and every

28   allegation contained in paragraphs 246-258 as though fully set forth herein.

OHS WEST:261311076.1

278. Without in any way admitting that NCUA has suffered any loss as alleged in the Second Amended Complaint, to the extent any loss has been sustained, Sidley is entitled to indemnification and/or contribution from others, named or unnamed in this action, relating to such alleged losses, including but not limited to indemnification from co-defendants who caused or contributed to damages allegedly incurred and from plaintiff NCUA pursuant to the California Labor Code or other applicable laws.

## TWELFTH AFFIRMATIVE DEFENSE

### (Apportionment)

279. Sidley incorporates by reference and realleges each and every allegation contained in paragraphs 246-258 as though fully set forth herein.

280. Without admitting that NCUA suffered damages in any amount, or that Sidley or any defendant is or should be liable for any such damages, Sidley asserts that his liability and the liability of any other responsible persons, named or unnamed, should be apportioned according to their relative degrees of fault, and any alleged liability of Sidley should be reduced accordingly.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Lack of Injury to Plaintiff)

281. Sidley incorporates by reference and realleges each and every allegation contained in paragraphs 246-258 as though fully set forth herein.

282. The Second Amended Complaint, and each cause of action alleged therein against Sidley, is barred, in whole or in part, because NCUA has not suffered any legally cognizable injury or damage.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No Causation)

283. Sidley incorporates by reference and realleges each and every allegation contained in paragraphs 246-258 as though fully set forth herein.

284. The Second Amended Complaint, and each cause of action alleged

- 42 -

OHS WEST:261311076.1

1  therein against Sidley, is barred, in whole or in part, because Sidley did not directly

2  or indirectly cause the alleged damages complained of in the Second Amended

3  Complaint.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Intervening or Superseding Cause)

6      285.   Sidley incorporates by reference and realleges each and every

7  allegation contained in paragraphs 246-258 as though fully set forth herein.

8      286.   The Second Amended Complaint, and each cause of action alleged

9  therein against Sidley, is barred, in whole or in part, because NCUA's alleged

10  damages, if any, were the result of one or more intervening or superseding causes

11  or caused by the acts and/or failures to act of persons and/or entities other than

12  Sidley, and were not the result of any act or omission on the part of Sidley.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Macroeconomic Factors)

15      287.   Sidley incorporates by reference and realleges each and every

16  allegation contained in paragraphs 246-258 as though fully set forth herein.

17      288.   The Second Amended Complaint, and each cause of action alleged

18  therein against Sidley, is barred, in whole or in part, because NCUA's injuries or

19  damages, to the extent they exist, were caused by supervening events unconnected

20  to Sidley, including macroeconomic and mortgage industry events that constrained

21  WesCorp's access to the credit and capital markets and affected its liquidity.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (Laches)

24      289.   Sidley incorporates by reference and realleges each and every

25  allegation contained in paragraphs 246-258 as though fully set forth herein.

26      290.   The Second Amended Complaint, and each cause of action alleged

27  therein against Sidley, is barred, in whole or in part, by the doctrine of laches.

28  //

- 43 -

OHS WEST:261311076.1

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Waiver)

291.   Sidley incorporates by reference and realleges each and every allegation contained in paragraphs 246-258 as though fully set forth herein.

292.   The Second Amended Complaint, and each cause of action alleged therein against Sidley, is barred, in whole or in part, by the doctrine of waiver.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Estoppel)

293.   Sidley incorporates by reference and realleges each and every allegation contained in paragraphs 246-258 as though fully set forth herein.

294.   The Second Amended Complaint, and each cause of action alleged therein against Sidley, is barred, in whole or in part, by the doctrine of estoppel because WesCorp complied with the NCUA's regulations and directives and/because WesCorp's investments were reviewed and approved by the NCUA and its examiners and therefore, by its words, actions and failures to act, NCUA is equitably estopped from asserting each of the purported causes of action alleged in the Complaint and/or from obtaining any of the relief sought thereby.

## TWENTIETH AFFIRMATIVE DEFENSE

### (*In Pari Delicto*, Unclean Hands)

295.   Sidley incorporates by reference and realleges each and every allegation contained in paragraphs 246-258 as though fully set forth herein.

296.   The Second Amended Complaint, and each cause of action alleged therein against Sidley, is barred, in whole or in part, by the doctrines of *in pari delicto* and/or unclean hands.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Statute of Limitations)

297.   Sidley incorporates by reference and realleges each and every allegation contained in paragraphs 246-258 as though fully set forth herein.

