1  PILLSBURY WINTHROP SHAW PITTMAN LLP
   REYNOLD L. SIEMENS  #177956
2  Email:  reynold.siemens@pillsburylaw.com
   725 South Figueroa Street, Suite 2800
3  Los Angeles, CA 90017-5406
   Telephone:  (213) 488-7100
4  Facsimile:  (213) 629-1033

5  PILLSBURY WINTHROP SHAW PITTMAN LLP
   BRUCE A. ERICSON  #76342
6  Email:  bruce.ericson@pillsburylaw.com
   MARLEY DEGNER  #251923
7  Email:  marley.degner@pillsburylaw.com
   50 Fremont Street, Post Office Box 7880
8  San Francisco, CA  94120-7880
   Telephone: (415) 983-1000
9  Facsimile: (415) 983-1200

10  Attorneys for Defendant ROBERT JOHN BURRELL

11

12                 UNITED STATES DISTRICT COURT

13                 CENTRAL DISTRICT OF CALIFORNIA

14                      WESTERN DIVISION

15

16  NATIONAL CREDIT UNION                    No. CV 10-01597 GW (MANx)
    ADMINISTRATION BOARD AS
17  LIQUIDATING AGENT FOR WESTERN
    CORPORATE FEDERAL CREDIT UNION,          **[CORRECTED] INITIAL
18                                           DISCLOSURES OF
                    Plaintiff,               DEFENDANT ROBERT
19                                           JOHN BURRELL**
          vs.
20                                           **[FED. R. CIV. P. 26(a)(1)]**
    ROBERT A. SIRAVO, et al.,
21
                    Defendants.              Judge:  Hon. George Wu
22

23  AND RELATED COUNTERCLAIMS

24

25

26

27

28

1 **INTRODUCTION AND PRELIMINARY STATEMENT**

2 Defendant **ROBERT JOHN BURRELL** ("Burrell") provides the

3 following [corrected] initial disclosures pursuant to Rule 26(a)(1) of the

4 Federal Rules of Civil Procedure and the Court's minutes of scheduling

5 conference, Doc. 169. The corrections modify (slightly) the version filed

6 (twice) as Doc. 177 and 178.

7 These initial disclosures pertain both to the Second Amended

8 Complaint, Doc. 116 ("SAC") filed by the plaintiff, National Credit Union

9 Administration Board, as Liquidating Agent for Western Corporate Federal

10 Credit Union ("NCUA"), and Burrell's Answer and Counterclaims, Doc. 157

11 ("Counterclaims").

12 Burrell's investigation and discovery in this action is continuing; these

13 disclosures reflect only the current status of Burrell's investigation and

14 discovery. Burrell reserves the right to supplement or amend his disclosures

15 (either voluntarily or pursuant to Rule 26(e)(1), or both) as additional

16 information becomes know to him through discovery or other means.

17 Burrell construes the requirements of Rule 26(a) as not requiring the

18 production of information protected by the attorney-client privilege, the

19 attorney work product doctrine, or any applicable privileges. Burrell intends

20 to assert and hereby asserts any and all such privileges. Any disclosure of

21 such information in these disclosures is inadvertent and does not constitute a

22 waiver of such privileges.

23 By making these disclosures, Burrell does not concede that the

24 disclosed information is relevant or admissible as evidence at trial, and he

25 reserves the right to assert any and all evidentiary and other objections.

26

27

28

601538062v3 - 2 - Initial Disclosures of Robert John Burrell , No. CV 10-01597 GW (MANx)

I.  **INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION BURRELL MAY USE TO SUPPORT HIS DEFENSES OR HIS COUNTERCLAIMS**

Pursuant to Rule 26(a)(1)(A)(i) of the Federal Rules of Civil Procedure, Burrell states that he is informed and believes that the following individuals are likely to have discoverable information that he may wish to use to support his defenses to the SAC's First Claim and/or his Counterclaims:

A.  **Former WesCorp directors, officers and employees**

1.  Defendant Burrell, EVP / Chief Investment Officer.  Address: c/o his attorney of record, the undersigned.  Subjects:  WesCorp's investments, investment strategies, and investment policies and procedures; information provided to WesCorp's Board of Directors, Board committees, and the ALCO and the ALSC about WesCorp's investments, investment strategies, and investment related policies and procedures; the activities of the ALCO and the ALSC; and the activities of the Investment Department; division of functions as between WesCorp's various departments, especially as between the Investment Department and Investment Credit Services Department.

