KENT B. GOSS (State Bar No. 131499)
kgoss@orrick.com
SETH E. FREILICH (State Bar No. 217321)
sfreilich@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, California 90017-5855
Telephone:  (213) 629-2020
Facsimile:  (213) 612-2499

Attorneys for Defendant TIMOTHY T. SIDLEY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| NATIONAL CREDIT UNION ADMINISTRATION BOARD AS LIQUIDATING AGENT FOR WESTERN CORPORATE FEDERAL CREDIT UNION,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT A. SIRAVO, et al.,<br><br>Defendants. | Case No.  CV10-01597 GW (MANx)<br><br>**DEFENDANT TIMOTHY T. SIDLEY'S SECOND AMENDED ANSWER (TO SECOND AMENDED COMPLAINT) AND AMENDED COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Courtroom:  10<br><br>Honorable George H. Wu |
| TIMOTHY T. SIDLEY,<br><br>Counterclaimant,<br><br>v.<br><br>NATIONAL CREDIT UNION ADMINISTRATION BOARD AS LIQUIDATING AGENT FOR WESTERN CORPORATE FEDERAL CREDIT UNION,<br><br>Counterclaim Defendant. | |
| AND RELATED COUNTERCLAIMS. | |

OHS WEST:261392163.1

1    Defendant Timothy T. Sidley ("Sidley") hereby responds to the allegations of

2    plaintiff National Credit Union Administration Board as Liquidating Agent for

3    Western Corporate Federal Credit Union's ("NCUA") in the Second Amended

4    Complaint, docket no. 116 (the "SAC"), filed on February 22, 2011.

5    ## JURISDICTION AND VENUE

6         1.     Sidley admits that Western Corporate Federal Credit Union

7    ("WesCorp") was a credit union with its corporate offices located in San Dimas,

8    California.  Sidley further admits, on information and belief, that WesCorp was

9    placed into conservatorship by the National Credit Union Administration Board on

10   March 19, 2009, and that WesCorp as placed into involuntary liquidation on

11   October 1, 2010.  Sidley lacks knowledge or information sufficient to form a belief

12   as to the truth of the remaining allegations of Paragraph 1 and on that basis denies

13   those allegations.

14        2.     Paragraph 2 contains legal conclusions, to which no response is

15   required.  To the extent the allegations require a response, they are denied.

16        3.     Paragraph 3 contains legal conclusions, to which no response is

17   required.  To the extent the allegations require a response, they are denied.

18        4.     Paragraph 4 contains legal conclusions, to which no response is

19   required.  To the extent the allegations require a response, Sidley admits that he is a

20   resident of California and is subject to the personal jurisdiction of this Court and

21   denies the remaining allegations.

22        5.     Paragraph 5 contains legal conclusions, to which no response is

23   required.  To the extent the allegations require a response, they are denied.

24   ## PARTIES

25        6.     Sidley admits, on information and belief, that the National Credit

26   Union Administration Board is the liquidating agent for WesCorp.

27        7.     Sidley admits, on information and belief, that Robert A. Siravo

28   ("Siravo") served as President and CEO of WesCorp.  Sidley lacks knowledge or

OHS WEST:261392163.1

1    information sufficient to form a belief as to the truth of the remaining allegations of
2    Paragraph 7 and on that basis denies those allegations.

3         8.    Sidley admits, on information and belief, that Todd M. Lane
4    ("Lane") served as Chief Financial Officer of WesCorp.  Sidley lacks knowledge or
5    information sufficient to form a belief as to the truth of the remaining allegations of
6    Paragraph 8 and on that basis denies those allegations.

7         9.    Sidley admits, on information and belief, that Robert J. Burrell
8    ("Burrell") served as Executive Vice President and as the Chief Investment Officer
9    for WesCorp.  Sidley lacks knowledge or information sufficient to form a belief as
10   to the truth of the remaining allegations of Paragraph 9 and on that basis denies
11   those allegations.

12        10.   Sidley admits that he served as Vice President for Risk Assessment
13   for WesCorp starting on or about June 18, 1998 but denies that he served as Vice
14   President for Risk Assessment for WesCorp through April 2, 2010.  Sidley further
15   admits that he also served as Chief Risk Officer in charge of investment credit
16   services for WesCorp but denies that he served as Chief Risk Officer beginning
17   June 18, 1998 – Sidley did not begin serving as Chief Risk Officer until in or about
18   2007. On or about June 9, 2009, Sidley ceased serving as Vice President for Risk
19   Assessment and as Chief Risk Officer and began serving as Vice President of
20   Strategic Projects until he retired from WesCorp on April 2, 2010.  Sidley admits
21   that he currently resides in California.  The remaining allegations of paragraph 10
22   contain legal conclusions to which no response is required.  To the extent the
23   allegations requires a response, they are denied.

24        11.   Sidley admits that Thomas E. Swedberg ("Swedberg") was Vice
25   President of Human Resources and Vice President of Strategic Planning and
26   Organizational Development.  Sidley lacks knowledge or information sufficient to
27   form a belief as to the truth of the remaining allegations of Paragraph 11 and on that
28   basis denies those allegations.

12.     Sidley admits that Robert H. Harvey, Jr. ("Harvey") was a director and the Chairman of the WesCorp board of directors.  Sidley lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 12 and on that basis denies those allegations.

13.     Sidley admits that James P. Jordan ("Jordan") was a member of the WesCorp board of directors and was the Vice Chairman of the WesCorp board.  Sidley lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 13 and on that basis denies those allegations.

14.     Sidley admits that Timothy Kramer ("Kramer") was a member of the WesCorp board of directors and served as the Secretary and Treasurer of the WesCorp board.  Sidley lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 14 and on that basis denies those allegations.

15.     Sidley admits that Robin J. Lentz ("Lentz") was a member of the WesCorp board of directors.  Sidley lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 15 and on that basis denies those allegations.

16.     Sidley admits that John M. Merlo ("Merlo") was a member of the WesCorp board of directors.  Sidley lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 16 and on that basis denies those allegations.

17.     Sidley admits that Gordon Dames ("Dames") was a member of the WesCorp board of directors.  Sidley lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 17 and on that basis denies those allegations.

18.     Sidley admits that William Cheney ("Cheney") was a member of the WesCorp board of directors.  Sidley lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 18 and on that

basis denies those allegations.

19.   Sidley admits that Warren Nakamura ("Nakamura") was a member of the WesCorp board of directors.  Sidley lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 19 and on that basis denies those allegations.

20.   Sidley admits that Brian Osberg ("Osberg") was a member of the WesCorp board of directors.  Sidley lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 20 and on that basis denies those allegations.

21.   Sidley admits that David Rhamy ("Rhamy") was a member of the WesCorp board of directors.  Sidley lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 21 and on that basis denies those allegations.

22.   Sidley admits that Sharon Updike ("Updike") was a member of the WesCorp board of directors.  Sidley lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 22 and on that basis denies those allegations.

23.   Sidley admits that several of the Director Defendants[1] were members of WesCorp's Asset and Liability Committee ("ALCO"), budget committee, compensation committee and other committees.  Sidley lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 23 and on that basis denies those allegations.

24.   Sidley admits that WesCorp's ALCO had oversight responsibility for WesCorp's asset liability management process, including investments.  Sidley lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 24 and on that basis denies those allegations, except to the extent they

---

[1] Sidley uses the term "Director Defendants" as used in the Second Amended Complaint to refer to now-dismissed defendants Harvey, Merlo, Dames, Jordan, Kramer, Cheney, Lentz, Nakamura, Osberg, Rhamy and Updike.

OHS WEST:261392163.1

1    reference the contents of WesCorp's corporate policies, which speak for

2    themselves. Sidley refers to WesCorp's corporate policies for their contents and

3    denies any characterization inconsistent with their terms.

4         25.    Sidley admits that WesCorp's ALCO had responsibilities for

5    WesCorp's investment strategies including investments, policies and strategies,

6    concentration limits, the purchase and sale of securities and directing the types and

7    level of risk. Sidley lacks knowledge or information sufficient to form a belief as to

8    the allegations of Paragraph 25 and on that basis denies those allegations.

9         26.    Sidley admits that many WesCorp board members attended ALCO

10   meetings. Sidley lacks knowledge or information sufficient to form a belief as to

11   the truth of the remaining allegations of Paragraph 26 and on that basis denies those

12   allegations.

13        27.    Sidley lacks knowledge or information sufficient to form a belief as

14   to the truth of the allegations of Paragraph 27 and on that basis denies them.

15        28.    Paragraph 28 contains legal conclusions, to which no response is

16   required. To the extent the allegations require a response, they are denied.

17        29.    Paragraph 29 contains legal conclusions, to which no response is

18   required. To the extent the allegations require a response, they are denied.

19                          **SUMMARY OF CLAIMS**

20        30.    Sidley admits, on information and belief, that WesCorp was a non-

21   profit corporate credit union run for the benefit of its members, who were

22   themselves credit unions. Sidley admits, on information and belief, that WesCorp

23   provided its members with banking and investment services. The remaining

24   allegations of Paragraph 30 contain legal conclusions, to which no response is

25   required. To the extent the allegations require a response, they are denied.

26        31.    Sidley admits, on information and belief, that WesCorp was a

27   corporate federal credit union and provided its members with banking and

28   investment services. Sidley admits that Siravo served as President and CEO of

OHS WEST:261392163.1

1   WesCorp. Sidley lacks knowledge or information sufficient to form a belief as to
2   the truth of the remaining allegations of Paragraph 31, and on that basis denies
3   those allegations.

4           32.     Sidley admits that WesCorp invested in securities, including private
5   label mortgage backed securities ("MBS"). Sidley lacks knowledge or information
6   sufficient to form a belief as to the remaining allegations of Paragraph 32 and on
7   that basis denies those allegations.

8           33.     Sidley lacks knowledge or information sufficient to form a belief as
9   to the truth of the allegations of Paragraph 33 and on that basis denies those
10  allegations.

11          34.     Sidley lacks knowledge or information sufficient to form a belief as
12  to the truth of the allegations of Paragraph 34 and on that basis denies those
13  allegations.

14          35.     Sidley lacks knowledge or information sufficient to form a belief as
15  to the truth of allegations of Paragraph 35 and on that basis denies those allegations.

16          36.     Sidley admits that WesCorp invested in MBS, including MBS based
17  on Option ARM loans. Sidley lacks knowledge or information sufficient to form a
18  belief as to the truth of the remaining allegations of Paragraph 36 and on that basis
19  denies those allegations.

20          37.     Sidley lacks knowledge or information sufficient to form a belief as
21  to the truth of the allegations of Paragraph 37 and on that basis denies those
22  allegations.

23          38.     Sidley admits that WesCorp invested in MBS, including MBS based
24  on Option ARM loans. Sidley lacks knowledge or information sufficient to form a
25  belief as to the truth of the remaining allegations of Paragraph 38 and on that basis denies those
26  allegations.

27          39.     Sidley admits, on information and belief, that the MBC loans that
28  WesCorp purchased for investment were rated AAA or at least AA by Moody's and

S&P, or both, and were underwritten by leading investment banks. Sidley lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 39 and on that basis denies those allegations.

