**COPY**

FILED

BY

2011 OCT 31 PM 3:56

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

1  PILLSBURY WINTHROP SHAW PITTMAN LLP
   REYNOLD L. SIEMENS #177956
2  Email: reynold.siemens@pillsburylaw.com
   725 South Figueroa Street, Suite 2800
3  Los Angeles, CA 90017-5406
   Telephone: (213) 488-7100
4  Facsimile: (213) 629-1033

5  PILLSBURY WINTHROP SHAW PITTMAN LLP
   BRUCE A. ERICSON #76342
6  Email: bruce.ericson@pillsburylaw.com
   MARLEY DEGNER #251923
7  Email: marley.degner@pillsburylaw.com
   50 Fremont Street, Post Office Box 7880
8  San Francisco, CA 94120-7880
   Telephone: (415) 983-1000
9  Facsimile: (415) 983-1200

10  Attorneys for Defendant ROBERT JOHN BURRELL

11

12

13                   UNITED STATES DISTRICT COURT

                     CENTRAL DISTRICT OF CALIFORNIA
14
                          WESTERN DIVISION
15

| | |
|---|---|
| 16 NATIONAL CREDIT UNION ADMINISTRATION BOARD AS LIQUIDATING AGENT FOR WESTERN CORPORATE FEDERAL CREDIT UNION, | No. CV 10-01597 GW (MANx) |
| 19     Plaintiff, | **AMENDED ANSWER AND COUNTERCLAIMS OF DEFENDANT ROBERT JOHN BURRELL; AND JURY DEMAND** |
| 20 vs. | |
| 21 ROBERT A. SIRAVO, TODD M. LANE, ROBERT J. BURRELL, THOMAS E. SWEDBERG, TIMOTHY T. SIDLEY, ROBERT H. HARVEY, JR., WILLIAM CHENEY, GORDON DAMES, JAMES P. JORDAN, TIMOTHY KRAMER, ROBIN J. LENTZ, JOHN M. MERLO, WARREN NAKAMURA, BRIAN OSBERG, DAVID RHAMY and SHARON UPDIKE, | [Amended Pursuant to Order Granting Stipulation to Amend/Correct, Doc. 183] |
| 26     Defendants. | |

27

28

601579684v2                          - 1 -

Answer & Counterclaims of Robert John Burrell,
No. CV 10-01597 GW (MANX)

1
2
3
4
5
6
7

ROBERT JOHN BURRELL,

                    Counterclaimant,

        vs.

NATIONAL CREDIT UNION
ADMINISTRATION BOARD AS
LIQUIDATING AGENT FOR WESTERN
CORPORATE FEDERAL CREDIT UNION,

                    Counterdefendant.

8

9                    **AMENDED ANSWER TO COMPLAINT**

10        Defendant **ROBERT JOHN BURRELL** ("Burrell") hereby responds

11   to the allegations of the Second Amended Complaint (the "SAC," Doc. 116)

12   filed February 22, 2011 (numbered paragraphs of the SAC are referred to as

13   "Paragraph __") of plaintiff, the National Credit Union Administration Board

14   as Liquidating Agent for Western Corporate Federal Credit Union ("NCUA"),

15   as follows:

16                    **JURISDICTION AND VENUE**[1]

17        1.       Burrell admits that Western Credit Union Federal Credit Union

18   ("WesCorp") was a credit union with its corporate offices located in San

19   Dimas, California.  Burrell further admits, on information and belief, that the

20   National Credit Union Administration Board placed WesCorp into

21   conservatorship on March 19, 2009 and into involuntary liquidation on

22   October 1, 2010.  Burrell lacks knowledge or information sufficient to form a

23   belief as to the truth of the remaining allegations of Paragraph 1 and on that

24   basis denies those allegations.

25

26   _____

     [1] The headings in this answer follow (albeit not verbatim) those that appear in
27   the SAC.  The headings here in no sense admit anything but are included for
     the convenience of the reader.
28

1      2.      Paragraph 2 contains legal conclusions, to which no response is

2  required.  To the extent the allegations require a response, they are denied.

3      3.      Paragraph 3 contains legal conclusions, to which no response is

4  required.  To the extent the allegations require a response, they are denied.

5      4.      Paragraph 4 contains legal conclusions, to which no response is

6  required.  To the extent the allegations require a response, they are denied.

7      5.      Paragraph 5 contains legal conclusions, to which no response is

8  required.  To the extent the allegations require a response, they are denied.

9                                **PARTIES**

10      6.      Burrell admits, on information and belief that the National Credit

11  Union Administration Board has appointed itself the liquidating agent for

12  WesCorp.

13      7.      Burrell admits, on information and belief that defendant Robert

14  A. Siravo ("Siravo") once served as President and CEO of WesCorp.  Burrell

15  lacks knowledge or information sufficient to form a belief as to the truth of the

16  remaining allegations of Paragraph 7 and on that basis denies those

17  allegations.

18      8.      Burrell admits, on information and belief, that defendant Todd M.

19  Lane ("Lane") once served as Chief Financial Officer of WesCorp.  Burrell

20  lacks knowledge or information sufficient to form a belief as to the truth of the

21  remaining allegations of Paragraph 8 and on that basis denies those

22  allegations.

23      9.      Burrell admits that:  between June 30, 1997 and March 20, 2009

24  he served as Chief Investment Officer of WesCorp; between January 31, 2003

25  and March 20, 2009, he served as an Executive Vice President of WesCorp;

26  the NCUA terminated his employment at WesCorp on March 20, 2009; and he

27  resides in California.

28

1     10.    Burrell admits that defendant Timothy T. Sidley ("Sidley") once

2 served as Vice President for Risk Assessment and Chief Risk Officer in charge

3 of Investment Credit Services of WesCorp.  Burrell lacks knowledge or

4 information sufficient to form a belief as to the truth of the remaining

5 allegations of Paragraph 10 and on that basis denies those allegations.

6     11.    Burrell admits that defendant Thomas E. Swedberg ("Swedberg")

7 once served as Vice President of Human Resources and Vice President of

8 Strategic Planning and Organizational Development of WesCorp.  Burrell

9 lacks knowledge or information sufficient to form a belief as to the truth of the

10 remaining allegations of Paragraph 11 and on that basis denies those

11 allegations.

12    12.    Burrell admits that former defendant Robert H. Harvey, Jr.

13 ("Harvey") was a director and was the Chairman of the WesCorp board of

14 directors.  Burrell lacks knowledge or information sufficient to form a belief

15 as to the truth of the remaining allegations of Paragraph 12 and on that basis

16 denies those allegations.

17    13.    Burrell admits that former defendant James P. Jordan ("Jordan")

18 was a member of the WesCorp board of directors and was the Vice Chairman

19 of the WesCorp board.  Burrell lacks knowledge or information sufficient to

20 form a belief as to the truth of the remaining allegations of Paragraph 13 and

21 on that basis denies those allegations.

22    14.    Burrell admits that former defendant Timothy Kramer

23 ("Kramer") was a member of the WesCorp board of directors and served as

24 the Secretary and Treasurer of the WesCorp board.  Burrell lacks knowledge

25 or information sufficient to form a belief as to the truth of the remaining

26 allegations of Paragraph 14 and on that basis denies those allegations.

27

28

Answer & Counterclaims of Robert John Burrell
No. CV 10-01597 GW (MANx)

1    15.    Burrell admits that former defendant Robin J. Lentz ("Lentz")
2  was a member of the WesCorp board of directors.  Burrell lacks knowledge or
3  information sufficient to form a belief as to the truth of the remaining
4  allegations of Paragraph 15 and on that basis denies those allegations.

5    16.    Burrell admits that former defendant John M. Merlo ("Merlo")
6  was a member of the WesCorp board of directors.  Burrell lacks knowledge or
7  information sufficient to form a belief as to the truth of the remaining
8  allegations of Paragraph 16 and on that basis denies those allegations.

9    17.    Burrell admits that former defendant Gordon Dames ("Dames")
10  was a member of the WesCorp board of directors.  Burrell lacks knowledge or
11  information sufficient to form a belief as to the truth of the remaining
12  allegations of Paragraph 17 and on that basis denies those allegations.

13    18.    Burrell admits that former defendant William Cheney ("Cheney")
14  was a member of the WesCorp board of directors.  Burrell lacks knowledge or
15  information sufficient to form a belief as to the truth of the remaining
16  allegations of Paragraph 18 and on that basis denies those allegations.

17    19.    Burrell admits that former defendant Warren Nakamura
18  ("Nakamura") was a member of the WesCorp board of directors.  Burrell lacks
19  knowledge or information sufficient to form a belief as to the truth of the
20  remaining allegations of Paragraph 19 and on that basis denies those
21  allegations.

22    20.    Burrell admits that former defendant Brian Osberg ("Osberg")
23  was a member of the WesCorp board of directors.  Burrell lacks knowledge or
24  information sufficient to form a belief as to the truth of the remaining
25  allegations of Paragraph 20 and on that basis denies those allegations.

26    21.    Burrell admits that former defendant David Rhamy ("Rhamy")
27  was a member of the WesCorp board of directors.  Burrell lacks knowledge or
28

Answer & Counterclaims of Robert John Burrell
No. CV 10-01597 GW (MANx)

1    information sufficient to form a belief as to the truth of the remaining

2    allegations of Paragraph 21 and on that basis denies those allegations.

3        22.    Burrell admits that former defendant Sharon Updike ("Updike")

4    was a member of the WesCorp board of directors.  Burrell lacks knowledge or

5    information sufficient to form a belief as to the truth of the remaining

6    allegations of Paragraph 22 and on that basis denies those allegations.

7        23.    Burrell admits that several of the Director Defendants[2] were

8    members of WesCorp's Asset and Liability Committee ("ALCO"), budget

9    committee, compensation committee or other committees.  Burrell lacks

10   knowledge or information sufficient to form a belief as to the truth of the

11   remaining allegations of Paragraph 23 and on that basis denies those

12   allegations.

13       24.    Burrell admits that WesCorp had a detailed set of corporate

14   policies, which speak for themselves.  Burrell lacks knowledge or information

15   sufficient to form a belief as to the remaining allegations of Paragraph 24 and

16   on that basis denies those allegations.

17       25.    Burrell admits that WesCorp had a detailed set of corporate

18   policies, which speak for themselves and which defined the role of the ALCO.

19   Burrell lacks knowledge or information sufficient to form a belief as to the

20   remaining allegations of Paragraph 25 and on that basis denies those

21   allegations.

22       26.    Burrell admits that many WesCorp board members regularly

23   attended ALCO meetings and that he regularly made presentations at ALCO

24   meetings.  Burrell lacks knowledge or information sufficient to form a belief

25

26   ─────────────────

[2] Burrell uses the term "Director Defendants" as used in the SAC to refer to
27   former defendants Harvey, Merlo, Dames, Jordan, Kramer, Cheney, Lentz,
     Nakamura, Osberg, Rhamy and Updike.
28

601579684v2                            - 6 -        Answer & Counterclaims of Robert John Burrell
                                                    No. CV 10-01597 GW (MANx)

1    as to the truth of the remaining allegations of Paragraph 26 and on that basis

2    denies those allegations.

3        27.    Burrell admits that WesCorp had a budget committee, which

4    reviewed and had the power to accept or reject WesCorp's annual budget

5    before sending the budget to the full board for its consideration.  Burrell lacks

6    knowledge or information sufficient to form a belief as to the truth of the

7    remaining allegations of Paragraph 27 and on that basis denies them.

8        28.    Paragraph 28 contains legal conclusions, to which no response is

9    required.  To the extent the allegations require a response, they are denied.

10       29.    Paragraph 29 contains legal conclusions, to which no response is

11   required.  To the extent the allegations require a response, they are denied.

12                              **SUMMARY OF CLAIMS**

13       30.    Burrell admits that WesCorp was a non-profit corporate credit

14   union run for the benefit of its members, who were themselves credit unions,

15   and that WesCorp provided its members with banking and investment

16   services.  The remaining allegations of Paragraph 30 contain legal

17   conclusions, to which no response is required.  To the extent the allegations

18   require a response, they are denied.

19       31.    Burrell admits that WesCorp was a corporate federal credit union

20   and provided its members with banking and investment services.  Burrell

21   admits that Siravo once served as President and CEO of WesCorp.  Burrell

22   lacks knowledge or information sufficient to form a belief as to the truth of the

23   remaining allegations of Paragraph 31, and on that basis denies those

24   allegations.

25       32.    Burrell admits that WesCorp invested its members' funds in

26   securities, including private label mortgage backed securities ("MBS"), and

27   that the NCUA and WesCorp's members knew on a timely basis what kinds of

28

1  investments WesCorp had made.  Burrell lacks knowledge or information

2  sufficient to form a belief as to the remaining allegations of Paragraph 32 and

3  on that basis denies those allegations.

4       33.    Burrell lacks knowledge or information sufficient to form a belief

5  as to the truth of the allegations of Paragraph 33 and on that basis denies those

6  allegations.

7       34.    Burrell avers that WesCorp primarily used the income from its

8  investments to increase the return to members on their invested funds and to

9  decrease the amount WesCorp charged members for the services it rendered to

10  them.  Burrell lacks knowledge or information sufficient to form a belief as to

11  the truth of the allegations of Paragraph 34 and on that basis denies those

12  allegations.

13      35.    Burrell lacks knowledge or information sufficient to form a belief

14  as to the truth of allegations of Paragraph 35 and on that basis denies those

15  allegations.

16      36.    Burrell admits that WesCorp invested in private label MBS,

17  including MBS based on Option ARM loans.  Burrell lacks knowledge or

18  information sufficient to form a belief as to the truth of the remaining

19  allegations of Paragraph 36 and on that basis denies those allegations.

