Michael H. Bierman, State Bar No. 89156
Jeffrey D. Wexler, State Bar No. 132256
Michael E. Pappas, State Bar No. 130400
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
601 S. Figueroa, Suite 3900
Los Angeles, California 90017
Telephone: 213.892.4992
Facsimile:  213.892.7731
E-Mail:  mbierman@luce.com
         mpappas@luce.com
         jwexler@luce.com

Attorneys for Plaintiff and Counterdefendant National Credit Union Administration Board As Liquidating Agent For Western Corporate Federal Credit Union

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| NATIONAL CREDIT UNION ADMINISTRATION BOARD AS LIQUIDATING AGENT FOR WESTERN CORPORATE FEDERAL CREDIT UNION,<br><br>　　　Plaintiff,<br><br>v.<br><br>ROBERT A. SIRAVO, TODD M. LANE, ROBERT J. BURRELL, THOMAS E. SWEDBERG, TIMOTHY T. SIDLEY, ROBERT H. HARVEY, JR., WILLIAM CHENEY, GORDON DAMES, JAMES P. JORDAN, TIMOTHY KRAMER, ROBIN J. LENTZ, JOHN M. MERLO, WARREN NAKAMURA, BRIAN OSBERG, DAVID RHAMY and SHARON UPDIKE,<br><br>　　　Defendants. | Case No.: CV10-01597 GW (MANx)<br><br>**NOTICE OF MOTION AND MOTION OF PLAINTIFF AND COUNTERDEFENDANT NATIONAL CREDIT UNION ADMINISTRATION BOARD AS LIQUIDATING AGENT FOR WESTERN CORPORATE FEDERAL CREDIT UNION TO STRIKE AFFIRMATIVE DEFENSES IN DEFENDANTS' AMENDED ANSWERS**<br><br>Date: January 9, 2012<br>Time: 8:30 a.m.<br>Courtroom: 10 |

TO DEFENDANTS AND COUNTERCLAIMANTS, AND TO THEIR ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE that on January 9, 2012, at 8:30 a.m., or as soon thereafter as the matter may be heard before the Honorable George H. Wu, United States District Judge, in Courtroom 10 of the United States Courthouse, 312 North Spring Street, Los Angeles, California 90012, plaintiff and counterdefendant National Credit Union Administration Board as Liquidating Agent for Western Corporate Federal Credit Union (the "NCUA") will, and hereby does, move pursuant to Fed. R. Civ. P. 12(f) to strike the following affirmative defenses in the Amended Answers of defendants and counterclaimants Robert A. Siravo and Thomas E. Swedberg [Docket 190], Timothy T. Sidley [Docket 191], Robert John Burrell [Docket 192], and Todd M. Lane [Docket 193] (collectively the "Officer Defendants"):

(1) All affirmative defenses that are based wholly or partially upon the alleged pre-failure conduct of the NCUA as regulator because claims or defenses based upon pre-receivership actions of regulators are legally insufficient. Specifically, the NCUA moves to strike without leave to amend:

(a) Siravo and Swedberg's First Affirmative Defense of Ratification, Consent, Approval, Acquiescence, and Participation by the NCUA, *see* Docket 190, ¶¶ 245-52;

(b) Lane's Second Affirmative Defense of Consent, Approval, Acquiescence, Ratification, & Participation by the NCUA, *see* Docket 193, ¶¶ 246-47; and

(c) Sidley's Eleventh Affirmative Defense of Estoppel, *see* Docket 191, ¶¶ 277-78.

(2) all references in the Officer Defendants' affirmative defenses to the conduct of the NCUA, its personnel, and examiners because claims or defenses based upon pre-receivership actions of regulators are legally insufficient.  Specifically, the NCUA moves to strike without leave to amend:

    (a) the phrase "NCUA personnel and examiners" from Siravo and Swedberg's Sixth Affirmative Defense of Reliance on Others, *see* Docket 190, ¶¶ 275-76;

    (b) the phrase "NCUA personnel and examiners" from Siravo and Swedberg's Seventh Affirmative Defense of Apportionment, *see id*., ¶¶ 277-78;

    (c) paragraphs 248-69 in their entirety, and all references to the NCUA and its agents, policies, conduct, and regulations, in Burrell's First Affirmative Defense of Consent, Approval, Acquiescence, Authorization, Ratification, *see* Docket 192, ¶¶ 247-314;

    (d) the phrase "NCUA personnel and examiners" from Lane's Sixth Affirmative Defense of Reliance on Others, *see* Docket 193, ¶ 251;

    (e) the phrase "NCUA personnel and examiners" from Lane's Seventh Affirmative Defense of Apportionment, *see id*., ¶ 252;

    (f) every reference to the NCUA and its examiners, personnel, agents and conduct in Sidley's First Affirmative Defense of Consent, Approval, Acquiescence, Participation, Ratification, *see* Docket 191, ¶¶ 246-58; and

  (g) the phrase "NCUA personnel and examiners" in Sidley's Sixth Affirmative Defense of Reliance on Professionals and Others, *see id.*, ¶¶ 267-68.

 (3) The business judgment rule affirmative defense in each of the Officer Defendants' Amended Answers because, as the Court has already held, officers cannot rely upon the business judgment rule. *See* Docket 110 at 9-11. Accordingly, the NCUA moves to strike without leave to amend:

  (a) Siravo and Swedberg's Third Affirmative Defense of Business Judgment Rule, Due Diligence and Reasonable Investigation, *see* Docket 190, ¶¶ 267-68;

  (b) Burrell's Second Affirmative Defense of Business Judgment Rule, Due Diligence, Reasonable Investigation, Business Custom and Usage, Candor, Good Faith, *see* Docket 192, ¶¶ 315-16;

  (c) Lane's First Affirmative Defense of Business Judgment Rule, Due Diligence & Reasonable Investigation, *see* Docket 193, ¶ 245; and

  (d) Sidley's Second Affirmative Defense of Business Judgment Rule, *see* Docket 191, ¶¶ 246-58.

 (4) The statute of limitations affirmative defense in each of the Officer Defendants' Amended Answers because, in each case, the Officer Defendants failed to allege facts sufficient to support their statute of limitations defenses and, instead, merely alleged statute of limitations as a legal conclusion. Accordingly, the NCUA moves to strike:

      (a)    Siravo and Swedberg's Fifth Affirmative Defense of Statute of Limitations, *see* Docket 190, ¶¶ 273-74;

      (b)    Burrell's Seventh Affirmative Defense of Statute of Limitations, *see* Docket 192, ¶¶ 327-28;

      (c)    Lane's Fifth Affirmative Defense of Statute of Limitations, *see* Docket 193, ¶ 250; and

      (d)    Sidley's Twelfth Affirmative Defense of Statute of Limitations, *see* Docket 191, ¶¶ 246-58.

The motion will be based on this Notice of Motion, the Memorandum of Points and Authorities filed concurrently herewith, the NCUA's Second Amended Complaint, the Amended Answers of each of the Officer Defendants, the [Proposed] Order lodged concurrently herewith, the records and files in this matter, and such further oral or written argument as may be considered by the Court.

This Motion is made following the conferences of counsel pursuant to Local Rule 7-3 that occurred on October 24, 2011 and November 3, 2011.

DATED: November 14, 2011    LUCE, FORWARD, HAMILTON & SCRIPPS LLP
Michael H. Bierman
Jeffrey D. Wexler
Michael E. Pappas

By:  /s/ Michael H. Bierman
Michael H. Bierman
Attorneys for Plaintiff and Counterdefendant National Credit Union Administration Board As Liquidating Agent For Western Corporate Federal Credit Union

101716427.2

5