Michael H. Bierman, State Bar No. 89156
Jeffrey D. Wexler, State Bar No. 132256
Michael E. Pappas, State Bar No. 130400
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
601 S. Figueroa, Suite 3900
Los Angeles, California 90017
Telephone: 213.892.4992
Facsimile: 213.892.7731
E-Mail:  mbierman@luce.com
         mpappas@luce.com
         jwexler@luce.com

Attorneys for Plaintiff and Counterdefendant National Credit Union Administration Board As Liquidating Agent For Western Corporate Federal Credit Union

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| NATIONAL CREDIT UNION ADMINISTRATION BOARD AS LIQUIDATING AGENT FOR WESTERN CORPORATE FEDERAL CREDIT UNION,<br><br>　　　Plaintiff,<br><br>v.<br><br>ROBERT A. SIRAVO, TODD M. LANE, ROBERT J. BURRELL, THOMAS E. SWEDBERG, TIMOTHY T. SIDLEY, ROBERT H. HARVEY, JR., WILLIAM CHENEY, GORDON DAMES, JAMES P. JORDAN, TIMOTHY KRAMER, ROBIN J. LENTZ, JOHN M. MERLO, WARREN NAKAMURA, BRIAN OSBERG, DAVID RHAMY and SHARON UPDIKE,<br><br>　　　Defendants. | Case No.: CV10-01597 GW (MANx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF PLAINTIFF AND COUNTERDEFENDANT NATIONAL CREDIT UNION ADMINISTRATION BOARD AS LIQUIDATING AGENT FOR WESTERN CORPORATE FEDERAL CREDIT UNION TO STRIKE AFFIRMATIVE DEFENSES IN DEFENDANTS' AMENDED ANSWERS**<br><br>Date: January 9, 2012<br>Time: 8:30 a.m.<br>Courtroom: 10 |

# **TABLE OF CONTENTS**

**Page**

INTRODUCTION ...................................................................................................1

BACKGROUND….................................................................................................2

    A.    The SAC's Allegations ........................................................................2

    B.    The Affirmative Defenses ...................................................................2

        1.    Affirmative Defenses Based on the NCUA's Alleged Pre-Failure Conduct ...................................................................3

        2.    Affirmative Defenses Asserting the Business Judgment Rule ...........................................................................................4

        3.    Affirmative Defenses Asserting the Statute of Limitations .......4

LEGAL STANDARD.............................................................................................5

LEGAL ARGUMENT.............................................................................................6

I.    AFFIRMATIVE DEFENSES BASED ON THE NCUA'S ALLEGED PRE-FAILURE CONDUCT ARE INSUFFICIENT AS A MATTER OF LAW………..........................................................................................................6

II.    THE COURT SHOULD STRIKE ALL AFFIRMATIVE DEFENSES ASSERTING THE BUSINESS JUDGMENT RULE .................................9

III.    THE STATUTE OF LIMITATIONS AFFIRMATIVE DEFENSES DO NOT GIVE FAIR NOTICE OF THEIR NATURE….............................9

CONCLUSION…..................................................................................................11

# TABLE OF AUTHORITIES

**Page**

## CASES

*Barnes v. AT&T Pension Benefit Plan-Nonbargained Program,*
  718 F. Supp. 2d 1167 (N.D. Cal. 2010) .................................................. 1, 2, 5, 10

*Bell Atlantic Corp. v. Twombly,*
  550 U.S. 544 (2007) ........................................................................................... 5

*Bottoni v. Sallie Mae, Inc.,*
  2011 U.S. Dist. LEXIS 93634 (N.D. Cal. Aug. 22, 2011) ................................. 7

*Desert European Motorcars, Ltd. v. Desert European Motorcars, Inc.,*
  2011 U.S. Dist. LEXIS 96154 (C.D. Cal. Aug. 25, 2011) ...................... 5, 6, 10

*Fantasy, Inc. v. Fogerty,*
  984 F.2d 1524 (9th Cir. 1993) ............................................................................ 6

