| | |
|---|---|
| 1 | Michael H. Bierman, State Bar No. 89156 |
| 2 | Jeffrey D. Wexler, State Bar No. 132256 |
| | Michael E. Pappas, State Bar No. 130400 |
| 3 | LUCE, FORWARD, HAMILTON & SCRIPPS LLP |
| | 601 S. Figueroa, Suite 3900 |
| 4 | Los Angeles, California 90017 |
| | Telephone: 213.892.4992 |
| 5 | Facsimile:  213.892.7731 |
| | E-Mail:   mbierman@luce.com |
| 6 |             mpappas@luce.com |
| 7 |             jwexler@luce.com |
| 8 | Attorneys for Plaintiff and Counterdefendant National Credit Union Administration |
| 9 | Board As Liquidating Agent For Western Corporate Federal Credit Union |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| NATIONAL CREDIT UNION ADMINISTRATION BOARD AS LIQUIDATING AGENT FOR WESTERN CORPORATE FEDERAL CREDIT UNION, <br><br> Plaintiff, <br><br> v. <br><br> ROBERT A. SIRAVO, TODD M. LANE, ROBERT J. BURRELL, THOMAS E. SWEDBERG, TIMOTHY T. SIDLEY, ROBERT H. HARVEY, JR., WILLIAM CHENEY, GORDON DAMES, JAMES P. JORDAN, TIMOTHY KRAMER, ROBIN J. LENTZ, JOHN M. MERLO, WARREN NAKAMURA, BRIAN OSBERG, DAVID RHAMY and SHARON UPDIKE, <br><br> Defendants. | Case No.: CV10-01597 GW (MANx) <br><br> **NOTICE OF MOTION AND MOTION OF PLAINTIFF AND COUNTERDEFENDANT NATIONAL CREDIT UNION ADMINISTRATION BOARD AS LIQUIDATING AGENT FOR WESTERN CORPORATE FEDERAL CREDIT UNION TO DISMISS AMENDED COUNTERCLAIMS FOR: (1) LACK OF SUBJECT MATTER JURISDICTION; AND (2) FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED [Fed. R. Civ. P. 12(b)(1) and 12(b)(6)]** <br><br> Date: January 9, 2012 <br> Time: 8:30 a.m. <br> Courtroom: 10 |

1     TO DEFENDANTS AND COUNTERCLAIMANTS, AND TO THEIR
2 ATTORNEYS OF RECORD HEREIN:
3     PLEASE TAKE NOTICE that on January 9, 2012, at 8:30 a.m., or as soon
4 thereafter as the matter may be heard before the Honorable George H. Wu, United
5 States District Judge, in Courtroom 10 of the United States Courthouse, 312 North
6 Spring Street, Los Angeles, California 90012, plaintiff and counterdefendant
7 National Credit Union Administration Board as Liquidating Agent for Western
8 Corporate Federal Credit Union (the "NCUA") will, and hereby does, move the
9 Court as follows with regard to (a) the Amended Answer and Counterclaims of
10 defendants and counterclaimants Robert A. Siravo and Thomas E. Swedberg filed
11 on October 31, 2011 [Docket 190], (b) the Second Amended Answer and Amended
12 Counterclaims of defendant and counterclaimant Timothy T. Sidley filed on October
13 31, 2011 [Docket 191], (c) the Amended Answer and Counterclaims of defendant
14 and counterclaimant Robert John Burrell filed on October 31, 2011 [Docket 192],
15 and (d) the Further Amended Answer and Counterclaims of defendant and
16 counterclaimant Todd M. Lane filed on October 31, 2011 [Docket 193]
17 (collectively, the "Counterclaims"):
18     (1)   Pursuant to Fed. R. Civ. P. 12(b)(1), the NCUA will, and
19     hereby does, move to dismiss the Counterclaims to the extent that they
20     seek advancement or reimbursement of defense costs during the
21     pendency of this lawsuit or declaratory relief relating to any obligation
22     of the NCUA to provide advancement, reimbursement, or
23     indemnification on the ground that the Court lacks subject matter
24     jurisdiction over such claims under 12 U.S.C. § 1787(g), which
25     prevents courts from taking any action to "restrain or affect" the
26     NCUA's exercise of its statutory powers;
27     (2)   pursuant to Fed. R. Civ. P. 12(b)(6), the NCUA will, and
28     hereby does, move to dismiss the Counterclaims to the extent that they

seek advancement or reimbursement of costs during the pendency of this lawsuit or indemnification for failure to state a claim on which relief may be granted, based upon each of the following reasons:

 (a) defendants and counterclaimants Robert A. Siravo, Thomas E. Swedberg, Timothy T. Sidley, Robert J. Burrell, and Todd M. Lane (collectively, the "Officer Defendants") cannot state a claim against the NCUA for advancement or reimbursement of costs during the pendency of this lawsuit because 12 C.F.R. § 701.33(c)(6) gives a credit union discretion whether to advance or reimburse expenses during the pendency of a lawsuit;

 (b) the Officer Defendants cannot state a claim against the NCUA for advancement or reimbursement of costs during the pendency of this lawsuit because neither California law nor the Model Business Corporation Act requires advances or reimbursements during the pendency of a lawsuit, nor does the WesCorp policy ("Policy 21") relied upon by the Officer Defendants;

 (c) the Officer Defendants cannot state a claim against the NCUA for indemnification, advancement, or reimbursement during the pendency of this lawsuit because officers or directors of a failed financial institution may not obtain indemnification for actions brought against them by the institution's receiver, regardless of whether they might have had a right to indemnification by the financial institution;

 (d) the Officer Defendants cannot state a claim against the NCUA for indemnification under Cal. Labor

1    Code § 2802 because (i) Section 2802 does not authorize
2    an employee to obtain indemnification from an employer
3    for expenses incurred by the employee in defending a
4    lawsuit brought by the employer, and (ii) claims for
5    indemnification by directors and officers of non-profit
6    corporations are governed by the specific provisions of
7    Cal. Corp. Code § 7237(d), not the more general
8    provisions of Section 2802; and

9           (e)    the Officer Defendants' claims for mandatory
10   indemnification are not ripe because the Officer
11   Defendants have not prevailed.

12   The motion will be based on this Notice of Motion, the Memorandum
13 of Points and Authorities filed concurrently herewith, the NCUA's Second
14 Amended Complaint, the Counterclaims, the [Proposed] Order lodged
15 concurrently herewith, the records and files in this matter, and such further
16 oral or written argument as may be considered by the Court.

17   This Motion is made following the conferences of counsel pursuant to
18 Local Rule 7-3 that occurred on October 24, 2011 and November 3, 2011.

19 DATED: November 14, 2011        LUCE, FORWARD, HAMILTON & SCRIPPS LLP
                                   Michael H. Bierman
20                                 Jeffrey D. Wexler
                                   Michael E. Pappas
21

22
                                   By:    /s/ Michael H. Bierman
23                                        Michael H. Bierman
                                          Attorneys for Plaintiff and Counterdefendant
24                                        National Credit Union Administration Board
                                          As Liquidating Agent For Western Corporate
25                                        Federal Credit Union

26 201179515.1

27

28