Michael H. Bierman, State Bar No. 89156
Jeffrey D. Wexler, State Bar No. 132256
Michael E. Pappas, State Bar No. 130400
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
601 S. Figueroa, Suite 3900
Los Angeles, California 90017
Telephone: 213.892.4992
Facsimile: 213.892.7731
E-Mail:  mbierman@luce.com
         mpappas@luce.com
         jwexler@luce.com

Attorneys for Plaintiff and Counterdefendant National Credit Union Administration Board As Liquidating Agent For Western Corporate Federal Credit Union

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| NATIONAL CREDIT UNION ADMINISTRATION BOARD AS LIQUIDATING AGENT FOR WESTERN CORPORATE FEDERAL CREDIT UNION,<br><br>    Plaintiff,<br><br>v.<br><br>ROBERT A. SIRAVO, TODD M. LANE, ROBERT J. BURRELL, THOMAS E. SWEDBERG, TIMOTHY T. SIDLEY, ROBERT H. HARVEY, JR., WILLIAM CHENEY, GORDON DAMES, JAMES P. JORDAN, TIMOTHY KRAMER, ROBIN J. LENTZ, JOHN M. MERLO, WARREN NAKAMURA, BRIAN OSBERG, DAVID RHAMY and SHARON UPDIKE,<br><br>    Defendants. | Case No.: CV10-01597 GW (MANx)<br><br>**[PROPOSED] ORDER GOVERNING USE AND DISSEMINATION OF CONFIDENTIAL INFORMATION**<br><br>**[DISCOVERY MATTER]** |

Pursuant to the Stipulation Governing Use and Dissemination of Confidential Information filed by plaintiff and counterdefendant the National Credit Union Administration Board as Liquidating Agent for Western Corporate Federal Credit Union (the "NCUA") and defendants and counterclaimants Robert A. Siravo, Thomas E. Swedberg, Timothy T. Sidley, Robert J. Burrell, and Todd M. Lane (collectively, the "Officer Defendants"), the Court hereby enters this Protective Order (the "Order") to protect privileged or confidential information and material that may be produced or otherwise disclosed by the parties or third parties during the course of discovery in this action.

1. This Order shall govern the disclosure and handling of all documents and other products of discovery obtained by the parties in this case (the "Action"), all information derived therefrom, and all copies, excerpts, or summaries thereof, including, but not limited to, documents produced pursuant to inspection demands or subpoenas, answers to requests for admission, answers to interrogatories, and deposition transcripts (hereinafter referred to collectively as "Discovery Materials").

2. Discovery Materials shall be entitled to treatment as Confidential Discovery Materials if they contain confidential material including, but not limited to: (a) current financial information of a party; (b) information pertaining to a third party as to which the third party has interests in confidentiality or privacy; or (c) trade secrets as defined in Cal. Civ. Code § 3426.1 (which provides that the term "trade secret" "means information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy").

3. A party producing Discovery Materials containing information as to which a third party has interests in confidentiality or privacy ("Third Party

Confidential Discovery Materials") may produce such Third Party Confidential Discovery Materials without designating those Discovery Materials as confidential or redacting information from those Discovery Materials.  No party shall file, disclose (other than in response to discovery served in this matter), or otherwise use any Third Party Confidential Discovery Materials obtained from another party without redacting or excluding personal identifiers in the manner provided for by Rule 79-5.4 of the Local Rules of the United States District Court for the Central District of California .

      4.    A party or third party producing Discovery Materials as to which such party itself has interests in confidentiality or privacy ("First Party Confidential Discovery Materials") shall designate such Discovery Materials as confidential pursuant to the provisions set forth herein.

      5.    A party may designate First Party Confidential Discovery Materials as Confidential Discovery Materials (by stamping them "CONFIDENTIAL") only if they contain confidential information.

      6.    Designation of First Party Confidential Discovery Materials pursuant to this Order shall be made at the time the information is produced or filed, or in the case of a deposition transcript, within 15 days after receipt thereof, by stamping "CONFIDENTIAL" on each page of such First Party Confidential Discovery Materials and by notifying the parties hereto of such designation.

      7.    If any portion of a written discovery response contains Confidential Discovery Materials (whether First Party Confidential Discovery Materials or Third Party Confidential Discovery Materials), such portion shall be provided in a separate document, appended to the main body of the response, appropriately marked in accordance with paragraph 5 above, and incorporated by reference therein.

      9.    Testimony taken at a deposition that contains Confidential Discovery Materials (whether First Party Confidential Discovery Materials or Third Party Confidential Discovery Materials) may be designated as confidential by making a

statement to that effect on the record at the deposition.  Arrangements shall be made with the court reporter taking and transcribing such deposition to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.  Alternatively, a party may designate such testimony as confidential within 15 days after receiving the transcript of such testimony.

