PILLSBURY WINTHROP SHAW PITTMAN LLP
REYNOLD L. SIEMENS  #177956
Email: reynold.siemens@pillsburylaw.com
725 South Figueroa Street, Suite 2800
Los Angeles, CA 90017-5406
Telephone: (213) 488-7100
Facsimile: (213) 629-1033

PILLSBURY WINTHROP SHAW PITTMAN LLP
BRUCE A. ERICSON  #76342
Email: bruce.ericson@pillsburylaw.com
MARLEY DEGNER  #251923
Email: marley.degner@pillsburylaw.com
50 Fremont Street, Post Office Box 7880
San Francisco, CA  94120-7880
Telephone: (415) 983-1000
Facsimile: (415) 983-1200

Attorneys for Defendant ROBERT JOHN BURRELL

[THE NAMES AND ADDRESSES OF OTHER COUNSEL APPEAR ON THE SIGNATURE PAGES]

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| NATIONAL CREDIT UNION ADMINISTRATION BOARD AS LIQUIDATING AGENT FOR WESTERN CORPORATE FEDERAL CREDIT UNION,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT A. SIRAVO, et al.,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS. | No. CV 10-01597 GW (MANx)<br><br>**DECLARATION OF LAURA D. SMOLOWE IN SUPPORT OF JOINT OPPOSITION TO NCUA'S MOTION TO DISMISS COUNTERCLAIMS [DOC. 196]**<br><br>Date: January 9, 2012<br>Time: 8:30 a.m.<br>Courtroom: 10 |

15852423.1

**DECLARATION OF LAURA D. SMOLOWE I/S/O JOINT OPPOSITION**

# DECLARATION OF LAURA D. SMOLOWE

I, LAURA D. SMOLOWE, hereby declare as follows:

1. I am an attorney of the law firm of Munger, Tolles & Olson LLP, counsel of record for the defendants Robert A. Siravo and Thomas E. Swedberg in this action. I am a member of the bar of the State of California. I make this declaration based upon personal knowledge, and if called upon to do so I could and would testify competently to the facts set forth herein.

2. Attached hereto as Exhibit A are true and correct copies of various sections of the Model Business Corporations Act, excerpted from the American Bar Association's 2008 annotated edition.

3. Attached hereto as Exhibit B are true and correct copies of pages excerpted from legislative history for the 2000 amendment to California Labor Code section 2802, which history I requested and received from Legislative Intent Service, Inc.

DATED:  December 5, 2011           Respectfully submitted,

                                   Munger, Tolles & Olson LLP


                                   By:    /s/ Laura D. Smolowe
                                           Laura D. Smolowe

                                   Attorneys for Defendants,
                                   ROBERT A. SIRAVO and THOMAS E.
                                   SWEDBERG

15852423.1

- 1 -

DECLARATION OF LAURA D. SMOLOWE I/S/O JOINT OPPOSITION

Ex. A

# EXHIBIT A

Page 3
Ex. A

# Model Business Corporation Act

Official Text with Official Comment
and Statutory Cross-References
Revised through December 2007

Committee on Corporate Laws





Defending Liberty
Pursuing Justice

Commitment to Quality: ABA Section of Business Law is committed to quality in our publications. Our authors are experienced practitioners in their fields. Prior to publication, the contents of all our books are rigorously reviewed by experts to ensure the highest quality product and presentation. Because we are committed to serving our readers' needs, we welcome your feedback on how we can improve future editions of this book.

The introductory matter, Introductory Comments, Cross-References, Official Comments, Cross-References Tables, and Index are protected under the United States copyright law and may not be reproduced in any manner without the express permission of the American Bar Association, Copyrights & Contracts Department, 321 North Clark Street, Chicago, IL 60610. The black letter statutory text of the Model Business Corporation Act may be freely reproduced by the reader.

Nothing contained in this book is to be considered as the rendering of legal advice for specific cases, and readers are responsible for obtaining such advice from their own legal counsel. This book is intended for educational and informational purposes only.

© 2008 by the American Bar Association. All rights reserved.

Printed in the United States of America.

