1  Michael H. Bierman, State Bar No. 89156
2  Jeffrey D. Wexler, State Bar No. 132256
   Michael E. Pappas, State Bar No. 130400
3  LUCE, FORWARD, HAMILTON & SCRIPPS LLP
   601 S. Figueroa, Suite 3900
4  Los Angeles, California 90017
   Telephone: 213.892.4992
5  Facsimile: 213.892.7731
   E-Mail: mbierman@luce.com
6          jwexler@luce.com
7          mpappas@luce.com

8  Attorneys for Plaintiff and Counterdefendant National Credit Union Administration
   Board As Liquidating Agent For Western Corporate Federal Credit Union
9

10                    UNITED STATES DISTRICT COURT

11                    CENTRAL DISTRICT OF CALIFORNIA

12                          WESTERN DIVISION

13 | NATIONAL CREDIT UNION          | Case No.: CV10-01597 GW (MANx)
14 | ADMINISTRATION BOARD AS        |
   | LIQUIDATING AGENT FOR          | **REPLY MEMORANDUM OF**
15 | WESTERN CORPORATE FEDERAL      | **POINTS AND AUTHORITIES IN**
   | CREDIT UNION,                  | **SUPPORT OF MOTION OF**
16 |                                | **PLAINTIFF AND**
   |          Plaintiff,            | **COUNTERDEFENDANT**
17 | v.                             | **NATIONAL CREDIT UNION**
   |                                | **ADMINISTRATION BOARD AS**
18 | ROBERT A. SIRAVO, TODD M. LANE,| **LIQUIDATING AGENT FOR**
   | ROBERT J. BURRELL, THOMAS E.   | **WESTERN CORPORATE**
19 | SWEDBERG, TIMOTHY T. SIDLEY,   | **FEDERAL CREDIT UNION TO**
   | ROBERT H. HARVEY, JR., WILLIAM | **DISMISS AMENDED**
20 | CHENEY, GORDON DAMES, JAMES    | **COUNTERCLAIMS FOR: (1)**
   | P. JORDAN, TIMOTHY KRAMER,     | **LACK OF SUBJECT MATTER**
21 | ROBIN J. LENTZ, JOHN M. MERLO, | **JURISDICTION; AND (2)**
   | WARREN NAKAMURA, BRIAN         | **FAILURE TO STATE A CLAIM**
22 | OSBERG, DAVID RHAMY and        | **UPON WHICH RELIEF MAY BE**
   | SHARON UPDIKE,                 | **GRANTED [Fed. R. Civ. P. 12(b)(1)**
23 |                                | **and 12(b)(6)]**
   |          Defendants.           |
24 | _____  | Date: January 9, 2012
   |                                | Time: 8:30 a.m.
25 |                                | Courtroom: 10
26
27
28

# TABLE OF CONTENTS

**Page**

INTRODUCTION ..................................................................................................1

LEGAL ARGUMENT ...........................................................................................3

I.   THE COURT SHOULD DISMISS THE COUNTERCLAIMS TO THE EXTENT THAT THEY SEEK TO REQUIRE THE NCUA TO MAKE PAYMENTS DURING THE PENDENCY OF THIS LAWSUIT. ...............3

    A.   The Court Lacks Subject Matter Jurisdiction to Order Legal Expense Payments or to Issue Declaratory Relief .............................3

    B.   The Officer Defendants Cannot State a Claim Against the NCUA for Payment During the Pendency of this Lawsuit .............................5

        1.   Section 701.33(c)(6) Applies to the Officer Defendants' Counterclaims for Indemnity ......................................................5

        2.   Under Section 701.33(c)(2), Policy 21 Provides Discretion as to Whether or Not to Indemnify, and the Officer Defendants May Not Mix and Match the Provisions of the MBCA and State Law ........................................................................9

        3.   Neither Policy 21 Nor the Provisions Referred to Therein Create a Right to Payment While a Matter is Pending ............10

II.  THE COURT SHOULD DISMISS THE COUNTERCLAIMS TO THE EXTENT THAT THEY SEEK INDEMNIFICATION ...............................12

    A.   The Officer Defendants Cannot Obtain Indemnification for an Action Brought by the NCUA Based upon Their Allegedly Wrongful Conduct ..........................................................................12

    B.   The Officer Defendants Cannot State a Claim Under Labor Code Section 2802 ................................................................................14

        1.   The Section 2802 Claim is Barred by *Nicholas Labs.* .............14

        2.   The Section 2802 Claim is Barred by Section 7237. ...............16

    C.   The Officer Defendants' Claims for Indemnification are Not Ripe ...17

CONCLUSION...................................................................................................18

i

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Page**

## CASES

*Adams v. RTC,*
  831 F. Supp. 1471 (D. Minn),
  *aff'd,* 10 F.3d 1568 (8th Cir. 1993) ....................................................13

*Armstrong v. Alabama Power Co.,*
  19 F.3d 950 (5th Cir. 1994).................................................................17

*A/S J. Ludwig Mowinckles Rederi v. Tidewater Constr. Corp.,*
  559 F.2d 928 (4th Cir. 1977)...............................................................17

*Battista v. FDIC,*
  195 F.3d 1113 (9th Cir. 1999)................................................................5

*California Hospital Ass'n v. Maxwell-Jolly,*
  776 F. Supp. 2d 1129 (E.D. Cal. 2011) ..............................................12

*Cassady v. Morgan, Lewis & Bockius LLP,*
  145 Cal. App. 4th 220 (2006)..............................................................14

*Douglas v. Los Angeles Herald-Examiner,*
  50 Cal. App. 3d 449 (1975).................................................................15

*Eatmon v. Bristol Steel & Iron Works, Inc.,*
  769 F.2d 1503 (11th Cir. 1985)...........................................................12

*FDIC v. Hickey,*
  757 F. Supp. 2d 194 (E.D.N.Y. 2010) ..................................................5

*Freund v. Nycomed Amersham,*
  347 F.3d 752 (9th Cir. 2003)...............................................................15

*Frontline Processing Corp. v. First State Bank of Eldorado,*
  389 Fed. Appx. 748,
  *amended,* 399 Fed. Appx. 185 (9th Cir. 2010) ..................................17

