UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No. | CV 10-1597-GW(MANx) |
| Title | *National Credit Union Administration, et al. v. Robert Siravo, et al.* |
| Date | January 19, 2012 |

Present: The Honorable  GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | Sheri Kleeger | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:

Jeffrey D. Wexler
Michael H. Bierman

Attorneys Present for Defendants:

Bruce A. Ericson
Kenneth M. Fitzgerald
John R. Walton
Richard E. Drooyan
Laura D. Smolowe

**PROCEEDINGS:** PLAINTIFFS' MOTION TO STRIKE AFFIRMATIVE DEFENSES IN DEFENDANTS' AMENDED ANSWERS (filed 11/14/11);

PLAINTIFF'S MOTION TO DISMISS AMENDED COUNTERCLAIMS FOR: (1) LACK OF SUBJECT MATTER JURISDICTION; AND (2) FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED (filed 11/14/11)

The Court's Tentative Ruling is circulated and attached hereto. Court hears oral argument. Based on the tentative and for reasons stated on the record, Plaintiffs' Motion to Strike Affirmative Defenses in Defendants' Amended Answers is **GRANTED IN PART** and **DENIED IN PART**. Counsel for plaintiff will file and serve a proposed order forthwith.

Plaintiff's Motion to Dismiss Amended Counterclaims for: (1) Lack of Subject Matter Jurisdiction; and (2) Failure to State a Claim upon Which Relief May Be Granted is continued to **February 6, 2012 at 8:30 a.m.** The Court will require the parties to lodge policy 21 and the claims-made policy by January 23, 2012.

|   | : | 40 |
|---|---|---|
|   | Initials of Preparer | JG |

*Nat'l Credit Union Admin. Bd. v. Siravo, et al.*, Case No. CV-10-1597
Tentative Ruling on Motion to Strike Affirmative Defenses in Defendants' Amended Answers

Plaintiff/Counterdefendant National Credit Union Administration Board as Liquidating Agent for Western Corporate Federal Credit Union ("NCUA") moves (1) to dismiss pending counterclaims, under Fed. R. Civ. P. 12(b)(1), to the extent they seek advancement or reimbursement of defense costs during the pendency of this suit or declaratory relief relating to any obligation of the NCUA to provide advancement, reimbursement or indemnification, and, under Fed. R. Civ. P. 12(b)(6), the counterclaims to the extent they seek advancement or reimbursement of costs during the pendency of the lawsuit or indemnification; and (2) to strike a) affirmative defenses that are based upon the alleged pre-failure conduct of the NCUA as regulator, b) *references* in affirmative defenses to the conduct of the NCUA, its personnel and examiners, c) affirmative defenses based upon the business judgment rule, and d) statute of limitations affirmative defenses. The present bench memorandum addresses only the motion to strike as the concomitant motion to dismiss raises somewhat more complicated questions and the Court has more initial questions on that item.

Before proceeding into the merits of the motion to strike, it is worth pointing out that neither side has referenced the Ninth Circuit's relatively recent ruling in *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970 (9th Cir. 2010), and the limitations that ruling places or suggests upon the proper scope of a motion to strike pursuant to Fed. R. Civ. P. 12(f). Nevertheless, even if certain of the relief the NCUA requests by way of this motion could be understood to fall outside of those limitations, the Court could simply convert the motion to a motion to dismiss as necessary if indeed the NCUA is correct on the merits that certain material is insufficient to support an affirmative defense in this action.

NCUA's Conduct as Regulator

Arguing that its conduct prior to the receivership of WesCorp cannot excuse or reduce any liability of defendants/counterclaimants Lane, Burrell, Siravo, Swedberg and

1

Sidley (collectively "the Officer Defendants")[1], the NCUA asserts that affirmative defenses based on its alleged wrongdoing (as opposed to *WesCorp's* alleged wrongdoing) have no place in this action and that even references to such wrongdoing in certain affirmative defenses should be stricken for that reason. The Officer Defendants respond that the evidence of the NCUA's conduct during the pre-receivership time period is unquestionably relevant in this action because the question will be whether the Officer Defendants breached their duties, and evidence that they were acting in accordance with the go-ahead from both WesCorp and the NCUA seemingly goes directly to that question.

Of course, while that evidence is relevant to whether the NCUA can make out its affirmative claims (a point the NCUA concedes), that does not mean that it is "relevant" as the basis for one or more affirmative defenses, as the string citation of cases in the NCUA's brief demonstrates. *See, e.g., Grant Thornton, LLP v. FDIC*, 535 F.Supp.2d 676, 722 (S.D.W. Va. 2007) ("Courts have uniformly held that claims or defenses based upon pre-receivership actions of regulators are legally insufficient."), *rev'd on other grounds sub nom., Ellis v. Grant Thornton LLP*, 530 F.3d 280 (4th Cir. 2008); *Resolution Trust Corp. v. Sands*, 863 F.Supp. 365, 372-73 (N.D. Tex. 1994); *FDIC v. Carter*, 701 F.Supp. 730, 737 (C.D. Cal. 1987) (noting that "the dividing line for the FDIC's negligence liability is the date it assumes receivership of a bank"). In fact, the Officer Defendants concede that the NCUA cannot be *liable* for its pre-receivership conduct, emphasizing again that they only want to be able to present evidence relating to the NCUA that is relevant to whether they themselves satisfied or violated their duties.[2] Therefore, the affirmative defenses that are based upon the NCUA's pre-receivership conduct[3] should be stricken. To the extent the NCUA is also attempting to strike simple

---

[1] It is noted that Defendant Swedberg claims to have only been an employee and never an officer of WesCorp. *See e.g.* footnote 1 to Joint Opposition to NCUA's Motion to Dismiss at page 1 of Docket item No. 201. That contention is not controlling for purposes of the present motions.

