Michael H. Bierman, State Bar No. 89156
Jeffrey D. Wexler, State Bar No. 132256
Michael E. Pappas, State Bar No. 130400
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
601 S. Figueroa, Suite 3900
Los Angeles, California 90017
Telephone: 213.892.4992
Facsimile:  213.892.7731
E-Mail:   mbierman@luce.com
          mpappas@luce.com
          jwexler@luce.com

Attorneys for Plaintiff and Intervenor, National Credit Union Administration Board As Liquidating Agent For Western Corporate Federal Credit Union

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| NATIONAL CREDIT UNION ADMINISTRATION BOARD AS LIQUIDATING AGENT FOR WESTERN CORPORATE FEDERAL CREDIT UNION,<br><br>    Plaintiff,<br><br>v.<br><br>ROBERT A. SIRAVO, TODD M. LANE, ROBERT J. BURRELL, THOMAS E. SWEDBERG, TIMOTHY T. SIDLEY, ROBERT H. HARVEY, JR., WILLIAM CHENEY, GORDON DAMES, JAMES P. JORDAN, TIMOTHY KRAMER, ROBIN J. LENTZ, JOHN M. MERLO, WARREN NAKAMURA, BRIAN OSBERG, DAVID RHAMY and SHARON UPDIKE,<br><br>    Defendants. | Case No.: CV10-01597 GW (MANx)<br><br>**[PROPOSED] ORDER GRANTING MOTION OF PLAINTIFF AND COUNTERDEFENDANT NATIONAL CREDIT UNION ADMINISTRATION BOARD AS LIQUIDATING AGENT FOR WESTERN CORPORATE FEDERAL CREDIT UNION TO STRIKE AFFIRMATIVE DEFENSES IN DEFENDANTS' AMENDED ANSWERS**<br><br>Date: January 19, 2012<br>Time: 8:30 a.m.<br>Courtroom: 10 |

Good cause being shown, the Court hereby rules as follows on the motion of plaintiff the National Credit Union Administration Board as Liquidator for Western Corporate Federal Credit Union (the "NCUA") to strike certain affirmative defenses in the Amended Answers of defendants and counterclaimants Robert A. Siravo and Thomas E. Swedberg [Docket 190], Timothy T. Sidley [Docket 191], Robert John Burrell [Docket 192], and Todd M. Lane [Docket 193].

    A.    The Court strikes the following affirmative defenses in their entirety, without leave to amend:

        (1)    Siravo and Swedberg's First Affirmative Defense of Ratification, Consent, Approval, Acquiescence, and Participation by the NCUA, *see* Docket 190, ¶¶ 245-52;

        (2)    Lane's Second Affirmative Defense of Consent, Approval, Acquiescence, Ratification, & Participation by the NCUA, *see* Docket 193, ¶¶ 246-47;

        (3)    Siravo and Swedberg's Third Affirmative Defense of Business Judgment Rule, Due Diligence and Reasonable Investigation, *see* Docket 190, ¶¶ 267-68;

        (4)    Burrell's Second Affirmative Defense of Business Judgment Rule, Due Diligence, Reasonable Investigation, Business Custom and Usage, Candor, Good Faith, *see* Docket 192, ¶¶ 315-16;

        (5)    Lane's First Affirmative Defense of Business Judgment Rule, Due Diligence & Reasonable Investigation, *see* Docket 193, ¶ 245; and

        (6)    Sidley's Second Affirmative Defense of Business Judgment Rule, *see* Docket 191, ¶¶ 246-58.

    B.    The Court hereby strikes the following affirmative defenses, but only to the extent that they assert as affirmative defenses the

alleged approval, acquiescence, consent, participation or ratification of NCUA examiners and supervisory personnel before the NCUA placed WesCorp into conservatorship in March 2009:

(1) Siravo and Swedberg's Sixth Affirmative Defense of Reliance on Others (to the extent that it is based on reliance on "NCUA personnel and examiners"), *see* Docket 190, ¶¶ 275-76;

(2) Sidley's First Affirmative Defense of Consent, Approval, Acquiescence, Participation, Ratification, *see* Docket 191, ¶¶ 246-58;

(3) Siravo and Swedberg's Seventh Affirmative Defenses of Apportionment (to the extent that it is based on the fault of "NCUA personnel and examiners"), *see id.*, ¶¶ 277-78;

(4) Burrell's First Affirmative Defense of Consent, Approval, Acquiescence, Authorization, Ratification (to the extent that it is based on alleged consent, approval, acquiescence, authorization, or ratification by the NCUA), including paragraphs 254-69 in their entirety, *see* Docket 192, ¶¶ 247-314;

(5) Lane's Sixth Affirmative Defense of Reliance on Others (to the extent that it is based on reliance on "NCUA personnel and examiners"), *see* Docket 193, ¶ 251;

(6) Lane's Seventh Affirmative Defense of Apportionment (to the extent that it is based on the fault of "NCUA personnel and examiners"), *see id.*, ¶ 252; and

(7) Sidley's Sixth Affirmative Defense of Reliance on Professionals and Others (to the extent that it is based on

    reliance on "NCUA personnel and examiners"), *see id.*, ¶¶ 267-68.

The Court does not strike these affirmative defenses to the extent that they assert approval, acquiescence, consent, participation or ratification by the WesCorp Board of Directors (or committees of that Board), or directives or guidance to the Officer Defendants made by the WesCorp Board of Directors (or committees of that Board), or statements made by the NCUA to the WesCorp Board of Directors (or committees of that Board) that might have influenced any directives and guidance given to the Officer Defendants by the WesCorp Board of Directors (or committees of that Board), or reliance by the Officer Defendants on people (such as professionals) other than NCUA personnel. By striking these affirmative defenses, the Court does not preclude the Officer Defendants from offering evidence of the NCUA's statements and conduct to the extent that such evidence is relevant to the issue of whether the Officer Defendants breached their fiduciary duties, as alleged by the NCUA.

C.  The Court strikes the following affirmative defenses with leave to amend:

  (1)  Siravo and Swedberg's Fifth Affirmative Defense of Statute of Limitations, *see* Docket 190, ¶¶ 273-74;

  (2)  Burrell's Seventh Affirmative Defense of Statute of Limitations, *see* Docket 192, ¶¶ 327-28;

  (3)  Lane's Fifth Affirmative Defense of Statute of Limitations, *see* Docket 193, ¶ 250; and

  (4)  Sidley's Twelfth Affirmative Defense of Statute of Limitations, *see* Docket 191, ¶¶ 246-58.

    D.    The Court denies the NCUA's motion to strike as to:

        (1)    Sidley's Eleventh Affirmative Defense of Estoppel, *see* Docket 191, ¶¶ 277-78.

Dated: _____      _____
                                                                                  The Honorable George H. Wu
                                                                                 United States District Judge

201199014.2