298.   The Second Amended Complaint, and each cause of action alleged therein against Sidley, is barred, in whole or in part, because of the applicable statute(s) of limitations and/or period(s) of repose.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Unjust Enrichment)

299.   Sidley incorporates by reference and realleges each and every allegation contained in paragraphs 246-258 as though fully set forth herein.

300.   The Second Complaint, and each cause of action alleged therein against Sidley, is barred, in whole or in part, because NCUA would be unjustly enriched if it were allowed to recover in this action.  Furthermore, without admitting that NCUA has suffered any loss as a result of an act or omission alleged in the Second Amended Complaint, any damages awarded in connection with the claims asserted in this action are offset and/or must be reduced by the amount of the tax benefit accruing to NCUA, by virtue of its deduction of capital loss, in order to prevent unjust enrichment.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (No Entitlement to Compensatory Damages)

301.   Sidley incorporates by reference and realleges each and every allegation contained in paragraphs 246-258 as though fully set forth herein.

302.   NCUA is not entitled to recover the compensatory damages requested in the Second Amended Complaint.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (No Entitlement to Exemplary or Punitive Damages)

303.   Sidley incorporates by reference and realleges each and every allegation contained in paragraphs 246-258 as though fully set forth herein.

304.   NCUA is precluded from recovering exemplary or punitive damages, either in whole or in part, from Sidley under the applicable provisions of the law, including, without limitation, California Civil Code section 3294, the United States

- 45 -

1 | Constitution and/or the California Constitution.

2 | **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

3 | **(No Entitlement to Costs of Litigation)**

4 |     305.  Sidley incorporates by reference and realleges each and every

5 | allegation contained in paragraphs 246-258 as though fully set forth herein.

6 |     306.  NCUA is not entitled to recover its costs and expenses incurred in this

7 | action, including, without limitation, attorneys' fees, from Sidley.

8 | **COUNTERCLAIMS**

9 | For counterclaims, Sidley alleges as follows:

10 | **Jurisdiction**

11 |     307.  The Court has supplemental jurisdiction over these counterclaims

12 | under 28 U.S.C. § 1367(a), because these counterclaims and the purported claims

13 | alleged by NCUA all form part of the same case or controversy concerning the

14 | parties' rights and responsibilities related to Defendants' service as officers of

15 | WesCorp.

16 | **Parties**

17 |     308.  Counterclaimant Sidley served as Vice President for Risk Assessment

18 | for WesCorp from on or about June 18, 1998, and as Chief Risk Officer in charge

19 | of investment credit services for WesCorp from on or about October 3, 2006. On or

20 | about June 9, 2009, Sidley ceased serving as both Vice President for Risk

21 | Assessment and as Chief Risk Officer and began serving as Vice President of

22 | Strategic Projects, a role he held until he retired from WesCorp on April 2, 2010.

23 | Sidley reported to WesCorp's Supervisory Committee, which was akin to a

24 | corporate audit committee. Sidley reported to the Supervisory Committee to

25 | maintain his independence because his role at WesCorp was not non-managerial,

26 | and his department was tasked with risk assessment, not risk management.

27 |     309.  Counter-defendant National Credit Union Administration Board as

28 | Liquidator of Western Corporate Federal Credit Union ("NCUA") is the liquidating

OHS WEST:261311076.1

1 | agent of WesCorp.

2 | ## Factual Allegations

3 | ### Policy 21

4 | 310.   WesCorp's Board of Directors adopted a resolution regarding

5 | indemnification and insurance, codified in WesCorp's book of policies as "Policy

6 | 21."

7 | 311.   WesCorp agreed in Policy 21 to indemnify WesCorp's current and

8 | former "officials" and "employees," including directors and officers, "to the

9 | maximum extent permitted by either" California law or the Model Business

10 | Corporation Act ("MBCA").   This agreement included indemnity "for any liability

11 | asserted against [the current and former officials and employees] in connection with

12 | judicial or administrative proceedings, formal or informal, to which they are or may

13 | become parties by reason of the performance of their official duties."

14 | 312.   WesCorp also agreed in Policy 21 that this promise to indemnify

15 | "shall" include the costs and attorneys' fees incurred to secure indemnity, whether

16 | or not litigation is commenced.

17 | 313.   WesCorp also agreed in Policy 21 to purchase and maintain insurance

18 | on behalf of current and former directors and officers "against any liability asserted

19 | against them and expenses reasonably incurred by them in their official capacities

20 | and arising out of the performance of their official duties to the extent such

21 | insurance is permitted by the applicable state law or the Model Business

22 | Corporation Act."