2.  Defendant Bob Siravo, former President / CEO.  Address:  c/o his counsel.  Subjects:  Most aspects of the case, but especially the budget process, his activities as CEO/President of WesCorp, WesCorp's investments, investment strategies, and investment related policies and procedures, information provided to WesCorp's Board of Directors, Board committees, and the ALCO and the ALSC about WesCorp's investments, investment strategies, and investment related policies and procedures; the activities of the ALCO and ALSC; communications with the NCUA, among other subjects.

3.  Defendant Todd Lane, former EVP / CFO.  Address:  c/o his counsel.  Subjects:  Most aspects of the case, but especially the budget

1   process, through 2008; Lane's activities as EVP/CFO of WesCorp; WesCorp's

2   investments, investment strategies, and investment related policies and

3   procedures; information provided to WesCorp's Board of Directors, Board

4   committees, and the ALCO and the ALSC about WesCorp's investments,

5   investment strategies, and investment related policies and procedures; the

6   activities of the ALCO and ALSC; communications with the NCUA, among

7   other subjects.

8          4.      Defendant Tim Sidley, VP / Chief Risk Officer.  Address:  c/o his

9   counsel.  Subjects:  Most aspects of the case, but especially risk assessment

10  and credit analysis and credit approval of proposed purchases of securities.

11  Sidley may have information about information about WesCorp's investments,

12  investment strategies, and investment related policies and procedures;

13  information provided to WesCorp's Board of Directors, Board committees,

14  and the ALCO and the ALSC about WesCorp's investments, investment

15  strategies, and investment related policies and procedures; the activities of the

16  ALCO and the ALSC; and the activities of Investment Credit Services.

17         5.      Defendant Tom Swedberg, VP - Strategic Planning, retired in

18  2008 - former VP, Human Resources.  Address:  c/o his counsel.  Subjects:

19  His activities as a WesCorp officer.

20         6.      Jim Hayes, SVP / CFO, 2008-09.  Address unknown (currently

21  officer of Andrews Air Force Base Credit Union).  Subjects:  WesCorp's

22  business model from the perspective of one who was the former resident

23  NCUA examiner at WesCorp through January 2003; budget process, 2008-09;

24  ALSC; NCUA's examinations and oversight of WesCorp and NCUA's

25  thoughts about WesCorp's investments; SAC ¶¶ 44-51, 61; information

26  provided to WesCorp's Board of Directors, Board committees, and the ALCO

27  and the ALSC about WesCorp's investments, investment strategies, and

28

1    investment related policies and procedures; the activities of the ALCO and

2    ALSC.

3            7.      Russ Douglass, Director - Balance Sheet Management.  Address

4    unknown.  Subjects:  WesCorp's balance sheet plan.

5            8.      Laura Cloherty, VP – Controller.  Ran Finance & Administration.

6    Address unknown.  Subjects:  Budgets, finance, financial planning and

7    accounting.

8            9.      Janet Weston, Director Financial Planning.  Address unknown.

9    Subjects:  Budgets, finance, financial planning and accounting.

10           10.     Tom Tam, VP- Enterprise Risk Management.  Address unknown.

11   Subjects:  Enterprise risk management at WesCorp.

12           11.     Jeb Burbott, VP - General Counsel.  Address unknown.  Subjects:

13   CUMIS Insurance Policy; Counterclaims.

14           12.     Sheri Ledbetter, VP - Corporate Affairs.  Address unknown.

15   Subjects:  Liaison with officers and internal communications.

16           13.     Pat Patterson, VP - Corporate Administration.  Address unknown.

17   Subjects:  Functioning of senior executives and Executive Team and liaison

18   with WesCorp Officials and the NCUA through 2007.