40.     Sidley lacks knowledge or information to form a belief as to the truth of the allegations regarding WesCorp's 2009 recorded losses, and on that basis denies them, except to the extent they reference the contents of WesCorp's 2009 financial statements, which speak for themselves. Sidley refers to WesCorp's 2009 financial statements for their contents and denies any characterization inconsistent with their terms. Sidley lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 40 and on that basis denies those allegations.

41.     Sidley denies that WesCorp's officers failed to impose prudent concentration limits. Sidley lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 41, and on that basis denies those allegations.

42.     Sidley lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42 and on that basis denies those allegations.

43.     Sidley lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43 to the extent they refer to Siravo and Swedberg, and on that basis denies those allegations. The remaining allegations of Paragraph 43 contain legal conclusions, to which no response is required. To the extent the allegations require a response, they are vague and ambiguous and they are denied.

## FACTUAL ALLEGATIONS
### The Federal Credit Union System

44.     Sidley admits, on information and belief, that the federal credit union system is a three-tier system consisting of (1) one wholesale corporate credit union

OHS WEST:261392163.1

(U.S. Central Federal Credit Union); (2) retail corporate credit unions; and (3) "natural person" credit unions. Sidley further admits, on information and belief, that the wholesale corporate credit union, "U.S. Central" provides services to the retail corporate credit unions, while the retail corporate credit unions provide services to both federally-chartered and state-chartered natural person credit unions. Sidley lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 44 and on that basis denies them.

45.   Sidley admits, on information and belief, that WesCorp was a corporate credit union. Sidley lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 45 and on that basis denies those allegations.

46.   Sidley admits, on information and belief, that corporate credit unions are owned by their members and that in the case of retail corporate credit unions, the members are primarily natural person credit unions. Sidley lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 46 and on that basis denies those allegations.

47.   Sidley admits, on information and belief, that retail corporate credit unions provide services and support to their natural person credit union members. Sidley admits, on information and belief, that retail corporate credit unions offer their natural person credit unions banking and investment products and services, and that these products and services may include settlement of transactions such as checks, ATM and credit card transactions and wire transfers. Sidley lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 47 and on that basis denies those allegations.

48.   Sidley lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding alleged statements from WesCorp's website, and on that basis denies them, except to the extent they reference the contents of WesCorp's website, which speaks for itself. Sidley refers to WesCorp's

OHS WEST:261392163.1

website for its contents and denies any characterization inconsistent with its terms.
Sidley lacks knowledge or information sufficient to form a belief as to the truth of
the remaining allegations of Paragraph 48 and on that basis denies those allegations.

49.     Sidley lacks knowledge or information sufficient to form a belief as
to the truth of the allegations regarding alleged statements from WesCorp's bylaws,
and on that basis denies them, except to the extent they reference the contents of
WesCorp's bylaws, which speak for themselves.  Sidley refers to WesCorp's
bylaws for their contents and denies any characterization inconsistent with their
terms.  Sidley lacks knowledge or information sufficient to form a belief as to the
truth of the remaining allegations of Paragraph 49 and on that basis denies those
allegations.

50.     Sidley admits, on information and belief, that corporate credit unions
pool the assets of their natural person credit union members and provide banking
and investment services to their members.  Sidley lacks knowledge or information
sufficient to form a belief as to the truth of the allegations of Paragraph 50 and on
that basis denies those allegations.

51.     Sidley admits, on information and belief, that WesCorp provided
services to its credit union members.  Sidley lacks knowledge or information
sufficient to form a belief as to the truth of the remaining allegations of Paragraph
51 and on that basis denies them.

### The Officer Defendants' Responsibilities and Duties

52.     Sidley lacks knowledge or information sufficient to form a belief as
to the truth of the allegations regarding alleged statements from WesCorp's
policies, and on that basis denies them, except to the extent they reference the
contents of WesCorp's policies, which speak for themselves.  Sidley refers to
WesCorp's policies for their contents and denies any characterization inconsistent
with their terms.  Sidley lacks knowledge or information sufficient to form a belief
as to the truth of the remaining allegations of Paragraph 52 and on that basis denies

OHS WEST:261392163.1

CV10-01597 GW (MANx)
DEFENDANT SIDLEY'S SECOND AMENDED ANSWER AND
AMENDED COUNTERCLAIMS

1    those allegations.

2         53.   Sidley admits that Siravo served as President and CEO of WesCorp.

3    Sidley lacks knowledge or information sufficient to form a belief as to the truth of

4    the remaining allegations of Paragraph 53 and on that basis denies those allegations.

5         54.   Sidley admits that Siravo served as President and CEO of WesCorp.

6    The remaining allegations of Paragraph 54 contain legal conclusions, to which no

7    response is required.  To the extent the allegations require a response, they are

8    denied.

9         55.   Sidley admits that Lane served as Chief Financial Officer of

10   WesCorp.  Sidley lacks knowledge or information sufficient to form a belief as to

11   the truth of the remaining allegations of Paragraph 55 and on that basis denies those

12   allegations.

13        56.   Sidley admits that Burrell served as Chief Investment Officer for

14   WesCorp.  Sidley lacks knowledge or information sufficient to form a belief as to

15   the truth of the remaining allegations of Paragraph 56 and on that basis denies those

16   allegations.

17        57.   Sidley lacks knowledge or information sufficient to form a belief as

18   to the truth of the allegations of Paragraph 57 and on that basis denies those

19   allegations.

20        58.   Sidley admits that he served as Vice President for Risk Assessment

21   for WesCorp starting on or about June 18, 1998 through on or about June 9, 2009.

22   Sidley further admits that the Director of Investment Credit Services reported to

23   him as the Vice President for Risk Assessment.  Sidley further admits that Risk

24   Assessment department was responsible for risk assessment, investment risk

25   monitoring processes, systems and procedures, but was not responsible for risk

26   management or implementation of investment risk policies.   The remaining

27   allegations of Paragraph 58 contain legal conclusions, to which no response is

28   required.  To the extent the allegations require a response, they are vague and

CV10-01597 GW (MANx)
DEFENDANT SIDLEY'S SECOND AMENDED ANSWER AND
AMENDED COUNTERCLAIMS
OHS WEST:261392163.1

1    ambiguous and they are denied.

2         59.    Sidley admits, on information and belief, that WesCorp had an

3    Asset/Liability Staff Committee ("ALSC").  Sidley lacks knowledge or information

4    sufficient to form a belief as to the truth of the remaining allegations of Paragraph

5    59 and on that basis denies those allegations.

6         60.    Sidley admits that he was a non-voting member of the ALSC and a

7    staff liaison to and non-voting member of the ALCO.  Sidley lacks knowledge or

8    information sufficient to form a belief as to the truth of the remaining allegations of

9    Paragraph 60 and on that basis denies those allegations.

10                           **WesCorp's Era of Growth**

11        61.    Sidley lacks knowledge or information sufficient to form a belief as

12   to the truth of the allegations of Paragraph 61 and on that basis denies those

13   allegations.

14        62.    Sidley admits that Siravo served as President and CEO of WesCorp.

15   Sidley lacks knowledge or information sufficient to form a belief as to the

16   remaining allegations of Paragraph 62 and on that basis denies those allegations.

17        63.    Sidley lacks knowledge or information sufficient to form a belief as

18   to the truth of the allegations of Paragraph 63 and on that basis denies those

19   allegations.

20        64.    Sidley lacks knowledge or information sufficient to form a belief as

21   to the truth of the allegations of Paragraph 64 and on that basis denies those

22   allegations.

23        65.    Sidley lacks knowledge or information sufficient to form a belief as

24   to the truth of the allegations of Paragraph 65 and on that basis denies those

25   allegations.

26        66.    Sidley lacks knowledge or information sufficient to form a belief as

27   to the truth of the allegations of Paragraph 66 and on that basis denies those

28   allegations.

CV10-01597 GW (MANx)
DEFENDANT SIDLEY'S SECOND AMENDED ANSWER AND
AMENDED COUNTERCLAIMS

OHS WEST:261392163.1

67.     Sidley admits that for a period of time, private label MBS were typically higher-yielding than MBS issued by government agencies. Sidley further admits that WesCorp invested in MBS, including private label MBS. Sidley lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 67 and on that basis denies those allegations.

68.     Sidley lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 68 and on that basis denies those allegations, except to the extent they reference the contents of WesCorp's corporate policies, which speak for themselves. Sidley refers to WesCorp's corporate policies for their contents and denies any characterization inconsistent with their terms..

69.     Sidley lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 69 and on that basis denies those allegations.

70.     Sidley lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 70 and on that basis denies those allegations.

### WesCorp's Private Label MBS Investments

71.     Sidley lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 71 and on that basis denies those allegations.

72.     Sidley lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 72 and on that basis denies those allegations.

73.     Sidley admits that WesCorp invested in AAA rated and AA rated private label MBS. The remaining allegations of Paragraph 73 contain legal conclusions, to which no response is required. To the extent the allegations require a response, Sidley lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 73 and on that basis denies those

1  allegations, except to the extent they reference the contents of NCUA regulations
2  and/or WesCorp's investment policies, which speak for themselves. Sidley refers
3  to the NCUA's regulations and/or WesCorp's investment policies for their contents
4  and denies any characterization inconsistent with their terms.

5        74.   Sidley admits that WesCorp invested in MBS, including
6  Collateralized Debt Obligations ("CDOs") and Option ARM MBS. Sidley lacks
7  knowledge or information sufficient to form a belief as to the truth of the remaining
8  allegations of Paragraph 74 and on that basis denies those allegations.

9        75.   Sidley admits that CDOs are shares in a pool of MBS. The
10  remaining allegations of Paragraph 75 are legal conclusions, to which no response
11  is required. To the extent the allegations require a response, they are denied.

12        76.   Sidley admits that WesCorp purchased CDOs. Sidley lacks
13  knowledge or information sufficient to form a belief as to the truth of the remaining
14  allegations of Paragraph 76 and on that basis denies those allegations.

15        77.   Sidley admits that Option ARM MBS are shares in pools of Option
16  ARM mortgages. Sidley further admits, on information and belief, that in some
17  instances Option ARM MBS monthly payments "reset." Sidley lacks knowledge or
18  information sufficient to form a belief as to the remaining allegations of Paragraph
19  77 and on that basis denies those allegations.

20        78.   Sidley lacks knowledge or information sufficient to form a belief as
21  to the truth of the allegations of Paragraph 78 and on that basis denies those
22  allegations.

23        79.   Sidley lacks knowledge or information sufficient to form a belief as
24  to the truth of the allegations of Paragraph 79 and on that basis denies those
25  allegations.

26        80.   Sidley admits that WesCorp invested in Option ARM MBS. Sidley
27  lacks knowledge or information sufficient to form a belief as to the truth of the
28  remaining allegations of Paragraph 80 and on that basis denies those allegations.

CV10-01597 GW (MANx)
DEFENDANT SIDLEY'S SECOND AMENDED ANSWER AND
AMENDED COUNTERCLAIMS

OHS WEST:261392163.1

81.   Sidley admits that MBS investments were sold in traunches and that WesCorp invested in some AAA rated and AA rated MBS from traunches that paid a higher yield.  Sidley lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 81 and on that basis denies those allegations.

82.   Sidley admits that WesCorp invested in AA and AAA rated MBS. Sidley lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 82 and on that basis denies those allegations.