20      37.    Burrell denies the allegations of Paragraph 37.

21      38.    Burrell admits that WesCorp invested in private label MBS,

22  including MBS based on Option ARM loans.  Burrell lacks knowledge or

23  information sufficient to form a belief as to the truth of the remaining allegations of

24  Paragraph 38 and on that basis denies those allegations.

25      39.    Burrell admits, on information and belief, that the MBS loans that

26  WesCorp purchased for investment were rated AAA or at least AA by

27  Moody's and S&P, or both, and were underwritten by the world's leading

28

1   investment banks.  Burrell lacks knowledge or information sufficient to form a

2   belief as to the truth of the remaining allegations of Paragraph 39 and on that

3   basis denies those allegations.

4       40.    Burrell lacks knowledge or information to form a belief as to the

5   truth of the allegations regarding WesCorp's 2009 recorded losses, and on that

6   basis denies them, except to the extent they reference the contents of

7   WesCorp's 2009 financial statements, which speak for themselves and which

8   were largely based on assumptions, forecasts and models imposed on

9   WesCorp by the NCUA.  Burrell refers to WesCorp's 2009 financial

10  statements for their contents and denies any characterization inconsistent with

11  their terms.  Burrell lacks knowledge or information sufficient to form a belief

12  as to the truth of the remaining allegations of Paragraph 40 and on that basis

13  denies those allegations.

14      41.    Burrell lacks knowledge or information sufficient to form a belief

15  as to the truth of the allegations of Paragraph 41, and on that basis denies those

16  allegations.

17      42.    Burrell lacks knowledge or information sufficient to form a belief

18  as to the truth of the allegations of Paragraph 42 and on that basis denies those

19  allegations.

20      43.    Paragraph 43 contains legal conclusions, to which no response is

21  required.  To the extent they require a response, Burrell denies the allegations

22  about himself and lacks information or knowledge sufficient to form a belief

23  as to the truth of the allegations of Paragraph 43 about others and on that basis

24  denies those allegations.

25

26

27

28

## FACTUAL ALLEGATIONS

### The Federal Credit Union System

44.     Burrell admits, on information and belief, that the federal credit union system is a three-tier system consisting of (1) one wholesale corporate credit union (U.S. Central Federal Credit Union); (2) retail corporate credit unions; and (3) "natural person" credit unions.  Burrell further admits, on information and belief, that the wholesale corporate credit union, "U.S. Central," provides services to the retail corporate credit unions, while the retail corporate credit unions provide services to both federally-chartered and state-chartered natural person credit unions.  Burrell lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 44 and on that basis denies them.

45.     Burrell admits, on information and belief, that WesCorp was a retail corporate credit union.  Burrell lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 45 and on that basis denies those allegations.

46.     Burrell admits, on information and belief, that corporate credit unions are not-for-profit institutions owned by their members and that in the case of retail corporate credit unions, the members are primarily natural person credit unions.

47.     Burrell admits, on information and belief, that retail corporate credit unions provide services and support to their natural person credit union members.  Burrell admits, on information and belief, that retail corporate credit unions offer their natural person credit unions banking and investment products and services, and that these products and services may include settlement of transactions such as checks, ATM and credit card transactions and wire transfers.  Burrell lacks knowledge or information sufficient to form

1    a belief as to the truth of the remaining allegations of Paragraph 47 and on that

2    basis denies those allegations.

3         48.    Burrell avers that the NCUA and WesCorp's members knew,

4    approved of and encouraged WesCorp's investment strategy, including

5    without limitation its attempts to obtain higher returns on members'

6    investments than could be obtained through investing solely or predominantly

7    in MBS issued by government agencies such as Fannie Mae and Freddie Mac

8    ("agency MBS").  Burrell lacks knowledge or information sufficient to form a

9    belief as to the truth of the allegations regarding alleged statements from

10   WesCorp's website, and on that basis denies them, except to the extent they

11   reference the contents of WesCorp's website, which speaks for itself.  Burrell

12   refers to WesCorp's website for its contents and denies any characterization

13   inconsistent with its terms.  Burrell lacks knowledge or information sufficient

14   to form a belief as to the truth of the remaining allegations of Paragraph 48

15   and on that basis denies those allegations.

16        49.    Burrell lacks knowledge or information sufficient to form a belief

17   as to the truth of the allegations regarding alleged statements from WesCorp's

18   bylaws, and on that basis denies them, except to the extent they reference the

19   contents of WesCorp's bylaws, which speak for themselves.  Burrell refers to

20   WesCorp's bylaws for their contents and denies any characterization

21   inconsistent with their terms.  Burrell lacks knowledge or information

22   sufficient to form a belief as to the truth of the remaining allegations of

23   Paragraph 49 and on that basis denies those allegations.

24        50.    Burrell admits, on information and belief, that corporate credit

25   unions invest the assets of their natural person credit union members, when

26   requested to do so by their members, and provide banking and investment

27   services to their members.  Burrell lacks knowledge or information sufficient

28

Answer & Counterclaims of Robert John Burrell
No. CV 10-01597 GW (MANx)

1    to form a belief as to the truth of the allegations of Paragraph 50 and on that

2    basis denies those allegations.

3        51.    Burrell admits, on information and belief, that WesCorp provided

4    services and liquidity to its credit union members and that many of the

5    members of WesCorp's board of directors were CEOs of natural person credit

6    unions that were members of WesCorp.  Burrell lacks knowledge or

7    information sufficient to form a belief as to the truth of the remaining

8    allegations of Paragraph 51 and on that basis denies them.

9            **The Officer Defendants' Responsibilities and Duties**

10       52.    Burrell lacks knowledge or information sufficient to form a belief

11   as to the truth of the allegations regarding alleged statements from WesCorp's

12   bylaws and policies, and on that basis denies them, except to the extent they

13   reference the contents of WesCorp's bylaws and policies, which speak for

14   themselves.  Burrell refers to WesCorp's bylaws and policies for their contents

15   and denies any characterization inconsistent with their terms.  Burrell lacks

16   knowledge or information sufficient to form a belief as to the truth of the

17   remaining allegations of Paragraph 52 and on that basis denies those

18   allegations.

19       53.    Burrell admits that Siravo once served as President and CEO of

20   WesCorp.  Burrell lacks knowledge or information sufficient to form a belief

21   as to the truth of the remaining allegations of Paragraph 53 and on that basis

22   denies those allegations.

23       54.    Paragraph 54 contains legal conclusions, to which no response is

24   required.  To the extent the allegations require a response, they are denied.

25       55.    Burrell admits that Lane once served as Chief Financial Officer

26   of WesCorp.  Burrell lacks knowledge or information sufficient to form a

27

28

Answer & Counterclaims of Robert John Burrell
No. CV 10-01597 GW (MANx)

1   belief as to the truth of the remaining allegations of Paragraph 55 and on that

2   basis denies those allegations.

3        56.    Burrell admits that he once served as Chief Investment Officer

4   for WesCorp, supervised its Investment Department and, as such, had

5   responsibility for day-to-day management of the balance sheet, investment

6   strategies, liquidity and interest rate risk.  Burrell is informed and believes and

7   on that basis avers that the NCUA approved of – and indeed required – that

8   WesCorp separate the credit risk management function from the interest rate

9   and liquidity risk taking and investment functions, and make the credit risk

10   management function a stand-alone unit, independent of the risk taking or

11   investment function.  *See* NCUA, OCCU, Guidelines for Submission of

12   Requests for Expanded Authority Under the Provisions of Appendix B, Part

13   704, NCUA Rules and Regulations (Oct. 17, 2002). Accordingly, Burrell had

14   no duty to perform the credit risk management function and by regulation,

15   policy and practice was prohibited from active participation in any credit

16   related decisions. Burrell denies that he had responsibility for credit risk

17   management.  Burrell avers that WesCorp's policies, which speak for

18   themselves, specified his duties.  The remaining allegations of Paragraph 56

19   are legal conclusions, to which no response is required.  To the extent the

20   allegations require a response, they are denied.

21        57.    Burrell denies the allegations of Paragraph 57.

22        58.    Burrell lacks knowledge or information sufficient to form a belief

23   as to the truth of the allegations of Paragraph 58 and on that basis denies those

24   allegations.

25        59.    Burrell admits that WesCorp at some time in the late 1990's

26   formed an Asset/Liability Staff Committee ("ALSC"), which reviewed

27   balance sheet management and investment strategy, among other matters,

28

1   which was in turn reviewed by the ALCO.  Burrell denies the remaining

2   allegations of Paragraph 59.

3       60.     Burrell admits that he was a voting member of the ALSC and

4   ALCO.  Burrell lacks knowledge or information sufficient to form a belief as

5   to the truth of the allegations in the second sentence of Paragraph 60 and on

6   that basis denies those allegations.  The remaining allegations of Paragraph 60

7   are legal conclusions, to which no response is required.  To the extent the

8   allegations require a response, they are denied.

9                          **WesCorp's Growth**

10      61.     Burrell avers that in the period before 1997, the NCUA

11  disapproved of WesCorp's management and strategies, and in particular told

12  WesCorp that it incurred excessive interest rate risk.  Burrell lacks knowledge

13  or information sufficient to form a belief as the truth of the allegations of

14  Paragraph 61 and on that basis denies those allegations.

15      62.     Burrell admits that Siravo once served as President and CEO of

16  WesCorp.  Burrell denies that WesCorp adopted aggressive plans or strategies

17  after 2002.  Burrell lacks knowledge or information sufficient to form a belief

18  as to the remaining allegations of Paragraph 62 and on that basis denies those

19  allegations.

20      63.     Burrell lacks knowledge or information sufficient to form a belief

21  as to the truth of the allegations of Paragraph 63 and on that basis denies those

22  allegations.

23      64.     Burrell lacks knowledge or information sufficient to form a belief

24  as to the truth of the allegations of Paragraph 64 and on that basis denies those

25  allegations.

26

27

28

Answer & Counterclaims of Robert John Burrell
No. CV 10-01597 GW (MANx)

1      65.     Burrell lacks knowledge or information sufficient to form a

2   belief as to the truth of the allegations of Paragraph 65 and on that basis denies

3   those allegations.

4      66.     Burrell lacks knowledge or information sufficient to form a belief

5   as to the truth of the allegations of Paragraph 66 and on that basis denies those

6   allegations.

7      67.     Burrell admits that for a period of time, private label MBS were

8   typically higher-yielding than agency MBS.  Burrell further admits that

9   WesCorp invested in MBS, including private label MBS.  Burrell lacks

10   knowledge or information sufficient to form a belief as to the truth of the

11   remaining allegations of Paragraph 67 and on that basis denies those

12   allegations.

13      68.     Burrell lacks knowledge or information sufficient to form a belief

14   as to the truth of the allegations regarding alleged statements from WesCorp's

15   policies, and on that basis denies them, except to the extent they reference the

16   contents of WesCorp's policies, which speak for themselves.  Burrell refers to

17   WesCorp's policies for their contents and denies any characterization

18   inconsistent with their terms. Burrell avers that the NCUA by and large

19   approved of WesCorp's capital goals and that, to the extent that the NCUA

20   suggested changes in those goals, WesCorp made the suggested changes.

21   Burrell lacks knowledge or information sufficient to form a belief as to the

22   truth of the allegations of Paragraph 68 and on that basis denies those

23   allegations.

24      69.     Burrell avers that WesCorp primarily used the income from

25   members' investments to benefit members, by offering them a higher return on

26   their investments, or lower charges for services, or both.  Burrell lacks

27

28

Answer & Counterclaims of Robert John Burrell
No. CV 10-01597 GW (MANx)

1  knowledge or information sufficient to form a belief as to the truth of the

2  allegations of Paragraph 69 and on that basis denies those allegations.

3        70.    Burrell lacks knowledge or information sufficient to form a belief

4  as to the truth of the allegations of Paragraph 70 and on that basis denies those

5  allegations.

6                **WesCorp's Private Label MBS Investments**

7        71.    Burrell lacks knowledge or information sufficient to form a belief

8  as to the truth of the allegations of Paragraph 71 and on that basis denies those

9  allegations.

10       72.    Burrell lacks knowledge or information sufficient to form a belief

11  as to the truth of the allegations of Paragraph 72 and on that basis denies those

12  allegations.

13       73.    Burrell admits that WesCorp invested in AAA-rated and AA-

14  rated private label MBS.  Burrell avers that the NCUA gave WesCorp special

15  permission to invest in much lower rated securities, which authority WesCorp

16  did not use.  Burrell also avers that the NCUA's regulations and WesCorp's

17  policies  speak for themselves.  Burrell lacks knowledge or information

18  sufficient to form a belief as to the truth of the remaining allegations of

19  Paragraph 73 and on that basis denies those allegations.

20       74.    Burrell admits that until mid 2007 WesCorp invested in AAA-

21  rated private label MBS, including Option ARM MBS.  Burrell admits that

22  WesCorp also invested in Collateralized Debt Obligations ("CDOs"), which

23  are not MBS but multi-class assets that can include MBS along with other

24  types of collateral.  Burrell lacks knowledge or information sufficient to form

25  a belief as to the truth of the remaining allegations of Paragraph 74 and on that

26  basis denies those allegations.

27

28

Answer & Counterclaims of Robert John Burrell
No. CV 10-01597 GW (MANx)

75.     Burrell admits that WesCorp also invested in CDOs, which are not MBS but multi-class assets that can include MBS along with other types of collateral, and denies that all the CDOs in which WesCorp invested were backed solely by pools of MBS.  The remaining allegations of Paragraph 75 are legal conclusions, to which no response is required.  To the extent the allegations require a response, they are denied.

76.     Burrell admits that WesCorp purchased CDOs.  Burrell lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 76 and on that basis denies those allegations.