*FDIC v. Ashley,*
  749 F. Supp. 1065 (D. Kan. 1990) ..................................................................... 7

*FDIC v. Carter,*
  701 F. Supp. 730 (C.D. Cal. 1987) .................................................................... 7

*FDIC v. Crosby,*
  774 F. Supp. 584 (W.D. Wash. 1990) ................................................................ 7

*FDIC v. Lowe,*
  809 F. Supp. 856 (D. Utah 1992) ....................................................................... 7

*FDIC v. Ornstein,*
  73 F. Supp. 2d 277 (E.D.N.Y. 1999) .................................................................. 6

*Gaillard v. Natomas Co.,*
  208 Cal. App. 3d 1250 (1989) ........................................................................... 9

*Gessele v. Jack in the Box, Inc.,*
  2011 U.S. Dist. LEXIS 99419 (D. Or. Sept. 2, 2011) ...................................... 11

*Grant Thornton, LLP v. FDIC,*
  535 F. Supp. 2d 676 (S.D. W. Va. 2007) ................................................... 1, 6, 7

*Hudson v. First Transit, Inc.,*
  2011 U.S. Dist. LEXIS 14097 (N.D. Cal. Feb. 3, 2011) .................................... 5

*J&J Sports Prods., Inc. v. Montanez,*
  2010 U.S. Dist. LEXIS 137732 (E.D. Cal. Dec. 13, 2010) .............................. 10

*J&J Sports Prods., Inc. v. Soto,*
  2010 U.S. Dist. LEXIS 103958 (S.D. Cal. Sept. 27, 2010) ................................ 6

*Jones v. Community Redevelopment Agency,*
  733 F.2d 646 (9th Cir. 1984) .............................................................................. 5

# TABLE OF AUTHORITIES
## (cont'd)

**Page**

*Mukherjee v. Immigration & Naturalization Serv.*,
  793 F.2d 1006 (9th Cir. 1986) .................................................................... 8

*Qarbon.com Inc. v. eHelp Corp.*,
  315 F. Supp. 2d 1046 (N.D. Cal. 2004) ................................................. 7, 8

*RTC v. Sands*,
  863 F. Supp. 365 (N.D. Tex. 1994) ....................................................... 6, 7

*SEC v. Sands*,
  902 F. Supp. 1149 (C.D. Cal. 1995) ........................................................ 8

*Wyshak v. City Nat'l Bank*,
  607 F.2d 824 (9th Cir. 1979) ................................................................... 5

## **RULES**

Fed. R. Civ. P. 8 .............................................................................................. 1, 5

Fed. R. Civ. P. 12(f) ........................................................................................ 5, 6

201186833.1

**INTRODUCTION**

By this motion, plaintiff and counterdefendant the National Credit Union Administration Board as liquidating agent for Western Corporate Federal Credit Union (the "NCUA") asks the Court to strike three sets of legally insufficient affirmative defenses from the Amended Answers to the NCUA's Second Amended Complaint (the "SAC") [Docket 116] filed by the defendants, former officers of Western Corporate Federal Credit Union ("WesCorp"). The NCUA alleges that the defendants – Robert A. Siravo ("Siravo"), Thomas E. Swedberg ("Swedberg"), Timothy T. Sidley ("Sidley"), Robert J. Burrell ("Burrell"), and Todd M. Lane ("Lane") (collectively, the "Officer Defendants") – breached their fiduciary duties to WesCorp, resulting in more than $6.8 billion in losses and causing WesCorp's ultimate demise. The NCUA also alleges that Siravo and Swedberg received millions of dollars from WesCorp in the form of retirement compensation to which they were not entitled.

The first set of affirmative defenses assert that the pre-failure actions of the NCUA as regulator *excuses* the otherwise culpable conduct of the Officer Defendants. These defenses fail because "[c]ourts have uniformly held that claims or defenses based upon pre-receivership actions of regulators are legally insufficient." *Grant Thornton, LLP v. FDIC*, 535 F. Supp. 2d 676, 722 (S.D. W. Va. 2007).