    10.   Discovery Materials produced pursuant to this Order and containing confidential information (whether First Party Confidential Discovery Materials or Third Party Confidential Discovery Materials and whether or not designated as Confidential Discovery Materials) shall not be given, shown, made available, discussed, or otherwise communicated in any way to anyone other than:

    (A)   the attorneys of record for any party to the Action or outside counsel assisting such attorneys of record or party to the Action, and the employees and agents of such attorneys to whom, in the opinion of the attorneys in charge of the case for such party, it is necessary to the preparation of their case that such Discovery Materials be shown;

    (B)   any individual who is a party to the Action and inside counsel, directors, officers and employees of any party who are assisting in the preparation of the Action for litigation and to whom, in the opinion of the attorneys in charge of the case for such party, it is necessary to the preparation of their case that such Discovery Materials be shown;

    (C)   independent experts or consultants (collectively referred to as "Experts or Consultants") retained by the attorneys of record for any party to assist in the preparation of the Action for litigation, and the office personnel of any Experts or Consultants who have received such Discovery Materials;

3

   (D) any employee or agent of a copying service or similar entity to whom the Discovery Materials are provided for the purpose of making copies;

   (E) any person designated on the face of the Discovery Materials as a preparer or prior recipient thereof;

   (F) any person who has been indicated by the party producing such Discovery Materials to have been a prior recipient thereof;

   (G) the Court and its employees;

   (H) court reporters;

   (I) a non-party witness during the course of his or her deposition or trial testimony; and

   (J) such other persons, and on such other terms and conditions, as the parties agree to in writing or as the Court, upon application, may order.

 11. Each person referred to in paragraph 10 above shall be informed of the general contents of this Order and such persons (with the exception of those referred to in paragraphs 10(A), 10(D), 10(G), and 10(H) above) shall agree to be bound by the terms of this Order prior to viewing or discussion of any Discovery Materials containing confidential information (whether First Party Confidential Discovery Materials or Third Party Confidential Discovery Materials and whether or not designated as Confidential Discovery Materials).

 12. A party seeking to file or lodge with the Court any transcripts of depositions or portions thereof, exhibits, answers to interrogatories, responses to requests for admission, and other documents which contain confidential information (whether First Party Confidential Discovery Materials or Third Party Confidential Discovery Materials and whether or not designated as Confidential Discovery Materials), or any pleading or memorandum or other document purporting to reproduce or paraphrase such information, shall comply with the procedures set

forth in Rule 79-5 of the Local Rules of the United States District Court for the Central District of California and the version of the Court's Standing Order posted on the Central District's website as of the time of such filing or lodging for obtaining approval to file such materials under seal.

13. This Order is without prejudice to the right of any party or third party to consent, subject to any limitations it may impose, to disclosure of its Confidential Discovery Materials to any other person.

14. When Discovery Materials containing confidential information (whether First Party Confidential Discovery Materials or Third Party Confidential Discovery Materials and whether or not designated as Confidential Discovery Materials) will likely be presented, quoted or referred to in any deposition or proceeding other than trial, the party or third-party witness claiming confidentiality shall have the right to make arrangements to insure that only the persons who, in accordance with paragraph 10 herein would be permitted access to said confidential information are present during said presentation, quotation, or reference. When Confidential Discovery Materials (whether First Party Confidential Discovery Materials or Third Party Confidential Discovery Materials and whether or not designated as Confidential Discovery Materials) are incorporated in a transcript of a deposition or proceeding other than trial, any party or third-party witness claiming confidentiality shall arrange with the court reporter to bind the confidential portions of such transcript separately and to label such portion of the transcript as "CONFIDENTIAL" and any copies thereof shall be held in confidence as provided in this Order. The use at trial of Confidential Discovery Materials (whether First Party Confidential Discovery Materials or Third Party Confidential Discovery Materials and whether or not designated as Confidential Discovery Materials) shall be governed by the standards and procedures set forth in the version of the Court's Standing Order posted on the Central District's website as of the time of such use.

15. This Order pertains only to material obtained in connection with this Action and does not limit the use or disclosure of material that has been obtained by any party from any other source including, without limitation, material that: (A) is, or becomes, public knowledge due to circumstances that do not include a violation of the terms of this Order; (B) is acquired by the nondesignating party from a third party which lawfully possesses such material and which may lawfully disclose such material; or (C) was lawfully possessed by the nondesignating party prior to commencement of this litigation.