Library of Congress Cataloging-in-Publication Data

Library of Congress Cataloging-in-Publication data on file

**MODEL BUSINESS CORPORATION ACT**

### § 8.51. PERMISSIBLE INDEMNIFICATION

(a) Except as otherwise provided in this section, a corporation may indemnify an individual who is a party to a proceeding because the individual is a director against liability incurred in the proceeding if:
  (1)
     (i) the director conducted himself or herself in good faith; and
     (ii) reasonably believed:
        (A) in the case of conduct in an official capacity, that his or her conduct was in the best interests of the corporation; and
        (B) in all other cases, that the director's conduct was at least not opposed to the best interests of the corporation; and
     (iii) in the case of any criminal proceeding, the director had no reasonable cause to believe his or her conduct was unlawful; or
  (2) the director engaged in conduct for which broader indemnification has been made permissible or obligatory under a provision of the articles of incorporation (as authorized by section 2.02(b)(5)).
(b) A director's conduct with respect to an employee benefit plan for a purpose the director reasonably believed to be in the interests of the participants in, and the beneficiaries of, the plan is conduct that satisfies the requirement of subsection (a)(1)(ii)(B).
(c) The termination of a proceeding by judgment, order, settlement, or conviction, or upon a plea of nolo contendere or its equivalent, is not, of itself, determinative that the director did not meet the relevant standard of conduct described in this section.
(d) Unless ordered by a court under section 8.54(a)(3), a corporation may not indemnify a director:
  (1) in connection with a proceeding by or in the right of the corporation, except for expenses incurred in connection with the proceeding if it is determined that the director has met the relevant standard of conduct under subsection (a); or
  (2) in connection with any proceeding with respect to conduct for which the director was adjudged liable on the basis of receiving a financial benefit to which he or she was not entitled, whether or not involving action in the director's official capacity.

**CROSS-REFERENCES**

Advance for expenses, see § 8.53.
Articles of incorporation, see § 2.02(b)(5).
"Corporation" defined, see § 8.50(1).
Court-ordered indemnification, see § 8.54.
Derivative proceedings, see §§ 7.40–7.47.

Page 6 Ex. A

## OFFICIAL COMMENT

Section 8.51 determines whether indemnification may be made voluntarily by a corporation if it elects to do so. Section 8.52 determines whether a corporation must indemnify a director for his or her expenses; in other words, section 8.52 creates a statutory right of indemnification in favor of the director who meets the requirements of that section. Enforcement of this right by judicial proceeding is specifically contemplated by section 8.54(a)(1). Section 8.54(b) gives the director a statutory right to recover expenses incurred in enforcing the director's statutory right to indemnification under section 8.52.

The basic standard for mandatory indemnification is that the director has been "wholly successful, on the merits or otherwise," in the defense of the proceeding. The word "wholly" is added to avoid the argument accepted in *Merritt-Chapman & Scott Corp. v. Wolfson*, 321 A.2d 138 (Del. 1974), that a defendant may be entitled to partial mandatory indemnification if, by plea bargaining or otherwise, the director was able to obtain the dismissal of some but not all counts of an indictment. A defendant is "wholly successful" only if the entire proceeding is disposed of on a basis which does not involve a finding of liability. A director who is precluded from mandatory indemnification by this requirement may still be entitled to permissible indemnification under section 8.51(a) or court-ordered indemnification under section 8.54(a)(3).

The language in earlier versions of the Model Act and in many other state statutes that the basis of success may be "on the merits or otherwise" is retained. While this standard may result in an occasional defendant becoming entitled to indemnification because of procedural defenses not related to the merits, e.g., the statute of limitations or disqualification of the plaintiff, it is unreasonable to require a defendant with a valid procedural defense to undergo a possibly prolonged and expensive trial on the merits in order to establish eligibility for mandatory indemnification.

## § 8.53. ADVANCE FOR EXPENSES

(a) A corporation may, before final disposition of a proceeding, advance funds to pay for or reimburse expenses incurred in connection with the proceeding by an individual who is a party to the proceeding because that individual is a member of the board of directors if the director delivers to the corporation:
  (1) a written affirmation of the director's good faith belief that the relevant standard of conduct described in section 8.51 has been met by the director or that the proceeding involves conduct for which liability has been eliminated under a provision of the articles of incorporation as authorized by section 2.02(b)(4); and
  (2) a written undertaking of the director to repay any funds advanced if the director is not entitled to mandatory indemnification under section

Page 7
Ex. A

**MODEL BUSINESS CORPORATION ACT**

8.52 and it is ultimately determined under section 8.54 or section 8.55 that the director has not met the relevant standard of conduct described in section 8.51.

(b) The undertaking required by subsection (a)(2) must be an unlimited general obligation of the director but need not be secured and may be accepted without reference to the financial ability of the director to make repayment.