*Grissom v. Vons Cos., Inc.,*
  1 Cal. App. 4th 52 (1991)....................................................................15

*Highland Indus. Park, Inc. v. BEI Defense Sys. Co.,*
  357 F.3d 794 (8th Cir. 2004)...............................................................17

*Landgraf v. USI Film Products,*
  511 U.S. 244 (1994)..........................................................................7, 8

*Los Angeles Protective League v. City of Los Angeles,*
  27 Cal. App. 4th 168 (1994)................................................... 14, 15, 17

*Nicholas Labs., LLC v. Chen,*
  199 Cal. App. 4th 1240 (2011)......................................................14, 15

ii

**TABLE OF AUTHORITIES**
(cont'd)

Page

*O'Hara v. Teamsters Union Local No. 856,*
   151 F.3d 1152 (9th Cir. 1998)..................................................................15

*RTC v. Baker,*
   1994 WL 637359, 1994 U.S. Dist. LEXIS 16218
   (E.D. Pa. Nov. 14, 1994)..............................................................13, 14

*RTC v. Eason,*
   17 F.3d 1126 (8th Cir. 1994)......................................................13, 14

*RTC v. Gregor,*
   1995 WL 931093, 1995 U.S. Dist. LEXIS 22032
   (E.D.N.Y. Sept. 29, 1995)....................................................................14

*RTC v. Titan Fin. Corp.,*
   36 F.3d 891 (9th Cir. 1994)....................................................................5

*Texas v. United States,*
   523 U.S. 296 (1998)................................................................................17

**STATUTES**

12 U.S.C. § 1751 *et seq.*.................................................................................5

12 U.S.C. § 1787(b)....................................................................................1, 4

12 U.S.C. § 1787(b)(10)(A)..........................................................................5

12 U.S.C. § 1787(b)(14)(D)......................................................................1, 4

12 U.S.C. § 1787(g)........................................................................1, 3, 4, 11

12 U.S.C. § 1821(d)(10)(A)..........................................................................5

12 U.S.C. § 1821(j).........................................................................................4

Cal. Civ. Proc. Code § 1859.......................................................................17

Cal. Corp. Code § 7237......................................................2, 3, 8, 10, 11, 16

Cal. Corp. Code § 7237(c)...........................................................................16

Cal. Corp. Code § 7237(d)...........................................................................16

Cal. Corp. Code § 7237(e)...........................................................................11

Cal. Corp. Code § 7237(f)............................................................................11

Cal. Labor Code § 2802...........................................................2, 14, 15, 16

iii

**TABLE OF AUTHORITIES**
**(cont'd)**

Page

Cal. Labor Code § 2802(a) ......................................................................16

**REGULATIONS**

12 C.F.R. § 545.121 ........................................................................13, 15

12 C.F.R. §§ 700.1 *et seq.* ..........................................................................5

12 C.F.R. § 701.33 ......................................................................2, 9, 14

12 C.F.R. § 701.33(c) ................................................................7, 10, 13

12 C.F.R. § 701.33(c)(2) ........................................................................9, 10

12 C.F.R. § 701.33(c)(6) ..........................................................2, 5, 6, 7, 8

12 C.F.R. § 704.20(e) ..................................................................................8

12 C.F.R. § 704.20(g) ..................................................................................8

12 C.F.R. § 709.5(b) ....................................................................................5

12 C.F.R. § 750.5 ........................................................................................8

12 C.F.R. § 750.7 ........................................................................................8

**MISCELLANEOUS**

53 Fed. Reg. 29640 (Aug. 8, 1988) ......................................................9, 10

73 Fed. Reg. 81378 (Dec. 28, 2010) ............................................................7

76 Fed. Reg. 30510 (May 26, 2011) ............................................................8

Model Business Corporation Act § 8.51 ....................................................11

Model Business Corporation Act § 8.53(a) ................................................11

Model Business Corporation Act § 8.55(a) ................................................11

Senate Rules Committee, Office of Senate Floor Analysis,
    SB 1305 (Aug. 23, 2000) ......................................................................16

201194083.1

iv

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

As is set forth in the moving papers of the National Credit Union Administration Board as Liquidating Agent for Western Corporate Federal Credit Union (the "NCUA"), 12 U.S.C. § 1787(g) deprives the Court of jurisdiction to order the NCUA to pay attorneys' fees to defendants and counterclaimants Robert A. Siravo, Thomas E. Swedberg, Timothy T. Sidley, Robert J. Burrell, and Todd M. Lane (collectively, the "Officer Defendants"). The statute bars both orders requiring advancement of future fees and orders requiring reimbursement of past fees. The Officer Defendants concede that they are not entitled to an order requiring the NCUA "to advance future legal fees on a going-forward basis." Docket 201 at 7:6-8 (footnote omitted). The Court should therefore grant the NCUA's motion to dismiss insofar as it is directed towards the Officer Defendants' request for such relief.

The Officer Defendants seek, however, to "maintain their claim for damages for their unreimbursed attorneys' fees, already incurred, including seeking such damages in advance of judgment." *Id.* at 7:8-10. While the Officer Defendants are entitled to litigate their right to attorneys' fees, Section 1787(b) bars the Court from ordering payment of such fees for the reasons set forth in the NCUA's opening papers. Moreover, the claims fail on their merits.

First, the claims of the Officer Defendants are currently before the Court under 12 U.S.C. § 1787(b) as *de novo* review of the NCUA's disallowance of the Officer Defendants' claims seeking to recover attorneys' fees already paid and to allow and fix those claims. The Court is deprived of jurisdiction to grant any other relief by 12 U.S.C. § 1787(b)(14)(D). A judgment in favor of the Officer Defendants is thus a determination that the claims should be allowed. It will be satisfied by the issuance of a certificate for claim in liquidation entitling the Officer Defendants to a *pro rata* share of the liquidation assets available to the class of general creditors. The Officer Defendants would then by paid, in whole or in part,

1

by the NCUA in accordance with the regulatory priority scheme at such time as there are sufficient assets.