[2] As long as the Officer Defendants are allowed to present evidence of the NCUA's pre-receivership conduct, it is not even clear that they object to their formal affirmative defenses being stricken.

[3] One of the affirmative defenses the NCUA seeks to strike on this basis is Sidley's estoppel affirmative defense. In addition to arguing that its pre-receivership conduct cannot assist the Officer Defendants, the NCUA also argues that Sidley's estoppel defense is deficiently pled under Rule 8 because it contains no facts, but only references the legal doctrine. As to that claim, the Officer Defendants only respond to the

*references* to its conduct during that time period in various affirmative defenses, however, the Officer Defendants' contention that the NCUA is simply attempting to preclude relevant evidence seemingly has more weight. The motion in that respect would be denied.

### Business Judgment Rule

As the NCUA points out, the Court has already ruled that the officers may not rely upon the business judgment rule in connection with this action. The Officer Defendants argue that a subsequent decision from this District calls the Court's conclusion in that regard into question. They assert that they maintain the defense notwithstanding the Court's ruling because they want to preserve the issue for appeal. The latter purpose is obviously unnecessary, however, as the Court has already made a ruling on the issue that has been delineated in the record. In any event, the Court's resolution of this motion will also squarely present the issue for appeal, so that purpose provides no reason to deny the NCUA's motion in this respect.

As for the subsequent unreported decision on the issue by Judge Fischer in *FDIC v. Van Dellen*, No. 2:10-cv-04915-DSF-SH, while that court did indeed rule that the answer under California law was not clear enough in order to enter judgment on the pleadings in the FDIC's favor on the officers' business judgment rule affirmative defense, another reason for the court's denial was the possibility that the *Delaware* business judgment rule might apply. *See id.* (Docket No. 75) at 3. In addition, as the NCUA points out, another court in this District has recently *concurred* with this Court's determination concerning the business judgment rule's applicability here. *See FDIC v. Perry*, No. CV 11-5561 ODW (MRWx), 2011 U.S. Dist. LEXIS 143222, *8-14 (C.D. Cal. Dec. 13, 2011).

If the Court has erred in rejecting application of the business judgment rule to the Officer Defendants in this action, the issue could not be more clearly presented for the Ninth Circuit to consider. The Court has made such a ruling and there is consequently no

---

latter argument concerning deficient pleading. Because, as noted above, they have failed to demonstrate that they should be allowed to maintain affirmative defenses dependent upon an argument that the NCUA should be held responsible for any damages caused due to its pre-receivership conduct, the Court need not reach the issue of whether the estoppel defense is sufficiently pled.

basis for business judgment rule-based affirmative defenses to appear in the Officer Defendants' pleadings. As such, the motion to strike would be granted in this respect.

### Statutes of Limitation

The NCUA argues that the Officer Defendants' affirmative defenses based upon statutes of limitation should be stricken because they violate Fed. R. Civ. P. 8, as they are simply legal theories or conclusions, and do not provide fair notice of how the defense(s) relate to the instant case. In particular, the NCUA complains that the statutes of limitation affirmative defenses do not identify the particular statutes of limitation at issue and do not provide facts indicating how any statute of limitation would apply to the claims at issue. The Officer Defendants respond that any further facts and/or specificity are virtually impossible to provide given the vagueness of the basis for the NCUA's own claims.

Although courts have taken varying approaches on the question of how much information must be provided by a statute of limitations affirmative defense, *see* Schwarzer, Tashima, et al., California Practice Guide: Federal Civil Procedure Before Trial (2011) 8:1050.2, at 8-118.1, the Officer Defendants' position makes sense. Rule 8(b)(1)(A) requires that affirmative defenses be "state[d] in short and plain terms." Fed. R. Civ. P. 8(b)(1)(A). "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979); *see also Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1023 (9th Cir. 2010). Even assuming Rule 8 calls for some measure of specificity or facts with respect to affirmative defenses along the lines of the requirements imposed upon complaints by *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), a responding party's Rule 8 obligations have to be understood in the context of what he/she/it is responding to – if the Complaint itself is vague or opaque concerning the basis for its claims, the plaintiff cannot be heard to demand precision in response, at least insofar as he/she/it expects to be told what statute of limitation applies to an unclear claim. *Cf. Vistan Corp. v. Fadei USA, Inc.*, No. C-10-4862 JCS, 2011 U.S. Dist. LEXIS 47099, *21 (N.D. Cal. Apr. 25, 2011) (Spero, M.J.). Taken in context, therefore, the Officer Defendants have provided the

NCUA with "fair notice" that they may rely upon applicable statutes of limitation in defending themselves in this case.

On the other hand, even if uncertainty in the NCUA's own allegations precludes the Officer Defendants from providing facts indicating *how* the statutes of limitation would apply, the Officer Defendants could at the very least include in their affirmative defenses the statutes of limitation they perceive *might* apply to the NCUA's claims, as they have done in their Opposition brief. *See* Docket No. 203, at 17:25-28, n.2; *see also Wyshak*, 607 F.2d at 827 (concluding that memorandum of law – accompanying an amended answer – that specified a particular statute of limitations gave the plaintiff sufficient notice to satisfy Rule 8). If it adopts that approach to the issue, the Court would conclude that it should grant the motion to strike, but with leave to amend to allow the Officer Defendants to include those statutes of limitation (and any others the Officer Defendants believe might apply) in further amended answers.