23 | ### The CUMIS Policy

24 | 314.   WesCorp purchased an insurance policy from CUMIS Insurance

25 | Society, Inc. ("CUMIS"), Special Insurance Package No. 065468-22 (the "CUMIS

26 | Policy"), effective January 1, 2009.

27 | 315.   On or about November 30, 2009, Jeb Burbott, counsel for WesCorp,

28 | and John Cannerday, NCUA counsel, sent a letter to CUMIS tendering the defense

OHS WEST:261311076.1

1  of this suit under the CUMIS Policy as to Sidley and several other WesCorp

2  employees then-named as defendants in this action.

3      316.   On December 28, 2009, CUMIS sent a letter to Mr. Burbott and Mr.

4  Cannerday denying that CUMIS has a "duty to defend" under the CUMIS Policy

5  and denying coverage for losses.

6      317.   CUMIS agreed that the allegations of the complaint – breach of duties

7  in the discharge of Counterclaimants' duties as directors and employees of

8  WesCorp – were the type of "claims" for "losses" related to a "wrongful act" that

9  are covered by the terms of the Policy.

10      318.   However, CUMIS claimed that it does not have a "duty to defend"

11  under the CUMIS Policy, which states that "CUMIS has no duty to defend . . . or to

12  pay any 'defense costs' prior to the final adjudication or disposition of any 'claim' .

13  . . ."

14      319.   CUMIS also refused to cover any losses suffered by Sidley under the

15  investment exclusion of the CUMIS Policy.  The CUMIS Policy provides that

16  "CUMIS will not be liable to make any payment for 'loss' in connection with or

17  arising out of any 'claim' . . . .  Based upon or resulting directly or indirectly from

18  investments . . . [or] investment or trading losses . . . ."  Because the claims in this

19  suit arise out of alleged investment losses related to the purchase of mortgage back

20  securities, CUMIS invoked the exclusion to deny coverage for defense costs and

21  losses that may arise out of the litigation.

22      320.   The CUMIS Policy has only one limited exception to the investment

23  exclusion.  The CUMIS Policy contains a provision requiring payment of defense

24  costs for investment-related claims up to an aggregate amount of $100,000 for all

25  insureds, subject to a $500,000 deductible.  CUMIS accordingly agreed to provide

26  coverage for Sidley's defense costs between $500,000 and $600,000 incurred in this

27  suit.

28  //

## NCUA's Denial of Advancement

321.   All of the claims asserted by the NCUA against Sidley in this litigation arise out of his performance of official duties as an officer and employee of WesCorp.

322.   Sidley has incurred, and continues to incur, attorneys' fees and costs in connection with his defense against the claims asserted by the NCUA as Liquidating Agent for WesCorp in this litigation.

323.   In or about December 2009, Sidley's counsel sent a letter to the NCUA requesting that the NCUA as conservator of WesCorp indemnify and advance the defense costs of Sidley and several other WesCorp officers and employees also being represented by Sidley's counsel (those other officers and employees are no longer parties to this action) pursuant to Policy 21.

324.   On January 5, 2010, NCUA's counsel sent a letter stating that NCUA, at that time acting as conservator for WesCorp, "does not believe that it has any obligation to advance defense costs or to agree to indemnify the Employees at this time for the claims made in the Action."  NCUA's counsel went on to state: "However, the Conservator [NCUA], in its discretion agrees to advance reasonable defense costs on behalf of the Employees [including Sidley] for the present time."  NCUA's counsel further stated: "In the event the Conservator determines that it will proceed against some or all of the Employees in the Action, advancement of defense costs will be reconsidered and will likely cease at that time" and that "[w]hether the conservator provides indemnification will be determined once the matter is resolved."

325.   On October 28, 2010, following NCUA's filing of an Amended Complaint in this action, NCUA's counsel sent a letter to Sidley's counsel.  Citing its earlier letter, NCUA's counsel stated that the "NCUA Board as Liquidating Agent for WesCorp has not assumed any obligations of WesCorp relating to the indemnification of its former employees and will not advance any defense costs

OHS WEST:261311076.1

1    incurred by Mr. Sidley."

2    **FIRST COUNTERCLAIM:  INDEMNIFICATION UNDER POLICY 21**

3        326.   Sidley incorporates by reference and realleges each and every

4    allegation contained in paragraphs 307-325 as though fully set forth herein.

5        327.   WesCorp agreed in Policy 21 to indemnify Sidley "to the maximum

6    extent permitted by either" California law *or* the MBCA.

7        328.   Sidley demands indemnity under Policy 21 to the fullest extent

8    permissible under either California law or the MBCA and/or defense costs to the

9    fullest extent permissible under either California law or the MBCA.