19           14.     David Trinder, VP - Balance Sheet Management.  Address

20   unknown.  Subjects:  Balance sheet strategy and planning; investment

21   strategy; ALM modeling; coordination of  liquidity and investment spread

22   inputs and assembly of balance sheet plan; updates to balance sheet

23   management policies; information provided to WesCorp's Board of Directors,

24   the ALCO and ALSC: the activities of the ALCO and ALSC; creation of

25   ALCO books.

26           15.     Jeff Hamilton, VP - Portfolio Management.  Address unknown.

27   Subjects:  Investment strategy; investment spreads inputs to balance sheet

28

Initial Disclosures of Robert John Burrell ,
No. CV 10-01597 GW (MANx)

1    plan; information provided to WesCorp's Board of Directors, the ALCO and

2    ALSC; the activities of the ALCO and ALSC.

3         16.    Dietmar Huesch, VP - Treasury & Funding. Address unknown.

4    Subjects: Funding and leverage strategy; liquidity inputs to balance sheet

5    plan; information provided to WesCorp's Board of Directors, the ALCO and

6    ALSC; the activities of the ALCO and ALSC.

7         17.    Dwight Johnston, VP - Economic & Market Research. Address

8    unknown. Subjects: Monitoring of economic, investment and financial

9    market conditions; authored some economic reports included in ALCO books.

10         18.    Jeremy Calva, VP - Investment Operations. Address unknown.

11    Subjects: Assisted Finance with collection of security valuations; coordinated

12    planning process for investments.

13         19.    Barrie French, Sr. Portfolio Manager. Address unknown.

14    Subjects: Investment purchase activities and pre-purchase analysis.

15         20.    Kathy Gensler, Sr. Portfolio Manager. Address unknown.

16    Subjects: Investment purchase activities and pre-purchase analysis.

17         21.    Bill Eberhardt, Sr. Director - Investment Credit Operations.

18    Address unknown. Subjects: Investment pre-purchase credit review, credit

19    approval and ongoing credit surveillance; information provided to WesCorp's

20    Board of Directors, the ALCO and ALSC; development and maintenance of

21    credit policies and concentration limits.

22         22.    Ketty Cheng, Sr. Director - Investment Credit Operations.

23    Address unknown. Subjects: Same as Eberhardt (his successor in 2008).

24         23.    Peter Lin, Senior Credit Analyst. Address unknown. Subjects:

25    Investment pre-purchase credit review, credit approval and ongoing credit

26    surveillance.

27         24.    Steve Rickert, Senior Credit Analyst. Address unknown.

28

1    Subjects:  Investment pre-purchase credit review, credit approval and ongoing

2    credit surveillance.

3         25.    Paul Schulten, Credit Analyst.  Address unknown.  Subjects:

4    Investment pre-purchase credit review, credit approval and ongoing credit

5    surveillance.

6         26.    Julia Xue, Credit Analyst.  Address unknown.  Subjects

7    Investment pre-purchase credit review, credit approval and ongoing credit

8    surveillance.

9         27.    Steve Waddell, Sr. Director - Chief Interest Rate Risk Officer,

10   Address unknown.  Subjects:  Interest rate and liquidity risk reporting.

11        28.    Baoho Chang, Sr. Director - Chief Interest Rate Risk Officer.

12   Address unknown.  Subjects:  Interest rate and liquidity risk reporting through

13   February 2007.

14        29.    Jason Thomas, Director - Funding & Hedging.  Address

15   unknown.  Subjects:  Funding and liquidity management.

16        30.    Debby Munoz, Director of Internal Audit.  Address unknown.

17   Subjects:  Internal auditing and risk management.

18        31.    Dick Johnson, former CEO of WesCorp (pre-2002).  Address

19   unknown.  Subjects:  Transformation of WesCorp's business plan after 2002.

20        32.    All directors and members of the Supervisory Committee of

21   WesCorp during whatever period is covered by the SAC, at least 2002-2009.

22   Addresses:  c/o their counsel, the undersigned.  Subjects:  Information

23   provided to WesCorp's Board and Board Committees; authorizations to

24   management provided by WesCorp's Board and Board Committees;

25   information provided to WesCorp's Board of Directors, Board committees,

26   and the ALCO and the ALSC; the activities of the ALCO and the ALSC;

27   WesCorp's investments, investment strategies, and investment-related policies

28

1   and procedures.