83.   Sidley lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 83 and on that basis denies those allegations.

84.   Sidley admits that WesCorp invested in AAA rated Option ARM MBS.  Sidley lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 84 and on that basis denies those allegations.

**WesCorp's Budgets**

85.   On information and belief, Sidley admits that WesCorp's management proposed budgets, that budgets were considered by the budget committee and that budgets were recommended by the budget committee to WesCorp's Board of Directors.  Sidley lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 85 and on that basis denies those allegations.

86.   Paragraph 86 contains legal conclusions, to which no response is required.  To the extent the allegations require a response, Sidley lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 86 and on that basis denies those allegations.

87.   Paragraph 87 contains legal conclusions, to which no response is required.  To the extent the allegations require a response, Sidley lacks knowledge

CV10-01597 GW (MANx)
DEFENDANT SIDLEY'S SECOND AMENDED ANSWER AND AMENDED COUNTERCLAIMS
OHS WEST:261392163.1

1   or information sufficient to form a belief as to the truth of the allegations of

2   Paragraph 87 and on that basis denies those allegations.

3          88.    Sidley lacks knowledge or information sufficient to form a belief as

4   to the truth of the allegations of Paragraph 88 and on that basis denies those

5   allegations, except to the extent they reference the contents of WesCorp's budgets,

6   which speak for themselves.  Sidley refers to WesCorp's budgets for their contents

7   and denies any characterization inconsistent with their terms.

8          89.    Sidley lacks knowledge or information sufficient to form a belief as

9   to the truth of the allegations of Paragraph 89 and on that basis denies those

10  allegations.

11         90.    Sidley lacks knowledge or information sufficient to form a belief as

12  to the truth of the allegations of Paragraph 90 and on that basis denies those

13  allegations, except to the extent they reference the contents of WesCorp's budgets,

14  which speak for themselves.  Sidley refers to WesCorp's budgets for their contents

15  and denies any characterization inconsistent with their terms.

16         91.    Sidley lacks knowledge or information sufficient to form a belief as

17  to the truth of the allegations of Paragraph 91 and on that basis denies those

18  allegations.

19         92.    Sidley lacks knowledge or information sufficient to form a belief as

20  to the truth of the allegations of Paragraph 92 and on that basis denies those

21  allegations.

22         93.    Sidley lacks knowledge or information sufficient to form a belief as

23  to the truth of the allegations of Paragraph 93 and on that basis denies those

24  allegations.

25         94.    Sidley lacks knowledge or information sufficient to form a belief as

26  to the truth of the allegations of Paragraph 94, and on that basis denies those

27  allegations, except to the extent they reference the contents of WesCorp's budgets,

28  which speak for themselves.  Sidley refers to WesCorp's budgets for their contents

CV10-01597 GW (MANx)
DEFENDANT SIDLEY'S SECOND AMENDED ANSWER AND
AMENDED COUNTERCLAIMS

OHS WEST:261392163.1

and denies any characterization inconsistent with their terms.

95.   Sidley lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 95 and on that basis denies those allegations.

96.   Sidley lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 96 and on that basis denies those allegations.

97.   Sidley lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 97 and on that basis denies those allegations, except to the extent they reference the contents of WesCorp's ALCO books, which speak for themselves.  Sidley refers to WesCorp's ALCO books for their contents and denies any characterization inconsistent with their terms.

98.   Sidley lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 98 and on that basis denies those allegations.

99.   Sidley lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 99 and on that basis denies those allegations.

100.   Paragraph 100 contains legal conclusions, to which no response is required.  To the extent the allegations require a response, Sidley lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 100 and on that basis denies those allegations.

101.   Paragraph 101 contains legal conclusions, to which no response is required.  To the extent the allegations require a response, Sidley lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 101 and on that basis denies those allegations.

102.   Sidley lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 102 and on that basis denies those

OHS WEST:261392163.1

1    allegations.

2         103.   Paragraph 103 contains legal conclusions, to which no response is

3    required.  To the extent the allegations require a response, Sidley lacks knowledge

4    or information sufficient to form a belief as to the truth of the allegations of

5    Paragraph 103 and on that basis denies those allegations.

6         104.   Sidley lacks knowledge or information sufficient to form a belief as

7    to the truth of the allegations of Paragraph 104 and on that basis denies those

8    allegations.

9                        **MBS Concentration Risk**

10        105.   Paragraph 105 contains legal conclusions, to which no response is

11   required.  To the extent the allegations require a response, Sidley lacks knowledge

12   or information sufficient to form a belief as to the truth of the allegations of

13   Paragraph 105 and on that basis denies those allegations, except to the extent they

14   reference the contents of NCUA regulation, which speak for themselves.  Sidley

15   refers to the NCUA regulations for their contents and denies any characterization

16   inconsistent with their terms.

17        106.   Sidley lacks knowledge or information sufficient to form a belief as

18   to the truth of the allegations of Paragraph 106 and on that basis denies those

19   allegations.

20        107.   Sidley admits that WesCorp provided services to its members.

21   Sidley lacks knowledge or information sufficient to form a belief as to the truth of

22   the remaining allegations of Paragraph 107 and on that basis denies those

23   allegations.

24        108.   Sidley admits that WesCorp's Board of Directors was responsible for

25   setting investment policies.  Sidley lacks knowledge or information sufficient to

26   form a belief as to the truth of the remaining allegations of Paragraph 108 and on

27   that basis denies those allegations, except to the extent they reference the contents

28   of WesCorp's policies, which speak for themselves.  Sidley refers to WesCorp's

policies for their contents and denies any characterization inconsistent with their terms..

109.   Sidley admits that the ALCO had responsibilities for reviewing WesCorp's investments.  Sidley lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 109 and on that basis denies those allegations.

110.   Sidley denies the allegations of paragraph 110  of the Complaint. Sidley headed the Risk Assessment Department at WesCorp.  WesCorp's Risk Assessment Department was responsible for proposing obligor concentration limits for WesCorp's investment portfolio but was not responsible for proposing investment concentration limits for WesCorp's investment portfolio.  Sidley and the Risk Assessment Department at all times complied with the relevant and applicable WesCorp policies, including WesCorp's Corporate Policy 940-5.  Sidley lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 110 and on that basis denies those allegations.

111.   Sidley admits that WesCorp's board adopted policies specifying concentration limits for its investment securities and from time to time amended the policies to change limits or impose new limits.  Sidley lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 111 and on that basis denies those allegations, except to the extent they reference the contents of WesCorp's policies, which speak for themselves.  Sidley refers to WesCorp's policies for their contents and denies any characterization inconsistent with their terms.

112.   Sidley lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 112 and on that basis denies them.

113.   Sidley lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 113 and on that basis denies those allegations.

114.   Sidley admits that WesCorp purchased AAA rated private label MBS.  Sidley lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 114 and on that basis denies those allegations.

## The Risks of Option ARM MBS

115.   Sidley lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 115 and on that basis denies those allegations, except to the extent they reference the contents of WesCorp's corporate policies, which speak for themselves.  Sidley refers to WesCorp's corporate policies for their contents and denies any characterization inconsistent with their terms.

116.   Sidley admits that WesCorp purchased Option ARM MBS but denies that they were a new security type.  Sidley lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 116 and on that basis denies those allegations.

117.   Sidley admits that WesCorp purchased Option ARM MBS with the approval of WesCorp's Board of Directors and ALCO but denies that Option ARM MBS were a new security type.  Sidley lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 117 and on that basis denies those allegations.

118.   Sidley admits that, with the approval of WesCorp's Board of Directors and ALCO, WesCorp purchases Option ARM MBS, but denies that Option ARM MBS were a new security type.  Sidley lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 118 and on that basis denies those allegations.

119.   Sidley denies that Option ARM MBS were a new security type. Sidley lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 119 and on that basis denies those allegations.

120.   Sidley lacks information or knowledge sufficient to form a belief as

OHS WEST:261392163.1

1   to the truth of the allegations of Paragraph 120 and on that basis denies those

2   allegations.

3          121.   Sidley lacks information or knowledge sufficient to form a belief as

4   to the truth of the allegations of Paragraph 121 and on that basis denies those

5   allegations.

6          122.   Sidley lacks information or knowledge sufficient to form a belief as

7   to the truth of the allegations of Paragraph 122 and on that basis denies those

8   allegations.

9          123.   Sidley lacks knowledge or information sufficient to form a belief as

10  to the truth of the allegations of Paragraph 123 and on that basis denies those

11  allegations.

12         124.   Sidley specifically denies any allegation of Paragraph 124 that he

13  was required to propose or adopt concentration limits for Option ARM MBS in

14  WesCorp's portfolio or to recommend concentration limits other than obligor

15  concentration limits.  Sidley lacks knowledge or information sufficient to form a

16  belief as to the truth of the remaining allegations of Paragraph 124 and on that basis

17  denies those allegations.

18         125.   Sidley lacks knowledge or information sufficient to form a belief as

19  to the truth of the allegations of Paragraph 125 and on that basis denies those

20  allegations.

21         126.   Sidley lacks information or knowledge sufficient to form a belief as

22  to the truth of the allegations of Paragraph 126 and on that basis denies those

23  allegations.

24         127.   Paragraph 127 contains legal conclusions, to which no response is

25  required.  To the extent the allegations require a response, they are denied.

26         128.   Sidley specifically denies any allegation of Paragraph 128 that he

27  was required to propose or adopt concentration limits for Option ARM MBS in

28  WesCorp's portfolio or to recommend concentration limits other than obligor

- 20 -

concentration limits.  Sidley admits that WesCorp purchased AAA rated and AAA rated MBS.  Sidley lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 128 and on that basis denies those allegations.

129.   Sidley specifically denies any allegation of Paragraph 129 that he was required to propose or adopt concentration limits for Option ARM MBS in WesCorp's portfolio or to recommend concentration limits other than obligor concentration limits.  Sidley further denies that WesCorp was unaware of the concentrations of MBS.  Sidley lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 129 and on that basis denies those allegations.

130.   Sidley denies that WesCorp was unaware of the concentrations of Option ARM MBS.  Sidley lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 130 and on that basis denies those allegations.

131.   Sidley lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 131 and on that basis denies those allegations.

132.   Sidley admits that he was the officer in charge of the Investment Credit Services Department for a period of time and Chief Risk Officer from October 3, 2006 to June 9, 2009.  Paragraph 132 contains legal conclusions to which no response is required.  To the extent these allegations require a response, Sidley lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 132, as well as to the truth of the remaining allegations of Paragraph 132, and on that basis denies those allegations.

133.   Sidley lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 133 and on that basis denies those allegations.

CV10-01597 GW (MANx)
DEFENDANT SIDLEY'S SECOND AMENDED ANSWER AND
AMENDED COUNTERCLAIMS

OHS WEST:261392163.1

**The Risks in WesCorp's Portfolio**

134.   Sidley lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 134 and on that basis denies those allegations.

135.   Sidley admits that the Officer Defendants and the Director Defendants generally attended the ALCO meetings.  Sidley further admits that at ALCO meetings, there were often presentations about the economy and WesCorp's investments.  Sidley lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 135 and on that basis denies those allegations.

136.   Sidley lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 136 and on that basis denies those allegations.

137.   Sidley admits that the Officer Defendants and the Director Defendants generally attended the ALCO meetings.  Sidley further admits that at some ALCO meetings, there were presentations about interest rates and housing markets.  Sidley lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 137 and on that basis denies those allegations.