77.     Burrell admits that Option ARM MBS are ownership interests in pools of Option ARM mortgages.  Burrell further admits, on information and belief, that in some instances the monthly payments due on Option ARM mortgages could be adjusted, at the mortgagee's option, and sometimes reset in accordance with the terms of the mortgage.  Burrell lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 77 and on that basis denies those allegations.

78.     Burrell denies that through mid 2007 all reduced documentation (or "Alt-A") mortgage loans were commonly called "liar loans" and avers that he and many people regarded some reduced documentation loans as only slightly riskier than "prime" or "conforming" mortgages, and less risky than "subprime" mortgages.  Burrell lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 78 and on that basis denies those allegations.

79.     Burrell denies that through mid 2007 he or many people regarded all Alt-A loans as inherently risky and avers that he and many people regarded some reduced documentation loans as only slightly riskier than "prime" or

Answer & Counterclaims of Robert John Burrell
No. CV 10-01597 GW (MANx)

1  "conforming" mortgages, and less risky than "subprime" mortgages.  Burrell

2  lacks knowledge or information sufficient to form a belief as to the truth of the

3  allegations of Paragraph 79 and on that basis denies those allegations.

4      80.    Burrell admits that WesCorp invested in Option ARM MBS.

5  Burrell lacks knowledge or information sufficient to form a belief as to the

6  truth of the remaining allegations of Paragraph 80 and on that basis denies

7  those allegations.

8      81.    Burrell admits that WesCorp purchased certain MBS from

9  tranches other than the very highest tranches but denies that he or others

10  regarded these tranches of loans – which were many levels senior to the much

11  lower tranches that the NCUA gave WesCorp permission to buy – as unduly

12  risky.  Burrell further admits, on information and belief, that tranches below

13  the very highest tranches generally pay a higher yield than do the very highest

14  tranches.  Burrell lacks knowledge or information sufficient to form a belief as

15  to the truth of the remaining allegations of Paragraph 81 and on that basis

16  denies those allegations.

17      82.    Burrell admits that WesCorp invested in some AA-rated MBS

18  through 2006 but not thereafter.  Burrell avers that the NCUA gave WesCorp

19  special permission, through "Expanded Authorities," to invest in securities

20  rated many levels below AA but that WesCorp chose not to invest in such

21  lower rated securities.  Burrell lacks knowledge or information sufficient to

22  form a belief as to the truth of the remaining allegations of Paragraph 82 and

23  on that basis denies those allegations.

24      83.    Burrell lacks knowledge or information sufficient to form a belief

25  as to the truth of the allegations of Paragraph 83 and on that basis denies those

26  allegations.

27

28

1    84.    Burrell denies that WesCorp invested in the tranches most likely

2    to suffer losses or in anything close to that risky.  Burrell avers that the NCUA

3    gave WesCorp special permission to invest in securities rated many levels

4    below AAA and indeed below AA but that WesCorp chose not to invest in

5    such lower rated securities. Burrell lacks knowledge or information sufficient

6    to form a belief as to the truth of the remaining allegations of Paragraph 84

7    and on that basis denies those allegations.

8                          **WesCorp's Budgets**

9    85.    Burrell admits that every year WesCorp's management and board

10   of directors went through a months-long process to create a budget for the next

11   year.  Burrell admits that his Investment Department provided some of the

12   inputs for that budget process, including detailed assumptions and projections

13   regarding balances, investment income, cost of funds and net interest income.

14   Burrell lacks knowledge or information sufficient to form a belief as to the

15   truth of the remaining allegations of Paragraph 85 and on that basis denies

16   those allegations.

17   86.    Paragraph 86 contains legal conclusions, to which no response is

18   required.  To the extent the allegations require a response, Burrell denies the

19   allegations about himself and lacks knowledge or information sufficient to

20   form a belief as to the truth of the allegations of Paragraph 86 about others and

21   on that basis denies those allegations.

22   87.    Paragraph 87 contains legal conclusions, to which no response is

23   required.  To the extent the allegations require a response, Burrell lacks

24   knowledge or information sufficient to form a belief as to the truth of the

25   allegations of Paragraph 87 and on that basis denies those allegations.

26   88.    Burrell lacks knowledge or information sufficient to form a belief

27   as to the truth of the allegations of Paragraph 88 and on that basis denies those

28

Answer & Counterclaims of Robert John Burrell
No. CV 10-01597 GW (MANx)

1   allegations, except to the extent they reference the contents of WesCorp's

2   budgets, which speak for themselves.  Burrell refers to WesCorp's budgets for

3   their contents and denies any characterization inconsistent with their terms.

4        89.   Burrell admits that the return WesCorp earned on its investment

5   portfolio affected WesCorp's investment income:  this is tautologically true.

6   Burrell denies the remaining allegations of Paragraph 89, including but not

7   limited to any implication that WesCorp took imprudent investment risks for

8   the sake of achieving the goals set by budgets.

9        90.   Burrell denies that the 2007 budget, or any WesCorp budget,

10   "mandated" or required anything; rather, budgets set goals, which might or

11   might not be abandoned, achieved or modified as circumstances warranted.

12   Burrell lacks knowledge or information sufficient to form a belief as to the

13   truth of the allegations of Paragraph 90 and on that basis denies those

14   allegations, except to the extent they reference the contents of WesCorp's

15   budgets, which speak for themselves.  Burrell refers to WesCorp's budgets for

16   their contents and denies any characterization inconsistent with their terms.

17        91.   Burrell denies the allegations of Paragraph 91, including but not

18   limited to any implication that he or the Investment Department ever ensured

19   or guaranteed any particular level of income, or took imprudent investment

20   risks for the sake of achieving the goals set by budgets.

21        92.   Burrell lacks knowledge or information sufficient to form a belief

22   as to the truth of the allegations of Paragraph 92 and on that basis denies those

23   allegations.

24        93.   Burrell lacks knowledge or information sufficient to form a belief

25   as to the truth of the allegations of Paragraph 93 and on that basis denies those

26   allegations.

27

28

1    94.    Burrell lacks knowledge or information sufficient to form a belief
2    as to the truth of the allegations of Paragraph 94, and on that basis denies those
3    allegations, except to the extent they reference the contents of WesCorp's
4    budgets, which speak for themselves.  Burrell refers to WesCorp's budgets for
5    their contents and denies any characterization inconsistent with their terms.
6    95.    Burrell denies the allegations of Paragraph 95.
7    96.    Burrell admits that in 2005 and 2006 he knew that the spreads
8    between the returns on agency MBS and the returns on private label MBS,
9    while fluctuating, generally were narrowing and that, at virtually every ALCO
10   meeting, spreads (among many other things) were discussed.  The fact that
11   spreads on private label MBS were narrowing, in and of itself, suggests that
12   credit concerns by the majority of investors about the potential impact of a
13   deterioration in housing market on highly rated MBS were not unduly
14   heightened at that time.  Burrell lacks knowledge or information sufficient to
15   form a belief as to the truth of the remaining allegations of Paragraph 96 and
16   on that basis denies those allegations.
17   97.    Burrell lacks knowledge or information sufficient to form a belief
18   as to the truth of the allegations of Paragraph 97 and on that basis denies those
19   allegations, except to the extent they reference the contents of WesCorp's
20   ALCO books, which speak for themselves.  Burrell refers to WesCorp's
21   ALCO books for their contents and denies any characterization inconsistent
22   with their terms.
23   98.    Burrell admits that in 2005 and 2006 he knew that the spreads
24   between the returns on agency MBS and the returns on private label MBS,
25   while fluctuating, generally were narrowing.  Burrell denies the remaining
26   allegations of Paragraph 98.
27
28

Answer & Counterclaims of Robert John Burrell
No. CV 10-01597 GW (MANx)

1      99.    Burrell avers that in 2005 and 2006 he knew that the spreads

2   between the returns on agency MBS and the returns on private label MBS,

3   while fluctuating, generally were narrowing.  Burrell lacks knowledge or

4   information sufficient to form a belief as to the truth of the allegations of

5   Paragraph 99 and on that basis denies those allegations.

6      100.   Paragraph 100 contains legal conclusions, to which no response is

7   required.  To the extent the allegations require a response, Burrell denies those

8   allegations.

9      101.   Paragraph 101 contains legal conclusions, to which no response is

10   required.  To the extent the allegations require a response, Burrell lacks

11   knowledge or information sufficient to form a belief as to the truth of the

12   allegations of Paragraph 101 and on that basis denies those allegations.

13      102.   Paragraph 102 contains legal conclusions, to which no response is

14   required.  To the extent the allegations require a response, Burrell lacks

15   knowledge or information sufficient to form a belief as to the truth of the

16   allegations of Paragraph 102 and on that basis denies those allegations.

17      103.   Paragraph 103 contains legal conclusions, to which no response is

18   required.  To the extent the allegations require a response, Burrell denies those

19   allegations.

20      104.   Burrell denies the allegations of Paragraph 104.

21                **MBS Concentration**

22      105.   Paragraph 105 contains legal conclusions, to which no response is

23   required.  To the extent the allegations require a response, Burrell admits that

24   the NCUA had regulations, which speak for themselves.  Burrell lacks

25   knowledge or information sufficient to form a belief as to the truth of the

26   remaining allegations of Paragraph 105 and on that basis denies those

27   allegations.

28

- 22 -

Answer & Counterclaims of Robert John Burrell
No. CV 10-01597 GW (MANx)

106.   Burrell lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 106 and on that basis denies those allegations.

107.   Burrell admits that WesCorp provided services to its members, including investing their funds if requested to do so.  Burrell lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 107 and on that basis denies those allegations.

108.   Burrell admits that WesCorp's board had responsibility for setting investment policies.  Burrell admits that WesCorp had many investment policies, which speak for themselves.  Burrell lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 108 and on that basis denies those allegations.

109.   Burrell admits that WesCorp's ALCO Committee had responsibility for overseeing corporate policies, including those related to investment activities and credit risk management.  Burrell admits that WesCorp had many investment policies, which speak for themselves.  Burrell lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 109 and on that basis denies those allegations.

110.   Burrell admits that Sidley headed WesCorp's Risk Assessment Department.  Burrell admits that he headed WesCorp's Investment Department.  Burrell admits that the Investment Department would suggest certain concentration limits, based largely on the size of WesCorp's balance sheet, to WesCorp's Investment Credit Services Department, which in turn would exercise its own independent judgment and then recommend concentration limits to WesCorp's ALCO and board.  Burrell lacks knowledge

Answer & Counterclaims of Robert John Burrell
No. CV 10-01597 GW (MANx)

1   or information sufficient to form a belief as to the truth of the remaining

2   allegations of Paragraph 110 and on that basis denies those allegations.

3        111.   Burrell admits that WesCorp's board adopted policies specifying

4   concentration limits for its investment securities and from time to time

5   amended the policies to change limits or impose new limits, which policies

6   and which amendments speak for themselves.  Burrell lacks knowledge or

7   information sufficient to form a belief as to the truth of the remaining

8   allegations of Paragraph 111 and on that basis denies those allegations.

9        112.   Burrell admits that the Investment Department would suggest

10  certain concentration limits, based largely on WesCorp's balance sheet rather

11  than on its budget or projected investment yields, to WesCorp's Investment

12  Credit Services Department, which in turn would exercise its own independent

13  judgment and then recommend concentration limits to WesCorp's ALCO and

14  board.  Burrell lacks knowledge or information sufficient to form a belief as to

15  the truth of the remaining allegations of Paragraph 112 and on that basis

16  denies them.

17       113.   Paragraph 113 contains legal conclusions, to which no response is

18  required.  To the extent the allegations require a response, Burrell lacks

19  knowledge or information sufficient to form a belief as to the truth of the

20  allegations of Paragraph 113 and on that basis denies those allegations.

21       114.   Paragraph 114 contains legal conclusions, to which no response is

22  required.  To the extent the allegations require a response, Burrell admits that

23  WesCorp purchased AAA-rated private label MBS.  Burrell lacks knowledge

24  or information sufficient to form a belief as to the truth of the remaining

25  allegations of Paragraph 114 and on that basis denies those allegations.

26

27

28

## Option ARM MBS

1

2        115.   Burrell lacks knowledge or information sufficient to form a belief

3    as to the truth of the allegations of Paragraph 115 and on that basis denies

4    those allegations, except to the extent they reference the contents of

5    WesCorp's corporate policies, which speak for themselves.  Burrell refers to

6    WesCorp's corporate policies for their contents and denies any

7    characterization inconsistent with their terms.

8        116.   Burrell admits that WesCorp purchased Option ARM MBS.

9    Burrell lacks information or knowledge sufficient to form a belief as to the

10   truth of the remaining allegations of Paragraph 116 and on that basis denies

11   those allegations.

12       117.   Burrell denies that Option ARM MBS was a "new" type of

13   security within the meaning of WesCorp's policies.  Burrell denies the

14   remaining allegations of Paragraph 117.

15       118.   Burrell denies that Option ARM MBS was a "new" type of

16   security within the meaning of WesCorp's policies.  Burrell lacks knowledge

17   or information sufficient to form a belief as to the truth of the remaining

18   allegations of Paragraph 118 and on that basis denies those allegations.

19       119.   Paragraph 119 contains legal conclusions, to which no response is

20   required.  To the extent the allegations require a response, Burrell denies that

21   Option ARM MBS was a "new" type of security within the meaning of

22   WesCorp's policies.  Burrell lacks knowledge or information sufficient to

23   form a belief as to the truth of the allegations of Paragraph 119 and on that

24   basis denies those allegations.