The second set of affirmative defenses assert that the business judgment rule bars liability. The Court has already held that the business judgment rule does not protect the Officer Defendants. *See* Docket 110 at 9-11.

The third set of affirmative defenses are bare-bones assertions that a statute of limitations bars the NCUA's claims. Because these defenses state only the legal conclusion embodied in their title – not even identifying the statute being asserted – they do not provide the basic notice required under Fed. R. Civ. P. 8. *See Barnes v.*

1

*AT&T Pension Benefit Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1172 (N.D. Cal. 2010).

## BACKGROUND

### A. The SAC's Allegations.

WesCorp was the largest non-profit "retail" corporate credit union. *See* SAC, ¶¶ 30, 45. Its purpose was to provide its members – themselves credit unions – with a place to invest their excess funds, a ready source of liquidity, and a variety of "back office" banking services. *See id.*, ¶¶ 46-49. WesCorp's members, especially its many small credit union members, depended on WesCorp for services, liquidity, and safe investment of excess funds. *See id.*, ¶ 51.

The SAC alleges that Siravo, Sidley, Burrell, and Lane – all officers of WesCorp – breached their fiduciary duties to WesCorp, resulting in billions of dollars in losses and ultimately causing WesCorp's collapse. *See id.*, ¶¶ 183-98, 235-39. The SAC also asserts a claim for fraud against Siravo and Swedberg for wrongfully obtaining retirement compensation payments from WesCorp.[1] *See id.*, ¶¶ 227-34.

### B. The Affirmative Defenses.

On October 31, 2011, Siravo and Swedberg filed a joint Amended Answer to the SAC. *See* Siravo/Swedberg Answer [Docket 190]. On the same day, Sidley, Burrell, and Lane each filed his own Amended Answer to the SAC. *See* Sidley Answer [Docket 191]; Burrell Answer [Docket 192]; Lane Answer [Docket 193].

Although the Officer Defendants do not present their affirmative defenses in the same order, the affirmative defenses asserted in each Answer are substantially similar.

---

[1] The parties are stipulating to the NCUA's dismissal of its Seventh and Eighth Claims for Relief for Breach of Fiduciary Duty and Unjust Enrichment based on compensation paid to Lane.

1. **<u>Affirmative Defenses Based on the NCUA's Alleged Pre-Failure Conduct.</u>**

Several of the Officer Defendants' affirmative defenses allege that actions and omissions of the NCUA as regulator prior to the failure of WesCorp excuse or reduce the liability of the Officer Defendants for their otherwise culpable conduct. The Officer Defendants allege that the NCUA – as the regulator responsible for overseeing credit unions – endorsed, ratified, acquiesced, approved, and participated in actions that led to WesCorp's failure. They allege, for example, that the NCUA, as regulator, praised WesCorp's management, endorsed WesCorp's investment philosophy, gave WesCorp special permission to engage in riskier investments, monitored WesCorp's investments daily, approved WesCorp's policies and procedures for reviewing, evaluating, and managing investments, encouraged WesCorp's practice of concentrating its loans in the riskiest type of mortgage backed securities, and never raised any concerns regarding WesCorp's investment strategies, risk assessment efforts, or business plans. *See* Siravo/Swedberg Answer [Docket 190], ¶¶ 245-52; Sidley Answer [Docket 191], ¶¶ 246-58, 277-78; Burrell Answer [Docket 192], ¶¶ 247-314; Lane Answer [Docket 193], ¶¶ 246-47.

The four affirmative defenses that contain these allegations are

- Ratification, Consent, Approval, & Participation by the NCUA;[2]
- Reliance on Others (including the NCUA as regulator);[3]
- Apportionment (based on the pre-failure conduct of the NCUA as regulator);[4] and

---

[2] *See* Siravo/Swedberg's First Affirmative Defense [Docket 190], ¶¶ 245-52; Sidley's First Affirmative Defense [Docket 191], ¶¶ 246-58; Burrell's First Affirmative Defense [Docket 192], ¶¶ 247-314; Lane's Second Affirmative Defense [Docket 193], ¶¶ 246-47.