16. Any objections to a party's or third-party witness' designation during discovery of Discovery Materials as Confidential Discovery Materials shall be addressed as follows:

    (A) The receiving party may at any time object to the designation of Discovery Materials as Confidential Discovery Materials. Should the parties be unable informally to resolve such objection, then the receiving party shall make a motion on notice to all parties to this Action and any applicable third-party witnesses.

    (B) The party claiming confidentiality shall have the burden of demonstrating that the confidential designation was proper under the terms of this Order.

    (C) Any Discovery Materials that have been designated confidential shall be treated as confidential until such time as the Court orders that such materials should not be treated as confidential.

17. Upon final termination of this Action, including any appeals, whether by settlement or otherwise, upon written request a party to whom Discovery Materials that might contain confidential information were produced shall destroy them. In addition, upon written request all copies and/or summaries (including computer databases) that might contain any said confidential information shall be destroyed. This paragraph shall not preclude outside counsel from maintaining a

1  file copy of any pleading, deposition transcript, correspondence, or attorney working
2  papers that contains, attaches, refers to, or discusses said Confidential Discovery
3  Materials.
4    18.   This Order shall be without prejudice to the right of the parties: (A) to
5  redact portions of Discovery Materials that are (i) privileged or (ii) not relevant to
6  the subject matter of the Action and not reasonably calculated to lead to the
7  discovery of admissible evidence, provided that such redactions are clearly
8  identified on the Discovery Materials as redactions; (B) to bring before the Court at
9  any time the question of whether any particular document or information is
10 confidential or whether its use should be restricted; or (C) to present a motion to the
11 Court for a separate protective order as to any particular document or information,
12 including restrictions differing from those as specified herein.  This Order shall not
13 be deemed to prejudice the parties in any way in any future application for
14 modification of this Order.
15    19.   Before the failure of Western Corporate Federal Credit Union
16 ("WesCorp"), the Officer Defendants had access to various WesCorp documents
17 that constitute attorney-client communications.  As WesCorp's liquidating agent, the
18 NCUA now has possession of WesCorp's documents, including documents that
19 constitute attorney-client communications and/or attorney work product.  The other
20 parties may also have possession of such documents.  The parties shall not assert the
21 attorney-client privilege nor the work product doctrine as a ground for resisting
22 production to each other of pre-failure documents protected by WesCorp's attorney-
23 client privilege and/or attorney work product that were in the possession, custody, or
24 control of WesCorp or of any of the parties as of the time of WesCorp's failure.  The
25 parties' production of Discovery Materials that were subject to claims by WesCorp
26 of the attorney-client privilege and/or the work product doctrine ("WesCorp
27 Privileged Documents") shall not constitute a waiver of any privilege, including any
28 attorney-client privilege and/or work product doctrine with regard to any person or

entity who is not a party to this lawsuit. The NCUA shall have the sole right to waive the attorney-client privilege and/or the work product doctrine with regard to WesCorp Privileged Documents.

20. Nothing in this Order shall be construed to affect either the discoverability or admissibility at trial of any document or thing, nor shall any party's or third-party witness' assent to this Order be deemed to waive that party's right to object to the production of documents and things on appropriate grounds, to move to compel the production of documents and things wrongfully withheld from production, to assert appropriate privileges and immunities in response to discovery requests, or to seek additional protection or other modification of this Order by subsequent order of the Court. No party may refer to this Order or the designation of any document as proof that the designated Discovery Materials are actually confidential.

21. This Order shall apply retroactively to the date the instant Action was filed. All Discovery Materials produced during the course of the Action prior to the execution of this Order that contain confidential information (whether First Party Confidential Discovery Materials or Third Party Confidential Discovery Materials and whether or not designated as Confidential Discovery Materials) or WesCorp Privileged Documents, shall be subject to the terms and conditions of this Order.

22. This Order shall remain in force and effect and shall not be modified, superseded, or terminated except by express written consent of the parties, or by order of the Court.

23. Upon conclusion of this Action, this Court shall retain such jurisdiction regarding this Order for purposes of enforcing its terms and conditions and to enable any party herein to apply for such other and further orders concerning the subject of this Order as may be necessary or appropriate.

24. If anyone violates or threatens to violate any term of this Order, any party or third-party witness may seek damages and injunctive relief, and it shall not

1 be a defense thereto that the party or third party witness seeking such relief
2 possesses an adequate remedy at law.
3     Good cause being found, IT IS SO ORDERED

5 Dated: _____ \_\_, 2011     _____
6     The Honorable Margaret A. Nagle
    United States Magistrate Judge

201189021.1