(c) Authorizations under this section shall be made:
   (1) by the board of directors:
      (i) if there are two or more qualified directors, by a majority vote of all the qualified directors (a majority of whom shall for such purpose constitute a quorum) or by a majority of the members of a committee of two or more qualified directors appointed by such a vote; or
      (ii) if there are fewer than two qualified directors, by the vote necessary for action by the board in accordance with section 8.24(c), in which authorization directors who are not qualified directors may participate; or
   (2) by the shareholders, but shares owned by or voted under the control of a director who at the time is not a qualified director may not be voted on the authorization.

**CROSS-REFERENCES**

Committees of the board, see § 8.25.
"Corporation" defined, see § 8.50(1).
Court-ordered indemnification, see § 8.54.
Determination of indemnification, see § 8.55.
"Director" defined, see § 8.50(2).
"Expenses" defined, see § 1.40.
Limits on indemnification and advance for expenses, see § 8.58(c).
"Party" defined, see § 8.50(5).
"Proceeding" defined, see § 8.50(6).
"Qualified director" defined, see § 1.43.
Quorum of directors, see § 8.24(a).
Standard for indemnification, see § 8.51.

**OFFICIAL COMMENT**

Section 8.53 authorizes, but does not require, a corporation to pay for or reimburse, in advance, a director's reasonable expenses if two conditions are met. This authorization is subject to any limitations set forth in the articles of incorporation pursuant to section 8.58(c).

under the control of directors who at the time are not qualified directors may not be voted on the determination of eligibility for indemnification. This does not affect general rules as to the required presence of a quorum at the meeting in order for the determination to be made.

Section 8.55 is subject to section 8.58(a), which authorizes an arrangement obligating the corporation in advance to provide indemnification or to advance expenses.

### § 8.56. INDEMNIFICATION OF OFFICERS

(a) A corporation may indemnify and advance expenses under this subchapter to an officer of the corporation who is a party to a proceeding because he or she is an officer of the corporation
   (1) to the same extent as a director; and
   (2) if he or she is an officer but not a director, to such further extent as may be provided by the articles of incorporation, the bylaws, a resolution of the board of directors, or contract except for
      (A) liability in connection with a proceeding by or in the right of the corporation other than for expenses incurred in connection with the proceeding or
      (B) liability arising out of conduct that constitutes
         (i) receipt by the officer of a financial benefit to which he or she is not entitled,
         (ii) an intentional infliction of harm on the corporation or the shareholders, or
         (iii) an intentional violation of criminal law.
(b) The provisions of subsection (a)(2) shall apply to an officer who is also a director if the basis on which he or she is made a party to the proceeding is an act or omission solely as an officer.
(c) An officer of a corporation who is not a director is entitled to mandatory indemnification under section 8.52, and may apply to a court under section 8.54 for indemnification or an advance for expenses, in each case to the same extent to which a director may be entitled to indemnification or advance for expenses under those provisions.

**CROSS-REFERENCES**

Advance for expenses, see § 8.53.
Agents, indemnification of and advance for expenses for, see § 8.58(e).
Articles of incorporation, see § 2.02, ch. 10A.
Bylaws, see § 2.06, ch. 10B.

of actions in their official capacity, or their status as such, or arising from their service to the corporation or another entity at the corporation's request. Insurance is not limited to claims against which a corporation is entitled to indemnify under this subchapter. This insurance, usually referred to as "D&O liability insurance," provides protection to directors and officers in addition to the rights of indemnification created by or pursuant to this subchapter (as well as typically protecting the individual insureds against the corporation's failure to pay indemnification required or permitted by this subchapter) and provides a source of reimbursement for corporations which indemnify directors and others for conduct covered by the insurance. On the other hand, policies typically do not cover uninsurable matters, such as actions involving dishonesty, self-dealing, bad faith, knowing violations of the securities acts, or other willful misconduct. Johnston, "Corporate Indemnification and Liability Insurance for Directors and Officers," 33 BUS. LAW. 1993, 2024–29 (1978). See also Knepper & Bailey, *Liability of Corporate Officers and Directors*, section 21.07 (4th ed. 1988).

Although this section does not include employees and agents for the reasons stated in the Official Comment to section 8.56, the corporation has the power under section 3.02 to purchase and maintain insurance on their behalf. This power is confirmed in section 8.58(d).