In any event, the Officer Defendants' claims for advancement of attorneys' fees fail on the merits.  The Officer Defendants do not and cannot dispute that 12 C.F.R. § 701.33(c)(6) gives the NCUA complete discretion whether to advance attorneys' fees during the pendency of this lawsuit.  The Officer Defendants' argument that Section 701.33(c)(6) is impermissibly retroactive fails because: (1) that regulation was adopted to ***expand or clarify*** the ability of a federal credit union to make interim payments during a pending lawsuit and does not curtail pre-existing rights to advances; and (2) adoption of that regulation did not in any event impair any right the Officer Defendants might have had with regard to receiving advances.  The Officer Defendants are wrong in arguing that Policy 21 requires advances under the statutes it incorporates because both Cal. Corp. Code § 7237 and the Model Business Corporation Act (the "MBCA") allow advancement of costs only if authorized in the specific case, and Policy 21's blanket statement as to indemnification does not abrogate the need for the NCUA to make the specific findings required under those provisions for such advancement.

The Officer Defendants' claims for indemnification (including advancement and reimbursement) also fail in their entirety.  First, as the Officer Defendants concede, the NCUA's indemnification provision, 12 C.F.R. § 701.33, assumes the continued existence of a credit union.  The case law holding that post-receivership indemnification is unavailable under the RTC's indemnification provision is thus applicable, notwithstanding the Officer Defendants' arguments to the contrary.  Second, the Officer Defendants' claims under Cal. Labor Code § 2802 are without merit not only because that statute does not allow an employee sued by his or her employer to obtain indemnification from that employer but also because claims for indemnification brought by an officer of a non-profit corporation such as Western

2

1    Corporate Federal Credit Union ("WesCorp") are governed by Section 7237.[1]

2    Third, the Officer Defendants cite no authority that holds or suggests that their

3    claims for indemnification are ripe unless and until they prevail.

4         For the reasons stated herein and in its opening memorandum, the NCUA

5    respectfully asks the Court to dismiss the Officer Defendants' counterclaims to the

6    extent that they seek advancement, reimbursement, declaratory relief, and

7    indemnification.[2]

8                              **LEGAL ARGUMENT**

9    I.   **THE COURT SHOULD DISMISS THE COUNTERCLAIMS TO THE**
         **EXTENT THAT THEY SEEK TO REQUIRE THE NCUA TO MAKE**
10        **PAYMENTS DURING THE PENDENCY OF THIS LAWSUIT.**

11        A.   **The Court Lacks Subject Matter Jurisdiction to Order Legal**
              **Expense Payments or to Issue Declaratory Relief.**
12

13        In its motion, the NCUA argued that 12 U.S.C. § 1787(g) deprives the Court

14   of jurisdiction to order advancement and reimbursement of costs while the action is

15   pending.  *See* Docket 196-1 at 8:8 – 10:4.  In response, the Officer Defendants state

16   that:

17              To the extent that the NCUA seeks to preclude an order that
                would require the NCUA to advance future legal fees on a going-
18              forward basis, the Officers hereby withdraw such requests.  But the
                Officers may, and therefore do, maintain their claim for damages for
19

20

21   _____

22   [1]    The NCUA does not object to the Officer Defendants' request for leave to
     assert a counterclaim under Section 7237, *see* Docket 201 at 2:15-18, in the event
23   that the Court rejects the NCUA's arguments as to dismissal of the indemnification
     claims in their entirety.

24   [2]    The Officer Defendants assert that they "have Counterclaims against the
     NCUA for its failure to provide insurance and its efforts to cancel the insurance that
25   WesCorp had and thereby deny the Officers insurance coverage."  Docket 201 at
     1:17-18, 4:9-11, 4 n.4.  While this assertion is irrelevant to the pending motion,
26   which does not address the claims, the facts are that: (1) the insurance at issue was
     chosen and purchased by WesCorp when it was controlled by the Officer
27   Defendants; (2) the NCUA, acting as conservator, made a claim under the policy on
     their behalf; and (3) the carrier denied coverage under the policy based on the
28   policy's investments exclusion.

                                         3

1
2
their unreimbursed attorneys' fees already incurred, including seeking such damages in advance of judgment, as well as their claims for future damages. . . .  Section 1787(g) in no way bars such relief.

3  Docket 201 at 7:6-13 (footnotes omitted).

4      The Officer Defendants thus seek to draw a jurisdictional distinction between

5  an order requiring advancement of future fees and an order requiring payment of

6  past fees.  They cite no authority for this distinction, and nothing in Section 1787(g)

7  or the case law interpreting the FDIC analogue, 12 U.S.C. § 1821(j), suggests that it

8  is valid.  Section 1787(g) bars an order requiring payment of past fees just as it bars

9  a claim for advancement of future attorneys' fees.

10      The Officer Defendants' claim for damages in advance of judgment is also

11  jurisdictionally barred because the Court's power is limited to reviewing the

12  decision to disallow claims and fixing the correct claim amount; the Court cannot

13  order the NCUA to pay damages.  As is set forth in the NCUA's opening

14  memorandum and not disputed by the Officer Defendants: (1) the claims of the

15  Officer Defendants are before the Court under 12 U.S.C. § 1787(b), which provides

16  for *de novo* judicial review of the denial of their administrative claims for damages;

17  (2) if the Court finds that the claims were wrongly disallowed, it can allow them and

18  fix the correct claim amount; and (3) the claims would then be paid in accordance

19  with the statutory liquidation priority scheme.  *See* Docket 191-1 at 10:5-13.

20      The Court is otherwise deprived of jurisdiction by 12 U.S.C.

21  § 1787(b)(14)(D):

22
23
> Except as otherwise provided in this subsection, ***no court shall have jurisdiction over*–**

24
25
>     (i)   ***any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any credit union for which the Board has been appointed liquidating agent***. . . ; or

26
27
>     (ii)   any claim relating to any act or omission of such credit union or the Board as liquidating agent.

28  *Id.* (emphasis added).

4

1    Even after a claim is allowed, the NCUA retains discretion to determine

2  whether to **pay** the allowed claim:

3         The liquidating agent **may**, **in the liquidating agent's discretion
       and to the extent funds are available**, pay creditor claims which are
4      allowed by the liquidating agent . . . or determined by the final
       judgment of any court in such manner and amounts as are authorized
5      under this Act.