10        329.   Sidley also demands recovery of costs and attorneys fees incurred to

11   secure the indemnity provided for in Policy 21.

12        330.   If NCUA refuses to indemnify Sidley pursuant to Policy 21, Sidley

13   will suffer damages in an amount to be determined.

14   **SECOND COUNTERCLAIM: INDEMNIFICATION UNDER CALIFORNIA**

15   **LABOR CODE § 2802**

16        331.   Sidley incorporates by reference and realleges each and every

17   allegation contained in paragraphs 307-325 as though fully set forth herein.

18        332.   At all relevant times, Sidley was an employee of Wescorp.

19        333.   Section 2802 of the California Labor Code provies that an employer

20   "shall indemnifiy his or her employee for all necessary expenditures or losses

21   incurred by the employee in direct consequence of the discharge of his or her

22   duties."

23        334.   NCUA as liquidator of WesCorp is therefore obliged to indemnify and

24   reimburse Sidley for his defense costs as incurred in this litigation under the

25   California Labor Code § 2802.

26        335.   Sidley has incurred and paid attorneys' fees and costs in defense of the

27   claims asserted by the NCUA as liquidated of WesCorp in this litigation.

28        336.   Since on or about October 28, 2010, the NCUA has failed to reimburse

CV10-01597 GW (MANx)
DEFENDANT SIDLEY'S ANSWER AND COUNTERCLAIMS

1   Sidley for the attorneys' fees and costs he has incurred and paid to date.

2       337.   Sidley has incurred, and will continue to incur, damages as a result of

3   the NCUA's failure to reimburse him for his attorneys' fees and costs.

4             **THIRD COUNTERCLAIM:  DECLARATORY RELIEF**

5       338.   Sidley incorporates by reference and realleges each and every

6   allegation contained in paragraphs 307-325 as though fully set forth herein.

7       339.   The NCUA is obligated to advance Sidley his attorneys' fees and costs

8   incurred in his defense of this litigation under, at least, Policy 21, the MBCA and

9   California Labor Code 2802.  However, the NCUA has refused to advance Sidley

10  his attorneys' fees and costs incurred in defense of this litigation and, as such, a

11      340.   Further, WesCorp promised in Policy 21 to "purchase and maintain"

12  insurance "against any liability asserted against" Sidley.

13      341.   The Policy that WesCorp purchased was inadequate to fulfill this

14  promise.  As directors and officers of WesCorp, Sidley's primary responsibilities

15  included advising the directors regarding investment-related.  Loss related to

16  investments was a likely source of liability for Sidley.

17      342.   Despite the risk of claims related to investment losses, WesCorp

18  purchased the CUMIS Policy knowing that it contained an exclusion for claims

19  related to investment losses and only covered investment related claims defense

20  costs between $500,000 and $600,000.

21      343.   Because the CUMIS Policy does not cover Sidley for "any liability"

22  related to an investment claim, WesCorp breached the promise to provide insurance

23  coverage for Sidley in Policy 21.

24      344.   Because CUMIS invoked the investment exclusion to deny most

25  coverage to Sidley, but for WesCorp's failure to comply with its obligations and

26  obtain adequate insurance coverage, Sidley would have been covered for all of the

27  costs and claims related to this litigation.

28      345.   An actual existing and bona fide controversy exists between the parties

CV10-01597 GW (MANx)
DEFENDANT SIDLEY'S ANSWER AND COUNTERCLAIMS

OHS WEST:261311076.1

as to to NCUA's liability for advancement and indemnification of Sidley's attorneys' fees and costs incurred in his defense of this litigation.

346.   Policy 21 promises to maintain insurance coverage for "any liability" asserted against Sidley, yet the CUMIS Policy does not cover the current action.

347.   Further, NCUA has declined to pay for, advance or indemnify Sidley's defense costs.

348.   The rights of the parties under Policy 21, the MBCA and California Labor Code § 2802  can be determined only by declaratory relief.

## PRAYER

WHEREFORE, Sidley prays for judgment against plaintiffs as follows:

1.   That plaintiff takes nothing by the Complaint and that the Complaint be dismissed with prejudice.

2.   That judgment be entered in favor of Sidley and against plaintiff.

3.   That Sidley be awarded damages on its counterclaims, in amounts to be determined at trial.

4.   That the Court adjudge and declare that NCUA is obligated to pay to the fullest extent any liability incurred by Sidley because of the inadequate insurance policy purchased by WesCorp in breach of its promise to purchase and maintain insurance under Policy 21.