2         **B.**   **NCUA personnel**

3         1.    Debra Matz, Current Chairman, NCUA; NCUA Board member

4   from January 2002 through October 2005. Address: c/o NCUA's counsel.

5   Subjects: NCUA's admissions; contemporaneous assessment of credit and

6   other risks associated with mortgage-backed securities, both "agency" and

7   "private label"; concentration and diversification of assets; NCUA's

8   examinations and oversight of WesCorp; Counterclaims.

9         2.    Gigi Hyland, NCUA Board member since November 2005.

10   Formerly General Counsel for Empire Corporate. Address: c/o NCUA's

11   counsel. Subjects: NCUA's admissions; contemporaneous assessment of

12   credit and other risks associated with mortgage-backed securities, both

13   "agency" and "private label"; concentration and diversification of assets;

14   NCUA's examinations and oversight of WesCorp; Counterclaims.

15         3.    Dave Marquis, Executive Director, NCUA, head staffer.

16   Address: c/o NCUA's counsel. Subjects: NCUA's admissions;

17   contemporaneous assessment of credit and other risks associated with

18   mortgage-backed securities, both "agency" and "private label"; concentration

19   and diversification of assets; NCUA's examinations and oversight of

20   WesCorp; Counterclaims.

21         4.    Bob Fenner, General Counsel, NCUA until July 2011. Address:

22   c/o NCUA's counsel. Subjects: NCUA's admissions; contemporaneous

23   assessment of credit and other risks associated with mortgage-backed

24   securities, both "agency" and "private label"; concentration and diversification

25   of assets; NCUA's examinations and oversight of WesCorp; Counterclaims.

26         5.    Scott Hunt, Director of NCUA's Corporate Credit Unions

27   ("OCCU"). Took over OCCU in late 2008. Address: c/o NCUA's counsel.

28

1  Subjects:  NCUA's admissions; contemporaneous assessment of credit and

2  other risks associated with mortgage-backed securities, both "agency" and

3  "private label"; concentration and diversification of assets; NCUA's

4  examinations and oversight of WesCorp; Counterclaims.

5       6.       Kent Buckham, Director, NCUA's Office of Consumer

6  Protection; Director, OCCU until late 2008.  Address:  c/o NCUA's counsel.

7  Subjects:  NCUA's admissions; contemporaneous assessment of credit and

8  other risks associated with mortgage-backed securities, both "agency" and

9  "private label"; concentration and diversification of assets; NCUA's

10  examinations and oversight of WesCorp; Counterclaims.

11       7.       Owen Cole, Director, Office of Capital Markets. Address:  c/o

12  NCUA's counsel.  Subjects:  NCUA's admissions; contemporaneous

13  assessment of credit and other risks associated with mortgage-backed

14  securities, both "agency" and "private label"; concentration and diversification

15  of assets; NCUA's examinations and oversight of WesCorp; Counterclaims.

16       8.       Dan Buckley, Corporate Field Supervisor.  WesCorp was in

17  Buckley's region starting 2007.  Address:  c/o NCUA's counsel.  Subjects:

18  NCUA's admissions; contemporaneous assessment of credit and other risks

19  associated with mortgage-backed securities, both "agency" and "private

20  label"; concentration and diversification of assets; NCUA's examinations and

21  oversight of WesCorp; Counterclaims.

22       9.       Bruce Bakke, Corporate Field Supervisor, WesCorp was in

23  Bakke's region through 2006.  Address:  c/o NCUA's counsel.  Subjects:

24  NCUA's admissions; contemporaneous assessment of credit and other risks

25  associated with mortgage-backed securities, both "agency" and "private

26  label"; concentration and diversification of assets; NCUA's examinations and

27  oversight of WesCorp; Counterclaims.