138.   Sidley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 138 and on that basis denies those allegations, except to the extent they reference the contents of WesCorp's ALCO books, which speak for themselves.  Sidley refers to WesCorp's ALCO books for their contents and denies any characterization inconsistent with its terms.

139.   Sidley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 139 and on that basis denies those allegations, except to the extent they reference the contents of WesCorp's ALCO books, which speak for themselves.  Sidley refers to WesCorp's ALCO books for

OHS WEST:261392163.1

1    their contents and denies any characterization inconsistent with its terms.

2          140.   Sidley lacks information or knowledge sufficient to form a belief as

3    to the truth of the allegations of Paragraph 140 and on that basis denies those

4    allegations.

5          141.   Sidley lacks knowledge or information sufficient to form a belief as

6    to the truth of the allegations in Paragraph 141 and on that basis denies those

7    allegations, except to the extent they reference the contents of WesCorp's ALCO

8    books, which speak for themselves.  Sidley refers to WesCorp's ALCO books for

9    their contents and denies any characterization inconsistent with its terms.

10         142.   Sidley lacks knowledge or information sufficient to form a belief as

11   to the truth of the allegations in Paragraph 142 and on that basis denies those

12   allegations, except to the extent they reference the contents of WesCorp's ALCO

13   books, which speak for themselves.  Sidley refers to WesCorp's ALCO books for

14   their contents and denies any characterization inconsistent with its terms.

15         143.   Sidley lacks information or knowledge sufficient to form a belief as

16   to the truth of the allegations of Paragraph 143 and on that basis denies those

17   allegations.

18         144.   Sidley admits that WesCorp continued to purchase AAA rated

19   Option ARM MBS in 2007 and that it stopped purchasing private label MBS

20   sometime in 2007.  Sidley lacks information or knowledge sufficient to form a

21   belief as to the truth of the remaining allegations of Paragraph 144 and on that basis

22   denies those allegations.

23         145.   Paragraph 145 contains legal conclusions, to which no response is

24   required.  To the extent the allegations require a response, they are denied.

25         146.   Sidley admits that WesCorp continued to purchase AAA rated

26   Option ARM MBS in 2007 and that it stopped purchasing private label MBS

27   sometime in 2007.  Sidley lacks information or knowledge sufficient to form a

28   belief as to the truth of the remaining allegations of Paragraph 146 and on that basis

- 23 -

1   denies those allegations.

2          147.   Sidley lacks information or knowledge sufficient to form a belief as

3   to the truth of the allegations of Paragraph 147 and on that basis denies those

4   allegations.

5                              **WesCorp's Collapse**

6          148.   Sidley lacks information or knowledge sufficient to form a belief as

7   to the truth of the allegations of Paragraph 148 and on that basis denies those

8   allegations.

9          149.   Sidley specifically denies any allegation of Paragraph 149 that he

10  was required to propose or adopt concentration limits for Option ARM MBS in

11  WesCorp's portfolio or to recommend concentration limits other than obligor

12  concentration limits.  Sidley lacks knowledge or information sufficient to form a

13  belief as to the truth of the remaining allegations of Paragraph 149 and on that basis

14  denies those allegations.

15         150.   Sidley lacks information or knowledge sufficient to form a belief as

16  to the truth of the allegations of Paragraph 150 and on that basis denies those

17  allegations.

18         151.   Sidley specifically denies any allegation of Paragraph 151 that he

19  was required to propose or adopt concentration limits for Option ARM MBS in

20  WesCorp's portfolio or to recommend concentration limits other than obligor

21  concentration limits.  Sidley lacks information or knowledge sufficient to form a

22  belief as to the truth of the remaining allegations of Paragraph 151 and on that basis

23  denies those allegations.

24         152.   Sidley lacks information or knowledge sufficient to form a belief as

25  to the truth of the allegations of Paragraph 152 and on that basis denies those

26  allegations.

27         153.   Sidley lacks information or knowledge sufficient to form a belief as

28  to the truth of the allegations of Paragraph 153 and on that basis denies those

1  allegations.

2  **The SERP Payments**

3      154.   Sidley lacks information or knowledge sufficient to form a belief as
4  to the truth of the allegations of Paragraph 154 and on that basis denies those
5  allegations.

6      155.   Sidley lacks information or knowledge sufficient to form a belief as
7  to the truth of the allegations of Paragraph 155 and on that basis denies those
8  allegations.

9      156.   Sidley admits, on information and belief, that Siravo became
10  President and CEO of WesCorp.  Sidley lacks information or knowledge sufficient
11  to form a belief as to the truth of the remaining allegations of Paragraph 156 and on
12  that basis denies those allegations.

13      157.   Sidley lacks information or knowledge sufficient to form a belief as
14  to the truth of the allegations of Paragraph 157 and on that basis denies those
15  allegations.

16      158.   Sidley lacks information or knowledge sufficient to form a belief as
17  to the truth of the allegations of Paragraph 158 and on that basis denies those
18  allegations.

19      159.   Sidley lacks information or knowledge sufficient to form a belief as
20  to the truth of the allegations of Paragraph 159 and on that basis denies those
21  allegations.

22      160.   Sidley lacks information or knowledge sufficient to form a belief as
23  to the truth of the allegations of Paragraph 160 and on that basis denies those
24  allegations.

25      161.   Sidley lacks information or knowledge sufficient to form a belief as
26  to the truth of the allegations of Paragraph 161 and on that basis denies those
27  allegations.

28      162.   Sidley lacks information or knowledge sufficient to form a belief as

OHS WEST:261392163.1

1    to the truth of the allegations of Paragraph 162 and on that basis denies those
2    allegations.

3         163.   Sidley lacks information or knowledge sufficient to form a belief as
4    to the truth of the allegations of Paragraph 163 and on that basis denies those
5    allegations.

6         164.   Sidley lacks information or knowledge sufficient to form a belief as
7    to the truth of the allegations of Paragraph 164 and on that basis denies those
8    allegations.

9         165.   Sidley lacks information or knowledge sufficient to form a belief as
10   to the truth of the allegations of Paragraph 165 and on that basis denies those
11   allegations.

12        166.   Sidley lacks information or knowledge sufficient to form a belief as
13   to the truth of the allegations of Paragraph 166 and on that basis denies those
14   allegations.

15        167.   Sidley lacks information or knowledge sufficient to form a belief as
16   to the truth of the allegations of Paragraph 167 and on that basis denies those
17   allegations.

18        168.   Sidley lacks information or knowledge sufficient to form a belief as
19   to the truth of the allegations of Paragraph 168 and on that basis denies those
20   allegations.

21        169.   Sidley lacks information or knowledge sufficient to form a belief as
22   to the truth of the allegations of Paragraph 169 and on that basis denies those
23   allegations.

24        170.   Sidley lacks information or knowledge sufficient to form a belief as
25   to the truth of the allegations of Paragraph 170 and on that basis denies those
26   allegations.

27        171.   Sidley lacks information or knowledge sufficient to form a belief as
28   to the truth of the allegations of Paragraph 171 and on that basis denies those

1   allegations.

2        172.   Sidley lacks information or knowledge sufficient to form a belief as

3   to the truth of the allegations of Paragraph 172 and on that basis denies those

4   allegations.

5        173.   Sidley lacks information or knowledge sufficient to form a belief as

6   to the truth of the allegations of Paragraph 173 and on that basis denies those

7   allegations.

8        174.   Sidley lacks information or knowledge sufficient to form a belief as

9   to the truth of the allegations of Paragraph 174 and on that basis denies those

10   allegations.

11        175.   Sidley lacks information or knowledge sufficient to form a belief as

12   to the truth of the allegations of Paragraph 175 and on that basis denies those

13   allegations.

14        176.   Sidley lacks information or knowledge sufficient to form a belief as

15   to the truth of the allegations of Paragraph 176 and on that basis denies those

16   allegations.

17        177.   Sidley lacks information or knowledge sufficient to form a belief as

18   to the truth of the allegations of Paragraph 177 and on that basis denies those

19   allegations.

20        178.   Sidley lacks information or knowledge sufficient to form a belief as

21   to the truth of the allegations of Paragraph 178 and on that basis denies those

22   allegations.

23        179.   Sidley lacks information or knowledge sufficient to form a belief as

24   to the truth of the allegations of Paragraph 179 and on that basis denies those

25   allegations.

26        180.   Sidley lacks information or knowledge sufficient to form a belief as

27   to the truth of the allegations of Paragraph 180 and on that basis denies those

28   allegations.

CV10-01597 GW (MANx)
DEFENDANT SIDLEY'S SECOND AMENDED ANSWER AND
AMENDED COUNTERCLAIMS

OHS WEST:261392163.1

181.   Sidley lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 181 and on that basis denies those allegations.

182.   Sidley lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 182 and on that basis denies those allegations.

## FIRST CLAIM FOR RELIEF

### (Breach of Fiduciary Duties – Against the Officer Defendants)

183.   Sidley incorporates by reference his responses to paragraphs 1 through 182 as though set forth in full.

184.   Paragraph 184 contains legal conclusions, to which no response is required.  To the extent the allegations require a response, they are denied.

185.   Paragraph 185 contains legal conclusions, to which no response is required.  To the extent the allegations require a response, they are denied.

186.   Paragraph 186 contains legal conclusions, to which no response is required.  To the extent the allegations require a response, they are denied.

187.   Paragraph 187 contains legal conclusions, to which no response is required.  To the extent the allegations require a response, Sidley lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 187 and on that basis denies those allegations.

188.   Paragraph 188 contains legal conclusions, to which no response is required.  To the extent the allegations require a response, Sidley lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 188 and on that basis denies those allegations.

189.   Paragraph 189 contains legal conclusions, to which no response is required.  To the extent the allegations require a response, Sidley lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 189 and on that basis denies those allegations.

CV10-01597 GW (MANx)
DEFENDANT SIDLEY'S SECOND AMENDED ANSWER AND
AMENDED COUNTERCLAIMS
OHS WEST:261392163.1

190.   Paragraph 190 contains legal conclusions, to which no response is required.  To the extent the allegations require a response, Sidley lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 190 and on that basis denies those allegations.

191.   Paragraph 191 contains legal conclusions, to which no response is required.  To the extent the allegations require a response, Sidley lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 191 and on that basis denies those allegations.

192.   Paragraph 192 contains legal conclusions, to which no response is required.  To the extent the allegations require a response, Sidley lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 192 and on that basis denies those allegations.

193.   Paragraph 193 contains legal conclusions, to which no response is required.  To the extent the allegations require a response, Sidley lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 193 and on that basis denies those allegations.

194.   Sidley admits that he served as Chief Risk Officer from October 3, 2006 through June 9, 2009, and as Vice President for Risk Assessment from June 18, 1998 through June 9, 2009.  The remaining allegations of Paragraph 194 contain legal conclusions, to which no response is required.  To the extent the allegations require a response, they are denied.

195.   Paragraph 195 contains legal conclusions, to which no response is required.  To the extent the allegations require a response, they are denied.

196.   Sidley denies that he breached any duties that he owed to WesCorp. Paragraph 196 contains legal conclusions, to which no response is required.  To the extent the remaining allegations require a response, they are denied.