25       120.   Burrell admits that he knew that "reset shock" was one factor (of

26   perhaps 20) affecting the potential performance of collateral pools of Option

27   ARM MBS.  However, the degree to which that factor impacted the credit

28

1   risks associated with the Option ARM MBS securities themselves was also
2   highly dependent on the specific level and type of credit enhancement or
3   credit support provided to each individual security. At this time, and in
4   subsequent periods through the period that WesCorp invested in Option
5   ARMs, the surveillance reports produced by Investment Credit Services
6   indicated that Option ARM collateral pools were performing better than
7   expected. Burrell denies the other allegations of Paragraph 120 pertaining to
8   him or to what he allegedly knew. Burrell lacks information or knowledge
9   sufficient to form a belief as to the truth of the allegations of Paragraph 120
10  pertaining to others and on that basis denies those allegations.

11      121.   Burrell lacks information or knowledge sufficient to form a belief
12  as to the truth of the allegations of Paragraph 121 and on that basis denies
13  those allegations.

14      122.   Burrell lacks information or knowledge sufficient to form a belief
15  as to the truth of the allegations of Paragraph 122 and on that basis denies
16  those allegations.

17      123.   Burrell lacks knowledge or information sufficient to form a belief
18  as to the truth of the allegations of Paragraph 123 and on that basis denies
19  those allegations.

20      124.   Burrell denies that he was "required" to recommend, propose or
21  adopt concentration limits for specific types of collateral such as Option ARM
22  MBS. Burrell avers that WesCorp had a number of different concentration
23  limits that applied to Option ARM MBS, as well as other types of investments.
24  Burrell lacks knowledge or information sufficient to form a belief as to the
25  truth of the remaining allegations of Paragraph 124 and on that basis denies
26  those allegations.

27

28

Answer & Counterclaims of Robert John Burrell
No. CV 10-01597 GW (MANx)

1    125.   Burrell lacks knowledge or information sufficient to form a belief

2    as to the truth of the allegations of Paragraph 125 and on that basis denies

3    those allegations.

4    126.   Burrell admits that WesCorp's board adopted meaningful

5    concentration limits for its private label MBS investments.  Burrell lacks

6    information or knowledge sufficient to form a belief as to the truth of the

7    remaining allegations of Paragraph 126 and on that basis denies those

8    allegations.

9    127.   Paragraph 127 contains legal conclusions, to which no response is

10   required.  To the extent the allegations require a response, they are denied.

11   128.   Burrell denies that he was required to recommend, propose or

12   adopt concentration limits for AAA-rated private label MBS by tranche

13   position.  Burrell avers that WesCorp had a number of different concentration

14   limits that applied to AAA-rated private label MBS, as well as other types of

15   investments.  Burrell lacks knowledge or information sufficient to form a

16   belief as to the truth of the remaining allegations of Paragraph 128 and on that

17   basis denies those allegations.

18   129.   Burrell denies that he was required to recommend, propose or

19   adopt concentration limits for Option ARM MBS or lower tranche AAA-rated

20   private label MBS in WesCorp's portfolio.  Burrell avers that WesCorp had a

21   number of different concentration limits that applied to Option ARM MBS, as

22   well as other types of investments.  Burrell lacks information or knowledge

23   sufficient to form a belief as to the truth of the remaining allegations of

24   Paragraph 129 and on that basis denies those allegations.

25   130.   Burrell avers that WesCorp had a number of different

26   concentration limits that applied to Option ARM MBS, as well as other types

27   of investments, and tracked compliance with each.  Burrell lacks information

28

1    or knowledge sufficient to form a belief as to the truth of the allegations of

2    Paragraph 130 and on that basis denies those allegations.

3    131.   Burrell denies the allegations of Paragraph 131 pertaining to him

4    and to what he knew.  Burrell lacks information or knowledge sufficient to

5    form a belief as to the truth of the remaining allegations of Paragraph 131 and

6    on that basis denies those allegations.

7    132.   Burrell admits that he served as the officer in charge of the

8    Investment Department.  Burrell admits that at one time Sidley was the officer

9    in charge of the Investment Credit Services Department and Chief Risk

10   Officer.  Burrell denies that the Investment Department had the responsibility

11   for monitoring and reviewing credit risk (as opposed to liquidity and interest

12   rate risk).  Burrell denies that the credit risk monitoring and reviews he saw

13   that were performed by other departments within WesCorp were perfunctory

14   or rote.  Burrell lacks knowledge or information sufficient to form a belief as

15   to the truth of the remaining allegations of Paragraph 132 and on that basis

16   denies those allegations.

17   133.   Paragraph 133 contains legal conclusions, to which no response is

18   required.  To the extent the allegations require a response, Burrell denies that

19   the Investment Department had the responsibility for monitoring and

20   reviewing credit risk (as opposed to liquidity and interest rate risk).  Burrell

21   denies that the credit risk monitoring and reviews he saw that were performed

22   by other departments within WesCorp were other than thorough.  Burrell lacks

23   information or knowledge sufficient to form a belief as to the truth of the

24   remaining allegations of Paragraph 133 and on that basis denies those

25   allegations.

26

27

28

## The Warnings of Risks in WesCorp's Portfolio

134.   Burrell lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 134 and on that basis denies those allegations.

135.   Burrell admits that the Officer Defendants and the Director Defendants generally attended the ALCO meetings.  Burrell refers to WesCorp's ALCO books, which speak for themselves, for their contents and denies any characterization inconsistent with their terms.  Burrell lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 135 and on that basis denies those allegations.

136.   Burrell admits that in 2005 and 2006 he knew that the spreads between the returns on agency MBS and the returns on private label MBS, while fluctuating, generally were narrowing.  Burrell refers to WesCorp's ALCO books, which speak for themselves, for their contents and denies any characterization inconsistent with their terms.  Burrell denies any implication that he or the Investment Department recommended, or that WesCorp made, any investments believed to be other than "good" safe and sound investments. Burrell denies the remaining allegations of Paragraph 136.

137.   Burrell refers to WesCorp's ALCO books, which speak for themselves, for their contents and denies any characterization inconsistent with their terms.  Burrell lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 137 and on that basis denies those allegations.

138.   Burrell lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 138 and on that basis denies those allegations, except to the extent they reference the contents of

1   WesCorp's ALCO books, which speak for themselves.  Burrell refers to

2   WesCorp's ALCO books for their contents and denies any characterization

3   inconsistent with their terms.

4        139.   Burrell lacks knowledge or information sufficient to form a belief

5   as to the truth of the allegations in Paragraph 139 and on that basis denies

6   those allegations, except to the extent they reference the contents of

7   WesCorp's ALCO books, which speak for themselves.  Burrell refers to

8   WesCorp's ALCO books for their contents and denies any characterization

9   inconsistent with their terms.

10       140.   Burrell lacks information or knowledge sufficient to form a belief

11   as to the truth of the allegations of Paragraph 140 and on that basis denies

12   those allegations.

13       141.   Burrell lacks knowledge or information sufficient to form a belief

14   as to the truth of the allegations in Paragraph 141 and on that basis denies

15   those allegations, except to the extent they reference the contents of

16   WesCorp's ALCO books, which speak for themselves.  Burrell refers to

17   WesCorp's ALCO books for their contents and denies any characterization

18   inconsistent with their terms.

19       142.   Burrell lacks knowledge or information sufficient to form a belief

20   as to the truth of the allegations in Paragraph 142 and on that basis denies

21   those allegations, except to the extent they reference the contents of

22   WesCorp's ALCO books, which speak for themselves.  Burrell refers to

23   WesCorp's ALCO books for their contents and denies any characterization

24   inconsistent with their terms.

25       143.   Burrell admits that WesCorp reduced its purchases of AA-rated

26   MBS in 2005 and ceased them altogether by the end of 2006.  Burrell avers

27   that WesCorp took many other steps to monitor market trends and to protect

28

- 30 -

Answer & Counterclaims of Robert John Burrell
No. CV 10-01597 GW (MANx)

1   itself against adverse trends. Burrell lacks information or knowledge

2   sufficient to form a belief as to the truth of the remaining allegations of

3   Paragraph 143 and on that basis denies those allegations.

4        144.   Burrell denies that he failed to inform WesCorp's board and

5   ALCO of market trends, including any adverse market trends, and avers that

6   the ALCO books prove the contrary. Burrell denies that he failed to

7   recommend changes to investment strategy and avers that he recommended,

8   and WesCorp made, a number of changes to investment strategy, including

9   deemphasizing and then dropping altogether investments in AA-rated MBS

10  and in subprime MBS, and deemphasizing or dropping other investments

11  believed to be at increased risk once the housing market started to deteriorate.

12  Burrell lacks information or knowledge sufficient to form a belief as to the

13  truth of the remaining allegations of Paragraph 144 and on that basis denies

14  those allegations.

15       145.   Paragraph 145 contains legal conclusions, to which no response is

16  required. To the extent the allegations require a response, they are denied.

17       146.   Paragraph 146 contains legal conclusions, to which no response is

18  required. To the extent the allegations require a response, Burrell admits that

19  WesCorp stopped buying all private label MBS, including AAA-rated MBS,

20  by the middle of 2007. Burrell lacks information or knowledge sufficient to

21  form a belief as to the truth of the allegations of Paragraph 146 and on that

22  basis denies those allegations..

23       147.   Paragraph 147 contains legal conclusions, to which no response is

24  required. To the extent the allegations require a response, they are denied.

25

26

27

28

Answer & Counterclaims of Robert John Burrell
No. CV 10-01597 GW (MANx)

## The NCUA's Takeover of WesCorp

148.   Burrell lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 148 and on that basis denies those allegations.

149.   Burrell denies the first sentence of Paragraph 149 and avers that the NCUA took over WesCorp at a time when WesCorp was not insolvent, had not collapsed and did not lack sufficient liquidity to remain in operation. Burrell denies any allegation of Paragraph 149 that he was required to recommend, propose or adopt concentration limits for Option ARM MBS in WesCorp's portfolio.  Burrell lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 149 and on that basis denies those allegations.

150.   Burrell lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 150 and on that basis denies those allegations.

151.   Burrell denies that he was required to recommend, propose or adopt concentration limits for Option ARM MBS in WesCorp's portfolio. Burrell lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 151 and on that basis denies those allegations.

152.   Burrell lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 152 and on that basis denies those allegations.

153.   Burrell lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 153 and on that basis denies those allegations.

**The SERP Payments**

1

2     154.   Burrell admits that WesCorp's board authorized a supplemental

3  executive retention plan ("SERP") for a number of senior executives,

4  including himself, and avers that the NCUA deprived him of any and all

5  monies to which he would have been entitled at his expected retirement date

6  under his SERP but for the NCUA's actions.  Burrell lacks information or

7  knowledge sufficient to form a belief as to the truth of the remaining

8  allegations of Paragraph 154 and on that basis denies those allegations.

9     155.   Burrell admits that WesCorp's board authorized a SERP for a

10  number of senior executives, including himself, and avers that the NCUA

11  deprived him of any and all monies to which he would have been entitled

12  under his SERP but for the NCUA's actions.  Burrell lacks information or

13  knowledge sufficient to form a belief as to the truth of the allegations of

14  Paragraph 155 and on that basis denies those allegations.

15     156.   Burrell admits, on information and belief, that Siravo became

16  President and CEO of WesCorp.  Burrell lacks information or knowledge

17  sufficient to form a belief as to the truth of the remaining allegations of

18  Paragraph 156 and on that basis denies those allegations.

19     157.   Burrell lacks information or knowledge sufficient to form a belief

20  as to the truth of the allegations of Paragraph 157 and on that basis denies

21  those allegations.

22     158.   Burrell lacks information or knowledge sufficient to form a belief

23  as to the truth of the allegations of Paragraph 158 and on that basis denies

24  those allegations.

25     159.   Burrell lacks information or knowledge sufficient to form a belief

26  as to the truth of the allegations of Paragraph 159 and on that basis denies

27  those allegations.

28

1    160.   Burrell lacks information or knowledge sufficient to form a belief
2  as to the truth of the allegations of Paragraph 160 and on that basis denies
3  those allegations.

4    161.   Burrell lacks information or knowledge sufficient to form a belief
5  as to the truth of the allegations of Paragraph 161 and on that basis denies
6  those allegations.

7    162.   Burrell lacks information or knowledge sufficient to form a belief
8  as to the truth of the allegations of Paragraph 162 and on that basis denies
9  those allegations.

10    163.   Burrell lacks information or knowledge sufficient to form a belief
11  as to the truth of the allegations of Paragraph 163 and on that basis denies
12  those allegations.

13    164.   Burrell lacks information or knowledge sufficient to form a belief
14  as to the truth of the allegations of Paragraph 164 and on that basis denies
15  those allegations.

16    165.   Burrell lacks information or knowledge sufficient to form a belief
17  as to the truth of the allegations of Paragraph 165 and on that basis denies
18  those allegations.

19    166.   Burrell lacks information or knowledge sufficient to form a belief
20  as to the truth of the allegations of Paragraph 166 and on that basis denies
21  those allegations.

22    167.   Burrell lacks information or knowledge sufficient to form a belief
23  as to the truth of the allegations of Paragraph 167 and on that basis denies
24  those allegations.

25    168.   Burrell lacks information or knowledge sufficient to form a belief
26  as to the truth of the allegations of Paragraph 168 and on that basis denies
27  those allegations.

28

1    169. Burrell lacks information or knowledge sufficient to form a belief

2 as to the truth of the allegations of Paragraph 169 and on that basis denies

3 those allegations.

4    170. Burrell lacks information or knowledge sufficient to form a belief

5 as to the truth of the allegations of Paragraph 170 and on that basis denies

6 those allegations.

7    171. Burrell lacks information or knowledge sufficient to form a belief

8 as to the truth of the allegations of Paragraph 171 and on that basis denies

9 those allegations.