[3] *See* Siravo/Swedberg's Sixth Affirmative Defense [Docket 190], ¶¶ 275-76; Sidley's Sixth Affirmative Defense [Docket 191], ¶¶ 267-68; Lane's Sixth Affirmative Defense [Docket 193], ¶ 251.

[4] *See* Siravo/Swedberg's Sixth Affirmative Defense [Docket 190], ¶¶ 277-78.

3

- Estoppel (based on the pre-failure conduct of the NCUA as regulator).[5]

Many of these affirmative defenses allege both the acts or omissions of the NCUA as regulator and the acts and omissions of other parties, such as WesCorp's board of directors. For those defenses, the NCUA is moving to strike only the references to the NCUA as regulator, not the defense as a whole.

### 2. Affirmative Defenses Asserting the Business Judgment Rule.

All of the Officer Defendants assert the business judgment rule as an affirmative defense. *See* Siravo/Swedberg's Third Affirmative Defense [Docket 190], ¶¶ 267-68; Sidley's Second Affirmative Defense [Docket 191], ¶¶ 246-58; Burrell's Second Affirmative Defense [Docket 192], ¶¶ 315-16; Lane's First Affirmative Defense [Docket 193], ¶ 245. In each case, the affirmative defense merely restates the elements of the business judgment rule.

### 3. Affirmative Defenses Asserting the Statute of Limitations.

All of the Officer Defendants assert the statute of limitations as an affirmative defense. *See* Siravo/Swedberg's Fifth Affirmative Defense [Docket 190], ¶¶ 273-74; Sidley's Twelfth Affirmative Defense [Docket 191], ¶¶ 279-80; Burrell's Seventh Affirmative Defense [Docket 192], ¶¶ 327-28; Lane's Fifth Affirmative Defense [Docket 193], ¶ 250. Each of the statute of limitation defenses states only that the NCUA's claims "are barred, in whole or in part, because of the applicable statute(s) of limitations." *Id.*

\* \* \*

The affirmative defenses at issue in this motion to strike and the number assigned to those affirmative defenses by each of the Officer Defendants are summarized in the chart below:

---

[5] *See* Sidley's Eleventh Affirmative Defense [Docket 191] ¶¶ 277-78.

| Affirmative Defense | Siravo/ Swedberg | Lane | Burrell | Sidley |
|---|---|---|---|---|
| **Pre-failure Actions by NCUA:** | | | | |
| Ratification, Consent by NCUA | 1st | 2nd | 1st | 1st |
| Reliance on Others—NCUA | 6th | 6th | | 6th |
| Apportionment—NCUA conduct | 7th | | | |
| Estoppel | | | | 11th |
| **Other Affirmative Defenses:** | | | | |
| Business Judgment Rule | 3rd | 1st | 2nd | 2nd |
| Statute of Limitations | 5th | 5th | 7th | 12th |

## LEGAL STANDARD

Fed. R. Civ. P. 8 requires parties to "affirmatively state any avoidance or affirmative defense" in short and plain terms. *Id.* This requires more than simply stating a legal theory. *See Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). As *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) explained, parties must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* Although the Ninth Circuit has not yet determined whether to apply the *Twombly* standard to affirmative defenses, the Northern District of California has observed that "the vast majority of courts presented with the issue have extended *Twombly*'s heightened pleading standard to affirmative defenses." *Hudson v. First Transit, Inc.*, 2011 U.S. Dist. LEXIS 14097 at *3 (N.D. Cal. Feb. 3, 2011) (quoting *Barnes*, 718 F. Supp. 2d at 1171).

Whether or not *Twombly* applies to affirmative defenses, defendants must still provide the plaintiff with "fair notice" of the nature of the defense by alleging facts that explain how the defense relates to the instant case. *See Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). When an affirmative defense does not allege facts meeting this pleading standard, or when an affirmative defense is legally insufficient, redundant, immaterial, or impertinent, Fed. R. Civ. P. 12(f) authorizes courts to strike the defense. *See id.*; *Desert European Motorcars, Ltd. v. Desert*

5

*European Motorcars, Inc.*, 2011 U.S. Dist. LEXIS 96154 at *7-8 (C.D. Cal. Aug. 25, 2011) (striking affirmative defenses that were insufficient, inadequate, or improper). A defense is "immaterial" or "impertinent" if it "has no essential or important relationship to the claim for relief" or does not "pertain . . . to the issues in question." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993).