This section is not intended to set the outer limits on the type of insurance which a corporation may maintain or the persons to be covered. Rather, it is included to remove "any doubt as to the power to carry insurance and to maintain it on behalf of directors, officers, employees and agents." Sebring, "Recent Legislative Changes in the Law of Indemnification of Directors, Officers and Others," 23 BUS. LAW. 95, 106 (1967).

## § 8.58. VARIATION BY CORPORATE ACTION; APPLICATION OF SUBCHAPTER

(a) A corporation may, by a provision in its articles of incorporation or bylaws or in a resolution adopted or a contract approved by its board of directors or shareholders, obligate itself in advance of the act or omission giving rise to a proceeding to provide indemnification in accordance with section 8.51 or advance funds to pay for or reimburse expenses in accordance with section 8.53. Any such obligatory provision shall be deemed to satisfy the requirements for authorization referred to in section 8.53(c) and in section 8.55(c). Any such provision that obligates the corporation to provide indemnification to the fullest extent permitted by law shall be deemed to obligate the corporation to advance funds to pay for or reimburse expenses in accordance with section 8.53 to the fullest extent permitted by law, unless the provision specifically provides otherwise.

(b) Any provision pursuant to subsection (a) shall not obligate the corporation to indemnify or advance expenses to a director of a predecessor of the

**MODEL BUSINESS CORPORATION ACT**

corporation, pertaining to conduct with respect to the predecessor, unless otherwise specifically provided. Any provision for indemnification or advance for expenses in the articles of incorporation, bylaws, or a resolution of the board of directors or shareholders of a predecessor of the corporation in a merger or in a contract to which the predecessor is a party, existing at the time the merger takes effect, shall be governed by section 11.07(a)(4).

(c) A corporation may, by a provision in its articles of incorporation, limit any of the rights to indemnification or advance for expenses created by or pursuant to this subchapter.

(d) This subchapter does not limit a corporation's power to pay or reimburse expenses incurred by a director or an officer in connection with appearing as a witness in a proceeding at a time when he or she is not a party.

(e) This subchapter does not limit a corporation's power to indemnify, advance expenses to or provide or maintain insurance on behalf of an employee or agent.

**CROSS-REFERENCES**

Advance for expenses, see § 8.53.
Articles of incorporation, see § 2.02, ch. 10A.
Amendments to articles of incorporation, see § 10.09.
Bylaws, see § 2.06, ch. 10B.
"Corporation" defined, see § 8.50(1).
"Director" defined, see § 8.50(2).
"Expenses" defined, see § 1.40.
Indemnification generally, see §§ 8.51–8.56.
Insurance, power to provide, see § 8.57.
"Officer" defined, see § 8.50(2).
"Party" defined, see § 8.50(5).
Predecessor, see § 8.50(1).
"Proceeding" defined, see § 8.50(6).

**OFFICIAL COMMENT**

Section 8.58(a) authorizes a corporation to make obligatory the permissive provisions of subchapter E in advance of the conduct giving rise to the request for assistance. Many corporations have adopted such provisions, often with shareholder approval. An obligatory provision satisfies the requirements for authorization in subsection (c) of sections 8.53 and 8.55, but compliance would still be required with subsections (a) and (b) of these sections.

Page 11
Ex. A

# EXHIBIT

# B



Legislative History for 2000 amendment to
California Labor Code section 2802

2000 ch 990
S.B. 1305

**SENATE RULES COMMITTEE**         SB 1305
Office of Senate Floor Analyses
1020 N Street, Suite 524
(916) 445-6614   Fax: (916) 327-4478

---

## UNFINISHED BUSINESS

---

Bill No:   SB 1305
Author:    Figueroa (D)
Amended:   8/18/00
Vote:      21

---

ALL SENATE VOTES NOT RELEVANT

ASSEMBLY FLOOR: 45-30, 8/23/00 - See last page for vote

---

**SUBJECT:**   Employer indemnification: interest

**SOURCE:**    Author

---

**DIGEST:**   This bill provides that interest and costs, including attorney's fees, shall be awarded to an employee in an indemnification action against an employer for necessary work-related expenditures and losses.

Assembly Amendments delete the prior version. As it left the Senate, this bill extended the deadline for the Joint Legislative Sunset Review Committee to hold hearings and report on the Board of Chiropractic Examiners and the Osteopathic Medical Board.