6  12 U.S.C. § 1787(b)(10)(A) (emphasis added).

7    In part to preserve the integrity of the statutory claim priority scheme of 12

8  C.F.R. § 709.5(b), courts are jurisdictionally limited to determining the validity and

9  amount of claims filed with liquidating agents and may not order the payment of

10 money.  Therefore, "[t]here is no question that the [NCUA] may [under 12 U.S.C.

11 § 1787(b)(10)(A)] pay creditors with receiver's certificates instead of with cash."

12 *Battista v. FDIC*, 195 F.3d 1113, 1116 (9th Cir. 1999) (citing *RTC v. Titan Fin.*

13 *Corp.*, 36 F.3d 891, 892-93 (9th Cir. 1994)) (discussing 12 U.S.C. § 1821(d)(10)(A),

14 FIRREA's analog to Section 1787(b)(10)(A)).  *See FDIC v. Hickey*, 757 F. Supp. 2d

15 194, 198-99 (E.D.N.Y. 2010) (holding that the plaintiff "cannot receive an

16 immediate cash payment but is limited to a receiver's certificate in the full amount

17 of the judgment"; where the FDIC "acts as a receiver administering the estate of a

18 failed institution, it has the discretion to decide how payments are to be made, and to

19 issue receiver's certificates in advance of a final distribution of assets").

20   **B.    The Officer Defendants Cannot State a Claim Against the NCUA
          for Payment During the Pendency of this Lawsuit.**

21
22       **1.    Section 701.33(c)(6) Applies to the Officer Defendants'
              Counterclaims for Indemnity.**

23    The Officer Defendants do not dispute that because WesCorp was a federally

24 chartered credit union, its internal organization – including the ability to indemnify

25 officers and directors – is governed by the Federal Credit Union Act, 12 U.S.C.

26 §§ 1751 *et seq.*, and the regulations promulgated thereunder, 12 C.F.R. §§ 700.1 *et*

27 *seq.*  On its face, 12 C.F.R. § 701.33(c)(6) bars the Officer Defendants' claim to

28

5

1   recover attorneys' fees prior to resolution of this case on the merits.[3]  The Officer

2   Defendants do not and cannot dispute that Section 701.33(c)(6) gives a credit union

3   discretion whether to pay an officer's or employee's attorneys' fees in advance of

4   final judgment.  *See* 12 C.F.R. § 701.33(c)(6) ("[a] Federal credit union ***may***, before

5   final disposition of a proceeding . . . , advance funds to pay for or reimburse the

6   expenses, including legal fees, reasonably incurred in connection with the

7   proceeding. . .") (emphasis added).  Accordingly, if Section 701.33(c)(6) applies, the

8   Officer Defendants cannot pursue a claim to recover their attorneys' fees unless and

9   until they prevail on the merits.[4]

10       Seeking to avoid this result, the Officer Defendants argue that Section

11  701.33(c)(6) cannot be applied "retroactively" to their claim for indemnity.[5]  For

12  several reasons, the Officer Defendants are wrong.

13       First, the Officer Defendants argue incorrectly that application of Section

14  701.33(c)(6) would retroactively deprive them of a right to receive advances of

15  attorneys' fees prior to disposition of the matter.  *See* Docket 201 at 1:22 – 2:3, 12:3

---

[3]   The Officer Defendants grossly misstate the NCUA's position as being that Section 701.33(c)(6) "deprives the Officers of any reimbursement of defense costs already incurred, and also of any indemnity, *now or ever*."  Docket 201 at 11:24-27 (emphasis added).  The NCUA actually argued that Section 701.33(c)(6) governs "[a]ny right of the Officer Defendants to advancement or reimbursement ***during the pendency of this lawsuit***."  Docket 196-1 at 10:18-21.

[4]   Although the Officer Defendants acknowledge that the NCUA has not "den[ied] indemnification on the theory . . . that the NCUA is not bound by WesCorp's commitments," they gratuitously argue that the NCUA has conceded that it is bound by all such commitments.  *See* Docket 201 at 13 n.15.  In the portion of the Joint Stipulation to Substitute the NCUA as Liquidating Agent quoted by the Officer Defendants, the NCUA simply acknowledged that it was the successor to WesCorp and the proper party to this action.  *See* Docket 125 at 2:21-26.  Elsewhere in that stipulation, the parties confirmed that such substitution did not affect "whatever rights, if any, Defendants may have to assert claims, counterclaims, cross-claims or affirmative defenses. . ." and that "the NCUA does not by this stipulation concede that Defendants have any such rights."  *Id.* at 3:7-12.  Thus, there is no basis for the Officer Defendants' attempt to convert this procedural stipulation into a substantive waiver of the NCUA's claims.

[5]   The Officer Defendants claim that "the NCUA . . . change[d] its regulations in a retroactive attempt to deny them coverage."  Docket 201 at 1:17-19.  The Officer Defendants do not and cannot cite any evidence in support of their contention that Section 701.33(c)(6) was directed towards them.

6

1    – 13:3, 13:11 – 14:8.  That regulation did not deprive the Officer Defendants of any

2    vested rights.  The regulation in effect prior to January 27, 2011, 12 C.F.R.

3    § 701.33(c), authorized a credit union to indemnify its officials but did not on its

4    face authorize advances.  *See id.*  Section 701.33(c)(6) was added to **expand or**

5    **clarify** the ability of federal credit unions to make advances, not to limit such

6    ability:

7             *Some commenters stated that the proposed rule's silence on the*
         *advancement of expenses would also disadvantage FCUs in attracting*
8        *directors.  To alleviate this concern, the final rule permits the FCU to*
         *advance funds to pay or reimburse reasonable legal fees* and other
9        professional expenses incurred by the official or employee to assist the
         official or employee in resisting lawsuits that the FCU considers
10       meritless. . . .