6.   That Sidley be awarded his costs and reasonable attorneys' fees.

7.   That Sidley be granted such other and further relief as the Court may deem just and proper.

1      DATED:  August 25, 2011     Kent B. Goss
2                                       Seth E. Freilich
                                        ORRICK, HERRINGTON & SUTCLIFFE LLP
3
4                                       By: _____
5                                            SETH E. FREILICH
6                                     Attorneys For Defendant
                                      TIMOTHY T. SIDLEY

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 53 -

OHS WEST:261311076.1

1

## DEMAND FOR JURY TRIAL

2        Defendant and Counterclaimant Timothy T. Sidley hereby demands a trial by

3  jury for all claims and issues so triable in this action.

4

5

6  DATED:  August 24, 2011          Kent B. Goss
                                    Seth E. Freilich
7                                   ORRICK, HERRINGTON & SUTCLIFFE LLP

8

By:_____
9                                        SETH E. FREILICH

10                                  Attorneys For Defendant
                                    TIMOTHY T. SIDLEY
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 54 -

CV10-01597 GW (MANx)
DEFENDANT SIDLEY'S ANSWER AND COUNTERCLAIMS

## PROOF OF SERVICE

I am more than eighteen years old and not a party to this action. My business address is Orrick, Herrington & Sutcliffe LLP, 777 South Figueroa Street, Suite 3200, Los Angeles, California 90017. On August 25, 2011, I served the following document(s):

DEFENDANT TIMOTHY T. SIDLEY'S AMENDED ANSWER (TO SECOND AMENDED COMPLAINT) AND COUNTERCLAIMS

On the interested parties by

☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐    By depositing a true and correct copy of the document(s) listed above with Fed Ex in Los Angeles, California, enclosed in a sealed envelope.

☐    (by Electronic Mail), I caused such documents to be transmitted by electronic mal to the offices of the addressee.

### SEE ATTACHED SERVICE LIST

I am employed in the county from which the mailing occurred. On the date indicated above, I placed the sealed envelope(s) for collection and mailing at this firm's office business address indicated above. I am readily familiar with this firm's practice for the collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, the firm's correspondence would be deposited with the United States Postal Service on this same date with postage thereon fully prepaid in the ordinary course of business.

(Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 25, 2011 at Los Angeles, California.

*Norma Sweeney*

**Norma Sweeney**

- 1 -

PROOF OF SERVICE

OHS WEST:260857574.1

1

## SERVICE LIST

2

3

4      Michael H. Bierman
Michael E. Pappas
5      LUCE, FORWARD, HAMILTON &
SCRIPPS LLP
6      601 S. Figueroa Street, Suite 3900
Los Angeles, CA 90017
7      *Tel: (213) 892-4992*
*Fax: (213) 892-7731*
8      *Email: mbierman@luce.com*
*mpappas@luce.com*
9      *msugihara@luce.com*

**Attorneys for Plaintiff**
10      **NATIONAL CREDIT UNION**
**ADMINISTRATION *as* Liquidator for**
11      **Western Corporate Federal Credit Union**

12

13      Bruce A. Ericson
Marley Degner
14      Pillsbury Winthrop Shaw Pittman LLP
50 Fremont Street
15      San Francisco, Ca 94120-7880
*Tel: (415) 983-1000*
16      *Fax: (415) 983-1200*
*bruce.ericson@pillsburylaw.com*
17      *allen.brandt@pillsburylaw.com*

18      Rene L. Siemens
Pillsbury Winthrop Shaw Pittman Llp
19      725 South Figueroa Street, Suite 2800
Los Angeles, Ca 90017-5406
20      *Tele: (213) 488-7100*
*Fax: (213) 629-1033*
21      *reynold.siemens@pillsburylaw.com*

22      **Attorneys for Defendants Robert Burrell,**

Kenneth M. Fitzgerald
Curtis G. Carll
Chapin Fitzgerald Sullivan LLP
550 West C Street, Suite 2000
San Diego, Ca 92101
*Tel: (619) 241-4810*
*Fax: (619) 955-5318*
*Email: kfitzgerald@cfslawfirm.com*
*ccarll@cfslawfirm.com*

**Attorneys for Defendant Todd**
**Lane**

Brad D. Brian
Richard E. Frooyan
Laura D. Smolowe
MUNGER, TOLLES & OLSON
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, CA 90071-1560
*Tel: (213) 241-4810*
*Fax (213) 687-3702*

**Attorneys for Defendant Robert**
**A. Siravo**

23

24

25

26

27

28

- 2 -

OHS WEST:260857574.1