28

1    10.    Joe Shoshoo, Capital Markets Specialist, Resident Examiner,

2  2007-09.  Address:  c/o NCUA's counsel.  Subjects:  NCUA's admissions;

3  contemporaneous assessment of credit and other risks associated with

4  mortgage-backed securities, both "agency" and "private label"; concentration

5  and diversification of assets; NCUA's examinations and oversight of

6  WesCorp; Counterclaims.

7    11.    Lance McAllister, Capital Markets Specialist, Resident Examiner,

8  retired at end of 2006.  Address:  c/o NCUA's counsel.  Subjects:  NCUA's

9  admissions; contemporaneous assessment of credit and other risks associated

10  with mortgage-backed securities, both "agency" and "private label";

11  concentration and diversification of assets; NCUA's examinations and

12  oversight of WesCorp; Counterclaims.

13    12.    Steve Sherrod, Director, Capital Markets Division, Left at end of

14  2008 - oversaw credit regulations and worked on examinations.  Address:  c/o

15  NCUA's counsel (currently Chief Economist at CFTC).  Subjects:  NCUA's

16  admissions; contemporaneous assessment of credit and other risks associated

17  with mortgage-backed securities, both "agency" and "private label";

18  concentration and diversification of assets; NCUA's examinations and

19  oversight of WesCorp; Counterclaims.

20    13.    Dan Gordon, Asst. Director, Capital Markets Division, NCUA,

21  retired in 2006.  Address:  c/o NCUA's counsel.  Subjects:  NCUA's

22  admissions; contemporaneous assessment of credit and other risks associated

23  with mortgage-backed securities, both "agency" and "private label";

24  concentration and diversification of assets; NCUA's examinations and

25  oversight of WesCorp; Counterclaims.

26    14.    Michael Fryzel, National Credit Union Administration, 1775

27  Duke Street, Alexandria, VA 22314-3428, telephone:  703-518-6300.

28

Initial Disclosures of Robert John Burrell ,
No. CV 10-01597 GW (MANx)

1   Subjects:  NCUA's knowledge and approval of MBS investments by corporate

2   credit unions.

3         C.      **Personnel from ratings agencies and outside counsel**

4         1.      Blaine Frantz, SVP, Moody's, Head Financial Institutions

5   Ratings.  Primary Analyst of WesCorp.  Subjects:  Third-party assessment of

6   WesCorp's investment strategy and procedures and risk management.

7         2.      Bob Hoban, VP, Financial Institutions Ratings, Standard &

8   Poor's.  Primary Analyst from 2006.  Subjects:  Third-party assessment of

9   WesCorp's investment strategy and procedures and risk management.

10        3.      Jonathon Ukeiley, Director Financial Institutions Ratings,

11  Standard & Poor's.  Subjects:  Third-party assessment of WesCorp's

12  investment strategy and procedures and risk management.

13        4.      Joe Sturtevant, SVP & Co-Founder, RiskSpan, Inc.  Subjects:

14  Security valuations starting November 2007.

15        5.      Randy Moore, Partner, Moore, Brewer & Burbott APC, 4180 La

16  Jolla Village Dr. #540, La Jolla, CA 92037, telephone:  (858) 626-2881.

17  Subjects:  If, but only if, Burrell decides to advance an advice-of-counsel

18  defense (and Burrell has not yet made any such decision), Moore might have

19  information relevant to such a defense.

20        D.      **Representatives of other major corporate credit unions**

21        1.      Francis Lee, President / CEO, US Central Credit Union.  Address

22  unknown.  Subjects:   Business practices at corporate credit unions; NCUA

23  supervision of corporate credit unions.

24        2.      David Dickens, EVP / Balance Sheet Management, US Central

25  Credit Union.  Head of ALM & Investments.  Address unknown.  Subjects:

26  Investment practices at corporate credit unions; NCUA supervision of

27  investment activities at corporate credit unions.

28

1   3.   Brad Thomas, SVP / Chief Risk Officer, US Central Credit

2   Union.  Address unknown.  Subjects:  Investment and credit risk management

3   practices at corporate credit unions; NCUA supervision of credit risk

4   management at corporate credit unions.

5   E.   **Issuers and underwriters of MBS**

6   1.   Individuals who spoke for issuers and underwriters of MBS in

7   sales activities directed at WesCorp.  Their names and addresses are currently

8   unknown to Burrell, but the NCUA, as part of its process of suing such issuers

9   and underwriters on behalf of WesCorp and other corporate credit unions,

10   doubtlessly has assembled a list of their names, addresses and periods of sales

11   activity directed at WesCorp.