197.   Sidley lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 197 and on that basis denies those

- 29 -

OHS WEST:261392163.1

1    allegations.

2        198.   Sidley lacks information or knowledge sufficient to form a belief as

3    to the truth of the allegations of Paragraph 198 and on that basis denies those

4    allegations.

5    **SECOND CLAIM FOR RELIEF**

6    **(Breach of Fiduciary Duties – Against Defendants Rhamy, Updike, Dames,**

7    **Osberg, Longson and Harvey)**

8        199.   Sidley incorporates by reference his responses to paragraphs 1

9    through 198 as though set forth in full.

10       200.   Sidley is not named as a defendant to this Claim and accordingly no

11   response is required.  To the extent the allegations require a response, Sidley lacks

12   information or knowledge sufficient to form a belief as to the truth of the

13   allegations, and on that basis denies them.

14       201.   Sidley is not named as a defendant to this Claim and accordingly no

15   response is required.  To the extent the allegations require a response, Sidley lacks

16   information or knowledge sufficient to form a belief as to the truth of the

17   allegations, and on that basis denies them.

18       202.   Sidley is not named as a defendant to this Claim and accordingly no

19   response is required.  To the extent the allegations require a response, Sidley lacks

20   information or knowledge sufficient to form a belief as to the truth of the

21   allegations, and on that basis denies them.

22       203.   Sidley is not named as a defendant to this Claim and accordingly no

23   response is required.  To the extent the allegations require a response, Sidley lacks

24   information or knowledge sufficient to form a belief as to the truth of the

25   allegations, and on that basis denies them.

26       204.   Sidley is not named as a defendant to this Claim and accordingly no

27   response is required.  To the extent the allegations require a response, Sidley lacks

28   information or knowledge sufficient to form a belief as to the truth of the

OHS WEST:261392163.1

1   allegations, and on that basis denies them.

2        205.   Sidley is not named as a defendant to this Claim and accordingly no

3   response is required.  To the extent the allegations require a response, Sidley lacks

4   information or knowledge sufficient to form a belief as to the truth of the

5   allegations, and on that basis denies them.

6   ### THIRD CLAIM FOR RELIEF

7   **(Breach of Fiduciary Duties – Against Defendants Jordan, Nakamura, Cheney,**

8   **Rhamy, Kramer, Lentz, and Osberg)**

9        206.   Sidley incorporates by reference his responses to paragraphs 1

10  through 205 as though set forth in full.

11       207.   Sidley is not named as a defendant to this Claim and accordingly no

12  response is required.  To the extent the allegations require a response, Sidley lacks

13  information or knowledge sufficient to form a belief as to the truth of the

14  allegations, and on that basis denies them.

15       208.   Sidley is not named as a defendant to this Claim and accordingly no

16  response is required.  To the extent the allegations require a response, Sidley lacks

17  information or knowledge sufficient to form a belief as to the truth of the

18  allegations, and on that basis denies them.

19       209.   Sidley is not named as a defendant to this Claim and accordingly no

20  response is required.  To the extent the allegations require a response, Sidley lacks

21  information or knowledge sufficient to form a belief as to the truth of the

22  allegations, and on that basis denies them.

23       210.   Sidley is not named as a defendant to this Claim and accordingly no

24  response is required.  To the extent the allegations require a response, Sidley lacks

25  information or knowledge sufficient to form a belief as to the truth of the

26  allegations, and on that basis denies them.

27       211.   Sidley is not named as a defendant to this Claim and accordingly no

28  response is required.  To the extent the allegations require a response, Sidley lacks

OHS WEST:261392163.1

1  information or knowledge sufficient to form a belief as to the truth of the

2  allegations, and on that basis denies them.

3        212.  Sidley is not named as a defendant to this Claim and accordingly no

4  response is required.  To the extent the allegations require a response, Sidley lacks

5  information or knowledge sufficient to form a belief as to the truth of the

6  allegations, and on that basis denies them.

7  **FOURTH CLAIM FOR RELIEF**

8  **(Breach of Fiduciary Duties – Against All Director Defendants)**

9        213.  Sidley incorporates by reference his responses to paragraphs 1

10  through 212 as though set forth in full.

11        214.  Sidley is not named as a defendant to this Claim and accordingly no

12  response is required.  To the extent the allegations require a response, Sidley lacks

13  information or knowledge sufficient to form a belief as to the truth of the

14  allegations, and on that basis denies them.

15        215.  Sidley is not named as a defendant to this Claim and accordingly no

16  response is required.  To the extent the allegations require a response, Sidley lacks

17  information or knowledge sufficient to form a belief as to the truth of the

18  allegations, and on that basis denies them.

19        216.  Sidley is not named as a defendant to this Claim and accordingly no

20  response is required.  To the extent the allegations require a response, Sidley lacks

21  information or knowledge sufficient to form a belief as to the truth of the

22  allegations, and on that basis denies them.

23        217.  Sidley is not named as a defendant to this Claim and accordingly no

24  response is required.  To the extent the allegations require a response, Sidley lacks

25  information or knowledge sufficient to form a belief as to the truth of the

26  allegations, and on that basis denies them.

27        218.  Sidley is not named as a defendant to this Claim and accordingly no

28  response is required.  To the extent the allegations require a response, Sidley lacks

- 32 -

1  information or knowledge sufficient to form a belief as to the truth of the

2  allegations, and on that basis denies them.

3      219.   Sidley is not named as a defendant to this Claim and accordingly no

4  response is required.  To the extent the allegations require a response, Sidley lacks

5  information or knowledge sufficient to form a belief as to the truth of the

6  allegations, and on that basis denies them.

7      220.   Sidley is not named as a defendant to this Claim and accordingly no

8  response is required.  To the extent the allegations require a response, Sidley lacks

9  information or knowledge sufficient to form a belief as to the truth of the

10  allegations, and on that basis denies them.

11                    **FIFTH CLAIM FOR RELIEF**

12          **(Breach of Fiduciary Duty – Against Siravo and Swedberg)**

13      221.   Sidley incorporates by reference his responses to paragraphs 1

14  through 220 as though set forth in full.

15      222.   Sidley is not named as a defendant to this Claim and accordingly no

16  response is required.  To the extent the allegations require a response, Sidley lacks

17  information or knowledge sufficient to form a belief as to the truth of the

18  allegations, and on that basis denies them.

19      223.   Sidley is not named as a defendant to this Claim and accordingly no

20  response is required.  To the extent the allegations require a response, Sidley lacks

21  information or knowledge sufficient to form a belief as to the truth of the

22  allegations, and on that basis denies them.

23      224.   Sidley is not named as a defendant to this Claim and accordingly no

24  response is required.  To the extent the allegations require a response, Sidley lacks

25  information or knowledge sufficient to form a belief as to the truth of the

26  allegations, and on that basis denies them.

27      225.   Sidley is not named as a defendant to this Claim and accordingly no

28  response is required.  To the extent the allegations require a response, Sidley lacks

- 33 -

1    information or knowledge sufficient to form a belief as to the truth of the

2    allegations, and on that basis denies them.

3        226.   Sidley is not named as a defendant to this Claim and accordingly no

4    response is required.  To the extent the allegations require a response, Sidley lacks

5    information or knowledge sufficient to form a belief as to the truth of the

6    allegations, and on that basis denies them.

7                        **SIXTH CLAIM FOR RELIEF**

8                    **(Fraud – Against Siravo and Swedberg)**

9        227.   Sidley incorporates by reference his responses to paragraphs 1

10   through 226 as though set forth in full.

11       228.   Sidley is not named as a defendant to this Claim and accordingly no

12   response is required.  To the extent the allegations require a response, Sidley lacks

13   information or knowledge sufficient to form a belief as to the truth of the

14   allegations, and on that basis denies them.

15       229.   Sidley is not named as a defendant to this Claim and accordingly no

16   response is required.  To the extent the allegations require a response, Sidley lacks

17   information or knowledge sufficient to form a belief as to the truth of the

18   allegations, and on that basis denies them.

19       230.   Sidley is not named as a defendant to this Claim and accordingly no

20   response is required.  To the extent the allegations require a response, Sidley lacks

21   information or knowledge sufficient to form a belief as to the truth of the

22   allegations, and on that basis denies them.

23       231.   Sidley is not named as a defendant to this Claim and accordingly no

24   response is required.  To the extent the allegations require a response, Sidley lacks

25   information or knowledge sufficient to form a belief as to the truth of the

26   allegations, and on that basis denies them.

27       232.   Sidley is not named as a defendant to this Claim and accordingly no

28   response is required.  To the extent the allegations require a response, Sidley lacks

- 34 -

information or knowledge sufficient to form a belief as to the truth of the
allegations, and on that basis denies them.

233.   Sidley is not named as a defendant to this Claim and accordingly no
response is required.  To the extent the allegations require a response, Sidley lacks
information or knowledge sufficient to form a belief as to the truth of the
allegations, and on that basis denies them.

234.   Sidley is not named as a defendant to this Claim and accordingly no
response is required.  To the extent the allegations require a response, Sidley lacks
information or knowledge sufficient to form a belief as to the truth of the
allegations, and on that basis denies them.

## SEVENTH CLAIM FOR RELIEF

### (Breach of Fiduciary Duty – Against Siravo)

235.   Sidley incorporates by reference his responses to paragraphs 1
through 234 as though set forth in full.

236.   Sidley is not named as a defendant to this Claim and accordingly no
response is required.  To the extent the allegations require a response, Sidley lacks
information or knowledge sufficient to form a belief as to the truth of the
allegations, and on that basis denies them.

237.   Sidley is not named as a defendant to this Claim and accordingly no
response is required.  To the extent the allegations require a response, Sidley lacks
information or knowledge sufficient to form a belief as to the truth of the
allegations, and on that basis denies them.

238.   Sidley is not named as a defendant to this Claim and accordingly no
response is required.  To the extent the allegations require a response, Sidley lacks
information or knowledge sufficient to form a belief as to the truth of the
allegations, and on that basis denies them.

239.   Sidley is not named as a defendant to this Claim and accordingly no
response is required.  To the extent the allegations require a response, Sidley lacks

OHS WEST:261392163.1

1    information or knowledge sufficient to form a belief as to the truth of the

2    allegations, and on that basis denies them.

3    ## EIGHTH CLAIM FOR RELIEF

4    ### (Unjust Enrichment – Against Lane)

5         240.   Sidley incorporates by reference his responses to paragraphs 1

6    through 239 as though set forth in full.

7         241.   Sidley is not named as a defendant to this Claim and accordingly no

8    response is required.  To the extent the allegations require a response, Sidley lacks

9    information or knowledge sufficient to form a belief as to the truth of the

10   allegations, and on that basis denies them.

11        242.   Sidley is not named as a defendant to this Claim and accordingly no

12   response is required.  To the extent the allegations require a response, Sidley lacks

13   information or knowledge sufficient to form a belief as to the truth of the

14   allegations, and on that basis denies them.

15        243.   Sidley is not named as a defendant to this Claim and accordingly no

16   response is required.  To the extent the allegations require a response, Sidley lacks

17   information or knowledge sufficient to form a belief as to the truth of the

18   allegations, and on that basis denies them.

19        244.   Sidley is not named as a defendant to this Claim and accordingly no

20   response is required.  To the extent the allegations require a response, Sidley lacks

21   information or knowledge sufficient to form a belief as to the truth of the

22   allegations, and on that basis denies them.