10    172. Burrell lacks information or knowledge sufficient to form a belief

11 as to the truth of the allegations of Paragraph 172 and on that basis denies

12 those allegations.

13    173. Burrell lacks information or knowledge sufficient to form a belief

14 as to the truth of the allegations of Paragraph 173 and on that basis denies

15 those allegations.

16    174. Burrell lacks information or knowledge sufficient to form a belief

17 as to the truth of the allegations of Paragraph 174 and on that basis denies

18 those allegations.

19    175. Burrell lacks information or knowledge sufficient to form a belief

20 as to the truth of the allegations of Paragraph 175 and on that basis denies

21 those allegations.

22    176. Burrell lacks information or knowledge sufficient to form a belief

23 as to the truth of the allegations of Paragraph 176 and on that basis denies

24 those allegations.

25    177. Burrell lacks information or knowledge sufficient to form a belief

26 as to the truth of the allegations of Paragraph 177 and on that basis denies

27 those allegations.

28

Answer & Counterclaims of Robert John Burrell
No. CV 10-01597 GW (MANx)

1    178.   Burrell lacks information or knowledge sufficient to form a belief
2  as to the truth of the allegations of Paragraph 178 and on that basis denies
3  those allegations.

4    179.   Burrell lacks information or knowledge sufficient to form a belief
5  as to the truth of the allegations of Paragraph 179 and on that basis denies
6  those allegations.

7    180.   Burrell lacks information or knowledge sufficient to form a belief
8  as to the truth of the allegations of Paragraph 180 and on that basis denies
9  those allegations.

10    181.   Burrell lacks information or knowledge sufficient to form a belief
11  as to the truth of the allegations of Paragraph 181 and on that basis denies
12  those allegations.

13    182.   Burrell lacks information or knowledge sufficient to form a belief
14  as to the truth of the allegations of Paragraph 182 and on that basis denies
15  those allegations.

16                      **FIRST CLAIM FOR RELIEF**

17      **(Breach of Fiduciary Duties – Against the Officer Defendants)**

18    183.   Burrell incorporates by reference his responses to paragraphs 1
19  through 182 as though set forth in full.

20    184.   Paragraph 184 contains legal conclusions, to which no response is
21  required.  To the extent the allegations require a response, they are denied.

22    185.   Paragraph 185 contains legal conclusions, to which no response is
23  required.  To the extent the allegations require a response, they are denied.

24    186.   Paragraph 186 contains legal conclusions, to which no response is
25  required.  To the extent the allegations require a response, they are denied.

26    187.   Paragraph 187 contains legal conclusions, to which no response is
27  required.  To the extent the allegations require a response, Burrell lacks

28

Answer & Counterclaims of Robert John Burrell
No. CV 10-01597 GW (MANx)

1   information or knowledge sufficient to form a belief as to the truth of the

2   allegations of Paragraph 187 and on that basis denies those allegations.

3       188.   Paragraph 188 contains legal conclusions, to which no response is

4   required.  To the extent the allegations require a response, Burrell lacks

5   information or knowledge sufficient to form a belief as to the truth of the

6   allegations of Paragraph 188 and on that basis denies those allegations.

7       189.   Paragraph 189 contains legal conclusions, to which no response is

8   required.  To the extent the allegations require a response, Burrell lacks

9   information or knowledge sufficient to form a belief as to the truth of the

10  allegations of Paragraph 189 and on that basis denies those allegations.

11      190.   Paragraph 190 contains legal conclusions, to which no response is

12  required.  To the extent the allegations require a response, Burrell denies those

13  allegations.

14      191.   Paragraph 191 contains legal conclusions, to which no response is

15  required.  To the extent the allegations require a response, Burrell denies the

16  allegations about himself and lacks information or knowledge sufficient to

17  form a belief as to the truth of the allegations of Paragraph 191 about others

18  and on that basis denies those allegations.

19      192.   Paragraph 192 contains legal conclusions, to which no response is

20  required.  To the extent the allegations require a response, Burrell denies the

21  allegations about himself and lacks information or knowledge sufficient to

22  form a belief as to the truth of the allegations of Paragraph 192 about others

23  and on that basis denies those allegations.

24      193.   Paragraph 193 contains legal conclusions, to which no response is

25  required.  To the extent the allegations require a response, Burrell denies the

26  allegations about himself and lacks information or knowledge sufficient to

27

28

601579684v2                    Answer & Counterclaims of Robert John Burrell
                               No. CV 10-01597 GW (MANx)

1  form a belief as to the truth of the allegations of Paragraph 193 about others

2  and on that basis denies those allegations.

3       194.   Paragraph 194 contains legal conclusions, to which no response is

4  required.  To the extent they require a response, Burrell lacks information or

5  knowledge sufficient to form a belief as to the truth of the allegations of

6  Paragraph 194 and on that basis denies those allegations.

7       195.   Paragraph 195 contains legal conclusions, to which no response is

8  required.  To the extent they require a response, Burrell lacks information or

9  knowledge sufficient to form a belief as to the truth of the allegations of

10  Paragraph 195 and on that basis denies those allegations.

11      196.   Paragraph 196 contains legal conclusions, to which no response is

12  required.  To the extent the allegations require a response, Burrell denies the

13  allegations about himself and lacks information or knowledge sufficient to

14  form a belief as to the truth of the allegations of Paragraph 196 about others

15  and on that basis denies those allegations.

16      197.   Paragraph 197 contains legal conclusions, to which no response is

17  required.  To the extent they require a response, Burrell denies those

18  allegations.

19      198.   Paragraph 197 contains legal conclusions, to which no response is

20  required.  To the extent they require a response, Burrell denies those

21  allegations.

22                   **SECOND CLAIM FOR RELIEF**

23   **(Breach of Fiduciary Duties – Against Defendants Rhamy, Updike,**

24              **Dames, Osberg, Longson and Harvey)**

25      199.   Burrell incorporates by reference his responses to paragraphs 1

26  through 198 as though set forth in full.

27

28

601579684v2                          - 38 -        Answer & Counterclaims of Robert John Burrell
                                                   No. CV 10-01597 GW (MANx)

1    200.   The Court has dismissed this claim and accordingly no response

2  is required.  Burrell is not named as a defendant to this Claim and accordingly

3  no response is required.  To the extent the allegations require a response,

4  Burrell lacks information or knowledge sufficient to form a belief as to the

5  truth of the allegations, and on that basis denies them.

6    201.   The Court has dismissed this claim and accordingly no response

7  is required.  Burrell is not named as a defendant to this Claim and accordingly

8  no response is required.  To the extent the allegations require a response,

9  Burrell lacks information or knowledge sufficient to form a belief as to the

10  truth of the allegations, and on that basis denies them.

11    202.   The Court has dismissed this claim and accordingly no response

12  is required.  Burrell is not named as a defendant to this Claim and accordingly

13  no response is required.  To the extent the allegations require a response,

14  Burrell lacks information or knowledge sufficient to form a belief as to the

15  truth of the allegations, and on that basis denies them.

16    203.   The Court has dismissed this claim and accordingly no response

17  is required.  Burrell is not named as a defendant to this Claim and accordingly

18  no response is required.  To the extent the allegations require a response,

19  Burrell lacks information or knowledge sufficient to form a belief as to the

20  truth of the allegations, and on that basis denies them.

21    204.   The Court has dismissed this claim and accordingly no response

22  is required.  Burrell is not named as a defendant to this Claim and accordingly

23  no response is required.  To the extent the allegations require a response,

24  Burrell lacks information or knowledge sufficient to form a belief as to the

25  truth of the allegations, and on that basis denies them.

26    205.   The Court has dismissed this claim and accordingly no response

27  is required.  Burrell is not named as a defendant to this Claim and accordingly

28

1   no response is required.  To the extent the allegations require a response,

2   Burrell lacks information or knowledge sufficient to form a belief as to the

3   truth of the allegations, and on that basis denies them.

4                           **THIRD CLAIM FOR RELIEF**

5        **(Breach of Fiduciary Duties – Against Defendants Jordan, Nakamura,**

6                    **Cheney, Rhamy, Kramer, Lentz, and Osberg)**

7        206.  Burrell incorporates by reference his responses to paragraphs 1

8   through 205 as though set forth in full.

9        207.  The Court has dismissed this claim and accordingly no response

10   is required.  Burrell is not named as a defendant to this Claim and accordingly

11   no response is required.  To the extent the allegations require a response,

12   Burrell lacks information or knowledge sufficient to form a belief as to the

13   truth of the allegations, and on that basis denies them.

14       208.  The Court has dismissed this claim and accordingly no response

15   is required.  Burrell is not named as a defendant to this Claim and accordingly

16   no response is required.  To the extent the allegations require a response,

17   Burrell lacks information or knowledge sufficient to form a belief as to the

18   truth of the allegations, and on that basis denies them.

19       209.  The Court has dismissed this claim and accordingly no response

20   is required.  Burrell is not named as a defendant to this Claim and accordingly

21   no response is required.  To the extent the allegations require a response,

22   Burrell lacks information or knowledge sufficient to form a belief as to the

23   truth of the allegations, and on that basis denies them.

24       210.  The Court has dismissed this claim and accordingly no response

25   is required.  Burrell is not named as a defendant to this Claim and accordingly

26   no response is required.  To the extent the allegations require a response,

27

28

1    Burrell lacks information or knowledge sufficient to form a belief as to the

2    truth of the allegations, and on that basis denies them.

3         211.   The Court has dismissed this claim and accordingly no response

4    is required.  Burrell is not named as a defendant to this Claim and accordingly

5    no response is required.  To the extent the allegations require a response,

6    Burrell lacks information or knowledge sufficient to form a belief as to the

7    truth of the allegations, and on that basis denies them.

8         212.   The Court has dismissed this claim and accordingly no response

9    is required.  Burrell is not named as a defendant to this Claim and accordingly

10   no response is required.  To the extent the allegations require a response,

11   Burrell lacks information or knowledge sufficient to form a belief as to the

12   truth of the allegations, and on that basis denies them.

13                     **FOURTH CLAIM FOR RELIEF**

14        **(Breach of Fiduciary Duties – Against All Director Defendants)**

15        213.   Burrell incorporates by reference his responses to paragraphs 1

16   through 212 as though set forth in full.

17        214.   The Court has dismissed this claim and accordingly no response

18   is required.  Burrell is not named as a defendant to this Claim and accordingly

19   no response is required.  To the extent the allegations require a response,

20   Burrell lacks information or knowledge sufficient to form a belief as to the

21   truth of the allegations, and on that basis denies them.

22        215.   The Court has dismissed this claim and accordingly no response

23   is required.  Burrell is not named as a defendant to this Claim and accordingly

24   no response is required.  To the extent the allegations require a response,

25   Burrell lacks information or knowledge sufficient to form a belief as to the

26   truth of the allegations, and on that basis denies them.

27

28

1    216.   The Court has dismissed this claim and accordingly no response

2    is required.  Burrell is not named as a defendant to this Claim and accordingly

3    no response is required.  To the extent the allegations require a response,

4    Burrell lacks information or knowledge sufficient to form a belief as to the

5    truth of the allegations, and on that basis denies them.

6    217.   The Court has dismissed this claim and accordingly no response

7    is required.  Burrell is not named as a defendant to this Claim and accordingly

8    no response is required.  To the extent the allegations require a response,

9    Burrell lacks information or knowledge sufficient to form a belief as to the

10   truth of the allegations, and on that basis denies them.

11   218.   The Court has dismissed this claim and accordingly no response

12   is required.  Burrell is not named as a defendant to this Claim and accordingly

13   no response is required.  To the extent the allegations require a response,

14   Burrell lacks information or knowledge sufficient to form a belief as to the

15   truth of the allegations, and on that basis denies them.

16   219.   The Court has dismissed this claim and accordingly no response

17   is required.  Burrell is not named as a defendant to this Claim and accordingly

18   no response is required.  To the extent the allegations require a response,

19   Burrell lacks information or knowledge sufficient to form a belief as to the

20   truth of the allegations, and on that basis denies them.

21   220.   The Court has dismissed this claim and accordingly no response

22   is required.  Burrell is not named as a defendant to this Claim and accordingly

23   no response is required.  To the extent the allegations require a response,

24   Burrell lacks information or knowledge sufficient to form a belief as to the

25   truth of the allegations, and on that basis denies them.

26

27

28

Answer & Counterclaims of Robert John Burrell
No. CV 10-01597 GW (MANx)

1

# FIFTH CLAIM FOR RELIEF

2

## (Breach of Fiduciary Duty – Against Siravo and Swedberg)

3      221.   Burrell incorporates by reference his responses to paragraphs 1

4    through 220 as though set forth in full.

5      222.   Burrell is not named as a defendant to this Claim and accordingly

6    no response is required.  To the extent the allegations require a response,

7    Burrell lacks information or knowledge sufficient to form a belief as to the

8    truth of the allegations, and on that basis denies them.

9      223.   Burrell is not named as a defendant to this Claim and accordingly

10   no response is required.  To the extent the allegations require a response,

11   Burrell lacks information or knowledge sufficient to form a belief as to the

12   truth of the allegations, and on that basis denies them.

13     224.   Burrell is not named as a defendant to this Claim and accordingly

14   no response is required.  To the extent the allegations require a response,

15   Burrell lacks information or knowledge sufficient to form a belief as to the

16   truth of the allegations, and on that basis denies them.

17     225.   Burrell is not named as a defendant to this Claim and accordingly

18   no response is required.  To the extent the allegations require a response,

19   Burrell lacks information or knowledge sufficient to form a belief as to the

20   truth of the allegations, and on that basis denies them.