The purpose of a Rule 12(f) motion to strike is to avoid spending time and money litigating spurious issues. *See id.* Parties "should not waste the Court's or Plaintiff's time" by failing to support affirmative defenses with "specific factual allegations." *J&J Sports Prods. v. Soto*, 2010 U.S. Dist. LEXIS 103958 at *3-6 (S.D. Cal. Sept. 27, 2010) (striking all 17 of defendant's affirmative defenses).

## LEGAL ARGUMENT

### I. AFFIRMATIVE DEFENSES BASED ON THE NCUA'S ALLEGED PRE-FAILURE CONDUCT ARE INSUFFICIENT AS A MATTER OF LAW.

The Officer Defendants' affirmative defenses of (1) Ratification, Consent, Approval, & Participation by the NCUA, (2) Reliance on Others, (3) Apportionment, and (4) Estoppel are based wholly or partially upon the alleged pre-failure conduct of the NCUA, acting as regulator . These defenses all assert that even if the Officer Defendants' culpable conduct would otherwise render them liable on the NCUA's claims, their liability is excused or reduced because the NCUA acting as regulator "participated in," "ratified," "approved," or "acquiesced to" that conduct.

These affirmative defenses are legally insufficient. The pre-failure actions of financial institution regulators cannot be asserted as an affirmative defense to claims brought by the receiver or liquidator of those institutions. *See, e.g., Grant Thornton*, 535 F. Supp. 2d at 722 ("claims or defenses based upon pre-receivership actions of regulators are legally insufficient"); *FDIC v. Ornstein*, 73 F. Supp. 2d 277, 281 (E.D.N.Y. 1999) (striking affirmative defenses based on pre-receivership conduct); *RTC v. Sands*, 863 F. Supp. 365, 372-73 (N.D. Tex. 1994) (pre-conservatorship

conduct of banking regulators is off limits); *FDIC v. Lowe*, 809 F. Supp. 856, 858 (D. Utah 1992) (affirmative defenses against FDIC in its capacity as regulator are insufficient as a matter of law); *FDIC v. Crosby*, 774 F. Supp. 584, 586 (W.D. Wash. 1991) (regulatory conduct prior to receivership not relevant); *FDIC v. Ashley*, 749 F. Supp. 1065, 1068 (D. Kan. 1990) (contributory negligence defense not available against FDIC for pre-closing activities); *FDIC v Carter*, 701 F. Supp. 730, 737 (C.D. Cal. 1987) (the discretionary function exemption requires the court to strike affirmative defenses based on the FDIC's oversight of a bank).

Because pre-failure conduct of the regulator of a failed financial institution cannot be the basis for any affirmative defense, the Court should strike all affirmative defenses that seek to excuse or reduce liability for the Officer Defendants' conduct based on the action (or inaction) of the NCUA as regulator before WesCorp's failure. Thus, the Court should strike the following three affirmative defenses in their entirety:

    (1)    Siravo and Swedberg's First Affirmative Defense of Ratification, Consent, Approval, Acquiescence, and Participation by the NCUA, *see* Docket 190, ¶¶ 245-52;

    (2)    Lane's Second Affirmative Defense of Consent, Approval, Acquiescence, Ratification, & Participation by the NCUA, *see* Docket 193, ¶¶ 246-47; and

    (3)    Sidley's Eleventh Affirmative Defense of Estoppel, *see* Docket 91, ¶¶ 277-78.[6]