**ANALYSIS:**   Existing law provides, under Labor Code Section 2802 (Section 2802), that an employer shall indemnify his or her employee for all that the employee necessarily expends or loses in direct consequence of the discharge of the employee's duties as such, or of the employee's obedience to the directions of the employer. This indemnification applies even though the employer's directions are unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

SB 1305
Page 2

This bill provides that interest and costs, including attorney's fees, shall be awarded to an employee in an indemnification action against an employer for necessary work-related expenditures and losses. Specifically, this bill provides that:

1. All awards by a court or by the Division of Labor Standards Enforcement for indemnification of an employee under Section 2802 for necessary work-related expenditures, as specified, shall carry interest at the same rate as civil action judgments and that such interest shall accrue from the date on which the employee incurred the necessary expenditure.

2. The right of an employee under Section 2802 for indemnification for necessary work-related expenditures, as specified, includes reasonable costs, including attorney's fees, incurred by the employee to enforce such right of indemnification.

3. Nothing in this bill is intended to establish the right of the division to be awarded costs and attorney's fees.

Comments

Section 2802 establishes the right of an employee for indemnification by an employer for necessary work related expenses and losses. This section, enacted in 1937, does not explicitly address the right of the employee to recover costs of enforcing the right to indemnification including attorney's fees. Section 2802 also does not explicitly address whether the employee is entitled to interest. This bill would provide for such interest and costs including attorney's fees.

This bill would put Section 2802 on equal footing with other wage and hour protections in the Labor Code. For example, Section 98.1 of the Labor Code requires interest penalties for employers who fail to pay wages in a timely fashion.

Case law interpreting Section 2802 is split on the issue of whether an employee may recover costs and attorney's fees in a civil action for indemnification under that section. A March, 2000 decision of the California Court of Appeals held that fees are not recoverable under this section (Jacobus v. Krambo Corp. (2000) 78 Cal.App.4th 1096, 1105-1106). An earlier decision by the Ninth Circuit Court of Appeals held that fees are recoverable under this section (O'Hara v. Teamsters Union Local No. 856

Page 15
Ex. B

CONTINUED

Case 2:10-cv-01597-GW-MAN Document 202 Filed 12/05/11 Page 16 of 17 Page ID #:3430

(9th Cir. 1998) 151 F.3d 1152, 1160- 1161). The Jacobus decision specifically rejected the analysis of the O'Hara decision. This bill codifies the holding of the O'Hara decision.

The author states that Section 2802 is designed to prevent employers from passing their operating expenses on to their employees. For example, if an employer requires an employee to travel on company business, the employer must reimburse the employee for the cost of that travel under Section 2802. Similarly, if an employee is sued for carrying out his or her job duties, Section 2802 requires that the employer indemnify the employee for the cost of defending against the lawsuit.

The author states that Section 2802 is useless to employees if the cost of hiring a lawyer to enforce their rights is greater than the unreimbursed expenses they are trying to recover. She refers to the court's analysis in O'Hara:

> "An employer who wished to avoid paying an employee who had proven a right to indemnification under Section 2802 could simply refuse -- secure in the knowledge that it might very well cost the employee more to enforce his rights under Section 2802 than the amount [for which the employee seeks recovery]."

**FISCAL EFFECT:** Appropriation: No  Fiscal Com.: No  Local: No

**ASSEMBLY FLOOR:**
AYES: Alquist, Aroner, Bock, Calderon, Cardenas, Cardoza, Cedillo, Corbett, Correa, Davis, Ducheny, Dutra, Firebaugh, Floyd, Gallegos, Havice, Jackson, Keeley, Knox, Kuehl, Lempert, Longville, Lowenthal, Machado, Mazzoni, Migden, Nakano, Papan, Reyes, Romero, Scott, Shelley, Steinberg, Strom-Martin, Thomson, Torlakson, Villaraigosa, Vincent, Washington, Wayne, Wesson, Wiggins, Wildman, Wright, Hertzberg
NOES: Aanestad, Ackerman, Ashburn, Baldwin, Bates, Battin, Baugh, Brewer, Briggs, Campbell, Cox, Cunneen, Dickerson, Granlund, House,

SB 1305
Page 4

Kaloogian, Leach, Leonard, Maddox, Maldonado, Margett, McClintock, Olberg, Oller, Robert Pacheco, Rod Pacheco, Pescetti, Strickland, Thompson, Zettel

NC:sl  8/24/00   Senate Floor Analyses
                 SUPPORT/OPPOSITION:   NONE RECEIVED
                 **** END ****