11   75 Fed. Reg. 81378, 81380-81 (Dec. 28, 2010) (emphasis added).[6]  Because Section

12   701.33(c)(6) does not deprive the Officer Defendants of a pre-existing right to

13   receive advances, there is no need to engage in a retroactivity analysis.  *See*, *e.g.*,

14   *Landgraf v. USI Film Products*, 511 U.S. 244, 280 (1994) (a statute has retroactive

15   effect only if "it would **impair rights** a party possessed when he acted, **increase a**

16   **party's liability** for past conduct, or **impose new duties** with respect to transactions

17   already completed") (emphasis added).

18           Second, applying Section 701.33(c)(6) to decisions as to advances made after

19   the effective date of that regulation would not constitute retroactive application of

20   that regulation simply because the advances are sought in a lawsuit based upon

21   conduct occurring before the effective date of the regulation.  "A statute does not

22   operate 'retrospectively' merely because it is applied in a case arising from conduct

23   antedating the statute's enactment, . . . or upsets expectations based in prior law."

24   *Id.* at 269.  "Rather, the court must ask whether the new provision attaches new legal

25   consequences to events completed before its enactment."  *Id.* at 269-70.  Section

26

27   _____
     [6]     The Officer Defendants are thus incorrect in contending that "[t]he history of
28   this new subsection (c)(6) is murky at best" and "[e]xactly where subsection (c)(6)
     came from, or when, is a mystery."  Docket 201 at 11:11-27.

1    701.33(c)(6) does not attach new legal consequences to acts already taken by the

2    Officer Defendants.  Instead, it merely channels the discretion that WesCorp's

3    Board of Directors (and the NCUA as its successor) already had to determine

4    whether to make advances.[7]

5         Third, the Officer Defendants argue that this case should be governed by

6    former 12 C.F.R. § 704.20(g) (effective January 18, 2011), superseded by 12 C.F.R.

7    § 750.7 (effective June 27, 2011), because that regulation "deal[s] specifically with

8    post-receivership indemnity."  Docket 201 at 13:4-10.  Far from establishing the

9    rights to indemnification in the event of liquidation of a federal credit union, that

10   regulation specifically acknowledges that the indemnity obligations of that part do

11   ***not*** apply to the liquidating agent's "post-receivership" determinations.  *See* former

12   12 C.F.R. § 704.20(g) (effective January 18, 2011) (providing that "[t]he provisions

13   of this part . . . will not in any way bind any liquidating agent . . . for a failed

14   corporate credit union and will not in any way obligate the liquidating agent . . . or

15   conservator to pay any claim or obligation pursuant to any . . . indemnification. . .")

16   (now appearing at 12 C.F.R. § 750.7 (effective June 27, 2011)).[8]  Furthermore,

17   Section 750.7 (formerly Section 704.20(g)) "appl[ies] only in the limited

18   circumstances described in the rule, i.e., in the context of an administrative

19   enforcement action brought by NCUA or the appropriate state regulatory authority."

20   76 Fed. Reg. 30510, 30511 (May 26, 2011).  Because this case is not an

21   administrative enforcement action, it is governed by the more general provisions of

22   Section 701.33(c)(6), not Section 750.7.  *See id.*

23

---

24   [7]    As discussed below, the fact that Policy 21 states its intent to provide the
       maximum indemnification under the MBCA or California law did not entitle the
25     Officer Defendants to receive advances without the determinations otherwise
       required under the MBCA and Section 7237.
26   [8]    Former Section 704.20 authorized only discretionary indemnification, not
27   advances.  *See* former 12 C.F.R. § 704.20(e).  Current Section 750.5 authorizes both
       discretionary indemnification and discretionary advances, in terms similar to those
28   used in Section 701.33(c)(6).  *See* 12 C.F.R. § 750.5.

## 2. Under Section 701.33(c)(2), Policy 21 Provides Discretion as to Whether or Not to Indemnify, and the Officer Defendants May Not Mix and Match the Provisions of the MBCA and State Law.

Policy 21 does not elect whether to follow California law or the MBCA, as required by the express language of Section 701.33(c)(2). The regulatory history of Section 701.33 indicates that this failure to make the required choice should be treated as a choice to determine whether to indemnify on a case-by-case basis.

> Under the final amendment, an FCU will be free to choose one of three options: No indemnification; indemnification under the state enabling law applicable to its neighboring state-chartered credit unions; or indemnification under the Model Business Corporation Act. . . .
>
> . . .
>
> *One commenter suggested that an FCU be authorized to combine provisions of state law and the Model Business Corporation Act in formulating its indemnification standards. An FCU should be able to elect to follow either state law or the Model Act, but not both, since each represents a unified whole.* This option should provide adequate flexibility. *Permitting an FCU to select portions of state law and the Model Act would likely lead to inconsistency and confusion.*
>
> The proposal provided that an FCU which elects to provide indemnification shall specify whether it will follow state law or the Model Act, and further provided that failure to make an election would be deemed a decision not to provide indemnification  Several commenters objected to this portion of the proposal, stating that an FCU should have the flexibility to provide indemnification on a case-by-case basis if appropriate, and that only an affirmative decision not to provide indemnification should be binding on an FCU.  The NCUA Board agrees, and the language treating a failure to make an election as an affirmative decision not to provide indemnification has been deleted.

53 Fed. Reg. 29640 (Aug. 8, 1988) (emphasis added).

This regulatory history indicates that WesCorp's failure to elect the application of either California law or the MBCA in Policy 21 is to be treated as being no decision on whether to provide indemnification in all cases.  Rather, WesCorp (and, thus, the NCUA as WesCorp's liquidating agent) retains the right to decide whether to provide indemnification *on a case-by-case basis*, *i.e.*, at the NCUA's discretion.