12   F.   **Counterclaims**

13   1.   Randy Moore, Partner, Moore, Brewer & Burbott APC, 4180 La

14   Jolla Village Dr. #540, La Jolla, CA 92037, telephone:  (858) 626-2881.

15   Subjects:  Tender of insurance claim to CUMIS; WesCorp's (and NCUA's)

16   failure to provide adequate insurance for WesCorp's officers and employees;

17   WesCorp Policy 21.

18   2.   Carol Cole, CUNA Mutual Group, 591 Mineral Point Road,

19   Madison, WI 53701, telephone:  (608) 238-5851 ext. 7713.  Subjects:

20   WesCorp's failure to provide adequate insurance for its officers and

21   employees.

22

23

24

25

26

27

28

II.   **DOCUMENTS, ELECTRONICALLY STORED INFORMATION ("ESI") AND TANGIBLE THINGS THAT MAY BE USED TO SUPPORT BURRELL'S DEFENSES AND COUNTERCLAIMS**

Pursuant to Rule 26(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, Burrell states that he is informed and believes that the following documents, ESI and tangible things (very little of which is in Burrell's possession, custody or control, but all of which should be in the NCUA's possession, custody or control) are likely to have discoverable information that he may wish to use to support his defenses and/or his counterclaims:

A.   **Hard copy documents**

All of the following categories of hard copy documents should be in the possession, custody and control of the NCUA unless the NCUA has permitted spoliation (i.e., all existed at WesCorp when the NCUA took over WesCorp in March 2009). Burrell is informed and believes that many also existing in the form of ESI and that the NCUA has converted many more into ESI since March 2009. Burrell has copies of a smattering of these documents:

1.   The monthly ALCO books (minutes from the prior ALCO & ALSC meeting were included in each book).

2.   The monthly Board books (minutes from the prior Board meeting were included in each book).

3.   The monthly Supervisory Committee meeting agendas, informational/presentation materials and the minutes of each meeting.

4.   Minutes of the Senior Policy Council, Executive Committee and leadership Team meetings.

5.   The individual Security Files. These will have all the pre-purchase materials, collateral and structure information, work papers, ratings

1   information, formal Board requests for initial approval and annual renewals

2   and ongoing due diligence.  Burrell is informed and believes that these have

3   already been copied and converted to ESI.  Each hard-copy file would be

4   several inches thick.  These files should be complete; each year the NCUA

5   checked the completeness of each file as part of the annual examination

6   process.  The only things missing from the hard-copy securities files might

7   potentially be some of the less important electronic communications, primarily

8   via Bloomberg e-mail, between the underwriting/sales staff at the underwriters

9   and staff in WesCorp's Portfolio Group and Investment Credit Services.

10          6.      Copies of all work papers and communications relating to action

11  plans submitted to the Board and the NCUA relating to downgraded securities.

12  These materials may be stored in the individual securities folders and/or filed

13  separately.

14          7.      WesCorp Corporate Policies relating to Asset/Liability

15  Management - primarily Funds Management (Liquidity), Interest Rate Risk

16  Management, Investment Portfolio Activity, Risk Modeling and Credit Risk

17  Management; also WesCorp Policy 21, re: indemnification and insurance.

18          8.      WesCorp Department procedures relating to the policies

19  described in (7) above.

20          9.      The detailed annual business plan books (3-inch ring binders),

21  supplied to the Board and staff each year.

22          10.     Agendas and informational/presentation materials utilized at the

23  annual off-site Board planning meetings.

24          11.     The files containing the periodic reviews of WesCorp by

25  Moody's Investor Services and Standard and Poor's.

26          12.     Copies of the bi-annual (at one point annual), third party

27  asset/liability risk assessment commissioned by the Risk Assessment

28

601538062v3

Initial Disclosures of Robert John Burrell ,
No. CV 10-01597 GW (MANx)

1   Department on behalf of the Supervisory Committee.

2          13.    A copy of the third party review by Protiviti commissioned by

3   Finance and Accounting in 2008.

4          14.    Copies of the annual Examination Reports and presentation

5   materials provided to the WesCorp Board and executive staff when the NCUA

6   reported their findings at a regularly scheduled WesCorp Board meeting.