23        245.   Other than as expressly and specifically admitted above in the

24   response to Paragraphs 1-244, Sidley denies every allegation of the Second

25   Amended Complaint.

26   ## AFFIRMATIVE DEFENSES

27        As and for his defenses, Sidley alleges as follows and reserves the right to

28   assert additional defenses in the event that discovery indicates they would be

- 36 -

1    appropriate.

## FIRST AFFIRMATIVE DEFENSE

### (Consent, Approval, Acquiescence, Participation, Ratification)

4    246.    The Second Amended Complaint, and each cause of action alleged

5    therein against Sidley, is barred, in whole or in part, by prior consent, approval,

6    acquiescence, participation and/or ratification as to any activity that NCUA

7    challenges as improper.    In addition, the claims against Sidley are barred because

8    the acts stated were ratified or approved by other state and federal agencies or

9    entities.

10    247.    Both WesCorp (by and through its Board of Directors (the "Board"),

11    individual directors, executive officers, and Executive Committee and/or the Asset

12    Liability Committee ( the "ALCO") and NCUA's Office of Corporate Credit

13    Unions ("OCCU") provided supervision and oversight of WesCorp, including its

14    investment strategies and risk assessment.    WesCorp and the Board's supervision

15    was effected, among other things, by implementing policies to direct WesCorp's

16    activities and its investments, by receiving and reviewing reports on WesCorp's

17    activities, by reviewing and approving actions and decisions of WesCorp officers

18    and employees, by limiting the role and authority of certain officers and employees

19    such as Sidley, and by directing WesCorp's officers to follow the directions of the

20    NCUA and its on-site examiner.    Without limiting the foregoing, both the NCUA

21    and WesCorp specifically directed that Sidley have no involvement in WesCorp's

22    choice of securities to purchase or the implementation of such decisions.    On

23    information and belief, the Board adopted certain policies that addressed

24    WesCorp's investment strategies, risk assessment efforts, purchases of MBS,

25    amendments, the review and approval of concentration limits and risk assessment

26    efforts, approval and authorization of investments in MBS, and approvals of

27    specific purchases of MBS.    To the extent such policies were applicable to his

28    scope of duties, Sidley complied with such policies and directives.    Moreover, on

CV10-01597 GW (MANx)
DEFENDANT SIDLEY'S SECOND AMENDED ANSWER AND
AMENDED COUNTERCLAIMS

OHS WEST:261392163.1

information and belief, the Board directed its officers to follow the guidance and direction of NCUA in all respects, which direction Sidley followed to the extent applicable to his scope of duties.

248.    NCUA's supervision was done, among other ways, through an on-site examiner who was physically located at WesCorp's facilities on a full-time basis, examining WesCorp's activities.  The OCCU examiner's efforts resulted in yearly examination reports, analyzing and assessing WesCorp's operations, including but not limited to its investment strategies and risk assessment.  In addition, the NCUA's Office of Capital Markets ("OCM") provided assistance to NCUA's OCCU examiner by, among other things, helping to evaluate WesCorp's investments and related asset and liability issues.

249.    As a result of these constant oversight and examination efforts, NCUA and the Board were, upon information and belief, at all times aware of WesCorp's monitoring and risk-protection efforts and, upon further information and belief, consistently approved of them.  WesCorp's efforts which NCUA and the Board, upon information and belief, knew of and approved of included, among other things: (i) limiting investments to primarily high grade securities with AA and AAA ratings; (ii) conducting thorough credit reviews of proposed security purchases based upon available information prior to purchasing; (iii) conducting credit reviews on new types of securities not previously purchased by WesCorp; (iv) conducting annual credit reviews on existing securities; (v) preparing monthly watch lists for, and keeping appropriate oversight of, securities that were not performing well; (vi) creating concentration limits as to individual issues; (vii) creating concentration limits as to different security types according to criteria set by the Board and by NCUA; and (viii) publishing monthly reports on credit status and providing the WesCorp Board with substantial information regarding concentration limits and credit enhancement levels on WesCorp's security portfolios.

CV10-01597 GW (MANx)
DEFENDANT SIDLEY'S SECOND AMENDED ANSWER AND
AMENDED COUNTERCLAIMS

1          250.   Both WesCorp and NCUA were, upon information and belief, also

2    aware of the fact that Option ARM MBSs were not a "new" security type that

3    WesCorp began investing in at any time alleged in the Second Amended

4    Complaint.  NCUA regulations and WesCorp policies refer to "new" security types

5    as those securities which have different collateral than other securities.  As NCUA

6    and the Board knew at all relevant times, WesCorp had a long history of purchasing

7    securities with the same type of collateral – mortgages – as Option ARM MBSs.

8    Upon information and belief, both the Board and NCUA and its OCCU examiners

9    ratified WesCorp's investment in Option ARM MBSs and never suggested that

10   Option ARM MBSs were a "new" security type which WesCorp should review as

11   such.

12         251.   NCUA, though its OCCU examiners, the OCCU examination reports

13   and other efforts and statements, as well as the Board, consistently approved of

14   WesCorp's investment strategies and investment concentrations, including

15   WesCorp's investments in Option ARM MBSs.

16         252.   Prior to its involvement in this lawsuit, neither the Board nor NCUA

17   ever made any claims that WesCorp's investment strategies violated NCUA

18   regulations or WesCorp policies.  Similarly, the OCCU examination reports never

19   made such suggestions, and on information and belief the Board never adopted or

20   even proposed any policies to that effect.

21         253.   Rather, both the Board and NCUA at all times, upon information and

22   belief, approved of WesCorp's investment strategies, policies and procedures based

23   upon full knowledge of all relevant facts.

24         254.   The Board and NCUA also, upon information and belief, approved of

25   WesCorp's risk assessment efforts.  In those instances, to the extent there were any,

26   where NCUA, through the OCCU examination reports, raised any concerns

27   regarding WesCorp's risk assessment efforts, WesCorp promptly addressed those

28   concerns and NCUA subsequently, in later OCCU examination reports and/or

CV10-01597 GW (MANx)
DEFENDANT SIDLEY'S SECOND AMENDED ANSWER AND
AMENDED COUNTERCLAIMS

OHS WEST:261392163.1

1    through other statements or actions, approved of WesCorp's efforts.  For its part,

2    the Board reviewed and approved the risk assessment efforts undertaken by Sidley,

3    and in all other respects directed Sidley to follow the direction of NCUA.

4         255.   WesCorp in fact, upon information and belief, promptly addressed

5    any concerns raised by NCUA in an OCCU examination report and, upon

6    information and belief, obtained subsequent approval from NCUA of those efforts.

7         256.   In at least 2006 and 2007, after the investments at issue in NCUA's

8    Second Amended Complaint were made, NCUA continued to approve of

9    WesCorp's management, risk assessment and ability to operate within regulatory

10   limits, as did the Board.

11        257.   Further, Sidley is informed and believes that NCUA granted

12   WesCorp the highest level of expanded investment authority given to any corporate

13   credit union, including but not limited to the authority to invest in securities rated as

14   low as BBB, although WesCorp never invested, upon information and belief, in

15   securities rater lower than AA.  For their part, WesCorp and the Board acted to

16   assert such expanded investment authority on their own judgment and discretion,

17   never sought Sidley's input into such decisions, and indeed directed that he remain

18   independent of and uninvolved in such decisions.

19        258.   In light of the foregoing, the Second Amended Complaint, and each

20   cause of action alleged therein against Sidley, is barred, in whole or in part, because

21   the parties with actual responsibility and authority knowingly ratified and approved

22   of the policies, strategies and actions which are now complained of in the Second

23   Amended Complaint, and further directed that Sidley not assume responsibility for

24   the matters complained of in the Second Amended Complaint.

25   **SECOND AFFIRMATIVE DEFENSE**

26   **(Business Judgment Rule)**

27        259.   Sidley incorporates by reference and realleges each and every

28   allegation contained in paragraphs 246-258 as though fully set forth herein.

CV10-01597 GW (MANx)
DEFENDANT SIDLEY'S SECOND AMENDED ANSWER AND
AMENDED COUNTERCLAIMS

OHS WEST:261392163.1

260.   The Second Amended Complaint, and each cause of action alleged therein against Sidley, is barred by the business judgment rule in that every act or omission challenged by NCUA was made after reasonable investigation and in good faith based upon reasonable grounds to believe that such acts or omissions were reasonable and prudent under the circumstances.

## THIRD AFFIRMATIVE DEFENSE
### (Loyalty, Prudent Person, Candor, Good Faith)

261.   Sidley incorporates by reference and realleges each and every allegation contained in paragraphs 246-258 as though fully set forth herein.

262.   The Second Amended Complaint, and each cause of action alleged therein against Sidley, is barred, in whole or in part, because at all times Sidley acted prudently, honestly, in good faith, with full candor, and in the best interest of WesCorp.

## FOURTH AFFIRMATIVE DEFENSE
### (Set Off)

263.   Sidley incorporates by reference and realleges each and every allegation contained in paragraphs 246-258 as though fully set forth herein.

264.   The Second Amended Complaint, and each cause of action alleged therein against Sidley, is subject to Sidley's right of set off with respect to monies owed to him by WesCorp.

## FIFTH AFFIRMATIVE DEFENSE
### (Due Diligence and Reasonable Investigation)

265.   Sidley incorporates by reference and realleges each and every allegation contained in paragraphs 246-258 as though fully set forth herein.

266.   The Second Amended Complaint, and each cause of action alleged therein against Sidley, is barred, in whole or in part, because each and every act and omission by Sidley was made after reasonable investigation, and Sidley had reasonable grounds to believe, and did believe, that such acts or omissions were

- 41 -

OHS WEST:261392163.1

1    prudent given the circumstances.

2    ## SIXTH AFFIRMATIVE DEFENSE

3    ### (Reliance on Professionals and Others)

4    267.   Sidley incorporates by reference and realleges each and every

5    allegation contained in paragraphs 246-258 as though fully set forth herein.

6    268.   The Second Amended Complaint, and each cause of action alleged

7    therein against Sidley, is barred, in whole or in part, because every act or omission

8    by Sidley alleged in the Second Amended Complaint, if it occurred at all, was made

9    or occurred in reasonable good faith reliance on the statements and representations

10   of professionals and others upon which Sidley was entitled to rely, including but

11   not limited to the Board, individual directors, the ALCO, WesCorp's professionals

12   as well as its inside and outside auditors, NCUA personnel and examiners, ratings

13   agencies, underwriters, brokers, issuers, investment bankers, financial advisors,

14   and/or legal counsel.

15   ## SEVENTH AFFIRMATIVE DEFENSE

16   ### (Conduct of Others)

17   269.   Sidley incorporates by reference and realleges each and every

18   allegation contained in paragraphs 246-258 as though fully set forth herein.

19   270.   The Second Amended Complaint, and each cause of action alleged

20   therein against Sidley, is barred, in whole or in part, to the extent NCUA purports to

21   hold Sidley responsible for alleged breaches of fiduciary duties, negligence, or

22   conduct engaged in, by third-parties or other defendants, including but not limited

23   to rating agencies, lenders and issuers.

24   ## EIGHTH AFFIRMATIVE DEFENSE

25   ### (Apportionment)

26   271.   Sidley incorporates by reference and realleges each and every

27   allegation contained in paragraphs 246-258 as though fully set forth herein.