21     226.   Burrell is not named as a defendant to this Claim and accordingly

22   no response is required.  To the extent the allegations require a response,

23   Burrell lacks information or knowledge sufficient to form a belief as to the

24   truth of the allegations, and on that basis denies them.

25

26

27

28

Answer & Counterclaims of Robert John Burrell
No. CV 10-01597 GW (MANx)

# SIXTH CLAIM FOR RELIEF

## (Fraud – Against Siravo and Swedberg)

227.   Burrell incorporates by reference his responses to paragraphs 1 through 226 as though set forth in full.

228.   Burrell is not named as a defendant to this Claim and accordingly no response is required.  To the extent the allegations require a response, Burrell lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

229.   Burrell is not named as a defendant to this Claim and accordingly no response is required.  To the extent the allegations require a response, Burrell lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

230.   Burrell is not named as a defendant to this Claim and accordingly no response is required.  To the extent the allegations require a response, Burrell lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

231.   Burrell is not named as a defendant to this Claim and accordingly no response is required.  To the extent the allegations require a response, Burrell lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

232.   Burrell is not named as a defendant to this Claim and accordingly no response is required.  To the extent the allegations require a response, Burrell lacks information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

233.   Burrell is not named as a defendant to this Claim and accordingly no response is required.  To the extent the allegations require a response,

1    Burrell lacks information or knowledge sufficient to form a belief as to the

2    truth of the allegations, and on that basis denies them.

3         234.   Burrell is not named as a defendant to this Claim and accordingly

4    no response is required.  To the extent the allegations require a response,

5    Burrell lacks information or knowledge sufficient to form a belief as to the

6    truth of the allegations, and on that basis denies them.

7                          **SEVENTH CLAIM FOR RELIEF**

8                  **(Breach of Fiduciary Duty – Against Siravo)**

9         235.   Burrell incorporates by reference his responses to paragraphs 1

10   through 234 as though set forth in full.

11        236.   Burrell is not named as a defendant to this Claim and accordingly

12   no response is required.  To the extent the allegations require a response,

13   Burrell lacks information or knowledge sufficient to form a belief as to the

14   truth of the allegations, and on that basis denies them.

15        237.   Burrell is not named as a defendant to this Claim and accordingly

16   no response is required.  To the extent the allegations require a response,

17   Burrell lacks information or knowledge sufficient to form a belief as to the

18   truth of the allegations, and on that basis denies them.

19        238.   Burrell is not named as a defendant to this Claim and accordingly

20   no response is required.  To the extent the allegations require a response,

21   Burrell lacks information or knowledge sufficient to form a belief as to the

22   truth of the allegations, and on that basis denies them.

23        239.   Burrell is not named as a defendant to this Claim and accordingly

24   no response is required.  To the extent the allegations require a response,

25   Burrell lacks information or knowledge sufficient to form a belief as to the

26   truth of the allegations, and on that basis denies them.

27

28

Answer & Counterclaims of Robert John Burrell
No. CV 10-01597 GW (MANx)

1          **EIGHTH CLAIM FOR RELIEF**

2          **(Unjust Enrichment – Against Lane)**

3          240.   Burrell incorporates by reference his responses to paragraphs 1

4    through 239 as though set forth in full.

5          241.   Burrell is not named as a defendant to this Claim and accordingly

6    no response is required.  To the extent the allegations require a response,

7    Burrell lacks information or knowledge sufficient to form a belief as to the

8    truth of the allegations, and on that basis denies them.

9          242.   Burrell is not named as a defendant to this Claim and accordingly

10   no response is required.  To the extent the allegations require a response,

11   Burrell lacks information or knowledge sufficient to form a belief as to the

12   truth of the allegations, and on that basis denies them.

13         243.   Burrell is not named as a defendant to this Claim and accordingly

14   no response is required.  To the extent the allegations require a response,

15   Burrell lacks information or knowledge sufficient to form a belief as to the

16   truth of the allegations, and on that basis denies them.

17         244.   Burrell is not named as a defendant to this Claim and accordingly

18   no response is required.  To the extent the allegations require a response,

19   Burrell lacks information or knowledge sufficient to form a belief as to the

20   truth of the allegations, and on that basis denies them.

21         245.   Other than as expressly and specifically admitted above in the

22   responses to Paragraphs 1 through 244, Burrell denies each and every

23   allegation of the SAC and denies that the SAC states any claim against

24   Burrell.

25

26

27

28

Answer & Counterclaims of Robert John Burrell
No. CV 10-01597 GW (MANx)

1                     **AFFIRMATIVE DEFENSES**

2          246.   As and for his affirmative defenses, Burrell alleges as follows and

3 reserves the right to assert additional defenses in the event that discovery

4 indicates they would be appropriate.

5                     **FIRST AFFIRMATIVE DEFENSE**

6     **(Consent, Approval, Acquiescence, Authorization, Ratification)**

7          247.   The SAC, and each cause of action alleged therein against

8 Burrell, is barred, in whole or in part, because WesCorp and/or the NCUA,

9 with full knowledge of Burrell's acts and omissions, consented to, approved

10 of, acquiesced in, authorized and/or ratified each and every act or omission of

11 Burrell that the SAC alleges to be improper.

12    **Burrell Acted Only With the Knowledge and Approval of WesCorp's**

13                      **Board of Directors**

14          248.   WesCorp made no investments, including but not limited to those

15 challenged in this action, without first making full disclosure to WesCorp's

16 Board of Directors and/or committees thereof (collectively, the "WesCorp

17 Board") and obtaining the approval of the WesCorp Board.

18          249.    WesCorp changed no concentration limits or other investment

19 limitations or investment policies without first making full disclosure to the

20 WesCorp Board and obtaining the approval of the WesCorp Board.

21          250.   To the extent (if at all) Burrell did anything alleged in the SAC,

22 he did so only after making disclosure to, and receiving the permission of, the

23 WesCorp Board.

24     **The NCUA Disapproved of Prior Management and Praised the**

25             **Management the NCUA Now Is Suing**

26          251.   Burrell is informed and believes and on that basis alleges that the

27 NCUA was critical of WesCorp's prior and so-called conservative

28

1  management, disapproved of that management, suggested or required that

2  WesCorp's board hire new management and approved of – or at least did not

3  disapprove, as it had the power to do – the hiring of WesCorp's new

4  management, including Burrell.

5      252.   In 2005, 2006 and 2007 – and indeed after WesCorp had made all

6  the investments challenged in this case – the NCUA still praised WesCorp's

7  management as performing in an exemplary fashion, as demonstrably strong,

8  as able to balance the various kinds of risk, including credit risk, that WesCorp

9  faced, as conservative, as operating well within regulatory limits and as

10  adhering to a much more conservative set of guidelines than the NCUA

11  required.

12      253.   The NCUA gave management such praise despite the NCUA's

13  knowledge and recognition that WesCorp sought to maximize member returns

14  while controlling strains on capital – a philosophy that the NCUA endorsed

15  and said had served WesCorp well.

16  **The NCUA Gave WesCorp Special Permission to Buy Far Riskier**

17  **Investments Than WesCorp Ever Bought and Far Riskier Investments**

18  **Than Those the NCUA Now Attacks**

19      254.   Burrell is informed and believes and on that basis alleges that the

20  NCUA affirmatively chose to give WesCorp the highest level of expanded

21  investment authority given to any corporate credit union.

22      255.   In particular but without limitation, the NCUA gave WesCorp

23  authority to invest in securities rated by the ratings agencies as low as BBB.

24  *See* 12 C.F.R. Part 704, Appx. B (Oct. 25, 2002).  BBB is six levels below the

25  lowest rated investment that WesCorp ever made (AA).

26

27

28

**The NCUA Monitored WesCorp's Investments Daily Using On-Site**
**Examiners in Additional To Annual Examinations**

256.   The NCUA's Office of Corporate Credit Unions ("OCCU") provided supervision and oversight of WesCorp, including its investment strategies and risk assessment.

257.   The NCUA's supervision was conducted, among other ways, through an on-site Capital Market Specialist ("CMS") who was physically located at WesCorp's facilities on a full-time basis.

258.   In particular and without limitation, the CMS provided real-time surveillance of WesCorp's investment activity.

259.   The on-site CMS had a permanent office at WesCorp.  The on-site CMS received (among other things) the ALCO and Board books and minutes of ALCO meetings, Board meetings and other key meetings, WesCorp's financial statements, copies of a number of internal management reports and custom reports that the CMS themselves designed.  The on-site CMS received these materials at the same time they were circulated internally to management and to WesCorp's board.

260.   The on-site CMS had his own drive on WesCorp's computer network where the above materials, and other requested raw data, was placed for his use.

261.   In addition to the formal reporting, the on-site CMS spent much of his day walking around and talking directly with a large number of key WesCorp staff about WesCorp's activities, including its investment activities.

262.   The on-site CMS also requested permission, which was normally forthcoming, to sit in on certain meetings such as the Board training sessions.

263.   The CMS also assisted in annual examinations of WesCorp, although by design the CMS did not directly carry out examination work

1   himself.

2      264.  The OCCU examiners' efforts resulted in yearly examination

3   reports, analyzing and assessing WesCorp's operations, including but not

4   limited to WesCorp's investment strategies and risk assessment.

5      265.  In addition, the NCUA's Office of Capital Markets ("OCM")

6   provided assistance to NCUA's OCCU examiner by, among other things,

7   helping to evaluate WesCorp's investments and related asset and liability

8   issues.

9      266.  At the NCUA's request, WesCorp staff also conducted training

10   sessions on risk management for NCUA natural person credit union examiners

11   that were organized and run by the OCM.

12      267.  WesCorp staff also regularly provided training sessions to

13   examination staff from other state regulatory bodies including the National

14   Association of Credit Union Supervisors ("NASCUS") and the Departments

15   of Financial Institutions in both California and Washington State.

16      268.  At the NCUA's request, the OCCU regularly sent other CMS to

17   WesCorp for training purposes.

18      269.  Burrell is informed and believes and on that basis alleges that, as

19   a result of NCUA's constant oversight and examination efforts, NCUA was at

20   all times aware of WesCorp's investments, investment philosophy and

21   monitoring and risk-protection efforts, and the NCUA consistently approved

22   of WesCorp's investments, investment philosophy and monitoring and risk-

23   protection efforts.

24

25

26

27

28

Answer & Counterclaims of Robert John Burrell
No. CV 10-01597 GW (MANx)

1     **The WesCorp Board and the NCUA Approved of WesCorp's Investment**

2             **in Option ARM MBS, Lower Tranche MBS and**

3                 **Reduced Documentation MBS**

4       270.   Burrell is informed and believes and on that basis alleges that the

5 NCUA, through its oversight and examination efforts, also knew that Option

6 ARM MBS were not a "new" security type that WesCorp began investing in.

7       271.   NCUA regulations and WesCorp policies refer to "new" security

8 types as those securities which have different collateral than other securities.

9       272.   As NCUA and the WesCorp Board were aware at all relevant

10 times, WesCorp had a long history of purchasing securities with the same type

11 of collateral – mortgages – as Option ARM MBS.

12       273.   The WesCorp Board knew of and approved WesCorp's

13 investment in Option ARM MBS and never suggested that Option ARM MBS

14 were a "new" security type which WesCorp should review as such.

15       274.   Burrell is informed and believes and on that basis alleges that

16 NCUA and OCCU examiners knew of and acquiesced in WesCorp's

17 investment in Option ARM MBS and never suggested that Option ARM MBS

18 were a "new" security type which WesCorp should review as such.

19       275.   Burrell is informed and believes and on that basis alleges that the

20 NCUA, though its OCCU examiners, consistently approved of WesCorp's

21 investment strategies and investment concentrations, including WesCorp's

22 investments in Option ARM MBS, lower tranche MBS and reduced

23 documentation MBS.

24

25

26

27

28

1    **The WesCorp Board and the NCUA Approved of WesCorp's Investment**
2    **Related Policies and Procedures**

3    276.   Burrell is informed and believes and on that basis alleges that the
4    WesCorp Board and the NCUA approved of WesCorp's investment related
5    and credit risk management policies and procedures including, among other
6    things, the policies and procedures described in paragraphs 277 through 303
7    below.

8    277.   The WesCorp Board approved of and ordered WesCorp's policies
9    and procedures for limiting investments to primarily high grade securities with
10   AA and AAA ratings.

11   278.   Burrell is informed and believes and on that basis alleges that the
12   NCUA approved of the WesCorp Board's policies and procedures for limiting
13   investments to primarily high grade securities with AA and AAA ratings.
14   Indeed, the NCUA praised WesCorp's criteria as stringent and conservative,
15   with several levels of diversification to mitigate risk, and praised WesCorp's
16   asset portfolio as high quality.

17   279.   The WesCorp Board approved of WesCorp's policies and
18   procedures for conducting credit reviews on proposed security purchases prior
19   to purchasing.

20   280.   Burrell is informed and believes and on that basis alleges that the
21   NCUA approved of WesCorp's policies and procedures for conducting credit
22   reviews on proposed security purchases prior to purchasing.  Indeed, while
23   suggesting ways that procedures might be improved, the NCUA said in 2006
24   that WesCorp's procedures met industry standards, and the next year (2007),
25   the NCUA described WesCorp's procedures as involving rigorous screening
26   and diligent monitoring.

27

28

Answer & Counterclaims of Robert John Burrell
No. CV 10-01597 GW (MANx)

281. Burrell is informed and believes and on that basis alleges that the NCUA approved of – and indeed required – that WesCorp separate the credit risk management function from the interest rate and liquidity risk taking and investment functions, and make the credit risk management function a stand-alone unit, independent of the risk taking or investment function. *See NCUA, OCCU, Guidelines for Submission of Requests for Expanded Authority Under the Provisions of Appendix B, Part 704, NCUA Rules and Regulations* (Oct. 17, 2002).