---

[6] Sidley's affirmative defense of estoppel also fails because it merely alleges the legal doctrine of estoppel. *See Bottoni v. Sallie Mae, Inc.*, 2011 U.S. Dist. LEXIS 93634 at *5 (N.D. Cal. Aug. 22, 2011) (finding that a "mere reference to the doctrine of estoppel, without supporting facts, is not enough"); *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049-40 (N.D. Cal. 2004) (striking estoppel affirmative defense where defendant failed to provide any factual basis for the defense). In order to plead the defense of estoppel against the government, a defendant must allege facts showing that the "government's wrongful act would cause serious injustice and . . . the public interest would not be unduly harmed by

7

In addition, the Court should strike the portions of the following affirmative defenses that allege action (or inaction) by the NCUA as regulator:

(1) Siravo and Swedberg's Sixth Affirmative Defense of Reliance on Others (to the extent that it is based on reliance on "NCUA personnel and examiners"), *see* Docket 190, ¶¶ 275-76;

(2) Siravo and Swedberg's Seventh Affirmative Defenses of Apportionment (to the extent that it is based on the fault of "NCUA personnel and examiners"), *see id*., ¶¶ 277-78;

(3) Burrell's First Affirmative Defense of Consent, Approval, Acquiescence, Authorization, Ratification (to the extent that it is based on alleged consent, approval, acquiescence, authorization, or ratification by the NCUA as regulator), *see* Docket 192, ¶¶ 247-314;

(4) Lane's Sixth Affirmative Defense of Reliance on Others (to the extent that it is based on reliance on "NCUA personnel and examiners"), *see* Docket 193, ¶ 251;

(5) Lane's Seventh Affirmative Defense of Apportionment (to the extent that it is based on the fault of "NCUA personnel and examiners"), *see id*., ¶ 252;

(6) Sidley's First Affirmative Defense of Consent, Approval, Acquiescence, Participation, Ratification (to the extent that it is based on alleged consent, approval, acquiescence, participation, or ratification by the NCUA as regulator), *see* Docket 191, ¶¶ 246-58; and

---

imposition of the doctrine." *Mukherjee v. Immigration & Naturalization Serv.*, 793 F.2d 1006, 1009 (9th Cir. 1986); *see SEC v. Sands*, 902 F. Supp. 1149, 1166 (C.D. Cal. 1995) (striking affirmative defense of estoppel).

8

(7) Sidley's Sixth Affirmative Defense of Reliance on Professionals and Others (to the extent that it is based on reliance on "NCUA personnel and examiners"), *see id.*, ¶¶ 267-68.

## II. THE COURT SHOULD STRIKE ALL AFFIRMATIVE DEFENSES ASSERTING THE BUSINESS JUDGMENT RULE.

The Court has already held that the Officer Defendants cannot rely upon the business judgment rule because under California law it applies to protect only corporate directors – not corporate officers. *See* Docket 110 at 9-11; *see also Gaillard v. Natomas Co.*, 208 Cal. App. 3d 1250, 1265 (1989) (officers are not entitled to invoke the business judgment rule). Nonetheless, each of the Officer Defendants have asserted the business judgment rule as an affirmative defense. Because officers are not protected by the business judgment rule, the Court should strike the following affirmative defenses as legally insufficient:

(1) Siravo and Swedberg's Third Affirmative Defense of Business Judgment Rule, Due Diligence and Reasonable Investigation, *see* Docket 190, ¶¶ 267-68;

(2) Burrell's Second Affirmative Defense of Business Judgment Rule, Due Diligence, Reasonable Investigation, Business Custom and Usage, Candor, Good Faith, *see* Docket 192, ¶¶ 315-16;

(3) Lane's First Affirmative Defense of Business Judgment Rule, Due Diligence & Reasonable Investigation, *see* Docket 193, ¶ 245; and

(4) Sidley's Second Affirmative Defense of Business Judgment Rule, *see* Docket 191, ¶¶ 246-58.