The Officer Defendants argue that WesCorp's enactment of Policy 21 without

choosing the applicable indemnification law – in violation of Section 701.33(c)(2) – means that they are entitled to select their indemnification rights from both bodies of law, choosing the provision that "confers the broader indemnity rights" for each claim.  Docket 201 at 8:12 – 9:21.  They therefore ask the Court to apply the MBCA's indemnification provisions to the NCUA's claims based on investments and California indemnification law to the SERP claims brought by the NCUA against Siravo and Swedberg.  *See id.*

This argument fails.  As shown in the regulatory history cited by the Officer Defendants, when the NCUA adopted Section 701.33(c) in 1988 it specifically rejected the argument that a federal credit union should be allowed to follow both state law and the MBCA.  *See* 53 Fed. Reg. 29640 (Aug. 8, 1988) (rejecting the suggestion that "an FCU be authorized to combine provisions of state law and the Model Business Corporation Act in formulating its indemnification standards"; "[p]ermitting an FCU to select portions of state law and the Model Act would likely lead to inconsistency and confusion").  This regulatory history makes clear that to the extent the provision in Policy 21 providing for "indemnif[ication] to the maximum extent permitted by either the laws of the State of California or the Model Business Corporation Act" is interpreted to mean that WesCorp must apply whichever of the MBCA or California law provides the greatest indemnification under the particular set of circumstances at issue, it is also ineffective.

### 3.   Neither Policy 21 Nor the Provisions Referred to Therein Create a Right to Payment While a Matter is Pending.

Even if Policy 21 were given effect in accordance with its terms, it does not establish a right to reimbursement during the pendency of a lawsuit.  As set forth in the NCUA's opening memorandum, neither Policy 21, the MBCA, nor Section 7237 makes reimbursement mandatory unless and until the officer has prevailed.[9]  *See* Docket 196-1 at 12:22 – 13:16.

---

[9]     The Officer Defendants' suggestion to the contrary, *see* Docket 201 at 10 n.13,

1    The Officer Defendants do not dispute that Sections 7237(e) and (f) generally

2 give discretion whether to make advances and require a factual determination prior

3 to doing so, but they argue that "section 7237's obligation to indemnify is

4 mandatory upon execution of the required undertaking" "[b]ecause WesCorp

5 adopted Policy 21 to provide the maximum indemnification under the MBCA or

6 California law."  Docket 201 at 18:8-20.

7    The Officer Defendants are apparently referring to the undertaking specified

8 in section 8.53(a) of the MBCA.  However, the MBCA recognizes that permissible

9 indemnification is unavailable "unless authorized for a specific proceeding after a

10 determination has been made that indemnification of the [officer] is permissible

11 because he has met the relevant standard of conduct set forth in section 8.51."

12 MBCA, § 8.55(a).  Similarly, under California law, Section 7237 recognizes that

13 any permissible "indemnification under this section shall be made by the

14 corporation only if authorized in the specific case, upon a determination that

15 indemnification of the agent is proper in the circumstances because the agent has

16 met the applicable standard of conduct set forth in subdivision (b) or (c)."  Cal.

17 Corp. Code § 7237(e).

18    Thus, the fact that Policy 21 states that "[i]t shall be the policy of WesCorp to

19 indemnify to the maximum extent permitted by either the laws of the State of

20 California or the [MBCA]" does not mean that WesCorp thereby agreed to make

21 advances or to pay indemnification without making the findings required under both

22 the MBCA and Section 7237 in order to make advances or pay indemnification

23 under such provisions.  The NCUA has not made such findings, and Section 1787(g)

24

25 the NCUA cited Delaware cases with a "*cf.*" citation for the proposition that a
statute providing that a corporation "may" make advances gives the corporation

26 discretion to make advances, *see* Docket 196-1 at 12:9-18, not to suggest that
Delaware corporations law is generally applicable to this case.  The Officer

27 Defendants' attempt to distinguish the Delaware cases on their facts does not change
their holdings that, as a matter of law, advancement is not mandatory unless a statute

28 or by-law makes it mandatory.

deprives the Court of jurisdiction to order the NCUA to make the findings that would be required to make advances or pay indemnification prior to resolution of this case.

## II.   THE COURT SHOULD DISMISS THE COUNTERCLAIMS TO THE EXTENT THAT THEY SEEK INDEMNIFICATION.

### A.   The Officer Defendants Cannot Obtain Indemnification for an Action Brought by the NCUA Based upon Their Allegedly Wrongful Conduct.

In its opening memorandum, the NCUA cited five cases that held that corporate officers or directors sued by the RTC as receiver for a failed financial institution may not obtain indemnification from the RTC, regardless of whether they might have had a right to obtain indemnification had the institution remained solvent.[10]  *See* Docket 196-1 at 14:16 – 17:10 (citing and discussing cases).

The Officer Defendants seek to distinguish these cases on the ground that they are suing under Policy 21, not a regulation.  *See* Docket 201 at 14:10-18. However, it is well settled that "where the subject contract is entered into pursuant to authority conferred by a federal statute [or regulation] and the parties' rights derive from a federal source, federal law controls the enforcement and construction of the agreement."  *California Hospital Ass'n v. Maxwell-Jolly*, 776 F. Supp. 2d 1129, 1151 (E.D. Cal. 2011).  *See Eatmon v. Bristol Steel & Iron Works, Inc.,* 769 F.2d 1503, 1515 (11th Cir. 1985) ("[f]ederal law controls since the . . . agreement was entered into pursuant to authority conferred by federal statute and the rights of the parties to the agreement derive essentially from a federal source").  Because the enforcement and construction of Policy 21 are controlled in this case by a federal regulation, the Officer Defendants are effectively suing under a regulation, albeit a

---

[10]   The Officer Defendants assert that "[t]he NCUA argues that a series of FDIC cases resting on an FDIC regulation that has no NCUA counterpart allow it to abrogate Policy 21 retroactively."  Docket 201 at 2:5-7.  The NCUA's argument concerning these cases has nothing to do with the "abrogation" of Policy 21 retroactively.

1   regulation that authorized the adoption of a corporate policy allowing

2   indemnification rather than directly setting forth the terms of indemnification.