7          15.    NCUA work papers underlying the Examination Reports

8   regarding aspects of the examination relating to the issues raised by the SAC.

9   The Examination Reports routinely praised aspects of WesCorp's business and

10  investment practices that the SAC criticizes.

11         16.    All communications with the NCUA relating to Expanded

12  Authorities, risk management (interest rate risk, liquidity risk and credit risk),

13  special approvals/exceptions to NCUA regulation, infringements of risk limits,

14  Letters of Understanding (LUA), Documents of Record (DOR) and Other

15  Examiner Findings (OEF) relating to risk management.

16         17.    Information/presentation materials utilized at the Board Training

17  sessions and at orientation sessions for new directors and officers and the

18  WesCorp "Ambassadors."

19         18.    Communications, working papers and audit reports generated in

20  connection with the annual external audit relating to the securities portfolio.

21         19.    WesCorp's insurance policies and communications with the

22  insurance carrier regarding coverage, policy applications and policy renewals.

23         20.    Communications with the NCUA regarding indemnification.

24         21.    Documents reflecting the NCUA's valuation of MBS possessed

25  by WesCorp as of the imposition of the conservatorship.

26         22.    Documents reflecting the NCUA's disposition of, or attempts to

27  sell or securitize, MBS that WesCorp had owned as of the imposition of the

28

1   conservatorship.

2   **B.    Electronically stored information in the possession, custody**

3          **or control of the NCUA**

4          All of the following categories of ESI should be in the possession,

5   custody and control of the NCUA unless the NCUA has permitted spoliation

6   (i.e., all existed at WesCorp when the NCUA took over WesCorp in March

7   2009).  Burrell has copies of a smattering of these categories of ESI:

8          1.     Email:  The IT Department at WesCorp backed up the MS

9   Outlook server for wescorp.org on a daily basis.

10         2.     Bloomberg Mail:  Much of the communication with the Wall

11  Street investment banks about the MBS investments at issue in this case was

12  conducted through Bloomberg Mail.  Burrell is informed and believes that the

13  NCUA has collected this ESI.

14         3.     On-site NCUA examiners at WesCorp had their own server and

15  access to ESI at WesCorp.  ESI reflecting what they generated and what they

16  saw at WesCorp (and what they said to the NCUA about WesCorp and its

17  MBS) should exist and should be produced.

18         4.     The IT Department remotely backed up whatever was in the

19  Startup directory and Desktop on each PC connected to the Network.

20         5.     Each Business Unit at WesCorp was provided with a Network

21  drive which was backed up on a daily basis by the IT Department.  Those

22  drives were only accessible by staff in the specified business unit.  For

23  example, Investments and Risk Assessment each had their own separate

24  system drives.  The NCUA should have preserved information on those drives

25  and should produce those archives, to the extent they are relevant.

26         6.      At WesCorp there was a common shared network drive that was

27  used for information that was shared between different business units.  This

28

Initial Disclosures of Robert John Burrell ,
No. CV 10-01597 GW (MANx)

1    was also backed up by the IT Department.  The NCUA should have preserved

2    information on that drive and should produce those archives, to the extent they

3    are relevant.

4           7.      The IT Department managed the backup and archiving for all

5    internal and third party systems and key applications.  The primary system

6    relating to the budget was the WesCorp (internally created) Budgeting System.

7    The third party Clarity budgeting system was implemented in 2008.  The

8    primary systems relating to security purchases would be the WesCorp

9    (internally created) Investment Accounting (IA) system, the QRM ALM

10   system, Bloomberg and RiskSpan Velocity.  The WesCorp IA system was

11   replaced by SunGard InTrader in 2008.  Velocity replaced Derivative

12   Solutions which previously replaced Salomon YieldBook.  The NCUA should

13   have preserved and should produce these systems, to the extent they are

14   relevant.

15         III.   **COMPUTATION OF DAMAGES**

16         Pursuant to Rule 26(a)(1)(A)(iii) of the Federal Rules of Civil

17   Procedure, Burrell states that he claims no damages with respect to the SAC

18   (because he is a defendant, not a plaintiff) but does claim, and computes, his

19   damages with respect to his Counterclaims as follows:

20         On February 1, 2011, in his claim, Burrell provided the NCUA's

21   Liquidating Agent with calculations and copies of supporting documents for

22   his defense costs, and costs of seeking indemnification, through January 2011.