28   272.   Without admitting that NCUA suffered damages in any amount, or

- 42 -

OHS WEST:261392163.1

1  that Sidley or any defendant is or should be liable for any such damages, Sidley

2  asserts that his liability and the liability of any other responsible persons, named or

3  unnamed, should be apportioned according to their relative degrees of fault, and

4  any alleged liability of Sidley should be reduced accordingly.

5  **NINTH AFFIRMATIVE DEFENSE**

6  **(Intervening or Superseding Cause)**

7  273.   Sidley incorporates by reference and realleges each and every

8  allegation contained in paragraphs 246-258 as though fully set forth herein.

9  274.   The Second Amended Complaint, and each cause of action alleged

10  therein against Sidley, is barred, in whole or in part, because NCUA's alleged

11  damages, if any, were the result of one or more intervening or superseding causes

12  or caused by the acts and/or failures to act of persons and/or entities other than

13  Sidley, and were not the result of any act or omission on the part of Sidley.

14  **TENTH AFFIRMATIVE DEFENSE**

15  **(Macroeconomic Factors)**

16  275.   Sidley incorporates by reference and realleges each and every

17  allegation contained in paragraphs 246-258 as though fully set forth herein.

18  276.   The Second Amended Complaint, and each cause of action alleged

19  therein against Sidley, is barred, in whole or in part, because NCUA's injuries or

20  damages, to the extent they exist, were caused by supervening events unconnected

21  to Sidley, including macroeconomic and mortgage industry events that constrained

22  WesCorp's access to the credit and capital markets and affected its liquidity.

23  **ELEVENTH AFFIRMATIVE DEFENSE**

24  **(Estoppel)**

25  277.   Sidley incorporates by reference and realleges each and every

26  allegation contained in paragraphs 246-258 as though fully set forth herein.

27  278.   The Second Amended Complaint, and each cause of action alleged

28  therein against Sidley, is barred, in whole or in part, by the doctrine of estoppel

CV10-01597 GW (MANX)<br>DEFENDANT SIDLEY'S SECOND AMENDED ANSWER AND<br>AMENDED COUNTERCLAIMS<br>OHS WEST:261392163.1

1   because WesCorp complied with the NCUA's regulations and directives

2   and/because WesCorp's investments were reviewed and approved by the NCUA

3   and its examiners and therefore, by its words, actions and failures to act, NCUA is

4   equitably estopped from asserting each of the purported causes of action alleged in

5   the Complaint and/or from obtaining any of the relief sought thereby.

6                          **TWELFTH AFFIRMATIVE DEFENSE**

7                                **(Statute of Limitations)**

8          279.   Sidley incorporates by reference and realleges each and every

9   allegation contained in paragraphs 246-258 as though fully set forth herein.

10         280.   The Second Amended Complaint, and each cause of action alleged

11  therein against Sidley, is barred, in whole or in part, because of the applicable

12  statute(s) of limitations and/or period(s) of repose.

13                        **THIRTEENTH AFFIRMATIVE DEFENSE**

14                   **(No Entitlement to Compensatory Damages)**

15         281.   Sidley incorporates by reference and realleges each and every

16  allegation contained in paragraphs 246-258 as though fully set forth herein.

17         282.   NCUA is not entitled to recover the compensatory damages

18  requested in the Second Amended Complaint.

19                        **FOURTEENTH AFFIRMATIVE DEFENSE**

20                **(No Entitlement to Exemplary or Punitive Damages)**

21         283.   Sidley incorporates by reference and realleges each and every

22  allegation contained in paragraphs 246-258 as though fully set forth herein.

23         284.   NCUA is precluded from recovering exemplary or punitive damages,

24  either in whole or in part, from Sidley under the applicable provisions of the law,

25  including, without limitation, California Civil Code section 3294, the United States

26  Constitution and/or the California Constitution.

27  //

28  //

OHS WEST:261392163.1

## FIFTEENTH AFFIRMATIVE DEFENSE

### (No Entitlement to Costs of Litigation)

285.   Sidley incorporates by reference and realleges each and every allegation contained in paragraphs 246-258 as though fully set forth herein.

286.   NCUA is not entitled to recover its costs and expenses incurred in this action, including, without limitation, attorneys' fees, from Sidley.

## COUNTERCLAIMS

For counterclaims, Sidley alleges as follows:

### Jurisdiction

287.   The Court has supplemental jurisdiction over these counterclaims under 28 U.S.C. § 1367(a), because these counterclaims and the purported claims alleged by NCUA all form part of the same case or controversy concerning the parties' rights and responsibilities related to Defendants' service as officers of WesCorp.

### Parties

288.   Counterclaimant Sidley served as Vice President for Risk Assessment for WesCorp from on or about June 18, 1998, and as Chief Risk Officer in charge of investment credit services for WesCorp from in or about 2007. On or about June 9, 2009, Sidley ceased serving as both Vice President for Risk Assessment and as Chief Risk Officer and began serving as Vice President of Strategic Projects, a role he held until he retired from WesCorp on April 2, 2010. Sidley reported to WesCorp's Supervisory Committee, which was akin to a corporate audit committee. Sidley reported to the Supervisory Committee to maintain his independence because his role at WesCorp was not non-managerial, and his department was tasked with risk assessment, not risk management.

289.   Counter-defendant National Credit Union Administration Board as Liquidator of Western Corporate Federal Credit Union ("NCUA") is the liquidating agent of WesCorp.  As such, on information and belief, NCUA stands in the shoes

CV10-01597 GW (MANx)
DEFENDANT SIDLEY'S SECOND AMENDED ANSWER AND
AMENDED COUNTERCLAIMS

OHS WEST:261392163.1

1    of WesCorp.

2                        **Factual Allegations**

3                             **Policy 21**

4          290.   WesCorp's Board of Directors adopted a resolution regarding

5    indemnification and insurance, codified in WesCorp's book of policies as "Policy

6    21."

7          291.   WesCorp agreed in Policy 21 to indemnify WesCorp's current and

8    former "officials" and "employees," including directors and officers, "to the

9    maximum extent permitted by either" California law or the Model Business

10   Corporation Act ("MBCA"). This agreement included indemnity "for any liability

11   asserted against [the current and former officials and employees] in connection with

12   judicial or administrative proceedings, formal or informal, to which they are or may

13   become parties by reason of the performance of their official duties."

14         292.   WesCorp also agreed in Policy 21 that this promise to indemnify

15   "shall" include the costs and attorneys' fees incurred to secure indemnity, whether

16   or not litigation is commenced.

17         293.   WesCorp also agreed in Policy 21 to purchase and maintain

18   insurance on behalf of current and former directors and officers "against any

19   liability asserted against them and expenses reasonably incurred by them in their

20   official capacities and arising out of the performance of their official duties to the

21   extent such insurance is permitted by the applicable state law or the Model Business

22   Corporation Act."

23                           **The CUMIS Policy**

24         294.   WesCorp purchased an insurance policy from CUMIS Insurance

25   Society, Inc. ("CUMIS"), Special Insurance Package No. 065468-22 (the "CUMIS

26   Policy"), effective January 1, 2009.

27         295.   On or about November 30, 2009, Jeb Burbott, counsel for WesCorp,

28   and John Cannerday, NCUA counsel, sent a letter to CUMIS tendering the defense

1   of this suit under the CUMIS Policy as to Sidley and several other WesCorp

2   employees then-named as defendants in this action.

3        296.   On December 28, 2009, CUMIS sent a letter to Mr. Burbott and Mr.

4   Cannerday denying that CUMIS has a "duty to defend" under the CUMIS Policy

5   and denying coverage for losses.

6        297.   CUMIS agreed that the allegations of the complaint – breach of

7   duties in the discharge of Counterclaimants' duties as directors and employees of

8   WesCorp – were the type of "claims" for "losses" related to a "wrongful act" that

9   are covered by the terms of the Policy.

10       298.   However, CUMIS claimed that it does not have a "duty to defend"

11  under the CUMIS Policy, which states that "CUMIS has no duty to defend . . . or to

12  pay any 'defense costs' prior to the final adjudication or disposition of any 'claim' .

13  . . ."

14       299.   CUMIS also refused to cover any losses suffered by Sidley under the

15  investment exclusion of the CUMIS Policy.  The CUMIS Policy provides that

16  "CUMIS will not be liable to make any payment for 'loss' in connection with or

17  arising out of any 'claim' . . . .  Based upon or resulting directly or indirectly from

18  investments . . . [or] investment or trading losses . . . ."  Because the claims in this

19  suit arise out of alleged investment losses related to the purchase of mortgage back

20  securities, CUMIS invoked the exclusion to deny coverage for defense costs and

21  losses that may arise out of the litigation.

22       300.   The CUMIS Policy has only one limited exception to the investment

23  exclusion.  The CUMIS Policy contains a provision requiring payment of defense

24  costs for investment-related claims up to an aggregate amount of $100,000 for all

25  insureds, subject to a $500,000 deductible.  CUMIS accordingly agreed to provide

26  coverage for Sidley's defense costs between $500,000 and $600,000 incurred in this

27  suit.

28       301.   NCUA, after putting WesCorp into conservatorship, compounded the

- 47 -

damage to Sidley by canceling the CUMIS Policy, by refusing to obtain
replacement insurance coverage and by refusing CUMIS' offer of supplemental
insurance with fewer coverage exclusions than the CUMIS Policy.

302.   If WesCorp had complied with its obligations in Policy 21 and
obtained adequate insurance coverage, Sidley would have been covered for all of
the costs and claims related to this litigation.

303.   If NCUA had not done the things alleged above, Sidley would have
been covered for all (or at least part) of his defense costs and the claims against him
in this litigation..

304.   Sidley has performed all of his obligations under Policy 21 except to
the extent that his performance has been excused by the actions of WesCorp and/or
NCUA.

305.   Sidley has incurred damages for his unreimbursed defense costs
incurred to date, which exceed $60,000 through September 2011.  Sidley will
continue to incur damages in this litigation in an amount to be determined by
dispositive motions or at trial as a result of WesCorp's failure to obtain insurance as
required by Policy 21.

**NCUA's Denial of Advancement of Defense Costs**

306.   All of the claims asserted by the NCUA against Sidley in this
litigation arise out of his performance of official duties as an officer and employee
of WesCorp.

307.   Sidley has incurred, and continues to incur, attorneys' fees and costs
in connection with his defense against the claims asserted by the NCUA as
Liquidating Agent for WesCorp in this litigation.

308.   In or about December 2009, Sidley's counsel sent a letter to the
NCUA requesting that the NCUA as conservator of WesCorp indemnify and
advance the defense costs of Sidley and several other WesCorp officers and
employees also being represented by Sidley's counsel (those other officers and

- 48 -

1    employees are no longer parties to this action) pursuant to Policy 21.

2          309.   On January 5, 2010, NCUA's counsel sent a letter stating that

3    NCUA, at that time acting as conservator for WesCorp, "does not believe that it has

4    any obligation to advance defense costs or to agree to indemnify the Employees at

5    this time for the claims made in the Action." NCUA's counsel went on to state:

6    "However, the Conservator [NCUA], in its discretion agrees to advance reasonable

7    defense costs on behalf of the Employees [including Sidley] for the present time."