282. Accordingly, Burrell had no duty to perform the credit risk management function and by regulation, policy and practice was prohibited from active participation in any credit related recommendations to the WesCorp Board.

283. The WesCorp Board approved of WesCorp's policies and procedures for conducting credit reviews on proposed security purchases prior to purchasing.

284. Burrell is informed and believes and on that basis alleges that the NCUA knew and approved of WesCorp's policies and procedures for conducting credit reviews on proposed security purchases prior to purchasing.

285. The WesCorp Board approved of WesCorp's policies and procedures for conducting annual credit reviews on existing securities.

286. Burrell is informed and believes and on that basis alleges that the NCUA knew and approved of WesCorp's policies and procedures for conducting annual credit reviews on existing securities.

287. The WesCorp Board approved of WesCorp's policies and procedures for preparing monthly watch lists for, and keeping appropriate oversight of, securities that were not performing well.

1     288.   Burrell is informed and believes and on that basis alleges that the
2  NCUA approved of WesCorp's policies and procedures for preparing monthly
3  watch lists for, and keeping appropriate oversight of, securities that were not
4  performing well.

5     289.   The WesCorp Board approved of WesCorp's policies and
6  procedures for creating concentration limits as to individual issues, individual
7  issuers, individual underwriters, individual servicers and particular geographic
8  areas, among other things, and monitored compliance with such limits
9  monthly.

10    290.   Burrell is informed and believes and on that basis alleges that the
11 NCUA knew and approved of WesCorp's policies and procedures for creating
12 concentration limits as to individual issues, individual issuers, individual
13 underwriters, individual servicers and particular geographic areas, among
14 other things, and monitored compliance with such limits periodically.

15    291.   By way of example, and without limitation, the NCUA suggested
16 that WesCorp add new concentration limits by servicer, and WesCorp did so.

17    292.   The WesCorp Board never suggested to Burrell that WesCorp
18 create new concentration limits for Option ARMs, or for specific types of
19 collateral.

20    293.   The NCUA never suggested to WesCorp that it create new
21 concentration limits for Option ARMs, or for specific types of collateral.
22 Indeed, the NCUA specifically praised WesCorp for good asset diversification
23 and in particular praised its derivatives program.

24    294.   The WesCorp Board approved of WesCorp's policies and
25 procedures for creating concentration limits as to different security types.

26
27
28

601579684v2

- 54 -

Answer & Counterclaims of Robert John Burrell
No. CV 10-01597 GW (MANx)

1    295.   Burrell is informed and believes and on that basis alleges that the

2    NCUA knew and approved of WesCorp's policies and procedures for creating

3    concentration limits as to different security types.

4    296.   The WesCorp Board approved of WesCorp's policies and

5    procedures for publishing monthly reports on credit status and providing the

6    WesCorp Board and ALCO with substantial information regarding

7    concentration limits and credit enhancement levels on WesCorp's security

8    portfolios.

9    297.   Burrell is informed and believes and on that basis alleges that the

10   NCUA knew and approved of WesCorp's policies and procedures for

11   publishing monthly reports on credit status and providing the WesCorp Board

12   and ALCO with substantial information regarding concentration limits and

13   credit enhancement levels on WesCorp's security portfolios.

14   298.   Before filing its first amended complaint in this lawsuit, the

15   NCUA never told Burrell or made any claim that WesCorp's investment

16   strategies violated NCUA regulations or WesCorp policies.

17   299.   The WesCorp Board at all times approved of WesCorp's

18   investment strategies.

19   300.   Burrell is informed and believes and on that basis alleges that the

20   NCUA at all times knew and approved of WesCorp's investment strategies.

21   301.   The WesCorp Board approved of WesCorp's risk assessment

22   efforts.

23   302.   Burrell is informed and believes and on that basis alleges that the

24   NCUA knew and generally approved of WesCorp's risk assessment efforts.

25   303.   In those instances, to the extent there were any, where the NCUA

26   raised any concerns regarding WesCorp's risk assessment efforts, WesCorp

27

28

Answer & Counterclaims of Robert John Burrell
No. CV 10-01597 GW (MANx)

1   promptly addressed those concerns, and the WesCorp Board and the NCUA

2   subsequently approved of WesCorp's remedial efforts.

3       **The NCUA Knew That the Ratings Agencies Also Praised WesCorp**

4       304.  Burrell is informed and believes and on that basis alleges that the

5   NCUA at all relevant times knew that the ratings agencies (such as Moody's

6   and Standard & Poor) reviewed WesCorp, including its investment portfolio,

7   and gave WesCorp high marks for having a high-credit-quality asset portfolio

8   with low credit risk.

9       **The NCUA Believed and Publicly Stated That AA and AAA Rated**

10    **Private Label MBS Were Appropriate Investments and Nearly as Safe as**

11                                **Agency MBS**

12      305.  As late as July 2010, the NCUA believed and publicly made the

13  statements set forth in paragraphs 306 through 313 below, among others.

14      306.  "Historically mortgage-backed securities experienced no

15  significant losses . . . ."

16      307.  "Historically, mortgage-backed securities fit well into the

17  corporate credit unions' business function as a liquidity provider because there

18  was an active market for mortgage-backed securities and they could be used as

19  collateral for borrowing."

20      308.  "When corporate credit unions had excess funds on deposit from

21  consumer credit unions who were their members, some purchased private-

22  label mortgage-backed securities with those funds.  The securities offered a

23  better return and were historically just as safe as many other investment

24  products."

25      309.  "When the investment requirements for Part 704 [that is,

26  12 C.F.R. Part 704, the NCUA's regulations for corporate credit unions, none

27  of which WesCorp is alleged to have violated] were implemented, a thorough

28

1   review was performed on the history of credit ratings and their success in

2   evaluating the financial strength of marketable securities.  The loss history of

3   securities with an initial rating of triple-A or double-A was less than one half

4   of one percent.  The loss history of securities issued by government-sponsored

5   entities and the loss history of private label securities was virtually the same."

6        310.   "While corporate credit unions were not allowed to rely only on

7   credit ratings, the track record of credit ratings in evaluating the future

8   performance of securities was historically strong.  Credit ratings have been an

9   investment decision-making tool in financial markets for decades."

10       311.   "All of the mortgage-backed securities that were purchased by

11   corporate credit unions were permissible at the time they were acquired and

12   accordingly met the rating requirements."

13       312.   "Based on historic performance, there appeared to be very little

14   risk with the private label mortgage backed securities purchased by the

15   corporates."

16       313.   "Finally, many of the securities paid interest based on a floating

17   rate rather than a fixed rate.  This helped corporate credit unions in the overall

18   management of their investment and share portfolios, and mitigated the risk of

19   changing interest rates."

20       314.   In light of the foregoing, the WesCorp Board and/or the NCUA

21   knowingly consented to, approved of, acquiesced in, authorized and/or ratified

22   each and every act or omission of Burrell that the NCUA now challenges as

23   improper and complains of in the SAC.

24

25

26

27

28

Answer & Counterclaims of Robert John Burrell
No. CV 10-01597 GW (MANx)

## SECOND AFFIRMATIVE DEFENSE

### (Business Judgment Rule, Due Diligence, Reasonable Investigation, Business Custom and Usage, Candor, Good Faith)

315.   Burrell incorporates by reference and realleges each and every allegation contained in paragraphs 247 through 314 as though fully set forth herein.

316.   The SAC, and each cause of action alleged therein against Burrell, is barred, in whole or in part, because each and every act and omission of Burrell challenged by the SAC was made after reasonable investigation, because Burrell had reasonable grounds to believe, and did believe, that such acts or omissions were prudent given the circumstances, and because every act and omission of Burrell met or exceeded the custom and practice in the industry and was undertaken in good faith, with full disclosure to the WesCorp Board, and in what Burrell honestly believed to be the best interest of WesCorp.

## THIRD AFFIRMATIVE DEFENSE

### (Reliance on Others)

317.   Burrell incorporates by reference and realleges each and every allegation contained in paragraphs 247 through 314 as though fully set forth herein.

318.   The SAC, and each cause of action alleged therein against Burrell, is barred, in whole or in part, because every act or omission by Burrell alleged in the SAC, if it occurred at all, was made or occurred in reasonable good faith reliance on the statements and representations of others within WesCorp and outside of WesCorp upon which Burrell was entitled to rely, including but not limited to the professional judgments of WesCorp's professionals, as well as its inside and outside auditors, investment bankers,

1    ratings agencies, consultants (such as RiskSpan) and counsel concerning

2    matters which Burrell reasonably believed to be within such persons'

3    professional or expert competence.

4                **FOURTH AFFIRMATIVE DEFENSE**

5                      **(Conduct of Others)**

6        319.   Burrell incorporates by reference and realleges each and every

7    allegation contained in paragraphs 247 through 314 as though fully set forth

8    herein.

9        320.   The SAC, and each cause of action alleged therein against

10   Burrell, is barred, in whole or in part, to the extent NCUA purports to hold

11   Burrell responsible for alleged misdeeds of third persons, including but not

12   limited to rating agencies, lenders, issuers and underwriters, such as the

13   entities that the NCUA has sued in this Court and in other courts, and has

14   accused of making misrepresenting to WesCorp about MBS sold to WesCorp.

15                **FIFTH AFFIRMATIVE DEFENSE**

16                     **(Apportionment)**

17       321.   Burrell incorporates by reference and realleges each and every

18   allegation contained in paragraphs 247 through 314 as though fully set forth

19   herein.

20       322.   Without admitting that NCUA suffered damages in any amount,

21   or that Burrell or any defendant is or should be liable for any such damages,

22   Burrell asserts that his liability and the liability of any other responsible

23   persons, named or unnamed, should be apportioned according to their relative

24   degrees of fault, and any alleged liability of Burrell should be reduced

25   accordingly.

26

27

28

1  |  **SIXTH AFFIRMATIVE DEFENSE**

2  |  **(Intervening or Superseding Cause)**

3  |      323.  Burrell incorporates by reference and realleges each and every

4  allegation contained in paragraphs 247 through 314 as though fully set forth

5  herein.

6      324.  The SAC, and each cause of action alleged therein against

7  Burrell, is barred, in whole or in part, because NCUA's alleged damages, if

8  any, were the result of one or more intervening or superseding causes or

9  caused by the acts and/or failures to act of persons and/or entities other than

10  Burrell, and were not caused by any act or omission on the part of Burrell.

11      325.  Such intervening and supervening causes include but are not

12  limited to the fact that all investments made by WesCorp, and all investment

13  policies adopted by WesCorp, were approved, authorized and/or ratified by the

14  WesCorp Board.

15      326.  Such intervening and supervening causes include but are not

16  limited to the worldwide credit crunch and other macroeconomic and

17  mortgage industry events that constrained WesCorp's access to the credit and

18  capital markets, affected its liquidity, and caused sharp and unforeseen drops

19  in the value of its investment portfolio.

20  |  **SEVENTH AFFIRMATIVE DEFENSE**

21  |  **(Statute of Limitations)**

22      327.  Burrell incorporates by reference and realleges each and every

23  allegation contained in paragraphs 247 through 314 as though fully set forth

24  herein.

25      328.  The SAC, and each cause of action alleged therein against

26  Burrell, is barred, in whole or in part, because of the applicable statute(s) of

27  limitations and/or period(s) of repose.

28

Answer & Counterclaims of Robert John Burrell
No. CV 10-01597 GW (MANx)

1    **EIGHTH AFFIRMATIVE DEFENSE**

2    **(No Entitlement to Exemplary or Punitive Damages)**

3        329.   Burrell incorporates by reference and realleges each and every

4    allegation contained in paragraphs 247 through 314 as though fully set forth

5    herein.

6        330.   If indeed the SAC's First Claim (the only one asserted against

7    Burrell) seeks punitive damages from Burrell (which is unclear, *compare* SAC

8    ¶¶ 1-198 *with* SAC at 57:15 (Prayer ¶ 2)), the NCUA is precluded from

9    recovering exemplary or punitive damages, either in whole or in part, from

10   Burrell under the applicable provisions of the law, including, without

11   limitation, California Civil Code section 3294, the United States Constitution

12   and/or the California Constitution.

13

14   **COUNTERCLAIMS**

15       331.   For counterclaims, Burrell alleges:

16   **JURISDICTION**

17       332.   The Court has supplemental jurisdiction over these counterclaims

18   under 28 U.S.C. § 1367(a), because these counterclaims and the purported

19   claims alleged by plaintiff all form part of the same case or controversy

20   concerning the parties' rights and responsibilities related to Defendants'

21   service as officers and directors of WesCorp.

22       333.   The amount in controversy with respect to each of these

23   counterclaims exceeds the sum or value of $75,000, exclusive of interest and

24   costs.

25   **PARTIES**

26       334.   Between June 30, 1997 and March 20, 2009, Counterclaimant

27   Burrell served as Chief Investment Officer of WesCorp.  Between January 31,

28

1   2003 and March 20, 2009, Burrell served as an Executive Vice President of

2   WesCorp.

3      335.   Counter-defendant National Credit Union Administration Board

4   as Liquidator of Western Corporate Federal Credit Union ("NCUA") is the

5   liquidating agent of WesCorp.

6                          **FACTUAL ALLEGATIONS**

7                                **Policy 21**

8      336.   The WesCorp Board adopted a resolution regarding

9   indemnification and insurance, codified in WesCorp's book of policies as

10  "Policy 21." At all relevant times, the NCUA knew of and approved of

11  Policy 21.

12     337.   WesCorp promised in Policy 21 to indemnify WesCorp's current

13  and former directors and officers "to the maximum extent permitted by either"

14  California law or the Model Business Corporation Act ("MBCA") "for any

15  liability asserted against them in connection with judicial or administrative

16  proceedings, formal or informal, to which they are or may become parties by

17  reason of the performance of their official duties."