## III. THE STATUTE OF LIMITATIONS AFFIRMATIVE DEFENSES DO NOT GIVE FAIR NOTICE OF THEIR NATURE.

The Officer Defendants each assert an affirmative defense based on the bare-bones allegation that the NCUA's claims are barred "by the applicable statute(s) of

9

1 limitations." The allegation of this legal conclusion does not assert a legally
2 sufficient affirmative defense because it does not give the NCUA any notice of the
3 basis for the defense. *See Barnes*, 718 F. Supp. 2d at 1172 (striking statute of
4 limitations affirmative defense); *see also J&J Sports Prods., Inc. v. Montanez*, 2010
5 U.S. Dist. LEXIS 137732 (E.D. Cal. Dec. 13, 2010) (striking affirmative defense of
6 statute of limitations because defendants failed to plead any facts or legal theory to
7 support the affirmative defense).

As Judge Lew recently explained when striking a similarly hollow statute of limitations defense:

> Defendant fails to plead sufficient facts here to give Plaintiff fair notice as to how this Action is barred by the applicable statute of limitations. Specifically, Defendant fails to plead any facts here regarding this defense, merely setting forth that the Action is barred by the applicable statutes of limitations. As such, the Court finds that this affirmative defense pleads a legal conclusion and therefore fails to give Plaintiff fair notice of the defense.

*Desert European Motorcars, Ltd.,* 2011 U.S. Dist. LEXIS 96154 at *7-8 (internal citations omitted). Here, the limitations defenses give even less notice than the legally insufficient defenses asserted in *Desert European Motorcars*. None of the Officer Defendants has even alleged the statute or statutes of limitations that they claim bar the NCUA's claim.

To adequately plead the statute of limitations as an affirmative defense, the Officer Defendants must provide factual allegations that show "why that affirmative defense might exist." *Barnes*, 718 F. Supp. 2d at 1172. They are required to identify the statutes of limitation that they allege are at issue and to allege "sufficient facts . . . to give Plaintiff fair notice as to how this Action is barred by the applicable statute of limitations." *Desert European Motorcars, Ltd.,* 2011 U.S. Dist. LEXIS 96154, *7. *See Gessele v. Jack in the Box, Inc.*, 2011 U.S. Dist. LEXIS 99419 at *15 (D. Or. Sept. 2, 2011) (striking statute of limitation affirmative defense because

10

it failed to "identify which claims are untimely and which statutes of limitations are at issue").

The following affirmative defenses should be stricken (or should be required to be repled with sufficient allegations):

(1) Siravo and Swedberg's Fifth Affirmative Defense of Statute of Limitations, *see* Docket 190, ¶¶ 273-74;

(2) Burrell's Seventh Affirmative Defense of Statute of Limitations, *see* Docket 192, ¶¶ 327-28;

(3) Lane's Fifth Affirmative Defense of Statute of Limitations, *see* Docket 193, ¶ 250; and

(4) Sidley's Twelfth Affirmative Defense of Statute of Limitations, *see* Docket 191, ¶¶ 246-58.

## **CONCLUSION**

For the reasons set forth herein, the NCUA respectfully asks the Court: (1) to strike in their entirety (a) Siravo and Swedberg's First and Third Affirmative Defenses, (b) Burrell's Second Affirmative Defense, (c) Lane's First and Second Affirmative Defenses, and (d) Sidley's Second and Eleventh Affirmative Defenses; (2) to strike the references to the NCUA in (a) Siravo and Swedberg's Sixth and Seventh Affirmative Defenses, (b) Burrell's First Affirmative Defense, (c) Lane's Sixth and Seventh Affirmative Defenses, and (d) Sidley's First and Sixth Affirmative Defenses; and (3) to strike (or to require to be repled) (a) Siravo and

Swedberg's Fifth Affirmative Defense, (b) Burrell's Seventh Affirmative Defense, (c) Lane's Fifth Affirmative Defense, and (d) Sidley's Twelfth Affirmative Defense.

DATED: November 14, 2011     LUCE, FORWARD, HAMILTON & SCRIPPS LLP
Michael H. Bierman
Jeffrey D. Wexler
Michael E. Pappas


By:   /s/ Michael H. Bierman
Michael H. Bierman
Attorneys for Plaintiff and Counterdefendant
National Credit Union Administration Board
As Liquidating Agent For Western Corporate
Federal Credit Union

201713273.2