3        The Officer Defendants also seek to distinguish the RTC cases cited by the

4   NCUA on the ground that the RTC regulation relied upon in those cases, 12 C.F.R.

5   § 545.121, "is a regulation promulgated by the late Office of Thrift Supervision that

6   has no parallel in the NCUA's regulations."  Docket 201 at 14:19-22.  However, the

7   two regulations serve the same purpose – authorizing indemnification of officers

8   and directors of federally chartered financial institutions.  The fact that one provides

9   for indemnification directly and the other permits financial institutions to provide

10  indemnification does not matter.  Whether the Officer Defendants are seeking

11  indemnification pursuant to a regulation or pursuant to a policy authorized by a

12  regulation, allowing such indemnification "would lead to the absurd result that the

13  RTC could succeed in a suit against the perfidious directors, and then recover from

14  itself." *Adams v. RTC,* 831 F. Supp. 1471, 1478 (D. Minn.), *aff'd*, 10 F.3d 568 (8th

15  Cir. 1993).  *Adams* therefore supports rejection of the Officer Defendants' claim for

16  indemnity against the NCUA.  *See RTC v. Baker*, 1994 WL 637359 at *7, 1994 U.S.

17  Dist. LEXIS 16218 at *21-23 (E.D. Pa. Nov. 14, 1994) (referring to the RTC's

18  argument that indemnification under Section 545.121 "is not possible where the

19  RTC acts as a receiver as this would essentially lead to the undesired effect of the

20  RTC indemnifying the directors and officers every time it succeeded in a suit

21  against those individuals, thereby depleting the very fund it is attempting to

22  maximize").

23       The Officer Defendants' argument that the cases cited by the NCUA were

24  decided under a different regulation than Section 701.33(c) disregards the fact that

25  both regulations assume the existence of an ongoing institution.  The RTC cases

26  based their holdings in part on their finding that indemnification was unavailable

27  under Section 545.121 because the regulation "assume[s] the existence of an

28  ongoing institution with a working board of directors." *RTC v. Eason,* 17 F.3d

1126, 1135 (8th Cir. 1994). *See RTC v. Gregor,* 1995 WL 931093 at *4, 1995 U.S. Dist. LEXIS 22032 at *14-15 (E.D.N.Y. Sept. 29, 1995); *Baker*, 1994 WL 637359 at *7, 1994 U.S. Dist. LEXIS 16218 at *21-23. The Officer Defendants concede that "section 701.33 assumes the continued existence of the credit union and makes no sense as applied to failed credit unions." Docket 201 at 13:7-9. Because Section 701.33, like Section 545.121, assumes the continued existence of the credit union, the analysis of *Eason*, *Gregor*, and *Baker* demonstrates that indemnification is unavailable under Section 701.33. In the absence of a regulation authorizing corporate officers to obtain indemnification from the NCUA for a civil lawsuit brought against them by the NCUA, the Officer Defendants cannot maintain such a claim.

### B.   The Officer Defendants Cannot State a Claim Under Labor Code Section 2802.

#### 1.   The Section 2802 Claim is Barred by *Nicholas Labs*.

The Officer Defendants agree that their claim under Cal. Labor Code § 2802 is barred if the Court follows *Nicholas Labs., LLC v. Chen*, 199 Cal. App. 4th 1240, 1247-52 (2011), but they contend that "this Court may disregard that opinion upon convincing evidence that the California Supreme Court would rule otherwise." Docket 201 at 18:21 – 20:11.

The Officer Defendants have not shown convincing evidence that the California Supreme Court would disagree with the *Nicholas Labs.* court. Instead, one of the cases relied upon by the Officer Defendants for the standards for reimbursement of fees under Section 2802, *see* Docket 201 at 17:24 – 18:5, expressly recognizes that "Section 2802 . . . requires an employer to indemnify an employee ***who is sued by third persons*** for conduct in the course and scope of his or her employment. . . ." *Cassady v. Morgan, Lewis & Bockius LLP*, 145 Cal. App. 4th 220, 230 (2006) (emphasis added). Other California cases have characterized Section 2802 in terms of third-party claims. *See*, *e.g.*, *Los Angeles Police Protective*

14

1  *League v. City of Los Angeles*, 27 Cal. App. 4th 168, 177 (1994) (Section 2802 "has

2  been interpreted to require employers in general to pay defense costs incurred by

3  employees when defending unfounded ***third party*** civil actions challenging the

4  employees' conduct within the course and scope of their employment") (emphasis

5  added); *Grissom v. Vons Cos., Inc.*, 1 Cal. App. 4th 52, 57 (1991) ("Labor Code

6  section 2802 requires an employer to defend or indemnify an employee ***who is sued***

7  ***by third persons*** for conduct in the course and scope of his employment") (emphasis

8  added) (quoting *Douglas v. Los Angeles Herald-Examiner*, 50 Cal. App. 3d 449,

9  461 (1975)).  The *Nicholas Labs.* court's holding that Section 2802 provides

10  indemnity only against third-party claims is thus consistent with California courts'

11  long-standing understanding of that statute's scope.[11]

12      As the Officer Defendants point out, "Section 2802 contains no prevailing

13  party requirement or other relevant limitation and therefore, by its terms, allows for

14  reimbursement of fees incurred at any point."  Docket 201 at 17:23-26.  By insisting

15  that the California Supreme Court would read the language literally, they argue for

16  the absurd result that employees would in effect be immune from suit by their

17  employers – an employee would, under their construction, have the right to be

18  indemnified by his or her employer in a lawsuit brought by the employer for any

19  conduct as long as the employee was acting in the scope of employment, no matter

---

22  [11]     The Officer Defendants argue that their position is supported by two Ninth
   Circuit cases cited by the *Nicholas Labs.* court, *O'Hara v. Teamsters Union Local*
23  *No. 856*, 151 F.3d 1152, 1161 (9th Cir. 1998), and *Freund v. Nycomed Amersham*,
   347 F.3d 752 (9th Cir. 2003).  *See* Docket 201 at 20:5-11.  The *Nicholas Labs.* court
24  convincingly distinguished both cases.  First, *Nicholas Labs.* noted that "*O'Hara*
   involved an underlying third party claim that was the basis for the monetary dispute
25  between the parties over who was required to indemnify whom," *Nicholas Labs.*,
   *LLC*, 199 Cal. App. 4th at 1250; here, there is no underlying third-party claim.
26  Second, *Nicholas Labs.* properly found that *Freund* addressed the issue whether an
   employee could rely upon Section 2802 to obtain attorneys' fees incurred in a
27  lawsuit that he brought against his employer, but did not resolve the question
   whether an employee could obtain attorneys' fees under Section 2802 incurred in
28  defending a lawsuit brought by the employer.  *See id.*

how harmful the conduct was to the employer and regardless of whether the employee is ultimately held liable.[12]

## 2. The Section 2802 Claim is Barred by Section 7237.

Even though the Officer Defendants' claims for indemnification are indisputably the subject of Cal. Corp. Code § 7237, a later-enacted specific statutory provision, *see* Docket 196-1 at 17:23 – 19:8, the Officer Defendants briefly claim that Section 7237 does not apply at all or, alternatively, that both Section 2802 and Section 7237 apply. *See* Docket 201 at 20:12-22. They argue that Sections 7237 and 2802 "are entirely consistent: two statutes which indemnify officers in suits by their employer companies and which allow for advancement of fees." *Id.* at 20:16-22.