23         In September 2011, Burrell will provide the NCUA's Liquidating Agent

24   with calculations and copies of supporting documents for his defense costs,

25   and costs of seeking indemnification, through August 2011.

26

27

28

1    Periodically in the future, Burrell will provide similar updates and

2    supporting documents, insofar as he incurs and pays additional defense costs

3    and costs of seeking indemnification.

4    IV.    **INSURANCE**

5    Pursuant to Rule 26(a)(1)(A)(iv) of the Federal Rules of Civil

6    Procedure, Burrell states as follows:

7    WesCorp purchased a "directors and officers" insurance policy from

8    CUMIS Insurance Society, Inc. ("CUMIS"), Special Insurance Package No.

9    065468-22 (the "CUMIS Policy"), effective January 1, 2009.  The CUMIS

10   Policy covered Burrell.

11   On December 11, 2009, Burrell then-counsel, Randy Moore ("Moore"),

12   sent a letter to CUMIS tendering the defense of this suit under the CUMIS

13   Policy.

14   On December 28, 2009, CUMIS sent a letter to Mr. Moore denying that

15   CUMIS has a "duty to defend" under the CUMIS Policy and denying coverage

16   for the claim.  CUMIS agreed that the allegations of the complaint – breach of

17   duties in the discharge of Burrell's and others' duties as directors and

18   employees of WesCorp – were the type of "claims" for "losses" related to a

19   "wrongful act" that are covered by the terms of the Policy.  But CUMIS

20   claimed that it does not have a "duty to defend" under the CUMIS Policy,

21   which states that "CUMIS has no duty to defend . . . or to pay any 'defense

22   costs' prior to the final adjudication or disposition of any 'claim' . . . ."

23   CUMIS also refused to cover the claim against Burrell on the ground that the

24   CUMIS Policy contains an "investment exclusion" which provides that

25   "CUMIS will not be liable to make any payment for 'loss' in connection with

26   or arising out of any 'claim' . . . .  Based upon or resulting directly or

27   indirectly from investments . . . [or] investment or trading losses . . . ."

28

Initial Disclosures of Robert John Burrell ,
No. CV 10-01597 GW (MANx)

1   CUMIS agreed to pay only an aggregate amount of $100,000 of defense costs

2   for all of the insured defendants under the CUMIS Policy pursuant to an

3   exception to the "investment exclusion" allowing for payment of such costs

4   subject to a $500,000 retention or deductible.

5          The CUMIS Policy aside, Burrell has no other insurance applicable to

6   this case.

7          As alleged in Burrell's Fifth Counterclaim, WesCorp, hence NCUA,

8   failed in its duty to Burrell to provide adequate insurance coverage for Burrell.

9          Burrell understands and believes that NCUA already has a copy of the

10   CUMIS Policy and the correspondence referred to above, and it certainly has

11   been served with the Counterclaim.  If the NCUA lack copies of anything

12   referred to in this part IV, Burrell stands ready to provide such copies upon

13   request.

14          Dated:  September 16, 2011.

15                                              PILLSBURY WINTHROP SHAW
                                                PITTMAN LLP
16                                              REYNOLD L. SIEMENS  #177956
                                                Email:  reynold.siemens@pillsburylaw.com
17                                              725 South Figueroa Street, Suite 2800
                                                Los Angeles, CA 90017-5406
18
                                                PILLSBURY WINTHROP SHAW
19                                              PITTMAN LLP
                                                BRUCE A. ERICSON  #76342
20                                              Email:  bruce.ericson@pillsburylaw.com
                                                MARLEY DEGNER #251923
21                                              Email:  marley.degner@pillsburylaw.com
                                                50 Fremont Street, Post Office Box 7880
22                                              San Francisco, CA  94120-7880

23
                                                By _____/s/ Bruce A. Ericson_____
24                                                        Bruce A. Ericson

25                                              Attorneys for Defendant
                                                ROBERT JOHN BURRELL
26

27

28