8    NCUA's counsel further stated: "In the event the Conservator determines that it

9    will proceed against some or all of the Employees in the Action, advancement of

10   defense costs will be reconsidered and will likely cease at that time" and that

11   "[w]hether the conservator provides indemnification will be determined once the

12   matter is resolved." On October 28, 2010, following NCUA's filing of an Amended

13   Complaint in this action, NCUA's counsel sent a letter to Sidley's counsel.  Citing

14   its earlier letter, NCUA's counsel stated that the "NCUA Board as Liquidating

15   Agent for WesCorp has not assumed any obligations of WesCorp relating to the

16   indemnification of its former employees and will not advance any defense costs

17   incurred by Mr. Sidley."

18         310.   NCUA, after putting WesCorp into conservatorship, compounded the

19   damage to Sidley by canceling the CUMIS Policy, by refusing to obtain

20   replacement insurance coverage and by refusing CUMIS' offer of supplemental

21   insurance with fewer coverage exclusions than the CUMIS Policy.

22         311.   If WesCorp had complied with its obligations in Policy 21 and

23   obtained adequate insurance coverage, Sidley would have been covered for all of

24   the costs and claims related to this litigation.

25         312.   If NCUA had not done the things alleged above, Sidley would have

26   been covered for all (or at least part) of his defense costs and the claims against him

27   in this litigation..

28         313.   Sidley has performed all of his obligations under Policy 21 except to

CV10-01597 GW (MANx)
DEFENDANT SIDLEY'S SECOND AMENDED ANSWER AND
AMENDED COUNTERCLAIMS

OHS WEST:261392163.1

1   the extent that his performance has been excused by the actions of WesCorp and/or
2   the NCUA.

3       314.   Sidley has incurred damages for his unreimbursed defense costs
4   incurred to date, which exceed $60,000 through September 2011.

5       315.   Sidley will continue to incur damages in this litigation in an amount
6   to be determined by dispositive motions or at trial, as a result of WesCorp's failure
7   to obtain insurance as required by Policy 21.

8   **FIRST COUNTERCLAIM:  INDEMNIFICATION UNDER POLICY 21**

9       316.   Sidley incorporates by reference and realleges each and every
10  allegation contained in paragraphs 287-320 as though fully set forth herein.

11      317.   WesCorp agreed in Policy 21 to indemnify Sidley "to the maximum
12  extent permitted by either" California law *or* the MBCA.

13      318.   Sidley demands indemnity under Policy 21 to the fullest extent
14  permissible under either California law or the MBCA and/or defense costs to the
15  fullest extent permissible under either California law or the MBCA.

16      319.   Sidley also demands recovery of costs and attorneys fees incurred to
17  secure the indemnity provided for in Policy 21.

18      320.   If NCUA refuses to indemnify Sidley pursuant to Policy 21, Sidley
19  will suffer damages in an amount to be determined.

20  **SECOND COUNTERCLAIM: INDEMNIFICATION UNDER CALIFORNIA**
21  **LABOR CODE § 2802**

22      321.   Sidley incorporates by reference and realleges each and every
23  allegation contained in paragraphs 287-320 as though fully set forth herein.

24      322.   At all relevant times, Sidley was an employee of Wescorp.

25      323.   Section 2802 of the California Labor Code provies that an employer
26  "shall indemnifiy his or her employee for all necessary expenditures or losses
27  incurred by the employee in direct consequence of the discharge of his or her
28  duties."

324.   NCUA as liquidator of WesCorp is therefore obliged to indemnify and reimburse Sidley for his defense costs as incurred in this litigation under the California Labor Code § 2802.

325.   Sidley has incurred and paid attorneys' fees and costs in defense of the claims asserted by the NCUA as liquidated of WesCorp in this litigation.

326.   Since on or about October 28, 2010, the NCUA has failed to reimburse Sidley for the attorneys' fees and costs he has incurred and paid to date.

327.   Sidley has incurred, and will continue to incur, damages as a result of the NCUA's failure to reimburse him for his attorneys' fees and costs.

## THIRD COUNTERCLAIM: DECLARATORY RELIEF

328.   Sidley incorporates by reference and realleges each and every allegation contained in paragraphs 287-320 as though fully set forth herein.

329.   The NCUA is obligated to advance Sidley his attorneys' fees and costs incurred in his defense of this litigation under, at least, Policy 21, the MBCA and California Labor Code 2802.  However, the NCUA has refused to advance Sidley his attorneys' fees and costs incurred in defense of this litigation and, as such, a

330.   Further, WesCorp promised in Policy 21 to "purchase and maintain" insurance "against any liability asserted against" Sidley.

331.   The Policy that WesCorp purchased was inadequate to fulfill this promise.  As directors and officers of WesCorp, Sidley's primary responsibilities included advising the directors regarding investment-related.  Loss related to investments was a likely source of liability for Sidley.

332.   Despite the risk of claims related to investment losses, WesCorp purchased the CUMIS Policy knowing that it contained an exclusion for claims related to investment losses and only covered investment related claims defense costs between $500,000 and $600,000.

333.   Because the CUMIS Policy does not cover Sidley for "any liability"

OHS WEST:261392163.1

1    related to an investment claim, WesCorp breached the promise to provide insurance
2    coverage for Sidley in Policy 21.

3        334.   Because CUMIS invoked the investment exclusion to deny most
4    coverage to Sidley, but for WesCorp's failure to comply with its obligations and
5    obtain adequate insurance coverage, Sidley would have been covered for all of the
6    costs and claims related to this litigation.

7        335.   An actual existing and bona fide controversy exists between the
8    parties as to to NCUA's liability for advancement and indemnification of Sidley's
9    attorneys' fees and costs incurred in his defense of this litigation.

10       336.   Policy 21 promises to maintain insurance coverage for "any liability"
11   asserted against Sidley, yet the CUMIS Policy does not cover the current action.

12       337.   Further, NCUA has declined to pay for, advance or indemnify
13   Sidley's defense costs.

14       338.   The rights of the parties under Policy 21, the MBCA and California
15   Labor Code § 2802 can be determined only by declaratory relief.

16                              **PRAYER**

17       WHEREFORE, Sidley prays for judgment against plaintiffs as
18   follows:

19       1.    That plaintiff takes nothing by the Complaint and that the Complaint
20   be dismissed with prejudice.

21       2.    That judgment be entered in favor of Sidley and against plaintiff.

22       3.    That Sidley be awarded damages on its counterclaims, in amounts to
23   be determined at trial.

24       4.    That the Court adjudge and declare that NCUA is obligated to pay to
25   the fullest extent any liability incurred by Sidley because of the inadequate
26   insurance policy purchased by WesCorp in breach of its promise to purchase and
27   maintain insurance under Policy 21.

28       6.    That Sidley be awarded his costs and reasonable attorneys' fees.

OHS WEST:261392163.1

1       7.    That Sidley be granted such other and further relief as the Court may

2  deem just and proper.

3

4  DATED:  October 31, 2011      Kent B. Goss
                               Seth E. Freilich

5                               ORRICK, HERRINGTON & SUTCLIFFE LLP

6

7                             By:

8                                  SETH E. FREILICH
                                Attorneys For Defendant

9                                TIMOTHY T. SIDLEY

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OHS WEST:261392163.1

## DEMAND FOR JURY TRIAL

Defendant and Counterclaimant Timothy T. Sidley hereby demands a trial by jury for all claims and issues so triable in this action.


DATED:  October 31, 2011          Kent B. Goss
                                  Seth E. Freilich
                                  ORRICK, HERRINGTON & SUTCLIFFE LLP


                                  By: _____
                                        SETH E. FREILICH

                                  Attorneys For Defendant
                                  TIMOTHY T. SIDLEY

- 54 -

OHS WEST:261392163.1

## PROOF OF SERVICE

I am more than eighteen years old and not a party to this action.  My business address is Orrick, Herrington & Sutcliffe LLP, 777 South Figueroa Street, Suite 3200, Los Angeles, California  90017.  October 31, 2011,  I served the following document(s):

DEFENDANT TIMOTHY T. SIDLEY'S SECOND AMENDED ANSWER (TO SECOND AMENDED COMPLAINT) AND AMENDED COUNTERCLAIMS – DEMAND FOR JURY TRIAL

On the interested parties by

☒  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐  By depositing a true and correct copy of the document(s) listed above with Fed Ex in Los Angeles, California, enclosed in a sealed envelope.

☐  (by Electronic Mail), I caused such documents to be transmitted by electronic mal to the offices of the addressee.

### SEE ATTACHED SERVICE LIST

I am employed in the county from which the mailing occurred.  On the date indicated above, I placed the sealed envelope(s) for collection and mailing at this firm's office business address indicated above.  I am readily familiar with this firm's practice for the collection and processing of correspondence for mailing with the United States Postal Service.  Under that practice, the firm's correspondence would be deposited with the United States Postal Service on this same date with postage thereon fully prepaid in the ordinary course of business.

(Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 31, 2011 at Los Angeles, California.

**Norma Sweeney**

- 1 -

1

<u>SERVICE LIST</u>

2

3

4      Michael H. Bierman
       Michael E. Pappas                          Kenneth M. Fitzgerald
5      LUCE, FORWARD, HAMILTON &                   Curtis G. Carll
       SCRIPPS LLP                                 Chapin Fitzgerald Sullivan LLP
6      601 S. Figueroa Street, Suite 3900          550 West C Street, Suite 2000
       Los Angeles, CA 90017                       San Diego, Ca 92101
7      *Tel: (213) 892-4992*                       *Tel: (619) 241-4810*
       *Fax: (213) 892-7731*                       *Fax:   (619) 955-5318*
8      *Email: mbierman@luce.com*                  *Email: kfitzgerald@cfslawfirm.com*
           *mpappas@luce.com*                          *ccarll@cfslawfirm.com*
9          *msugihara@luce.com*
                                                   **Attorneys for Defendant Todd**
10     **Attorneys for Plaintiff**                 **Lane**
       **NATIONAL CREDIT UNION**
11     **ADMINISTRATION as Liquidator for**
       **Western Corporate Federal Credit Union**

12

13     Bruce A. Ericson                            Brad D. Brian
       Marley Degner                               Richard E. Frooyan
14     Pillsbury Winthrop Shaw Pittman LLP         Laura D. Smolowe
       50 Fremont Street                           MUNGER, TOLLES & OLSON
15     San Francisco, Ca 94120-7880                355 South Grand Avenue
       *Tel: (415) 983-1000*                       Thirty-Fifth Floor
16     *Fax:   (415) 983-1200*                     Los Angeles, CA 90071-1560
       *bruce.ericson@pillsburylaw.com*            *Tel: (213) 241-4810*
17     *allen.brandt@pillsburylaw.com*             *Fax (213) 687-3702*

18     Rene L. Siemens                             **Attorneys for Defendant Robert**
       Pillsbury Winthrop Shaw Pittman Llp         **A. Siravo**
19     725 South Figueroa Street, Suite 2800
       Los Angeles, Ca 90017-5406
20     *Tele: (213) 488-7100*
       *Fax:   (213) 629-1033*
21     *reynold.siemens@pillsburylaw.com*

22     **Attorneys for Defendants  Robert Burrell,**

23

24

25

26

27

28

- 2 -

OHS WEST:260857574.1