18     338.   WesCorp also agreed in Policy 21 that the indemnification "shall

19  include the recovery of reasonable costs and attorneys' fees incurred by an

20  individual so indemnified if such individual is required to engage the services

21  of any attorney ... to secure the indemnity provided herein."

22     339.   WesCorp also agreed in Policy 21 to "purchase and maintain

23  insurance" on behalf of current and former officials and employees "against

24  any liability asserted against them and expenses reasonably incurred by them

25  in their official capacities and arising out of the performance of their official

26  duties to the extent such insurance is permitted by the applicable state law or

27  the Model Business Corporation Act."

28

1                           **The CUMIS Policy**

2          340.   WesCorp purchased a "directors and officers" insurance policy

3    from CUMIS Insurance Society, Inc. ("CUMIS"), Special Insurance Package

4    No. 065468-22 (the "CUMIS Policy"), effective January 1, 2009.

5          341.   On December 11, 2009, Counterclaimants' then-counsel, Randy

6    Moore ("Moore"), sent a letter to CUMIS tendering the defense of this suit

7    under the CUMIS Policy.

8          342.   On December 28, 2009, CUMIS sent a letter to Moore denying

9    that CUMIS has a "duty to defend" under the CUMIS Policy and denying

10   coverage for the claim.

11         343.   CUMIS agreed that the allegations of the complaint – breach of

12   duties in the discharge of Counterclaimants' duties as directors and employees

13   of WesCorp – were the type of "claims" for "losses" related to a "wrongful

14   act" that are covered by the terms of the Policy.

15         344.   However, CUMIS claimed that it does not have a "duty to

16   defend" under the CUMIS Policy, which states that "CUMIS has no duty to

17   defend . . . or to pay any 'defense costs' prior to the final adjudication or

18   disposition of any 'claim' . . . ."

19         345.   CUMIS also refused to cover the claim against Burrell on the

20   ground that the CUMIS Policy contains an "investment exclusion" which

21   provides that "CUMIS will not be liable to make any payment for 'loss' in

22   connection with or arising out of any 'claim' . . . .   Based upon or resulting

23   directly or indirectly from investments . . . [or] investment or trading

24   losses . . . ."

25         346.   CUMIS agreed to pay only an aggregate amount of $100,000 of

26   defense costs for all of the insured defendants under the CUMIS Policy

27   pursuant to an exception to the "investment exclusion" allowing for payment

28

1    of such costs subject to a $500,000 retention or deductible.

2    **The NCUA's Refusal to Pay Burrell's Defense Costs**

3    347.   On December 11, 2009, Moore sent a letter to the NCUA

4    requesting that the NCUA as conservator or liquidator of WesCorp indemnify

5    and pay the defense costs of Burrell pursuant to Policy 21.

6    348.   On February 2, 2010, the NCUA sent a letter to Moore refusing

7    to pay defense costs.  The NCUA's letter stated that the NCUA would

8    determine whether it would provide indemnification "once the matter is

9    resolved."

10   **Burrell's Exhaustion of Administrative Remedies**

11   349.   On February 1, 2011, Burrell and the Director Defendants

12   submitted a request to NCUA as Liquidating Agent for WesCorp for

13   indemnification of any judgment against them arising from this litigation,

14   reimbursement of past defense costs incurred in defending this litigation,

15   payment of any future defense costs that they might incur, and payment for

16   any costs they incur in establishing their right to indemnity (the "Claim").

17   350.   By not responding to the Claim within 180 days, as required by

18   law, the Liquidating Agent has by operation of law denied the claim, effective

19   on the 180th day.

20   **FIRST COUNTERCLAIM**

21   **(Damages for Breach of Obligation to Pay Litigation Costs**

22   **Under Policy 21)**

23   351.   Burrell incorporates by reference and realleges each and every

24   allegation contained in paragraphs 331 through 350 as though fully set forth

25   herein.

26   363.   WesCorp agreed in Policy 21 to indemnify Burrell "to the

27   maximum extent permitted by either" California law *or* the MBCA.

28

1       364.  The MBCA provides that a corporation must pay defense costs if

2  the corporation has promised by resolution or otherwise indemnification "to

3  the fullest extent permitted by law," as WesCorp did in Policy 21.  MBCA

4  section 8.58 expressly states that any such resolution "shall be deemed to

5  *obligate* the corporation to *advance* funds to pay for or reimburse" the defense

6  costs before final disposition of the case (emphasis added).

7       365.  Burrell has performed all of his obligations under Policy 21

8  except to the extent that his performance has been excused by the actions of

9  WesCorp and/or the NCUA.

10      366.  Upon request Burrell will provide to the NCUA as Liquidator of

11  WesCorp the written affirmation and undertaking required for payment of

12  attorneys' fees by MBCA § 8.53.

13      367.  Upon request Burrell will provide a written affirmation that he in

14  good faith believes that he has met the relevant standard of conduct in MBCA

15  § 8.51 required for indemnification:  that he conducted himself in good faith

16  and in what he reasonably believed was in the best interests of WesCorp.

17      368.  Upon request Burrell also will provide a written undertaking to

18  repay any advanced funds if it is ultimately determined that he is not entitled

19  to mandatory indemnification or that he did not meet the standard of conduct

20  under section 8.51.

21      369.  The NCUA as liquidator of WesCorp is liable for WesCorp's

22  obligation to pay Burrell's defense costs incurred in this litigation under the

23  provisions of the MBCA that are adopted in Policy 21.

24      370.  The NCUA has failed to pay Burrell's defense costs incurred in

25  this action

26      371.  Burrell has incurred damages as a result of the NCUA's failure to

27  pay his defense costs incurred to date in this litigation, which exceed $100,000

28

1   through September 2011.

2       372.  Burrell will continue to incur damages as a result of the NCUA's

3   continuing refusal to pay his defense costs incurred in this litigation, in an

4   amount to be determined by dispositive motions or at trial.

5                  **SECOND COUNTERCLAIM**

6     **(Damages for Breach of Obligation to Pay Litigation Costs under**

7                **California Labor Code 2802)**

8       373.  Burrell incorporates by reference and realleges each and every

9   allegation contained in paragraphs 331 through 350 as though fully set forth

10   herein.

11       374.  At all relevant times, Burrell was an employee of WesCorp.

12       375.  California Labor Code Section 2802 provides that an employer

13   "*shall* indemnify his or her employee for all necessary expenditures or losses

14   incurred by the employee in direct consequence of the discharge of his or her

15   duties[.]"

16       376.  The NCUA as liquidator of WesCorp is obligated to reimburse

17   Burrell for his defense costs as they are incurred in this litigation under

18   California Labor Code Section 2802.

19       377.  Burrell has incurred and paid attorneys' fees and costs in defense

20   of the claims asserted by the NCUA as liquidator of WesCorp in this litigation,

21   and will continue to do so.

22       378.  The NCUA has failed to reimburse Burrell for the attorneys' fees

23   and costs he has incurred to date, and has refused to reimburse him for defense

24   costs as incurred.

25       379.  Burrell has incurred damages as a result of the NCUA's failure to

26   pay his defense costs incurred to date in this litigation, which exceed $100,000

27   through September 2011.

28

1    380.   Burrell will continue to incur damages as a result of the NCUA's

2    continuing refusal to pay his defense costs incurred in this litigation, in an

3    amount to be determined by dispositive motions or at trial.

4                          **THIRD COUNTERCLAIM**

5           **(Damages for Breach of Obligation to Provide Indemnity**

6                          **Under Policy 21)**

7    381.   Burrell incorporates by reference and realleges each and every

8    allegation contained in paragraphs 331 through 350 as though fully set forth

9    herein.

10    382.   WesCorp agreed in Policy 21 to indemnify Burrell "to the

11    maximum extent permitted by either" California law *or* the MBCA.

12    383.   Burrell has demanded that the NCUA, as liquidator of WesCorp,

13    indemnity him under Policy 21 to the fullest extent permissible under either

14    California law or the MBCA, and pay his defense costs to the fullest extent

15    permissible under either California law or the MBCA.

16    384.   Burrell also demands recovery of costs and attorneys' fees

17    incurred to secure the indemnity provided for in Policy 21.

18    385.   If NCUA refuses to indemnify Burrell pursuant to Policy 21,

19    Burrell will suffer damages in an amount to be determined at trial.

20                          **FOURTH COUNTERCLAIM**

21           **(Damages for Breach of Obligation to Provide Insurance)**

22    386.   Burrell incorporates by reference and realleges each and every

23    allegation contained in paragraphs 331 through 350 as though fully set forth

24    herein.

25    387.   WesCorp promised in Policy 21 to "purchase and maintain"

26    insurance "against any liability asserted against" Burrell.

27    388.   WesCorp purchased the CUMIS Policy.

28

601579684v2                          - 67 -                Answer & Counterclaims of Robert John Burrell
                                                           No. CV 10-01597 GW (MANx)

1    389.   CUMIS has taken the position that the claims asserted against

2  Burrell in this action are excluded from coverage under the insurance policy.

3    390.   Because the CUMIS Policy does not cover Burrell for "any

4  liability" related to an investment claim, WesCorp breached its promise to

5  provide insurance coverage for Burrell in Policy 21.

6    391.   WesCorp breached the promise in Policy 21 to provide insurance

7  coverage for Burrell because CUMIS has denied coverage for the claims

8  asserted against Burrell in this action and, therefore, the CUMIS Policy does

9  not cover Burrell for "any liability" asserted against him.

10    392.   The NCUA as liquidator of WesCorp is liable for WesCorp's

11  obligations.

12    393.   The NCUA, after putting WesCorp into conservatorship,

13  compounded the damage to Burrell by canceling the CUMIS Policy, by

14  refusing to obtain replacement insurance coverage and by refusing CUMIS'

15  offer of supplemental insurance with fewer coverage exclusions than the

16  CUMIS Policy.

17    394.   If WesCorp had complied with its obligations in Policy 21 and

18  obtained adequate insurance coverage, Burrell would have been covered for all

19  of the costs and claims related to this litigation.

20    395.   If the NCUA had not done the things alleged in paragraph 393,

21  Burrell would have been covered for all (or at least part) of his defense costs

22  and the claims against him in this litigation.

23    396.   Burrell has performed all of his obligations under Policy 21

24  except to the extent that his performance has been excused by the actions of

25  WesCorp and/or the NCUA.

26    397.   Burrell has incurred damages for his unreimbursed defense costs

27  incurred to date, which exceed $100,000 through September 2011.

28

1    398.   Burrell will continue to incur damages in this litigation in an

2    amount to be determined by dispositive motions or at trial, as a result of

3    WesCorp's failure to obtain insurance as required by Policy 21.

4                              **PRAYER**

5        WHEREFORE, Burrell prays for judgment against plaintiffs as follows:

6        1.    That plaintiff takes nothing by the Complaint and that the

7    Complaint be dismissed with prejudice.

8        2.    That judgment be entered in favor of Burrell and against plaintiff.

9        3.    That Burrell be awarded damages on his counterclaims, in

10   amounts to be determined by motions(s) before trial and/or at trial.

11       4.    That the NCUA be ordered to reimburse Burrell for the defense

12   costs he has incurred in this litigation.

13       5.    That Burrell be awarded his costs and reasonable attorneys' fees.

14       6.    That Burrell be granted such other and further relief as the Court

15   may deem just and proper.

16       Dated:  October 31, 2011.

17                            PILLSBURY WINTHROP SHAW PITTMAN LLP
                              REYNOLD L. SIEMENS #177956
18                            Email:  reynold.siemens@pillsburylaw.com
                              725 South Figueroa Street, Suite 2800
19                            Los Angeles, CA 90017-5406

20                            PILLSBURY WINTHROP SHAW PITTMAN LLP
                              BRUCE A. ERICSON #76342
21                            Email:  bruce.ericson@pillsburylaw.com
                              MARLEY DEGNER #251923
22                            Email:  marley.degner@pillsburylaw.com
                              50 Fremont Street, Post Office Box 7880
23                            San Francisco, CA  94120-7880

24

                              By _____/s/ Bruce A. Ericson_____
25                                   Bruce A. Ericson

26                            Attorneys for Defendant
                              ROBERT JOHN BURRELL
27

28

601579684v2                          - 69 -              Answer & Counterclaims of Robert John Burrell
                                                         No. CV 10-01597 GW (MANx)

1

**JURY DEMAND**

2          Pursuant to Rule 38 of the Federal Rules of Civil Procedure, defendant

3   and counterclaimant ROBERT JOHN BURRELL hereby demands trial by

4   jury on all the issues so triable.

5          Dated:  October 31, 2011.

6                                          PILLSBURY WINTHROP SHAW PITTMAN LLP
                                           REYNOLD L. SIEMENS  #177956
7                                          Email:  reynold.siemens@pillsburylaw.com
                                           725 South Figueroa Street, Suite 2800
8                                          Los Angeles, CA 90017-5406

9                                          PILLSBURY WINTHROP SHAW PITTMAN LLP
                                           BRUCE A. ERICSON  #76342
10                                         Email:  bruce.ericson@pillsburylaw.com
                                           MARLEY DEGNER #251923
11                                         Email:  marley.degner@pillsburylaw.com
                                           50 Fremont Street, Post Office Box 7880
12                                         San Francisco, CA  94120-7880

13

14          By _____ /s/ Bruce A. Ericson _____
                        Bruce A. Ericson

15          Attorneys for Defendant
            ROBERT JOHN BURRELL
16

17

18

19

20

21

22

23

24

25

26

27

28