The Officer Defendants ignore the substantial differences between the two statutes. Section 7237 makes indemnification discretionary during the pendency of a lawsuit and allows such indemnification only if the agent acted in good faith, in a manner believed to be in the best interests of the corporation, and with reasonable care. *See* Cal. Corp. Code § 7237(c), (d). By contrast, Section 2802 makes indemnification mandatory unless the employee followed directions from the employer that the employee believed to be unlawful. *See* Cal. Corp. Code § 2802(a). Section 2802 is thus inconsistent with Section 7237. Because the statutes cannot be reconciled, this case is governed by Section 7237, which is indisputably more specific.

---

[12] The Officer Defendants argue that Section 2802 "was amended in 2000 with the specific purpose of expanding indemnity to cover attorney's fees so as to 'put section 2802 on equal footing with other wage and hour protections in the Labor Code.'" *Id.* at 19:7 – 20:4 (citing Senate Rules Committee, Office of Senate Floor Analysis, SB 1305 (Aug. 23, 2000) [Docket 202, Ex. B, at 14-15]). However, the legislative history states only that the 2000 amendment to Section 2802 would "put Section 2802 on equal footing with other wage and hour protections in the Labor Code" with regard to interest and fees, not in other respects. Senate Rules Committee, Office of Senate Floor Analysis, SB 1305 (Aug. 23, 2000) [Docket 202, Ex. B, at 14].

16

1    The Officer Defendants also claim that Section 2802 is later in time because it

2    was amended in 2000 to expand indemnity rights to cover attorneys' fees. *See id.* at

3    20:13-16.  However, "a particular or specific provision will prevail over one which

4    is more general," *Los Angeles Police Protective League*, 27 Cal. App. 4th at 178-79

5    (citing Cal. Civ. Proc. Code § 1859), even if the more general provision is later in

6    time.

7    **C.    The Officer Defendants' Claims for Indemnification are Not Ripe.**

8    Without citing any case law, the Officer Defendants argue cursorily that their

9    claims for indemnification are ripe. *See* Docket 201 at 20:26 – 21:23.  Federal

10   courts have routinely held that indemnity claims are unripe until the alleged

11   indemnitee's liability has been fixed by a judgment or settlement.[13]  The Officer

12   Defendants contend that their counterclaims are ripe simply because they have

13   incurred defense costs that they claim must be reimbursed under Policy 21, the

14   MBCA, and California law. *See id.* at 21:1-4.  However, courts have recognized

15   that claims for indemnification against all potential liability and expenses are not

16   made ripe by the mere fact that claimants have already incurred some defense costs.

17   *See, e.g., Armstrong v. Alabama Power Co.,* 667 F.2d 1385, 1388-89 (11th Cir.

18   1982); *A/S J. Ludwig Mowinckles Rederi v. Tidewater Constr. Corp.*, 559 F.2d 928,

19   932 (4th Cir. 1977).

20   Finally, the Officer Defendants argue that they "are general creditors of

21   WesCorp who take priority over the accountholders and shareholders and members

22   of WesCorp, as well as any reimbursement of the National Credit Union Share

23

---

24   [13]   *See, e.g., Highland Indus. Park, Inc. v. BEI Defense Sys. Co.*, 357 F.3d 794,
     799 (8th Cir. 2004); *Armstrong v. Alabama Power Co.,* 667 F.2d 1385, 1388-89 (11th

25   Cir. 1982); *A/S J. Ludwig Mowinckles Rederi v. Tidewater Constr. Corp.*, 559 F.2d
     928, 932-33 (4th Cir. 1977).  *See also Frontline Processing Corp. v. First State Bank*

26   *of Eldorado,* 389 Fed. Appx. 748, 754, *amended*, 399 Fed. Appx. 185 (9th Cir. 2010)
     (court lacked subject matter jurisdiction and was required to dismiss without

27   prejudice indemnification counterclaims as unripe because they "'rest[ed] upon
     contingent future events' that might not have occurred as anticipated or at all")

28   (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998)).

17

1  Insurance Fund," and that their "claims for indemnification should be paid in full

2  before the Liquidating Agent pays any of the uninsured portions of the claims of

3  'shareholders' or WesCorp, anything to the National Credit Union Share Insurance

4  Fund or any distribution of surplus funds to 'shareholders' of WesCorp."  Docket

5  201 at 21:11-23.  This argument has no bearing on the ripeness inquiry (or any other

6  aspect of this motion).  The NCUA will apply the statutory claim priority scheme

7  partially described by the Officer Defendants and will pay allowed claims in

8  particular priority classes when and if, in its discretion, it has determined that it has

9  sufficient funds to do so.

**CONCLUSION**

11          For the reasons stated herein and in its opening memorandum, the NCUA

12  respectfully requests that the Court dismiss the Amended Counterclaims to the

13  extent that they seek advancement, reimbursement, declaratory relief, or

14  indemnification.

16  DATED: December 23, 2011          LUCE, FORWARD, HAMILTON & SCRIPPS LLP
                                      Michael H. Bierman
17                                    Jeffrey D. Wexler
                                      Michael E. Pappas

19                                    By:    /s/ Michael H. Bierman
20                                           Michael H. Bierman
                                             Attorneys for Plaintiff and Counterdefendant
21                                           National Credit Union Administration Board
                                             As Liquidating Agent For Western Corporate
22                                           Federal Credit Union

24  201191281.1